1  Eric P. Gillett, Esq.
   Preg O'Donnell & Gillett PLLC
2  1800 Ninth Ave., Suite 1500
   Seattle, WA  98101-1340
3  Phone:  (206) 287-1775
   Fax:  (206) 287-9113
4

5

6

7

8

9              UNITED STATES DISTRICT COURT
10         FOR THE DISTRICT OF ALASKA AT FAIRBANKS

11
   DON M. KUBANYI, JIMMY KUBANYI,
12 AILEEN WELTON, ELEZABETH
   TUZROYLUK, DORIS KUBANYI, VICTOR        NO.  F-04-0026 CIV
13 KUBANYI, BOBBY KUBANYI, and
   ARLETTE KUBANYI,                        DEFENDANT BLACK & VEATCH'S
14                                         MOTION FOR SUMMARY JUDGMENT
                          Plaintiff(s),
15         v.

16 GOLDEN VALLEY ELECTRIC
   ASSOCIATION, DAVE CRUZ, individually
17 and d/b/a/ CRUZ CONSTRUCTION, BLACK
   & VECH CORPORATION, TROOPER JAKE
18 COVEY AND TROOPER PATRICK
   NELSON, STATE OF ALASKA,
19
                          Defendant(s).
20

21                 I.    RELIEF REQUESTED
22

23     Plaintiff Don Kubanyi and the Kubanyi family have brought claims against all

24 Defendants, including Black & Veatch Corporation,  for alleged (1) trespass and (2) civil

25

DEFENDANT BLACK & VEATCH'S MOTION FOR          **PREG O'DONNELL & GILLETT PLLC**
SUMMARY JUDGMENT - 1                              1800 NINTH AVENUE  SUITE 1500
00567-4017 27510.doc                            SEATTLE, WASHINGTON  98101-1340
                                      TELEPHONE  (206) 287-1775 • FACSIMILE  (206) 287-9113

rights violations under 42 U.S.C. §1983. The Kubanyi family has no facts to support its claim that Black and Veatch trespassed or participated in a trespass upon the Kubanyi property. Nor is there any evidence that Black and Veatch violated Don Kubanyi's civil rights. Therefore, Defendant Black & Veatch requests that all claims against it be dismissed, with prejudice.

## II.    EVIDENCE RELIED UPON

1.    United States Department of Interior BLM, Alaska State Office Native Allotment, dated December 9, 1992.

2.    Decision dated October 23, 1992, Case No. F-14577, Native Allotment Application, outlining modification of decision of September 21, 1992.

3.    Temporary Water Use Authorization issued by the Alaska Department of Natural Resources, issued on January 8, 2002.

4.    Land Use Permit, obtained from the State of Alaska Department of Natural Resources by Golden valley Electric Association, dated March 5, 1999.

5.    Exhibit 5 – Subcontract Agreement between Global Power Communications, LLC and Cruz Construction, dated December 3, 2001.

6.    Engineering Services Continuing Services Agreement between Golden Valley Electric and Black & Veatch effective July 6, 1999.

7.    Deposition of David Cruz.

8.    Deposition of Trooper Nelson.

9.    Deposition of Don Kubanyi.

10.    Affidavit of Rick Mucha.

PREG O'DONNELL & GILLETT PLLC
1800 NINTH AVENUE, SUITE 1500
SEATTLE, WASHINGTON 98101-1340
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

### III.    INTRODUCTION

This lawsuit arises out of an arrest of Don Kubanyi which occurred on March 1, 2003. The Kubanyi family received a Native Allotment for property situated on the shores of Seven Mile Lake. The Allotment reserved a right of way which included the right of public access for use of the Rex Trail. (**Exh 1**)The Native Allotment was modified in part as the result of a decision of September 21, 1992 which allowed for continued right of public access along the non-exclusive use Rex Trail to Bonifield Trail not to exceed 50 feet in width. (**Exh 2**) Plaintiffs Complaint claims that Defendants unlawfully trespassed upon their property.

