Eric P. Gillett, Esq.
Preg O'Donnell & Gillett PLLC
1800 Ninth Ave., Suite 1500
Seattle, WA  98101-1340
Phone:  (206) 287-1775
Fax:  (206) 287-9113
Attorney for Defendant Black & Veatch Corporation

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DON M. KUBANYI, JIMMY KUBANYI, AILEEN WELTON, ELEZABETH TUZROYLUK, DORIS KUBANYI, VICTOR KUBANYI, BOBBY KUBANYI, and ARLETTE KUBANYI,<br><br>Plaintiff(s),<br><br>v.<br><br>GOLDEN VALLEY ELECTRIC ASSOCIATION, DAVE CRUZ, individually and d/b/a/ CRUZ CONSTRUCTION, BLACK & VEATCH CORPORATION, TROOPER JAKE COVEY AND TROOPER PATRICK NELSON, STATE OF ALASKA,<br><br>Defendant(s). | NO.  F-04-0026 CIV<br><br>BLACK & VEATCH CORPORATION'S OPPOSITION TO PLAINTIFFS' MOTION FOR RULE 56(f) CONTINUANCE |

Defendant Black & Veatch Corporation (hereinafter referred to as "BV") opposes plaintiffs' Motion for Continuance on the grounds that it is untimely, unjustified and unnecessary. Plaintiffs' 56(f) motion was filed after the deadline for opposing BV's Motion for Summary Judgment.  In addition, plaintiffs' motion does not provide sufficient justification to delay ruling on BV's motion.  Finally, plaintiffs already possess the evidence they would have used to oppose BV's motion. Therefore, plaintiffs' Rule 56(f) motion for a continuance should be denied and the Court should grant BV summary judgment consistent with its Minute Order dated May 2, 2006 (Doc. 69).

I. Procedural History Of This Case

The gravamen of plaintiffs' Complaint is an alleged trespass on their land outside of Fairbanks. The events giving rise to plaintiffs' lawsuit occurred in March 2003. Plaintiffs' Complaint at ¶ ¶ 22-35. Plaintiffs filed the Complaint in this matter on October 5, 2004. On May 13, 2005, the Court issued a Scheduling and Planning Order. In that Order, the Court required, among other things, that all discovery be completed by April 10, 2006.

Plaintiffs waited until November 14, 2005, to note the deposition of the person described in their complaint as the principal actor giving rise to the trespass, Dave Cruz, of defendant Cruz Construction. That deposition was taken on January 24, 2006. On April 5, 2006, BV filed its Motion for Summary Judgment. Oppositions to BV's Motion for Summary Judgment were due on or before April 24, 2006. Plaintiffs did not oppose the motion. Instead, on May 2, 2006, more than a week after the deadline, plaintiffs filed a request for a Civil Rule 56(f) continuance.

II. Rule 56(f) Standard

Denial of a Rule 56(f) motion is reviewed under an abuse of discretion standard. *Alghanim v. Boeing Co.,* 447 F.2d 143, 149 (9th Cir. 1973). When a party called upon to oppose a motion for summary judgment cannot present affidavits setting out facts essential to the opposition, Rule 56(f) provides that the party may instead file affidavits showing why the Court should refuse the motion for summary judgment or continue determination of the motion to allow the party requesting relief more time to obtain substantive affidavits or to complete further discovery. Fed. R. Civ. P. 56(f). In *Teamsters Local 175 & 505 Pension v. Clorox,* 353 F.3d 1125, 1129-30 (9th Cir. 2004), the Ninth Circuit summarized the principles a Court should apply when a party seeks relief under Rule 56(f) as follows:

> To prevail under this Rule, parties opposing a motion for summary judgment must make "(a) a timely application which (b) specifically identifies (c) relevant information, where there is some basis for believing that the information sought actually exist." *Visa Int'l Serv. Ass'n v. Bankcard Holders of Am.,* 784 F.2d 1472, 1475 (9th Cir. 1986). "The burden is on the party seeking additional discovery to proffer sufficient facts to show that the evidence sought exists, and that it would prevent summary judgment." *Chance v. Pac-Tel Teletrac, Inc.,* 242 F.3d 1151, 1161, n.6 (9th Cir 2001). "The district court does not abuse its

discretion by denying further discovery [...] if the movant fails to show how the information sought would preclude summary judgment." *Cal. Union Ins. Co. v. Am. Diversified Sav. Bank,* 914 F.2d 1271, 1278 (9th Cir. 1990) (citations omitted).

III.   Plaintiffs Rule 56(f) request is untimely.

The standard set forth by the Ninth Circuit requires that a Rule 56(f) motion must be made in a timely manner.  The Ninth Circuit has specifically ruled that "a Rule 56(f) motion cannot be filed after the deadline set for filing of the opponent's response brief and affidavits." *Monarch Greenback LLC v. Monticello Ins. Co.,* 118 F.Supp.2d 1068 (D. Idaho 1999) citing *Ashton-Tate Corp. v. Ross,* 916 F.2d 516, 520 (9th Cir. 1990).

