DAVID W. MÁRQUEZ
ATTORNEY GENERAL

Venable Vermont, Jr.
Assistant Attorney General
Office of the Attorney General
1031 W. 4th Ave., Suite 200
Anchorage, Alaska  99501
Telephone: (907) 269-5190
Fax: (907) 258-0760
Email: TWC_EFC@law.state.ak.us

Attorney for Trooper Jake Covey, Trooper Patrick Nelson

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DON M. KUBANYI, JIMMY KUBANYI, AILEEN WELTON, ELIZABETH TUZROYLUK, DORIS KUBANYI, VICTOR KUBANYI, BOBBY KUBANYI, ARLETTE KUBANYI, and BRIAN BAGGETT,<br><br>        Plaintiff(s),<br><br>vs.<br><br>GOLDEN VALLEY ELECTRIC ASSOCIATION, DAVE CRUZ, individually and d/b/a/CRUZ CONSTRUCTION, BLACK & VECH CORPORATION, JAKE COVEY and PATRICK NELSON,<br><br>        Defendants. | Case No. 4:04-cv-0026-RRB<br><br>**PROPOSED ORDER** |

Don Kubanyi and Brian Baggett have brought a 42 U.S.C. § 1983 action for excessive force against Alaska State Troopers Jake Covey and Patrick Nelson, based on a series of events that occurred on March 1, 2003 at Seven Mile Lake off the Rex Trail. The

officers have moved for summary judgment, on the grounds that they committed no constitutional violations in the arrest of Kubanyi and the investigatory stop of Baggett, and that even if they did, they are entitled to qualified immunity based upon the reasonableness of any mistakes made. Upon examination of the memoranda supporting and opposing, the deposition transcripts, affidavits and other supporting materials,

IT IS HEREBY ORDERED that the officers' motion for summary judgment is GRANTED. I find that upon the facts presented, taken in the light most favorable to the non-moving party, Kubanyi, these officers' use of non-deadly force did not violate the Fourth Amendment, which is the appropriate standard for examination of claims of this type. The standard is "objective reasonableness." Under the circumstances, these officers could reasonably believe that Kubanyi represented an unknown threat and a potential for violence when he approached them where they were speaking with Dave Cruz and his construction workers. All of the following constitute use of force by the officers: approach of Kubanyi with a drawn but lowered handgun, discharge of the Taser in the cartridge mode, the physical takedown of Kubanyi after he punched Trooper Nelson in the face, multiple uses of the Taser in the contact mode, use of pepper spray, handcuffing of Kubanyi after he was subdued. Individually and collectively, the use of these techniques was reasonable under the circumstances given Kubanyi's intoxication, earlier threats, hostility, aggression, lack of cooperation, and unknown intentions. I find no excessive force under the circumstances; indeed, the officers would have acted unreasonably by failing to investigate and subdue Kubanyi under the circumstances. It is undisputed that the total use of non-deadly force here

was limited to a few tens of seconds, and that weighs strongly in the officers' favor.

Likewise, I find no constitutional violation in the investigatory stop of Brian Baggett by Trooper Covey. Under the circumstances, Baggett could have represented the same threat that was associated with Kubanyi, whose arrest had occurred just moments before. The only actual force used against Baggett was a brief non-intrusive pat down to assure that he was unarmed and did not represent a threat to the officers or the construction workers. Trooper Covey's entire contact with Baggett in the investigatory stop phase lasted about a minute. I find no constitutional violation under these circumstances.

Should a reviewing court disagree, and believe that there were one or more constitutional violations in these events, I nonetheless grant summary judgment to the officers on the basis of qualified immunity. Any mistakes that they made during the course of these events were "objectively reasonable" under the circumstances viewed from the point of view a reasonable officer on the scene. Given the potential for violence here and the unknown threat represented by both Kubanyi and Baggett coming out of the darkness, the officers could reasonably believe they were entitled to use the amounts of force shown on these facts in order to defuse the situation and provide for an orderly and safe investigation of the alleged trespass claims.

Dated: _____

　　　　　　　　　　　　　　　　　　　　　　　Ralph R. Beistline
　　　　　　　　　　　　　　　　　　　　　　　U.S. District Court Judge

4

This is to certify that on this date, a copy of the foregoing
Motion for Summary Judgment is being served electronically on:

**Michael J. Walleri**
walleri@gci.net; christen_woodward@yahoo.com

**Daniel T. Quinn**
dquinn@richmondquinn.com; cesary@richmondquinn.com

**Cory Borgeson, Esq.**
cborgeson@bnblaw.com; kday@bnblaw.com

**Eric P. Gillett**
egillett@pregodonnell.com; mmorgan@pregodonell.com

s/ Venable Vermont, Jr. 5/5/06