Daniel T. Quinn (8211141)
Russell D. Gray (0311056)
RICHMOND & QUINN
360 K Street, Suite 200
Anchorage, Alaska 99501
Phone: 276-5727
Fax:   276-2953
dquinn@richmondquinn.com

Attorneys for Defendants and Third-
Party Plaintiffs CRUZ CONST., INC.
and DAVE CRUZ, Individually

           IN THE UNITED STATES DISTRICT COURT

               FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DON M. KUBANYI, JIMMY KUBANYI,AILEEN WELTON, ELIZABETH TUZROYLUK, DORIS KUBANYI, VICTOR KUBANYI, BOBBY KUBANYI, and ARLETTE KUBANYI,<br><br>       Plaintiffs,<br><br>   v.<br><br>GOLDEN VALLEY ELECTRIC ASSOCIATION, et al.<br><br>       Defendants.<br><br>CRUZ CONSTRUCTION, INC. and DAVE CRUZ, individually,<br><br>       Defendant and Third-<br>       Party Plaintiffs,<br><br>   v.<br><br>GLOBAL POWER & COMMUNICATIONS, LLC,<br><br>       Third-Party<br>       Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 4:04-cv-26<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) **MOTION FOR PARTIAL**<br>) **SUMMARY JUDGMENT OF**<br>) **DEFENDANTS AND THIRD-**<br>) **PARTY PLAINTIFFS CRUZ**<br>) **CONSTRUCTION, INC. AND**<br>) **DAVE CRUZ, INDIVIDUALLY**<br>)<br>)<br>) |

## MOTION FOR PARTIAL SUMMARY JUDGMENT
## OF DEFENDANTS AND THIRD-PARTY PLAINTIFFS
## CRUZ CONSTRUCTION, INC. AND DAVE CRUZ, INDIVIDUALLY

COME NOW defendants and third-party plaintiffs Dave Cruz and Cruz Construction, Inc. (hereinafter "Cruz" or "Cruz defendants"), by and through their attorneys, Richmond & Quinn, and hereby move for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Specifically, the Cruz defendants seek partial summary judgment that (1) even assuming some trespass occurred, there have been no damages to the plaintiff's property, and therefore plaintiffs are entitled to at most nominal damages as to their trespass claim; and (2) the Cruz defendants cannot bear liability for any alleged civil rights violations under 42 U.S.C. §1983 because they committed no conduct under color of state law, and did not participate in the arrest of plaintiff Don Kubanyi.

I.    **FACTUAL BACKGROUND**

This action stems from a March 1, 2003 incident which culminated in the arrest of plaintiff Don Kubanyi by State Troopers on his Native Allotment property. Mr. Kubanyi, along with his seven siblings (also plaintiffs), are heirs to

MOTION FOR PARTIAL SUMMARY JUDGMENT OF
DEFENDANTS AND THIRD-PARTY PLAINTIFFS CRUZ
CONSTRUCTION, INC. AND DAVE CRUZ, INDIVIDUALLY

a Native Allotment issued by the United States Department of the Interior Bureau of Land Management. Exhibit 1. This Allotment is subject to a public easement along what is known as the Rex Trail, or the "Rex Bonnifield Trail," 50 feet in width. Id. The Allotment property surrounds a lake known as Seven Mile Lake, as depicted in a map attached as Exhibit 2. See generally Deposition of Don Kubanyi, Exhibit 3, pgs. 28-34. The Rex Trail is the relatively straight, dotted line depicted on the map which "comes to the bottom part." Id. at 32-33.

During the winters of 2001-02, and 2002-03, defendant Golden Valley Electric Association was working on the Northern Intertie project, a major, complex project involving installation of electric lines through relatively remote areas of interior Alaska. Cruz Construction, Inc. was hired by a subcontractor, Global Power and Communications, for the construction and maintenance of ice roads in support of this construction project. Deposition of Dave Cramer Cruz, Exhibit 4 at 7-8.

Golden Valley (through its contractors) obtained permits for use of the Rex Trail for this project, and also

MOTION FOR PARTIAL SUMMARY JUDGMENT OF
DEFENDANTS AND THIRD-PARTY PLAINTIFFS CRUZ
CONSTRUCTION, INC. AND DAVE CRUZ, INDIVIDUALLY

for obtaining water from various sources for construction of ice roads. These permits included a Temporary Water Use Authorization from the State of Alaska Department of Natural Resources, which specifically identified Seven Mile Lake as one of the permitted water sources, Exhibit 5, and a State of Alaska Department of Natural Resources Land Use Permit, authorizing use of the Rex Trail. Exhibit 6 (without attachments).

