Page: 1  Document Name: Untitled

PSTD410P  TERMID: P#2D          CRIMINAL HISTORY          03/07/03  14:25:07.8

PERSON NAME: DON MICHAEL KUBANYI
        AKA: DON M KUBANYI
ARRESTING AGENCY: FAIE     APSIN ID NUM: 457360     FBI NUMBER:
OFFENSE DATE: 03 01/2003     OFFENSE DATE END:
AGENCY CASE: 03001461S DATE: 03/01 2003 STATUTE: AS 1.56.700(A)(1)
ARREST BY: N MOD:          CHARGE: RESIST/INTERFERE ARREST-BY FORCE
CONVICTING COURT:     DATE:          STATUTE:
  CONV BY:  MOD:          CHARGE:
    COURT DOCKET:          POS ID:  FELONY:  DISP:
UOH: S     ATN: 105366171                         FP DATE:
      CONDITION:

        SENTENCE     YEARS     DAYS     AMOUNT        DATE TO COMPLETE

PF8 CONVICTIONS                                      * AT END *
4-D          1     Sess-1     146.63.51.196          P#2D          2/1

Exhibit  6
Page 29 of 49

Page: 1  Document Name:     itled

```
 FM: NCIC   ON 03/07/03 AT 14:26:20
NL01AKPVVISADT00659
AKAST0200
NO IDENTIFIABLE RECORD IN THE NCIC INTERSTATE IDENTIFICATION INDEX
(III) FOR PUR/C.NAM/KUBANYI,DON M.DOB/19540124.SEX/M.RAC/I.
NOTICE -- A LARGE NUMBER OF RECORDS FOR PERSONS BORN PRIOR TO 1956 ARE
NOT AUTOMATED AT THE FBI. IF A SEARCH OF THE NONAUTOMATED FILES IS
DESIRED, A FINGERPRINT CARD SHOULD BE SUBMITTED.
END
```

M E S S A G E   D I S P L A Y   C O M P L E T E D .   PRESS ENTER TO CONTINUE
A-B          2   Sess-1   146.63.51.196              P#2C              1/2

Page: 1  Document Name.  titled

FM: NCIC    ON 03/07/03 AT 14:24:47
1LC1AKPVVJSADT0C651
AKAST02C0

NO NCIC WANT SOC/574187663
NO NCIC WANT OLN/C457360
NO NCIC WANT NAM/KUBANYI, DON M DOB/19540124 RAC/I SEX/M

4.0          1    Sess-1    146.63.51.136              P#2D              1/2

EXHIBIT  6
PAGE 31 OF 49



**STATE OF ALASKA**
**DEPT. OF PUBLIC SAFETY**

| | | | | Case No. 03-14616 |
| --- | --- | --- | --- | --- |
| | | | | Date Investigated 3-1-2003 |
| 12-302 (REV 1/00) | Recording Officer Patrick Nelson | PermID PSN0 | Investigating Agency AST | Detach D    Unit HE |

### INFORMATION:

On 3-1-03 at 2222 hours, myself and Trooper Covey responded to mile 181.5 Parks Hwy to contact an entertie worker who reported Don Kubanyi had threatened to shoot members of his crew if they crossed his land again. Kubanyi was intoxicated and very intimidating. We followed the complainant approximately 10 miles east off the highway down the Rex Trail to the 7 mile Lake area where the crew is constructing an ice bridge for the entertie job.

While interviewing witnesses and victims, a male later identified as Kubanyi was observed walking towards us across the frozen lake.

Kubanyi was contacted by Trp. Covey who ordered him to show his hands which he did not comply with. I observed Kubanyi to have an aggressive stance and was saying profanities to Trp. Covey upon my arrival. Kubanyi was advised that he was under arrest for assault at which point he said something to effect of "Fuck you. I'm not doing anything for you" Kubanyi was was advised by me that he was under arrest again and to turn around and put his hands behind his back at which point he took an aggressive stance with fists balled up at his sides and feet spread apart. It was obvious to myself that he was not going to comply with my orders. He was advised that if he did not comply that he would by controlled with an electric shock (M-26 Taser) to which he stated again "Fuck You" I activated the Taser which struck Kubanyi in the upper left shoulder area and middle stomach area which did not produce the desired effect. Kubanyi pulled at the electric cords breaking one of them while starting to turn and run from myself and Trp. Covey. I dropped the cartridge from the Taser and attempted to place Kubanyi into an arm bar at which point he turned and struck me in the right side of the face resulting in fear of continued assault and pain in the right side of my face. I activated the Taser again and applied it directly to his lower back / kidney area at which time he fail to the ground and continued to swing his arms in an attempt to strike myself and Trp. Covey who was also trying to restrain him. Taser was applied for a third time to the upper back / lower neck area which produced the desired effect, incapacitating Kubanyi as long as the current was activated. Upon deactivation of the Taser he continued to struggle and fight with myself and Trp Covey at which time Trp Covey sprayed Kubanyi in the face with Oleoresin Capsicum which incapacitated him enough to get restraints on him.

