DAVID W. MÁRQUEZ
ATTORNEY GENERAL

Venable Vermont, Jr.
Assistant Attorney General
Office of the Attorney General
1031 W. 4th Ave., Suite 200
Anchorage, Alaska  99501
Telephone: (907) 269-5190
Fax: (907) 258-0760
Email: TWC_EFC@law.state.ak.us

Attorney for Trooper Jake Covey, Trooper Patrick Nelson

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DON M. KUBANYI, JIMMY KUBANYI, AILEEN WELTON, ELIZABETH TUZROYLUK, DORIS KUBANYI, VICTOR KUBANYI, BOBBY KUBANYI, ARLETTE KUBANYI, and BRIAN BAGGETT,<br><br>        Plaintiff(s),<br><br>vs.<br><br>GOLDEN VALLEY ELECTRIC ASSOCIATION, DAVE CRUZ, individually and d/b/a/CRUZ CONSTRUCTION, BLACK & VECH CORPORATION, JAKE COVEY and PATRICK NELSON,<br><br>        Defendants. | Case No. 4:04-cv-0026-RRB<br><br>**NELSON AND COVEY'S OPPOSITION TO KUBANYIS' CROSS MOTION FOR SUMMARY JUDGMENT** |

Defendants Covey and Nelson, by and through undersigned counsel, hereby oppose plaintiffs' cross motion for summary judgment on their claims under 42 U.S.C. § 1983.


## I. THE KUBANYIS'§ 1983 EXCESSIVE FORCE CLAIMS

The Kubanyis' motion for summary judgment on the § 1983 excessive force claims is a direct cross motion to the troopers' motion for summary judgment based on qualified immunity. That is to say, the cross motions are exactly coextensive and the legal issues are the same whether argued pro or con. Therefore, the troopers will not here make any additional arguments technically in opposition to the Kubanyis' motion for summary judgment. The troopers rely upon, and incorporate, their original motion for summary judgment based on qualified immunity, as well as their reply, separately filed.

## II. THE KUBANYIS' § 1983 DUE PROCESS CLAIMS

Having not specifically pled what constitutional rights they feel were violated, the Kubanyis assert in their opposition and cross motion that their property rights were deprived without substantive and procedural due process as required by the Fourteenth Amendment. The court should deny the Kubanyis' motion for summary judgment on this claim and grant summary judgment to Covey and Nelson.

Citing to *Hammond v. County of Madera*,[1] the Kubanyis attempt to imply that that case applies to Covey and Nelson in their individual capacities. *Hammond*, however, is not remotely applicable. *Hammond* was a case brought against a local government entity.[2]

Local governmental bodies can be held liable under 42 U.S.C. § 1983 as can

---

[1] 859 F.2d 797 (9th Cir. 1988) *cited* at Kubanyis' Brief at pp. 41-42.

[2] *Id*. at 800.

local government officials in their official capacities.[3]  This case, however, involves <u>state</u> employees, not local government employees, acting in their individual capacities.  State employees acting in their official capacity and the state itself are not persons under § 1983.[4]

If the Kubanyis have a case at all it is against Covey and Nelson in their individual capacities.  The Kubanyis' analysis of such a claim, and the elements thereof, as set forth in their cross motion, are simply inapplicable to this case.[5]

### A.   Substantive Due Process Claims Against Covey And Nelson

Substantive due process, as a cause of action under 42 U.S.C. § 1983, is narrow in scope.  A substantive due process claim can be sustained only if the plaintiff can show the individual, acting under color of law, behaved in such a way so as to deprive the plaintiff of life, liberty, or property through deliberate indifference that "shocks the conscience."[6]

> [C]onduct intended to injure in some way unjustifiable by any government interest is the sort of official action most likely to rise to the conscience shocking level.[7]

On the other hand negligence is not encompassed by constitutional standards:

> [L]iability for negligently inflicted harm is categorically beneath the threshold of constitutional due process.[8]

---

[3]   *Monell v. New York City Dept. of Social Serv.*, 436 U.S. 658 (1978).

[4]   *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989).

[5]   Kubanyis' Brief at pp. 41-45.

[6]   *County of Sacramento v. Lewis*, 523 U.S. 833, 848-850 (1998).

[7]   *Id.* at 849.

[8]   *Id.*

3

Moreover, the *Sacramento* court noted the difficulty presented to police officers when circumstances demand decisions based on instant judgment. In such a case the court held that deliberate or reckless indifference was not enough to rise to the level of a constitutional violation. Rather the plaintiff must show a state of mind or purpose unrelated to the legitimate object of arrest.

> We…hold that in such circumstances only a purpose to cause harm unrelated to the legitimate object of arrest will satisfy the element of arbitrary conduct shocking to the conscience, necessary for a due process violation.[9]

There is simply no evidence here of conduct by Troopers Covey and Nelson that rises to the level of a due process violation of the Kubanyis' property rights. The evidence is exactly the opposite. In subduing Don Kubanyi, the officers were concerned with a legitimate governmental purpose, responding to threats of violence and neutralizing those threats, not the trespass alleged by the plaintiffs.

