Eric P. Gillett, Esq.
Preg O'Donnell & Gillett PLLC
1800 Ninth Ave., Suite 1500
Seattle, WA 98101-1340
Phone: (206) 287-1775
Fax: (206) 287-9113

Honorable Ralph Beistline

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA AT FAIRBANKS

| | |
|---|---|
| DON M. KUBANYI, JIMMY KUBANYI, AILEEN WELTON, ELEZABETH TUZROYLUK, DORIS KUBANYI, VICTOR KUBANYI, BOBBY KUBANYI, and ARLETTE KUBANYI,<br><br>Plaintiff(s),<br><br>v.<br><br>GOLDEN VALLEY ELECTRIC ASSOCIATION, DAVE CRUZ, individually and d/b/a/ CRUZ CONSTRUCTION, BLACK & VECH CORPORATION, TROOPER JAKE COVEY AND TROOPER PATRICK NELSON, STATE OF ALASKA,<br><br>Defendant(s). | NO. F-04-0026 CIV<br><br>**DEFENDANT BLACK & VEATCH'S RESPONSE TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND RESPONSE TO PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT** |

PLAINTIFFS seeks to recover from Black & Veatch Corporation for alleged trespass by Cruz Construction, claiming that Black & Veatch had retained control over the work performed by Cruz Construction at Seven Mile Lake. However, Plaintiffs have failed to set forth any

DEFENDANT BLACK & VEATCH'S RESPONSE TO
PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT AND
RESPONSE TO PLAINTIFF'S CROSS MOTION FOR
SUMMARY JUDGMENT - 1
00567-4017 39308.doc

PREG O'DONNELL & GILLETT PLLC
1800 NINTH AVENUE, SUITE 1500
SEATTLE, WASHINGTON 98101-1340
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

1  evidence that Black & Veatch had control sufficient to impose liability, or that Black & Veatch
2  controlled any aspect of the work performed by Cruz Construction at the work site.

3       To successfully defeat a motion for summary judgment, it is necessary for the party
4  opposing the motion to set forth facts that it can produce admissible evidence to create material
5  issues of fact. Brook v. Rogers and Babler Company, 536 P 2nd 778, 782 (Alaska 1985). The
6  evidence must be probative, not just a mere scintilla of evidence, and irrelevant factual disputes
7  will not be considered. United Steel Workers of America v. Phelps Dodge Corp., 865 Fed. 2nd
8  1539, 1542 (Ninth Cir. 1989). The Plaintiffs have failed to set forth any specific facts or produce
9  admissible evidence to demonstrate that material issues of fact exist to defeat Black & Veatch's
10 motion for summary judgment. As such, Black & Veatch's summary judgment motion should be
11 granted, as a matter of law.

12      Black & Veatch filed its Motion for Summary Judgment requesting dismissal of all claims
13 for trespass, as there is no evidence that Black & Veatch employees trespassed upon the
14 Kubanyi property. Black & Veatch further requested dismissal, as it was hired as an
15 independent contractor for engineering services only, and had no control over the actions of
16 Cruz Construction, a subcontractor of Global Power Communications. Additionally, Black &
17 Veatch was hired by Global Valley Electric Association, and there were no contractual
18 agreements between Black & Veatch and Cruz Construction.

19      Employers of independent contractors generally owe no duty to the independent
20 contractor's employees, the only exception to the rule is where the employer retains control of
21 the independent contractor's work. Dahle v. Atlantic Richfield Company, 725 P2d 1068, 1072
22 (Alaska 1986). (Citing Restatement Second of Torts at 414 (1965). To determine whether any
23 exercise of control is present, both the contractual provisions and the actual exercise of control
24 must be examined. Moloso, 644 P2d at 211. Black & Veatch was hired by Global Valley

25

DEFENDANT BLACK & VEATCH'S RESPONSE TO
PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT AND
RESPONSE TO PLAINTIFF'S CROSS MOTION FOR
SUMMARY JUDGMENT - 2
00567-4017 39308.doc

**PREG O'DONNELL & GILLETT** PLLC
1800 NINTH AVENUE, SUITE 1500
SEATTLE, WASHINGTON 98101-1340
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

Electric Association as an independent contractor to perform engineering services for the Global Intertie Project. Cruz Constriction was hired by Global Power Communications, a completely different entity, and there was no contract between Black & Veatch and Cruz Construction. Nor did Black & Veatch have any control over the actions or day-to-day operations of Cruz Construction in any manner.

