Daniel T. Quinn (8211141)
RICHMOND & QUINN
360 K Street, Suite 200
Anchorage, Alaska 99501
Phone: 276-5727
Fax:   276-2953
dquinn@richmondquinn.com

Attorneys for Defendants and Third-
Party Plaintiffs CRUZ CONST., INC.
and DAVE CRUZ, Individually

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DON M. KUBANYI, JIMMY KUBANYI,AILEEN WELTON, ELIZABETH TUZROYLUK, DORIS KUBANYI, VICTOR KUBANYI, BOBBY KUBANYI, and ARLETTE KUBANYI,<br><br>             Plaintiffs,<br><br>     v.<br><br>GOLDEN VALLEY ELECTRIC ASSOCIATION, DAVE CRUZ individually and d/b/a CRUZ CONSTRUCTION, BLACK & VECH CORPORATION, TROOPER JAKE COVEY AND TROOPER PATRICK NELSON, STATE OF ALASKA,<br><br>             Defendants. | Case No. 4:04-cv-26-RRB<br><br><br><br><br><br><br><br>**MEMORANDUM IN REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' AND THIRD-PARTY PLAINTIFFS' CRUZ CONSTRUCTION, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND MEMORANDUM IN OPPOSITION TO PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT** |

Defendants and third-party plaintiffs Dave Cruz and

Cruz Construction, Inc., (hereinafter Cruz or Cruz

defendants), by and through their attorneys, Richmond and

Quinn, oppose plaintiffs' cross-motion for summary judgment

and reply to plaintiffs' opposition to the Cruz defendants'
motion for partial summary judgment.

Three issues are at stake: (1) did the Cruz
defendants trespass on plaintiffs' allotment; (2) if a
trespass occurred were plaintiffs damaged; and (3) did the
Cruz defendants violate plaintiffs' civil rights under 42
U.S.C. § 1983?

**I.  DID THE CRUZ DEFENDANTS TRESPASS ON PLAINTIFFS' LAND?**

    **a.  Ordinary High Water Mark**

It is undisputed that the plaintiffs' allotment
surrounds but does not include Seven Mile Lake. The parties
further agree that the boundary of the lake is defined by its
"ordinary high water mark." The parties dispute, however,
whether the "ordinary high water-mark" of the lake overlaps
the Rex Trail. If the "ordinary high water-mark" of Seven
Mile Lake does in fact override the Rex Trail, then no
trespass occurred, because the Cruz defendants would have
immediately entered the lake at the moment they left Rex Trail
and never set foot on any portion plaintiffs' allotment not
subject to the trail's public easement.

MEMORANDUM IN REPLY TO PLAINTIFFS' OPPPOSITION TO DEFENDANTS' AND THIRD-
PARTY PLAINTIFS' CRUZ CONSTRUCTION, INC.'S MOTION FOR PARTIAL SUMMARY
JUDGMENT AND MEMORANDUM IN OPPOSITION TO PLAINTIFFS' CROSS-MOTION FOR
SUMMARY JUDGMENT

In <u>State of Alaska Dept. of Natural Resources v. Pankratz</u>, 538 P.2d 984 (Alaska, 1975), the Alaska Supreme Court defined "ordinary high water-mark" when considering the accretion of land in the Chena River. In <u>Pankratz</u>, the Court stated that the "high water mark is conterminous with the outer limits of the 'bed' of the river."   Id. at 988 (*citing* <u>Oklahoma v. Texas</u>, 260 U.S. 606, 632 (1923). The bed of the river is further defined as that land which is "'kept practically bare of vegetation by the wash of the waters of the river from year to year . . . although parts of it are left dry for months at a time.'"   <u>Pankratz</u> at 988 (*quoting* Oklahoma at 632) (emphasis added).

<u>Pankratz</u> noted further that the high water mark can be ascertained by examining a number of factors including: (1) shelving; (2) a change in the character of the soil; (3) the absence of litter; and (4) the destruction of terrestrial vegetation.   <u>Pankratz</u> at 989 (*citing* <u>Borough of Ford City v. United States</u>, 345 F.2d 645, 648-51(3rd Cir. 1965). If these factors cannot be ascertained, then the high water mark may be determined by applying the "vegetation test."

