Borgeson & Burns, PC
100 Cushman Street, Suite 311
Fairbanks, AK 99701
(907) 452-1666
(907) 456-5055 – facsimile

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| Don M. Kubanyi, Jimmy Kubanyi, Aileen Welton, Elizabeth Tuzroyluk, Doris Kubanyi, Victor Kubanyi, Bobby Kubanyi, Arlette Kubanyi and, Brian Baggett,<br><br>     Plaintiffs,<br><br>vs.<br><br>Golden Valley Electric Association, Dave Cruz, individually and d/b/a Cruz Construction, Black & Veatch Corporation, Jake Covey and Patrick Nelson,<br><br>     Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Case No. 4:04-CV-0026 RRB

### GVEA'S OPPOSITION TO PLAINTIFFS' CROSS MOTION FOR SUMMARY JUDGMENT AND REPLY TO PLAINTIFFS' OPPOSITION TO GVEA'S MOTION FOR SUMMARY JUDGMENT

COMES NOW Defendant Golden Valley Electric Association, Inc., ("GVEA"), by and through its counsel of record, the law firm of Borgeson & Burns, PC, and pursuant to Alas. R. Civ. P. 56, hereby opposes Plaintiffs' Motion for Summary Judgment[1] and Replies to Plaintiffs' Opposition to GVEA's Motion for Summary Judgment based on the following:

---

[1] Plaintiffs' Motion for Summary Judgment is not timely filed. The deadline for filing dispositive motions according to this Court's Scheduling & Planning Order of May 16, 2005,

**GVEA'S OPPOSITION TO PLAINTIFFS' CROSS MOTION FOR SUMMARY JUDGMENT**
**Case No.: 4:04-CV-0026 RRB**
Page 1 of 20

## I.   INTRODUCTION

GVEA is not liable to Plaintiffs for any of their claims under any theory Plaintiffs allege. The facts and law support GVEA's Motion for Summary Judgment. GVEA had no involvement in any of the events and circumstances upon which Plaintiffs base their Complaint. Additionally, Plaintiffs do not own the land onto which they claim Cruz Construction, Inc., workers trespasses.

Four of the Defendants in this case are the owners, contractors, and subcontractors who worked on the Northern Intertie Project across the Tanana Flats.[2] Plaintiffs are owners of a Native Allotment of land ("Allotment") which partially surrounds Seven Mile Lake.[3] The Allotment includes an easement granting "[t]he continued right of public access along the non-exclusive use Rex to Bonnifield Trail not to exceed 50 feet in width."[4] Plaintiffs claim the Allotment includes a piece of land between the Rex Trail and Seven Mile Lake upon which subcontractors entered to pump water from the Seven Mile Lake.[5] Plaintiffs allege subcontracted workers trespassed onto Plaintiffs' property and caused civil rights violations actionable under 42 U.S.C. 1983.[6] In actuality, the Rex Trial intersects the ordinary high water mark of Seven

---

was May 10, 2006. Plaintiffs filed their Summary Judgment Motion on June 3, 2006, approximately seven weeks after the deadline passed.

[2] The other two Defendants, Jake Covey and Patrick Nelson, are police officers Cruz Construction workers called to the scene of the incident. Plaintiffs' claims against these officers are completely unrelated to Plaintiffs' claims against GVEA.

[3] A true and correct copy of United States Department of the Interior Bureau of Land Management Native Allotment Certificate 50-93-0056 (Exhibit "GVEA-A").

[4] Id.

[5] See Plaintiffs' Amended Complaint (First), ¶ 18 (Exhibit "GVEA-I").

[6] See Plaintiffs' Amended Complaint (First), ¶ 25 and ¶¶ 39-46 (Exhibit "GVEA-I").

Mile Lake. Plaintiffs do not have an exclusive right to use of the water of Seven Mile Lake and do not have a right of title to the land below the ordinary high water mark of Seven Mile Lake.[7]

GVEA moved this Court for Summary Judgment on Plaintiffs' Trespass claim against GVEA on the grounds GVEA is not liable for the tortious acts of independent contractors.[8] GVEA did not address Plaintiffs' claim under 42 U.S.C. 1983 because Plaintiffs did not allege against GVEA any of the requisite elements of a 42 U.S.C. 1983.[9]

Plaintiffs filed a combined Opposition to Defendants' Motions for Summary Judgment and Cross-Motion for Partial Summary Judgment on July 3, 2006 seeking determinations by this Court on eight (8) issues involving GVEA and the other Defendants. With respect to Defendant GVEA, Plaintiffs ask this Court to determine: "GVEA is liable for the 2002 and/or 2003 trespasses," and "GVEA is liable under § 1983." [10] GVEA requests this Court enter summary judgment in favor of GVEA on both claims and requests this Court dismiss the claims against GVEA with prejudice.

