Borgeson & Burns, PC
100 Cushman Street, Suite 311
Fairbanks, AK 99701
(907) 452-1666
(907) 456-5055 – facsimile

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| Don M. Kubanyi, Jimmy Kubanyi, Aileen Welton, Elizabeth Tuzroyluk Doris Kubanyi, Victor Kubanyi, Bobby Kubanyi, Arlette Kubanyi and, Brian Baggett,<br><br>     Plaintiffs,<br><br>vs.<br><br>Golden Valley Electric Association, Dave Cruz, individually and d/b/a Cruz Construction, Black & Veatch Corporation, Jake Covey and Patrick Nelson,<br><br>     Defendants. | Case No. F04-0026 CIV RRB |

## MOTION FOR PROTECTIVE ORDER

### INTRODUCTION

During the construction of the Northern Intertie Power line, an independent contractor hired by Global Power and Communication, Cruz Construction, Inc. ("Cruz"), entered onto Seven Mile Lake from the Rex Trail, and pumped water from the lake for the ice road it was constructing. Plaintiffs own land surrounding most of the lake. The lake bed below the ordinary high water mark (OHW) is owned by the State. Plaintiffs claim Cruz trespassed on their property in order to enter the frozen

surface of Seven Mile Lake. They believe Golden Valley Electric Association ("GVEA"), as owner of the Intertie project, is liable to them for Cruz's alleged trespass. Recently, GVEA has learned the Plaintiffs seek to establish their damages by introducing evidence of a prior settlement offer GVEA made to the Plaintiffs. Because Fed. R. Evid. 408 clearly prohibits any evidence of settlement discussions, GVEA seeks a protective order prohibiting the Plaintiffs from introducing any evidence of prior settlement offers. Plaintiffs intend to call witness Paul Mayo as a fact (and expert) witness to establish that GVEA had at one time offered to settle this claim by paying $50,000 to Plaintiffs.[1] Mr. Mayo is then expected to offer his "expert" opinion that the amount offered in settlement is a reasonable measure of damages.[2] GVEA's "offer" is attached as Exhibit A. A counter offer from Mr. Mayo is attached as Exhibit B. As the court will recognize, this offer was made only two days after the alleged trespass and was offered both to settle all claims, **and** to secure continued unfettered access to Seven Mile Lake. This guarantee of unfettered access was valuable to GVEA at the time and it is impossible to say what part (if any) of the $50,000 offer was designed to resolve the disputed trespass claim and what part of the $50,000 was intended to secure a peaceful and reliable source of water during a critical time for ice road construction.

## LAW

Fed. R. Evid. 408 provides in part:

Evidence of (1) furnishing or offering or promising to furnish or (2)

---

[1] Exhibit C, deposition of Paul Mayo, p. 157, 161.
[2] Plaintiff's Amended Expert Witness List served on October 3, 2006, Exhibit D.

accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible.

Fed. R. Evid. 408's underlying purpose is "the promotion of the public policy favoring the compromise and settlement of disputes."[3]

In a recent patent infringement case from California, Samsung Electronics Co., Ltd. v Quanta Computer, Inc.[4] The Samsung sought to introduce evidence that Quanta had tried to license the disputed intellectual property. The Federal District Court prohibited the licensing offers to establish either infringement or the amount of liability.[5] In Alcan Intern. Ltd. v S.A. Day Mfg. Co., Inc.,[6] a Federal District Court in New York again clarified that while Rule 408 does not totally bar admission of settlement information…such evidence is not allowed on the issues of liability and damages.[7]

While there is a minor exception to Fed. R. Evid. 408 that might allow introduction of settlement negotiations when offered for another purpose, the rule explains what those allowable purposes may be, such as proving bias or prejudice of a witness, negativing a contention of undue delay or proving an effort to obstruct a

---

[3] Fed. R. Evid. 408 Advisory Committee notes.
[4] Slip Copy, 2006 WL 2850028, N.D. Cal. (October 4, 2006).
[5] Id.
[6] 179 FRD. 403, W.D.N.Y. (June 23, 1998).
[7] Id. citing Bank Brussels Lambert v Chase Manhatten Bank, N.A., 1996 WL 71507 at *2 (S.D.N.Y. February 20, 1996).

criminal investigation or prosecution.[8]

## ARGUMENT

Plaintiffs' entire case against GVEA depends on its proving that GVEA is liable for Cruz's conduct. While many of these issues are subject to pending (and future) dispositive motions,[9] GVEA can only be liable for the actions of Cruz, if it maintained sufficient control over Cruz's activities such that Cruz could not be considered an "independent contractor."[10] At trial, the jury will be asked to decide whether GVEA is legally and financially responsible for Cruz's alleged trespass. The fact that GVEA once attempted to settle this claim is irrelevant as to either GVEA's "control" over Cruz or as any acknowledgement by GVEA that it was legally or financially responsible for Cruz's conduct.

