Borgeson & Burns, PC
100 Cushman Street, Suite 311
Fairbanks, AK 99701
(907) 452-1666
(907) 456-5055 – facsimile

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| Don M. Kubanyi, Jimmy Kubanyi, Aileen Welton, Elizabeth Tuzroyluk, Doris Kubanyi, Victor Kubanyi, Bobby Kubanyi, Arlette Kubanyi and, Brian Baggett,<br><br>     Plaintiffs,<br><br>vs.<br><br>Golden Valley Electric Association, Dave Cruz, individually and d/b/a Cruz Construction, Black & Veatch Corporation, Jake Covey and Patrick Nelson,<br><br>     Defendants. | <br><br><br><br><br><br><br><br><br>Case No. F04-0026 CIV RRB |

### MOTION IN LIMINE REGARDING WIDTH AND SCOPE OF EASEMENT

The Plaintiffs have sued Golden Valley Electric Association, Inc. (GVEA) for money damages related to Cruz Construction (Cruz) personnel and equipment traveling off the Rex Trail and onto Seven Mile Lake. The Plaintiffs claim that in order for Cruz to have entered Seven Mile Lake from the Rex Trail, they needed to cross a "sliver" of private land within their Native Allotment.

Additionally, at a recent deposition, Plaintiffs' attorney represented that Plaintiffs are also seeking damages for Cruz's alleged activities within the Rex Trail right-of-way. This new claim would require Plaintiffs to establish that making an ice road within the

boundaries of an RS 2477 road easement somehow exceeds the permissible scope of RS 2477 easements, and therefore, entitles the servient land owner (the Plaintiffs in this case) to monetary damages.

Because the RS 2477 easement covering the Rex Trail is 100 foot in width and because improving the traveled surface of the easement with ice is clearly within the scope of an RS 2477 easement, GVEA seeks a ruling of law that (1) the easement is 100 feet in width, and (2) ice road construction is within the permissible scope of an RS 2477 easement.

## RS 2477 EASEMENTS IN ALASKA ARE 100 FEET WIDE

AS 19.10.015 (a) provides:

> It is declared that all officially proposed and existing highways on public land not reserved for public uses are 100 feet wide. This section does not apply to highways that are specifically designated to be wider than 100 feet.

RS 2477 stands for

Rrevised Statute 2477 from the (federal) Mining Act of 1866, which states:

> "The right-of-way for the construction of highways over public lands, not reserved for public uses is hereby granted."[1]

The State of Alaska Department of Natural Resources website states: "people created legal rights-of-way by using or **constructing** routes across unreserved federal land. State or local officials could also accept a right-of-way by spending tax dollars on actual construction on the route. Once a right-of-way was established, it became a "valid existing right" owned by the State. Any homesteads, home sites, **Native Allotments**, federal parks, etc., created after an RS 2477 right-of-way was accepted will thus be

---

[1] See, Alaska Department of Natural Resources, Division of Mining, Land and Water website regarding RS 2477 Project (copy attached as Exhibit A).

subject to it."[2]

In 1998, the Alaska State Legislature passed AS 19.20.400 and declared more than 600 routes, including the Rex Trail (aka Kobi-Bonnifield Trail) throughout Alaska as RS 2477 rights-of-way.[3] The DNR acknowledges:

> The statutes also do not address the issue of width of the RS 2477 easement. This will clearly be important to land owners impacted by valid RS 2477 encumbrances. It will also be important to the public using RS 2477 routes. Generally, it is assumed that the road right-of-way width that existed at the time the RS 2477 grant was accepted applies to that route up to a width of 100 feet. Individual RS 2477 widths will likely differ.[4]

In 1984, a survey was done which covered a significant section of the Rex Trail just west of Seven Mile Lake. Attached as Exhibit B is a copy of an amended plat recorded in the Nenana Recording District on August 19, 1987 by DNR. That survey establishes the Rex Trail is a 100 foot right-of-way. Although it appears that the survey ended before reaching the Seven Mile Lake area, the survey of the adjoining parcel is convincing evidence, along with the State statute, to establish as a matter of law that the Rex Trail passing through the Kubanyi Native Allotment is 100 feet in width.

