# GVEA EXHIBIT A



Division Home   Fact Sheets   Forms   Site Index   Contact Us         Natural Resources [    ] find

# Division of Mining, Land & Water
### Alaska Department of Natural Resources

State of Alaska >   Natural Resources >   Mining, Land & Water

# RS 2477 Project

- Search Case Files *(Search Tools)*
- Download RS 2477 Fact Sheet
- Frequently Asked Questions

**Background**

RS 2477 stands for Revised Statute 2477 from the Mining Act of 1866, which states:

*"The right-of-way for the construction of highways over public lands, not reserved for public uses, is hereby granted."*

The act granted a public right-of-way across unreserved federal land to guarantee access as land transferred to state or private ownership. Rights-of-way were created and granted under RS 2477 until its repeal in 1976. In Alaska, federal land was "reserved for public uses" in December 1968, with passage of PLO 4582, also known as the "land freeze." This date ends the window of RS 2477 qualification in Alaska.

## What are RS 2477 Rights-of-Way?

The RS 2477 congressional offer stood for 110 years. Throughout that time, people created legal rights-of-way by using or constructing routes across unreserved federal land. State or local officials could also accept a right-of-way by spending tax dollars on actual construction on the route, or they could pass a law accepting rights-of-way for future construction. According to state court decisions, any of these methods would be enough to create a legal right-of-way, provided the land was unreserved, unappropriated federal land at the time of construction and use or acceptance. Once a right-of-way was established, it became a "valid existing right" owned by the state. Any homesteads, homesites, Native Allotments, federal parks, etc., created after an RS 2477 right-of-way was accepted would thus be subject to it.

Once established, an RS 2477 cannot be abandoned by non-use, or removed without undergoing a legal easement vacation procedure. As with any other state-owned right-of-way, the federal government could not cancel it, even if the land was later withdrawn or transferred out of federal ownership. RS 2477 rights-of-way provide access to the public and may exist on your property.

The State of Alaska views RS 2477 as an important tool to protect public access across federal land. In the 1980s the State of Alaska and the U.S. Department of the Interior agreed upon and platted several RS 2477 rights-of-way. In the past decade the Department of the Interior has not recognized RS 2477s that cross its land.

## The RS 2477 Project

Since 1993, the Department of Natural Resources (DNR) has received varying levels of funding to pursue a research and adjudication project for RS 2477 rights-of-way. The project identifies routes throughout the state that appear to qualify as public rights-of-way under RS 2477. In recent years, court cases have determined the legal validity of RS 2477 routes. There have been few court cases in Alaska that established

RS 2477 rights-of-way. In the past, the status of most routes was typically uncontested and acknowledged to be legally valid under 43 USC 932 - RS 2477.

To successfully document an RS 2477 right-of-way on a historic route, the route must be shown to have been constructed or used when the land was unreserved federal land.

Typical route documentation includes:

- Alaska Road Commission annual reports and maps
- U.S. Geological Survey bulletins, reports, field notes, and maps
- U.S. Postal Service contracts, site reports, and maps
- Other publications (books, newspapers, magazines)

Personal accounts (affidavits) are also valuable evidence of route use and construction.

To date, DNR has researched over 2,000 routes and determined that approximately 647 qualify under the RS 2477 statute.

**Current Litigation**

The Harrison Creek - Portage Creek route is undergoing litigation. In March 1997 the State filed a Quiet Title action against the Department of the Interior for the right-of-way. This case is still in its "discovery" phase with plans to go to trial during the winter of 1999. It has the potential to set important precedent regarding the RS 2477 issue.

The state has been involved to varying degrees in three other RS 2477 cases: the Knik Glacier Trail, the Chickaloon River Trail (a Department of Transportation and Public Facilities (DOT&PF) condemnation case), and the Jualin Mine Trail. The State also filed a friend-of-the-court brief on behalf of Paul Shultz's lawsuit, which tried to show that there was an RS 2477 right-of-way across Fort Wainwright. Mr. Shultz's appeal to the United States Supreme Court was denied in early 1998.

**1998 Legislation**

In May 1998, the Alaska State Legislature passed a new law (AS 19.20.400) entitled "An Act Relating to State Rights-of-Way," that declares that more than 600 routes have been accepted as RS 2477 rights-of-way by public use and mandates that DNR record them in the respective recording districts. This bill was signed into law as Chapter 26, SLA 1998 (AS 19.30.400).

