Daniel T. Quinn (8211141)
RICHMOND & QUINN
360 K Street, Suite 200
Anchorage, Alaska 99501
Phone: 276-5727
Fax:   276-2953
dquinn@richmondquinn.com

Attorneys for Defendants and Third-
Party Plaintiffs CRUZ CONST., INC.
and DAVE CRUZ, Individually

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DON M. KUBANYI, JIMMY ) <br> KUBANYI, AILEEN WELTON, ELIZABETH ) <br> TUZROYLUK, DORIS KUBANYI, VICTOR ) <br> KUBANYI, BOBBY KUBANYI, and ) <br> ARLETTE KUBANYI, ) <br>                                     ) <br>            Plaintiffs,             ) <br>                                     ) <br>     v.                              ) <br>                                     ) <br> GOLDEN VALLEY ELECTRIC              ) <br> ASSOCIATION, DAVE CRUZ              ) <br> individually and d/b/a CRUZ         ) <br> CONSTRUCTION, BLACK & VECH          ) <br> CORPORATION, TROOPER JAKE COVEY     ) <br> AND TROOPER PATRICK NELSON,         ) <br> STATE OF ALASKA,                    ) <br>                                     ) <br>            Defendants.              ) <br> _____ ) | **JOINDER OF DEFENDANTS DAVE CRUZ AND CRUZ CONSTRUCTION, INC. IN GVEA'S MOTION IN LIMINE REGARDING WIDTH AND SCOPE OF EASEMENT** <br><br><br><br><br><br><br><br><br><br> Case No. 4:04-cv-26-RRB |

COMES NOW defendants Dave Cruz and Cruz Construction, Inc., by and through their attorneys,

Richmond & Quinn, and hereby join in GVEA's Motion in Limine Regarding Width and Scope of Easement. The Cruz defendants join fully in the motion for the reasons outlined therein.

On the issue of the 100-foot width of the easement, the Cruz defendants additionally offer the following support.

All parties agree that the Rex Trail qualifies as an RS 2477 trail, which provides a public right-of-way. At issue in this motion is the width of the right-of-way.[1]

---

[1] RS 2477 was enacted as part of the Mining Act of 1866 (codified at 43 U.S.C. § 932) and provide that "the right of way for the construction of highways over public lands, not reserved for public uses, is hereby granted." Thus, trails used by the public created public rights-of-way, and became known as "RS 2477," or sometimes "§ 932 trails." This statute was repealed by the Federal Land Policy Management Act in 1976, which adopted a more restrictive approach to divestiture of federal lands. However, all pre-existing RS 2477 rights-of-way were unaffected by this change in law. See Sierra Club v. Hodel, 848 F.2d 1068, 1078 (10th Cir. 1988)(overruled in part on other grounds, Village of Los Ranchos D'Albuquerque v. Marsh, 956 F.2d 970 973 (10th Cir. 1992)); Southern Utah Wilderness Alliance v. Bureau of Land Management, 147 F.Supp.2d 1130, 1133 (D. Utah 2001); Barker v. Board of County Commissioners of County of LaPlata, Colo. 24 F.Supp.2nd 1120, 1127 (D. Colo. 1998).

JOINDER OF DEFENDANTS DAVE CRUZ AND CRUZ
CONSTRUCTION, INC. IN GVEA'S MOTION IN
LIMINE REGARDING WIDTH AND SCOPE OF EASEMENT

KUBANYI, ET AL. v. GVEA, ET AL., Case No. 4:04-cv-26
Page 2

Though created by operation of federal statute, the scope of an RS 2477 right-of-way, including its width, is governed by local state law. In <u>Sierra Club v. Hodel</u>, <u>supra</u> at 1080-83, the Tenth Circuit pointed out that federal regulations have long established that the scope of RS 2477 easements were governed by state law. The court specifically concluded, at 1083, that "the weight of federal regulations, state court precedent, and tacit congressional acquiescence compels the use of state law to define the scope of an RS 2477 right-of-way." <u>Accord</u>, <u>Barker v. State Board of Commissions</u>, 24 F.Supp.2d 1120, 1127 (D. Colo. 1998); <u>see also</u> <u>Standage Ventures, Inc. v. State of Arizona</u>, (9th Cir. 1974) 499 F.2d 248, 250 (recognizing, *in dicta,* that width of RS 2477 highway was governed by Arizona law); <u>Vieux v. East Bay Regional Park dist.</u>, 906 F.2d 1330, 1341, (9th cir. 1990) ("State law determines what is a 'public highway legally established' for the purpose of land grant statutes, including § 912.") [not specifically construing § 932].

