Borgeson & Burns, PC
100 Cushman Street, Suite 311
Fairbanks, AK 99701
(907) 452-1666
(907) 456-5055 – facsimile

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| Don M. Kubanyi, Jimmy Kubanyi, Aileen Welton, Elizabeth Tuzroyluk Doris Kubanyi, Victor Kubanyi, Bobby Kubanyi, Arlette Kubanyi and, Brian Baggett, <br><br> Plaintiffs, <br><br> vs. <br><br> Golden Valley Electric Association, Dave Cruz, individually and d/b/a Cruz Construction, Black & Veatch Corporation, Jake Covey and Patrick Nelson, <br><br> Defendants. | Case No. F04-0026 CIV RRB |

## MEMORANDUM OF LAW SUPPORTING GVEA'S
## MOTION TO AMEND ANSWER AND FILE COUNTERCLAIM

Defendant Golden Valley Electric Association, Inc. ("GVEA") requests this court grant GVEA leave to amend its answer and file compulsory counterclaims against Plaintiffs for wrongful and malicious interference with an express right of way easement and for intentional interference with a business relationship. GVEA's compulsory counterclaims are directly related to Plaintiffs' claims and GVEA's defenses. GVEA's compulsory counterclaims arise out of the conduct and occurrences set forth in Plaintiffs' Amended Complaint and GVEA's Answer to

Plaintiff's Amended Complaint.

## ARGUMENT

**A. Rule 13(a) of the Federal Rules of Civil Procedure**

Rule 13(a) of the Federal Rules of Civil Procedure requires GVEA to state as counterclaims any claims which arise out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties over whom the court cannot acquire jurisdiction. GVEA's counterclaims against Plaintiffs for wrongful and malicious interference with an express right of way easement are compulsory claims.

Although Fed. R. Civ. P. 13(a) does not explicitly so state, the effect of a defendant's failure to assert counterclaims made compulsory by Rule 13(a) is to preclude their assertion in a later action against the former plaintiff.[1]

GVEA's counterclaims, as raised in GVEA's attached Amended Answer to Plaintiffs' Amended Complaint, are within the scope of the original case. GVEA's counterclaims are also consistent with the defenses GVEA asserted in its original Answer.

GVEA will be prejudiced if the Court does not allow GVEA to amend its answer to add the compulsory counterclaims. GVEA has a right to have the counterclaims submitted to the trier of fact and determined on their merits. It is in the interest of justice to allow GVEA to amend its Answer to include its

---

[1] See *Baker v. Gold Seal Liquors, Inc.* 417 U.S. 467, 469 (1974) (citing *Mesker Bros. Iron Co. v. Donata Corp.*, 401 F.2d 275, 279 (C.A. 4 1968) ("A counterclaim which is compulsory but is not brought is thereafter barred.")).

**Memorandum of Law Supporting Motion for Leave to File Amended Answer**
Kubanyi v. GVEA, et al.
Case No. F04-0026 CIV
Page 2 of 6

counterclaims against Plaintiffs.

## B. Rule 15 of the Federal Rules of Civil Procedure

Fed. R. Civ. P. 15(c)(2) states: "An amendment of a pleading relates back to the date of the original pleading when . . . the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading . . ." GVEA's counterclaims for wrongful and malicious interference with an express right of way easement and for intentional interference with a prospective business relationship unquestionably arise from the same transaction which formed the basis of Plaintiffs' claim and GVEA's defenses. GVEA's counterclaims are, therefore, appropriately brought in this action and relate back in time to GVEA's original Answer to Plaintiffs' Complaint, which GVEA filed on February 16, 2005.

Generally, the Federal Rules allow for liberal amendment of the pleadings. Under Fed. R. Civ. P. 15, leave to amend "shall be freely granted when justice so requires." This mandate is to be heeded.[2]

In *Foman v. Davis*,[3] the United States Supreme Court stated: "In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. - the leave sought should,

---

[2] *Foman v. Davis*, 371 U.S. 178, 182 (1962); (citing 3 Moore, Federal Practice (2d ed. 1948), 15.08, 15.10).
[3] *Id.*

**Memorandum of Law Supporting Motion for Leave to File Amended Answer**
Kubanyi v. GVEA, et al.
Case No. F04-0026 CIV
Page 3 of 6

as the rules require, be 'freely given...of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules."[4]

