IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DON M. KUBANYI; JIMMY KUBANYI; AILEEN WELTON; ELIZABETH TUZROYLUK; DORIS KUBANYI; VICTOR KUBANYI; BOBBY KUBANYI; ARLETTE KUBANYI; and BRIAN BAGGETT,<br><br>        Plaintiffs,<br><br>vs.<br><br>GOLDEN VALLEY ELECTRIC ASSOCIATION; DAVE CRUZ, individually and d/b/a CRUZ CONSTRUCTION; BLACK & VECH CORPORATION; JAKE COVEY; and PATRICK NELSON,<br><br>        Defendants. | Case No. 4:04-0026 CV (RRB)<br><br>**ORDER REGARDING MOTION FOR SUMMARY JUDGMENT AT DOCKET 75** |

I.   INTRODUCTION

Before the Court is Defendant Golden Valley Electric Association, Inc. ("GVEA") with a Motion to for Summary Judgment.[1] GVEA seeks summary judgment that it is not liable for torts allegedly committed by the employees of Cruz Construction, Inc.,

---

[1]   Docket 75.

because Cruz Construction was independently hired by Global Power & Communications, Inc. ("Global Power") as a subcontractor.

Plaintiff opposes at Docket 86 and brings a Cross Motion for Partial Summary Judgment at Docket 88 seeking a determination that GVEA is liable for trespasses in 2002 and 2003, and that GVEA is liable under 42 U.S.C. § 1983 for deprivation of Plaintiffs' property rights.

The Court grants GVEA's Motion on Plaintiffs § 1983 claim, but denies the Motion on all other counts.  The Court also denies Plaintiffs' Cross Motion for Partial Summary Judgment. Because these matters have been thoroughly briefed by the parties, oral argument is not necessary.

## II. Facts

The Plaintiffs in this action are comprised of the adult children and heirs of Nora Kubanyi, an Alaska Native who applied for and received a Native allotment which is identified as U.S. Survey 9954 and surrounds the south end of Seven Mile Lake approximately nine miles southeast of Anderson, Alaska.[2]  Each of the Plaintiffs hold a 1/8th undivided interest in the property.[3]

---

[2]   Docket 86 at 2; Docket 57, Ex. 1; Docket 74, Ex. 1.

[3]   Docket 34 at 5.

ORDER RE DOCKET 75 - 2
4:04-CV-0026-RRB

This allotment is subject to a public easement along what is known as the Rex Trail, or the "Rex Bonnifield Trail," 50 feet in width.[4]

GVEA is the owner of the Northern Intertie Project ("Project"), a 96-mile, 230-kilovolt transmission line between Fairbanks and GVEA's Healy facilities.[5] This project was designed to bring additional power into the Interior by adding a second line and power source from the Anchorage and Susitna Power plants.[6]

In preparation for construction of the Northern Intertie Project, GVEA obtained land use permits to use the Rex Trail and a temporary water use permit ("TWUP") to extract water from Seven Mile Lake for the construction of ice roads.[7] The TWUP includes the following condition: "Permittee is responsible for the actions of contractors, agents, or other persons who perform work to accomplish the approved project, and shall ensure that workers are familiar with the requirements of this authorization."[8] The TWUP also indicates that the TWUP "does not authorize the permittee to enter upon any lands until proper rights-of-way, easements, or

---

[4]   Docket 86 at 4.

[5]   Docket 77 at 1, 3 n.3.

[6]   Id.

[7]   Id. at 3-4 & Ex. C, Ex. E.

[8]   Id., Ex. E at 4 (Condition 10).

permission documents, from the appropriate landowner have been obtained."[9]

In 2001, GVEA awarded a construction contract for the Intertie Project to Global Power & Communications, Inc. ("Global Power").[10] The contract allowed Global Power to hire sub-contractors of its own choosing to aid in completion of the work.[11] Global Power hired Cruz Construction to construct an ice road for the Project and the Global Power and Cruz signed a subcontract on December 3, 2001.[12] During the summer of 2002, GVEA contract with Cruz Construction to clear a right of way for the intertie.[13] By 2003, Cruz Construction was no longer under direct contract with GVEA and was again working as a subcontractor under Global Power.[14]

On March 1, 2003, a conflict arose between several Cruz Construction workers and Don Kubanyi, one of the Plaintiffs in this action.[15] Mr. Kubanyi believed that the Cruz workers trespassed on his property.[16] David Cruz, president of Cruz Construction, called

---

[9]   Id. (Condition 7).

