

# United States Department of the Interior



BUREAU OF LAND MANAGEMENT
ALASKA STATE OFFICE
222 W. 7th Avenue, #13
ANCHORAGE, ALASKA 99513-7599

F-14577 (2561)
F-028718 (2627)
(964) RR/FJR

SEP 23 1992

ICC Realty

SEP 2 1 1992

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

## DECISION

| | | |
|---|---|---|
| Heirs of Nora Kubanyi | : | F-14577 |
| c/o Tanana Chiefs Conference, Inc. | : | Native Allotment Application |
| 122 First Avenue | : | |
| Fairbanks, Alaska 99701-4897 | : | |
| | : | |
| State of Alaska | : | F-028718 |
| Department of Natural Resources | : | General Purposes Grant |
| Division of Land | : | State Selection Application |
| Title and Contracts Section | : | |
| 3601 C Street, Suite 960 | : | |
| Anchorage, Alaska 99503 | : | |

Native Allotment Application Approved
State Selection Application Rejected in Part
Native Allotment Application Conformed to Survey

Subj to 25' R&x to Bonnifield Trail

On November 22, 1971, the Bureau of Indian Affairs (BIA) filed Native allotment application F-14577 and evidence of use and occupancy on behalf of Nora Kubanyi. The application was filed under the provisions of the Act of May 17, 1906, as amended, 43 U.S.C. 270-1 to 270-3 (1970), which was repealed with a savings provision by the Alaska Native Claims Settlement Act (ANCSA) of December 18, 1971, 43 U.S.C. 1617. The application indicates use and occupancy since August 18, 1963, for approximately 160 acres of unsurveyed land located within Secs. 6 and 7, T. 8 S., R. 7 W., Fairbanks Meridian, Alaska.

The application was not legislatively approved and must be adjudicated because on June 1, 1981, a valid protest was filed by the State of Alaska under the criteria set forth in Sec. 905(a)(5) of the Alaska National Interest Lands Conservation Act (ANILCA) of December 2, 1980, 43 U.S.C. 1634. Section 905(a)(5) states in pertinent part:

EXHIBIT 3
PAGE 1 OF 5

> . . . the Native allotment application shall be adjudicated pursuant to the requirements of the Act of May 17, 1906, as amended, if on or before the one hundred and eightieth day following the effective date of this Act--
>
> (B) The State of Alaska files a protest with the Secretary stating that the land described in the allotment application is necessary for access to lands owned by the United States, the State of Alaska, or a political subdivision of the State of Alaska, to resources located thereon, or to a public body of water regularly employed for transportation purposes, and the protest states with specificity the facts upon which the conclusions concerning access are based and that no reasonable alternatives for access exist.

Based upon the field examination of April 1, 1977, the applicant claimed hunting, trapping and berry picking. The field examiner found ample evidence of use and occupancy. The applicant had cleared and improved the area with a trailer, cabin, outhouse, meat cache and two airstrips. This office has determined that at the time the claim was initiated, the lands were vacant, unappropriated and unreserved and the applicant has satisfied the use and occupancy requirements of the Act of May 17, 1906, as amended. Therefore, Native allotment application F-14577 is hereby approved as to the lands described above.

All applications approved pursuant to the Act of May 17, 1906, are subject to the provisions of the Act of March 8, 1922, as amended, 43 U.S.C. 270-11 and 270-12. It has been determined that the above-described lands are without value for minerals; therefore, none shall be reserved to the United States.

The Act of May 17, 1906, as amended, allows Alaska Natives to acquire an allotment by proof of substantially continuous use and occupancy for a period of five years. As defined in the regulations in 43 CFR 2561.0-5a:

> . . . Such use and occupancy must be substantial actual possession and use of the land, at least potentially exclusive of others . . . .

According to information in the case file, public use of the Rex to Bonnifield Trail (Trail #70 on Map 100 of the Alaska Existing Trail System Map, 1973) began in 1952, which is prior to the applicant's claimed use and occupancy. This trail is also depicted on USGS Quadrangle Fairbanks A-5, as an unimproved dirt trail. On this quad map and in the field report the trail is identified as a winter trail. Therefore, the applicant's use of this trail was not potentially exclusive of others and the Certificate of Allotment, when issued, will be subject to the trail.

On November 27, 1961, the State of Alaska filed general purposes grant selection application F-028718 pursuant to Sec. 6(b) of the Alaska Statehood Act of July 7, 1958 (72 Stat. 339), as amended, for lands in the west half of T. 8 S., R. 7 W., Fairbanks Meridian, excluding Trade and Manufacturing (T&M) Site applications F-027156 and F-027157. The T&M site applications were subsequently closed. On November 22, 1971, the same lands were segregated by the filing of Nora Kubanyi's Native allotment application F-14577.

