Michael J. Walleri
Law Offices of Michael J. Walleri
330 Wendell Street, Suite E
Fairbanks, Alaska 99701
(907) 452-4716
(907) 452-4725 (Facsimile)
Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DON M. KUBANYI, JIMMY KUBANYI, AILEEN WELTON, ELIZABETH TUZROYLUK, DORIS KUBANYI, VICTOR KUBANYI, BOBBY KUBANYI, ARLETTE KUBANYI, and BRIAN BAGGETT,<br><br>Plaintiff(s),<br><br>vs.<br><br>GOLDEN VALLEY ELECTRIC ASSOCIATION, DAVE CRUZ, individually and d/b/a/ CRUZ CONSTRUCTION, BLACK & VECH CORPORATION, JAKE COVEY AND PATRICK NELSON,<br>                 Defendants. | **PARTIAL OPPOSITION TO GVEA MOTION FOR PROTECTIVE ORDER**<br><br>Case No. 4:04-cv-0026- RRB |

GVEA has sought a protective order prohibiting the Kubanyi's from offering testimony respecting GVEA's offer to settle the Kubanyi's trespass claims pursuant to Fed. R. Evid. 408. Plaintiff's oppose in part because the remedy sought by GVEA may exceed the proper scope of Fed. R. Evid. 408.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

GVEA's quotation of the rule omits an important and well recognized exception. The full text of the rule reads:

> Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible. <u>This rule does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations. This rule also does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.</u>

Fed. R. Evid. 408 (underline material omitted from Defendant's quotation).

The Ninth Circuit clearly accepts that public policy favoring and encouraging settlement makes necessary the inadmissibility of settlement negotiations in order to foster frank discussions. *United States v. Contra Costa County Water Dist.*, 678 F.2d 90, 92 (9th Cir. 1982)[1]  Clearly, "If a party offers evidence from settlement negotiations "to prove liability for . . . the claim," that evidence must be excluded. Fed. R. Evid.-408"[2]  However, as the above underlined quote of the rule indicates, evidence of settlement negotiations may be admissible for "other purposes." Statements made

---

[1] See also, Wright & Graham, *Federal Practice and Procedure*: Evidence, § 5302 (1980); Weinstein & Berger, *Weinstein's Evidence*, § 408[1] (1986).
[2] *Coogan v. Avnet, Inc.,* 68 Fed. R. Evid. Serv. (CBC) 760 (D. Ariz. Oct. 24, 2005)

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Kubanyi v. GVEA* Case No. F04-0026                                                                          2 of 4
Plt. Opposition to Motion for Protective Order

during the course of settlement negotiations, if otherwise excludable, may be admissible under the rule, for "other purposes."[3]  The trial court has discretion on the issue of whether to admit such evidence for another purpose under Rule 408.[4]

The correspondence submitted by GVEA illustrates the problem in the context of this case.  Paul Mayo, as the TCC Realty Officer under contract to the Bureau of Indian Affairs to represent Native allotees in land management negotiations, was negotiating with GVEA respecting access to Seven Mile Lake.  As the correspondence indicates, the proposed settlement discussions included two issues: i.e. access to the lake in the future, and settlement of trespass claims.  Mr. Mayo is capable of testifying as to his belief as to what the value of such ROW would have been without reference to any discussion as to settlement of trespass claims.  The Plaintiff's would not oppose a protective order excluding any reference to negotiations about the settlement of trespass claims.  The Plaintiff's would object to an exclusion of testimony respecting negotiations between TCC and GVEA respecting future access to the Lake, or to Mr. Mayo's professional opinion about what such access would  be worth.  The order sought by the Defendants exceeds the purpose and policy of Fed. R. Evid 408.  Therefore, the  Kubanyis' would recommend that the Court modify GVEA's proposed order as follows:   In the last

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

---

[3] *Bituminous Const., Inc. v. Rucker Enterprises, Inc.*, 816 F.2d 965, 968 (4th Cir. 1987
[4] Id.

*Kubanyi v. GVEA* Case No. F04-0026                                                                 3 of 4
Plt. Opposition to Motion for Protective Order

sentence of the order, strike the word "this" before the word "claim" and in its stead insert "the Kubanyi's trespass", and to add, after the word 'claim', the word, 'only."

DATED this 17th day of November , 2006.

MICHAEL J. WALLERI

/s/ Michael J. Walleri
Law Offices of Michael J. Walleri
330 Wendell Street, Suite E
Fairbanks, Alaska 99701
(907) 452-4716
(907) 4524725 (Facsimile)
walleri@gci.net
AK Bar No. 7906060

Certificate of Service
I hereby certify that under penalty of perjury that a true and correct copy of the foregoing was sent to the following counsel of record on November 17, 2006, 2006 via ECMl and U.S. Mail to:

Mr. Venable Vermont, Jr.
Assistant Attorney General
Department of Law
1031 W. Fourth Ave., Suite 200
Anchorage, Ak  99501

Mr. Cory Borgeson
Boreson & Burns, P.C.
100 Cushman Street, Suite 31
Fairbanks, Alaska 99701

Mr. Eric P. Gillett
Preg O'Donnell & Gillett, P.C.
1800 Ninth Ave., Suite 1500
Seattle, WA  98101-1340

Mr. Daniel T. Quinn
Richmond & Quinn
360 K Street, Suite 200
Anchorage, AK 99501-2038

/s/ Michael J. Walleri

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Kubanyi v. GVEA* Case No. F04-0026
Plt. Opposition to Motion for Protective Order

4 of 4