Michael J. Walleri
Law Offices of Michael J. Walleri
330 Wendell Street, Suite E
Fairbanks, Alaska  99701
(907) 452-4716
(907) 452-4725 (Facsimile)
Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DON M. KUBANYI, JIMMY KUBANYI, AILEEN WELTON, ELIZABETH TUZROYLUK, DORIS KUBANYI, VICTOR KUBANYI, BOBBY KUBANYI, ARLETTE KUBANYI, and BRIAN BAGGETT,<br><br>        Plaintiff(s),<br><br>vs.<br><br>GOLDEN VALLEY ELECTRIC ASSOCIATION, DAVE CRUZ, individually and d/b/a/ CRUZ CONSTRUCTION, BLACK & VECH CORPORATION,  JAKE COVEY AND PATRICK NELSON,<br>        Defendants. | **OPPOSITION TO GVEA'S MOTION TO AMEND ANSWER AND FILE COUNTERCLAIMS.** |

Case No. 4:04-cv-0026- RRB

      The above named Plaintiff's, collectively referred to as the Kubanyi's, hereby oppose the motion of Defendant, Golden Valley (GVEA) seeking leave to file an amended answer with counterclaim.   GVEA seeks to now allege, for the first time,

**Michael J. Walleri**
*Attorney at Law*
330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

that the Kubanyi's engaged in a tortuous interference with an easement. By necessary implication, the claim affirmatively challenges Kubanyis' title to the land in dispute.[1] The Court should deny the motion because it is untimely, is futile, and will cause prejudice to the plaintiffs.

The Kubanyis brought this action asserting claims against GVEA, and its contractors for trespass upon their Native allotment. The case was commenced on October 4, 2004. As is the normal course, the parties submitted a planning report setting out proposed pre-trial dates, and, based upon that report, the Court entered an pre-trial order setting a deadline for the filing of July 30, 2005. In February, 2005, the Plaintiff's filed an amended complaint, and Defendants filed answers. Sixteen months after that deadline established in the pre-trial order, GVEA seeks to amend its answer and bring, for the first time, a counterclaim against the Kubanyi's.

As a general matter, the court has discretion to allow parties to amend their pleadings "in light of the strong policy permitting amendment."[2] Whether leave to amend should be granted is generally determined by considering the following

---

[1] See *Heffle v. State, 633 P.2d 264 (Alaska, 1981)* (criminal charge of interference with state right of way across Native Allotment necessarily implicated adjudication to Native allotment title.
[2] *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798 (9th Cir. 1991) citing *Moore v. Kayport Package Express*, 885 F.2d 531, 537 (9th Cir. 1989) (quoting *Thomas-Lazear v. FBI*, 851 F.2d 1202, 1206 (9th Cir. 1988)

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

factors: "(1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party."[3]   In this case, the amendment is untimely, prejudicial to the plaintiffs and futile, and should therefore be denied.

As noted above, the amendment is clearly untimely.  Untimeliness is exacerbated by the fact that the pleadings have already been amended. Denial of a motion to amend is particularly compelling when the moving party has already amended its pleadings.[4] However, such untimeliness is even more compelling when compounded by futility and prejudice of such an amendment.[5]

The proposed amendment is futile because it basically seeks to adjudicate an interest (i.e. the easement) in the Native allotment, which essentially seeks to challenge and set aside a portion of the Certificate of Native Allotment issued to the Kubanyi's.[6]  In such a claim, the United States government is a necessary and

---

[3] *Texaco, Inc. v. Ponsoldt, supra, citing United States v. Pend Oreille Pub. Util. Dist. No. 1*, 926 F.2d 1502, 1511 (9th Cir. 1991) (quoting *Hurn v. Retirement Fund Trust*, 648 F.2d 1252, 1254 (9th Cir. 1981))
[4] *Texaco, Inc. v. Ponsoldt, supra,* Citing *Allen v. City of Beverly Hills,* 911 F.2d 367, 373 (9th Cir. 1990).
[5] Id.
[6] See *Heffle v. State, 633 P.2d 264 (Alaska, 1981)* (criminal charge of interference with state right of way across Native Allotment necessarily implicated adjudication to Native allotment title

