Borgeson & Burns, PC
100 Cushman Street, Suite 311
Fairbanks, AK 99701
(907) 452-1666
(907) 456-5055 – facsimile

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

Don M. Kubanyi, Jimmy Kubanyi, Aileen Welton, Elizabeth Tuzroyluk Doris Kubanyi, Victor Kubanyi, Bobby Kubanyi, Arlette Kubanyi,

Plaintiffs,

vs.

Golden Valley Electric Association, Dave Cruz, individually and d/b/a Cruz Construction,

Defendants.

Case No. F04-0026 CIV RRB

**MOTION AND MEMORANDUM FOR SUMMARY JUDGMENT DISMISSING PLAINTIFFS' CLAIMS AGAINST GVEA PREMISED ON WATER PERMIT BETWEEN GVEA AND THE STATE OF ALASKA**

Defendant, Golden Valley Electric Association, moves this Court for summary judgment. Golden Valley Electric Association ("GVEA") moves for a judgment on the pleadings dismissing Plaintiffs' only remaining claims against GVEA premised on the water permit between GVEA and the State of Alaska. This motion is based on Fed. R. Civ. P. 12(c), 12(h) and 56. This motion is further based on the pleadings and the following memorandum of law.

## FACTS

Plaintiffs have asserted vicarious liability claims against GVEA based on the alleged trespass of Cruz Construction, Inc. ("Cruz").

Plaintiffs' claims against GVEA are premised on the fact that Black and Veatch, Inc., obtained a temporary water use authorization ("TWUP") from the State of Alaska, Department of Natural Resources on behalf of GVEA. The TWUP authorized GVEA to withdraw water from several identified sources (including Seven Mile Lake). This water was to be used for the construction/maintenance of the ice road servicing the Northern Intertie Transmission Line Project.[1]

Plaintiffs have specifically identified condition Nos. 7 and 10 of the TWUP as their basis for alleging GVEA is liable to the Plaintiffs for Cruz's alleged trespass.[2]

Condition No. 7 of the TWUP provides:

> "This authorization does not authorize the permittee to enter upon any lands until proper rights-of-way, easements, or permission documents, from the appropriate land owner have been obtained."

Condition No. 10 of the TWUP provides:

> Permittee is responsible for the actions of contractors, agents, and other persons who perform work to accomplish the approved project, and shall ensure that workers are familiar with the requirements of this authorization. For any activity that significantly deviates from the approved project during its siting, construction, or operation, the permittee is required to contact the water resources section and obtain approval before beginning the activity.

---

1 See Plaintiff's First Amended Complaint and Exhibits.

2 *Id.*

In this Court's Order Regarding Motion for Summary Judgment at Docket 75[3], the Court observed that the TWUP issued to GVEA as permittee for extraction of water contained those two significant provisions. However, the Court did not address whether GVEA contractually assumed liability to the State of Alaska or directly to the Plaintiffs.

## ARGUMENT

### Rule 12 Standard of Review

Judgments on the pleadings pursuant to Rule 12(c) are reviewed *de novo*. A judgment on the pleadings is properly granted when, taking all allegations in the pleading as true, the moving party is entitled to judgment as a matter of law.[4]

Pursuant to Fed. R. Civ. P. 12(c), a judgment on the pleadings is appropriate if material facts are not in dispute and questions of law are all that remain.[5] A Rule 12(c) motion is subject to the same standard as a Rule 12(b)(6) motion to dismiss and should be granted if "it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." [6] In this case, Plaintiffs failed to state a claim against

---

[3] See Document 143, filed electronically on November 15, 2006.

[4] *McGann v. Ernst & Young*, 102 F.3d 390, 392 (C.A.9 1996) (citing *Merchants Home Delivery Service, Inc. v. Hall & Co.,* 50 F.3d 1486, 1488 (9th Cir.) (citation omitted), *cert. denied sub nom. Prometheus Funding Corp. v. Merchants Home Delivery Services, Inc.,* 516 U.S. 964, 116 S.Ct. 418, 133 L.Ed.2d 335 (1995)).

[5] *See Hebert Abstract Co. v. Touchstone Properties, Ltd.,* 914 F.2d 74, 76 (5th Cir.1990); *Voest-Alpine Trading USA Corp. v. Bank of China* 142 F.3d 887, 891 (C.A.5 1998).

[6] *All America Ins. Co. v. Broeren Russo Const., Inc.,* 112 F.Supp.2d 723, 728 (C.D.Ill.,2000) (citing *GATX Leasing Corp. v. National Union Fire Ins. Co.,* 64 F.3d 1112, 1114 (7th Cir.1995) (quoting *Thomason v. Nachtrieb,* 888 F.2d 1202, 1204 (7th Cir.1989).

