Borgeson & Burns, PC
100 Cushman Street, Suite 311
Fairbanks, AK 99701
(907) 452-1666
(907) 456-5055 – facsimile

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| Don M. Kubanyi, Jimmy Kubanyi, Aileen Welton, Elizabeth Tuzroyluk Doris Kubanyi, Victor Kubanyi, Bobby Kubanyi, and Arlette Kubanyi, <br><br> Plaintiffs, <br><br> vs. <br><br> Golden Valley Electric Association and Dave Cruz, individually and d/b/a Cruz Construction, <br><br> Defendants. | Case No. F04-0026 CIV |

### DEFENDANT GVEA'S REPLY TO PLAINTIFFS' OPPOSITION TO GVEA'S MOTION TO AMEND ANSWER

Defendant, Golden Valley Electric Association, Inc. ("GVEA") replies to Plaintiffs' Opposition to GVEA's Motion to Amend Answer.

**Title to the Kubanyi Allotment is Not Challenged**

Plaintiffs' claim that GVEA's Motion to Amend Answer and add Counterclaims challenges the Kubanyis' title to the land in dispute. Plaintiffs claim that because of the challenge to title, the United States is a necessary party to GVEA's counterclaims. Plaintiffs' misunderstand GVEA's counterclaims.

GVEA's counterclaims are not based on whether the Kubanyis hold title to the Allotment. Rather, GVEA's counterclaims are based on the Kubanyis' interference with an express easement, known as the Rex to Bonnifield Trail ("Rex Trail"), which runs through their Allotment. The United States has already reserved the Rex Trail easement for public access across the Allotment adjacent to Seven Mile Lake. GVEA now seeks a determination that Plaintiffs are not entitled to keep the public from using this public right of way reservation. No challenge to the Plaintiffs' title to the Allotment has been brought. The only challenge is to the Plaintiffs' right to exclude the public from lawful uses of the right of way already granted by the United States.

The Rex Trail right of way across the Kubanyis' Allotment was reserved by the United States in the original grant and description of the Allotment and the Kubanyis accepted that the trail was not part of their Allotment (Exhibit A). GVEA does not dispute that the Kubanyis have title to a Native Allotment, nor does GVEA dispute the location of that Allotment. GVEA merely seeks to prevent the Kubanyis from interfering with the public's reserved use of the easement that is the Rex Trail right of way which crosses the Allotment. The United States is not a necessary party in determining whether the Kubanyis interfered with the public right of way.

Plaintiffs cite *United States v. Mottaz*,[1] for the premises that: (1) the United States is a required party; and (2) that the United States has sovereign immunity and cannot be joined as a party. Both of these premises are flawed.

---

[1] 476 U.S. 834, 106 S.Ct. 2224 (U.S.Minn.,1986).
Defendant GVEA's Reply to Plaintiffs' Opposition to Motion to Amend Answer
F04-00026 CI
Page 2 of 7

In *Mottaz*, the plaintiff claimed she alone possessed valid title to interests in Indian Allotments and that title asserted by the United States was defective. The Court reversed an order requiring the United States to pay the plaintiff the current value of her interests because the plaintiff's claims were was barred by the Quiet Title Act's 12-year period of limitations.[2]

The ruling in *Mottaz* has no bearing on this case because this matter does not fall within the authority of the Quiet Title Act. GVEA is not asserting that the Kubanyis do not have title to the Allotment and GVEA is not asserting that the United States has defective title. GVEA is merely attempting to keep Plaintiffs from interfering with an existing, expressly granted, right of way across the Allotment. The Quiet Title Act simply does not apply.

Plaintiffs also cite *Imperial Granite Co. v. Pala Band of Mission Indians*,[3] for the premise that the United States is an indispensable party, however, Plaintiffs' premise is again flawed. In *Imperial Granite*, the Ninth Circuit Court of Appeals found that certain tribal officials acted within proper scope of their authority in exercising jurisdiction over a road in the absence of any allegation that a plaintiff, whose access to road was blocked by the tribe, had any property right in road.[4] The *Imperial Granite* complaint alleged only that a portion of the road in control of the Indian Tribe lay on trust land, to which naked title was in the United States and

---

[2] *Id.*
[3] 940 F.2d 1269 (C.A.9 (Cal.),1991).
[4] *Id.*

Defendant GVEA's Reply to Plaintiffs' Opposition to Motion to Amend Answer
F04-00026 CI
Page 3 of 7

beneficial ownership is in the Tribe.[5] In direct contrast to the *Imperial Granite* complaint, GVEA's counterclaim states that the road in question was expressly reserved for public use. Plaintiffs agree that at least a 50 foot public right of way was reserved in their grant of the Allotment.

Unlike the plaintiff in *Imperial Granite*, GVEA alleges that it has a property right in the Rex Trail as expressly reserved to GVEA as a member of the public. It is for the public benefit that the access was initially reserved in the Allotment grant.

GVEA alleges a property right in the Rex Trail easement as a member of the public for whom the right was reserved. In another case Plaintiffs rely on, *Heffle v. State*,[6] the Supreme Court of Alaska stated "[i]t is basic that one may not successfully move for a restraining order to prevent obstruction of an easement if one does not have proper title to or rights in the easement."[7] Unlike the party seeking relief in *Heffle*, GVEA's right in the Rex Trail easement is expressly reserved by the United States, the original grantor of the Kubanyis' Allotment. Therefore, title to the property need not be adjudicated. Rather, this Court must decide whether Cruz's lawful use of the easement was obstructed by Plaintiffs.

