Daniel T. Quinn (8211141)
RICHMOND & QUINN
360 K Street, Suite 200
Anchorage, Alaska 99501
Phone: 276-5727
Fax:   276-2953
dquinn@richmondquinn.com

Attorneys for Defendants and Third-
Party Plaintiffs CRUZ CONST., INC.
and DAVE CRUZ, Individually

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DON M. KUBANYI, JIMMY KUBANYI, AILEEN WELTON, ELIZABETH TUZROYLUK, DORIS KUBANYI, VICTOR KUBANYI, BOBBY KUBANYI, ARLETTE KUBANYI, and BRIAN BAGGETT,<br><br>         Plaintiffs,<br><br>   v.<br><br>GOLDEN VALLEY ELECTRIC ASSOCIATION, DAVE CRUZ individually and d/b/a CRUZ CONSTRUCTION, BLACK & VECH CORPORATION, TROOPER JAKE COVEY AND TROOPER PATRICK NELSON, STATE OF ALASKA,<br><br>         Defendants. | **CRUZ DEFENDANTS' PARTIAL JOINDER TO GVEA'S REPLY TO OPPOSITION TO MOTION IN LIMINE REGARDING WIDTH AND SCOPE OF EASEMENT**<br><br>Case No. 4:04-cv-26-RRB |

In its reply, GVEA points out that (1) no reasonable dispute truly exists concerning the conclusion that the Rex Trail is an RS-2477 trail, and (2) that use of this trail as

an ice road is consistent with the scope of the right-of-way. The Cruz defendants concur and join with GVEA's arguments; additionally, they offer additional support on these points, as discussed below.

In its reply, GVEA also concedes that the width of this trail easement (i.e., 50 feet or 100 feet) is a question of fact, to be resolved at trial. For reasons outlined more fully below, Cruz disagrees with this assertion. Rather, Cruz asks this court to determine as a matter of law that the easement is at least 100 feet wide.

## I. Existence Of RS-2477 Trail

Plaintiffs concede, as indeed they must, that the Federal Bureau of Land Management adjudicated the Kubanyi Native Allotment, because the State challenged it. In the BLM's September 21, 1992 decision, the agency awarded the Allotment over the State's challenge, but specifically made it subject to an easement for the Rex to Bonnifield Trail:

> According to information in the case file, public use of the Rex to Bonnifield Trail (Trail No. 70 on map 100 of the Alaska Existing Trail System Map, 1973) began in 1952, which was prior to the applicant's claimed use and occupancy. This Trail is also depicted on USGS Quadrangle Fairbanks A-5, as an unimproved dirt trail. On this Quad Map and in the field report the Trail is identified as a

CRUZ DEFENDANTS' PARTIAL JOINDER TO GVEA'S REPLY TO OPPOSITION TO MOTION IN LIMINE REGARDING WIDTH AND SCOPE OF EASEMENT

KUBANYI, ET AL. v. GVEA, ET AL., Case No. 4:04-cv-26
Page 2

> winter trail. Therefore, the applicant's use of this trail was not potentially exclusive of others and the Certificate of Allotment when issued, will be subject to the Trail.

Exhibit 3 to Plaintiffs' Memorandum in Opposition to GVEA Motion in Limine Regarding Width and Scope of Easement.

The Kubanyis did not challenge or appeal the BLM's finding of this pre-existing use of the trail. However, the State of Alaska appealed the width of the easement, submitting evidence concerning historical use of the trail. In his October 13, 1992 letter to the BLM, the State's natural resource officer explained:

> I have enclosed an affidavit from Dave Pott, Gold King Homestead resident, regarding his use of the Rex Trail as well as his knowledge of other users of this access route. In addition, the Division of Mining, Alaska Department of Natural Resources, supplied the enclosed Annual Placer Mining Permit Applications (26) which show the Rex Trail as their overland access route. These and other miners have used the Rex Trail for decades.

Id. at Exhibit 4, p.1.

Based on this additional evidence demonstrating decades of use of the Rex Trail by miners, the BLM issued a formal Decision amending the Allotment Certificate to widen the Trail easement from 25 to 50 feet. Id. at Ex. 5. The

CRUZ DEFENDANTS' PARTIAL JOINDER TO GVEA'S REPLY TO OPPOSITION TO MOTION IN LIMINE REGARDING WIDTH AND SCOPE OF EASEMENT

KUBANYI, ET AL. v. GVEA, ET AL., Case No. 4:04-cv-26
Page 3

Decision included instructions for appeal, but again, the Kubanyis did not appeal or challenge this finding.

