Borgeson & Burns, PC
100 Cushman Street, Suite 311
Fairbanks, AK 99701
(907) 452-1666
(907) 456-5055 – facsimile

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

Don M. Kubanyi, Jimmy Kubanyi, )
Aileen Welton, Elizabeth Tuzroyluk )
Doris Kubanyi, Victor Kubanyi, )
Bobby Kubanyi, Arlette Kubanyi and, )
Brian Baggett, )
)
                    Plaintiffs, )
)
vs. )
) Case No. F04-00026 CIV RRB
Golden Valley Electric Association, )
Dave Cruz, individually and d/b/a )
Cruz Construction, Black & Veatch )
Corporation, Jake Covey and )
Patrick Nelson, )
)
                    Defendants. )
)

### GVEA'S OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION ON PLAINTIFFS' CLAIMS UNDER 42 USC § 1983

Defendant Golden Valley Electric Association ("GVEA") opposes Plaintiffs' Motion for Reconsideration at Docket 143 granting summary judgment for GVEA on Plaintiffs' claims under 42 USC § 1983. This opposition is supported by Fed. R. Civ. P. 60, Local Civil Rule 59.1, 42 USC § 1983, Alaska case law, and the following memorandum.

### FACTS

Plaintiffs allege that GVEA is liable for deprivation of Plaintiffs' property rights and seek relief under 42 USC § 1983. Plaintiffs claim GVEA is liable "by implication . . . in misleading the Troopers to use the color of law to facilitate their illegal trespass upon the Kubanyi allotment."[1]

---

[1] Plaintiffs' Memorandum Supporting Motion for Reconsideration at Docket 154.

Plaintiffs bring their Motion to Reconsider under Fed. R. Civ. P. 60. However, Plaintiffs do not assert any valid theory under which this Court could appropriately reconsider its order granting summary judgment for GVEA as required by Rule 60. Plaintiffs unsupported Motion for Reconsideration on this Court's order must be denied.

## Standard of Review

Where the court's ruling has resulted in a final judgment or order, a motion for reconsideration may be based either on Fed. R. Civ. P. 59(e) (motion to alter or amend judgment) or 60(b) (motion for relief from judgment).[2] Absent "highly unusual circumstances," reconsideration of a final judgment is appropriate only where (1) the court is presented with newly-discovered evidence, (2) the court committed "clear error or the initial decision was manifestly unjust," or (3) there is an intervening change in the controlling law.[3] Here, Plaintiffs' motion does not cite any authority or provide any evidence that would justify granting the motion. Plaintiffs do not present newly discovered evidence or point to *any* evidence in the record that clearly establishes a manifest error of law or fact, or any other legitimate reason justifying the relief sought.

Under District of Alaska Local Rule 59.1, a party may move the court to reconsider its non-appealable orders. Rule 59.1 does not provide criteria for when reconsideration is appropriate, but Ninth Circuit case law does. Under that case law, "reconsideration should be granted in three circumstances. First, upon the discovery of material facts that were previously unavailable or undiscoverable through reasonable diligence."[4] Second, if the

---

[2] *Clark v. Rea* 2006 WL 2943089, 1 (E.D.Cal.) (E.D.Cal.,2006) (citing *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir.1993)).
[3] *Id.* at 1263.
[4] *Westcott v. Department of Interior, Nat. Park Service*, not reported in F.Supp.2d, 2005 WL 2704985, 1 (D.Alaska) (D.Alaska,2005) (citing *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003).

**GVEA's Opposition to Plaintiffs Motion to Reconsider re: 1983 Claims**
Kubanyi v. GVEA, et al.
Case No. F04-0026 CIV Civil
Page 2 of 6

court overlooked material facts that were presented to it before it made its decision.[5] Third, if there is a change in the law after the court's decision.[6] A motion should not be granted if it simply repeats arguments advanced in pleadings that the court considered when it made its decision.[7] Plaintiffs have failed to set forth any valid reason this Court should reconsider its Order under Local Rule 59.1.

## ARGUMENT

### Summary Judgment for GVEA on Plaintiffs § 1983 Claim is Appropriate

Undisputed facts and evidence show GVEA was not present during the incident giving rise to Plaintiffs 42 USC §1983 claim. GVEA had no knowledge of that incident until after the fact. Plaintiffs do not allege GVEA itself acted to deprive Plaintiffs of their rights. Plaintiffs only wish to "implicate" GVEA without stating any legal theory under which GVEA should be held liable. In this Court's order at Docket 141, this Court found the Troopers' actions reasonable and concluded the Troopers did not violate Don Kubanyi's constitutional rights.[8] Consequently, GVEA did not violate Don Kubanyi's rights, even "by implication," as Plaintiffs would have this Court believe.

In an action for damages arising under 42 U.S.C. § 1983, Plaintiffs must allege four elements: (1) acts by the defendants (2) under color of state law (3) depriving them of federal rights, privileges or immunities (4) causing them damage.[9] For purposes of § 1983, "under color of state law" is identical to "state action."[10] Thus, state action under § 1983

---

[5] *Motorola,* 215 F.R.D. at 586.
[6] *Id.*
[7] *Id.*
[8] Order Grating Troopers' Motion for Summary Judgment at Docket 141, page 9 - 11.
[9] *Lopez v. Department of Health Services,* 939 F.2d 881, 883 (9th Cir.1991) (elements of § 1983 claim); *Lokey v. Richardson,* 600 F.2d 1265, 1266 (9th Cir.1979) (complaint states claim for damages under § 1983 where all elements of claim are alleged and damages are requested), *cert. denied,* 449 U.S. 884, 101 S.Ct. 238, 66 L.Ed.2d 110 (1980).
[10] *Rendell-Baker v. Kohn,* 457 U.S. 830, 838 (1982).

