Borgeson & Burns, PC
100 Cushman Street, Suite 311
Fairbanks, AK 99701
(907) 452-1666
(907) 456-5055 – facsimile

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| Don M. Kubanyi, Jimmy Kubanyi,<br>Aileen Welton, Elizabeth Tuzroyluk<br>Doris Kubanyi, Victor Kubanyi,<br>Bobby Kubanyi, Arlette Kubanyi and,<br>Brian Baggett,<br><br>               Plaintiffs,<br><br>vs.<br><br>Golden Valley Electric Association,<br>Dave Cruz, individually and d/b/a<br>Cruz Construction, Black & Veatch<br>Corporation, Jake Covey and<br>Patrick Nelson,<br><br>               Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. F04-00026 CIV RRB<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### GVEA'S MEMORANDUM SUPPORTING ITS MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' CLAIMS FOR PUNITIVE DAMAGES AND 2002 TRESPASS DAMAGES

Defendant Golden Valley Electric Association ("GVEA") through its undersigned counsel Borgeson and Burns, PC, provides the following Memorandum in support of its Motion for Summary Judgment on Plaintiffs' Punitive Damage and 2002 Trespass Claims.

### FACTS

Plaintiffs have asserted vicarious liability claims against GVEA based on the alleged trespass of Cruz Construction, Inc. ("Cruz"), and alleged civil rights violations

committed by the Alaska State Troopers when they responded to an assault complaint against Don Kubanyi. It is undisputed that no GVEA employee or equipment was directly involved in Cruz's alleged trespass and/or the assault by Kubanyi or the subsequent alleged civil rights violation. It is also undisputed that no GVEA employee or equipment was even present at the time Plaintiffs allege a trespass or civil rights violation occurred.

As to Plaintiffs 2002 trespass claim against GVEA, by Plaintiffs' admission, neither GVEA nor Cruz Construction entered Plaintiffs' property in 2002. Therefore, Plaintiffs have no claim for trespass against GVEA from 2002.

## Rule 56 Standard of Review

FRCP 56(c) authorizes the District Court to enter summary judgment when the motion papers, affidavits, and other evidence submitted to the court show that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. In *Randall v. City of Fairbanks*,[1] the reviewing court stated:

> Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be granted if there is no genuine dispute as to material facts and if the moving party is entitled to judgment as a matter of law. The moving party has the burden of showing that there is no genuine dispute as to material fact.[2] The moving party need not present evidence; it needs only point out the lack of any genuine dispute as to material fact.[3] Once the moving party has met this burden, the nonmoving party must

---

[1] 352 F.2d 1028, 1033 (2005).
[2] Id. (citing *Celotex Corp. v. Catrett*, 477 U.S.317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1968).
[3] Id. (citing *Celotex* at 323-25, 106 S.Ct. 2548).

**GVEA's Memorandum Supporting Summary Judgment on Punitive Damages Claims and 2002 Claims**
Kubanyi v. GVEA, et al.
Case No. F04-0026 CIV Civil
Page 2 of 11

set forth evidence of specific facts showing the existence of a genuine issue for trial.[4] All evidence presented by the non-movant must be believed for purposes of summary judgment, and all justifiable inferences must be drawn in favor of the non-movant.[5] However, the nonmoving party may not rest upon mere allegations or denials, but must show that there is sufficient evidence supporting the claimed factual dispute to require a fact-finder to resolve the parties' differing versions of the truth at trial.[6]

### No Genuine Fact Issues Exist as to GVEA's Liability for Punitive Damages for the Alleged Trespass or for any 2002 Trespass

In this case, the undisputed facts show GVEA was not present at the time the Plaintiffs allege a trespass to their property and a violation of their civil rights occurred. Moreover, Plaintiffs have not alleged any conduct on GVEA's part that would give rise to a claim for punitive damages.

The Alaska Supreme Court has clearly stated, "[t]o recover punitive damages, 'the plaintiff must prove by clear and convincing evidence that the defendant's conduct was outrageous, such as acts done with malice, bad motives, or reckless indifference to the interests of another.' "[7] Further, "[i]f there is no evidence giving rise to an inference of actual malice, or reckless indifference equivalent to actual malice, the trial court need not submit the issue of punitive damages to the jury."[8]

---

[4] Id. (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49, 106 S.Ct. 2505, 91 L.ED.2d 202 (1986)).

[5] Id. (citing *Anderson* at at 255, 106 S.Ct. 2505).

[6] Id. at 352 F.2d 1028, 1033 (2005).

