Daniel T. Quinn (8211141)
RICHMOND & QUINN
360 K Street, Suite 200
Anchorage, Alaska 99501
Phone: 276-5727
Fax:   276-2953
dquinn@richmondquinn.com

Attorneys for Defendants and Third-
Party Plaintiffs CRUZ CONST., INC.
and DAVE CRUZ, Individually

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DON M. KUBANYI, JIMMY KUBANYI, AILEEN WELTON, ELIZABETH TUZROYLUK, DORIS KUBANYI, VICTOR KUBANYI, BOBBY KUBANYI, ARLETTE KUBANYI, and BRIAN BAGGETT, <br><br>            Plaintiffs, <br><br>      v. <br><br> GOLDEN VALLEY ELECTRIC ASSOCIATION, DAVE CRUZ individually and d/b/a CRUZ CONSTRUCTION, BLACK & VECH CORPORATION, TROOPER JAKE COVEY AND TROOPER PATRICK NELSON, STATE OF ALASKA, <br><br>            Defendants. | **OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION** |

Case No. 4:04-cv-26-RRB

Defendants Dave Cruz and Cruz Construction, Inc., (hereinafter Cruz or Cruz defendants), by and through their

attorneys, Richmond and Quinn, hereby oppose plaintiffs' motion for reconsideration of the court's orders at Docket Nos. 141, 142, and 143. Specifically, the Cruz defendants oppose plaintiffs' motion with respect to Docket No. 142.

## BACKGROUND

At Docket No. 142, the court granted the Cruz defendants' motion for summary judgment with respect to plaintiffs' allegation that the Cruz defendants had violated plaintiffs' civil rights. The allegation arose from plaintiffs claim that the Cruz defendants were "willful participants" in the actions of Alaska State Troopers in arresting plaintiff Don Kubanyi. In granting the motion for summary judgment on this issue, the court found that the Cruz defendants, by essentially doing nothing more than calling the Troopers then seeking cover, were not acting under "color of law" and therefore were not liable to plaintiffs for a violation of 42 U.S.C. § 1983.[1] (Clerk's Docket No 142 at 12-20)

## STANDARD OF LAW

Plaintiffs have filed their motion pursuant Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) "'provides

---

[1] The court also denied plaintiffs request for summary judgment on the same issue. (Clerk's Docket No. 142 at 20).

OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION

KUBANYI, ET AL. v. GVEA, ET AL., Case No. 4:04-cv-26
Page 2

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief.'" School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993)(quoting Fuller v. M.G. Jewelry, 950 F.2d 1437, 1442 (9th Cir. 1991).

## DISCUSSION

None of the potential grounds for relief are applicable here. Rather, plaintiffs simply argue that the court failed to consider that Don Kubanyi swore at the Troopers prior to his arrest. Plaintiffs argue that Don Kubanyi's use of swear words was the motivation for his arrest. Plaintiffs also argue that Don Kubanyi's use of swear words was protected by the First Amendment.

Even if plaintiffs arguments are correct, they still have not established that the Cruz defendants did anything more than call the Troopers after "an intoxicated Don Kubanyi threatened to shoot them." (Clerk's Docket No. 142 at 14) The Cruz defendants simply did not "cloak themselves" with state authority by requesting the Troopers to investigate a

threat of violence. (Clerk's Docket No. 142 at 18). By pointing out that Don Kubanyi swore at the Troopers, plaintiffs have done nothing more than emphasize that Don Kubanyi was in an inebriated and threatening posture at the time of his arrest. Those facts do not establish or even raise an inference that the Cruz defendants cloaked themselves with State authority or violated Kubanyi's civil rights.

Plaintiffs also argue that the court did not consider that the Cruz defendants misled the Troopers to use the color of law to facilitate their alleged trespass on the Kubanyi allotment. Initially, the court has not found that a trespass occurred in this case. Moreover, the Troopers' focus was properly on defusing a potentially dangerous situation created by Mr. Kubanyi's intoxicated threats to shoot at either Cruz employees or their vehicles. In fact, Mr. Kubanyi was convicted of disorderly conduct for his actions. The Troopers hardly "facilitated an illegal trespass" on behalf of the Cruz defendants. (Plaintiffs' motion at 3).

None of plaintiffs' arguments establish that the Cruz defendants violated their civil rights by the mere fact that they summoned the Troopers. This court fully and

properly considered the arguments now raised by plaintiffs. In fact, the court specifically considered plaintiffs' current argument that the "Cruz defendants enlisted the Troopers to aid and abet their trespass to the effect of depriving the Kubanyi's of their property." (Doc. 142 at 12). The court flatly rejected this argument in a lengthy discussion of the underlying facts and applicable Ninth Circuit precedent (<u>Id.</u> at 14-18), concluding that the Cruz defendants could not be deemed to have "deliberately cloaked themselves" with State authority. Plaintiffs have utterly failed to raise any point which would satisfy the standards of Rule 60(b), or otherwise justify reconsideration.

      The Cruz defendants respectfully request that plaintiffs' motion for reconsideration be denied.

RICHMOND & QUINN
Attorneys for Defendants Dave
Cruz individually, and d/b/a
Cruz Construction, Inc.

DATED: _____   By: \_\_\_\_s/Daniel T. Quinn\_\_\_\_
RICHMOND & QUINN
360 K Street, Suite 200
Anchorage, AK  99501
Ph:  907-276-5727
Fax:  907-276-2953
dquinn@richmondquinn.com
ABA #8211141

OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION
<u>KUBANYI, ET AL.</u> v. <u>GVEA, ET AL.</u>, Case No. 4:04-cv-26
Page 5

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically served this ___11th___ day of December, 2006 on:

| | |
|---|---|
| Michael J. Walleri<br>WALLERI LAW OFFICES<br>330 Wendell St., Suite E<br>Fairbanks, AK 99701 | Cory Borgeson<br>BORGESON & BURNS, PC<br>100 Cushman, Suite 311<br>Fairbanks, AK 99701 |
| David D. Floerchinger<br>ASSISTANT ATTORNEY GENERAL<br>STATE OF ALASKA<br>1031 W. 4th Ave., Suite 200<br>Anchorage, AK 99501 | Eric Gillett<br>PREG, O'DONNELL & GILLETT<br>1800 9th Ave., Ste. 1500<br>Seattle, WA 98101 |

_____s/Daniel T. Quinn_____
RICHMOND & QUINN

2073\038\PLD\OPP PLTFFS' MTN FOR RECONSIDERATION

LAW OFFICES
RICHMOND & QUINN
A PROFESSIONAL CORPORATION
360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
(907) 276-5727
FAX (907) 276-2953

OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION
KUBANYI, ET AL. v. GVEA, ET AL., Case No. 4:04-cv-26
Page 6