CRAIG J. TILLERY
ACTING ATTORNEY GENERAL

David D. Floerchinger
Assistant Attorney General
Office of the Attorney General
1031 W. 4th Ave., Suite 200
Anchorage, Alaska  99501
Telephone: (907) 269-5190
Fax: (907) 258-0760
Email: TWC_EFC@law.state.ak.us

Attorney for Trooper Jake Covey, Trooper Patrick Nelson

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DON M. KUBANYI, JIMMY KUBANYI, AILEEN WELTON, ELIZABETH TUZROYLUK, DORIS KUBANYI, VICTOR KUBANYI, BOBBY KUBANYI, ARLETTE KUBANYI, and BRIAN BAGGETT,<br><br>        Plaintiff(s),<br><br>vs.<br><br>GOLDEN VALLEY ELECTRIC ASSOCIATION, DAVE CRUZ, individually and d/b/a/CRUZ CONSTRUCTION, BLACK & VECH CORPORATION, JAKE COVEY and PATRICK NELSON,<br><br>        Defendants. | <br><br><br><br><br><br><br><br><br><br><br><br>Case No. 4:04-cv-0026-RRB<br><br><br><br>**RESPONSE TO PLAINTIFFS'<br>MOTION FOR RECONSIDERATION** |

        Defendants Covey and Nelson, through undersigned counsel, and pursuant to this court's order at docket 155 hereby respond to plaintiffs' motion for reconsideration.

I.   INTRODUCTION

Plaintiff seeks relief from this court's order pursuant to F.R.C.P. 60(b) asserting that the court has failed to consider an allegation of false arrest contained within the § 1983 claim. To obtain the relief requires a showing of (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which could not have been discovered through due diligence; (3) fraud or other misconduct on the part an adverse party; (4) that the judgment is void; (5) that the judgment has been satisfied; or (6) other reasons justifying relief from the operation of judgment.[1] Plaintiff can satisfy none of the above criteria.

II.   ARGUMENT

Having never raised the issue of false arrest, or even used the words "false arrest" in (1) the complaint, (2) the first amended complaint, (3) the opposition to the motion for summary judgment, (4) the cross-motion for summary judgment, or (5) the reply to the opposition to the cross-motion, the plaintiff now asserts that false arrest is also one of his theories for recovery and that the court failed to address it.[2]

A statement in plaintiffs' opposition to the motion for summary judgment is very revealing.

> The complaint alleges a § 1983 claim. Admittedly, the complaint is somewhat ambiguous with regard to the theory of liability and the allegation of claims between plaintiffs and defendants. Plaintiffs' claims are rooted in two theories: i.e. 1)

---

[1]   F.R.C.P. 60(b).

[2]   Plaintiffs' Motion for Reconsideration, docket 154 at p. 3.

Response to Motion for Reconsideration
*Kubanyi, et al. v. GVEA, et al.*
Case No. 4:04-cv-0026-RRB
Page 2 of 5

> deprivation of all plaintiffs' property rights by Nelson and Covey, Cruz and GVEA as to all plaintiffs, and 2) excessive force by Nelson Covey against Don Kubnayi. The 1983 claim is not intended to run against Black and Veach.[3]

Having never raised the issue of false arrest, none of the circumstances set forth in F.R.C.P. 60(b) are present and the court should deny the motion on that basis alone.

However, there are additional reasons why the plaintiffs' motion for reconsideration should be denied. Foremost is that there is one fact fatal to plaintiffs' claim of false arrest. That is that the plaintiff, pursuant to a plea agreement, was convicted.[4] Exhibit A reveals that Don Kubanyi was convicted pursuant to a plea agreement to a reduced count of disorderly conduct. False arrest and imprisonment claims pursuant to § 1983 are not cognizable when the plaintiff has been convicted.[5] In *Cabrera*, the Ninth Circuit, cited *Heck v. Humphrey*.[6]

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal.[7]

The Ninth Circuit noted that to prove his claim of false arrest, Cabrera would have to prove

---

[3] Plaintiffs' Opposition to Motion for Summary Judgment, docket 86 at p. 41 (emphasis added).

[4] Exhibit A.

[5] *Cabrera v. City of Huntington Park*, 159 F.3d 374 (9th Cir. 1998).

[6] 512 U.S. 477.

[7] *Cabrera* at 380.

Response to Motion for Reconsideration
*Kubanyi, et al. v. GVEA, et al.*
Case No. 4:04-cv-0026-RRB
Page 3 of 5

that there was no probable cause to arrest him.  Cabrera's conviction precluded that and therefore Cabrera's § 1983 claim was dismissed.  This is exactly the case for Mr. Kubanyi.

Finally, the plaintiff seems to imply that there is additional evidence to consider that was not considered by the court in determining the excessive force issue.  Citing to the 1984 case of *McKenzie v. Lamb*[8] the plaintiff asserts that motivation for the arrest is a factor to be considered when determining whether excessive force is used.[9]  This is simply a misstatement of the law.  Since the United States Supreme Court decided *Graham v. Connor,*[10] the objective reasonableness test has been used for Fourth Amendment excessive force claims.  "An officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional."[11]

### III.   CONCLUSION

The plaintiff has not demonstrated any reason why the court's order on the motion for summary judgment should be reconsidered.  The court could not overlook something never raised by the plaintiff.  Even if the plaintiff had raised the issue of false arrest, the plaintiff's conviction precludes a § 1983 claim.  The court should deny

---

[8]   738 F2d 1005 (9th Cir. 1984).

[9]   Plaintiff's Motion for Reconsideration at p. 3.

[10]   490 U.S. 386 (1989).

[11]   490 U.S. at 397, *see also Whren v. U.S.*, 517 U.S. 806 (1996) (officers intent or motivation is wholly irrelevant).

Response to Motion for Reconsideration
*Kubanyi, et al. v. GVEA, et al.*
Case No. 4:04-cv-0026-RRB
Page 4 of 5

reconsideration.

DATED this 15th day of December, 2006 at Anchorage, Alaska.

> CRAIG J. TILLERY
> ACTING ATTORNEY GENERAL
>
> By:   s/ David D. Floerchinger
> Assistant Attorney General
> Office of the Attorney General
> 1031 W. 4th Ave., Ste. 200
> Anchorage, AK 99501
> Phone: (907) 269-5190
> Fax:    (907) 258-0760
> Dave.Floerchinger@law.state.ak.us
> TWC_ECF@law.state.ak.us
> Alaska Bar No. 8511156

This is to certify that on this date, a copy of the foregoing
Response to Motion for Reconsideration is
being served electronically on:

**Michael J. Walleri**
walleri@gci.net; christen_woodward@yahoo.com

**Daniel T. Quinn**
dquinn@richmondquinn.com; cesary@richmondquinn.com

**Cory Borgeson, Esq.**
cborgeson@bnblaw.com; kday@bnblaw.com

**Eric P. Gillett**
egillett@pregodonnell.com; mmorgan@pregodonell.com

s/ David D. Floerchinger Date

Response to Motion for Reconsideration
*Kubanyi, et al. v. GVEA, et al.*
Case No. 4:04-cv-0026-RRB
Page 5 of 5