IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DON M. KUBANYI; JIMMY KUBANYI; AILEEN WELTON; ELIZABETH TUZROYLUK; DORIS KUBANYI; VICTOR KUBANYI; BOBBY KUBANYI; ARLETTE KUBANYI; and BRIAN BAGGETT,<br><br>      Plaintiffs,<br><br>vs.<br><br>GOLDEN VALLEY ELECTRIC ASSOCIATION; DAVE CRUZ, individually and d/b/a CRUZ CONSTRUCTION; BLACK & VECH CORPORATION; JAKE COVEY; and PATRICK NELSON,<br><br>      Defendants. | Case No. 4:04-0026 CV (RRB)<br><br><br>**ORDER GRANTING GVEA'S MOTION TO AMEND ANSWER AND FILE COUNTERCLAIM** |

      Before the Court is Defendant Golden Valley Electric Association, Inc. ("GVEA") with a Motion for Leave to Amend Answer and File Counterclaims at Docket 118. Defendant seeks to file compulsory counterclaims against Plaintiffs for wrongful and malicious interference with an express right-of-way easement and

ORDER RE DOCKET 118 - 1
4:04-CV-0026-RRB

for intentional inference with business relations.[1]  Plaintiffs oppose at Docket 148 on the grounds that GVEA's motion is untimely, futile, and will cause undue prejudice to Plaintiffs.[2]

Plaintiffs' objections lack merit.  First, Plaintiffs <u>incorrectly</u> assert GVEA's request is untimely because GVEA has already amended its pleadings.[3]  The present motion is the <u>first time</u> GVEA has sought to amend its answer.  GVEA has only responded to Plaintiffs' First Amended Complaint.  The results of expert surveyor Patrick Kalen's report, submitted prior to the close of the amended discovery deadline, provided GVEA a good faith basis in fact for asserting counterclaims that were not fully developed earlier in this litigation.  The Court will not withhold leave to amend based on timing of GVEA's motion.

Second, Plaintiffs' objection that GVEA's counterclaims are futile misconstrues the counterclaims.  The counterclaims against Plaintiffs assert causes of action for wrongful and malicious interference with an express right-of-way easement and for intentional interference with a business relationship. However, according to Plaintiffs, the counterclaims seek to adjudicate an interest in the Kubanyis' Native Allotment, thereby

---

[1]   Docket 118 at 1, 4-5.

[2]   Docket 148 at 2.

[3]   <u>Id.</u> at 3.

requiring suit against the United States as a necessary and indispensable party, albeit which is immune from suit under the doctrine of sovereign immunity.[4]

The Court agrees with GVEA that Plaintiffs misunderstand GVEA's counterclaims and that Plaintiffs' cited authorities are inapplicable.[5] It is far from clear how GVEA's counterclaims seek adjudication of Plaintiffs' title in their Native Allotment, as Plaintiffs assert. Rather, the counterclaims challenge Plaintiffs' attempt to exclude the public from lawful use of a public right-of-way reserved by the United States, and to which Plaintiffs' Native Allotment is subject.

Finally, Plaintiffs' objection that Plaintiffs will suffer undue prejudice from GVEA's proposed counterclaim is without merit. Plaintiffs' assertion that GVEA's claim "would deny the Kubanyi's substantive rights to be free to enjoy their property . . . and to be free from claims against their title,"[6] again misstates the nature of GVEA's counterclaims. Whether a trespass occurred is an unresolved issue of fact central to this matter. GVEA's counterclaims are reciprocal in nature to Plaintiffs' claims. GVEA's assessment is sound: "[i]f Plaintiffs succeed in

---

[4]   Id. at 3-4.

[5]   See Docket 157 at 1, 2-4.

[6]   Docket 148 at 4-5.

proving a trespass occurred, GVEA's counterclaims will be dismissed.  If, on the other hand, GVEA succeeds in proving no trespass occurred, Plaintiffs' claims for trespass will be dismissed."[7]  Because GVEA's counterclaims involve the same set of facts and circumstances as Plaintiffs' claims, Plaintiffs will not suffer undue prejudice.

GVEA's Motion for Leave to Amend and File Counterclaims is therefore **GRANTED**.

ENTERED this 18th day of December, 2006.

                                S/RALPH R. BEISTLINE
                                UNITED STATES DISTRICT JUDGE

---

[7] Docket 118 at 5.