IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DON M. KUBANYI; JIMMY KUBANYI; AILEEN WELTON; ELIZABETH TUZROYLUK; DORIS KUBANYI; VICTOR KUBANYI; BOBBY KUBANYI; ARLETTE KUBANYI; and BRIAN BAGGETT,<br><br>        Plaintiffs,<br><br>vs.<br><br>GOLDEN VALLEY ELECTRIC ASSOCIATION; DAVE CRUZ, individually and d/b/a CRUZ CONSTRUCTION; BLACK & VECH CORPORATION; JAKE COVEY; and PATRICK NELSON,<br><br>        Defendants. | Case No. 4:04-0026 CV (RRB)<br><br>**ORDER GRANTING GVEA'S MOTION FOR PROTECTIVE ORDER** |

Before the Court is Defendant Golden Valley Electric Association, Inc. ("GVEA") with a Motion for a Protective Order at Docket 112, prohibiting Plaintiffs from introducing evidence of prior settlement offers pursuant to Fed. R. Evid. 403 and 408.

ORDER RE DOCKET 112 - 1
4:04-CV-0026-RRB

Defendants Dave Cruz, individually and d/b/a Cruz Construction, and Black and Veatch Corporation join in GVEA's motion.[1]

GVEA believes that Plaintiffs intend to introduce testimony of Tanana Chiefs Conference (TCC) Realty Officer Paul Mayo as a fact and expert witness to establish that GVEA previously offered to settle this claim by paying $50,000 to Plaintiffs and that this amounted is a reasonable measure of damages.[2]

Plaintiffs partially oppose at Docket 145 on the ground that GVEA's requested remedy may exceed the scope of Fed. R. Evid. 408. Plaintiffs object to an exclusion of testimony regarding negotiations between TCC and GVEA for access to the lake or Mayo's professional opinion on the value of such access.[3] Plaintiffs aver that Mayo's testimony regarding the monetary value of a right of way access to Seven Mile Lake via the Plaintiffs' Native Allotment can be admitted without any reference to settlement negotiations regarding Plaintiffs' trespass claim as a permitted use under Rule Fed. R. Evid. 408.[4]

---

[1] Docket 116; Docket 128.

[2] Docket 112 at 2 & Ex. D (Plaintiff's Amended Expert Witness List indicating that "Mr. Mayo will be testifying as to facts relating to . . . rights of way acquisition on Native Allotments trespass management and calculations of damages.").

[3] Id. at 3.

[4] Id. at 2-3.

IT IS HEREBY ORDERED that Defendant GVEA's Motion for Protective Order at Docket 112 is **GRANTED**.  Plaintiffs are prohibited from introducing any evidence of settlement negotiations, offers of compromise, or settlement discussions.

ENTERED this 18th day of December, 2006.

>S/RALPH R. BEISTLINE
>UNITED STATES DISTRICT JUDGE