Borgeson & Burns, PC
100 Cushman Street, Suite 311
Fairbanks, AK 99701
(907) 452-1666
(907) 456-5055 – facsimile

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| Don M. Kubanyi, Jimmy Kubanyi, Aileen Welton, Elizabeth Tuzroyluk Doris Kubanyi, Victor Kubanyi, Bobby Kubanyi, Arlette Kubanyi and, Brian Baggett,<br><br>Plaintiffs,<br><br>vs.<br><br>Golden Valley Electric Association, Dave Cruz, individually and d/b/a Cruz Construction, Black & Veatch Corporation, Jake Covey and Patrick Nelson,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. F04-0026 CIV RRB<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## AMENDED ANSWER TO AMENDED COMPLAINT

Golden Valley Electric Association, Inc., through counsel, Borgeson & Burns, PC, answers the amended complaint as follows:

### I. INTRODUCTION

1.    Admit.

### II.    PARTIES

2.    Defendant lacks sufficient knowledge to either admit or deny.

3.    Admit.

4.    Admit.

5.    Admit.

6.    Admit.

7.    Admit.

8.    Admit.

### III.    JURISDICTION AND VENUE

9.    Denied as to Defendant Golden Valley Electric Association, Inc.

10.    Denied as to Defendant Golden Valley Electric Association, Inc.

### IV. FACTS

11.    Admit.

12.    Admit.

13.    Denied as Black and Veatch was not hired for performance of engineering or project management services.

14.    Admit.  The project was constructed with the use of an ice road following the Rex Trail.

15.    Admit.

16.    Denied as no response is required.

17.    Denied.

18.    Denied for lack of actual knowledge thereof.

19.    Denied for lack of actual knowledge thereof.

20.    Admit.

21.    Denied.

22.   Denied for lack of actual knowledge thereof.

23.   Denied for lack of actual knowledge thereof.

24.   Denied for lack of actual knowledge thereof.

25.   Denied for lack of actual knowledge thereof.

26.   Denied for lack of actual knowledge thereof.

27.   Denied for lack of actual knowledge thereof.

28.   Denied for lack of actual knowledge thereof.

29.   Denied for lack of actual knowledge thereof.

30.   Denied for lack of actual knowledge thereof.

31.   Denied for lack of actual knowledge thereof.

32.   Admit.

33.   Denied for lack of actual knowledge thereof.

34.   Denied for lack of actual knowledge thereof.

35.   Denied for lack of actual knowledge thereof.

36.   Denied for lack of actual knowledge thereof.

37.   Denied for lack of actual knowledge thereof.

38.   Denied for lack of actual knowledge thereof.

## COUNT I
## TRESPASS

39.   This is an averment to which no response is required.

40.   Denied.

41.   Denied.

42.   Denied.

43.    Denied.

44.    Denied.

## COUNT II
## CIVIL RIGHTS VIOLATION

45.    This is an averment to which no response is required.

46.    Denied.

## AFFIRMATIVE DEFENSES

1.    Plaintiffs lack standing to maintain this suit.

2.    Plaintiffs are estopped from asserting trespass.

3.    Plaintiffs waived any right to claim trespass.

4.    Plaintiffs failed to join all indispensable parties.

5.    Plaintiffs failed to state a claim upon which relief can be granted.

## COUNTER-CLAIMS

Defendant Golden Valley Electric Association, Inc., ("GVEA"), by way of counterclaims against Plaintiffs states the following:

1.    Plaintiffs are owners of a Native Allotment identified in United States Department of the Interior, Bureau of Land Management Certificate No. 50-93-0056 which includes a reservation of "the continued right of public access along the non-exclusive use Rex to Bonnifield Trail not to exceed 50 feet in width."

2.    Defendant GVEA is an electric cooperative organized and governed under the laws of the State of Alaska, whose principal place of business is located in

Fairbanks, Alaska.   GVEA is member of the public and a user of the Rex to Bonnifield Trail ("Rex Trail").

