IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DON M. KUBANYI; JIMMY KUBANYI; AILEEN WELTON; ELIZABETH TUZROYLUK; DORIS KUBANYI; VICTOR KUBANYI; BOBBY KUBANYI; ARLETTE KUBANYI; and BRIAN BAGGETT,<br><br>        Plaintiffs,<br><br>vs.<br><br>GOLDEN VALLEY ELECTRIC ASSOCIATION; DAVE CRUZ, individually and d/b/a CRUZ CONSTRUCTION; BLACK & VECH CORPORATION; JAKE COVEY; and PATRICK NELSON,<br><br>        Defendants. | Case No. 4:04-0026 CV (RRB)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

Before the Court are Plaintiffs with a Motion for Reconsideration at Docket 153. Plaintiffs seek reconsideration of the Court's orders granting summary judgment to Defendants on Plaintiffs' 42 U.S.C. § 1983 claims.[1]

---

[1] See Dockets 141, 142, and 143.

Defendants Golden Valley Electric Association ("GVEA"), Dave Cruz, individually and d/b/a Cruz Construction ("Cruz Defendants"), and Alaska State Troopers Jake Covey and Patrick Nelson ("Troopers") (collectively "Defendants"), oppose at Dockets 168, 175, and 176, respectively. Plaintiffs' motion is denied.

No basis for granting relief pursuant to Rule 60(b) is alleged or appears to exist. Plaintiffs assert that the Court did not address Plaintiffs' false arrest theory. However, Plaintiffs have never properly alleged a cause of action for false arrest in any of their pleadings or motions. A motion for relief pursuant to Fed. R. Civ. P. 60(b) should not be granted on the basis of new legal theories not advanced when a motion for summary judgment was originally briefed, except for those reasons listed in Rule 60(b).[2] The Court notes, however, that the facts here do not establish that a false arrest occurred.

Plaintiffs' assertion that the Troopers arrested Mr. Kubanyi "merely because" of his explicit language toward the Troopers is not supported by the evidence. The Court acknowledges Trooper Covey's statement at page 29 of his deposition: "When I

---

[2]   Fed. R. Civ. P. 60(b) "'provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharge judgment; or (6) other "extraordinary circumstances" which would justify relief.'" Sch. Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir., 1993) (citations omitted).

went out and – and confronted Mr. Kubanyi and his attitude was f*** you, at that point, I knew that he was going to go to jail."[3] Read in context, however, this does not constitute an admission that the Troopers arrested Kubanyi merely because of his language.[4]

      Plaintiffs' case citations are distinguishable.  In each case, Mr. Kubanyi's provocative and/or explicit language was the sole precipitating cause for the officer's arrest and subsequent charge of the Plaintiff with disorderly conduct.[5]  In contrast, Troopers Covey and Nelson were summoned to respond to an inebriated man who had reportedly threatened to shoot the Cruz Defendants.  Kubanyi was an unknown threat.  Further, he defied the Troopers' efforts to safely assess the threat.  While Kubanyi's crude epithet was a vocalized part of his defiance, it was <u>not</u> the sole justification for his arrest.[6]

---

[3]    <u>See</u> Docket 197-3 at 13 (expletive redacted).

[4]    <u>Cf.</u> <u>id.</u> at 13-14.

[5]    <u>See</u> <u>Houston v. Hill</u>, 784 U.S. 451, 461 (1987) (plaintiff arrested for interrupting officer); <u>Duran v. Douglas</u>, 904 F.2d 1372, 1374 (9th Cir. 1989) (plaintiff arrested for expletives and obscene hand gesture directed at officer).  Plaintiffs' citation of <u>Stone v. Juarez</u>, 2006 U.S. Dist. LEXIS 27272 (D.N.M., Apr. 23, 2006) is also distinguishable but does not merit discussion because it lacks precedential value before this Court.

[6]    Because Kubanyi was not arrested "merely because" of his explicit language, Plaintiffs' First Amendment violation (also raised for the first time in this Motion) requires no discussion.

Even if the Troopers were motivated to arrest Kubanyi solely because of his words, their actions were objectively reasonable under the circumstances.[7] Plaintiffs' pre-1989 authority must yield to the Supreme Court's more recent pronouncement in Graham: "An officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force."[8]

Finally, Plaintiffs' assertion that the Court "did not consider" the deprivation of property rights theory asserted against GVEA and Cruz Defendants under § 1983 is flatly incorrect, as a simple study of the Court's orders will reveal.[9]

Plaintiffs do not allege or provide any evidence of any of the factors listed under Rule 60(b) (1-6). Plaintiffs' Motion for Reconsideration is therefore **DENIED.**

ENTERED this 8th day of January, 2007.

        S/RALPH R. BEISTLINE
        UNITED STATES DISTRICT JUDGE

---

[7] See Graham v. Connor, 490 U.S. 386, 397 (1989).

[8] Id.

[9] See Docket 142 at 12-18; Docket 143 at 9-13.