Michael J. Walleri
Law Offices of Michael J. Walleri
330 Wendell Street, Suite E
Fairbanks, Alaska  99701
(907) 452-4716
(907) 452-4725 (Facsimile)
Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DON M. KUBANYI, JIMMY KUBANYI, AILEEN WELTON, ELIZABETH TUZROYLUK, DORIS KUBANYI, VICTOR KUBANYI, BOBBY KUBANYI, ARLETTE KUBANYI, and BRIAN BAGGETT,<br><br>        Plaintiff(s),<br><br>vs.<br><br>GOLDEN VALLEY ELECTRIC ASSOCIATION, DAVE CRUZ, individually and d/b/a/ CRUZ CONSTRUCTION, BLACK & VECH CORPORATION,  JAKE COVEY AND PATRICK NELSON,<br>        Defendants. | **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS GVEA'S COUNTERCLAIMS** |

Case No. 4:04-cv-0026 RRB

      Golden Valley (GVEA) has filed counterclaims against the Plaintiff's alleging

wrongful interference with an express right of way easement (Count I) and

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Kubanyi v. GVEA* Case No. F04-0026
Memo.: Dismiss GVEA's Counterclaims

1 of 5

interference with a prospective business advantage (Count II)   The court should dismiss the counterclaims.

### I.  COUNTER CLAIMS ASSERT NON-COGNIZABLE STATE LAW CLAIMS.

In asserting the counterclaims, GVEA has failed to state whether the claims raised assert federal or state law claims.  Simply stated, there is no cognizable federal common law cause of action sounding in terms asserted as to Counterclaim I or Counterclaim II.  See Venetian Casino Resort, L.L.C. v. Local Joint Exec. Bd., 257 F.3d 937 (9th Cir., 2001) [wrongful interference with an express right of way easement is state law claim]; *Los Angeles Airways, Inc. v. Davis, 687 F.2d 321 [9th Cir. 1982]*[ interference with a prospective business advantage is a state law claim]

The problem with the claim however, is that GVEA alleges that the a Native Allotee interfered with a state owned right of way crossing the allotee's Native Allotment.  However, it is not questioned that  the State of Alaska lacks the law making authority to prescribe the actions alleged.  See *Heffle v. State, 633 P.2d 264 (Alaska, 1981)*  Hence, the allegations contained in the complaint do not violate state law, because the state is without authority to prescribe the actions  about which

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Kubanyi v. GVEA* Case No. F04-0026
Memo.: Dismiss GVEA's Counterclaims

GVEA complains. Therefore, GVEA's claims fail to state a cognizable cause of action.

## II. GVEA HAS FAILED TO JOIN THE UNITED STATES, WHICH CANNOT BE JOINED.

The counter claims seeks to adjudicate an interest (i.e. the easement) in the Native allotment, which essentially seeks to challenge and set aside a portion of the Certificate of Native Allotment issued by the Federal government to the Kubanyi's.[1] In such a claim, the United States government is a necessary and indispensable party.[2] However, such claims against the United States are barred by sovereign immunity. The Quiet Title Act[3] is the sole means of challenging U.S. title,[4] but the Indian title exception[5] to that statute operates to retain United States' immunity from suit by third parties challenging United States' title to land held in trust or restricted status. *United States v Mottaz*, 476 US 834, 90 L Ed 2d 841, 106 S Ct 2224 (1986)

---

[1] See *Heffle v. State, 633 P.2d 264 (Alaska, 1981)* (criminal charge of interference with state right of way across Native Allotment necessarily implicated adjudication to Native allotment title
[2] *Imperial Granite Co. v Pala Band of Mission Indians*, 940 F2d 1269 (9th Cir., 1991) [In suit brought to establish plaintiff's interest in Indian trust lands, United States was indispensable party; thus, plaintiff's failure to join United States as such party required dismissal of action.]
[3] 28 USC 2409
[4] See Shultz v. Department of the Army, United States, 10 F.3d 649 (9th Cir. 1993)(Shultz I), opinion withdrawn and superceded on rehearing by Shultz v. Department of the Army, United States, 96 F.3d 1222 (9th Cir. 1996), cert. denied, 523 U.S. 1072, 140 L. Ed. 2d 665, 118 S. Ct. 1511 (1998), demonstrates that under Ninth Circuit law this court has jurisdiction under the Quiet Title Act, plaintiffs have standing, and a favorable decision would redress plaintiffs' injury;
[5] 28 USC 2409a

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

GVEA is barred from bringing this claim because it may not join the United States Government, which is an indispensable party to this claim.  See also *Imperial Granite Co. v Pala Band of Mission Indians,* 940 F2d 1269 (9th Cir., 1991)  [In suit brought to establish plaintiff's interest in Indian trust lands, United States was indispensable party; thus, plaintiff's failure to join United States as such party required dismissal of action.]

### III. GVEA HAS FAILED TO JOIN THE STATE OF ALASKA AND LACKS STANDING TO ASSERT CLAIMS MADE BY THE STATE OF ALASKA.

GVEA's counterclaims argue that the State of Alaska claims a 100 foot easement across the Kubanyi allotment.  The State of Alaska is not a party to this action.  RS 2477 gives noting to GVEA; rather by its terms the statute grants to public bodies the right of way. *See Southern Utah Wilderness Alliance v BLM,* 425 F. 3d 735 (10th Cir., 2005)  The claimant is not GVEA.  The claimant is the State of Alaska.  GVEA has failed to join the State of Alaska to this litigation.   The State of Alaska cannot be joined in this action against its will.  See *Blatchford v. Native Village of Noatak, 501 U.S. 775, 111 S. Ct. 2578, 115 L. Ed. 2d 686 (1991)*

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

## CONCLUSION

For the above reasons, the Court should dismiss GVEA's counterclaims.

DATED this 23rd day of January, 2007.

MICHAEL J. WALLERI

/s/ Michael J. Walleri
Law Offices of Michael J. Walleri
330 Wendell Street, Suite E
Fairbanks, Alaska 99701
(907) 452-4716
(907) 4524725 (Facsimile)
walleri@gci.net
AK Bar No. 7906060

Certificate of Service
I hereby certify that under penalty of perjury that a true and correct copy of the foregoing was sent to the following counsel of record on January 23, 2007 via ECF to:

| | |
|---|---|
| Mr. David Floerchinger<br>Assistant Attorney General<br>Department of Law<br>1031 W. Fourth Ave., Suite 200<br>Anchorage, Ak 99501 | Mr. Cory Borgeson<br>Boreson & Burns, P.C.<br>100 Cushman Street, Suite 31<br>Fairbanks, Alaska 99701 |
| Mr. Eric P. Gillett<br>Preg O'Donnell & Gillett, P.C.<br>1800 Ninth Ave., Suite 1500<br>Seattle, WA 98101-1340 | Mr. Daniel T. Quinn<br>Richmond & Quinn<br>360 K Street, Suite 200<br>Anchorage, AK 99501-2038 |

/s/ Michael J. Walleri

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725