Borgeson & Burns, PC
100 Cushman Street, Suite 311
Fairbanks, AK 99701
(907) 452-1666
(907) 456-5055 – facsimile

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| Don M. Kubanyi, Jimmy Kubanyi,<br>Aileen Welton, Elizabeth Tuzroyluk<br>Doris Kubanyi, Victor Kubanyi,<br>Bobby Kubanyi, and Arlette Kubanyi,<br><br>        Plaintiffs,<br><br>vs.<br><br>Golden Valley Electric Association and<br>Dave Cruz, individually and d/b/a<br>Cruz Construction,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. F04-0026 CIV<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT GVEA'S MEMORANDUM SUPPORTING MOTION TO STRIKE HANS AXELSSON FROM PLAINTIFFS' SECOND AMENDED EXPERT WITNESS LIST

Defendant, Golden Valley Electric Association, Inc. ("GVEA") moves to Strike Hans Axelsson from Plaintiffs' Second Amended Expert Witness List based on the following.

### Facts

Plaintiffs' Initial Expert Witness Disclosure, dated January 17, 2006, identified only two experts, Paul Mayo and Eric Stahlke.[1]  Plaintiffs Amended Final Witness List and Expert Witness Disclosure, dated May 2, 2006, identified the same two

---

[1] See Plaintiffs' Expert Witness Disclosure dated January 17, 2006, attached as Exhibit A.
GVEA's Memorandum Supporting Motion to Strike Expert from Plaintiffs' Second Amended Expert Witness List
F04-00026 CI
Page 1 of 5

experts, but added Hans Axelsson as an expert on damages from trespass.[2] Plaintiffs' Amended Expert Witness List, dated October 3, 2006, removed Hans Axelsson as an Expert, and substituted Mark Sherman as an expert on damages from trespass.[3]

GVEA noticed and took the depositions of the initially disclosed experts Paul Mayo and Eric Stahlke, and subpoenaed both experts to bring documents to the depositions.[4]   Those depositions took place on October 5 and 6 of 2006, after Plaintiff had removed Hans Axelsson as an expert and substituted Mark Sherman.

During Paul Mayo's deposition, Paul Mayo produced a letter from Hans Axelsson[5] which described Plaintiffs' damages as nominal.   Paul Mayo also discussed Hans Axelsson's review of the appraisal file, and Hans Axelsson's duties as a real estate appraiser for the Tanana Chiefs Conference.[6]

Following the depositions and the new information GVEA gained through the depositions, GVEA revised its witness list to add Hans Axelsson as a fact witness and expert witness.[7]   Significantly, Plaintiffs never objected to GVEA identifying Hans Axelsson as a witness.

---

[2] See Plaintiffs' Amended Final Witness List and Expert Witness Disclosure dated May 2, 2006, attached as Exhibit B.
[3] See Plaintiffs' Amended Expert Witness List dated October 3, 2006, attached as Exhibit C.
[4] See Deposition Notices, attached as Exhibit D.
[5] See Hans Axelsson Letter dated August 2, 2006, attached as Exhibit E.
[6] See Paul Mayo Deposition Excerpt, attached as Exhibit F.
[7] See GVEA's  Amended Final Witness List, dated November 30, 2006, attached as Exhibit G.

On January 18, 2007, Plaintiffs filed their 2nd Amended Expert Witness List.[8]

That list included Hans Axelsson as an expert witness on issues regarding damages

from trespass.

## Argument

Hans Axelsson's letter may be used by GVEA as an exhibit at trial. And,

Hans Axelsson's trial testimony, based on his knowledge of the facts, is relevant to

GVEA's claims and defenses in this action. GVEA timely disclosed to all parties its

intention to use Hans Axelsson as a witness. Plaintiffs did not object to GVEA

identifying Hans Axelsson as a trial witness.

Following GVEA's disclosure identifying Hans Axelsson as a witness,

Plaintiffs never moved for any order to protect Hans Axelsson from being called as a

witness by GVEA. Fed. R. Civ. P. 26(c) regarding protective orders states:

> Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> **(1)** that the disclosure or discovery not be had;
>
> **(2)** that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place;

---

[8] See Plaintiffs' Second Amended Expert Witness List, dated January 23, 2007, Docket 200.

Plaintiffs now assert that Hans Axelsson is "expressly declared to be a consulting witness, whether hereafter deposed or not. No other party may call such expert without the Plaintiffs' express permission."[9] Plaintiffs' assertion is an attempt to limit discovery from Hans Axelsson to Plaintiffs' specified terms and conditions. Plaintiffs seek to prevent GVEA from contacting Hans Axelsson. Plaintiffs' assertion comes too late.

GVEA identified Hans Axelsson as a potential fact or expert witness after information about Hans Axelsson came out in Paul Mayo's deposition. At that point, Plaintiffs had completely removed Hans Axelsson from their witness list. Plaintiffs may not now declare that Hans Axelsson is a "consulting witness" and that GVEA is precluded from calling him.

### Conclusion

For the above reasons, GVEA respectfully requests this Court strike Hans Axelsson from Plaintiffs' Second Amended Expert Witness List.

DATED at Fairbanks, Alaska, this 1st day of February, 2007.

BORGESON & BURNS, PC
Attorney(s) for Plaintiff GVEA


By:____s/Cory Borgeson_____
            Cory Borgeson
            ABA # 8405009

---

[9] See Plaintiffs' Second Amended Expert Witness List, dated January 23, 2007, Docket 200.
GVEA's Memorandum Supporting Motion to Strike Expert from Plaintiffs' Second Amended Expert Witness List
F04-00026 CI
Page 4 of 5

This is to certify that on this date, a copy of the foregoing
document is being served electronically on:

Michael Walleri  walleri@gci.net; christin_woodward@yahoo.com
330 Wendell Street, Suite E
Fairbanks, AK  99701

Daniel T. Quinn dquinn@richmondquinn.com; cesary@richmondquinn.com
Richmond & Quinn
360 K Street, Suite 200
Anchorage, AK  99501-2028