# SUPPLEMENT 1
# Letter to Mike Walleri
# dated January 23, 2007

LAW OFFICES
# Richmond & Quinn
A PROFESSIONAL CORPORATION

WILLIAM A EARNHART
KENNETH M. GUTSCH
CRAIG S. HOWARD

360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
TELEPHONE (907) 276-5727
FACSIMILE (907) 276-2953

DANIEL T. QUINN
ROBERT L. RICHMOND
SCOTT A. SCHILLINGER
MARC G. WILHELM

e-mail: info@richmondquinn.com
www.richmondquinn.com

January 23, 2007
**Via Facsimile to 907-452-4725**

Michael J. Walleri
Law Offices of Michael J. Walleri
330 Wendell Street, Suite E
Fairbanks, Alaska 99701

    Re:   Cruz Construction adv. Kubanyi
           Claim No. 901 00 721 53-001
           Date of Loss: 3/01/03
           Our File No. 2073.038

Dear Mike:

    I am writing about Plaintiffs' Second Amended Expert Witness List, which we recently received. It appears that the change from your prior Amended Expert Witness List was to add Hans Axelsson – the very expert witness whom you deleted in the Amended Expert Witness List filed on 10/3/06; Mr. Axelsson had been included in your earlier Expert Witness Disclosure dated May 2, 2006.

    If memory serves, the defense had initially sought to take Mr. Axelsson's deposition, but you advised that he would not be serving as an expert – information which was confirmed in your Amended Expert List, which deleted Mr. Axelsson. Moreover, in Mr. Mayo's deposition, he indicated that Mr. Axelsson was not qualified to prepare an appraisal useful in this litigation, given the legal issues; rather, he could prepare only a before and after appraisal which, here, would show no damage, since there was no damage to the property, even assuming a trespass. <u>See generally</u>, Mayo Deposition, pp. 71-75. Moreover, Exhibit 1 to Mr. Mayo's deposition includes an August 2, 2006 letter from Mr. Axelsson to you, declining the assignment, and noting that "the value of such a small area and short trespass, would result

Michael Walleri
January 23, 2007
Page 2

---

in a nominal value." His letter specifically indicates that he was not competent or qualified to express opinions on measures of damages other than a "before and after" valuation.

We agreed to extend the deadline for Mr. Sherman's reports, based upon your representation that his office had suffered a burglary, and that additionally he had faced some recent medical problems. We did not agree, however, to permit the introduction of a new expert at this late date, particularly Mr. Axelsson, who had been expressly withdrawn as an expert.

Accordingly, I am writing to note our objection to the reintroduction of Mr. Axelsson, and ask that you withdraw him as an expert in this matter.

Very truly yours,

RICHMOND & QUINN

Daniel T. Quinn

DTQ/cte
2073\038\CORR\WALLERI 06

cc: Mike Kramer

```
Transaction Report

Send
Transaction(s) completed

No.  TX Date/Time    Destination                    Duration P.#    Result    Mode
597  JAN-23  13:17   907 452 4725                   0'00'16" 002    OK        N ECM
```

LAW OFFICES

# Richmond & Quinn

A PROFESSIONAL CORPORATION

WILLIAM A. EARNHART
KENNETH M. GUTSCH
CRAIG S. HOWARD

360 K STREET, SUITE 200
ANCHORAGE, ALASKA 99501-2038
TELEPHONE (907) 276-5727
FACSIMILE (907) 276-2953

DANIEL T. QUINN
ROBERT L. RICHMOND
SCOTT A. SCHILLINGER
MARC G. WILHELM

e-mail: info@richmondquinn.com
www.richmondquinn.com

January 23, 2007
**Via Facsimile to 907-452-4725**

Michael J. Walleri
Law Offices of Michael J. Walleri
330 Wendell Street, Suite E
Fairbanks, Alaska 99701

   Re: Cruz Construction adv. Kubanyi
     Claim No. 901 00 721 53-001
     Date of Loss: 3/01/03
     Our File No. 2073.038

Dear Mike:

  I am writing about Plaintiffs' Second Amended Expert Witness List, which we recently received. It appears that the change from your prior Amended Expert Witness List was to add Hans Axelsson - the very expert witness whom you deleted in the Amended Expert Witness List filed on 10/3/06; Mr. Axelsson had been included in your earlier Expert Witness Disclosure dated May 2, 2006.

  If memory serves, the defense had initially sought to take Mr. Axelsson's deposition, but you advised that he would not be serving as an expert - information which was confirmed in your Amended Expert List, which deleted Mr. Axelsson. Moreover, in Mr. Mayo's deposition, he indicated that Mr. Axelsson was not qualified to prepare an appraisal useful in this litigation, given the legal issues; rather, he could prepare only a before and after appraisal which, here, would show no damage, since