Michael J. Walleri
Law Offices of Michael J. Walleri
330 Wendell Street, Suite E
Fairbanks, Alaska  99701
(907) 452-4716
(907) 452-4725 (Facsimile)
Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DON M. KUBANYI, JIMMY KUBANYI, AILEEN WELTON, ELIZABETH TUZROYLUK, DORIS KUBANYI, VICTOR KUBANYI, BOBBY KUBANYI, ARLETTE KUBANYI, and BRIAN BAGGETT,<br><br>    Plaintiff(s),<br><br>vs.<br><br>GOLDEN VALLEY ELECTRIC ASSOCIATION, DAVE CRUZ, individually and d/b/a/ CRUZ CONSTRUCTION, BLACK & VECH CORPORATION,  JAKE COVEY AND PATRICK NELSON,<br>    Defendants. | **PLAINTIFF'S REPLY TO GVEA'S OPPOSITION TO PLAINTIFF 'S MOTION TO DISMISS GVEA'S COUNTERCLAIMS** |

Case No. 4:04-cv-0026 RRB

  The Plaintiff's seek to dismiss Golden Valley's (GVEA)  counterclaims against

the Plaintiff's alleging wrongful interference with an express right of way easement

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Kubanyi v. GVEA* Case No. F04-0026                          1 of 9
Reply: Dismiss GVEA's Counterclaims

(Count I) and interference with a prospective business advantage (Count II)   The court should dismiss the counterclaims.

### I. GVEA ADMITS THAT COUNTER CLAIMS ASSERT STATE LAW CLAIMS WHICH DO NOT APPLY TO INDIAN LANDS.

GVEA's opposition clarifies that it is asserting counterclaims sounding in State law.[1]   However, GVEA simply fails to address how state law claims  can possibly apply to this case.

In *Heffle v. State, 633 P.2d 264 (Alaska,  1981)*   the Alaska Supreme Court considered whether it could issue an injunction against a Native individual who was blockading the Alaska Pipeline Haul Road (now Dalton Highway) right of way across a Native allotment.  The Court held The court held that the action required an adjudication of ownership and other interests in property which was subject to a restriction against alienation imposed by the United States under 28 U.S.C.S.§ 1360(b).  Thus, the court concluded the superior court did not have jurisdiction to

---

[1] See GVEA Op., at 1-7.  Both parties are citing .  See Venetian Casino Resort, L.L.C. v. Local Joint Exec. Bd.,  257 F.3d 937 (9th Cir., 2001) [wrongful interference with an express right of way easement is state law claim]; *Los Angeles Airways, Inc. v. Davis, 687 F.2d 321 [9th Cir. 1982]*[ interference with a prospective business advantage is a state law claim]

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

enter the permanent injunction. The state lacked jurisdiction over the matter because consideration of such matters necessarily implied the determination of land rights in Native restricted lands, which was beyond the jurisdiction of the state to regulate. Indeed, Section 4 of the Alaska Statehood Act expressly disclaims any jurisdiction of the State of Alaska over such lands.[2] The Alaska Supreme Court in *Heffle v. State* clearly held that the State of Alaska lacks the jurisdiction to prescribe the type of behavior complained about by GVEA. GVEA has not offered any legal authority to suggest that the State has jurisdiction to prescribe the alleged behavior on a Native allotment. Stated otherwise, the behavior of which GVEA complains cannot violate state law because actions by a Native allottee related to his claims in the Native allotment are outside the jurisdiction of the State to limit or otherwise regulate. Hence no cause of action for interference with a right of way across a Native allotment can sound under state law.

GVEA admits that there is no private cause of action under federal law with respect to interference with a right of way across a Native allotment.

---

[2] Specifically, Section 4 of the Alaska Statehood Act [P.L. 85-508] states
that all such (Native restricted) lands or other property, belonging to the United States or which may belong to said natives**, shall be and remain under the absolute jurisdiction and control of the United States** until disposed of under its authority, except to such extent as the Congress has prescribed or may hereafter prescribe, and except when held by individual natives in fee without restrictions on alienation * * *.' Section 4, Alaska Statehood Act'
(emphasis added)

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Kubanyi v. GVEA* Case No. F04-0026
Reply: Dismiss GVEA's Counterclaims

GVEA seeks to state a cause of action against a Native allottee for interference with a right of way across a Native allotment. For the reasons stated above, there is no cognizable federal or state cause of action for such claims. Hence, the only conclusion is GVEA has failed to state a cause of action with regard to its counterclaims.

## II.   THE UNITED STATES IS AN INDISPENSABLE PARTY.

GVEA incorrectly claims that the Court has ruled on whether the United States is an indispensable party. The order allowing the amendment of the pleadings does not address whether the US is an indispensable party.[3]  If that were the case, this court would be ignoring binding U.S. Supreme Court and Ninth Circuit precedence. *United States v Mottaz*, 476 US 834, 90 L Ed 2d 841, 106 S Ct 2224 (1986); *Imperial Granite Co. v Pala Band of Mission Indians,* 940 F2d 1269 (9th Cir., 1991) GVEA's characterization of this Court's prior order would mean that this Court has blatantly ignored the U.S. Supreme Court on this basic issue of Federal Indian law.

---

[3] See Docket 177

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

GVEA misrepresents the nature of its claims, suggesting that it has a claim in the right of way, not the allotment. The argument is disingenuous. Inherent in its claim is that the public owns the Rex Trail Right of Way across the Kubanyi allotment. Clearly, GVEA is claiming an adverse legal interest in the Native allotment held subject to trust restrictions protected by the United States government and subject to the authority of the Bureau of Indian Affairs. The land in question is held subject to title which is restricted by the United States government. The suggestion that the United States is not an indispensable party to an adverse claim against that title is nonsensical. Clearly, the United States has an interest in the lands which render it an indispensable party.

