Borgeson & Burns, PC
100 Cushman Street, Suite 311
Fairbanks, AK 99701
(907) 452-1666
(907) 456-5055 – facsimile

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

Don M. Kubanyi, Jimmy Kubanyi,      )
Aileen Welton, Elizabeth Tuzroyluk  )
Doris Kubanyi, Victor Kubanyi,      )
Bobby Kubanyi, and Arlette Kubanyi, )
                                    )
             Plaintiffs,            )
                                    )
vs.                                 )
                                    )   Case No. F04-0026 CIV
Golden Valley Electric Association and )
Dave Cruz, individually and d/b/a   )
Cruz Construction,                  )
                                    )
             Defendants.            )
_____)

### DEFENDANT GVEA'S MEMORANDUM OF LAW SUPPORTING MOTION TO DISMISS PLAINTIFFS' AFFIRMATIVE DEFENSES

Defendant, Golden Valley Electric Association, Inc. ("GVEA") moves to Dismiss Plaintiffs' Affirmative Defenses as set out in Paragraphs 1 through 7 of the Affirmative Defenses Section of Plaintiffs' Answer to GVEA's Counterclaims, Docket 205.

**Plaintiffs fail to state a legal defense to GVEA's Counterclaims**

Plaintiffs state seven affirmative defenses.[1] Each and every one of Plaintiffs' affirmative defenses fails as a matter of law and should be dismissed by the Court without further litigation.

Fed. R. Civ. P. 12(h)(2) states: A defense of failure to state a claim upon which relief can be granted, a defense of failure to join a party indispensable under Rule 19, and an objection of failure to state a legal defense to a claim may be made in any pleading permitted or ordered under Rule 7(a) [governing answers and counterclaims], or by motion for judgment on the pleadings, or at the trial on the merits.

The Ninth Circuit has recognized that Rule 12, "and specifically subdivisions (g) and (h), promote the early and simultaneous presentation and determination of preliminary defenses."[2] Pursuant to Fed.R.Civ.P. 12(c), a judgment on the pleadings is appropriate if material facts are not in dispute and questions of law are all that remain.[3] A judgment on the pleadings is properly granted when, taking all allegations in the pleading as true, the moving party is entitled to judgment as a matter of law.[4]

---

[1] Docket 205.

[2] *Siemers v. Wells Fargo & Co.*, 2006 WL 3041090, *4 (N.D.Cal.,2006) (citing *Chilicky v. Schweiker,* 796 F.2d 1131, 1136 (9th Cir.1986), *rev'd on other grounds,* 487 U.S. 412 (1988)).

[3] *See Hebert Abstract Co. v. Touchstone Properties, Ltd.,* 914 F.2d 74, 76 (5th Cir.1990); *Voest-Alpine Trading USA Corp. v. Bank of China* 142 F.3d 887, 891 (C.A.5 1998).

[4] *McGann v. Ernst & Young,* 102 F.3d 390, 392 (C.A.9 1996) (citing *Merchants Home Delivery Service, Inc. v. Hall & Co.,* 50 F.3d 1486, 1488 (9th Cir.) (citation omitted), *cert.*
GVEA's Memorandum Supporting Motion to Dismiss Plaintiffs' Affirmative Defenses
F04-00026 CI
Page 2 of 16

## GVEA's Counterclaims are Cognizable Causes of Action

Plaintiffs assert that GVEA's counterclaims are not cognizable causes of action.[5] GVEA's Counterclaims are for wrongful and malicious interference with an express right-of-way easement and for interference with a business advantage. GVEA's Counterclaims sound in tort and are based on Plaintiffs' actions to exclude Cruz construction workers from lawful access to Seven Mile Lake from the Rex Trail right-of-way on or about March 1, 2003. In its Counterclaims, GVEA properly alleged each of the elements of its causes of action.

