Michael J. Walleri
Law Offices of Michael J. Walleri
330 Wendell Street, Suite E
Fairbanks, Alaska 99701
(907) 452-4716
(907) 452-4725 (Facsimile)
Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DON M. KUBANYI, JIMMY KUBANYI, AILEEN WELTON, ELIZABETH TUZROYLUK, DORIS KUBANYI, VICTOR KUBANYI, BOBBY KUBANYI, ARLETTE KUBANYI, and BRIAN BAGGETT,<br><br>Plaintiff(s),<br><br>vs.<br><br>GOLDEN VALLEY ELECTRIC ASSOCIATION, DAVE CRUZ, individually and d/b/a/ CRUZ CONSTRUCTION, BLACK & VECH CORPORATION, JAKE COVEY AND PATRICK NELSON,<br>        Defendants. | **OPPOSITION TO GVEA'S MOTION TO STRIKE HANS AXELSSON FROM PLAINTIFF'S SECOND AMENDED EXPERT WITNESS LIST** |

Case No. 4:04-cv-0026 RRB

The Plaintiff's oppose Golden Valley's (GVEA) motion to strike Hans

Axelsson from Plaintiffs' Second Amended Expert Witness List. The motion is near

frivolous, and should be denied, because GVEA added Mr. Axelsson to its Witness

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Kubanyi v. GVEA* Case No. F04-0026                                          1 of 6
Opposition

list as an expert and fact witness. In essence, Mr. Axelsson has always been on Plaintiff's witness list. In essence, GVEA appears to be indirectly seeking an evidentiary exclusion that is not supported in the law, and has not been irreparably precluded from discovery.

Plaintiffs listed Mr. Axelsson on its amended final witness lists in May 2006.[1] No party objected to adding Mr. Axelsson to the Plaintiff's witness list. Plaintiffs witness lists---similar to GVEA's witness lists—includes by reference witnesses listed by the other parties.[2] Plaintiff's dropped Mr. Axelsson from its witness list in October 2006.[3] This list included a reservation to call all witnesses listed by opposing parties. On November 30, 2006, GVEA added Mr. Axelsson to its witness list as an expert and fact witness.[4] On January 18, 2007, Plantiff's added Mr. Axelsson to its witness list. [5] In essence, however, the reservation contained in the witness lists put GVEA on notice that the plaintiffs reserved the right to call any witness appearing on GVEA's witness list, as a witness for the Plaintiffs. By adding Axelsson to GVEA's witness list, GVEA was, in effect, adding Axelsson to the

---

[1] Doc. 68
[2] Doc. 68, 104 & 200; Cf Doc. 156 (GVEA Amended Final Witness List)
[3] Doc. 104
[4] Doc. 156
[5] Doc. 200

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

Plaintiff's witness list.  Now, GVEA wants to strike Axelsson from the Plantiff's list, without amending its own list, which keeps Axelsson on GVEA's list.

The substance of Axelsson's testimony is that there was nominal damage done to the Kubanyi allotment.  All parties agree that this is his testimony. All parties appear to agree that he should testify at trial.  The only question is whether Plaintiff's may call him – either because he appears on their amended witness list, or because he appears on GVEA's amended witness list, filed prior to Plaintiff's witness list. GVEA and Cruz (who joins the motion) fail to offer any legal citation for the proposition that the Court should strike Mr. Axelsson from its expert witness list.  The argument is frivolous.

The jist of GVEA's argument seems to be that GVEA has not had proper discovery access to Mr. Axelsson; i.e. GVEA complains that it may not "call" Axelsson now that he has been listed as a retained expert.  "Call" in this case, does not mean that GVEA is prohibited from calling Axelsson as an expert witness; rather GVEA and Cruz would be precluded from *ex parte* contact with Axelsson because he was retained by the Kubanyi's. See  FRCP 26(b)(4).  The fact that dropped Axelsson from the Kubanyi's witness list, however,  does not change  the

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

effect of FRCP 26(b)(4).  Indeed, once a witness is listed as a retained expert, opposing parties are prohibited from *ex parte* contact even after the expert is dropped from the witness list.  *Campbell Industries v. M/V Gemini, 619 F.2d 24 (9th Cir., 1980)*  In other words, GVEA would be precluded from *ex parte* contact with Axelsson in any event.

GVEA's principal complaint is that it has been hindered in discovery.  As an initial consideration, however, it must first be noted that the motion is really a motion related to discovery, which seeks a sanction – witness preclusion.  Such motions require a party to certify to the Court that it has conferred with opposing counsel prior to filing the motion.  FRCP 37(a)(2) GVEA's motion fails to make any such certification, and should be denied for this basis alone.[6]

If GVEA has been hindered in its discovery, a number of options appear possible. GVEA could call the undersigned – as contemplated by FRCP 37(a)(2) to first seek to resolve the matter informally.  Such resolution may include

1) permission to talk *ex parte* to Axelsson

---

[6] GVEA, which filed the motion, did not first confer with counsel.  Cruz's counsel did confer, but only to demand removal of Mr. Axelsson as a witness; not to seek an informal resolution to permit discovery.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Kubanyi v. GVEA* Case No. F04-0026
Opposition

4 of 6

    2)  some form of informal interview of Axelsson short of formal discovery, or

    3)  extending discovery to set on a deposition.

Alternatively, the parties could simply stipulate to Mr. Axelsson's testimony; i.e. that the Kubanyi allotment only suffered nominal damages.

In summary, there is no basis to exclude Mr. Axelsson as a Plaintiff's witness, nor is there any basis to require Axelsson to meet and talk with GVEA counsel other than as provided by FRCP 26(b)(4). The Court should deny the motion and require opposing counsel to contact the undersigned to seek informal resolution of the discovery issue.

DATED this 20th day of February, 2007.

MICHAEL J. WALLERI

/s/ Michael J. Walleri
Law Offices of Michael J. Walleri
330 Wendell Street, Suite E
Fairbanks, Alaska 99701
(907) 452-4716
(907) 4524725 (Facsimile)
walleri@gci.net
AK Bar No. 7906060

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Kubanyi v. GVEA* Case No. F04-0026
Opposition

5 of 6

<u>Certificate of Service</u>
I hereby certify that under penalty of perjury that a true and
correct copy of the foregoing was sent to the following counsel
of record on February 20, 2007 via ECF to:

| | |
|---|---|
| Mr. David Floerchinger<br>Assistant Attorney General<br>Department of Law<br>1031 W. Fourth Ave., Suite 200<br>Anchorage, Ak 99501 | Mr. Cory Borgeson<br>Boreson & Burns, P.C.<br>100 Cushman Street, Suite 31<br>Fairbanks, Alaska 99701 |
| Mr. Eric P. Gillett<br>Preg O'Donnell & Gillett, P.C.<br>1800 Ninth Ave., Suite 1500<br>Seattle, WA 98101-1340 | Mr. Daniel T. Quinn<br>Richmond & Quinn<br>360 K Street, Suite 200<br>Anchorage, AK 99501-2038 |

/s/ Michael J. Walleri

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Kubanyi v. GVEA* Case No. F04-0026
Opposition

6 of 6