On February 2, 2002, Golden Valley Electric Association (GVEA) obtained a valid Temporary Water Use Authorization from the Alaska Department of Natural Resources, which included extraction of water from Seven Mile Lake for the construction and maintenance of ice roads for the Global Intertie Project. (**Exh 3**) GVEA previously obtained a Land Use Permit from the State of Alaska, effective February 22, 1999 through February 21, 2004, for use of the Rex/South route for the construction of the Northern Intertie Project. (**Exh 4**)

Global Power & Communications hired Cruz Construction Inc. to build and construct the ice roads for the Northern Intertie Project for the years 2001 - 2003. (**Exh 5,** Cruz Dep., pg. 6, lines 13-23, pg. 65, lines 1-25) Black and Veatch was hired by GVEA as an independent contractor to perform Engineering Services for the Global Intertie Project. (**Exh 6**) There were no contract agreements between Black and Veatch and Cruz Construction, nor did Black and Veatch manage or control the actions of Cruz

**PREG O'DONNELL & GILLETT** PLLC
1800 NINTH AVENUE, SUITE 1500
SEATTLE, WASHINGTON 98101-1340
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

1   Construction. (*Cruz Dep. , pg 8, lines 15-25, pg. 12, lines 1-9, pg. 65, lines 1-25, pg. 66,*
2   *lines 1-7, Affidavit of Rich Mucha)*

3           On or about March 1, 2003, Cruz Construction legally accessed   Seven Mile
4   Lake by the Rex Trail, which is frequently traveled by hunters and construction workers.
5   There were no Black & Veatch employees at Seven Mile Lake on March 1, 2003. (*Cruz*
6   *Dep., pg. 66, lines 4-7, Kubanyi Dep., pg. 153, lines 20-25, pg. 154, lines 1-10, Affidavit*
7   *of Rick Mucha).*   Cruz Construction had previously extracted water from Seven Mile
8   Lake in 2002 with the knowledge and consent of the Kubanyi family.   During the
9   afternoon and evening of March 1, 2003, Don Kubanyi threatened the Cruz workers.
10  (Dep. of D. Cruz, pg. 22, lines 1-25, pg. 23, lines 1-25, pg. 30, lines 19-25)  Early that
11
12  evening Dave Cruz received a telephone call from one of his employees, stating
13  Kubanyi had threatened to injure the Cruz workers if they did not stop working at Seven
14  Mile Lake. (Cruz Dep., Pg. 22, lines 1-25, pg. 23, lines 1-25, pg. 30, lines 19-25, Nelson
15  Dep., pgs. 25, 42, and 44)  Cruz contacted the Alaska State Troopers, who traveled to
16  Seven Mile Lake to investigate the matter. (Nelson Dep., Pg, 21-22)  When the state
17
18  troopers arrived, Don Kubanyi was very intoxicated. (Nelson Dep., pg. 25) Kubanyi
19  responded to the State Troopers in a threatening manner, both physically and verbally,
20  and was very intimidating. (Nelson Dep. Pg. 25, 27, 39, 44, 53 and 54)  Kubanyi was
21  arrested and transported to the Fairbanks jail. (Nelson Dep., pg. 61)  Kubanyi testified
22  that he has no evidence that any Black & Veatch employees trespassed upon his
23  property on the date of the incident. (*Kubanyi Dep., pg. 153, lies 17-25, pg. 154, lines*
24  *1-21)*
25

**PREG O'DONNELL & GILLETT** PLLC
1800 NINTH AVENUE, SUITE 1500
SEATTLE, WASHINGTON 98101-1340
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

1

## IV.    ISSUES FOR REVIEW

2      1.      Should Plaintiffs' claims for trespass be dismissed against Defendant

3   Black and Veatch as there is no evidence that Black in Veatch trespassed upon the

4   Kubanyi property?

5      2.      Should Plaintiffs' claims for trespass be dismissed against Defendant

6   Black and Veatch as Black and Veatch was hired as an independent contractor solely

7   for engineering services, and had no retained control over the actions of Cruz

8   Construction Inc., a subcontractor of Global Power Communications?

9

10     3.      Should Plaintiff's claims for trespass be dismissed against Defendant

11  Black and Veatch as Cruz Construction was hired by Global Power Communications,

12  and there were no contractual agreements between Black and Veatch and Cruz

13  Construction?

14     4.      Should Plaintiffs' claim for alleged violations of 42 U.S.C. 1983 be

15  dismissed for lack of proof or evidence of any civil rights violations by Black & Veatch?.