Plaintiffs' request for relief under 56(f) is untimely.  Plaintiffs were required under Rule 56 to file their opposition to BV's Motion for Summary Judgment no later than April 24, 2006.  Instead, on May 2, 2006, plaintiffs filed their Rule 56(f) motion for continuance.  Plaintiffs do not explain why they failed to comply with the requirements of Rule 56 and it would be unfair to BV if they are allowed to proffer an explanation in reply to this opposition.   Having failed to comply with the Civil Rules, the Court should recognize plaintiff's Civil Rule 56(f) motion as untimely and, therefore, not well taken.

IV.   Plaintiffs have not diligently pursued discovery.

Plaintiffs' request for relief under 56(f) is also unjustified because they have been dilatory in taking discovery.  According to the Ninth Circuit, to justify a continuance, the moving party must have been diligent in its pursuit of discovery in the past. *Nidds v. Schindler Elevator Corp.,* 113 F.3d 912, 920 (9th Cir. 1997); *Mackey v. Pioneer National Bank,* 867 F.2d 520, 524 (9th Cir. 1989).

As discussed above, plaintiffs filed this case in October 2004.  Initial disclosures were exchanged in May 2005.  Discovery closed on April 10, 2006.[1]  Plaintiffs have never served written discovery on BV.  It was not until May 2, 2006, that plaintiffs even requested to take the

---

[1] On April 19, 2006, two weeks after BV filed its Motion For Summary Judgment, and nine days after discovery closed, the parties stipulated to continue the discovery cutoff deadline until October 18, 2006. The fact that the parties recently agreed to continue discovery does not explain why plaintiff has not, to this date, taken any discovery necessary to oppose BV's motion.

3

deposition of any BV employee. That request, not surprisingly, came on the same day that plaintiffs filed their untimely Rule 56(f) request. Plaintiffs, however, cannot cure their dilatory past practice with one letter demanding immediate discovery. It is clear that plaintiffs have had more than a year to obtain discovery and have simply failed to act. That does not justify delay of BV's Motion For Summary Judgment.

      V. <u>Plaintiffs do not specifically identify what new information is sought.</u>

Plaintiffs also make only vague reference of the need to depose BV's employees, Mr. Jensen or Mr. Mucha. *Id.* At p.4. Rule 56(f), however, requires that plaintiffs specifically identify the relevant information, where there is some basis for believing that the information sought actually exist. *Visa Int'l Serv. Ass'n v. Bankcard Holders of Am.,* 784 F.2d 1472, 1475 (9th Cir. 1986). The district court does not abuse its discretion by denying further discovery if plaintiffs fail to show how the information sought would preclude summary judgment. *Cal. Union Ins. Co. v. Am. Diversified Sav. Bank,* 914 F.2d 1271, 1278 (9th Cir. 1990).

Plaintiffs argue that their testimony is "required for the Plaintiff's (sic) to fully address B&V's motion for summary judgment." *Id.* They fail to suggest, however, what that testimony will be or how it will preclude summary judgment. Under our Ninth Circuit rules, this does not justify a continuance under Rule 56(f).

      VI. <u>Plaintiffs already possess the discovery they now seek to acquire.</u>

Plaintiffs motion for continuance is a veiled attempt to file an untimely opposition to the motion for summary judgment based on discovery they already possess. In their motion, they refer to deposition testimony of Dave Cruz, taken on January 24, 2006, arguing that his testimony creates an issue of fact. At page 4 of their memorandum (Doc. 67), plaintiffs state as follows:

> The thrust of Mr. Cruz's testimony is that B&V was performing project management for the Intertie Project, and that B&V were responsible for obtaining access permits. The failure to obtain those permits, including a Right of Way permit across the Kubanyi Allotment is a material fact in obvious controversy.

Since plaintiffs have possessed Mr. Cruz's testimony for more than three months, it is impossible for them to justify their failure to timely oppose BV's motion for summary judgment. While BV disagrees that Mr. Cruz's testimony creates factual issues, the time and place for making those arguments are passed. Plaintiffs' belated attempt to inject Mr. Cruz's testimony and their arguments against summary judgment, however, only serve to expose the folly that is their untimely opposition to BV's motion thinly disguised as a Rule 56(f) motion.

Conclusion

Plaintiffs Rule 56(f) motion should be denied. It is untimely, unjustified and unnecessary. What plaintiffs are really seeking is a belated chance to oppose BV's summary judgment motion with evidence they have had for months. Rule 56(f) is not a vehicle for failing to follow the time requirements of Rule 56.[2]

For these reasons, Black & Veatch respectfully requests that the Court deny plaintiff's Rule 56(f) motion, and grant Black & Veatch's Motion for Summary Judgment dated April 5, 2006.

DATED at Seattle, WA this 5th day of May, 2006.

PREG O'DONNELL & GILLETT PLLC

By ___/S/ Eric P. Gillett, Esq.___
Eric P. Gillett, ABA 8611111
Preg O'Donnell & Gillett PLLC
1800 Ninth Ave., Suite 1500
Seattle, WA 98101-1340
egillett@pregodonnell.com
P: 206-287-1775 F: 206-287-9113
Attorneys for Defendant Black & Veatch Corporation

---

[2] While there is no reason that plaintiffs could not have timely responded to BV's motion, there is no justification for postponing their opposition an additional seven months. The fact that the plaintiffs have failed to do anything to move their case along in the past is a fare predictor that they will continue their dilatory practice in the future if the heat is taken from their feet.

5