During the winter of 2001-02, Cruz Construction obtained water from Seven Mile Lake, and placed an ice shack on the lake, without any objection from Don Kubanyi (who lived in a cabin on the Allotment), or any other of the Allotment owners. Deposition of Dave Cramer Cruz, Exhibit 4, at 15-17.

During the following winter, Cruz Construction again accessed the lake for maintenance of ice roads, arriving at the end of February. Id. at 19-20. Dave Cruz, President of Cruz Construction, had a pleasant conversation with Mr. Kubanyi at about 10:00 or 11:00 a.m., on March 1, 2003. Id. at 20. At that time, Mr. Cruz felt that Mr. Kubanyi was starting to become intoxicated. Later that evening, after Dave Cruz had left the Allotment property, he received a call

MOTION FOR PARTIAL SUMMARY JUDGMENT OF
DEFENDANTS AND THIRD-PARTY PLAINTIFFS CRUZ
CONSTRUCTION, INC. AND DAVE CRUZ, INDIVIDUALLY

from an inspector on site who was "very upset and said Don had threatened to kill them.  He was going to get his gun and kill them and that they were fearing for their life. . .." <u>Id.</u> at 22.  Fearing for the safety of his crew, Mr. Cruz called 911, met with and escorted two Troopers, defendant Jake Covey and Patrick Nelson, to the site.[1]

Upon the arrival of the Troopers, Trooper Covey began interviewing the crew members and inspector on scene, and confirmed that Kubanyi had threatened the use of firearms. Deposition of Trooper Jacob Stewart Covey, Exhibit 7 at 18. As he was conducting interviews, a figure came into view out on the lake, walking toward Trooper Covey, whom someone identified as Don Kubanyi.  In the darkness, Trooper Covey could not tell whether Kubanyi had a firearm, and Covey ordered Kubanyi to show his hands. <u>Id.</u> at 23.  Kubanyi responded with hostility and profanity.  After several

---

[1]   In his deposition, Don Kubanyi acknowledged that he threatened to shoot out the tires on the crew members' vehicles, but denied that he threatened to shoot them.  He acknowledged that he intended his threats to scare these crew members:  "Yes.  I mean yeah; it would scare me."  Deposition of Don Kubanyi, Exhibit 3, at 90.  Kubanyi testified that he had some 25 firearms at his property. <u>Id.</u> at 91.  He also acknowledged that he was intoxicated. <u>Id.</u>

MOTION FOR PARTIAL SUMMARY JUDGMENT OF
DEFENDANTS AND THIRD-PARTY PLAINTIFFS CRUZ
CONSTRUCTION, INC. AND DAVE CRUZ, INDIVIDUALLY

<u>KUBANYI, ET AL. v. GVEA, ET AL.</u>, Case No. 4:04-cv-26
Page 5

warnings, the Troopers fired a tazer cartridge, and when that failed to subdue him, chased down Mr. Kubanyi further out on the lake.  Mr. Kubanyi punched Trooper Nelson in the face as they reached him, and all three fell to the ice, wrestling. During this struggle, Trooper Nelson deployed a tazer manually and Trooper Covey deployed a chemical spray, which succeeded in subduing Kubanyi.  See generally Id., 23-35.

During this altercation, neither Mr. Cruz nor the crew members directed the actions of the Troopers.  Deposition of Trooper Patrick Steven Nelson, Exhibit 8 at 65.  In fact, the crew members "took cover" near their vehicles as this altercation and arrest occurred on the frozen lake. Deposition of Dave Cramer Cruz, Exhibit 4 at 33.

Don Kubanyi was arrested and charged with several counts of assault, disorderly conduct and resisting arrest. He reached a plea agreement and pled guilty to disorderly conduct.  Deposition of Don Kubanyi, Exhibit 3 at 110.

The parties dispute whether the Rex Trail right-of-way intersects with the lake.  Plaintiffs contend that there is some Allotment property between the edge of the right-of-way and the lake so that traveling from the trail to the lake

MOTION FOR PARTIAL SUMMARY JUDGMENT OF
DEFENDANTS AND THIRD-PARTY PLAINTIFFS CRUZ
CONSTRUCTION, INC. AND DAVE CRUZ, INDIVIDUALLY

KUBANYI, ET AL. v. GVEA, ET AL., Case No. 4:04-cv-26
Page 6

involves a trespass. However, plaintiff Don Kubanyi acknowledged that the southern end of the lake in the area of the Rex Trail is swampy, and at times the lake floods such that it actually covers the trail. Deposition of Don Kubanyi, Exhibit 3 at 34, 137, 184. Dave Cruz similarly testified: "Well, the lake flows right into the trail and as you come by – as you come down the trail, you're running on ice for quite a ways there. … The lake comes right in the trail and you just turn and go right on the lake, right on the ice." Deposition of Dave Cramer Cruz, Exhibit 4 at 15.