During this contact, Kubanyi was noted by myself to have a strong odor of alcoholic beverage about his breath and person.

Kubanyi was taken to the patrol vehicle were I washed his eyes and face off with cool water and wiped him with clean napkins. I removed the Taser prongs from his carharts which will be stored at Cantwell Evidence. I examined his skin under the clothing which showed no obvious signs of injury where the prongs had struck. They had not penetrated the carharts and several layers of clothing under them.

Kubanyi thanked me for washing his eyes out and was transported to FCC in Fairbanks.

**STATE OF ALASKA**

MR 10 201

**FOURTH JUDICIAL DISTRICT**
**DISTRICT ATTORNEY**

EXHIBIT 6
PAGE 32 of 49

## STATE OF ALASKA
### DEPT. OF PUBLIC SAFETY

Case No. 03-14616

| Location : Evidence Locker | Property Status | | |
|---|---|---|---|
| Cantwell Evidence | EV | | |
| Submitting Officer | PermID | UnitID | |
| Jake Covey | JSC0 | CANE | |
| Case Officer | PermID | UnitID | |
| Jake Covey | JSC0 | CANE | |

12-210 (REV. 1-00)

| Req. | Type Code | Value | Type of Article | Brand Name | Model | Color | Model Year | Caliber |
|---|---|---|---|---|---|---|---|---|
| 1 | K | $0.00 | microcassette | Olympus | XB60 | WHI | None | none |

Serial No. ONE

Other Information: interviews and contact with Don Kubanyi

APSIN / NCIC Entry: 3-3-03 Feb, RB 141 234 175 45

Final Disposition Of Article (If Destroyed Sign Here)

| Req. | Type Code | Value | Type of Article | Brand Name | Model | Color | Model Year | Caliber |
|---|---|---|---|---|---|---|---|---|
| 2 | K | $0.00 | Taser prongs | unk | M-26 | SIL | none | none |

Serial No. ONE

Other Information: Taser prongs used on Don Kubanyi

APSIN / NCIC Entry: 3-5-03

RECORD OF CUSTODY

| ITEM # | REC. FROM: SIGNATURE - PermID / P.O. REG. NO | DATE RECEIVED | REC. BY: SIGNATURE - PermID / P.O. REG. NO |
|---|---|---|---|
| 1-2 | _____ JSC0 | 3/4/03 | Evidence Drop |
| 1-2 | Evidence Drop | 3/5/03 | Cane Evidence |
| 1 | Cane Evidence | 4-14-03 | Feb, RB 141 234 175 45 |
| 1 | RB 141 234 175 | 4-15-03 | Ang Craft |
| | | 4- | |

EXHIBIT 6
PAGE 33 of 49

39

1 car al 4-15-03 for Murdo



EXHIBIT 6
PAGE 39 OF 44

Kubanyi v. GVEA
Plaintiff No.109



EXHIBIT 6
PAGE 35 OF 49

Kubanyi v. GVEA
Plaintiff No.110



EXHIBIT 6
PAGE 36 OF 49

Kubanyi v. GVEA
Plaintiff No.111



Kubanyi v. GVEA
Plaintiff No.105

1   Eric P. Gillett, Esq.
    Preg O'Donnell & Gillett PLLC
2   1800 Ninth Ave., Suite 1500
    Seattle, WA 98101-1340
3   Phone: (206) 287-1775
    Fax: (206) 287-9113
4

COPY

Doc # 57

5

6

7

8

9

              UNITED STATES DISTRICT COURT
10         FOR THE DISTRICT OF ALASKA AT FAIRBANKS

11   DON M. KUBANYI, JIMMY KUBANYI,
    AILEEN WELTON, ELEZABETH
12   TUZROYLUK, DORIS KUBANYI, VICTOR         NO.  F-04-0026 CIV
    KUBANYI, BOBBY KUBANYI, and
13   ARLETTE KUBANYI,                   DEFENDANT BLACK & VEATCH'S
14                                     MOTION FOR SUMMARY JUDGMENT
                        Plaintiff(s),
15       v.