Even if the Kubanyis could show the reckless state of mind on the part of the troopers, they still do not establish a constitutional violation. The Ninth Circuit has stated that "[t]he protections of substantive due process have for the most part been accorded to matters relating to marriage, family, procreation, and the right to bodily integrity, and noted that "these fields likely represent the outer bounds of substantive due process protection."[10] Indeed, the Ninth Circuit has held that "the use of substantive due process to extend

---

[9] *Id.* at 836.

[10] *Nunez v. City of Los Angeles*, 147 F.3d 867, 871 n.4 (9th Cir. 1998), *quoting, Albright v. Oliver*, 510 U.S. 266, 272 (1994).

constitutional protection to economic and property rights has been largely discredited."[11]

The Kubanyis' claims for deprivation of due process through the allowance of a trespass can only be regarded as deprivation of a property or other economic claim. Such claims do not implicate substantive due process in the Ninth Circuit.

### B.  Procedural Due Process Claims

The Kubanyis first note that the state courts and the State of Alaska do not have subject matter jurisdiction to address disputes regarding ownership or right to possession of native allotments.[12] Then, the Kubanyis argue these troopers violated their procedural due process rights by ignoring their allegations of trespass on their native allotment. They then state, "there was a procedural due process claim in that the state never provided the Kubanyi's with any hearing as to the trespass claim…"[13]

These positions cannot be reconciled. They simply make no sense. The fact is the Kubanyis have received the process due them through their claims of trespass and this lawsuit. Moreover, their procedural due process claim sounds as claims against the state or against the officers in their official capacity. Such claims are not valid under § 1983.

### C.  Qualified Immunity

Even if the Kubanyis could establish a Fourteenth Amendment violation of due

---

[11]  *Squaw Valley Development Corp. v. Goldberg*, 375 F.3d 936, 949 (9th Cir. 2004), *quoting Armendariz v. Penman*, 75 F.3d 1311, 1318-19 (9th Cir. 1996).

[12]  Kubanyis' Brief at p. 44, *citing Heffle v. State*, 633 P.2d 264 (Alaska 1981).

[13]  Kubanyis' Brief at p. 45 (emphasis added).

process, they overcome qualified immunity.

In determining whether a plaintiff may overcome qualified immunity and pursue a § 1983 cause of action against a government official in his personal capacity, the initial threshold inquiry is two fold: Whether the facts show that a constitutional right was violated and, if so whether that right was clearly established.[14] Nelson and Covey have already demonstrated that no constitutional right was violated and the finding in favor of Nelson and Covey on that question cuts off further inquiry.[15]

In addition, however, the Kubanyis have not proven that the right they seek to enforce was clearly established. A right is clearly established, "when the contours of the right are sufficiently clear that a reasonable official would understand that what he is doing violates that right."[16]

The Kubanyis have not proven that the right they are asserting is clearly established. Instead, they have relied on citing portions of the Fourteenth Amendment and elements of a § 1983 claim as if this were enough. Apparently, the Kubanyis believe that the mere existence of these clauses puts every government official on notice of every behavior that would implicate them. If they were right, we could do away with qualified immunity altogether, because the general right to due process is clearly established and qualified immunity applies only in situations where the right that was violated was <u>not</u> clearly

---

[14] *Saucier v. Katz*, 533 U.S. 194 (2001).

[15] *Id*. at 201.

[16] *Camarillo v. McCarthy*, 998 F.2d 638, 640 (9th Cir. 1993).

established. Under such a system, courts would simply impose liability wherever the conduct complained of is determined to be a violation of those rights. Our law requires more. The Kubanyis must demonstrate that the right they are asserting is clearly established. In a recent case the Ninth Circuit has demonstrated that it is not:

> This appeal is before us on the grant of a summary judgment motion based on qualified immunity. While it is doubtful that Squaw Valley has established a substantive due process violation, even if it has, the contours of substantive due process in the context of regulating use of real property – to the extent that such a claim is still viable in this circuit – remain imprecise, i.e., not clearly established.[17]

## CONCLUSION

The court should deny the Kubanyis' cross motion for summary judgment.

DATED this 31st day of August, 2006 at Anchorage, Alaska.

        DAVID W. MÁRQUEZ
        ATTORNEY GENERAL

By:   s/ Venable Vermont, Jr.
       Assistant Attorney General
       Office of the Attorney General
       1031 W. 4th Ave., Ste. 200
       Anchorage, AK 99501
       Phone: (907) 269-5190
       Fax:   (907) 258-0760
       Venable_Vermont@law.state.ak.us
       TWC_ECF@law.state.ak.us
       Alaska Bar No. 8306067

---

[17]   *Squaw Valley*, 375 F.3d at 950.

This is to certify that on this date, a copy
of the foregoing Opposition to Cross
Motion for Summary Judgment is
being served electronically on:

**Michael J. Walleri**
walleri@gci.net; christen_woodward@yahoo.com

**Daniel T. Quinn**
dquinn@richmondquinn.com; cesary@richmondquinn.com

**Cory Borgeson, Esq.**
cborgeson@bnblaw.com; kday@bnblaw.com

**Eric P. Gillett**
egillett@pregodonnell.com; mmorgan@pregodonell.com

s/ Venable Vermont, Jr.  8/31/06