Alaska Courts have specifically stated that in order to determine if there was sufficient control to impose liability, the contractual provisions as well as the actual exercise of control must be examined. Morris v. City of Soldotna, 553 P 2d 474, 480 (1976). If a party assumes no affirmative duties and never directs the method of performance, this is insufficient control or supervision to attach liability. Molosso, 644 P 2d at 211. Secondly, for liability to attach there must be some type of active control related to some aspect of the work sufficient to establish liability. Sterud v. Cugach Elec. Association, 640 P 2d 823, 828 (Alaska 1982). The Court has gone so far as to provide that in order to attach liability, which is generally reserved only for employers, the employer must control the method of work in such a manner that the contractor is not entirely free to do the work in his own way. Hammond v. Bechtel Inc., 606 P 2d 1269, 1275 (Alaska 1980).

In Plaintiffs' Opposition to Defendants' Summary Judgment Motion, Kubanyi provides no evidence to establish that Black & Veatch had any control over the actions of Cruz Construction, but merely states "B & V may be liable for trespass upon the Kubanyi allotment." In fact, Plaintiff concedes that any theories of potential liability applicable to GVEA for liability purposes does not apply to Black & Veatch, as Kubanyi has no potential basis to attach liability to Black & Veatch, Plaintiff misquotes Cruz's deposition testimony, claming that Black & Veatch directed Cruz to take water from Seven Mile Lake. Plaintiffs contend Cruz testified that Jeff Jensen of Black & Veatch provided Cruz with the Temporary Water Use Permit, and selected the watering

DEFENDANT BLACK & VEATCH'S RESPONSE TO
PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT AND
RESPONSE TO PLAINTIFF'S CROSS MOTION FOR
SUMMARY JUDGMENT - 3
00567-4017 39308.doc

PREG O'DONNELL & GILLETT PLLC
1800 NINTH AVENUE, SUITE 1500
SEATTLE, WASHINGTON 98101-1340
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

1  spots to be used by Cruz to build the ice roads. (Plaintiffs' Opposition, pg. 36). However, this
2  misconstrues Cruz's testimony, as Cruz testified that Black & Veatch only applied for the water
3  permit, however, the State reviewed the application and made the final determination to issue
4  the water permit to Golden Valley Electric Association. *(Cruz Deposition, pg. 17, lns. 19-24).*
5  The Temporary Water Permit identified available water sources, not Black & Veatch. Mr. Cruz
6  actually testified that the State issued the permit, which identified potential water sources as
7  follows:

      <u>Question</u>:    Did Jeff tell you to go ahead and use the Seven Mile Lake, that it was o.k. to go ahead and use it?

      <u>Answer</u>:    He … Jeff didn't tell me it was a permitted water source.

      <u>Question</u>:    O.K. And how did you know that?

      <u>Answer</u>:    The State issued a permit to - - I believe to Golden Valley Electric that I had a copy of. It's called a TWUP, Temporary Water Use Permit, and it outlines lakes, unnamed lakes, streams, rivers. They have stipulations that along with it, what you can and can't do, how many - - some of them get very explicit on how many gallons you can extract.

*(Cruz Deposition, pg. 17, lns. 19-24)*

17  Based upon Cruz's deposition testimony, it is evident that the State reviewed the
18  application and issued the Temporary Water Permit to Golden Valley Electric Company. The
19  water permit identified the lakes and streams from which water could be extracted to make the
20  ice roads. The available water sources were listed on the Temporary Use Permit, which
21  identified the water sources and was issued by the State of Alaska, not Black & Veatch.
22  Mr. Cruz was questioned at his deposition as to whether anyone from Black & Veatch
23  instructed Cruz or his employees to trespass upon the Kubanyi property. Mr. Cruz emphatically

DEFENDANT BLACK & VEATCH'S RESPONSE TO
PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT AND
RESPONSE TO PLAINTIFF'S CROSS MOTION FOR
SUMMARY JUDGMENT - 4
00567-4017 39308.doc