MEMORANDUM IN REPLY TO PLAINTIFFS' OPPPOSITION TO DEFENDANTS' AND THIRD-PARTY PLAINTIFS' CRUZ CONSTRUCTION, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND MEMORANDUM IN OPPOSITION TO PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT

<u>KUBANYI, ET AL. v. GVEA, ET AL.</u>, Case No. 4:04-cv-26
Page 3

Under the vegetation test, "the high water mark rests at the point below which the value of the soil for agricultural purposes has been destroyed. This does not mean that all vegetation is absent below the mark, but rather that **terrestrial vegetation will not grow there**." <u>Pankratz</u> at 989 (citations and footnotes omitted) (emphasis added). <u>See also</u> <u>United States v. Otley</u>, 127 F.2d 988, 1000 (9th Cir. 1942) ("The high water marks of **any lake** fluctuate with the waters of its supplying rivers and streams and with its evaporation. The 'ordinary high water mark' is a mean or average of these [fluctuations] . . . .") (emphasis added).

> **b.    Testimony Of Kubanyi And Cruz**

In this action, plaintiff Don Kubanyi acknowledged in his deposition that the southern end of Seven Mile Lake is swampy and the lake water regularly covers Rex Trail. Specifically, Mr. Kubanyi stated, "It's all swamp down here . . . I mean it's swamp . . . . There's water around there. . ... That's a swamp world down there. . . . It's a swamp." When asked if the lake got bigger and smaller at different times of the year, Mr. Kubanyi responded, "Yeah." When asked

MEMORANDUM IN REPLY TO PLAINTIFFS' OPPPOSITION TO DEFENDANTS' AND THIRD-PARTY PLAINTIFS' CRUZ CONSTRUCTION, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND MEMORANDUM IN OPPOSITION TO PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT

if the lake ever expanded and covered Rex Trail Mr. Kubanyi responded "Oh, yeah. . . . Yeah. I mean, yeah, it floods this area in here . . . ." (Deposition of Don Kubanyi, Exhibit 3 of Cruz Defendants' Motion for Partial Summary Judgment at 33, 34, 184).

Defendant Dave Cruz's deposition testimony is in accord with the testimony of Don Kubanyi. Cruz stated: "Well, the lake flows right into the trail and as you come by –as you come down the trail, you're running on ice for quite a ways there. . . . The lake comes right in the trail and you just turn and go right on the lake, right on the ice". (Deposition of Dave Cruz, Exhibit 4 of Cruz Defendants' Motion for Partial Summary Judgment at 15).

Given the testimony of plaintiff Kubanyi and defendant Cruz, it appears uncontroverted that the ordinary high water mark of Seven Mile Lake fluctuates over Rex Trail. At a minimum, that area is swampy for at least part of the year. It follows that even if the area is dry for much of the year, the ordinary high water mark of Seven Mile Lake includes Rex Trail. <u>Pankratz</u> at 988.

MEMORANDUM IN REPLY TO PLAINTIFFS' OPPPOSITION TO DEFENDANTS' AND THIRD-PARTY PLAINTIFS' CRUZ CONSTRUCTION, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND MEMORANDUM IN OPPOSITION TO PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT

In their cross motion for summary judgment, plaintiffs included photographic exhibits of Seven Mile Lake and Rex Trail.  Of particular significance is plaintiffs' Exhibit 2 at p.9.  This Exhibit is a May 17, 2002 aerial photograph of the southern shore of Seven Mile Lake.  The photograph clearly shows that, at a minimum, the high water mark of Seven Mile Lake abuts the edge of Rex Trail.  It also appears from the photograph that terrestrial vegetation, such as trees, does not grow in that portion of Seven Mile Lake. Close up photographs of the specific area also show that the point where Rex Trail meets Seven Mile Lake contains either no vegetation or grassy vegetation typical of swampy areas. (Plaintiffs' Exhibit 2 at p. 12).

### c.   Stalke Survey

Plaintiffs rely upon a survey conducted on March 28, 2006 by Eric Stalke, a surveyor employed by the Tanana Chiefs Conference. According to the Stalke survey, the distance from the northern edge of Rex Trail to the southern edge of the high water mark of Seven Mile Lake, as of March 28, 2006, was 43.7 feet.  As discussed below, this survey is suspect in

MEMORANDUM IN REPLY TO PLAINTIFFS' OPPPOSITION TO DEFENDANTS' AND THIRD-
PARTY PLAINTIFS' CRUZ CONSTRUCTION, INC.'S MOTION FOR PARTIAL SUMMARY
JUDGMENT AND MEMORANDUM IN OPPOSITION TO PLAINTIFFS' CROSS-MOTION FOR
SUMMARY JUDGMENT