Plaintiffs' also ask this Court for summary judgment that the right of way for the Rex Trail does not provide direct legal public access to Seven Mile Lake. GVEA disputes this claim

---

[7] AS 38.05.126(c), regarding navigable and public water, states: "Ownership of land bordering navigable or public water does not grant an exclusive right to the use of the water and a right of title to the land below the ordinary high water mark is subject to the rights of the people of the state to use and have access to the water for recreational purposes or other public purposes for which the water is used or capable of being used consistent with the public trust."

[8] See GVEA's Motion for Summary Judgment on file with this Court.

[9] Plaintiffs admit in their Memorandum in Opposition to Defendants' Motion for Summary Judgment and in Support of Plaintiffs' Motion Cross Motion for Partial Summary Judgment ("Plaintiffs' S.J. Memorandum") that as to the 1983 claim, "the complaint is somewhat ambiguous with regard to the theory of liability and the allegation of claims between Plaintiffs and Defendants." (See Plaintiffs' S.J. Memorandum, Section V., Page 41 of 50).

[10] See Plaintiffs' Motion Cross Motion for Partial Summary Judgment Nos. 4 and 8.

and contends the Rex Trail *does* provide direct legal public access to Seven Mile Lake. Genuine issues of material fact exist as to whether Plaintiffs own the land on which their trespass claim is based.

## II.   FACTS

GVEA was the owner of the Northern Intertie Project ("Project"). In preparation for the Project, GVEA obtained the necessary Land and Water Use permits. In March of 1999, the State of Alaska, Department of Natural Resources, Division of Land, issued GVEA a Land Use Permit (Serial Number 415854).[11] In July 1999, the United States Department of the Interior, Bureau of Land Management, issued GVEA a Right-of-Way Grant/Temporary Use Permit (Serial Number FF-091732).[12] In January 2002, the Alaska Department of Natural Resources, Water Resources Section, issued GVEA a Temporary Water Use Authorization (Number TWUP A2001-118).[13]

These permits authorized the extraction of water from Seven Mile Lake and from several other water sources for use in constructing and maintaining an ice road necessary to the Project. This ends GVEA's involvement in the incident on which Plaintiffs base their Complaint.

Other than obtaining the necessary permits, GVEA had absolutely no involvement in any of the events Plaintiffs allege. In 2001, GVEA awarded the construction contract for the Project to Global Power and Communication, Inc. ("Global")[14], who independently sub-contracted with Defendant Cruz Construction ("Cruz") to build an ice road necessary for the completion of the

---

[11] A true and correct copy of the Land Use Permit (Exhibit "GVEA-B").

[12] A true and correct copy of the Right-of-Way Grant/Temporary Use Permit (Exhibit "GVEA-C").

[13] A true and correct copy of the Temporary Water Use Authorization (Exhibit "GVEA-D").

[14] A true and correct copy of the Contract (Exhibit "GVEA-E").

GVEA'S OPPOSITION TO PLAINTIFFS' CROSS MOTION FOR SUMMARY JUDGMENT
Case No.: 4:04-CV-0026 RRB
Page 4 of 20

Project.[15] GVEA did not have any contract with Cruz on the date of the events Plaintiffs' allege in their Amended Complaint.[16] GVEA did not authorize, order, compel, instruct or otherwise cause Cruz to enter Plaintiffs' land to pump water from Seven Mile Lake.[17] In fact, GVEA was not aware Cruz entered Plaintiffs' land.[18] The Rex Trail provides public access to Seven Mile Lake.[19] Plaintiffs have no claim to the land from the Rex Trail to Seven Mile Lake because that land is below the ordinary high water mark.[20]

The incident Plaintiff alleges as the subject of this lawsuit occurred on or about March 1, 2003 between several Cruz Construction, Inc., ("Cruz") workers, State Troopers Jake Covey and Patrick Nelson, and Plaintiffs Don Kubanyi ("Kubanyi") and Brian Baggett ("Baggett").[21] Kubanyi alleges Cruz workers trespassed onto property owned by Kubanyi's family.[22] Kubanyi admitted he was intoxicated[23] and admitted he threatened to use a gun against Cruz workers' vehicles if they did not cease their work.[24] The Cruz workers left the area, relayed the threats to

---

[15] A true and correct copy of Agreement to Subcontract (Exhibit "GVEA-F").

[16] See Affidavit of Gregory E. Wyman, ¶ 6 (Exhibit "GVEA-G").