It will be impossible, even with a cautionary instruction, for the jury to not utilize the settlement evidence in this prohibited fashion. GVEA, therefore, is entitled to a protective order clearly instructing the Plaintiffs to refrain from any discussion or offering any evidence concerning settlement negotiations between the parties.

## EVIDENCE RULE 403 REQUIRES EXCLUSION OF THE DISPUTED EVIDENCE

Even if the court agrees with the Plaintiffs' anticipated argument that GVEA's previous settlement offer will be offered for some purpose other than liability or damages, Fed. R. Evid. 403 would still prevent this evidence from coming in, and GVEA is entitled to a protective order. Fed. R. Evid. 403 provides:

---

[8] Fed. R. Evid. 408.
[9] GVEA's Motion for Summary Judgment filed May 11, 2006.
[10] GVEA's Opposition to Plaintiffs' Cross Motion for Summary and Judgment and Reply to Plaintiffs' Opposition to GVEA's Motion for Summary Judgment.

> Although relevant, evidence may be excluded if its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . .

In this case, to the extent the court finds that GVEA's settlement offer is relevant and admissible under the "other purpose" exception to Fed. R. Evid. 408, the court must also consider whether the probative value of this evidence is outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.

As more fully discussed in GVEA's Motion for Summary Judgment and Reply brief,[11] GVEA's liability for Cruz's activities will be dependent on the relationship between GVEA, and Cruz, specifically, whether Cruz was an independent contractor. Any prior decision by GVEA to make a settlement offer to the Plaintiffs cannot materially assist the jury in deciding whether, at the time of the alleged trespass, Cruz was an independent contractor.

The danger of unfair prejudice to GVEA is extreme if the court allows the jury to hear about GVEA's settlement offer. If Mr. Mayo testifies that GVEA offered $50,000 in settlement and that this is somehow an acknowledgement by GVEA that it caused at least $50,000 in damages to the Kubanyis, then a jury will naturally focus on that number as a base line damage figure, reasoning, that if the Defendant has already agreed to pay that amount, the only issue is how much more than $50,000 should they have to pay.

This type of jury reasoning is predictable, and cannot be circumvented with a jury instruction, or admonition from the bench. Such evidence would also confuse

---

[11] See FN 3 & 4.

MOTION FOR PROTECTIVE ORDER
*Kubanyi v. GVEA et al.*
Case No. F04-0026 CIV Civil
Page 5 of 7

the real issues in the case, as a jury would be more likely to place undue weight on GVEA's settlement offer than determining its liability for the acts of Cruz or whether the Plaintiffs suffered any actual damages. The jury would also be misled into believing that GVEA has admitted liability for the acts of Cruz, and has already agreed to pay a certain sum. Fed. R. Evid. 403 requires a protective order.

## CONCLUSION

GVEA is entitled to a protective order prohibiting the Plaintiffs from introducing any evidence of settlement negotiations or offers by GVEA. Such evidence could only be offered to prove GVEA's liability and the amount of damages, and the risk of unfair prejudice, clearly outweighs any marginal prohibitive value this evidence might otherwise have.

DATED at Fairbanks, Alaska, this 25 day of October, 2006.

By: s/ Cory R. Borgeson

BORGESON & BURNS, P.C.
100 Cushman Street, Suite 311
Fairbanks, Alaska 99701
Telephone: (907) 452-1666
Facsimile: (907) 456-5055
E-mail: cborgeson@bnblaw.com
ABA #8405009

This is to certify that on this date, a copy of the foregoing
document is being served electronically on:

Michael Walleri  walleri@gci.net; christin_woodward@yahoo.com
330 Wendell Street, Suite E
Fairbanks, AK  99701

Daniel T. Quinn  dquinn@richmondquinn.com; cesary@richmondquinn.com
Richmond & Quinn
360 K Street, Suite 200
Anchorage, AK  99501-2028

Eric P. Gillett  egillett@pregodonnell.com; mmorgan@pregodonell.com
Preg O'Donnell & Gillett PLLC
1800 Ninth Avenue, Suite 1500
Seattle, WA  98101-1340

David Floerchinger  dave_floerchinger@law.state.ak.us; TWC.ECF@law.state.ak.us
Assistant Attorney General
Department of Law
1031 West Fourth Avenue, Suite 200
Anchorage, AK  99501