### CRUZ'S USE OF THE RIGHT-OF-WAY DID NOT EXCEED THE PERMISSIBLE SCOPE OF USE FOR AN RS 2477 RIGHT-OF-WAY

According to Mr. David Potts in a letter filed with the DNR, the Rex Trail was originally a survey line for a proposed Alaska railroad extension.[5] Under the Mining Law of 1866, the Rex Trail was established as a 100 foot RS 2477 right-of-way by public use and construction activities occurring between the first documented use in 1908, the establishment of the Survey Line in the 1920s. The history of the Rex Trail as an RS

---

[2] Id. (emphasis added)
[3] Id.
[4] Id.
[5] Exhibit C

Motion in Limine Regarding Width and Scope of Easement
Case No.: F04-0026 CIV RRB
Page 3 of 6

2477, is further evidenced in the DNR file by letter drafted by Evan Miller, a gold miner, and Alaskan resident since 1923. According to Mr. Miller, early miners ran dog teams and worked up and down the trail as early as 1908. Mr. Miller himself ran dog teams as early as 1933 on the Rex Trail and mechanized equipment following the survey cut of about 1927.[6] The historical documents contained in the DNR land file show conclusively that an RS 2477 easement was created by use and construction on the present day Rex Trail between 1908 and 1942. From at least 1908, the Rex Trail was consistently used, upgraded, maintained, and "constructed" by gold miners, hunters, and other recreation, and commercial users.

Whether the Kubanyi allotment was created by their initial "entry" onto the land in 1963 **or** when their deed was granted and recorded by the federal government in 1992, the Kubanyis clearly took their land subject to the width and scope of the existing RS 2477 right-of-way.

11 AAC 51.100 discusses management of RS 2477 rights-of-way, and delegates the commissioner (of DNR) with management authority over the use of any RS 2477 right-of-way that is not on the Alaska highway system.[7] 11 AAC 51.100 references a permit process under 11 AAC 96.010. That regulation also defines uses that require a permit, and specifically exempts generally allowed uses as defined in 11 AAC 96.020.[8] 11 AAC 96.020(5) expressly permits all uses (not otherwise listed) (1) – (4) of this subsection that (C) do not cause or contribute to significant disturbance of vegetation, drainage, or soil stability, and (D) do not interfere with public access or other public uses

---

[6] Exhibit D.
[7] 11 AAC 51.100(a).
[8] 11 AAC 96.010(a)(b).
Motion in Limine Regarding Width and Scope of Easement
Case No.: F04-0026 CIV RRB
Page 4 of 6

or interests.

GVEA obtained two land use permits for the ice road. Those permits are attached as Exhibit E and Exhibit F.

Under the Administrative regulations governing DNR's management of RS 2477s in Alaska, the construction and maintenance of an ice road on the Rex (or Kobi-Bonnifield) Trail falls within the category of generally accepted uses that do not require any special permit. To the extent a permit was required, GVEA obtained one. There is no authority to support Plaintiffs' alleged private cause of action against GVEA for allegedly exceeding the scope of the RS 2477 easement as it crosses through the Kubanyi Allotment.

## CONCLUSION

GVEA is entitled to a ruling of law that the RS 2477 trail at issue is 100 feet in width. GVEA is further entitled to a ruling of law that Cruz's activities within the easement were consistent with the scope of RS 2477s generally and the land use permit specifically, not subject to a private cause of action by the servient land owners, the Kubanyis.

DATED this 25th day of October, 2006, at Fairbanks, Alaska.

By: s/ Cory R. Borgeson

BORGESON & BURNS, P.C.
100 Cushman Street, Suite 311
Fairbanks, Alaska  99701
Telephone:  (907) 452-1666
Facsimile:  (907) 456-5055
E-mail:  cborgeson@bnblaw.com
ABA #8405009

This is to certify that on this date, a copy of the foregoing document is being served electronically on:

Michael Walleri walleri@gci.net; christin_woodward@yahoo.com
330 Wendell Street, Suite E
Fairbanks, AK 99701

Daniel T. Quinn dquinn@richmondquinn.com; cesary@richmondquinn.com
Richmond & Quinn
360 K Street, Suite 200
Anchorage, AK 99501-2028

Eric P. Gillett egillett@pregodonnell.com; mmorgan@pregodonell.com
Preg O'Donnell & Gillett PLLC
1800 Ninth Avenue, Suite 1500
Seattle, WA 98101-1340

David Floerchinger dave_floerchinger@law.state.ak.us; TWC.ECF@law.state.ak.us
Assistant Attorney General
Department of Law
1031 West Fourth Avenue, Suite 200
Anchorage, AK 99501