In general, this statute:

- identifies DNR as manager of these routes, unless transferred to DOTPF;
- acknowledges that there may be other qualifying routes not yet identified by the project;
- indemnifies the state from liability resulting from a person's use of an RS 2477 right-of-way;
- outlines procedures and restrictions for vacating RS 2477 rights-of-way.

In addition, the legislative act mandated the recordation of the 602 routes listed in the bill as qualifying RS 2477 rights-of-way.

The Department of Natural Resources has begun to record the surveyed RS 2477 routes and those crossing large parcels of land held by a single landowner. Whether or not an RS 2477 route is recorded, the right-of-way still exists and encumbers the property it crosses. The original RS 2477 route may be re-routed or eradicated only through an easement vacation process. By statute, the Legislature must approve an application to vacate an RS 2477 if no reasonable, comparable alternate right-of-way or means of access

exists. However, if an alternate means of access exists, then the state may approve the vacation.

**Impacts of Recording Unsurveyed RS 2477 Routes**

There are several issues associated with recording unsurveyed routes, in particular where they cross small private parcels. As an example, a route that is recorded as crossing five parcels may only affect three of them and miss three other parcels that should be affected.

It is impossible to know which specific parcels are actually impacted if an RS 2477 route is not surveyed. Therefore, surveying RS 2477 routes should be made a priority.

Another issue is the broad scale of the historic maps that depict the RS 2477 routes. The actual physical routes may be as far removed as one mile from the line depicted on the USGS maps. This problem is significant in densely populated areas, sometimes increasing the affected parties by a factor of ten. The RS 2477 encumbrance may negatively affect the disposition of private properties for their future use and potential sale.

Once the location of an unsurveyed route is recorded, it is part of the public record and reflects on the titles of all properties over which it apparently passes. If a subsequent survey shows that the route does not really affect a parcel, the original document cannot be removed from the record. The land record may only be amended by recording additional documents, such as disclaimers of interest.

Although RS 2477 routes were not specifically reserved in the original patent documents issued by federal or state governments, all patents are conveyed subject to valid, existing rights. RS 2477 rights-of-way comprise valid, existing rights. Lawsuits will likely occur between individuals who disagree over the actual location of an unsurveyed RS 2477 easement. This is another reason that DNR has advocated surveying RS 2477 routes before recording them. Surveys would ensure each route would be accurately applied to individual properties and reported for all future sales. DNR has asked the Legislature for the authority to record only those routes that have been surveyed or that only cross large tracts of land in single ownership, where the route's exact location isn't an issue. However, the Legislature has chosen not to act on this request. The law is clear that all qualifying RS 2477 trails must be recorded, surveyed or not. Because of the recent public concern expressed by land owners when notified that DNR would record unsurveyed routes across their property, DNR will not record unsurveyed routes crossing smaller private parcels this year. DNR does not believe it is appropriate to cause unnecessary legal problems between landowners and the public. The agency is complying with the requirements of Chapter 26 SLA 1998 by beginning to record the nine surveyed routes and those that impact only large land owners.

The statutes also do not address the issue of width of the RS 2477 easement. This will clearly be important to landowners impacted by valid RS 2477 encumbrances. It will also be important to the public using RS 2477 routes. Generally, it is assumed that the road right-of-way width that existed at the time the RS 2477 grant was accepted applies to that route, up to a width of 100 feet. Individual RS 2477 widths will likely differ.

These issues affect everyone with an interest in RS 2477: public users of RS 2477s, landowners mistakenly impacted due to the lack of a survey, and landowners who should be impacted by RS 2477s but who failed to appear on a list of affected parties due to a lack of survey.

The effect of recording an RS 2477 route across large tracts of land is significantly less than on smaller, privately owned parcels. Generally, owners of large tracts of land do not intend to sell their property, so the presence of an RS 2477 route crossing it does not have the same devaluating effect. If they do decide to subdivide and sell parcels, they may have an opportunity to relocate and build the trail elsewhere on their property where it does not interfere with the subdivision.

If you need more information about RS 2477, the statute changes, or questions about a particular route,

contact:

**Alaska Department of Natural Resources**
*Division of Mining, Land & Water*
3700 Airport Way
Fairbanks, AK 99709-4699
(907) 451-2740

Last updated on Tuesday, June 6, 2006. Site optimized for Netscape 7, IE 6 or above.
Not sure who to contact? Have a question about Mining, Land & Water? Visit the Public Information Center.
Many documents require Adobe Acrobat Reader version 5 or greater. Get the most current version of Acrobat Reader.
Report technical problems with this page to the webmaster

State of Alaska   Natural Resources   Division Home   Copyright   Privacy   System Status