JOINDER OF DEFENDANTS DAVE CRUZ AND CRUZ
CONSTRUCTION, INC. IN GVEA'S MOTION IN
LIMINE REGARDING WIDTH AND SCOPE OF EASEMENT

<u>KUBANYI, ET AL. v. GVEA, ET AL.</u>, Case No. 4:04-cv-26
Page 3

The Alaska Supreme Court has similarly held that state law controls the existence and scope of an RS 2477 right-of-way:

> When acceptance of the § 932 grant occurred by construction of a road by an appropriate public authority, a question remained regarding the width of the right-of-way thereby created. It was held that the width was not confined necessarily to the traveled portion of the roadway, but that: "local laws, customs, and usages" would control."
>
> * * *
>
> Notwithstanding that § 2477 of the Revised Statutes (43 U.S.C. § 932) does not fix the width of the rights-of-way granted by it, the width when fixed by a positive act of the proper state or territorial authorities has been held valid. State v. Alaska Land Title Assn., 667 P.2d 714, 722 (Alaska 1983).

Under Alaska law, the width of a public trail is 100 feet, unless specifically designated to be wider.

AS 19.10.015 provides:

> Establishment of Highway Widths. (a) It is declared that all officially proposed and existing highways on public land not reserved for public uses are 100 feet wide. This section does not apply to highways that are specifically designated to be wider than 100 feet.

The statutory definition of "highway" is found at AS 19.45.001(9), and includes trails:

JOINDER OF DEFENDANTS DAVE CRUZ AND CRUZ
CONSTRUCTION, INC. IN GVEA'S MOTION IN
LIMINE REGARDING WIDTH AND SCOPE OF EASEMENT

KUBANYI, ET AL. v. GVEA, ET AL., Case No. 4:04-cv-26
Page 4

> (9) "Highway" includes a highway (whether included in primary or secondary systems), road, street, trail, walk, bridge, tunnel, drainage structure or other similar or related structure or facility, and right-of-way thereof, and further includes a ferry system, whether operated solely inside the state or to connect with a Canadian highway, and any such related facility;

In an unpublished decision, the Alaska Supreme Court affirmed the trial court's determination that an RS 2477 trail was 100 feet wide. In <u>Puddicomb v. Fitzgerald</u>, 1999 WL 33958803 at *2, the court held:

> The Superior Court did not err in holding that the right-of-way should be 100 feet wide. The scope of an RS 2477 grant is subject to state law. The Superior Court's reliance on AS 19.10.015 to determine the scope was not erroneous. The statutory definition of "highway" includes "trail[s]."

In short, the width of the RS 2477 trail at issue in this litigation is determined by state law. Under state law, the trail is 100 feet wide. Accordingly, the Cruz defendants join in GVEA's motion for a ruling, as a matter of law, that the Rex Trail right-of-way over the Kubanyi Allotment is 100 feet wide.

JOINDER OF DEFENDANTS DAVE CRUZ AND CRUZ
CONSTRUCTION, INC. IN GVEA'S MOTION IN
LIMINE REGARDING WIDTH AND SCOPE OF EASEMENT

<u>KUBANYI, ET AL.</u> v. <u>GVEA, ET AL.</u>, Case No. 4:04-cv-26
Page 5

DATED this _26th_ day of October, 2006, at Anchorage, Alaska.

>RICHMOND & QUINN
>Attorneys for Defendants Dave Cruz individually, and d/b/a Cruz Construction, Inc.
>
>By: _____s/Daniel T. Quinn_____
>RICHMOND & QUINN
>360 K Street, Suite 200
>Anchorage, AK  99501
>Ph:  907-276-5727
>Fax:  907-276-2953
>dquinn@richmondquinn.com
>ABA #8211141

JOINDER OF DEFENDANTS DAVE CRUZ AND CRUZ
CONSTRUCTION, INC. IN GVEA'S MOTION IN
LIMINE REGARDING WIDTH AND SCOPE OF EASEMENT

KUBANYI, ET AL. v. GVEA, ET AL., Case No. 4:04-cv-26
Page 6

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically served this _26th_ day of October, 2006 on:

| | |
|---|---|
| Michael J. Walleri<br>WALLERI LAW OFFICES<br>330 Wendell St., Suite E<br>Fairbanks, AK 99701 | Cory Borgeson<br>BORGESON & BURNS, PC<br>100 Cushman, Suite 311<br>Fairbanks, AK 99701 |
| David D. Floerchinger<br>ASSISTANT ATTORNEY GENERAL<br>STATE OF ALASKA<br>1031 W. 4th Ave., Suite 200<br>Anchorage, AK 99501 | Eric Gillett<br>PREG, O'DONNELL & GILLETT<br>1800 9th Ave., Ste. 1500<br>Seattle, WA 98101 |

_____s/Daniel T. Quinn_____
          RICHMOND & QUINN

2073\038\PLD\JOINDER – MTN IN LIMINE

JOINDER OF DEFENDANTS DAVE CRUZ AND CRUZ
CONSTRUCTION, INC. IN GVEA'S MOTION IN
LIMINE REGARDING WIDTH AND SCOPE OF EASEMENT

KUBANYI, ET AL. v. GVEA, ET AL., Case No. 4:04-cv-26
Page 7