Courts have repeatedly stressed that "the court must remain guided by the underlying purpose of Rule 15 -- to facilitate decision on the merits, rather than on the pleadings or technicalities. "[5]

### C. No Prejudice to Plaintiffs

The amendment GVEA seeks does not prejudice the Plaintiffs. Discovery is still ongoing and a trial date has not been set. There is still plenty of time for both parties to prepare for trial on GVEA's counterclaims. Moreover, because GVEA's counterclaims arise out of the exact same set of facts and circumstances, the counterclaims will be supported or defended by the exact same evidence and witnesses Plaintiffs and Defendants will use to support their existing claims and defenses. Plaintiffs are not prejudiced in any way by GVEA bringing its counterclaims.

Allowing GVEA to amend to make its counterclaims also furthers judicial economy and efficiency because it allows all remaining issues stemming from the March 1, 2003 incident to be resolved simultaneously in one action. The only

---

[4] *Foman v. Davis*, 371 U.S. 178, 182 (1962).
[5] *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir.2000) (en banc) (quoting *Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir.1987)).

**Memorandum of Law Supporting Motion for Leave to File Amended Answer**
Kubanyi v. GVEA, et al.
Case No. F04-0026 CIV
Page 4 of 6

substantive change in GVEA's Answer is the addition of GVEA's counterclaims. GVEA's Answer itself is otherwise unchanged. GVEA merely seeks to assert its counterclaims based on evidence revealed through the discovery process and through GVEA's expert's report following his review of Plaintiffs' expert's reports and supporting documents.

GVEA's counterclaims are directly related to the same conduct at issue in this case: Cruz Construction's use of the Rex Trail to access Seven Mile Lake and Plaintiffs' attempts to prevent that access. Plaintiffs are claiming damages from an alleged trespass onto their property. GVEA's defense is that no trespass occurred and that Cruz had a right to access Seven Mile Lake from the Rex Trail. If Plaintiffs succeed in proving a trespass occurred, GVEA's counterclaims will be dismissed. If, on the other hand, GVEA succeeds in proving no trespass occurred, Plaintiffs' claims for trespass will be dismissed.

GVEA's counterclaims succeed or fail based on the exact same evidence on which Plaintiffs' claims succeed or fail. The factual and legal arguments do not change. Therefore, Plaintiffs will suffer no prejudice should GVEA be allowed to amend its answer to include its counterclaims.

## CONCLUSION

For the reasons stated above, GVEA respectfully requests this Court grant GVEA's Motion to Amend its Answer to Plaintiff's Amended Complaint and allow GVEA's Amended Answer to Plaintiff's Amended Complaint attached to this motion to be filed.

**Memorandum of Law Supporting Motion for Leave to File Amended Answer**
Kubanyi v. GVEA, et al.
Case No. F04-0026 CIV
Page 5 of 6

DATED at Fairbanks, Alaska, this 27th day of October, 2006.

By: s/ Cory R. Borgeson

BORGESON & BURNS, P.C.
100 Cushman Street, Suite 311
Fairbanks, Alaska 99701
Telephone: (907) 452-1666
Facsimile: (907) 456-5055
E-mail: cborgeson@bnblaw.com
ABA #8405009

This is to certify that on this date, a copy of the foregoing
document is being served electronically on:

Michael Walleri  walleri@gci.net; christin_woodward@yahoo.com
330 Wendell Street, Suite E
Fairbanks, AK 99701

Daniel T. Quinn  dquinn@richmondquinn.com; cesary@richmondquinn.com
Richmond & Quinn
360 K Street, Suite 200
Anchorage, AK 99501-2028

Eric P. Gillett  egillett@pregodonnell.com; mmorgan@pregodonell.com
Preg O'Donnell & Gillett PLLC
1800 Ninth Avenue, Suite 1500
Seattle, WA 98101-1340

David Floerchinger  dave_floerchinger@law.state.ak.us; TWC.ECF@law.state.ak.us
Assistant Attorney General
Department of Law
1031 West Fourth Avenue, Suite 200
Anchorage, AK 99501

**Memorandum of Law Supporting Motion for Leave to File Amended Answer**
Kubanyi v. GVEA, et al.
Case No. F04-0026 CIV
Page 6 of 6