[10]  Id. at 1-3 & Ex. A.

[11]  Id.

[12]  Id., Ex. B.

[13]  Docket 86 at 6 & Ex. 3 at 1; Docket 34 at 5.

[14]  Docket 103 at 10 (citing Docket 86 at 6).

[15]  Id. at 2.

[16]  Id.  See also Docket 34 at 6-7.

the Alaska State Troopers because Mr. Kubanyi threatened members of the crew.[17]  An altercation between Mr. Kubanyi and the Troopers ensured and Mr. Kubanyi was arrested.[18]  No GVEA employee was present at the Kubanyi allotment at any time on March 1, 2003.[19]

After the incident with the Alaska State Troopers, the Cruz workers continued the water pumping operation.[20]  Plaintiffs initiated this lawsuit alleging trespass and violation of civil rights and naming as defendants GVEA, Mr. Cruz individually and d/b/a Cruz Construction, Black & Veatch Corporation, and Alaska State Troopers Jake Covey and Patrick Nelson.[21]

### III. STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be granted if there is no genuine dispute as to material facts and if the moving party is entitled to judgment as a matter of law.  The moving party has the burden of showing that there is no genuine dispute as to material fact.[22]  The moving party need not present evidence; it need only point out the

---

[17]    Docket 77 at 2.

[18]    Id.

[19]    Docket 86 at 46.

[20]    Docket 34 at 8.

[21]    See generally id.

[22]    Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

lack of any genuine dispute as to material fact.[23] Once the moving party has met this burden, the nonmoving party must set forth evidence of specific facts showing the existence of a genuine issue for trial.[24] All evidence presented by the non-movant must be believed for purposes of summary judgment, and all justifiable inferences must be drawn in favor of the non-movant.[25] However, the nonmoving party may not rest upon mere allegations or denials, but must show that there is sufficient evidence supporting the claimed factual dispute to require a fact-finder to resolve the parties' differing versions of the truth at trial.[26]

**IV.  DISCUSSION**

    **A.  Trespass**

Plaintiffs argue that GVEA is liable for alleged trespass committed by Cruz Construction on March 1, 2003, under four theories: (1) retention of control, (2) conventional principles of trespass liability, (3) assumption of liability under the State-issued TWUP, and (4) by operation of the Federal Land Planning and Management Act ("FLPMA") and applicable regulations.[27] The Court

---

[23]  Id. at 323-325.

[24]  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

[25]  Id. at 255.

[26]  Id. at 248-49.

[27]  Docket 86 at 31.

finds Plaintiffs' third theory most persuasive and therefore does not address Plaintiffs' other theories.

GVEA moves to dismiss Plaintiffs' trespass claims against GVEA for torts committed by Cruz Construction and argues that the relationship between GVEA and Cruz Construction is too remote.[28] GVEA asserts that other than obtaining permits necessary for the project, GVEA had nothing to do with the alleged March 1, 2003, trespass[29] and that obtaining permits does not make GVEA liable for trespass where no evidence exists that GVEA employees entered the allotment.[30] GVEA's involvement is simply too remote to justify imposing any liability on GVEA.[31]

The TWUP issued to GVEA as permittee for extraction of water from Seven Mile Lake contains several conditions, two of which the Court finds significant.  <u>Condition 7</u> declares:

> This authorization does not authorize the permittee to enter upon any lands until proper rights-of-way, easements, or permission documents, from the appropriate landowner have been obtained.[32]

Additionally, <u>Condition 10</u> declares:

---

[28]    Docket 77 at 3.

[29]    Docket 103 at 4.

[30]    <u>Id.</u> at 14.

[31]    <u>Id.</u>

[32]    Docket 77, Ex. 5 at 4.