EXHIBIT 3
Page 2 of 5

Section 6(b) of the Alaska Statehood Act of July 7, 1958, provides that the State may only select <u>vacant</u>, <u>unappropriated</u>, and <u>unreserved</u> public lands in Alaska. At the time the State application was amended on June 16, 1972, these lands were not vacant, unappropriated and unreserved. Therefore, State selection application F-028718 is rejected as to the lands in conflict with Native allotment application F-14577 and all the minerals therein.

The Certificate of Allotment will reserve the following to the United States:

> A right-of-way for ditches or canals constructed by the authority of the United States pursuant to the Act of August 30, 1890, 43 U.S.C. 945.

This allotment shall be subject to:

> The continued right of public access along the non-exclusive use Rex to Bonnifield Trail not to exceed 25 feet in width.

The survey of this Native allotment application was officially filed on June 17, 1992, and a copy is enclosed.

The official surveyed description of the claim is as follows:

> U.S. Survey No. 9954, Alaska, situated on the easterly, southerly, and westerly shores of Seven Mile Lake, (local name), approximately 9 miles southeasterly from Anderson, Alaska.

Containing 159.98 acres.

Tanana Chiefs Conference, Inc., acting for the applicant has 60 days from the receipt of this decision to notify this office in writing, if the survey as described does not contain all the improvements originally intended to be on this parcel. Any claim that the surveyed location is different than the intended location must be clearly supported by evidence of the error. Pursuant to Sec. 905(c) of ANILCA, you <u>cannot</u> change the location of the allotment after the expiration of the 60 days allowed in this decision. Unless so notified, the allotment application will be considered correctly surveyed.

Any party, other than Tanana Chiefs Conference, Inc., who has concerns regarding the survey, must submit those concerns within 30 days.

An appeal from this decision may be taken to the Interior Board of Land Appeals, Office of Hearings and Appeals, in accordance with the enclosed regulations in Title 43 <u>Code of Federal Regulations</u> (CFR), Part 4, Subpart E. The appellant has the burden of showing that the decision appealed from is in error.

If an appeal is taken, the notice of appeal must be filed with the Bureau of Land Management, Alaska State Office, 222 West Seventh Avenue, #13, Anchorage, Alaska 99513-7599, within 30 days of the receipt of this decision. Do not send the appeal directly to

the Board. The appeal and case history file will be sent to the Board from this office. The regulations also require the appellant to serve a copy of the notice of appeal, statement of reasons, written arguments or briefs on the Regional Solicitor, Alaska Region, U.S. Department of the Interior, 4230 University Drive, Suite 300, Anchorage, Alaska 99508-4626. To avoid summary dismissal of the appeal, there must be strict compliance with the regulations. Form 1842-1 is enclosed for additional information.

If an appeal is filed, each party named in the heading of this decision must be served.

*Frances J. Reed*

Frances J. Reed
Lead Land Law Examiner
Branch of Doyon/Northwest Adjudication

Enclosures:
Form 1842-1
Appeal Regulations
Survey plat
MTP

Copy furnished to:

Jimmy Edward Kubanyi
General Delivery
Nulato, Alaska  99765
(w/plats)

Don Michael Kubanyi
Box 81431
Fairbanks, Alaska  99701
(w/plats)

Eileen Kubanyi Welton
627 Bottles Street
North Pole, Alaska  99705
(w/plats)

Elizabeth Kubanyi Tuzroyluke
Box 36
Point Hope, Alaska  99766
(w/plats)

Doris Marie Kubanyi
Box 81367
Fairbanks, Alaska 99701
(w/plats)

Victor John Kubanyi
1929 Kittiwake Drive
Fairbanks, Alaska 99701
(w/plats)

Bobby Lloyd Kubanyi
Arlette Jean Kubanyi
93 Timberline Drive
Fairbanks, Alaska 99701
(w/plats)

Bureau of Indian Affairs
Alaska Title Services Center (ATSC)
1675 C Street
Anchorage, Alaska 99501-5198
(certified true copy)
(w/plats)

Bureau of Indian Affairs
Federal Building & Courthouse
101 12th Avenue, Box 16
Fairbanks, Alaska 99701-6270
(w/plats)

Larry Ethelbah
Rights Protection Officer
Juneau Area Office
Bureau of Indian Affairs
P.O. Box 25520
Juneau, Alaska 99802-5520
(w/plats)