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Kubanyi v. GVEA* Case No. F04-0026                                                                 3 of 6
Op.: GVEA Mot. To Amend

indispensable party.[7]  Moreover, such claims against the United States are barred by sovereign immunity.  The Quiet Title Act[8] is the sole means of challenging U.S. title, but the Indian title exception[9] to that statute operates to retain United States' immunity from suit by third parties challenging United States' title to land held in trust or restricted status.  *United States v Mottaz*, 476 US 834, 90 L Ed 2d 841, 106 S Ct 2224 (1986)  Thus, the amendment is clearly futile in that it brings an affirmative challenge to the terms and conditions of the Kubanyi's certificate of allotment, which requires joinder of the United States, which has not waived its sovereign immunity to such claims.  The amended claim does not join the U.S. to challenge the title of the Kubanyi's, which is required, nor could it join the U.S. because of the government's sovereign immunity under the Quiet Title Act.  Consequently, the proposed amendment is futile.

Finally, the amendment would be prejudicial to the Plaintiffs in both the substantive and procedural sense.  On one hand, the claim, if allowed, would deny the Kubany's substantive rights to be free to enjoy their property to the exclusion of all others, and to free from claims against their title as provided under *United States*

---

[7] *Imperial Granite Co. v Pala Band of Mission Indians*, 940 F2d 1269 (9th Cir., 1991)  [In suit brought to establish plaintiff's interest in Indian trust lands, United States was indispensable party; thus, plaintiff's failure to join United States as such party required dismissal of action.]
[8] 28 USC 2409
[9] 28 USC 2409a

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*v Mottaz*.  In other words, it would require the Kubanyi's to defend a claim that is properly a claim against the United States, which issued the certificate of title. Additionally, the motion would be prejudicial to the Kubanyi's in the procedural sense, in that the granting of a motion to amend to bring a futile claim would require the Kubanyi's to file a motion to dismiss, to which the Kubanyi's have a clear an obvious right.  In other words, the challenge to the Kubanyi's title raised by GVEA's counterclaim is frivolous, and that amending the complaint to state a frivolous claim imposes an unreasonable burden upon the Kubanyi's that is more properly defended by the U.S. government.

    For the above reasons, the Court should deny GVEA's motion to amend its answer to bring an untimely claim that is so futile as to render it frivolous.

DATED this 22nd day of November, 2006.

                      MICHAEL J. WALLERI

                      /s/ Michael J. Walleri
                      Law Offices of Michael J. Walleri
                      330 Wendell Street, Suite E
                      Fairbanks, Alaska 99701
                      (907) 452-4716
                      (907) 4524725 (Facsimile)
                      walleri@gci.net
                      AK Bar No. 7906060

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Kubanyi v. GVEA* Case No. F04-0026          5 of 6
Op.: GVEA Mot. To Amend

<u>Certificate of Service</u>
I hereby certify that under penalty of perjury that a true and
correct copy of the foregoing was sent to the following counsel
of record on November 22, 2006, 2006 via ECMl and U.S. Mail to:

Mr. David Floerchinger
Assistant Attorney General
Department of Law
1031 W. Fourth Ave., Suite 200
Anchorage, Ak  99501

Mr. Cory Borgeson
Boreson & Burns, P.C.
100 Cushman Street, Suite 31
Fairbanks, Alaska 99701

Mr. Eric P. Gillett
Preg O'Donnell & Gillett, P.C.
1800 Ninth Ave., Suite 1500
Seattle, WA  98101-1340

Mr. Daniel T. Quinn
Richmond & Quinn
360 K Street, Suite 200
Anchorage, AK 99501-2038

/s/ Michael J. Walleri

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Kubanyi v. GVEA* Case No. F04-0026
Op.: GVEA Mot. To Amend