GVEA for which relief may be granted. The facts and law show Plaintiffs have failed to state any claim against GVEA based on the TWUP.

The TWUP created a duty and corresponding potential liability for GVEA **only as to the State of Alaska** and not as to the Plaintiffs. The State of Alaska faces no exposure to the Plaintiffs caused by the alleged trespass of Cruz. GVEA cannot be liable to the State of Alaska for any of Plaintiffs' claims and the Plaintiffs have no direct contractual claims against GVEA based on the TWUP. No genuine issues of material fact exist as to Plaintiffs claims based on the TWUP.

### Rule 56 Standard of Review

FRCP 56(c) authorizes the District Court to enter summary judgment when the motion papers, affidavits, and other evidence submitted to the court show that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. In *Randall v. City of Fairbanks*,[7] the reviewing court stated:

> Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be granted if there is no genuine dispute as to material facts and if the moving party is entitled to judgment as a matter of law. The moving party has the burden of showing that there is no genuine dispute as to material fact.[8] The moving party need not present evidence; it needs only point out the lack of any genuine dispute as to material fact.[9] Once the moving party has met this burden, the nonmoving party must set forth evidence of specific facts showing the existence of a genuine issue for trial.[10] All evidence presented by the non-

---

[7] 352 F.2d 1028, 1033 (2005).

[8] Id. (citing *Celotex Corp. v. Catrett*, 477 U.S.317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1968).

[9] Id. (citing *Celotex* at 323-25, 106 S.Ct. 2548).

[10] Id. (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49, 106 S.Ct. 2505, 91 L.ED.2d 202 (1986)).

> movant must be believed for purposes of summary judgment, and all justifiable inferences must be drawn in favor of the non-movant. [11] However, the nonmoving party may not rest upon mere allegations or denials, but must show that there is sufficient evidence supporting the claimed factual dispute to require a fact-finder to resolve the parties' differing versions of the truth at trial.[12]

**No Genuine Fact Issues Exist as to GVEA's Liability for Trespass**

It is undisputed that no employee or equipment of GVEA was directly involved in the alleged trespass and the court should dismiss the vicarious liability claims against GVEA for the same reasons it recently dismissed identical claims against Black & Veatch.[13] Based on GVEA's review of the recent court order denying GVEA's previous Motion for Summary Judgment on the vicarious trespass claims, the only reason why GVEA is in and Black & Veatch is out is because the court might have believed the TWUP between GVEA and the State created some duty (and consequent liability) to the Kubanyis. It is undisputed that Plaintiffs were not a party to the TWUP contract between GVEA and the State of Alaska. No facts exist, and Plaintiffs have never alleged, Plaintiffs were the intended beneficiaries of the State of Alaska's contract with GVEA.

Consequently, because the Plaintiffs were not a party to the TWUP, they have no standing to seek compensation based on an alleged violation of conditions No. 7 or No. 10. No genuine fact issues exist that could impose both a duty and liability flowing from GVEA to Plaintiffs under the TWUP. Therefore, Plaintiffs claims

---

[11] Id. (citing *Anderson* at at 255, 106 S.Ct. 2505).

[12] Id. at 352 F.2d 1028, 1033 (2005).

[13] See Order at 140, dated November 15, 2006.

against GVEA based on the State of Alaska's issuing the TWUP must be dismissed as a matter of law pursuant to Fed R. Civ. P. 12(c), 12(h), and 56.

**The TWUP Does Not Create a Private Cause of Action Against GVEA**

GVEA may be contractually responsible **to the State of Alaska** for any harm caused **to the State of Alaska** due to Cruz's unauthorized entry onto private lands. GVEA cannot be responsible to a private land owner unless the State of Alaska demands GVEA indemnify it for any liability the State of Alaska would have to a private land owner under conditions Nos. 7 or 10 of the TWUP. The State of Alaska has never been subject to a trespass claim and is now completely dismissed from this case.

Significantly, although Plaintiffs want to use condition 10 as a basis for liability, Plaintiffs also admit their property was not damaged and they suffered no actual damage due to the alleged trespass.[14]

The TWUP formed a contract between GVEA and the State of Alaska. Therefore, only the parties to that contract, GVEA and the State of Alaska, have legal standing to enforce, or seek monetary compensation for any alleged violation of contract conditions.[15] Plaintiffs' claim that GVEA violated conditions Nos. 7 or 10 of the TWUP, even if true, does not make GVEA liable to Plaintiffs for the acts of an

---

[14] See Plaintiffs' deposition excerpts attached as Exhibit GVEA-A.

[15] See *Durand v. U.S. Customs*, 163 Fed. Appx. 542, 544, 2006 WL 92795, 1 (C.A.9 (Cal. (C.A.9 (Cal.),2006)(citing *Orff v. United States,* 358 F.3d 1137, 1145 (9th Cir.2004) (requiring a plaintiff to show that it is a party to, or the intended beneficiary of, a contract before it can sue for contract breach)).

independent contractor, hired by the general contractor, Global Power.