### Plaintiffs are not Immune from Suit and Amendment is not Futile

Unlike the tribal officials in *Imperial Granite*, Don Kubanyi and the other Plaintiffs were not acting under any tribal or other official native authority when they deprived Cruz Construction workers use of the Rex Trail to access the State-owned

---

[5] *Id.* at 1272.
[6] 633 P.2d 264, 269 (Alaska, 1981).
[7] *Id.* ; See also *Metzger v. Bose*, 155 Cal.App.2d 131, 317 P.2d 128, 129 (1957). See generally R. Powell, The Law of Real Property P 420 (1979).

Seven Mile Lake. The Plaintiffs have no claim for Sovereign Immunity. "When tribal officials act beyond their authority, they lose their entitlement to immunity of sovereign."[8]

When Don Kubanyi threatened Cruz workers with violence and threatened to use a firearm against them, he far exceeded any authority he might have had to prevent Cruz workers from using the Rex Trail to access Seven Mile Lake. Additionally, any other Plaintiffs who blocked access to Seven Mile Lake from the Rex Trail exceeded their authority by preventing lawful access. Plaintiffs are not immune from suit. GVEA's counterclaims, unlike the complaint in *Imperial Granite*, specifically allege that Plaintiffs' closing Cruz workers' access to Seven Mile Lake from the Rex Trail exceeded the Kubanyis' authority over the Allotment.

GVEA is not asking Plaintiffs to defend a claim against the United States, as Plaintiffs allege. GVEA is asking this Court to prevent Plaintiffs from interfering with an expressly granted right of way. GVEA is asking this Court to order Plaintiffs to compensate GVEA for its damages incurred as a result of Plaintiffs' wrongful interference with this expressly granted right of way.

### GVEA's Amendment is Timely

GVEA's Survey Expert, Patrick Kalen, provided his report in a timely manner based on the amended discovery deadline of December 18, 2006. It was only after a thorough review of Kalen's report that GVEA could prove with certainty that the Rex Trail intersected Seven Mile Lake with no Allotment land in between. GVEA

---

[8] *Imperial Granite Co. v. Pala Band of Mission Indians*, 940 F.2d 1269, 1271-72 (C.A.9 (Cal.),1991).

asked this Court to allow an amendment to GVEA's answer to allow GVEA's counterclaims against Plaintiffs once it had its proof in the form of an expert report.

Plaintiffs cite *Allen v. City of Beverly Hills*,[9] for their premise that GVEA should not be allowed to amend its answer for the first time. However, the facts in *Allen* are exactly opposite of the facts in this case. In *Allen*, a plaintiff was not entitled to file his third-amended complaint. However, that decision was based on the facts that plaintiff was a 14-year veteran attorney for a defendant city, who had twice previously amended, and the plaintiff's amendments presented no new facts but only new theories, and the plaintiff provided no satisfactory explanation for his failure to fully develop all of his contentions originally, and where any further amendment to complaint would likely prove futile.[10] None of those facts are present in this case.

Contrary to Plaintiffs allegations, GVEA has not amended its answer even one time. GVEA has only responded once to Plaintiffs' First Amended Complaint. GVEA's amended answer adds counterclaims which were never available to GVEA until new facts were uncovered through the discovery process and Kalen's report. GVEA could not have fully developed all of the contentions in its counterclaim before the expert report was completed. GVEA's counterclaims are not an exercise in futility. They are an attempt to preserve GVEA's rights and compensate GVEA for its losses incurred due to Plaintiffs' interference.

---

[9] 911 F.2d 367 (C.A.9 (Cal.),1990).
[10] *Id.* at 373.
Defendant GVEA's Reply to Plaintiffs' Opposition to Motion to Amend Answer
F04-00026 CI
Page 6 of 7

## Conclusion

For the above reasons, GVEA respectfully requests this Court allow GVEA to amend its answer to include counterclaims against Plaintiffs.

DATED at Fairbanks, Alaska, this 30th day of November, 2006.

> BORGESON & BURNS, PC
> Attorney(s) for Plaintiff GVEA
>
> By:    s/Cory Borgeson
> Cory Borgeson
> ABA # 8405009

This is to certify that on this date, a copy of the foregoing document is being served electronically on:

Michael Walleri  walleri@gci.net; christin_woodward@yahoo.com
330 Wendell Street, Suite E
Fairbanks, AK  99701

Daniel T. Quinn  dquinn@richmondquinn.com; cesary@richmondquinn.com
Richmond & Quinn
360 K Street, Suite 200
Anchorage, AK  99501-2028

Eric P. Gillett  egillett@pregodonnell.com; mmorgan@pregodonell.com
Preg O'Donnell & Gillett PLLC
1800 Ninth Avenue, Suite 1500
Seattle, WA  98101-1340

David Floerchinger  dave_floerchinger@law.state.ak.us; TWC.ECF@law.state.ak.us
Assistant Attorney General
Department of Law
1031 West Fourth Avenue, Suite 200
Anchorage, AK  99501