These facts, adjudicated by the BLM, establish sufficient use of this trail before the entry by the Kubanyis to warrant an easement.[1] The authority for that easement is RS-2477. Notably, the plaintiffs' expert surveyor, Eric Stahlke, specifically acknowledged that the Rex Trail is an RS-2477 trail. Deposition of Eric Stahlke at 17, Exhibit A. And plaintiffs' real estate expert, Paul Mayo, Realty Director for Tanana Chiefs Council, reached the same conclusion. Deposition of Paul Mayo at 143, Exhibit B.

This conclusion is inescapable. The Alaska Supreme Court's most recent discussion of RS-2477 rights-of-way was in Fitzgerald v. Puddicombe, 918 P.2d 1017 (Alaska 1996). In that case, a property owner filed a quiet title action to establish that there was no RS-2477 easement, as claimed by two miners. The Supreme Court overturned the trial court's

---

[1] Plaintiffs' suggestion at p.17 of their Opposition that the easement incorporated into the Certificate of Allotment was not a true easement, but rather only a reservation "subject to the claim asserted by the state," does not square with this record. The BLM adjudicated the matter, considering evidence and issuing a formal Decision.

CRUZ DEFENDANTS' PARTIAL JOINDER TO GVEA'S REPLY TO OPPOSITION TO MOTION IN LIMINE REGARDING WIDTH AND SCOPE OF EASEMENT

KUBANYI, ET AL. v. GVEA, ET AL., Case No. 4:04-cv-26
Page 4

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

determination that there was no such easement explaining as follows:

> RS-2477 was a congressional grant of rights of way which provided: "[T]he right of way for the construction of highways over public lands, not reserved for public uses, is hereby granted." 23 U.S.C. § 932, repealed by Pub. L. No. 94-579, Title VII, § 706(a), 90 Stat. 2793 (1976), quoted in Hamerly v. Denton, 359 P.2d 121, 123 (Alaska 1961). The grant was self-executing; an RS-2477 right-of-way would have come into existence automatically if a public highway was established across public land in accordance with the law of Alaska. Schultz v. Dept. of Army, 10 F.3d 649, 655 (9th Cir. 1993). Although RS-2477 was repealed in 1976, it nevertheless governs this case since the claimed right-of-way would have existed at the date of repeal. See Dillingham Commercial Co. v. City of Dillingham Commercial Co. v. City of Dillingham, 705 P.2d 410, 413 (Alaska 1985).
>
> In order to have completed the grant there must have been "'either some positive act on the part of the appropriate public authorities of the state, clearly manifesting an intention to accept a grant, or . . . a public user for such a period of time under such conditions'" as to indicate that the grant had been accepted. Id. at 413-14 (quoting Hamerly, 359 P.2d at 123).

Id. at 1019.

The court went on to acknowledge that the State of Alaska had not formally accepted the right-of-way, agreeing with the trial court that sufficient evidence of state funding or surveying had not been presented. Nevertheless, the court

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

CRUZ DEFENDANTS' PARTIAL JOINDER TO GVEA'S REPLY TO OPPOSITION TO MOTION IN LIMINE REGARDING WIDTH AND SCOPE OF EASEMENT

KUBANYI, ET AL. v. GVEA, ET AL., Case No. 4:04-cv-26
Page 5

held that prior use by members of the public sufficed under Alaska law to establish the RS-2477 trail.

> The extent of public use necessary to establish acceptance of the RS-2477 grant depends upon the character of the land the nature of the use. See Schultz 10 F.3d at 655 ("Our decision must take into account the fact that conditions in Alaska present unique questions . . .. What might be considered sporadic use in another context would be consistent or constant use in Alaska."); Ball v. Stephens, 68 Cal. App. 2d 843, 158 P.2d 207,211 (1945)("The travel over the road . . . was irregular but that was due to the nature of the country and to the fact that only a limited number of people had occasion to go that way."). Although "infrequent and sporadic" use is not sufficient to establish public acceptance of the grant, Hamerly, 359 P.2d at 125, continuous use is not required. Schultz, 10 F.3d at 656; cf. McGill v. Wahl, 839 P.2d 393, 397 (Alaska 1992)(requiring proof of continuous use to establish prescriptive easement). Nor does the route need to be significantly developed to qualify as a "highway" for RS-2477 purposes; even a rudimentary trail can qualify. See Dillingham, 705 P.2d at 414; Schultz, 10 F.3d at 656-57.