GVEA's Opposition to Plaintiffs Motion to Reconsider re: 1983 Claims
Kubanyi v. GVEA, et al.
Case No. F04-0026 CIV Civil
Page 3 of 6

arises where the "defendants took some actions that were influenced by the State's policies, funding decisions, or regulation."[11] The action must be fairly attributable to the State.[12] Nothing GVEA did in owning the Intertie Project and obtaining permits from the state constitutes a state action. Plaintiffs do not find flaw with the permitting process. GVEA sought permits as a private entity. GVEA's acting to obtain permits does not give GVEA color of state law as to its actions.

In *Collins v. City of Harker Heights, Tex.*,[13] the United States Supreme Court found a municipality could not be held liable under § 1983 unless it had acted wrongfully. The Court explained that Congress did not intend for entities to be held liable unless some action pursuant to official policy of some nature caused a constitutional tort."[14]

Just like the municipality in *Collins*, GVEA cannot be held liable under § 1983 because GVEA has not acted wrongfully in any way causing Plaintiffs a constitutional tort. GVEA cannot be held liable solely because it contracted with Global, who contracted with Cruz, whose workers allegedly entered Plaintiffs' property and then called State Troopers, who Plaintiffs allege violated their rights. This Court properly found that a § 1983 claim against GVEA could not lie absent a close nexus between the State and the challenged action that seemingly private behavior may fairly be treated as State action.[15] Furthermore, this Court found the Troopers' actions did not violate Plaintiffs' constitutional rights[16] and dismissed the Troopers from this action.[17] GVEA cannot now be held to have violated

---

[11] *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1538 (9th Cir.1992).
[12] *Rendell-Baker*, 457 U.S. at 838.
[13] 503 U.S. 115, 122, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992) (stating "it can only be held liable when it was the wrongdoer.").
[14] *Id.*
[15] Order at Docket 143 (citing Single Moms, Inc. v. Montana Power Co., 331 F. 3d 743, 747 (9th Cir. 2003).
[16] Order Grating Troopers' Motion for Summary Judgment at Docket 141, page 11.
[17] *Id.*; see also Judgment in a Civil Case at Docket 160.

**GVEA's Opposition to Plaintiffs Motion to Reconsider re: 1983 Claims**
Kubanyi v. GVEA, et al.
Case No. F04-0026 CIV Civil
Page 4 of 6

Plaintiffs' constitutional rights based on the Troopers' actions when the Troopers, the alleged agents acting on GVEA's behalf, did not violate Plaintiffs' rights. GVEA, the thrice removed party to the events Plaintiffs claim give rise to their § 1983 claim, simply cannot be held liable under any theory.

To meet their summary judgment burden,[18] Plaintiffs were required to point out the lack of evidence creating a factual issue and demonstrate that the law favored their position.[19] Plaintiffs failed to meet their burden and summary judgment was appropriately granted for GVEA on Plaintiffs § 1983 claims.

## CONCLUSION

GVEA was entitled to, and was granted judgment as a matter of law on Plaintiffs' 42 U.S.C. § 1983 claim. For the above reasons, GVEA respectfully requests this Court deny Plaintiffs' Motion for Reconsideration of this Court's order at Docket 143 and dismiss with prejudice Plaintiffs' claims under 42 USC 1983 against GVEA.

DATED at Fairbanks, Alaska, this 7th day of December, 2006.

By: s/ Cory R. Borgeson

BORGESON & BURNS, P.C.
100 Cushman Street, Suite 311
Fairbanks, Alaska 99701
Telephone: (907) 452-1666
Facsimile: (907) 456-5055
E-mail: cborgeson@bnblaw.com
ABA #8405009

---

[18] As the party moving for summary judgment on their 42 USC 1983 claims, Plaintiffs bore the burden of demonstrating that there was no dispute about material facts concerning that claim, and that they were entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).
[19] *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

**GVEA's Opposition to Plaintiffs Motion to Reconsider re: 1983 Claims**
Kubanyi v. GVEA, et al.
Case No. F04-0026 CIV Civil
Page 5 of 6

This is to certify that on this date, a copy of the foregoing document is being served electronically on:

Michael Walleri  walleri@gci.net; christin_woodward@yahoo.com
330 Wendell Street, Suite E
Fairbanks, AK  99701

Daniel T. Quinn  dquinn@richmondquinn.com; cesary@richmondquinn.com
Richmond & Quinn
360 K Street, Suite 200
Anchorage, AK  99501-2028

Eric P. Gillett  egillett@pregodonnell.com; mmorgan@pregodonell.com
Preg O'Donnell & Gillett PLLC
1800 Ninth Avenue, Suite 1500
Seattle, WA  98101-1340

David Floerchinger  dave_floerchinger@law.state.ak.us; TWC.ECF@law.state.ak.us
Assistant Attorney General
Department of Law
1031 West Fourth Avenue, Suite 200
Anchorage, AK  99501

**GVEA's Opposition to Plaintiffs Motion to Reconsider re: 1983 Claims**
Kubanyi v. GVEA, et al.
Case No. F04-0026 CIV Civil
Page 6 of 6