[7] AS 09.17.020(b). See also *Hagen Ins., Inc. v. Roller*, 139 P.3d 1216, 1225 (Alaska 2006); *Robles v. Shoreside Petroleum, Inc.*, 29 P.3d 838, 846 (Alaska 2001) (quoting *Chizmar v. Mackie*, 896 P.2d 196, 210 (Alaska 1995)).

[8] *Robles*, 29 P.3d at 846 (citing *Alyeska Pipeline Serv. Co. v. O'Kelley*, 645

**GVEA's Memorandum Supporting Summary Judgment on Punitive Damages Claims and 2002 Claims**
Kubanyi v. GVEA, et al.
Case No. F04-0026 CIV Civil
Page 3 of 11

Plaintiffs have failed to allege any facts which would support their claims against GVEA for punitive damages. Plaintiffs have not alleged GVEA's conduct was outrageous, malicious, done with a bad motive, or done with a reckless indifference to Plaintiff's interests. No genuine issues of material fact exist as to Plaintiffs' claims for punitive damages against GVEA. Therefore, Plaintiffs claims for punitive damages against GVEA must be dismissed.

## ARGUMENT

### Plaintiffs' 2002 Trespass Claim Fails as a Matter of Law

Plaintiffs themselves admit GVEA did not enter their property in 2002.[9] Plaintiffs also admit Cruz did not enter their property in 2002.[10] The undisputed facts show GVEA is not directly or viciously liable for any 2002 trespass. Therefore, no genuine issues of material fact exist as to whether GVEA committed a trespass in 2002.

"[W]here undisputed facts admit to but one conclusion, then, on motion for summary judgment, the court properly decides the issue."[11] In this case, the facts underlying the Plaintiffs 2002 trespass claim are not disputed. Plaintiffs' deposition testimony is that no trespass occurred in 2002. Therefore, no dispute exists as to whether a trespass occurred in 2002. Because no genuine issue of material fact exists, the only issue for this Court to address is whether GVEA is entitled to summary

---

P.2d 767, 774 (Alaska 1982)).
[9] Ex. A - I (Plaintiffs' deposition excerpts).
[10] Ex. A - I.
[11] *Mount Juneau Enterprises, Inc. v. Juneau Empire*, 891 P.2d 829, 836 (Alaska,1995).

**GVEA's Memorandum Supporting Summary Judgment on Punitive Damages Claims and 2002 Claims**
Kubanyi v. GVEA, et al.
Case No. F04-0026 CIV Civil
Page 4 of 11

judgment on any 2002 trespass claim as a matter of law.[12] Based on all available fact evidence, the legal conclusion must be that GVEA is entitled to summary judgment on Plaintiffs' 2002 claim for trespass.

### Plaintiffs' Punitive Damages Claim Fails as a Matter of Law

Plaintiffs failed to allege in their First Amended Complaint any facts which would demonstrate GVEA acted outrageously, with malice, with bad motive, or with a reckless indifference to Plaintiffs' rights. Plaintiffs simply cannot collect punitive damages from GVEA for any of their claims without asserting facts from which the essential elements of outrage, malice or reckless indifference may be inferred.

At all relevant times, GVEA acted in good faith and with due care in securing the permits necessary to the construction of the Northern Intertie Project. At all relevant times, GVEA acted in good faith and with due care in contracting with general contractor Global Power Company. It was Global Power Company who contracted with Cruz Construction, and it was Cruz Construction who allegedly entered Plaintiffs' property and contacted Alaska State Troopers. Nothing in Plaintiff's complaint alleges any conduct or action on GVEA's part which would rise to the requisite level of wrongdoing necessary for a punitive damage award against GVEA.

### Punitive Damages are Not Appropriate Under the Alleged Facts of This Case

Restatement (Second) of Torts, § 908, Comment (e), regarding the character of a defendant's conduct states:

---

[12] *Id.*

**GVEA's Memorandum Supporting Summary Judgment on Punitive Damages Claims and 2002 Claims**
Kubanyi v. GVEA, et al.
Case No. F04-0026 CIV Civil
Page 5 of 11

> Since the purpose of punitive damages is not compensation of the plaintiff but punishment of the defendant and deterrence, [punitive] damages can be awarded only for conduct for which this remedy is appropriate--which is to say, **_conduct involving some element of outrage similar to that usually found in crime_**. The conduct must be **_outrageous,_** either because the defendant's acts are done with an **_evil motive_** or because they are done with **_reckless indifference to the rights of others_**.

(emphasis added).

For the Court to allow a jury to consider an award against GVEA for punitive damages, the Court must first find that Plaintiffs properly alleged GVEA committed a tort involving outrageous conduct.[13] Plaintiffs have not alleged any facts showing GVEA's conduct was tortious, let alone outrageous.