3.      The Rex Trail lies on the South end of the Kubanyi's Native Allotment.   The Rex Trail is an established, RS 2477 right-of-way.

4.      The State of Alaska asserts a 100 foot right-of-way on the Rex Trail, including the portion traveling through the Kubanyi allotment.

5.      The Rex Trail has been a publicly used roadway continuously since at least 1906.

6.      On information and belief, the Rex Trail roadway has been used in common with others, including Plaintiffs, GVEA and others, since the Kubanyis entered their allotment sometime in 1963.

7.      The roadway provides access, ingress, and egress to Plaintiffs' property and to Seven Mile Lake along the Southern boundary of Plaintiffs' property.

8.      The Rex Trail roadway extends East to West through Plaintiffs' property along the South end of Seven Mile Lake, which is surrounded by Plaintiffs' property. This private property is bisected by the Rex Trail RS 2477 right-of-way.

9.      Seven Mile Lake is a navigable waterway, owned by the State of Alaska up to its ordinary high water mark ("OHW").

10.    The OHW of Seven Mile Lake is located on or above the Rex Trail RS 2477 right-of-way at all points where Cruz entered the lake to pump water for the ice road.

11.    GVEA was the owner of the Northern Intertie Project ("Project").    In preparation for the Project, GVEA obtained the necessary Land and Water Use permits.

12.    In March of 1999, the State of Alaska, Department of Natural Resources, Division of Land, issued GVEA a Land Use Permit (LAS# 23614).[1]

13.    In July 1999, the United States Department of the Interior, Bureau of Land Management, issued GVEA a Right-of-Way Grant/Temporary Use Permit (Serial Number FF-091732).[2]

14.    In January 2002, the Alaska Department of Natural Resources, Water Resources Section, issued GVEA a Temporary Water Use Authorization (Number TWUP A2001-118).[3]

15.    These permits authorized the extraction of water from Seven Mile Lake and from several other water sources for use in constructing and maintaining an ice road necessary to the Project.

16.    In 2001, GVEA awarded the construction contract for the Project to Global Power and Communication, Inc. ("Global")[4], who independently sub-contracted with

---

[1]    Land Use Permit (Exhibit GVEA-A)
[2] A true and correct copy of the Right-of-Way Grant/Temporary Use Permit (Exhibit "GVEA-C").

[3] A true and correct copy of the Temporary Water Use Authorization (Exhibit "GVEA-D").

[4] A true and correct copy of the Contract (Exhibit "GVEA-D").

Defendant Cruz Construction ("Cruz") to build an ice road necessary for the completion of the Project.[5]

17.    GVEA was the intended beneficiary of Cruz Construction's contract with Global for the construction of the ice road for use in the Northern Intertie Project.

18.    On or about March 1, 2003, Cruz workers lawfully used the Rex Trail right of way to access Seven Mile Lake for the purpose of pumping water from Seven Mile Lake to build an ice road.

19.    The Rex Trail provides public access to Seven Mile Lake.[6]

20.    Plaintiffs have no legal claim to the land from the Rex Trail to Seven Mile Lake because that land is below the ordinary high water mark of Seven Mile Lake and belongs to the people of the State of Alaska.[7]

## COUNT I:  WRONGFUL INTERFERENCE WITH AN EXPRESS RIGHT OF WAY EASEMENT

21.    Plaintiff Don Kubanyi wrongfully and with malicious intent prevented Cruz workers from lawfully accessing Seven Mile Lake from the Rex Trail.

22.    Plaintiff Don Kubanyi intentionally and maliciously threatened Cruz workers with bodily harm and threatened to damage Cruz property because Cruz workers were accessing Seven Mile Lake from the Rex Trail.

---

[5] A true and correct copy of Agreement to Subcontract (Exhibit "GVEA-E").

[6] See Report of Patrick Kalen, P.L.S., ¶ 6, (Exhibit "GVEA-F").

[7] AS 38.05.126(c).