Finally, GVEA offers a selective quote from *Heffle v State*, but does not address the holding of the case. The court in *Heffle v State* held that determining the interests in the rights of way necessarily required an adjudication of ownership and other interests in property which was subject to a restriction against alienation imposed by the United States under 28 U.S.C.S.§ 1360(b). GVEA's selective quote does not alter the holding that civil claims adverse to a Native allotee necessarily adjudicate the ownership rights in that property. Moreover, GVEA misstates the facts of the case. The right of way in *Heffle v State* involved a clearly determined right

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Kubanyi v. GVEA* Case No. F04-0026
Reply: Dismiss GVEA's Counterclaims

5 of 9

of way issued by the federal government under the Trans-Alaska Pipeline Authorization Act of 1973, Pub. L. No. 93-153, 87 stat. 584 (codified at 43 U.S.C. §§ 1651-1655 (1976)), which directed the Secretary of the Interior to issue rights-of-way across United States land for the pipeline and the Haul Road. See Section 203(b) of the Pipeline Act, 43 U.S.C. § 1652(b).  The legal interests here have never been defined other than the determination of a 50 foot reservation in the allotment certificate, which fails to otherwise define the location.  Contrary to GVEA's factual misrepresentations contained in its brief, the right of way in Heffle was far more "adjudicated" than the interest GVEA claims here.

Given that the ownership rights in the land are placed in issue by GVEA's claims, the United States is a necessary and indispensable party.

### III.    GVEA MUST JOIN THE STATE OF ALASKA.

GVEA's opposition clearly states that it does not claim any right of ownership in the right of way, other than such rights it may possess as a member of the public. RS 2477 gives noting to GVEA; rather by its terms the statute grants to public bodies the right of way. *See Southern Utah Wilderness Alliance v BLM, 425 F. 3d 735 (10th Cir., 2005)*  The public body, in this case, is the State of Alaska.

**Michael J. Walleri**
*Attorney at Law*
330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

Indeed, throughout its briefing, GVEA is absolutely clear that it seeks to assert the rights that it claims on behalf of the State of Alaska.  GVEA claims that the state of Alaska claims a 100 foot right of way, despite the fact that the State is not a party to this litigation and consented to a fifty foot right of way in the adjudication of the allotment.  Indeed, all of GVEA's arguments assert legal positions attributed to the State of Alaska with regard to RS 2477 and the Rex Trail.  <u>But GVEA is not the State of Alaska, and cannot assert the legal claims of the State in the Rex Trail.</u>  RS 2477 only gives legal rights to public bodies with respect to public rights of way.  That does not give GVEA, as a member of the general public, the right to assert legal positions on behalf of the State of Alaska. The reason GVEA does not want the State of Alaska in the litigation is that it would deny GVEA the opportunity to make various unsupported claims respecting the position of the State respecting the RS 2477.  Moreover, it would underscore the fact that GVEA violated the terms of its state permits by not obtaining legal access across private lands as required by its state land use and water permits.  By its terms, RS 2477 gave the public rights of way to the State of Alaska, which means that the State of Alaska is a necessary and indispensable party to this litigation.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Kubanyi v. GVEA* Case No. F04-0026
Reply: Dismiss GVEA's Counterclaims

7 of 9

GVEA asserts that it has standing to assert the rights of the state of Alaska, but does not offer a single legal citation for this principle.  In support of its position, GVEA cites decision in *Southern Utah Wilderness Alliance v BLM, 425 F. 3d 735 (10th Cir., 2005)* However, in *Southern Utah Wilderness Alliance*, the claims respecting the existence of the rights of way were brought by counties; i.e. public bodies with the power to construct and maintain public roads, and for whom, RS 2477 was intended to benefit with the grant of the public right of way. The Court in *Southern Utah Wilderness Alliance* allowed the counties to assert the claims because they were public bodies to whom Congress granted the public rights of way under the statute. GVEA is not a public body vested with the power to construct, maintain and regulate public rights of way.  Clearly, GVEA lacks standing to assert the claims of the State of Alaska, and must join the State.

### CONCLUSION

For the above reasons, the Court should dismiss GVEA's counterclaims because 1) GVEA has failed to state a cognizable claims for which relief may be granted, and 2) GVEA has failed to join necessary and indispensable parties – to wit, the United States government and the State of Alaska.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Kubanyi v. GVEA* Case No. F04-0026
Reply: Dismiss GVEA's Counterclaims

8 of 9

DATED this 15th day of February, 2007.

          MICHAEL J. WALLERI

          /s/ Michael J. Walleri
          Law Offices of Michael J. Walleri
          330 Wendell Street, Suite E
          Fairbanks, Alaska 99701
          (907) 452-4716
          (907) 4524725 (Facsimile)
          walleri@gci.net
          AK Bar No. 7906060

Certificate of Service
I hereby certify that under penalty of perjury that a true and correct copy of the foregoing was sent to the following counsel of record on February 15, 2007 via ECF to:

| | |
|---|---|
| Mr. David Floerchinger<br>Assistant Attorney General<br>Department of Law<br>1031 W. Fourth Ave., Suite 200<br>Anchorage, Ak 99501 | Mr. Cory Borgeson<br>Boreson & Burns, P.C.<br>100 Cushman Street, Suite 31<br>Fairbanks, Alaska 99701 |
| Mr. Eric P. Gillett<br>Preg O'Donnell & Gillett, P.C.<br>1800 Ninth Ave., Suite 1500<br>Seattle, WA 98101-1340 | Mr. Daniel T. Quinn<br>Richmond & Quinn<br>360 K Street, Suite 200<br>Anchorage, AK 99501-2038 |

/s/ Michael J. Walleri

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725