### *Plaintiffs' Own Admissions are Inconsistent with Their Affirmative Defenses*

As set forth in Plaintiffs' Answer to GVEA's Counterclaims, Plaintiffs admit to at least the following facts:

1. Plaintiffs are owners of a Native Allotment identified in United States Department of the Interior, Bureau of Land Management Certificate No. 50-93-0056 which includes a reservation of "the continued right of public access along the non-exclusive use Rex to Bonnifield Trail not to exceed 50 feet in width." (See Plaintiffs' Answer to GVEA's Counterclaims, Page 2, paragraph 1, at Docket 205).

2. Defendant GVEA is an electric cooperative organized and governed under the laws of the State of Alaska, whose principal place of business is located in Fairbanks, Alaska. GVEA is member of the public and a user of

---

denied sub nom. *Prometheus Funding Corp. v. Merchants Home Delivery Services, Inc.,* 516 U.S. 964, 116 S.Ct. 418, 133 L.Ed.2d 335 (1995)).

[5] See Plaintiffs Answer and Affirmative Defenses, Page 5, at Docket 205.

the Rex to Bonnifield Trail ("Rex Trail"). (See Plaintiffs' Answer to GVEA's Counterclaims, Page 2, paragraph 2, at Docket 205).

3. The Rex Trail roadway has been used in common with others, including Plaintiffs, GVEA and others, since the Kubanyis entered their allotment sometime in 1963. (See Plaintiffs' Answer to GVEA's Counterclaims, Page 2, paragraph 6, at Docket 205).

4. Plaintiff Don Kubanyi was intoxicated and threatened to use a gun if Cruz did not cease work. (See Plaintiffs' Answer to GVEA's Counterclaims, Page 3, paragraph 23, at Docket 205).

5. Plaintiffs further obstructed Cruz workers' use of the Rex Trail to access Seven Mile Lake by putting obstacles along the North edge of Rex Trail adjacent to the South edge of Seven Mile Lake. (See Plaintiffs' Answer to GVEA's Counterclaims, Page 3, paragraph 24, at Docket 205).

6. Plaintiffs intend to deny public access to Seven Mile Lake that cross the Plaintiffs lands [sic] (See Plaintiffs' Answer to GVEA's Counterclaims, Page 3, paragraph 28, at Docket 205).

7. At all relevant times, GVEA was involved in an ongoing, and existing business relationship with Cruz Construction. GVEA contracted with Global for the construction of the Northern Intertie project and Global contracted with Cruz for construction of the necessary ice roads used during the construction project. (See Plaintiffs' Answer to GVEA's Counterclaims, Page 4, paragraph 38, at Docket 205).

8. When Plaintiffs prevented Cruz from accessing Seven Mile Lake from the Rex Trail, Cruz had to get water at higher cost from another source farther away.  (See Plaintiffs' Answer to GVEA's Counterclaims, Page 4, paragraph 46, at Docket 205).

### *GVEA's Wrongful Interference with Express Right-of-Way Easement Claim*

To establish a prima facie case in an action against a servient landowner for unreasonable interference with use of an easement the party claiming interference first must prove (1) that he or she has an easement over the defendant's property; (2) that the owner of the servient estate obstructed the easement in a way that substantially interfered with the claiming party's use of the easement; and (3) that the claiming party was actually damaged by the servient estate owner's interference with his or her use of the easement.[6]

GVEA's claim for interference with a right-of-way is based on the uncontested fact that the portion of the Rex to Bonnifield Trail (Rex Trail) which crosses the Allotment is a reserved or dedicated public right-of-way.  All members of the general public, whether they are State citizens, federal citizens, or just visitors passing through, have a right to use the Rex to Bonnifield Trail, and specifically, that portion of the Rex to Bonnifield Trail that passes through the Allotment.

Plaintiffs admit that there exists a public right-of-way across their Allotment, and that GVEA is a member of the general public who uses that right-of-way.

---

[6] *See* 25 Am. Jur. 2d Easements and Licenses § 86; *see generally* 32 Am. Jur. Proof of Facts 2d 389.

Element one of the prima facie case for interference with a right-of-way is therefore satisfied.