16

## V.    LEGAL ARGUMENT

17

### A.    Summary Judgment Standards.

18

19     Summary judgment shall be rendered, "if the pleadings, depositions, answers to

20  interrogatories, and admissions on file, together with the affidavits, show that there is no

21  genuine issue as to any material fact and that the party is entitled to judgment as a

22  matter of law." Whaley v. State, 438 P. 2d 718, 719-20 (Alaska 1968).  The moving

23  party has the initial burden of showing that the case presents no material issue of fact,

24

25

DEFENDANT BLACK & VEATCH'S MOTION FOR
SUMMARY JUDGMENT - 5
00567-4017  27510.doc

**PREG O'DONNELL & GILLETT** PLLC
1800 NINTH AVENUE, SUITE 1500
SEATTLE, WASHINGTON 98101-1340
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

1
2

in seeking to discharge this burden, the moving party must submit admissible evidence.

Brook v. Rogers & Babler Co., 536 P.2d 778, 782 (Alaska 1985)

3   The party opposing summary judgment must then set forth specific facts showing

4  that it can produce admissible evidence demonstrating that a material issue of fact

5  exists. Id at 782-3. The Court must consider whether the evidence presented in the

6  affidavits is of sufficient caliber and quantity to support a jury verdict for the Plaintiff.

7  United Steel Workers of America v. Phelps Dodge Corp., 865 F.2d, 1539, 1542 (9th Cir.

8
9
1989). The evidence must be significantly probative, such that it is more than a scintilla

10  of evidence that is merely colorable. Id. Irrelevant factual disputes are unnecessary

11  and will not be counted. See generally, Charles A.P. Wright, Federal Practice and

12  Procedures, 10A at 2725, pages 93-95 (1983). Substantive law will identify which facts

13  are material for purposes of summary judgment. Anderson v. Liberty Lobby Inc., 477

14  U.S. 242, at 252 (1986).

15
16
**B.    Black and Veatch had no Retained Control Over Cruz Construction, and Cannot be Held Vicariously Liable for Any Alleged Trespass by Cruz Construction, a Subcontractor of Global Power Communications**

17
18
It is necessary to apply the general rules of negligence to appropriately analyze

19  the facts of this particular case. In general, the employer of an independent contractor

20  owes no duty to the independent contractor's employees to protect those employees

21  from the negligence of their own master. Dahle v. Atlantic Richfield Co., 725 P.2d 1068,

22  1072 (Alaska 1986), citing Moloso v. State, 644 P. 2d 205, 210 (Alaska 1982) An

23
24
exception to the rule arises only where an employer retains control of the independent

contractor's work:

25

DEFENDANT BLACK & VEATCH'S MOTION FOR
SUMMARY JUDGMENT - 6
00567-4017  27510.doc

**PREG O'DONNELL & GILLETT PLLC**
1800 NINTH AVENUE, SUITE 1500
SEATTLE, WASHINGTON 98101-1340
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

1
2
3
4

> One who entrusts work to an independent contractor, but who retains the control over any part of the work, is subject to liability for physical harm to others for whose safety the employer owes a duty to exercise reasonable care, which is caused by the failure to exercise his control with reasonable care.

5
6      Dahle, 725 P. 2d at 1072, citing Restatement (Second) of Torts §414 (1965). "To
7  determine whether the nature and extent of the control present is sufficient to impose
8  liability, both the contractual provisions and the actual exercise of control are relevant."
9  Moloso, 644 P.2d at 211.  In the instant matter, Cruz Construction was a subcontractor
10 of Global Power & Communications.  There was no contractual agreement between
11 Black & Veatch and Cruz Construction, Inc. nor did Black and Veatch control the actions
12 of Cruz Construction at the time or place where the alleged trespass occurred.
13 Therefore, liability for the alleged trespass by Cruz Construction cannot be attached to
14 Black & Veatch.

15      The Alaska Supreme Court has specifically rejected theories of vicarious liability
16 against employers of subcontractors by stating:
17
18
19
20
21
22

> An employee of an independent contractor does not fall within the class of persons protected by common law vicarious liability principles…Imposing full liability on the innocent owner would subject him to greater financial burden than if he had directly employed the injured workman himself, since in the latter case his liability would be limited to workmen's compensation benefits. The imposition of greater liability on the remote party liable only vicariously is not a justifiable result at common law.