Plaintiff Don Kubanyi acknowledged that the Cruz Construction personnel genuinely believed that they had a right to enter the lake from the trail. Deposition of Don Kubanyi, Exhibit 3 at 92. Finally, Don Kubanyi acknowledged that the alleged trespass by Cruz Construction personnel in no way damaged his property, because the area was all frozen in that area in any case. Id. at 122.

## II.  STANDARDS FOR SUMMARY JUDGMENT

Summary judgment is appropriate when there are no genuine issues of material fact and the party is entitled to judgment as a matter of law. Federal Rule of Civil Procedure

MOTION FOR PARTIAL SUMMARY JUDGMENT OF
DEFENDANTS AND THIRD-PARTY PLAINTIFFS CRUZ
CONSTRUCTION, INC. AND DAVE CRUZ, INDIVIDUALLY

56(c).   One  of  the  primary  purposes  of  the  summary  judgment

procedure  is  to  "isolate  and  dispose  of  factually  unsupported

claims  or  defenses."   Celotex v. Catrett, 477 U.S. 317, 323-24

(1986).   The  U.S.  Supreme  Court  has  stated:

> The  plain  language  of  Rule  56(c)  mandates  the
> entry  of  summary  judgment . . . against  a  party
> who  fails  to  make  a  showing  sufficient  to
> establish  the  existence  of  an  element  essential
> to  that  party's  case,  and  on  which  that  party
> will  bear  the  burden  of  proof  at  trial.   Id. at
> 322.

As  movants,  the  Cruz  defendants  bear  the  initial

burden  of  establishing  the  absence  of  a  genuine  issue  of

material  fact.    Id. at 523.    However,  once  a  properly

supported  motion  for  summary  judgment  is  made,  the  burden

shifts  to  the  plaintiffs  to  "set  forth  specific  facts  showing

that  there  is  a  genuine  issue  for  trial."   Anderson v. Liberty

Lobby, Inc., 477 U.S. 242, 248 (1986).   A  mere  "scintilla"  of

evidence  will  not  be  sufficient  to  defeat  defendants'  motion;

rather,  plaintiffs  must  introduce  some  "significant  probative

evidence"  intending  to  support  their  claim.    Id. at 242, 249;

Summers v. A. Teichert and Sons, Inc., 127 F.3d 1150, 1152 (9th

Cir. 1997).   If  plaintiff's  evidence  is  merely  colorable  or

not  significantly  probative,  summary  judgment  should  be

MOTION FOR PARTIAL SUMMARY JUDGMENT OF
DEFENDANTS AND THIRD-PARTY PLAINTIFFS CRUZ
CONSTRUCTION, INC. AND DAVE CRUZ, INDIVIDUALLY

KUBANYI, ET AL. v. GVEA, ET AL., Case No. 4:04-cv-26
Page 8

entered for defendants.  <u>Eisenberg v. Insurance Company of North America</u>, 815 F.2d 1285, 1288 (9th Cir. 1987).

**IV.  <u>EVEN ASSUMING A TRESPASS, THE CRUZ DEFENDANTS CAUSED NO DAMAGES, AND ARE AT MOST LIABLE FOR NOMINAL DAMAGES.</u>**

As noted above, the parties dispute whether the Cruz defendants had to depart the 50-foot-wide Rex Trail easement in order to cross from the trail to Seven Mile Lake.  The plaintiffs contend that a sliver of their property lies between the easement and the lake, and therefore a technical trespass necessarily occurred in traveling from the Trail to the lake.  The defendants contend that the trail actually intersects the lake, and therefore no trespass occurred.  This issue likely presents a factual dispute, which will not be resolved in this motion.

However, even assuming a trespass, the plaintiffs have acknowledged that the trespass caused no damage to the property.  Deposition of Don Kubanyi, Exhibit 3, at 122.  Moreover, the plaintiffs acknowledge that the defendants genuinely believed that they could cross from the trail to the lake without trespassing.  <u>Id.</u> at 92.