16   GOLDEN VALLEY ELECTRIC
    ASSOCIATION, DAVE CRUZ, individually
17   and d/b/a/ CRUZ CONSTRUCTION, BLACK
    & VECH CORPORATION, TROOPER JAKE
18   COVEY AND TROOPER PATRICK
    NELSON, STATE OF ALASKA,
19
                        Defendant(s).
20

21                   I.     RELIEF REQUESTED

22

23         Plaintiff Don Kubanyi and the Kubanyi family have brought claims against all

24   Defendants, including Black & Veatch Corporation,  for alleged (1) trespass and (2) civil

25

DEFENDANT BLACK & VEATCH'S MOTION FOR
SUMMARY JUDGMENT - 1
00587-4017 271510 doc

PREG O'DONNELL & GILLETT PLLC
1800 NINTH AVENUE SUITE 1500
SEATTLE, WASHINGTON 98101-1340
TELEPHONE (206) 287-1775 • FACSIMILE (206) 287-9113

EXHIBIT 6
PAGE 38 OF 49

rights violations under 42 U.S.C. §1983. The Kubanyi family has no facts to support its claim that Black and Veatch trespassed or participated in a trespass upon the Kubanyi property. Nor is there any evidence that Black and Veatch violated Don Kubanyi's civil rights. Therefore, Defendant Black & Veatch requests that all claims against it be dismissed, with prejudice.

## II.    EVIDENCE RELIED UPON

1.    United States Department of Interior BLM, Alaska State Office Native Allotment, dated December 9, 1992.

2.    Decision dated October 23, 1992, Case No. F-14577, Native Allotment Application, outlining modification of decision of September 21, 1992.

3.    Temporary Water Use Authorization issued by the Alaska Department of Natural Resources, issued on January 8, 2002.

4.    Land Use Permit, obtained from the State of Alaska Department of Natural Resources by Golden valley Electric Association, dated March 5, 1999.

5.    Exhibit 5 – Subcontract Agreement between Global Power Communications, LLC and Cruz Construction, dated December 3, 2001.

6.    Engineering Services Continuing Services Agreement between Golden Valley Electric and Black & Veatch effective July 6, 1999.

7.    Deposition of David Cruz.

8.    Deposition of Trooper Nelson.

9.    Deposition of Don Kubanyi.

10    Affidavit of Rick Mucha.

DEFENDANT BLACK & VEATCH'S MOTION FOR
SUMMARY JUDGMENT - 2
00567-4017 275*0.doc

PREG O'DONNELL & GILLETT PLLC
1900 NINTH AVENUE, SUITE 1000
SEATTLE, WASHINGTON 98101-1340
TELEPHONE (206) 287-1775 • FACSIMILE (206) 287-9711

EXHIBIT 6
PAGE 39 of 49

### III.   INTRODUCTION

This lawsuit arises out of an arrest of Don Kubanyi which occurred on March 1, 2003.   The Kubanyi family received a Native Allotment for property situated on the shores of Seven Mile Lake.  The Allotment reserved a right of way which included the right of public access for use of the Rex Trail. **(Exh 1)**The Native Allotment was modified in part as the result of a decision of September 21, 1992 which allowed for continued right of public access along the non-exclusive use Rex Trail to Bonifield Trail not to exceed 50 feet in width.   **(Exh 2)** Plaintiffs Complaint claims that Defendants unlawfully trespassed upon their property

On February 2, 2002, Golden Valley Electric Association (GVEA) obtained a valid Temporary Water Use Authorization from the Alaska Department of Natural Resources, which included extraction of water from Seven Mile Lake for the construction and maintenance of ice roads for the Global Intertie Project. **(Exh 3)** GVEA previously obtained a Land Use Permit from the State of Alaska, effective February 22, 1999 through February 21, 2004, for use of the Rex/South route for the construction of the Northern Intertie Project. **(Exh 4)**