**PREG O'DONNELL & GILLETT** PLLC
1800 NINTH AVENUE, SUITE 1500
SEATTLE, WASHINGTON 98101-1340
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

1  denied that any employee from Black & Veatch instructed Cruz or his employees to trespass on
2  the Kubanyi property at any time. (Cruz Deposition, pg. 58, lns. 12 - 22).
3    Plaintiffs have presented no evidence to suggest that Black and Veatch controlled the
4  actions of Cruz Construction, sufficient to withstand a summary judgment motion. There is no
5  evidence to establish that Black & Veatch had active control over Cruz Construction, or
6  instructed Cruz to trespass on the Kubanyi property located at Seven Mile Lake. Further,
7  Global Power and Communications hired Cruz Construction, not Black & Veatch. Global Power
8  and Communications oversaw the day-to-day operations of the project, not Black & Veatch.
9  The Temporary Water use Permit was issued to Golden Valley Electric Association, not Black &
10 Veatch.
11   Plaintiffs have not established any contractual control, or any degree of control retained
12 by Black & Veatch to defeat Defendants' Motion for Summary Judgment. As there is no
13 evidence to establish liability against Black & Veatch, it is requested that this Court dismiss all
14 Plaintiffs' claims against Black & Veatch, as a matter of law.

### BLACK & VEATCH'S REPLY TO PLAINTIFFS CROSS MOTION FOR SUMMARY JUDGMENT

17   Plaintiffs filed a Cross Motion for Summary Judgment which was combined with
18 Plaintiff's Opposition to four Summary Judgment Motions filed by each Defendant in this
19 litigation. Plaintiffs' contend that prior to any final determination on any summary judgment filed
20 on behalf of Defendants, it is necessary for the Court to address the issue as to whether the
21 right-of-way on the Rex Trial provides for direct legal access to Seven Mile Lake, or do portions
22 of the Kubanyi allotment stray outside of the Rex Trial right-of-way and lay between Rex Trial
23 and right-of-way and Seven Mile Lake. (Plaintiffs' Summary Judgment, pg. 23). Based upon

DEFENDANT BLACK & VEATCH'S RESPONSE TO
PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT AND
RESPONSE TO PLAINTIFF'S CROSS MOTION FOR
SUMMARY JUDGMENT - 5
00567-4017 39308.doc

**PREG O'DONNELL & GILLETT** PLLC
1800 NINTH AVENUE, SUITE 1500
SEATTLE, WASHINGTON 98101-1340
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

1  trespassed upon the Kubanyi property. However, whether or not Cruz trespassed on the Kubanyi property has no bearing as to whether Black & Veatch was responsible for Cruz's potential trespass nor does the Court's decision on this matter impact the Court's ability to grant Defendants' Motion for Summary Judgment.

As indicated above, Cruz Construction was hired by Global Power Communications and any contractual relations were between Global Power and Cruz Construction, not Black & Veatch. Black & Veatch was hired by Golden Valley Electric Association, a different entity, to perform engineering services. Black & Veacth had no control over the day-to-day operations of the Northern Intertie Project, and certainly had no retained control over Cruz Construction, Inc. As such, a possible trespass by Cruz Construction has no bearing on the outcome of this Court granting Black & Veatch's motion for summary judgment.

Based upon the foregoing, it is therefore requested that the Court dismiss Plaintiff's Cross Motion for Partial Summary Judgment against Black & Veatch as to alleged trespass claims. Plaintiffs already conceded there is no basis for maintaining any civil rights claims against Black & Veatch, and have agreed that all claims for civil rights against Black & Veatch should be dismissed.

DEFENDANT BLACK & VEATCH'S RESPONSE TO
PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT AND
RESPONSE TO PLAINTIFF'S CROSS MOTION FOR
SUMMARY JUDGMENT - 6
00567-4017 39308.doc

**PREG O'DONNELL & GILLETT** PLLC
1800 NINTH AVENUE, SUITE 1500
SEATTLE, WASHINGTON 98101-1340
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

1 | DATED this __1st__ day of September, 2006.