KUBANYI, ET AL. v. GVEA, ET AL., Case No. 4:04-cv-26
Page 6

light of the conclusion reached by surveyor Patrick Kalen that ordinary high water of the lake overflows the Rex trail. Even assuming its accuracy, however, the Stalke survey is relevant only with respect to March 28, 2006. The survey does not establish the high water mark on March 1, 2003, the date of the alleged trespass. Moreover, the Stalke survey did not consider or discuss the testimony of plaintiff Don Kubanyi, quoted above, acknowledging that the lake regularly overflows the trail, or of Dave Cruz, establishing that the trail led directly to the lake at the time of the events underlying this litigation.

The Stalke survey, when considered in context with the other evidence, is at most useful in demonstrating the principle in Otley: high water marks "fluctuate." As noted above, both plaintiff Don Kubanyi and defendant Dave Cruz agree that at least during the time frame of the alleged trespass, March 1, 2003, the high water mark of the southern edge of Seven Mile Lake encompassed part of Rex Trail. The aerial photograph of May 17, 2002, supports their testimony. The Stalke survey (to the extent it is accurate) shows at most

MEMORANDUM IN REPLY TO PLAINTIFFS' OPPPOSITION TO DEFENDANTS' AND THIRD-PARTY PLAINTIFS' CRUZ CONSTRUCTION, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND MEMORANDUM IN OPPOSITION TO PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT

KUBANYI, ET AL. v. GVEA, ET AL., Case No. 4:04-cv-26
Page 7

that fours years later, the high water mark may have fluctuated to a different level.

Since the ordinary high water mark of Seven Mile Lake fluctuates, its 2003 level cannot be conclusively established by the Stalke survey. Rather, the most compelling evidence regarding the ordinary high water mark on March 1, 2003 is the depositions of Don Kubanyi and Dave Cruz. They agree that the ordinary high water mark of Seven Mile Lake, during the time period in question, fluctuated sufficiently to, at a minimum, abut Rex Trail. Therefore, the Cruz defendants did not trespass onto plaintiffs' allotment on March 1, 2003. Rather, they stepped off of the trail and onto the lake. No trespass occurred.

> **d.  Kalen Survey**

Moreover, another registered surveyor, Patrick Kalen, of Kalen and Associates, inspected the property with a survey crew on September 8 and 10, 2006, and reached a conclusion concerning the ordinary high water mark of Seven

MEMORANDUM IN REPLY TO PLAINTIFFS' OPPPOSITION TO DEFENDANTS' AND THIRD-PARTY PLAINTIFS' CRUZ CONSTRUCTION, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND MEMORANDUM IN OPPOSITION TO PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT

KUBANYI, ET AL. v. GVEA, ET AL., Case No. 4:04-cv-26
Page 8

Mile Lake contrary to the Stalke report.[1] Affidavit of Patrick Kalen, Exhibit 9. He concludes that "Seven Mile Lake merges with the Rex Trail right-of-way for about two hundred feet along the South side of the lake and some of the lake merges with the actual trail." Id.    Mr. Kalen's affidavit flatly contradicts the conclusion espoused by plaintiffs' retained surveyor, and conclusively undermines any suggestion that plaintiffs are entitled to summary judgment on the issue of trespass. As his affidavit indicates, Mr. Kalen is in the process of preparing a comprehensive survey report, which will be filed for the court's review upon completion.   Id.

The court may deny plaintiffs' cross motion for summary judgment on the trespass issue and enter summary judgment in favor of the Cruz defendants.  Should the court find that a genuine issue of material fact exists, however, the court may then consider the issue of damages.

## II.  IF A TRESPASS OCCURRED, WERE PLAINTIFFS DAMAGED?

Assuming a trespass occurred, the trespass was unintentional.  On March 1, 2003, the area in question was

---

[1] The Cruz defendants acknowledge and appreciate plaintiff Don Kubanyi's cooperation with the Kalen survey crew.

MEMORANDUM IN REPLY TO PLAINTIFFS' OPPPOSITION TO DEFENDANTS' AND THIRD-PARTY PLAINTIFS' CRUZ CONSTRUCTION, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND MEMORANDUM IN OPPOSITION TO PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT

KUBANYI, ET AL. v. GVEA, ET AL., Case No. 4:04-cv-26
Page 9

treeless, snow-covered, flat, and frozen. Any discernible boundary between the trail and the lake was obscured. Although "no trespassing" signs may have been posted on portions of the allotment, no such signs were posted in the swampy, albeit frozen, access to Seven Mile Lake. (See photographs in Plaintiffs' Motion at Exhibit 4 p. 1-13).