[17] See Affidavit of Gregory E. Wyman, ¶¶ 8-14 (Exhibit "GVEA-G").

[18] Id.

[19] See Affidavit of Patrick Kalen, P.L.S., ¶ 6, (Exhibit "GVEA-H").

[20] AS 38.05.126(c).

[21] See Plaintiffs' Amended Complaint (First ), ¶¶ 24-25, (Exhibit "GVEA-I").

[22] See Plaintiffs' Amended Complaint (First ), ¶ 26, (Exhibit "GVEA-I").

[23] See Don Kubanyi Deposition, Page 101, Lines 3-4, Page 109, Lines 7-8, (Exhibit "GVEA-J").

[24] See Don Kubanyi Deposition, Page 88, Line 13, (Exhibit "GVEA-J").

Mr. Dave Cruz ("Mr. Cruz") and Mr. Cruz contacted the State Troopers.[25] When the Troopers arrived, Kubanyi was belligerent and refused to cooperate.[26] Kubanyi punched Trooper Nelson in the face and resisted the Troopers' attempts to arrest him.[27] Finally, the Troopers used a Taser and pepper spray to subdue Kubanyi and arrest him.[28] GVEA was neither involved in nor aware of any of these occurrences.

### III.    STANDARD OF REVIEW

Fed. R. Civ. P 56(c) provides that summary judgment should be granted if there is no genuine dispute as to material facts and if the moving party is entitled to judgment as a matter of law. The moving party has the burden of showing that there is no genuine dispute as to material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). The moving party need not present evidence; it need only point out the lack of any genuine dispute as to material fact. *Id.,* 477 U.S. at 323-325. Once the moving party has met this burden, the non-moving party must set forth evidence of specific facts showing the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-49 (1986). All evidence presented by the non-movant must be believed for purposes of summary judgment, and all justifiable inferences must be drawn in favor of the non-movant. *Id.,* 477 U.S. at 255. However, the non-moving party may not rest upon mere allegations or denials, but must show that there is sufficient evidence supporting the

---

[25] See Dave Cruz Deposition, Page 30, Lines 4-24, (Exhibit "GVEA-K").

[26] See Jacob Covey Deposition, Pages 30, Lines13-25, Page 31, Lines 1-11 (Exhibit "GVEA-L"); Patrick Nelson Deposition, Page 43, Lines 16-20, (Exhibit "GVEA-M").

[27] See Jacob Covey Deposition, Page 31, Lines 7-8 (Exhibit "GVEA-L"); Dave Cruz Deposition, Page 33, Lines 21-22 (Exhibit "GVEA-K"); Patrick Nelson Deposition, Page 51, Lines 22-23 (Exhibit "GVEA-M").

[28] See Jacob Covey Deposition, Page 31, Line 24 (Exhibit "GVEA-L").

claimed factual dispute to require a fact-finder to resolve the parties' differing versions of the truth at trial. *Id.,* 477. U.S. at 248-9.

In this case, the parties have submitted cross motions for summary judgment. "When parties submit cross-motions for summary judgment, "[e]ach motion must be considered on its own merits." *Fair Housing Council of Riverside County, Inc. v. Riverside,* 249 F.3d 1132, 1135 (9th Cir. 2001). [29] "The court must rule on each party's motion on an individual and separate basis, determining, for each side, whether a judgment may be entered in accordance with the Rule 56 standard." *Id.*[30]

No genuine factual issues exist on the matter of GVEA's liability to Plaintiffs for trespass or under 42 U.S.C. § 1983. Therefore, this Court should grant GVEA's motion for summary judgment and dismiss with prejudice Plaintiffs' claims against GVEA. For the same reason, this Court should deny Plaintiffs' motion for summary judgment on the claims as to GVEA.

### IV.   ARGUMENTS

**A. No trespass occurred because Plaintiffs do not own the land between the Rex Trail and Seven Mile Lake onto which Cruz workers entered.**

Plaintiffs allege they own the portion on land between the Rex Trail and Seven Mile Lake onto which Cruz workers entered. Plaintiffs are incorrect. The land in question is not owned by Plaintiffs. It is merely held by Plaintiffs in public trust for the people of Alaska.

AS 38.05.126(c), regarding navigable and public water, states: "Ownership of land bordering navigable or public water does not grant an exclusive right to the use of the water and a right of title to the land below the ordinary high water mark is subject to the rights of the

---

[29] Citing William W. Schwarzer, et al., *The Analysis and Decision of Summary Judgment Motions,* 139 F.R.D. 441, 499 (Feb.1992).