> *Permittee is responsible for the actions of contractors, agents, or other persons who perform work to accomplish the approved project*, and shall ensure that workers are familiar with the requirements of this authorization.[33]

Plaintiffs assert in their Opposition (Docket 86) that Condition 10 amounts to an express assumption of liability by GVEA. Significantly, GVEA neither addresses the implications of Condition 10 in its Motion (Docket 74), nor in its Reply brief (Docket 103).

The Court notes that Condition 10 appears to apply even if GVEA and Cruz Construction were not in a direct contractual relationship at the time of the trespass, as GVEA alleges.[34] The Court also notes that the issues of whether GVEA directed Cruz Construction where to obtain water, had knowledge of the location of Cruz Construction's operations, or otherwise controlled the

---

[33] Id. (emphasis added).

[34] The parties do not dispute that during the summer of 2002, GVEA contracted directly with Cruz Construction to clear a right of way for the intertie. See Docket 86 at 6 & Ex. 3 at 1; Docket 34 at 5. By 2003, however, Cruz Construction was apparently no longer under direct contract with GVEA. Docket 103, at 10. Plaintiffs neither allege, nor attempt to infer from Mr. Cruz's deposition that a direct contractual relationship existed between GVEA and Cruz Construction in March 2003. See Docket 86, at 6 & Ex. 3 at 1. Mr. Cruz testified that during the winter of 2002/2003 Cruz Construction was under contract with Global Power. Id. Admittedly, the text of Mr. Cruz's deposition does not rule out the possibility that Cruz Construction was still under contract with GVEA when it was contracting with Global Power. However, since Plaintiffs have not advanced this argument, the Court will not indulge it.

actions of Cruz Construction[35] appear irrelevant to the application of Condition 10. Also irrelevant is GVEA's contention that Black & Veatch Corp., not GVEA, provided the TWUP to Cruz Construction because GVEA is the permittee.

The necessary inquiry, therefore, is whether Cruz Construction was a "contractor[], agent[], or other person[] who perform[ed] work to accomplish the approved project" authorized by the TWUP, i.e., construct/maintain ice roads/bridges for the Northern Intertie Transmission Line Project.[36]

The Court finds Condition 10 raises a genuine issue of material fact as to whether GVEA assumed liability under the TWUP and whether Cruz Construction comes within the category of "agent" or "other persons who perform work to accomplish the approved project" and casts doubt on GVEA's entitlement to judgment as a matter of law. GVEA's Motion for Summary Judgment on Plaintiffs' trespass claims is therefore **DENIED**.

B.  **Civil Rights Violations**

Plaintiffs allege that GVEA is liable for deprivation of Plaintiffs' property rights and seek relief under 42 U.S.C. § 1983 on the grounds that GVEA assumed liability under the TWUP and by

---

[35]   Docket 103 at 15.

[36]   See generally Docket 77, Ex. 5.

operation of FLMPA and applicable regulations.[37] GVEA moves for summary judgment on Plaintiffs' claims under 42 U.S.C. § 1983 on the grounds that the mere holding TWUP and FLPMA permits is an insufficient basis for liability under § 1983.[38]

A plaintiff alleging a cause of action under 42 U.S.C. § 1983 "must demonstrate a deprivation of a right secured by the Constitution or laws of the United States, and that the defendant acted under color of state law."[39] "The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights."[40]

A § 1983 claim can also lie against a private party "if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may fairly be treated as that of the State itself."[41] For example, when a private

---

[37] Docket 34 at 10; Docket 86 at 46-47.  42 U.S.C. § 1983 provides in relevant part:
>  Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

[38] Docket 103 at 17-19.

[39] Kirtley v. Rainey, 326 F.3d 1088, 1092 (9th Cir. 2003) (citing West v. Adams, 487 U.S. 42, 48 (1988)).

[40] Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

[41] Single Moms, Inc. v. Montana Power Co., 331 F.3d 743, 747 (9th Cir. 2003) (quoting Brentwood Acad. v. Tenn. Secondary Sch.

party is a "willful participant in joint action with the State or its agents,"[42] exercises some control over a state official's actions,[43] or "deliberately cloak[s] [him- or herself] with the authority of the state"[44] the private party may be held to have acted under color of state law.