If Cruz trespassed on the Kubanyi Allotment without proper permission documents from the appropriate land owner as Plaintiffs allege, GVEA, as permittee, may be responsible **to the State of Alaska** for those actions under conditions Nos. 7 or 10 of the TWUP. However, GVEA is not responsible to an individual land owner unless that landowner brings suit against the State. Only then would liability as to GVEA arise, because only then would GVEA be responsible to indemnify the State of Alaska from harms allegedly flowing from the TWUP. GVEA and the State of Alaska contractually agreed to that possibility and GVEA only assumed responsibility for independent contracting agents such as Cruz to the State of Alaska and not to any other third party.

Plaintiffs have not asserted any cause of action against the State of Alaska based on the alleged trespass which Plaintiffs allege occurred because Cruz entered their property to draw water from Seven Mile Lake as permitted by the TWUP. Therefore, Plaintiffs do not have standing to enforce condition Nos. 7 or 10 and make GVEA responsible for the acts of Cruz or any other "persons who performed work to accomplish the approved project."

**Plaintiffs are not Third Party Beneficiaries to GVEA's Contract with the State**

Plaintiffs have not alleged they are intended beneficiaries of GVEA's contract with the State of Alaska. Generally, a third party must present evidence that it was an intended or contemplated beneficiary of a contract before it may sue to enforce

it.[16]

In *Alaska Continental, Inc. v. Trickey,*[17] The Alaska Supreme Court upheld a grant of summary judgment as to a third party's contract claim. The court found that one contracting party's alleged commitment, even if enforceable by the other contracting party, created no right of action in a third party. "Mere reliance on the contract does not make the third party an intended beneficiary."[18]

Just like the third party in *Alaska Continental*, Plaintiffs lack intended beneficiary status as to GVEA's contract with the State of Alaska. Their only viable claim for trespass is against the alleged trespasser, Cruz Construction. Plaintiffs attempt to rely on the TWUP to give them some reason to sue GVEA, a stranger to the trespass. However, Plaintiffs admit no harm came to their property, no damage was done, no money was spent, and no actual damages were suffered by them because of the alleged trespass.[19] The mere existence of a contract between GVEA and the State of Alaska cannot make Plaintiffs the intended beneficiaries of the contract, especially in this case, where no actual damage is alleged and the claim is one for vicarious trespass premised not on the traditional "control" test of agent-principal but rather on a separate contract between GVEA and the State.

---

[16] *Alaska Continental, Inc. v. Trickey,* 933 P.2d 528, 533 (Alaska,1997); *White v. Alaska Ins. Guaranty Ass'n,* 592 P.2d 367, 369 (Alaska 1979) (quoting *Century Ins. Agency v. City Commerce Corp.,* 396 P.2d 80, 82 (Alaska 1964)).

[17] 933 P.2d 528, 533 (Alaska,1997).

[18] Id.

[19] Ex. GVEA-A.

## CONCLUSION

Under Fed. R. Civ. P. 12(c), 12(h) and 12(b)(6), Plaintiffs failed to state any vicarious liability claim based on the TWUP against GVEA for which relief can be granted and there are no facts that would support a direct claim for trespass against GVEA. Under Fed. R. Civ. P. 56, no genuine issues of material fact exist as to Plaintiffs' claims under the TWUP. GVEA respectfully requests this Court dismiss all of Plaintiffs claims against GVEA based on the TWUP.

DATED at Fairbanks, Alaska, this 29th day of November, 2006.

By: s/ Cory R. Borgeson

BORGESON & BURNS, P.C.
100 Cushman Street, Suite 311
Fairbanks, Alaska 99701
Telephone: (907) 452-1666
Facsimile: (907) 456-5055
E-mail: cborgeson@bnblaw.com
ABA #8405009

This is to certify that on this date, a copy of the foregoing document is being served electronically on:

Michael Walleri walleri@gci.net; christin_woodward@yahoo.com
330 Wendell Street, Suite E
Fairbanks, AK 99701

Daniel T. Quinn dquinn@richmondquinn.com; cesary@richmondquinn.com
Richmond & Quinn
360 K Street, Suite 200
Anchorage, AK 99501-2028

Eric P. Gillett egillett@pregodonnell.com; mmorgan@pregodonell.com
Preg O'Donnell & Gillett PLLC
1800 Ninth Avenue, Suite 1500
Seattle, WA 98101-1340

Dave Floerchinger dave_floerchinger@law.state.ak.us;TWC.ECF@law.state.ak.us
Assistant Attorney General
Department of Law
1031 West Fourth Avenue, Suite 200
Anchorage, AK 99501