Id. at 1020.

As noted above, the Alaska Supreme Court's Fitzgerald decision adopted and relied in part on the Ninth Circuit's interpretation of Alaska law found in Schultz v. Dept. of Army, 10 F.3d 649 (9th Cir. 1993). The Schultz decision was subsequently withdrawn, and substituted with a per curium decision, Schultz v. Dept. of Army, 96 F.3d 1222

CRUZ DEFENDANTS' PARTIAL JOINDER TO GVEA'S REPLY TO OPPOSITION TO MOTION IN LIMINE REGARDING WIDTH AND SCOPE OF EASEMENT

KUBANYI, ET AL. v. GVEA, ET AL., Case No. 4:04-cv-26
Page 6

(9th Cir. 1996). Nevertheless, <u>Fitzgerald</u> clearly acknowledges that the ultimately withdrawn <u>Schultz</u> decision accurately reflected Alaska law. The <u>Schultz</u> decision, 10 F.3d at 656, emphasized the relatively lenient standards for establishment of an RS-2477 trail:

> Alaska law, consistent with Alaska circumstances, does not place a burdensome requirement on RS-2477 claimants regarding the nature of the "highway," whether established by dedication or public use. It broadly defines "highway" to include a "road, street, trail, walk, bridge, tunnel, drainage structure and other similar or related structure or facility, and right-of-way thereof." AS 19.45.001(9).

In this case, the public record relied upon by the BLM in reserving the Rex Trail easement conclusively establishes that the conditions for RS-2477 trail are met. Moreover, the Kubanyis are bound by that determination.

In short, plaintiffs attempt to suggest that the Rex Trail is not an RS-2477 right-of-way must fail as a matter of law.

## II.  Scope Of Use

The Cruz Construction personnel were using the Rex Trail as an ice road, so as to better haul equipment along it, in connection with GVEA's Northern Intertie Project. As

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

CRUZ DEFENDANTS' PARTIAL JOINDER TO GVEA'S REPLY TO OPPOSITION TO MOTION IN LIMINE REGARDING WIDTH AND SCOPE OF EASEMENT

KUBANYI, ET AL. v. GVEA, ET AL., Case No. 4:04-cv-26
Page 7

reflected in the historical materials found in the BLM files, this trail had been used to transport heavy equipment for mining purposes historically. Thus, Cruz's use of the Trail conformed to historical uses.

It is not uncommon for increasing and broader use of a right-of-way, and courts have recognized that such increased uses are permitted as part of an RS-2477 right-of-way. The Ninth Circuit emphasized this point in Schultz: "The right-of-way was no less a right-of-way early on because only later it evolved to accommodate wagons and cars. As we have noted the *manner* of travel (by foot or beast or vehicle) is legally irrelevant to the RS-2477 determination." Schultz, 10 F.3d at 658.

Similarly, the Alaska Supreme Court has emphasized that use of an RS-2477 right-of-way is permissible for a different purpose, or a different manner than was historically the case:

> D.C. Co. further argues that even if a road has always been located on the northeast corner of survey 2541, it is improper now to use that road for access to the city dock. We disagree. **If there is a public road on survey 2541, it may be used for any purpose consistent with public travel.**

CRUZ DEFENDANTS' PARTIAL JOINDER TO GVEA'S REPLY TO OPPOSITION TO MOTION IN LIMINE REGARDING WIDTH AND SCOPE OF EASEMENT

KUBANYI, ET AL. v. GVEA, ET AL., Case No. 4:04-cv-26
Page 8

*Dillingham Commercial Co., Inc. v. City of Dillingham*, 705 P.2d 410, 415 (Alaska 1985)(emphasis added). Thus, plaintiffs' suggestion that the trail cannot be used now to access Seven Mile Lake, or cannot be used as an ice trail are unavailing. Clearly, Cruz's use of the trail was for public travel, a permitted use.

In short, plaintiffs' contentions that defendants used the trail in an unpermitted way must fail.