Even if GVEA were to concede that the record contains substantial evidence of a reckless trespass, the actor who engaged in that conduct was not GVEA; it was the Cruz workers who allegedly entered the Kubanyi property without permission. Nothing that Plaintiffs can say will change the fact that Cruz workers alone were aware Don Kubanyi did not want them to access Seven Mile Lake from the Rex Trail, and that Cruz workers alone ultimately chose to proceed even in the face of Don Kubanyi's claims they would be trespassing.

It was Cruz's violation of Don Kubanyi's wishes which caused the subsequent altercation Don Kubanyi had with State Troopers. GVEA did everything it was supposed to do. GVEA obtained the proper permits and supplied its general contractor, Global, with those permits. GVEA was where it was supposed to be with respect to supervising the construction of the Northern Intertie Project. Cruz was where it was

---

[13] *Reeves v. Alyeska Pipeline Service Co.*, 56 P.3d 660, 671 (Alaska 2002).

**GVEA's Memorandum Supporting Summary Judgment on Punitive Damages Claims and 2002 Claims**
Kubanyi v. GVEA, et al.
Case No. F04-0026 CIV Civil
Page 6 of 11

allowed to be with respect to pumping water according to the permits Global had provided to Cruz. GVEA did not cause Cruz to enter Seven Mile Lake via a trespass. It was Cruz, by accessing the Lake from the Rex trail, who allegedly trespassed across Plaintiffs land. It was Cruz who created the trespass situation. It was Cruz who supplied the last link in the chain of events. The link without which there would have been no trespass and no incident.

### Alaska Law Dictates GVEA is Not Liable for Punitive Damages

The legal significance of GVEA not acting in any way that would give rise to a punitive damage claim stemming from a trespass is set out in *State of Alaska v. 13.90 Acres of Land*.[14] In order to be awarded punitive damages Plaintiffs must show "outrageous" conduct. While actual malice need not be shown, plaintiff must show at a minimum "reckless indifference to the rights of others, and conscious action in deliberate disregard of them."[15]

In *13.90 Acres*, the District Court found that an award of punitive damages was not warranted in an action involving a native allotment applicant's trespass claim.[16] The court stated "good faith would exist if [the defendant] reasonably believed that it could enter into a subsequent, satisfactory agreement for an easement allowing its use."[17]

---

[14] 625 F.Supp. 1315, 1322 (D.Alaska,1985).
[15] *Id.*,(citing *Alyeska Pipeline Service Co. v. Anderson,* 629 P.2d 512, 527 (Alaska 1981)).
[16] *Id.* at 1315.
[17] *Id.* at 1322, (citing *Ostrem v. Alyeska Pipeline Service Co.,* 648 P.2d 986, 989 n. 8 (Alaska 1982); *Schafer v. Schnabel,* 494 P.2d 802, 805 (Alaska 1972)).

GVEA's Memorandum Supporting Summary Judgment on Punitive Damages Claims and 2002 Claims
Kubanyi v. GVEA, et al.
Case No. F04-0026 CIV Civil
Page 7 of 11

Exactly like the defendant in *13.90 Acres*, GVEA promptly entered into settlement negotiations with Plaintiffs. The fact that GVEA willingly offered to pay Plaintiffs considerably more than the market value for a use permit evidences that GVEA reasonably believed it could obtain subsequent agreement.[18] In any event, GVEA's willingness to negotiate and settle its claims on a fair basis (as shown by Plaintiffs' expert Paul Mayo's deposition testimony and correspondence with Plaintiffs), proves GVEA lacked any motive to harm or oppress Plaintiffs, or to disregard their rights.[19]

**No Evidence Supports Plaintiffs' Claim that GVEA is Vicariously Liable**

Plaintiffs' case for punitive damages lacks any evidence that GVEA had actual knowledge that Cruz intended to pump water from Seven Mile Lake. Plaintiffs also have no evidence GVEA had any knowledge that Cruz intended to enter Plaintiffs' property at the particular time and place. That deficit in the evidence is of such magnitude that Plaintiffs' claim for punitive damages against GVEA must not be allowed to stand. Under Alaska law, this Court must not make GVEA liable for punitive damages.

Plaintiffs' evidence does not afford any basis for imputing to GVEA notice of the possibility of trespass created by GVEA obtaining a Temporary Water Use Permit which included Seven Mile Lake as a permissible source. Before knowledge can be constructively imputed, the condition or situation must not only exist and continue for such length of time as to be discovered but, more than this, there must be such a situation or condition which is capable of being ascertained upon inspection and

---

[18] Ex. J, (Paul Mayo deposition excerpt).
[19] See *State of Alaska v. 13.90 Acres of Land*, 625 F.Supp. 1315, 1322 (D.Alaska,1985).