23.    Plaintiff Don Kubanyi was intoxicated[8] and threatened to use a gun if Cruz did not cease work.[9]

24.    Plaintiffs further obstructed Cruz workers' use of the Rex Trail to access Seven Mile Lake by putting obstacles along the North edge of Rex Trail adjacent to the South edge of Seven Mile Lake.

25.    Plaintiffs' actions prevented Cruz and other members of the public from accessing Seven Mile Lake.

26.    Don Kubanyi's threats of violence and Plaintiffs' placing of obstructions prevented Cruz and others from the use, ingress, and egress of the Northern boundary of The Rex Trail adjacent to and including the Southern edge of the OHW Seven Mile Lake.

27.    Plaintiffs' thus seized the Rex Trail access to Seven Mile Lake and prevented ingress and egress to Seven Mile Lake.

28.    Plaintiffs at all times admitted their intention to so deprive Cruz and others of the use of the Rex Trail to access Seven Mile Lake.

29.    Following Don Kubanyi's threats and the Plaintiffs placement of obstructions, the Cruz workers left the area, relayed the threats to Mr. Dave Cruz ("Mr. Cruz") and Mr. Cruz contacted the State Troopers.[10]

_____

[8] See Don Kubanyi Deposition, Page 101, Lines 3-4, Page 109, Lines 7-8, (Exhibit "GVEA-G").

[9] See Id., Page 88, Line 13.

[10] See Dave Cruz Deposition, Page 30, Lines 4-24, (Exhibit "GVEA-H").

**Amended Answer and Counterclaim**
Kubanyi v. GVEA, et al.
Case No. F04-0026 CIV Civil
Page 8 of 13

30.    When GVEA found out what had occurred and seeking to avoid further legal and physical confrontations, GVEA advised Cruz to use an alternative water source.

31.    Cruz charged GVEA an additional $131,500.00 because of the costs Cruz incurred from having to use an alternative water source.

32.    These additional costs of $131,500.00 to GVEA were caused by Plaintiffs' wrongful and malicious interference with the Rex Trail access to Seven Mile Lake.

33.    GVEA may need to contract with an ice road construction crew to create an ice road at some time in the future because GVEA may need winter access to the Northern Intertie for repairs and maintenance.

34.    Plaintiffs' obstruction of the Rex Trail access to Seven Mile Lake by Plaintiffs has and will continue to  result not only in loss of a property right of use to GVEA and to others, but will materially injure GVEA's business.

35.    If such damage continues, GVEA and others will suffer large and irreparable damage by loss of use of the public Seven Mile Lake from the public right of way that is the Rex Trail.

36.    Unless an injunction issues, GVEA and others will continue to suffer damages.

37.    GVEA remedies at law are incomplete and injunctive relief is appropriate.

**COUNT II:  INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE**

38.    At all relevant times, GVEA was involved in an ongoing, valid and existing business relationship with Cruz Construction.  GVEA contracted with Global for the

construction of the Northern Intertie project and Global contracted with Cruz for construction of the necessary ice roads used during the construction project.

39.    GVEA paid Global for its work, and Global hired subcontractors to perform different jobs connected with the Northern Intertie project based on each subcontractor's area of expertise.

40.    GVEA had the valid and reasonable expectation that it would derive future economic benefits from Global's contractual relationship with Cruz.

41.    Plaintiffs' knew of the relationship between GVEA, Global and Cruz.

42.    Plaintiff Don Kubanyi attended planning meetings and public hearings regarding the construction of the Northern Intertie.  He once requested a re-route of the Intertie and GVEA implemented his request.  He also asked Cruz to hire him for a job on the project.

43.    Plaintiffs intentionally disrupted the business relationship between GVEA, Global and Cruz Construction with the express purpose to harm GVEA by engaging in wrongful conduct.

44.    This conduct included refusing to allow Cruz to access the public Seven Mile Lake from the public right of way that is the Rex Trail, by threatening Cruz workers with bodily harm, and by threatening to damage Cruz vehicles.