Plaintiffs admit that on or around March 1, 2003, Plaintiff Don Kubanyi threatened to use a gun if Cruz did not cease work.[7] Plaintiffs also admit Plaintiffs further obstructed Cruz workers' use of the Rex Trail to access Seven Mile Lake by putting obstacles along the North edge of Rex Trail adjacent to the South edge of Seven Mile Lake. Plaintiffs admit Plaintiffs intend to deny public access to Seven Mile Lake from the Rex Trail that cross the Plaintiffs' land. GVEA's allegations and Plaintiffs' admissions satisfy the second element of the claim.

Finally, GVEA has alleged that because of Plaintiffs' interference with the right-of-way, GVEA paid Cruz an additional $131,500.00 for costs Cruz incurred from having to use an alternative water source. Those additional costs of $131,500.00 to GVEA were caused by Plaintiffs' wrongful and malicious interference with the Rex Trail access to Seven Mile Lake. Those alleged damages satisfy element three of GVEA's claim for interference with the right of way.

GVEA has set out all of the elements for a cognizable cause of action for wrongful an express right of way easement.

### GVEA's Interference with Business Advantage Claim

The elements of intentional interference with prospective economic advantage have been stated as follows: (1) the existence of a prospective business

---

[7] See Order Granting Motion for Summary Judgment at Docket 72 and Denying Cross-Motion for Summary Judgment at Docket 88, filed November 15, 2006 (in which this Court recognized that "[t]he potentially immediate threat to the Troopers and others initially resulted from Kubanyi's threat to use deadly force to protect his property).

relationship; (2) knowledge on interfering party's part of the existence of that prospective relation, and intent by that party to prevent the prospective relation from coming to fruition; (3) the failure of the prospective relation; (4) conduct by the interfering party that caused this failure; (5) damages resulting from the interference; and (6) lack of privilege on interfering party's part. *See Burseth v. Weyerhaeuser Mortg. Co., Inc.*, 1993 WL 13563649, *8 (Alaska 1993) (citing *Oaksmith v. Brusich*, 774 P.2d 191, 198 (Alaska 1989).

In GVEA's counterclaim for interference with a business advantage, GVEA alleges each element necessary to make a prima facie case, thereby making a cognizable claim. At all relevant times, GVEA was involved in an ongoing, valid and existing business relationship with Cruz Construction. GVEA contracted with Global for the construction of the Northern Intertie Project and Global contracted with Cruz for construction of the necessary ice roads used during the construction project. GVEA also alleges, and Plaintiffs do not deny, that Plaintiffs' knew of the relationship between GVEA, Global and Cruz. Thus, elements one and two of the wrongful interference with business advantage claim are satisfied.

Elements three and four are satisfied because GVEA alleges that Plaintiffs' intentional conduct disrupted the business relationship between GVEA, Global and Cruz Construction. Plaintiffs intentionally interfered with GVEA's existing contract with Global and Global's subcontractor Cruz. Plaintiffs intentional acts caused an increase in the original price GVEA paid for work on the Intertie Project.

Finally, to satisfy element six, GVEA alleges Plaintiffs' conduct was done without privilege or justification. GVEA has set out all of the elements for a cognizable cause of action for interference with a business advantage.

Plaintiffs' affirmative defense that GVEA has not properly alleged cognizable actions must fail. GVEA has set out all of the elements of its claims in accordance with the rules. More importantly, Plaintiffs have admitted crucial facts supporting GVEA's prima facie case. Based on the undisputed facts, GVEA's counterclaims are cognizable actions for Plaintiffs tortious conduct and are not subject to Plaintiffs' meritless affirmative defense that GVEA has not stated a cognizable cause of action.

## This Court has Jurisdiction to Decide GVEA's Counterclaims

Plaintiffs assert that this Court does not have jurisdiction to hear GVEA's counterclaims.[8] Plaintiffs are incorrect. Plaintiffs' complaint claims this Court has jurisdiction. GVEA's Counterclaims arise from exactly the same set of facts and circumstances as Plaintiffs' complaint. Rule 13(a) of the Federal Rules of Civil Procedure requires GVEA to state as counterclaims any claims which arise out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties over whom the court cannot acquire jurisdiction. GVEA's counterclaims against Plaintiffs for wrongful and malicious interference with an express right of way easement are compulsory claims.