23      State v. Morris, 555 P.2d 1218, 1220-21(Alaska 1976).  In this particular
24 matter, Black & Veatch is far removed from application of common law principles of
25

DEFENDANT BLACK & VEATCH'S MOTION FOR
SUMMARY JUDGMENT - 7
00567-4017  27510.doc

PREG O'DONNELL & GILLETT PLLC
1800 NINTH AVENUE, SUITE 1500
SEATTLE, WASHINGTON 98101-1340
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

1    vicarious liability, as it was not the owner of the property, or even the employer of Cruz

2    Construction.  Cruz Construction was hired by Global Power & Communications, and

3    there was no contractual agreement between Black & Veatch and Cruz Construction.

4

5    ### 1.  Black & Veatch Did Not Retain Contractual Control Over The Actions Of Cruz Construction

6    To determine whether the nature and extent of the control present is sufficient to

7    impose liability, courts have determined that the contractual provisions and the actual

8    exercise of control are relevant.  When considering the issue of contractual provisions

9
     regarding control of the worksite, Alaska courts have stated:
10

11                    If the employer retains only standard "boilerplate" provisions
                      with respect to safety inspections and requirements, but
12                    assumes no affirmative duties and never directs the method
                      of performance, there is insufficient control or supervision to
13                    render it liable.

14   Molosso, 644 P.2d at 211, citing Morris v. City of Soldotna, 553 P.2d 474, 480 (Alaska
15   1976)

16   Black & Veatch was hired as an independent contractor by GVEA, while Cruz

17   Construction was hired as a subcontractor by Global Power & Communications.  There

18   was no contractual relationship between Black & Veatch and Cruz Construction.  Global

19   Power & Communications, the employer of this subcontractor, would have assumed any

20   responsibility and control of the work performed by Cruz Construction at the location

21
     where the alleged trespass occurred.  The fact that plaintiffs allege that Cruz
22
     Construction trespassed upon their property to pump water from Seven Mile Lake is
23
24   insufficient to establish that Black & Veatch had control over the actions of Cruz

25

DEFENDANT BLACK & VEATCH'S MOTION FOR
SUMMARY JUDGMENT - 8
00567-4017  27510.doc

**PREG O'DONNELL & GILLETT** PLLC
1800 NINTH AVENUE, SUITE 1500
SEATTLE, WASHINGTON 98101-1340
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

1    Construction at the time of the incident, or to attach liability to Black & Veatch.  As such,

2    all claims against Black & Veatch should be dismissed.

3
         **2.  Black & Veatch did Not Demonstrate By its Actions That it Assumed
4             Control or Directed the Actions of Cruz Construction**

5        When considering evidence supporting a claim of assumption of control, Alaska

6    Court's have limited such liability to the specific areas in which evidence of control has

7    been demonstrated:

8
              The employer must have retained at least some degree of
9         control over the manner in which the work is done.  It is not
          enough that he has merely a general right to order the work
10        stopped or resumed, to inspect the progress or to receive
          reports, to make suggestions or recommendations which
11        need not necessarily be followed, or to prescribe alterations
          and deviations.  Such a general right is usually reserved to
12        employers, but it does not mean the Contractor is controlled
          as to his methods of work, or as to operative detail.
13        There must be such a retention of right of supervision that
          the contractor is not entirely free to do the work in his own
14        way.
15

16       Hammond  v.  Bechtel  Inc.,  606  P.2d  1269,  1275  (Alaska  1980),  citing

17   Restatement (Second) of Torts §414, comment (c) (1965).   For liability to attach

18   evidence of active control must be shown. Id. At 1276 citing Morris v. City of Soldotna,

19   553 P.2d 474 (Alaska 1976).   To establish a duty, plaintiff must show a factual

20   relationship between the accident or incident and active control. Sterud v. Chugach

21   Elec. Ass'n., 640 P.2d 823, 828 (Alaska 1982).  Simply demonstrating control in some

22   unrelated aspect of the work is insufficient to establish liability against the general

23
     contractor. Id.
24

25

**PREG O'DONNELL & GILLETT** PLLC
1800 NINTH AVENUE, SUITE 1500
SEATTLE, WASHINGTON 98101-1340
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