MOTION FOR PARTIAL SUMMARY JUDGMENT OF
DEFENDANTS AND THIRD-PARTY PLAINTIFFS CRUZ
CONSTRUCTION, INC. AND DAVE CRUZ, INDIVIDUALLY

<u>KUBANYI, ET AL. v. GVEA, ET AL.</u>, Case No. 4:04-cv-26
Page 9

Plaintiffs are entitled to recover at most nominal damages for an unintentional trespass which causes no damage. In <u>Wernberg v. Matanuska Electric Ass'n., Inc.</u>, 494 P.2d 790 (Alaska 1972), the Alaska Supreme Court addressed unintentional trespass causing no damages, and upheld the jury's award of no damages:

> In answers to interrogatories submitted by the judge, the jury found that a trespass had occurred on the land outside the right-of-way, but that this was not deliberate. Appellant argues that the jury verdict was inconsistent with the evidence in that it found that a trespass had occurred but awarded no damages.
>
> While the common law rule was that from every direct entry upon land of another 'the law infers some damage; if nothing more, the treading down of grass or herbage', Prosser argues that it 'seems more reasonable to limit recovery without proof of damage to cases of intentional invasion, where the trespass action may serve an important purpose in determining and vindicating the right to exclusive possession of the property.' Similarly, the Second Restatement of Torts provides as follows:
>
>> 165. One who recklessly or negligently, or as a result of an abnormally dangerous activity, enters land in the possession of another or causes a thing or third person so to enter is subject to liability to the possessor if, but only if, his presence or the presence of the thing or of the third person upon the land causes harm to the land. . . .'

MOTION FOR PARTIAL SUMMARY JUDGMENT OF
DEFENDANTS AND THIRD-PARTY PLAINTIFFS CRUZ
CONSTRUCTION, INC. AND DAVE CRUZ, INDIVIDUALLY

<u>KUBANYI, ET AL. v. GVEA, ET AL.</u>, Case No. 4:04-cv-26
Page 10

> 166. Except where the actor is engaged in an abnormally dangerous activity, an unintentional and non-negligent entry on land in the possession of another, or causing a thing or third person to enter the land, does not subject the actor to liability to the possessor, even though the entry causes harm to the possessor or to a thing or third person in whose security the possessor has a legally protected interest.

> This would seem to be the better, modern view. Thus, since the jury found that the trespass causes no actual damage and was non-deliberate, it was not required to award any damages.

Id. at 793 (citing W. Prosser, Law of Torts, at 66-67 (4th Ed. 1971) and Restatement (Second) of Torts, §§ 165 and 166 (1965).

Accord Staples v. Hoefke, 235 Cal. Rptr. 165, 171 (App. 1987)(nominal damages for trespass need not be awarded where no actual loss has occurred.)

Under these authorities, the Cruz defendants seek a ruling that, if plaintiffs establish a trespass, defendants will be liable for at most nominal damages, although the jury need not award even nominal damages.

MOTION FOR PARTIAL SUMMARY JUDGMENT OF
DEFENDANTS AND THIRD-PARTY PLAINTIFFS CRUZ
CONSTRUCTION, INC. AND DAVE CRUZ, INDIVIDUALLY

KUBANYI, ET AL. v. GVEA, ET AL., Case No. 4:04-cv-26
Page 11

## V.    THE CRUZ DEFENDANTS CAN BEAR NO LIABILITY FOR ANY CIVIL RIGHTS VIOLATION.

Plaintiffs' First Amended Complaint very cryptically alleges a civil rights violation. The Amended Complaint, in paragraph 45, incorporates paragraphs 9 through 31 by reference; these paragraphs lay out the plaintiffs' factual allegations. Paragraph 46 of the Amended Complaint conclusorily states: "Such actions violate 42 U.S.C. § 1983." The Complaint does not specify against whom these § 1983 claims are directed. Plaintiff Don Kubanyi, in his deposition, articulated his view that the civil rights claims were directed only to the police officers:

> Q.    Looking at your complaint and your amended complaint, it maintains only two causes of action: One for trespass and the second for civil rights violation.    In terms of the civil rights violation, are those directed at the police officers in this litigation?
>
> A.    I would think so, you know.    I mean they are the ones I feel violated me, but I'm going to say yes.