Global Power & Communications hired Cruz Construction Inc. to build and construct the ice roads for the Northern Intertie Project for the years 2001 - 2003. **(Exh 5,** *Cruz Dep., pg. 6, lines 13-23, pg. 65, lines 1-25)* Black and Veatch was hired by GVEA as an independent contractor to perform  Engineering Services for the Global Intertie Project. **(Exh 6)** There were no contract agreements between Black and Veatch and Cruz Construction, nor did Black and Veatch  manage or control the actions of Cruz

DEFENDANT BLACK & VEATCH'S MOTION FOR
SUMMARY JUDGMENT - 3
00567-4017 27510.doc

**PREG O'DONNELL & GILLETT** PLLC
1800 NINTH AVENUE, SUITE 1500
SEATTLE, WASHINGTON 98101-1340
TELEPHONE (206) 287-1775 • FACSIMILE (206) 287-9113

1   Construction. (*Cruz Dep. , pg 8, lines 15-25, pg. 12, lines 1-9, pg. 65, lines 1-25, pg. 66,*

2   *lines 1-7, Affidavit of Rich Mucha*)

3       On or about March  , 2003, Cruz Construction legally accessed   Seven Mile

4   Lake by the Rex Trail. which is frequently traveled by hunters and construction workers.

5   There were no Black & Veatch employees at Seven Mile Lake on March 1, 2003.  (*Cruz*

6   *Dep., pg. 66, lines 4-7, Kubanyi Dep., pg. 153, lines 20-25, pg. 154, lines 1-10, Affidavit*

7   *of Rick Mucha*).   Cruz Construction had previously extracted water from Seven Mile

8   Lake in 2002 with the knowledge and consent of the Kubanyi family.   During the

9   afternoon and evening of March 1, 2003, Don Kubanyi threatened the Cruz workers.

10  (Dep. of D. Cruz, pg. 22, lines 1-25, pg. 23, lines 1-25, pg. 30, lines 19-25) Early that

11  evening Dave Cruz received a telephone call from one of his employees, stating

12  Kubanyi had threatened to injure the Cruz workers if they did not stop working at Seven

13  Mile Lake.  (Cruz Dep., Pg. 22, lines 1-25, pg. 23, lines 1-25, pg. 30, lines 19-25, Nelson

14  Dep., pgs. 25, 42. and 44)  Cruz contacted the Alaska State Troopers, who traveled to

15  Seven Mile Lake to investigate the matter.  (Nelson Dep., Pg, 21-22)  When the state

16  troopers arrived, Don Kubanyi was very intoxicated.  (Nelson Dep., pg. 25) Kubanyi

17  responded to the State Troopers in a threatening manner, both physically and verbally,

18
    and was very intimidating. (Nelson Dep. Pg. 25, 27, 39, 44. 53 and 54)  Kubanyi was
19
    arrested and transported to the Fairbanks jail. (Nelson Dep., pg. 61)  Kubanyi testified
20
    that he has no evidence that any Black & Veatch employees trespassed upon his
21

22  property on the date of the incident.  (*Kubanyi Dep., pg. 153, lies 17-25, pg. 154, lines*

23  *1-21*)

24

25

DEFENDANT BLACK & VEATCH'S MOTION FOR
SUMMARY JUDGMENT - 4
00667-4017  27510.doc

**PREG O'DONNELL & GILLETT** PLLC
1800 NINTH AVENUE, SUITE 1500
SEATTLE, WASHINGTON 98101-1340
TELEPHONE  206-287-1775 • FACSIMILE (206) 287-9113

## IV.    ISSUES FOR REVIEW

1.    Should Plaintiffs' claims for trespass be dismissed against Defendant Black and Veatch as there is no evidence that Black in Veatch trespassed upon the Kubanyi property?

2.    Should Plaintiffs' claims for trespass be dismissed against Defendant Black and Veatch as Black and Veatch was hired as an independent contractor solely for engineering services, and had no retained control over the actions of Cruz Construction Inc., a subcontractor of Global Power Communications?

3.    Should Plaintiff's claims for trespass be dismissed against Defendant Black and Veatch as Cruz Construction was hired by Global Power Communications, and there were no contractual agreements between Black and Veatch and Cruz Construction?