2 |                                         PREG O'DONNELL & GILLETT PLLC

4 |                                         By  /s/ Eric P. Gillett
                                            Eric P. Gillett, ABA 8611111
5 |                                         Preg O'Donnell & Gillett PLLC
                                            1800 Ninth Ave., Suite 1500
                                            Seattle, WA 98101-1340
6 |                                         egillett@pregodonnell.com
                                            P: 206-287-1775 F: 206-287-9113
7 |                                         Attorneys for Defendant Black & Veatch
                                            Corporation

DEFENDANT BLACK & VEATCH'S RESPONSE TO
PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT AND
RESPONSE TO PLAINTIFF'S CROSS MOTION FOR
SUMMARY JUDGMENT - 7
00567-4017 39308.doc

PREG O'DONNELL & GILLETT PLLC
1800 NINTH AVENUE, SUITE 1500
SEATTLE, WASHINGTON 98101-1340
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

# DECLARATION OF SERVICE

The undersigned certifies under penalty of perjury under the laws of the State of Washington that on this day the undersigned caused to be served in the manner indicated below a copy of:

1. ***Defendant Black & Veatch's Response to Plaintiffs' Opposition to Defendants' Motion for Summary Judgment and Response to Plaintiff's Cross Motion for Summary Judgment***;

directed to the following individuals:

**Counsel for Plaintiffs Don M. Kubanyi, Jimmy Kubanyi, et al.:**
Michael J. Walleri
Law Office of Michael J. Walleri
330 Wendell Street, Suite E
Fairbanks, AK 99701

\_\_\_ Via Messenger
_X_ Via Facsimile – (907) 452-4725
_X_ Via U.S. Mail, postage prepaid
\_\_\_ Via Overnight Mail, postage prepaid
\_\_\_ Via Email, with recipient's approval

**Counsel for Defendant Golden Valley Electric Association:**
Cory Borgeson, Esq.
Borgeson & Burns, P.C.
100 Cushman Street, Suite 311
Fairbanks, AK 99701

\_\_\_ Via Messenger
_X_ Via Facsimile – (907) 456-5055
_X_ Via U.S. Mail, postage prepaid
\_\_\_ Via Overnight Mail, postage prepaid
\_\_\_ Via Email, with recipient's approval

**Counsel for Defendants Trooper Jake Covey and Trooper Patrick Nelson:**
Venable Vermont, Jr., Esq.
Assistant Attorney General
State of Alaska
Department of Law
1031 West Fourth Avenue, Suite 20
Anchorage, AK 99501

\_\_\_ Via Messenger
_X_ Via Facsimile – (907) 258-0760
_X_ Via U.S. Mail, postage prepaid
\_\_\_ Via Overnight Mail, postage prepaid
\_\_\_ Via Email, with recipient's approval

**Counsel for Defendant/Third-party Plaintiff Dave Cruz, d/b/a Cruz Construction:**
Dan Quinn, Esq.
Law Offices of Richmond & Quinn
360 K Street, Suite 200
Anchorage, AK 99501-2038

\_\_\_ Via Messenger
_X_ Via Facsimile – (907) 276-2953
_X_ Via U.S. Mail, postage prepaid
\_\_\_ Via Overnight Mail, postage prepaid
\_\_\_ Via Email, with recipient's approval

DECLARATION OF SERVICE - 8
00567-4017 39308.doc

**PREG O'DONNELL & GILLETT** PLLC
1800 NINTH AVENUE, SUITE 1500
SEATTLE, WASHINGTON 98101-1340
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

1  DATED at Seattle, Washington, this 1st day of September, 2006.

2

3                                           PREG O'DONNELL & GILLETT PLLC

4     By  /s/ Eric P. Gillett
          Eric P. Gillett, ABA 8611111
5         Preg O'Donnell & Gillett PLLC
          1800 Ninth Ave., Suite 1500
6         Seattle, WA  98101-1340
          egillett@pregodonnell.com
7         P: 206-287-1775 F: 206-287-9113
      Attorneys for Defendant Black & Veatch
8     Corporation

DEFENDANT BLACK & VEATCH'S RESPONSE TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND RESPONSE TO PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT - 9
00567-4017 39308.doc

PREG O'DONNELL & GILLETT PLLC
1800 NINTH AVENUE, SUITE 1500
SEATTLE, WASHINGTON 98101-1340
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113