Significantly, the landowner himself was unsure of the boundary of his property – and in fact understood incorrectly that his property extended some distance into the lake. See Exhibit 10, Deposition of Don Kubanyi at: 149 ("I said it's hard to distinguish exactly where it's [property line on south side of lake] at. I mean it's just a swamp hole."); and 176-84 (could not accurately draw in property line on overhead Aeromap photo, [p.182]; property line "out in the water"; surveyors had hip boots when determining boundary [p.182]; lake regularly flooded over Rex Trail; property lines are "*in on this lake* away from this trail." [p.184] (emphasis added).

Additionally, the Cruz defendants left the trail and proceeded to the lake with first-hand understanding that the

MEMORANDUM IN REPLY TO PLAINTIFFS' OPPPOSITION TO DEFENDANTS' AND THIRD-PARTY PLAINTIFS' CRUZ CONSTRUCTION, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND MEMORANDUM IN OPPOSITION TO PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT

KUBANYI, ET AL. v. GVEA, ET AL., Case No. 4:04-cv-26
Page 10

trial intersected the lake at that point. (See Cruz deposition, Cruz Defendants' Motion for Summary Judgment, Exhibit 4 p. 15). And plaintiff Don Kubanyi himself acknowledged that the Cruz defendants genuinely believed that they had a right to enter the lake. Deposition of Don Kubanyi, Cruz Defendants' Motion for Summary Judgment, Exhibit 3 at 92. Under these facts, there can be no dispute that any trespass was unintentional.

On the issue of property damage, plaintiff Don Kubanyi further acknowledges that no physical damage was done to the property. When asked if the property was harmed, Don Kubanyi stated: "Right now, no. No, I would say there's – it's all frozen then . . . . They didn't cut any trees down. I mean there's a grassy spot, they got on there, but no, they didn't – – no, it was frozen . . . . They didn't destroy anything." Exhibit 3 to Cruz Defendants' Motion for partial Summary Judgment (Kubanyi Deposition at 122).

Given that the trespass (if any) was unintentional and no damage occurred on the property, plaintiffs can, at

MEMORANDUM IN REPLY TO PLAINTIFFS' OPPPOSITION TO DEFENDANTS' AND THIRD-PARTY PLAINTIFS' CRUZ CONSTRUCTION, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND MEMORANDUM IN OPPOSITION TO PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT

KUBANYI, ET AL. v. GVEA, ET AL., Case No. 4:04-cv-26
Page 11

best, recover nominal damages. Wernberg v. Matanuska Elec. Assoc., 494 P.2d 790 (Alaska 1972).

Plaintiffs argue that the trespass was intentional, but remain unable to point to any specific damage to their property. Virtually nothing except a few inches of snow was disturbed on the property. No road was cut; no trees were removed. No restoration of the property was required after the alleged "trespass" abated. No diminution in value of the property occurred in any respect. Plaintiffs refer to a footnote in Chenega Corp. v. Exxon Corp., 91 P.2d 769, 793 n.97 (Alaska 1999) in support of their argument. Each of the cases in that footnote, however, support the proposition that the measure of damages in a trespass action is the diminution in the rental or useable value of the property at the time of the injury. None of the cases support the proposition that damages may be awarded where no damages occurred.

Plaintiffs also argue that this case is actually a "resource conversion" case. Yet resource conversion cases require something of value, such as oil or timber, to be extracted from the land upon which the trespass occurred. See

MEMORANDUM IN REPLY TO PLAINTIFFS' OPPPOSITION TO DEFENDANTS' AND THIRD-PARTY PLAINTIFS' CRUZ CONSTRUCTION, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND MEMORANDUM IN OPPOSITION TO PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT

KUBANYI, ET AL. v. GVEA, ET AL., Case No. 4:04-cv-26
Page 12

<u>Chanslor-Canfeld Midway Oil co. v. United States</u>, 266 F.145 (9th Cir. 1920). Plaintiffs fail, however, to argue that any resource was taken from the land in question. Rather, Cruz Construction took water from the lake **not owned by plaintiffs – for one day.** When no resources are extracted from the land on which a trespass occurred, any "resource conversion" measure of damages, such as profitability, are inapplicable. <u>State of Alaska v. 13.90 Acres of Land</u>, 625 F.Supp 1315, 1321 (D. Alaska 1985), *citing* <u>Triple Elkhorn Mining Co. v. Anderson</u>, 646 S.W.2d 725, 726 (Ky. 1983)(rejecting "unjust enrichment" claim).