[30] Citing Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2720, at 335-36 (3d ed.1998).

people of the state to use and have access to the water for recreational purposes or other public purposes for which the water is used or capable of being used consistent with the public trust."

AS 41.17.950 (15) states: "'[O]rdinary high water mark' means the mark along the bank or shore up to which the presence and action of the tidal or nontidal water are so common and usual, and so long continued in all ordinary years, as to leave a natural line impressed on the bank or shore and indicated by erosion, shelving, changes in soil characteristic, destruction of terrestrial vegetation, or other distinctive physical characteristics."

The Rex Trail intersects the ordinary high water mark of Seven Mile Lake.[31] Therefore, Plaintiffs may not exclude Cruz workers, or any other person of the State of Alaska, from entering from the Rex Trail onto land below the ordinary high water mark for the public purposed of having access to the water of Seven Mile Lake.

Genuine issues of material fact exist as to whether Plaintiffs have an exclusive right of title to the land between the Rex Trail and Seven Mile Lake. GVEA contends the Rex Trail does provide direct legal public access to Seven Mile Lake. Therefore, summary judgment on that issue is not appropriate. Plaintiffs' part (1) of their Cross Motion for Summary Judgment must be denied.

### B. *Plaintiffs have not alleged facts sufficient to support a claim for trespass as against GVEA.*

Plaintiffs have not alleged or produced any facts sufficient to support a claim for trespass against GVEA. Plaintiffs claim GVEA is liable for trespass upon the Allotment under four theories. Neither facts nor law supports any of Plaintiffs' four theories.

---

[31] See Affidavit of Patrick Kalen, P.L.S., ¶ 6, (Exhibit "GVEA-H").

### i. No evidence shows GVEA controlled Cruz's alleged entry on Plaintiffs' land.

Plaintiffs admit no GVEA employee entered Plaintiffs' property. Plaintiffs' allege that Cruz workers entered the property and attempt to impose liability on GVEA for the Cruz workers' alleged entry. Generally, an employer of an independent contractor is not liable for its torts. See *Matanuska Electric Association, Inc. v. Johnson*, 386 P. 2d 689 (Alaska 1963). Cruz workers were at all times independent contractors hired by Global. GVEA did not employ Cruz workers and is not liable for Cruz workers' alleged torts.

Plaintiffs have not alleged any facts showing Cruz workers were employees of GVEA. GVEA contracted with Global, and Global contracted with Cruz. GVEA had absolutely no control over Cruz workers that would evidence any employment relationship. Furthermore, If Cruz workers entered the Allotment, GVEA did not have any control over their entry. As stated above, no contract for services existed between GVEA and Cruz at the time of the alleged trespass. On the contrary, Plaintiffs admit that Cruz had a contract only with Global at the time of the incident. Cruz workers are clearly independent contractors working pursuant to Cruz's contract with Global, and not with GVEA.

Plaintiffs have not alleged any facts showing GVEA exercised any control over Cruz workers' drawing water, except to state GVEA held the TWUP. The mere holding of a permit does not create an employment between GVEA and Cruz workers for the purpose of defeating Cruz workers' independent contractor status.

Under the "independent contractor rule" the doctrine of respondeat superior does not apply to acts of independent contractors: "Because such an employer normally does not control the work of the independent contractor, he is not held liable for the torts of the contractor and its employees." *Parker Drilling Co. v. O'Neill*, 674 P.2d 770, 775 (Alaska 1983).

Some factors to be applied to determine whether a worker is an employee or independent contractor are: (1) existence of contract for performance by person of certain piece or kind of work at fixed price; (2) independent nature of his business or his distinct calling; (3) his employment of assistants with right to supervise their activities; (4) his obligation to furnish necessary tools, supplies, and materials; (5) his right to control progress of work except as to final results; (6) time for which workman is employed; (7) method of payment, whether by time or by job; (8) whether work is part of regular business of employer. *Parker,* 674 P.2d at 775; *Community for Creative Non-Violence v. Reid,* 490 U.S. 730, 752-53, 109 S.Ct. 2166, 104 L.Ed.2d 811 (1989);[32] *Taylor v. Kennedy,* 1998 ME 234, 719 A.2d 525 (Me. 1998).