Plaintiffs concede that no GVEA employee was present at the Kubanyi allotment on March 1, 2003.[45] Plaintiffs assert that the TWUP requires GVEA as the permittee to obtain consent from all landowners before entry upon private lands.[46] Specifically, Plaintiffs point to Condition 10 which declares: "Permittee shall be responsible <u>for all actions</u> of contractors, agents, or other persons who perform work to accomplish the approved project."[47]

While Condition 10 indicates that GVEA is responsible for all actions of contractors, agents, or other persons who perform work to accomplish the approved project, it does not render GVEA liable under all the same theories of liability. The Court is

---

Athletic Ass'n., 531 U.S. 288, 295 (2002)).

[42]   Kirtley, 326 F.3d at 1092 (quoting Dennis v. Sparks, 49 U.S. 24, 27 (1980)).

[43]   King v. Massarweh, 782 F.2d 825, 829-30 (9th Cir. 1986) (citing Arnold v. IBM, 637 F.2d 1350, 1356 (9th Cir. 1981)).

[44]   Howerton v. Gabica, 708 F.2d 380, 384-85 (9th Cir. 1983).

[45]   Docket 86 at 46.

[46]   Id. at 46-47 (citing Docket 74, Ex. 5).

[47]   Id. (emphasis added).

aware of nothing in the permit or in any other authority that would circumvent the codified and judicially-recognized elements of a § 1983 action as set forth above. The result is no different with respect to Plaintiffs' claim under FLPMA.[48] While this and other regulations may require that GVEA bear a portion of liability if it is ultimately established that a trespass occurred, it does not obviate the need to prove the elements of a § 1983 claim.

There is no evidence that GVEA did anything in owning the Intertie Project and obtaining permits from the state that would constitute a state action. GVEA sought permits as a private entity. The State of Alaska issued the permits. Plaintiffs neither allege any flaw with the permitting process, nor that GVEA was a willing participant in any colorable state action. GVEA's actions in applying for and obtaining state and federal permits are insufficient to qualify as action "under color of any statute, ordinance, regulation, custom, or usage."[49]

---

[48] Plaintiffs assert that federal regulations impose liability upon GVEA "to the United States and to third parties for any damage or injury they incur in connection with your use and occupancy of the right-of-way." Docket 86 at 47 (citing 43 CFR § 2807.12) (emphasis added).

[49] 42 U.S.C. § 1983. The Court finds Plaintiffs' citation of Hammond v. County of Modera, 859 F.2d 797, 801 (9th Cir. 1988), inapposite. See Docket 86 at 41-42. GVEA, unlike the county officials in Hammond, is not a public official. For a private entity to be liable under § 1983, a greater showing is required. See supra text accompanying notes 41-44.

The Court concludes that regardless of whether Plaintiffs' property rights were violated by trespass, as a matter of law, GVEA did not act under color of state law by merely having applied for and held state and federal permits. Accordingly, GVEA's Motion for Summary Judgment on Plaintiffs' § 1983 claims is **GRANTED**.

### C. Plaintiffs' Cross Motion

Plaintiffs bring a Cross Motion for Summary Judgment seeking a determination that GVEA is liable for trespasses in 2002 and 2003. The Court finds that genuine issues of material fact exist as to whether a trespass occurred.

Plaintiffs also seek a determination that GVEA is liable under 42 U.S.C. § 1983 for deprivation of property rights. For the reasons discussed <u>supra</u> in Section IV.B., the Court concludes that Plaintiffs fail to establish the requisite elements of a § 1983 claim against GVEA.

Plaintiffs' Cross Motion for Partial Summary Judgment is hereby **DENIED** as to Defendant GVEA.

### V. CONCLUSION

For the aforesaid reasons, GVEA's Motion for Summary Judgment (Docket 74) is hereby **GRANTED** with respect to Plaintiffs' claims under 42 U.S.C. § 1983 and **DENIED** with regard to all other

claims. Plaintiffs' Cross Motion for Partial Summary Judgment (Docket 88) is **DENIED** as to GVEA. The matter shall proceed in due course.

        ENTERED this 15th day of November, 2006.

                              S/RALPH R. BEISTLINE
                              UNITED STATES DISTRICT JUDGE