### III. Width Of Trail

Plaintiffs do not address two significant points raised in Cruz's Joinder in GVEA's Motion in Limine Re: With and Scope of Easement (Doc. 113). In that Joinder, Cruz pointed out that (1) the width and scope of an RS-2477 easement are governed by state law; and (2) under Alaska law, the easement must be at least 100 feet wide. Plaintiffs point out in their Opposition brief that the State requested only a 50-foot-wide easement, a request which BLM granted. However, an Alaska statute specifically prescribes the width of trail. AS 19.10.015 provides:

> Establishment of Highway Widths.
> (a) It is declared that all officially proposed and existing highways on public land not reserved for public uses are 100 feet wide. This section does

CRUZ DEFENDANTS' PARTIAL JOINDER TO GVEA'S REPLY TO OPPOSITION TO MOTION IN LIMINE REGARDING WIDTH AND SCOPE OF EASEMENT

KUBANYI, ET AL. v. GVEA, ET AL., Case No. 4:04-cv-26
Page 9

not apply to highways that are specifically designed to be wider than 100 feet.[2]

Moreover, the statutory definition of "highway," at AS 19.45.001(9) specifically includes trails.

Thus, regardless of the width requested by the State, Alaska statutory law <u>requires</u> that its highways (including trails) must be at least 100 feet in width. This statute contemplates no exceptions, and governs the Rex Trail. To the extent that GVEA contends that this issue presents a question of fact, the Cruz defendants respectfully part company, and urge this court to determine, as a matter of law, that the trail is 100 feet in width.

### IV. Conclusion

For the reasons outlined in GVEA's reply brief, and more fully discussed above, the Cruz defendants would respectfully request a ruling that, as a matter of law (1) the Rex Trail is an RS-2477 public right-of-way; (2) the use of

---

[2] This provision was enacted in 1963, and therefore was in effect before the 1976 repeal of the RS-2477, 43 U.S.C. § 932, law and before the Kubanyi's entry on the Allotment property. <u>See</u> Cruz's Joinder brief, Doc. 113 at n.1.

CRUZ DEFENDANTS' PARTIAL JOINDER TO GVEA'S REPLY TO OPPOSITION TO MOTION IN LIMINE REGARDING WIDTH AND SCOPE OF EASEMENT

KUBANYI, ET AL. v. GVEA, ET AL., Case No. 4:04-cv-26
Page 10

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

the Trail in this case was within the scope of that right-of-way; and (3) the width of the right-of-way is 100 feet.[3]

DATED this __5th__ day of December, 2006, at Anchorage, Alaska.

>RICHMOND & QUINN
>Attorneys for Defendants Dave
>Cruz individually, and d/b/a
>Cruz Construction, Inc.
>
>By:    s/Daniel T. Quinn
>      RICHMOND & QUINN
>      360 K Street, Suite 200
>      Anchorage, AK  99501
>      Ph:  907-276-5727
>      Fax: 907-276-2953
>      dquinn@richmondquinn.com
>      ABA #8211141

---

[3] Cruz agrees with plaintiffs that the underlying motion seeks not an exclusion of evidence, but rather determinations of legal issues, and therefore "motion in limine" might be a misnomer.

CRUZ DEFENDANTS' PARTIAL JOINDER TO GVEA'S REPLY TO OPPOSITION TO MOTION IN LIMINE REGARDING WIDTH AND SCOPE OF EASEMENT

KUBANYI, ET AL. v. GVEA, ET AL., Case No. 4:04-cv-26
Page 11

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically served this __5th__ day of December, 2006 on:

Michael J. Walleri
WALLERI LAW OFFICES
330 Wendell St., Suite E
Fairbanks, AK 99701

Cory Borgeson
BORGESON & BURNS, PC
100 Cushman, Suite 311
Fairbanks, AK 99701

Eric Gillett
PREG, O'DONNELL & GILLETT
1800 9th Ave., Ste. 1500
Seattle, WA 98101

David D. Floerchinger
ASSISTANT ATTORNEY GENERAL
STATE OF ALASKA
1031 W. 4th Ave., Suite 200
Anchorage, AK 99501

_____
   s/Daniel T. Quinn
   RICHMOND & QUINN

2073\038\PLD\JOINDER - WIDTH & SCOPE

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

CRUZ DEFENDANTS' PARTIAL JOINDER TO GVEA'S REPLY TO OPPOSITION TO MOTION IN LIMINE REGARDING WIDTH AND SCOPE OF EASEMENT

KUBANYI, ET AL. v. GVEA, ET AL., Case No. 4:04-cv-26
Page 12