GVEA's Memorandum Supporting Summary Judgment on Punitive Damages Claims and 2002 Claims
Kubanyi v. GVEA, et al.
Case No. F04-0026 CIV Civil
Page 8 of 11

observation or supervision legally required of the party who is to be bound by such knowledge.[20]

In this instance, the presence of Cruz construction workers on the Rex Trail and on Seven Mile Lake was temporary and not permanent.[21] Under such conditions the law only requires GVEA to reasonably guard against probabilities of harm, not possibilities of harm.[22]

The evidence in this case does not afford any basis for imputing to GVEA notice of the possibility of a trespass occurring created by Cruz workers interpretation of the Water Use Permit. GVEA cannot be held to a standard of anticipating that an independently sub-contracted workman will do his job in a tortious manner. GVEA could not have reasonably anticipated the possibility that Cruz workers would trespass onto private property.

Under all the facts and circumstances, the evidence, as a matter of law, fails to show GVEA's liability for punitive damages for the alleged trespass committed by Cruz workers.

---

[20] See *Probart v. Idaho Power Co.*, 74 Idaho 119, 128, 258 P.2d 361, 366 (1953).
[21] See *Hauser v. Pacific Gas & Elec. Co.*, 133 Cal.App. 222, 23 P.2d 1068; *Oklahoma Gas & Electric Co. v. Wilson*, 172 Okl. 540, 45 P.2d 750; *Webb v. La. Power & Light Co.*, La.App., 199 So. 451; *Le Vonas v. Acme Paper Board Co.*, 184 Md. 16, 40 A.2d 43.
[22] *Probart*, 74 Idaho at 128; See also *Hauser v. Pacific Gas & Elec. Co.*, 133 Cal.App. 222, 23 P.2d 1068; *Oklahoma Gas & Electric Co. v. Wilson*, 172 Okl. 540, 45 P.2d 750; *Webb v. La. Power & Light Co.*, La.App., 199 So. 451; *Le Vonas v. Acme Paper Board Co.*, 184 Md. 16, 40 A.2d 43.

**GVEA's Memorandum Supporting Summary Judgment on Punitive Damages Claims and 2002 Claims**
Kubanyi v. GVEA, et al.
Case No. F04-0026 CIV Civil
Page 9 of 11

## CONCLUSION

Under Fed. R. Civ. P. 12(c), 12(h) and 56, Plaintiffs failed to state any claim for punitive damages against GVEA. Plaintiffs failed to allege facts which demonstrate GVEA acted outrageously, acted with a bad motive, or acted with malice. Plaintiffs also failed to allege facts GVEA acted with a reckless disregard for the rights of the Plaintiffs. GVEA respectfully requests this Court dismiss all of Plaintiffs punitive damages claims against GVEA.

DATED at Fairbanks, Alaska, this 8th day of December, 2006.

By: s/ Cory R. Borgeson

BORGESON & BURNS, P.C.
100 Cushman Street, Suite 311
Fairbanks, Alaska 99701
Telephone: (907) 452-1666
Facsimile: (907) 456-5055
E-mail: cborgeson@bnblaw.com
ABA #8405009

GVEA's Memorandum Supporting Summary Judgment on Punitive Damages Claims and 2002 Claims
Kubanyi v. GVEA, et al.
Case No. F04-0026 CIV Civil
Page 10 of 11

This is to certify that on this date, a copy of the foregoing
document is being served electronically on:

Michael Walleri  walleri@gci.net; christin_woodward@yahoo.com
330 Wendell Street, Suite E
Fairbanks, AK  99701

Daniel T. Quinn  dquinn@richmondquinn.com; cesary@richmondquinn.com
Richmond & Quinn
360 K Street, Suite 200
Anchorage, AK  99501-2028

Eric P. Gillett  egillett@pregodonnell.com; mmorgan@pregodonell.com
Preg O'Donnell & Gillett PLLC
1800 Ninth Avenue, Suite 1500
Seattle, WA  98101-1340

David Floerchinger  dave_floerchinger@law.state.ak.us; TWC.ECF@law.state.ak.us
Assistant Attorney General
Department of Law
1031 West Fourth Avenue, Suite 200
Anchorage, AK  99501

**GVEA's Memorandum Supporting Summary Judgment on Punitive Damages Claims and 2002 Claims**
Kubanyi v. GVEA, et al.
Case No. F04-0026 CIV Civil
Page 11 of 11