45.    Plaintiffs' conduct was done without privilege or justification.

46.    When Plaintiffs prevented Cruz from accessing Seven Mile Lake from the Rex Trail, Cruz had to get water at higher cost from another source farther away.

47.    Cruz contacted Global, and Global contacted GVEA because Cruz's expenses exceeded its original bid, and Cruz demanded more money because of the additional cost it incurred.

48.    GVEA authorized an additional $131,500.00 to compensate Cruz for having to move the water pumping operation from Seven Mile Lake.

49.    As a result of Plaintiffs' intentional acts, the business relationship between GVEA, Global and Cruz construction was disrupted when GVEA paid Cruz additional money to complete the work subcontracted to them through Global because Cruz's costs of building the ice road were increased when they had to draw water from a source other than Seven Mile Lake.

50.    As a result of Plaintiffs' intentional acts, the business relationship between GVEA, Global and Cruz construction was also disrupted because Cruz was slowed down significantly, causing a delay in the project.

51.    Defendant's interference with the business relationship between GVEA, Global and Cruz construction has resulted in actual damage to GVEA in an amount exceeding $131,500.00.

52.    Plaintiffs acted maliciously and wantonly in interfering with the business relationship between GVEA, Global and Cruz in that Plaintiffs intentionally blocked Cruz's access to Seven Mile Lake from the Rex Trail and Plaintiff Don Kubanyi physically threatened to harm Cruz workers and damage Cruz vehicles.

53.    GVEA is entitled to punitive damages.

## PRAYER FOR RELIEF

Defendant GVEA requests the Court grant the following relief:

1.      Dismiss Plaintiffs' claims with prejudice;

2.      Award Defendant GVEA its costs and attorney fees incurred in defending this matter and in bringing GVEA's counter-claims;

3.      Award Defendant GVEA actual and compensatory damages incurred as a result of Plaintiffs' wrongful and malicious interference with an express right of way easement and with a prospective business advantage;

4.      Award Defendant GVEA interest from March 1, 2003, to the date of payment of the judgment at a rate of 8% per annum;

5.      Award Defendant GVEA punitive damages for Plaintiffs' wrongful and malicious interference with an express right of way easement and with a prospective business advantage;

6.      Issue an order enjoining and restraining Plaintiffs, their agents, and employees, and each of them, from erecting or using in any manner or form any obstruction on the Rex Trail roadway where the easement provides legal access to Seven Mile Lake;

7.      Issue an order requiring Plaintiffs to promptly remove any posts, signs and obstructions now placed on the RS 2477 right-of-way or below the OHW of Seven Mile Lake;

8.      Any other relief the Court deems just and equitable.

DATED at Fairbanks, Alaska this 19th day of December, 2006.


By: s/ Cory R. Borgeson

BORGESON & BURNS, P.C.
100 Cushman Street, Suite 311
Fairbanks, Alaska 99701
Telephone: (907) 452-1666
Facsimile: (907) 456-5055
E-mail: cborgeson@bnblaw.com
ABA #8405009



This is to certify that on this date, a copy of the foregoing
document is being served electronically on:

Michael Walleri walleri@gci.net; christin_woodward@yahoo.com
330 Wendell Street, Suite E
Fairbanks, AK 99701

Daniel T. Quinn dquinn@richmondquinn.com; cesary@richmondquinn.com
Richmond & Quinn
360 K Street, Suite 200
Anchorage, AK 99501-2028

Eric P. Gillett egillett@pregodonnell.com; mmorgan@pregodonell.com
Preg O'Donnell & Gillett PLLC
1800 Ninth Avenue, Suite 1500
Seattle, WA 98101-1340

David Floerchinger dave_floerchinger@law.state.ak.us; TWC.ECF@law.state.ak.us
Assistant Attorney General
Department of Law
1031 West Fourth Avenue, Suite 200
Anchorage, AK 99501