---

[8] See Plaintiffs Answer and Affirmative Defenses, Page 5, at Docket 205.

GVEA's Memorandum Supporting Motion to Dismiss Plaintiffs' Affirmative Defenses
F04-00026 CI
Page 8 of 16

GVEA must bring its compulsory counterclaims in this Court. On its face, 28 U.S.C. § 1367, provides federal courts which have original jurisdiction over one or more claims with supplemental jurisdiction over any other claim that forms part of the same case or controversy.[9]

GVEA's counterclaims are formed from the same controversy as Plaintiffs' claims. Specifically, and as this Court has already recognized, "GVEA's counterclaims involve the same set of facts and circumstances as Plaintiffs' claims..."[10] Therefore, GVEA's counterclaims fall under the supplemental jurisdiction of, and may be properly heard by, this Court.

If supplemental jurisdiction is not enough, this Court also has jurisdiction over this matter because it involves a determination of the scope of an R.S. 2477 trail. In *Southern Utah Wilderness Alliance v. Bureau of Land Management*,[11] the circuit court reviewing the scope of an R.S. 2477, stated that "federal law governs the interpretation of R.S. 2477, but that in determining what is required for acceptance of a right-of-way under the statute, federal law "borrows" from long-established principles of state law, to the extent that state law provides convenient and

---

[9] 28 U.S.C. § 1367(a) states "Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within the original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

[10] Order Granting GVEA's Motion to Amend Answer and File Counterclaim at 3, Docket 177, filed December 18, 2006.

[11] 425 F.3d 735, 767 (10th Cir. 2005).

appropriate principles for effectuating congressional intent."[12] The applicable state law in this case is that of the State of Alaska, but it is the federal court that must apply that law. Therefore, even without invoking supplemental jurisdiction, this case is properly before this Court on the federal R.S. 2477 question.

As a matter of law, Plaintiffs' affirmative defense that this Court lacks jurisdiction to hear GVEA's Counterclaims fails and should be dismissed without further litigation.

### No Other Parties are Necessary to Adjudicate GVEA's Counterclaims

Plaintiffs assert that additional parties are necessary to adjudicate GVEA's Counterclaims.[13] But as a matter of law, neither the United States nor the State of Alaska is a necessary party to GVEA's Counterclaims.

Fed. R. Civ. P. 19(a) requires the Court to determine who is required for a just adjudication of a controversy. The United States or the State of Alaska might be joined if complete relief could not be afforded existing parties in their absence.[14] But, that is not the case here.

GVEA or Plaintiffs may be afforded complete relief by this Court's decisions on the matters at issue without the United States or the State of Alaska's involvement. Plaintiffs seek recovery from Cruz and GVEA, and have not sought any recovery from the Untied States. Plaintiffs' 1983 claim against the State of

---

[12] *Id.*

[13] See Plaintiffs Answer and Affirmative Defenses, Page 5, at Docket 205.

[14] *Mayer v. Development Corp. of America*, 396 F. Supp. 917, 922 (D.C. Del. 1975) (citing C. Wright, <u>Federal Courts</u> § 70, at 300 (2d ed. 1970).

GVEA's Memorandum Supporting Motion to Dismiss Plaintiffs' Affirmative Defenses
F04-00026 CI
Page 10 of 16

Alaska was dismissed with prejudice. Plaintiffs can be afforded complete relief on their remaining claims, if they are successful, without any other party. GVEA can be afforded complete relief on its Counterclaims without any other party.

The only other scenario in which the United States or the State of Alaska might be a required party is if those parties had claimed an interest relating to this action. In that scenario, the United States or State of Alaska would be a necessary party only if their absence from the suit might impair their ability to protect an interest, or subject the existing parties to recurrent or otherwise inconsistent obligations.[15] But, the Untied States and the State of Alaska have not sought to join this suit. No Federal or State interest is implicated in deciding GVEA's counterclaims. The United States and the State of Alaska do not have any interest in Plaintiffs' tortious interference with a right-of-way or a business advantage.