1    The evidence necessary to establish that Black & Veatch had active control over
2    Cruz Construction does not exist, as no such control was ever exercised. Cruz
3    Construction was a subcontractor of Global Power Communications, not Black and
4    Veatch. Global Power Communications oversaw the day to day operations of the
5    Intertie Project, not Black & Veatch. The plaintiff is unable to demonstrate contractual
6    control or any degree of retained control by Black & Veatch over the actions of Cruz
7    Construction, and therefore cannot establish liability against Black & Veatch. As such, it
8    is requested that this Court dismiss all Plaintiffs' claims against Black & Veatch, as a
9    matter of law.
10

11   **C.    Plaintiffs' Claims for Alleged Violations Under 42 U.S.C. 1983 Should be**
12   **Dismissed for Lack of Proof.**

13   Plaintiff's Complaint is wholly lacking and has no directive as the content or
14   parties to whom the alleged 1983 Civil Rights Violations are directed. The Complaint
15   merely states "alleged civil rights violations under 42 U.S.C. §1983", and does not
16   identify whether those claims are directed to a municipal liability or to individual
17   defendants. Certainly, any alleged violations of municipal liability are not applicable to
18   Black & Veatch and therefore should not be considered or addressed in this motion.

19   Assuming for the sake of argument that the Plaintiffs have pled civil rights
20   violations against Black & Veatch as an individual defendant, it is necessary for the
21   Plaintiffs to establish that: (1) each official acted under color of state law; (2) in so
22   acting, each official deprived the Plaintiff a specific right secured by the constitution; and
23   (3) each official's acts were the proximate cause of the injury stated. Parratt v. Taylor,
24   451 U.S. 527, 535 (1981). (Overruled in part on other grounds, Daniels v, Williams, 106
25   S.Ct. 622 (1986).

DEFENDANT BLACK & VEATCH'S MOTION FOR
SUMMARY JUDGMENT - 10
00567-4017  27510.doc

**PREG O'DONNELL & GILLETT** PLLC
1800 NINTH AVENUE, SUITE 1500
SEATTLE, WASHINGTON 98101-1340
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

1    Where there are multiple Defendants, the Plaintiff must connect each
2  Defendant's conduct to the alleged violations of civil rights, Caldwell v. City of Elmwood,
3  959 Fed. 2d 670, (7th Cir. 1992) and establish the personal involvement of each
4  Defendant with specificity sufficient to overcome an immunity defense. Biase v Kaplan,
5  852 F. Supp. 268, 287 (D.N.J. 1994)

6    In this particular matter there is no evidence that Black & Veatch acted under the
7  color of state law.  Nor is there any evidence that Black & Veatch violated any of
8  Plaintiff's rights secured by the constitution, or that any acts by Black & Veatch was a
9  proximate cause of his injuries.  In fact, Mr. Kubanyi testified that he had no evidence
10 whatsoever that Black & Veatch violated his civil rights in any manner.  It is therefore
11 requested that Plaintiffs' claim of alleged 1983 civil rights violations be dismissed.

**SUMMARY**

13    The Plaintiffs have failed to present any evidence that Black & Veatch is
14 responsible or vicariously liable for any alleged trespass by Cruz Construction or by any
15 of the Defendants in this matter.  There is no evidence to suggest that Black & Veatch
16 had retained control over Cruz Construction Inc. or its employees.  Nor is there any
17 evidence that Defendants violated the Plaintiffs' civil rights under 42 U.S.C. 1983.  For
18 the reasons stated above, Defendant Black & Veatch respectfully requests that the
19 Court dismiss both Plaintiffs' claims, with prejudice.  A proposed Order has been filed
20 herewith for the convenience of this Court.

DEFENDANT BLACK & VEATCH'S MOTION FOR
SUMMARY JUDGMENT - 11
00567-4017 27510.doc

**PREG O'DONNELL & GILLETT PLLC**
1800 NINTH AVENUE  SUITE 1500
SEATTLE, WASHINGTON 98101-1340
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

1     DATED this ___5___ day of April, 2006.

2                     PREG O'DONNELL & GILLETT PLLC

3

4                     By_____

5                       Eric P. Gillett, ABA 8611111
                       Attorneys for Defendant Black & Veatch

6                        Corporation

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

PREG O'DONNELL & GILLETT PLLC
1800 NINTH AVENUE, SUITE 1500
SEATTLE, WASHINGTON 98101-1340
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113