Deposition of Don Kubanyi, Exhibit 3 at 154.[2]

---

[2]    The complaint's failure to specify the targets of the § 1983 claim or the federal right allegedly violated alone warrants dismissal of this claim.    See Huszar v. Zeleny, 269 F. Supp.2d 98, 104 (E.D.N.Y. 2003):    "With respect to the remaining defendants, nowhere in the amended complaint does the plaintiff identify that they are state actors.    Nor does the

MOTION FOR PARTIAL SUMMARY JUDGMENT OF
DEFENDANTS AND THIRD-PARTY PLAINTIFFS CRUZ
CONSTRUCTION, INC. AND DAVE CRUZ, INDIVIDUALLY

KUBANYI, ET AL. v. GVEA, ET AL., Case No. 4:04-cv-26
Page 12

Presumably, the alleged § 1983 violations are claims of excessive force involved in the altercation leading to Mr. Kubanyi's arrest.  As outlined extensively in the Motion for Summary Judgment of Troopers Covey and Nelson, these claims are without merit, since the use of force was reasonable under the circumstances.  The Cruz defendants adopt and incorporate by reference the Troopers' motion.  To the extent that § 1983 claims are in fact directed at the Cruz defendants, they join in the Troopers' motion.

However, the Cruz defendants are entitled to summary judgment even if the Troopers are not.  These defendants neither acted under color of state law nor participated in subduing or arresting Don Kubanyi, and can therefore not bear § 1983 liability.

The Ninth Circuit has articulated the elements of a § 1983 action:

> 42 U.S.C. § 1983 creates a cause of action against a person who, acting under color of state law, deprives another of rights guaranteed under the Constitution.  Section 1983 does not create any

plaintiff identify a right secured by the Constitution or federal laws.  Accordingly, the court finds that his Section 1983 claims against defendants must be dismissed."

MOTION FOR PARTIAL SUMMARY JUDGMENT OF
DEFENDANTS AND THIRD-PARTY PLAINTIFFS CRUZ
CONSTRUCTION, INC. AND DAVE CRUZ, INDIVIDUALLY

KUBANYI, ET AL. v. GVEA, ET AL., Case No. 4:04-cv-26
Page 13

>substantive rights; rather it is the vehicle whereby
>the plaintiffs can challenge actions by governmental
>officials.    To  prove  a  case  under  § 1983,  the
>plaintiff  must  demonstrate  that  (1)  the  action
>occurred  "under  color  of  state  law"  and  (2)  the
>action    resulted    in    the    deprivation    of    a
>constitutional right or federal property right.

Jones v. Williams, 297 F.3rd 930, 934 (9th Cir. 2002)(citations

omitted).[3]  In this case, the Cruz defendants were not acting

under the color of law.   They were private subcontractors

working on the Golden Valley Electric Association Northern

Intertie Project.  The plaintiffs fully understood this role.

     Moreover, the Cruz defendants did not participate in

subduing or arresting Don Kubanyi.  Even assuming some "state

action," the Jones decision reiterated that "[i]n order for a

person acting under color of state law to be liable under

---

[3]  See also Neris v. Vivoni, 249 F.Supp.2nd 146, 149 (D. Puerto
Rico 2003) which articulated the elements of a § 1983 claim in
more detail:  "In order to state a claim for deprivation of
rights under 42 U.S.C. § 1983, plaintiffs must show that 'the
conduct complained of was committed by a person acting under
color of law.'  Second, plaintiffs must show that defendants'
conduct  in  fact  deprived  them  of  rights,  privileges  or
immunities  secured  by  the  Constitution  or  laws  of  the  United
States.   Third, plaintiffs must show that the defendants'
conduct  caused  the  deprivation  of  federal  constitutional
rights.    Finally,  defendants  conduct  must  have  been
intentional,  grossly  negligent,  or  must  have  amounted  to
reckless or callous indifference' to the constitutional rights
of others." (Citations omitted.)

MOTION FOR PARTIAL SUMMARY JUDGMENT OF
DEFENDANTS AND THIRD-PARTY PLAINTIFFS CRUZ
CONSTRUCTION, INC. AND DAVE CRUZ, INDIVIDUALLY

KUBANYI, ET AL. v. GVEA, ET AL., Case No. 4:04-cv-26
Page 14

Section 1983 there must be a showing of personal participation in the alleged rights deprivation." <u>Jones</u>, <u>supra</u>, 297 F.3d at 934.