4    Should Plaintiffs' claim for alleged violations of 42 U.S.C. 1983 be dismissed for lack of proof or evidence of any civil rights violations by Black & Veatch?.

## V.    LEGAL ARGUMENT

### A.    Summary Judgment Standards.

Summary judgment shall be rendered, "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the party is entitled to judgment as a matter of law." Whaley v. State, 438 P. 2d 718, 719-20 (Alaska 1968). The moving party has the initial burden of showing that the case presents no material issue of fact,

DEFENDANT BLACK & VEATCH'S MOTION FOR
SUMMARY JUDGMENT - 5
00667-4017 27510 doc

PREG O'DONNELL & GILLETT PLLC
80? NINTH AVENUE, SUITE 1300
SEATTLE, WASHINGTON 9810 -4340
TELEPHONE (206) 237-1775 • FACSIMILE (206) 287-9113

1    in seeking to discharge this burden, the moving party must submit admissible evidence.

2    Brook v. Rogers & Babler Co., 536 P.2d 778, 782 (Alaska 1985)

3        The party opposing summary judgment must then set forth specific facts showing

4    that it can produce admissible evidence demonstrating that a material issue of fact

5    exists. Id at 782-3. The Court must consider whether the evidence presented in the

6    affidavits is of sufficient caliber and quantity to support a jury verdict for the Plaintiff.

7    United Steel Workers of America v. Phelps Dodge Corp., 865 F.2d, 1539, 1542 (9th Cir.

8    1989). The evidence must be significantly probative, such that it is more than a scintilla

9
     of evidence that is merely colorable. *Id.* Irrelevant factual disputes are unnecessary

10   and will not be counted. See generally, Charles A.P. Wright, Federal Practice and

11
12   Procedures, 10A at 2725, pages 93-95 (1983). Substantive law will identify which facts

13   are material for purposes of summary judgment. Anderson v. Liberty Lobby Inc., 477

14   U.S. 242, at 252 (1986).

15   **B.    Black and Veatch had no Retained Control Over Cruz Construction, and**
16   **Cannot be Held Vicariously Liable for Any Alleged Trespass by Cruz**
     **Construction, a Subcontractor of Global Power Communications**
17
18       It is necessary to apply the general rules of negligence to appropriately analyze

19   the facts of this particular case. In general, the employer of an independent contractor

20   owes no duty to the independent contractor's employees to protect those employees

21   from the negligence of their own master. Dahle v. Atlantic Richfield Co., 725 P.2d 1068,

22   1072 (Alaska 1986), citing Moloso v. State, 644 P. 2d 205, 210 (Alaska 1982) An

23   exception to the rule arises only where an employer retains control of the independent

24   contractor's work:

25

DEFENDANT BLACK & VEATCH'S MOTION FOR
SUMMARY JUDGMENT - 6
00567-4017 275*0.006

**PREG O'DONNELL & GILLETT** PLLC
1800 NINTH AVENUE, SUITE 1500
SEATTLE, WASHINGTON 98101-1340
TELEPHONE (206) 287-1775 • FACSIMILE (206) 287-9113

EXHIBIT  6
PAGE 43 OF 49

1

2

3

4

> One who entrusts work to an independent contractor, but who retains the control over any part of the work, is subject to liability for physical harm to others for whose safety the employer owes a duty to exercise reasonable care, which is caused by the failure to exercise his control with reasonable care.

5     Dahle. 725 P. 2d at 1072, citing Restatement (Second) of Torts §414 (1965). "To

6 determine whether the nature and extent of the control present is sufficient to impose

7 liability, both the contractual provisions and the actual exercise of control are relevant."

8 Moloso, 644 P.2d at 211. In the instant matter. Cruz Construction was a subcontractor

9

10 of Global Power & Communications. There was no contractual agreement between

11 Black & Veatch and Cruz Construction, Inc. nor did Black and Veatch control the actions

12 of Cruz Construction at the time or place where the alleged trespass occurred.

13 Therefore, liability for the alleged trespass by Cruz Construction cannot be attached to

14 Black & Veatch.

15     The Alaska Supreme Court has specifically rejected theories of vicarious liability

16 against employers of subcontractors by stating:

17

18

19

20

21

22

> An employee of an independent contractor does not fall within the class of persons protected by common law vicarious liability principles ..Imposing full liability on the innocent owner would subject him to greater financial burden than if he had directly employed the injured workman himself, since in the latter case his liability would be limited to workmen's compensation benefits. The imposition of greater liability on the remote party liable only vicariously is not a justifiable result at common law.