Plaintiffs argue that the damages may be measured by the savings to defendant Golden Value Electric Association from not having to relocate its operation to a different site on Seven Mile Lake. The cost to GVEA, however, does not translate to damages to plaintiffs. Under established case law, plaintiffs simply cannot recover damages in trespass where no diminution of the value of the property occurred. Moreover, after this incident, Cruz Construction **did** relocate to a more distant water source, at greater expense to Golden

MEMORANDUM IN REPLY TO PLAINTIFFS' OPPPOSITION TO DEFENDANTS' AND THIRD-PARTY PLAINTIFS' CRUZ CONSTRUCTION, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND MEMORANDUM IN OPPOSITION TO PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT

<u>KUBANYI, ET AL. v. GVEA, ET AL.</u>, Case No. 4:04-cv-26
Page 13

Valley; thus, Golden Valley realized no savings because they moved elsewhere in light of the potentially dangerous conflict with Mr. Kubanyi. Exhibit 11, Deposition of Dave Cruz at 55-56. Plaintiffs' efforts to recover damages measured by *savings* to GVEA occasioned by alleged use of their property rings hollow when the defendants were forced, by plaintiffs' own conduct, to incur *greater* expense by moving operations elsewhere.

Even assuming a trespass, plaintiffs are entitled to at most nothing more than nominal damages. The court may properly enter summary judgment in favor of the Cruz defendants on the damages issue. Plaintiffs' cross motion or summary judgment should be denied.

### III. DID THE CRUZ DEFENDANTS VIOLATE PLAINTIFFS' CIVIL RIGHTS UNDER 42 U.S.C. SEC. 1983?

Finally, plaintiffs argue that the Cruz defendants violated his civil rights under 42 U.S.C. § 1983.

This argument is tenable only if (1) the state troopers who arrested Don Kubanyi violated his civil rights; and (2) if the Cruz defendants willfully participated in a joint action with the troopers. The troopers, however, used

MEMORANDUM IN REPLY TO PLAINTIFFS' OPPPOSITION TO DEFENDANTS' AND THIRD-PARTY PLAINTIFS' CRUZ CONSTRUCTION, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND MEMORANDUM IN OPPOSITION TO PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT

KUBANYI, ET AL. v. GVEA, ET AL., Case No. 4:04-cv-26
Page 14

reasonable force under the circumstances and are protected by qualified immunity.  <u>See</u> <u>Trevino v. Gates</u>, 99 F.3d 911 (9th Cir. 1996).  <u>See</u> <u>also</u> the Troopers' pending Motion for Summary Judgment.  Thus, neither the troopers nor the Cruz defendants violated plaintiffs' civil rights.

Even if the troopers are not protected by qualified immunity and are somehow found to have violated plaintiffs' civil rights, the Cruz defendants would bear no such liability.  As private parties, the Cruz defendants would be liable in a section 1983 claim only if they were "willful participant[s] in a join action with the State or its agents." <u>Kirtley v. Rainey</u>, 326 F.3d 1088, 1092 (9th Cir. 2003) (*quoting* <u>Dennis v. Sparks</u>, 49 U.S. 24, 27 (1980).  A private actor can be held liable for a constitutional violation only if "there is such a close nexus between the State and the challenged action that seemingly private behavior may fairly be treated as that of the State itself." <u>Single Moms, Inc. v. Montana Power Co.</u>, 331 F.3d 743, 747 (9th Cir. 2003) *quoting* <u>Brentwood Academy v. Tenn. Secondary Sch. Athletic Ass'n.</u>, 591 U.S. 288, 295, 121 Sec. 924, 148 L.Ed.2d 807 (2002).