First, Plaintiffs do not allege the existence of contract for performance by person of certain piece or kind of work at fixed price. In fact, Plaintiffs admit GVEA contracted with Cruz in 2002, and not 2003, to clear right-of-way for the Intertie Project.[33] Plaintiffs also admit GVEA contracted with Global and *did not* have a contract with Cruz for the construction and maintenance of the ice road in 2003, at the time of the alleged incident.[34]

---

[32] In *Community for Creative Non-Violence v. Reid,* 490 U.S. 730, 752-53, 109 S.Ct. 2166, 104 L.Ed.2d 811 (1989), the court held a sculptor was an independent contractor because "Reid is a sculptor, a skilled occupation. Reid supplied his own tools. He worked in his own studio in Baltimore, making daily supervision of his activities from Washington practically impossible. Reid was retained for less than two months, a relatively short period of time. During and after this time, CCNV had no right to assign additional projects to Reid. Apart from the deadline for completing the sculpture, Reid had absolute freedom to decide when and how long to work. CCNV paid Reid $15,000, a sum dependent on 'completion of a specific job, a method by which independent contractors are often compensated.' Reid had total discretion in hiring and paying assistants. 'Creating sculptures was hardly 'regular business' for CCNV.' Finally, CCNV did not pay payroll or Social Security taxes, provide any employee benefits, or contribute to unemployment insurance or workers' compensation funds."

[33] Plaintiffs' S.J. Memorandum, Section I. b., Page 6 of 50.

[34] Id.

Second, GVEA is not in the business of constructing ice roads. That job is the independent nature of Cruz's business, Cruz's distinct calling. GVEA did not supervise, oversee, monitor or in any way control Cruz employees in constructing the ice road.

Third, GVEA did not employ assistants with the right to supervise Cruz workers activities. Plaintiffs admit "it is true that GVEA employees were not present on the night of March 1, 2006."[35] Cruz had its own supervisors. Plaintiffs do not allege any GVEA employees entered the allotment. No facts support Plaintiffs' allegation that GVEA is responsible for supervising CRUZ employees if they entered the allotment.

Fourth, GVEA was not obliged to furnish Cruz with the necessary tools, supplies, and materials for constructing the ice road. Cruz used its own tools, supplies, and materials.

Fifth, GVEA retained no right to control progress of work except as to final results of the Intertie Project. The progress and construction of the ice road, although important to the project, were not parts of the project over which GVEA exercised any control. And, the construction of the ice road was certainly not the final product of the Intertie Project.

Sixth, GVEA did not employ any Cruz workers for any amount of time. GVEA contracted with Global, not with Cruz. GVEA had no control over the time for which CRUZ workers were employed.

Seventh, again, GVEA did not control the method of payment for Cruz workers. GVEA contracted with Global by the job, not by time. Global contracted with Cruz, presumably by the job.

---

[35] Plaintiffs' S.J. Memorandum, Section V. a.iii, Page 46 of 50.

**GVEA'S OPPOSITION TO PLAINTIFFS' CROSS MOTION FOR SUMMARY JUDGMENT**
**Case No.: 4:04-CV-0026 RRB**
**Page 11 of 20**

Eighth and finally, as stated above, building ice roads is not a part of GVEA's regular business. Global contracted with Cruz to build the ice roads. Cruz built the ice roads with no input and no oversight from GVEA.

No genuine issues of material facts exist as to GVEA's lack of control over Cruz workers. No genuine issues of material fact exist as to Cruz workers' status as independent contractors. GVEA is not liable for Cruz workers' alleged torts because, under the general rule, one is not liable for the torts of independent contractors if one neither knows nor should have known the independent contractor would trespass on the property of another.[36]

### ii. Conventional Principals of trespass liability exculpate GVEA.

GVEA and Plaintiffs agree the majority rule applicable to this case is the *Restatement (Second) of Torts,* section, 427(B) stating: "One who employs an independent contractor to do work which the employer *knows or has reason to know* to be likely to involve a trespass upon the land of another . . . is subject to liability for harm resulting to others from such trespass." [37]

GVEA was not an employer in control of Cruz's alleged entry onto the Allotment. Moreover, GVEA was not on actual or constructive notice Cruz's actions would constitute a trespass. On these facts, and without any factual evidence to the contrary, GVEA simply is not liable.

Plaintiffs do not allege GVEA knew or had reason to know that maintaining the Project's ice road would involve a trespass upon the land of another. GVEA contracted with Global and Global contracted with Cruz for the building and maintenance of the ice road. GVEA's TWUP

---

[36] *Restatement (Second) of Torts* §427(B).

[37] Plaintiffs' S.J. Memorandum, Section IV. c., Page 33 of 50, (citing to *Restatement (Second) of Torts* §427(B)).

included several water sources from which water for construction of the ice road could be drawn. Seven Mile Lake was only one of these sources. GVEA exercised no control over the building of the ice road and had nothing to do with Cruz's election to pump water from Seven Mile Lake. Cruz independently decided to use Seven Mile Lake as a water source. Cruz independently decided whether to access Seven Mile Lake from the North or South.

Plaintiffs admit Mr. Cruz advised GVEA only that Cruz intended to draw water from Seven Mile Lake.[38] Plaintiffs do not claim that Mr. Cruz advised GVEA that Cruz workers would enter the Allotment to draw the water. Plaintiffs have not produced any evidence or stated any facts to show GVEA knew or should have known Cruz workers intended to enter the Allotment. As stated above, Plaintiffs, as the non-moving parties, may not rest upon mere allegations that GVEA is liable, but must show that there is sufficient evidence supporting the claimed factual dispute over GVEA's liability. Plaintiffs have failed to present any facts or evidence which would require a fact-finder to resolve the parties' differing versions of the truth at trial. *Anderson,* 477. U.S. at 248-9.

Under conventional principals of trespass liability, GVEA is not liable for the actions of Cruz workers. Historically, the requirements for recovery for trespass to land under the common law action of trespass were an invasion (a) which interfered with the right of exclusive possession of the land, and (b) which was the direct result of some act committed by the defendant.[39] Plaintiffs have not alleged GVEA invaded their land. Rather, they specifically state

---

[38] Plaintiffs' S.J. Memorandum, Section IV. c., Page 32 of 50.
[39] *See generally* W. Page Keeton et al., *Prosser and Keeton on the Law of Torts* § 13, at 67 (5th ed. 1984).

in their complaint that Cruz workers entered their land.[40] Plaintiffs have not alleged any act or omission committed by GVEA constituting a trespass.

Comment c. to *Restatement (Second) of Torts* § 165 (1986), states "one who recklessly or negligently causes a person or thing to enter another's land is liable for trespass if the presence of the person or thing causes harm to the possessor's land or to a thing in whose security the possessor has a legally protected interest."[41] Plaintiffs do not allege GVEA was in any way reckless or negligent.

"Tort liability is never imposed upon one who has neither done an act nor failed to perform a duty." See *Restatement of Torts* § 158. Liability for Intentional Intrusions on Land, comment e. GVEA has not acted nor failed to act in any way that would have caused the alleged trespass. No genuine issues of material fact exist as to whether GVEA acted tortiously. GVEA is entitled to judgment as matter of law that GVEA is not liable for any alleged trespass.

    iii.    **GVEA's is not liable merely because it held the TWUP or the FLPMA.**

The only connection that Plaintiffs can show between GVEA and the activities over which Plaintiffs complain is GVEA's obtaining of the land use and water use permits necessary to construct the Northern Intertie Project. Obtaining permits does not make GVEA liable for trespass where no evidence exists that GVEA employees entered the Allotment. See *Lamberjack v. Ohio Department of Natural Resources*, 99 Ohio Misc. 2d 22, 714 N.E. 2d 482 (Ohio Ct. Cl. 1999). GVEA's involvement is simply too remote to justify imposing any liability on GVEA.

---

[40] See Plaintiffs' Amended Complaint (First), ¶ 26.

[41] *Restatement (Second) of Torts* § 165 (1986), cmt. C.

Plaintiffs admit the TWUP GVEA obtained for use in the Intertie Project listed *several* permitted water sources, including but not limited to Seven Mile Lake.[42] Cruz could have used any of the water sources listed. Plaintiffs have not alleged any facts to show GVEA exercised control over Cruz's choice of water source during the phases of constructing the ice road. Plaintiffs have not alleged GVEA exercised control over Cruz's choice of the direction from which Cruz should approach a water source for the purpose of pumping water.

What Plaintiffs do allege is that Black and Veatch, and not GVEA, provided Mr. Cruz with the TWUP. Plaintiffs allege Black and Veatch, and not GVEA, directed Cruz to relocate its watering operation to Seven Mile Lake. Plaintiffs allege Black and Veatch, and not GVEA, directed Cruz to trespass upon the allotment.[43] Any connection between GVEA's obtaining permits and Cruz's alleged trespass is simply too remote to cause GVEA to be liable.

GVEA did not direct Cruz to draw water from Seven Mile Lake. Even if Cruz told GVEA it intended to draw water from Seven Mile Lake, GVEA had no knowledge whether Cruz intended to use the South end of the lake or the North end. GVEA had no knowledge Cruz intended to enter the Allotment. GVEA had no part in Cruz's decision where to draw water. Cruz was not under GVEA's control during any of the incidents Plaintiffs allege. Plaintiffs' admissions show no facts are in dispute on the issue of GVEA's control of Cruz.

GVEA's holding the FLPMA permit is an even more remote connection to the events on which Plaintiffs base their complaint. The land use permit does not make any reference to Plaintiffs' property. Plaintiffs argue that the land use permit makes GVEA liable to Plaintiffs

---

[42] Id. at Section IV. c., Page 32 of 50.

[43] Plaintiffs' S.J. Memorandum, Section IV. d., Page 36 of 50.

based on the FLPMA permit's incorporation by reference to 43 CFR 2880 et. seq. Plaintiffs are mistaken.

43 CFR 2807.12 states "you are liable to the United States and to third parties for any damage or injury they incur in connection with your use and occupancy of the right-of-way." Plaintiffs do not allege any injury connected to GVEA's use and occupancy of the right-of-way. In fact, what Plaintiffs allege is a trespass to the Allotment, which is not part of the right-of-way.

No logical connection exists between GVEA's permitted right-of-way and Cruz workers' alleged entry on the Allotment, which was not part of the right-of-way. Plaintiffs do not allege GVEA, or anyone else negligently, recklessly or otherwise improperly acted with respect to the use of the right-of-way.

Plaintiffs' argument that the FLPMA creates liability is strained. No genuine issues of material fact exist as to GVEA's lack of liability to Plaintiffs' by reason of GVEA's obtaining a land use permit. GVEA is therefore entitled to judgment as a matter of law that no liability exists for trespass to Plaintiffs property in connection with GVEA's use an occupancy of the right-of-way.

### C. *Plaintiffs have not alleged facts sufficient to state a claim for damages under 42 U.S.C. § 1983 as against GVEA.*

Plaintiffs have not alleged or produced any facts sufficient to support a claim under 42 U.S.C. § 1983 as against GVEA. Plaintiffs claim GVEA is liable for depriving Plaintiffs' of their constitutionally guaranteed property rights under two theories. First, Plaintiffs claim GVEA assumed liability under the State TWUP. Second, Plaintiffs claim GVEA assumed liable by operation of the FLPMA. Neither the facts nor the law supports either of Plaintiffs' theories.

Plaintiffs admit in their Memorandum in Opposition to Defendants' Motion for Summary Judgment and in Support of Plaintiff's Motion Cross Motion for Partial Summary Judgment that

as to the 1983 claim, "the complaint is somewhat ambiguous with regard to the theory of liability and the allegation of claims between Plaintiffs and Defendants."[44]

Ambiguity is not the problem with Plaintiffs' § 1983 action against GVEA. Rather, Plaintiffs have not alleged any facts sufficient to give rise to a § 1983 action against GVEA. Alleging that GVEA is liable for civil rights violations under color of state law simply because GVEA held state issued permits is not enough to support Plaintiffs' claim.

"[T]he court may not "supply essential elements of [a] claim that w[as] not initially pled." *Ivey v. Board of Regents of the University of Alaska,* 673 F.2d 266, 268 (9th Cir.1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.* The court need not accept conclusory allegations in the complaint as true; rather, the court must "examine whether [they] follow from the description of facts as alleged by the plaintiff." *Holden v. Hagopian,* 978 F.2d 1115, 1121 (9th Cir.1992).

        **i.   GVEA's is not liable for Plaintiffs' § 1983 claim merely because it held the TWUP or the FLPMA.**

GVEA is not liable for Plaintiffs' claim under 42 U.S.C. § 1983 merely because it held the TWUP or the FLPMA. Holding TWUP and FLPMA permits alone is not enough of a connection to the acts Plaintiffs' allege caused civil rights violations to support any liability to GVEA. Plaintiffs have not alleged any actions or omissions by GVEA that caused Plaintiffs' alleged civil rights violations. Therefore, Plaintiffs have failed to allege facts sufficient to state a claim against GVEA for damages under 42 U.S.C. § 1983. As a matter of law, GVEA is entitled to judgment that it is not liable to Plaintiffs under § 1983.

---

[44] Plaintiffs' S.J. Memorandum, Section V. a.iii, Page 47 of 50.
**GVEA'S OPPOSITION TO PLAINTIFFS' CROSS MOTION FOR SUMMARY JUDGMENT**
Case No.: 4:04-CV-0026 RRB
Page 17 of 20

### ii.   GVEA is entitled to a judgment as a matter of law on Plaintiffs § 1983 claim.

In an action for damages arising under 42 U.S.C. § 1983, Plaintiffs must allege four elements: (1) acts by the defendants (2) under color of state law (3) depriving them of federal rights, privileges or immunities (4) causing them damage. *Lopez v. Department of Health Services,* 939 F.2d 881, 883 (9th Cir.1991) (elements of § 1983 claim); *Lokey v. Richardson,* 600 F.2d 1265, 1266 (9th Cir.1979) (complaint states claim for damages under § 1983 where all elements of claim are alleged and damages are requested), *cert. denied,* 449 U.S. 884, 101 S.Ct. 238, 66 L.Ed.2d 110 (1980).

For purposes of § 1983, "under color of state law" is identical to "state action." *Rendell-Baker v. Kohn,* 457 U.S. 830, 838 (1982). Thus, state action under § 1983 arises where the "defendants took some actions that were influenced by the State's policies, funding decisions, or regulation." *Sever v. Alaska Pulp Corp.,* 978 F.2d 1529, 1538 (9th Cir.1992). The action must be fairly attributable to the State. *Rendell-Baker,* 457 U.S. at 838. Nothing GVEA did in owning the Intertie Project and obtaining permits from the state constitutes a state action. Plaintiffs do not allege any flaw with the permitting process. GVEA sought permits as a private entity. True, the State of Alaska issued the permits, but GVEA's acting to secure the permits or holding the permits does not give GVEA color of state law as to its actions.

In fact, Plaintiffs do not allege GVEA *acted* in any way at all. Plaintiffs' only theory for GVEA's liability depends on the remote involvement of GVEA's permit holding. GVEA's acting to secure permits cannot possibly have deprived Plaintiffs of any constitutional right.

In *Collins v. City of Harker Heights, Tex.,* 503 U.S. 115, 122, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992), the United States Supreme Court found a municipality could not be held liable under § 1983 unless the municipality had acted wrongfully. "[I]t can only be held liable

when it was the wrongdoer." *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 122, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992). The Court explained: "Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Id.* Just like the municipality in *Collins*, GVEA cannot be held liable under § 1983 because GVEA has not acted wrongfully in any way causing Plaintiffs a constitutional tort. GVEA cannot be held liable solely because it contracted with Global, who contracted with Cruz, whose workers allegedly entered Plaintiffs' property and then called State Troopers, who Plaintiffs allege violated their rights.

As stated above, Plaintiffs admit no GVEA employees were present at the incident on March 1, 2006.[45] GVEA had no knowledge the events were occurring. It is simply impossible for GVEA to have willfully participated in joint action with the state in the alleged occurrences that night.

Nothing GVEA did in securing permits for use in the construction of the Northern Intertie Project deprived Plaintiffs of federal rights, privileges or immunities. Moreover, Plaintiffs allege no damage to their property or deprivation of property as a result of the incident.

Any theory of liability against GVEA on this claim is completely unfounded. No factual issue exists. GVEA is entitled to judgment as a matter of law that it has no liability for Plaintiffs' 42 U.S.C. § 1983 claim.

### D. CONCLUSION

For the aforementioned reasons, Defendant GVEA respectfully requests the court deny Plaintiffs' Motion Cross Motion for Summary Judgment against GVEA and enter an Order for Summary Judgment in favor of GVEA on all Plaintiffs' claims. Defendant GVEA further

---

[45] Plaintiffs' S.J. Memorandum, Section V. a.iii, Page 46 of 50.

requests this Court dismiss with prejudice all Plaintiffs' claims against GVEA. Finally, Defendant GVEA requests this Court Order Plaintiffs to pay Defendant GVEA's costs, including attorneys' fees, in defending this action.

DATED at Fairbanks, Alaska this 19th day of September, 2006.

> BORGESON & BURNS, PC
> Attorney(s) for Defendant, GVEA
>
> By: s/ Cory R. Borgeson
>
> BORGESON & BURNS, P.C.
> 100 Cushman Street, Suite 311
> Fairbanks, Alaska 99701
> Telephone: (907) 452-1666
> Facsimile: (907) 456-5055
> E-mail: cborgeson@bnblaw.com
> ABA #8405009

This is to certify that on this date, a copy of the foregoing
document is being served electronically on:

Michael Walleri  walleri@gci.net; christin_woodward@yahoo.com
330 Wendell Street, Suite E
Fairbanks, AK 99701

Daniel T. Quinn  dquinn@richmondquinn.com; cesary@richmondquinn.com
Richmond & Quinn
360 K Street, Suite 200
Anchorage, AK 99501-2028

Eric P. Gillett  egillett@pregodonnell.com; mmorgan@pregodonell.com
Preg O'Donnell & Gillett PLLC
1800 Ninth Avenue, Suite 1500
Seattle, WA 98101-1340

Venable Vermont, Jr.  Stephanie.Galbraith@law.state.ak.us; TWC.ECF@law.state.ak.us
Assistant Attorney General
Department of Law
1031 West Fourth Avenue, Suite 200
Anchorage, AK 99501