Also, the adjudication of GVEA's counterclaims would not subject Plaintiffs to recurrent or otherwise inconsistent obligations. Instead, it would make clear to the parties exactly what the extent of the Rex Trail right-of-way is, and exactly what access the public has to Seven Mile Lake from the Rex Trail. GVEA's counterclaims would prevent any recurrent or otherwise inconsistent obligations rather than create them.

Neither the United States nor the State of Alaska meets the requirements set out in Rule 19 for determining whether a party is indispensable. The United States

---

[15] *Mayer v. Development Corp. of America*, 396 F. Supp. 917, 922 (D.C. Del. 1975) (citing C. Wright, Federal Courts § 70, at 300 (2d ed. 1970).

GVEA's Memorandum Supporting Motion to Dismiss Plaintiffs' Affirmative Defenses
F04-00026 CI

and the State of Alaska simply do not qualify as necessary parties, and need not be joined for a just adjudication of this matter.

Plaintiffs affirmative defense that GVEA has failed to join a necessary party fails as a matter of law.

### No Privilege Exists for Don Kubanyi's Actions

When Don Kubanyi threatened Cruz workers with violence and threatened to use a firearm against them, he far exceeded any authority he might have had to prevent Cruz workers from using the Rex Trail to access Seven Mile Lake. Additionally, any other Plaintiffs who blocked access to Seven Mile Lake from the Rex Trail exceeded their authority by preventing lawful access. Plaintiffs have not alleged any facts which would show they are immune from suit or privileged in any way.

AS 11.81.350 addresses the justification for use of force in defense of property and premises. AS 11.81.350(a) states: "A person may use **nondeadly** force upon another when and to the extent the person reasonably believes it is necessary to terminate what the person reasonably believes to be the commission or attempted commission by the other of an unlawful taking or damaging of property or services."

Plaintiff Don Kubanyi does not have the privilege to use deadly force for trespass under any theory. Additionally, Plaintiff Don Kubanyi does not assert any facts which would entitle him to any legal privilege to interfere with a right-of-way, or to interfere with GVEA's business advantage. Plaintiffs' affirmative defense that Don

Kubanyi was privileged to take any and all alleged actions fails as a matter of law and should be dismissed.

## The Doctrine of Laches does not Apply

Plaintiffs claim that GVEA's may not assert its counterclaims due to the doctrine of laches.[16] Laches is an equitable defense against equitable causes of action, but not a legal defense against actions at law.[17] GVEA's Survey Expert, Patrick Kalen, provided his report in a timely manner based on the amended discovery deadline of December 18, 2006. It was only after a thorough review of Kalen's report that GVEA determined it could prove that the Rex Trail intersected Seven Mile Lake with no Allotment land in between. Upon receipt of Kalen's report, GVEA immediately asked this Court to allow an amendment to GVEA's answer to allow GVEA's counterclaims against Plaintiffs. GVEA has not slept on its rights, but rather, has timely acted to preserve its rights as soon as GVEA identified a violation.

GVEA's counterclaims were never available to GVEA until new facts were uncovered through the discovery process and through Kalen's report. GVEA could not have fully developed all of the contentions in its counterclaim before the expert report was completed. GVEA's acted immediately to preserve its rights and to seek compensation from Plaintiffs for GVEA's losses incurred due to Plaintiffs' interference. Therefore, Plaintiffs affirmative defense based on the equitable doctrine of laches must fail on the facts of this.

---

[16] See Plaintiffs Answer and Affirmative Defenses, Page 5, at Docket 205.

[17] *Laverty v. Alaska R.R. Corp.* 13 P.3d 725, 730 (Alaska 2000) (citing *Hanson v. Kake Tribal Corp.*, 939 P.2d 1320, 1325 n. 1 (Alaska 1997).

## GVEA has Standing to Bring Counterclaims

The first clause of Fed. R. Civ. P. 17(a) requires that every action be prosecuted in the name of the real party in interest. Fed. R. Civ. P. 17(a) parallels Alaska's Civil Rule 17, which has been consistently interpreted to mean that an action or claim for relief shall be prosecuted in the name of the party who, by the substantive law, possesses the right sought to be enforced.[18]

GVEA and its agents have the right to use the Rex Trail right-of-way. GVEA is also the party possessing the right to make contracts free from the interference of third parties. GVEA is the real party in interest to both of GVEA's counterclaims and as such, has standing to sue Plaintiffs for tortiously interfering with GVEA's rights.

GVEA has both a financial interest and an access interest in this suit. GVEA has suffered injury caused by Plaintiffs' interference with the right-of-way and interference with GVEA's business advantage. GVEA has standing to bring its tort claims as the real party in interest. Plaintiffs affirmative defense that GVEA lacks standing is without merit and must be dismissed as a matter of law.

## GVEA's Counterclaims are within the Statute of Limitations

Plaintiffs assert that GVEA's counterclaims fail because they are outside of the statute of limitations.[19] Plaintiffs are incorrect. Rule 13(a) of the Federal Rules of Civil Procedure requires GVEA to state as counterclaims any claims which arise out of the transaction or occurrence that is the subject matter of the opposing party's

---

[18] *Burns v. Anchorage Funeral Chapel*, 495 P.2d 70, 72 (Alaska 1972).

[19] See Plaintiffs Answer and Affirmative Defenses, Page 5, at Docket 205.

GVEA's Memorandum Supporting Motion to Dismiss Plaintiffs' Affirmative Defenses
F04-00026 CI
Page 14 of 16

claim and does not require for its adjudication the presence of third parties over whom the court cannot acquire jurisdiction. GVEA's counterclaims against Plaintiffs for wrongful and malicious interference with an express right of way easement are compulsory claims.

Although Fed. R. Civ. P. 13(a) does not explicitly so state, the effect of a defendant's failure to assert counterclaims made compulsory by Rule 13(a) is to preclude their assertion in a later action against the former plaintiff.[20]

GVEA's counterclaims, as raised in GVEA's attached Amended Answer to Plaintiffs' Amended Complaint, are within the scope of the original case. GVEA's counterclaims are also consistent with the defenses GVEA asserted in its original Answer.

Fed. R. Civ. P. 15(c)(2) states: "An amendment of a pleading relates back to the date of the original pleading when . . . the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading . . ." GVEA's counterclaims for wrongful and malicious interference with an express right of way easement and for intentional interference with a prospective business relationship unquestionably arise from the same transaction which formed the basis of Plaintiffs' claim and GVEA's defenses.

---

[20] See *Baker v. Gold Seal Liquors, Inc.* 417 U.S. 467, 469 (1974) (citing *Mesker Bros. Iron Co. v. Donata Corp.*, 401 F.2d 275, 279 (C.A. 4 1968) ("A counterclaim which is compulsory but is not brought is thereafter barred.")).

GVEA's Memorandum Supporting Motion to Dismiss Plaintiffs' Affirmative Defenses
F04-00026 CI
Page 15 of 16

GVEA's counterclaims are, therefore, appropriately brought in this action and relate back in time to GVEA's original Answer to Plaintiffs' Complaint, which GVEA filed on February 16, 2005. Plaintiffs' affirmative defense based on the statute of limitations fails as a matter of law and should be dismissed without further litigation.

## CONCLUSION

For reasons set forth above, GVEA respectfully requests this Court dismiss Plaintiffs' Affirmative Defenses as set out in Paragraphs 1 through 7 of the Affirmative Defenses Section of Plaintiffs' Answer to GVEA's Counterclaims, Docket 205.

DATED at Fairbanks, Alaska, this 15th day of February, 2007.

BORGESON & BURNS, PC
Attorney(s) for Plaintiff GVEA


By:     s/Cory Borgeson
Cory Borgeson
ABA # 8405009

This is to certify that on this date, a copy of the foregoing
document is being served electronically on:

Michael Walleri walleri@gci.net; christin_woodward@yahoo.com
330 Wendell Street, Suite E
Fairbanks, AK 99701

Daniel T. Quinn dquinn@richmondquinn.com; cesary@richmondquinn.com
Richmond & Quinn
360 K Street, Suite 200
Anchorage, AK 99501-2028