In this case, defendant Dave Cruz called the State Troopers because he had been advised that Don Kubanyi, in an intoxicated state, had threatened to shoot his crew members and an inspector at the remote Seven Mile Lake location. Understandably, Mr. Cruz took this threat seriously, and called for police assistance to prevent violence.  The Cruz Construction crew members reported to the Troopers the particulars of Mr. Kubanyi's drunken threats of violence, but played no role in subduing or arresting him.  As Dave Cruz testified, when Don Kubanyi started walking across the lake toward the Troopers, the crew members stayed back as the Troopers moved toward Kubanyi, subdued and arrested him:

> Well, the Troopers stopped.  They were starting to interview my crew.  One of – I believe my crew.  I don't – I know which one said here comes Don and we could see him coming across the lake.  We basically took cover and I remember the two Troopers went out to meet Don.  I was probably maybe 25 feet from him. I was standing over the corner of one of our trucks. They proceeded to talk to Don.  Don started yelling and screaming and took a swing at one of these gentlemen.  I don't know which one it was but I definitely saw him lunge for him and it took about

MOTION FOR PARTIAL SUMMARY JUDGMENT OF
DEFENDANTS AND THIRD-PARTY PLAINTIFFS CRUZ
CONSTRUCTION, INC. AND DAVE CRUZ, INDIVIDUALLY

<u>KUBANYI, ET AL. v. GVEA, ET AL.</u>, Case No. 4:04-cv-26
Page 15

four and a half seconds and it was over.  These guys
subdued him and put him in the cruiser.

Deposition of Dave Cramer Cruz, Exhibit 4 at 33.  The Troopers

similarly acknowledged that the Cruz defendants did not

dictate or control their response in any way.  Deposition of

Trooper Patrick Steven Nelson, Exhibit 8 at 65.

In short, the Cruz defendants are entitled to

summary judgment regarding the § 1983 claim because (1)

plaintiffs have not articulated such a claim against them: (2)

they were not acting under color of state law; and (3) they

did not participate in the physical altercation or arrest of

Don Kubanyi which apparently forms the basis of the § 1983

claims.

Under these facts, the Cruz defendants are entitled

to summary judgment as a matter of law that they committed no

§ 1983 violations with regard to any plaintiff.

## VI.  CONCLUSION

For the reasons outlined more fully above, the Cruz

defendants would respectfully request that (1) partial summary

judgment enter in their favor that if plaintiffs can prove a

trespass, they are entitled to at most nominal damages,

MOTION FOR PARTIAL SUMMARY JUDGMENT OF
DEFENDANTS AND THIRD-PARTY PLAINTIFFS CRUZ
CONSTRUCTION, INC. AND DAVE CRUZ, INDIVIDUALLY

although no nominal damages need be awarded; and (2) summary judgment enter in their favor with regard to any civil rights violation alleged against them under 42 U.S.C. § 1983.

DATED this __9th__ day of May, 2006, at Anchorage, Alaska.

RICHMOND & QUINN
Attorneys for Defendants Dave
Cruz individually, and d/b/a
Cruz Construction, Inc.


By:    _____s/Daniel T. Quinn_____
RICHMOND & QUINN
360 K Street, Suite 200
Anchorage, AK  99501
Ph:  907-276-5727
Fax:  907-276-2953
dquinn@richmondquinn.com
ABA #8211141

MOTION FOR PARTIAL SUMMARY JUDGMENT OF
DEFENDANTS AND THIRD-PARTY PLAINTIFFS CRUZ
CONSTRUCTION, INC. AND DAVE CRUZ, INDIVIDUALLY

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically served this __9th___ day of May, 2006 on:

Michael J. Walleri                        Cory Borgeson
WALLERI LAW OFFICES                       BORGESON & BURNS, PC
330 Wendell St., Suite E                  100 Cushman, Suite 311
Fairbanks, AK 99701                       Fairbanks, AK 99701

Venable Vermont, Jr.
ASSISTANT ATTORNEY GENERAL
STATE OF ALASKA                           Eric Gillett
1031 W. 4th Ave., Suite 200               PREG, O'DONNELL & GILLETT
Anchorage, AK 99501                       1800 9th Ave., Ste. 1500
                                          Seattle, WA 98101


_____s/Daniel T. Quinn_____
     RICHMOND & QUINN

2073\038\pld\MSJ(MTN)

MOTION FOR PARTIAL SUMMARY JUDGMENT OF
DEFENDANTS AND THIRD-PARTY PLAINTIFFS CRUZ
CONSTRUCTION, INC. AND DAVE CRUZ, INDIVIDUALLY

KUBANYI, ET AL. v. GVEA, ET AL., Case No. 4:04-cv-26
Page 18