23     State v. Morris, 555 P.2d 1218, 1220-21(Alaska 1976). In this particular

24 matter, Black & Veatch is far removed from application of common law principles of

25

PREG O'DONNELL & GILLETT PLLC
450 NINTH AVENUE SUITE 1900
SEATTLE WASHINGTON 9812-0340
TELEPHONE (206) 287-1775 • FACSIMILE (206) 287-9113

6
PAGE 44 OF 44

vicarious liability, as it was not the owner of the property, or even the employer of Cruz

Construction. Cruz Construction was hired by Global Power & Communications, and

there was no contractual agreement between Black & Veatch and Cruz Construction.

### 1. Black & Veatch Did Not Retain Contractual Control Over The Actions Of Cruz Construction

To determine whether the nature and extent of the control present is sufficient to

impose liability, courts have determined that the contractual provisions and the actual

exercise of control are relevant. When considering the issue of contractual provisions

regarding control of the worksite, Alaska courts have stated:

> If the employer retains only standard "boilerplate" provisions
> with respect to safety inspections and requirements, but
> assumes no affirmative duties and never directs the method
> of performance, there is insufficient control or supervision to
> render it liable.

Molosso, 644 P.2d at 211, citing Morris v. City of Soldotna, 553 P.2d 474, 480 (Alaska 1976)

Black & Veatch was hired as an independent contractor by GVEA, while Cruz

Construction was hired as a subcontractor by Global Power & Communications. There

was no contractual relationship between Black & Veatch and Cruz Construction. Global

Power & Communications, the employer of this subcontractor, would have assumed any

responsibility and control of the work performed by Cruz Construction at the location

where the alleged trespass occurred. The fact that plaintiffs allege that Cruz

Construction trespassed upon their property to pump water from Seven Mile Lake is

insufficient to establish that Black & Veatch had control over the actions of Cruz

DEFENDANT BLACK & VEATCH'S MOTION FOR
SUMMARY JUDGMENT - 8
00567-4017 275 0 doc

PREG O'DONNELL & GILLETT PLLC
1800 NINTH AVENUE, SUITE 1500
SEATTLE, WASHINGTON 98101-1340
TELEPHONE (206) 287-1775 • FACSIMILE (206) 287-9113

1   Construction at the time of the incident, or to attach liability to Black & Veatch. As such,

2   all claims against Black & Veatch should be dismissed.

### 2. Black & Veatch did Not Demonstrate By its Actions That it Assumed Control or Directed the Actions of Cruz Construction

When considering evidence supporting a claim of assumption of control, Alaska

Court's have limited such liability to the specific areas in which evidence of control has

been demonstrated:

> The employer must have retained at least some degree of control over the manner in which the work is done. It is not enough that he has merely a general right to order the work stopped or resumed, to inspect the progress or to receive reports, to make suggestions or recommendations which need not necessarily be followed, or to prescribe alterations and deviations. Such a general right is usually reserved to employers, but it does not mean the Contractor is controlled as to his methods of work, or as to operative detail. There must be such a retention of right of supervision that the contractor is not entirely free to do the work in his own way.

Hammond v. Bechtel Inc., 606 P.2d 1269, 1275 (Alaska 1980), citing

Restatement (Second) of Torts §414, comment (c) (1965). For liability to attach

evidence of active control must be shown. Id At 1276 citing Morris v. City of Soldotna,

553 P.2d 474 (Alaska 1976). To establish a duty, plaintiff must show a factual

relationship between the accident or incident and active control. Sterud v. Chugach

Elec. Ass'n., 640 P.2d 823, 828 (Alaska 1982). Simply demonstrating control in some

unrelated aspect of the work is insufficient to establish liability against the general

contractor. Id.

PREG O'DONNELL & GILLETT PLLC
800 NINTH AVENUE, SU, TE 1300
SEATTLE, WASHINGTON  98104-0140
TELEPHONE (206) 287-1775 • FACSIMILE (206) 287-9113

The evidence necessary to establish that Black & Veatch had active control over Cruz Construction does not exist, as no such control was ever exercised.  Cruz Construction was a subcontractor of Global Power Communications  not Black and Veatch.  Global Power Communications oversaw the day to day operations of the Intertie Project, not Black & Veatch.  The plaintiff is unable to demonstrate contractual control or any degree of retained control by Black & Veatch over the actions of Cruz Construction, and therefore cannot establish liability against Black & Veatch.  As such, it is requested that this Court dismiss all Plaintiffs' claims against Black & Veatch, as a matter of law.

## C.    Plaintiffs' Claims for Alleged Violations Under 42 U.S.C. 1983 Should be Dismissed for Lack of Proof.

Plaintiff's Complaint is wholly lacking and has no directive as the content or parties to whom the alleged 1983 Civil Rights Violations are directed.  The Complaint merely states "alleged civil rights violations under 42 U.S.C. §1983", and does not identify whether those claims are directed to a municipal liability or to individual defendants.  Certainly, any alleged violations of municipal liability are not applicable to Black & Veatch and therefore should not be considered or addressed in this motion.

Assuming for the sake of argument that the Plaintiffs have pled civil rights violations against Black & Veatch as an individual defendant, it is necessary for the Plaintiffs to establish that: (1) each official acted under color of state law; (2) in so acting, each official deprived the Plaintiff a specific right secured by the constitution; and (3) each official's acts were the proximate cause of the injury stated.  Parratt v. Taylor, 451 U.S. 527, 535 (1981). (Overruled in part on other grounds, Daniels v. Williams, 106 S.Ct. 622 (1986).

DEFENDANT BLACK & VEATCH'S MOTION FOR
SUMMARY JUDGMENT - 10
0056T-4017  275100.000

PREG O'DONNELL & GILLETT PLLC
800 N.TH AVENUE SUITE 1500
SEATTLE, WASHINGTON 98101-4949
TELEPHONE (206) 287-1775 - FACSIMILE (206) 287-9313

6
PG. 47 of 49.

1    Where there are multiple Defendants. the Plaintiff must connect each

2 Defendant's conduct to the alleged violations of civil rights, Caldwell v. City of Elmwood,

3 959 Fed. 2d 670. (7th Cir. 1992) and establish the personal involvement of each

4 Defendant with specificity sufficient to overcome an immunity defense. Biase v Kaplan,

5 852 F. Supp. 268, 287 (D.N.J. 1994)

6    In this particular matter there is no evidence that Black & Veatch acted under the

7 color of state law.  Nor is there any evidence that Black & Veatch violated any of

8 Plaintiff's rights secured by the constitution, or that any acts by Black & Veatch was a

9 proximate cause of his injuries.  In fact, Mr. Kubanyi testified that he had no evidence

10 whatsoever that Black & Veatch violated his civil rights in any manner.  It is therefore

11 requested that Plaintiffs claim of alleged 1983 civil rights violations be dismissed.

12                                    **SUMMARY**

13    The Plaintiffs have failed to present any evidence that Black & Veatch is

14 responsible or vicariously liable for any alleged trespass by Cruz Construction or by any

15 of the Defendants in this matter.  There is no evidence to suggest that Black & Veatch

16 had retained control over Cruz Construction Inc. or its employees.  Nor is there any

17 evidence that Defendants violated the Plaintiffs' civil rights under 42 U.S.C. 1983.  For

18 the reasons stated above. Defendant Black & Veatch respectfully requests that the

19 Court dismiss both Plaintiffs' claims, with prejudice.  A proposed Order has been filed

20 herewith for the convenience of this Court.

21

22

23

24

25

DEFENDANT BLACK & VEATCH'S MOTION FOR
SUMMARY JUDGMENT - 11
00567-4017 27510.doc

**PREG O'DONNELL & GILLETT** PLLC
1800 NINTH AVENUE SUITE 1300
SEATTLE, WASHINGTON 98101-1340
TELEPHONE (206) 287-1775 • FACSIMILE (206) 287-9113

6
48   49

1        DATED this ___ ____ day of April, 2006.

2                                    PREG O'DONNELL & GILLETT PLLC

3

4                                    By_____
                                        Eric P. Gillett, ABA 8611111
5                                    Attorneys for Defendant Black & Veatch
                                     Corporation
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

PREG O'DONNELL & GILLETT PLLC
1601 NINTH AVENUE, SUITE 900
SEATTLE, WASHINGTON 98101-1140
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

6

49  of  49