MEMORANDUM IN REPLY TO PLAINTIFFS' OPPPOSITION TO DEFENDANTS' AND THIRD-PARTY PLAINTIFS' CRUZ CONSTRUCTION, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND MEMORANDUM IN OPPOSITION TO PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT

Plaintiffs, however, are unable to point to a single authority which suggests that where a citizen fears a life-threatening altercation with an intoxicated individual, summons the troopers, identifies the intoxicated individual to the troopers, and then "takes cover" as the Troopers address the situation, he has somehow willfully participated in a joint action with the State. (Cruz Deposition, Exhibit 11 at 22-35). See Peng v. Mei Chin Ponghu, 335 F.3d 970, 980 (9th Cir. 2003)(request for police assistance leading to arrest insufficient to support § 1883 claim against private actor); Daniel v. Ferguson, 839 F.2d 1124, 1130 (5th Cir. 1988)(execution of sworn complaint by private party, leading to arrest, not sufficient for "state action); Johnson v. Miller, 680 F.2d 39, 40 (7th Cir. 1982) ("To file a criminal complaint with the police is the act of a private citizen."); Serbaluk v. Gray, 27 F. Supp.2d 127, 132-33 (N.D.N.Y. 1998)(neighbor's complaint to town officials concerning non-conforming septic system, leading to investigation by town on property, resistance by owner, and arrest for criminal mischief, was not under color of state law). Plaintiffs'

MEMORANDUM IN REPLY TO PLAINTIFFS' OPPPOSITION TO DEFENDANTS' AND THIRD-PARTY PLAINTIFS' CRUZ CONSTRUCTION, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND MEMORANDUM IN OPPOSITION TO PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT

KUBANYI, ET AL. v. GVEA, ET AL., Case No. 4:04-cv-26
Page 16

argument that the Cruz defendants violated their civil rights is utterly unfounded.

Moreover, plaintiffs' suggestion that the Cruz defendants violated constitutional property rights fails for the additional reason that substantive constitutional protections do not extend to economic property rights. See Nelson and Covey's Opposition to Kubanyi's Cross Motion for Summary Judgment at 4-5, citing Nunez v. City of Los Angeles 147 F.2d 867, 871 n.4 (9th Cir. 1988).

The court may properly grant the Cruz defendants' motion for summary judgment and deny plaintiffs' cross motion on this issue.

## IV.   CONCLUSION

For the reasons outlined more fully above, the Cruz defendants respectfully request this court to enter summary

MEMORANDUM IN REPLY TO PLAINTIFFS' OPPPOSITION TO DEFENDANTS' AND THIRD-PARTY PLAINTIFS' CRUZ CONSTRUCTION, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND MEMORANDUM IN OPPOSITION TO PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT

KUBANYI, ET AL. v. GVEA, ET AL., Case No. 4:04-cv-26
Page 17

judgment in their favor and against the plaintiffs on all issues.

DATED this __19th__ day of September, 2006, at Anchorage, Alaska.

RICHMOND & QUINN
Attorneys for Defendants Dave
Cruz individually, and d/b/a
Cruz Construction, Inc.

By:  _____s/Daniel T. Quinn_____
        RICHMOND & QUINN
        360 K Street, Suite 200
        Anchorage, AK  99501
        Ph:  907-276-5727
        Fax:  907-276-2953
        dquinn@richmondquinn.com
        ABA #8211141

MEMORANDUM IN REPLY TO PLAINTIFFS' OPPPOSITION TO DEFENDANTS' AND THIRD-
PARTY PLAINTIFS' CRUZ CONSTRUCTION, INC.'S MOTION FOR PARTIAL SUMMARY
JUDGMENT AND MEMORANDUM IN OPPOSITION TO PLAINTIFFS' CROSS-MOTION FOR
SUMMARY JUDGMENT

KUBANYI, ET AL. v. GVEA, ET AL., Case No. 4:04-cv-26
Page 18

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically served this  _19th_  day of September, 2006 on:

Michael J. Walleri                    Cory Borgeson
WALLERI LAW OFFICES                   BORGESON & BURNS, PC
330 Wendell St., Suite E              100 Cushman, Suite 311
Fairbanks, AK 99701                   Fairbanks, AK 99701


David D. Floerchinger
ASSISTANT ATTORNEY GENERAL            Eric Gillett
STATE OF ALASKA                       PREG, O'DONNELL & GILLETT
1031 W. 4th Ave., Suite 200           1800 9th Ave., Ste. 1500
Anchorage, AK 99501                   Seattle, WA 98101



_____s/Daniel T. Quinn_____
       RICHMOND & QUINN


2073\038\pld\MSJ - REPLY 9-5-06

MEMORANDUM IN REPLY TO PLAINTIFFS' OPPPOSITION TO DEFENDANTS' AND THIRD-PARTY PLAINTIFS' CRUZ CONSTRUCTION, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND MEMORANDUM IN OPPOSITION TO PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT