Michael J. Walleri
Law Offices of Michael J. Walleri
330 Wendell Street, Suite E
Fairbanks, Alaska  99701
(907) 452-4716
(907) 452-4725 (Facsimile)
Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DON M. KUBANYI, JIMMY KUBANYI, AILEEN WELTON, ELIZABETH TUZROYLUK, DORIS KUBANYI, VICTOR KUBANYI, BOBBY KUBANYI, ARLETTE KUBANYI, and BRIAN BAGGETT,<br><br>Plaintiff(s),<br><br>vs.<br><br>GOLDEN VALLEY ELECTRIC ASSOCIATION, DAVE CRUZ, individually and d/b/a/ CRUZ CONSTRUCTION, BLACK & VECH CORPORATION,  JAKE COVEY AND PATRICK NELSON,<br>Defendants. | **OPPOSITION TO GVEA'S MOTION FOR SUMMARY JUDGEMENT DISMISSING PLAINTIFF'S CLAIMS AGAINST GVEA PREMISED ON WATER PERMIT BETWEEN GVEA AND STATE OF ALASKA** |

Case No. 4:04-cv-0026 RRB

In a renewed summary judgment, GVEA has totally mischaracterized this Court's holding of November 15, 2006[1] and in actuality is seeking reconsideration

---

[1] Docket 143

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

without complying with the rules governing such a motion. The Court should uphold the law of the case, and deny the motion for failing to comply with Federal Rules governing reconsideration. Moreover, the motion should be denied on the merits.

**I. ORDER AT DOCKET 143; GVEA HAS MISCHARACTERIZED THE ORDER AND PLAINTIFF'S CLAIMS**

In the opening of its motion, GVEA claims that it moves for summary judgment and "judgment on the pleadings dismissing Plaintiffs only remaining claims against GVEA premised on the water permit between GVEA and the State of Alaska."[2] The statement is a gross mischaracterization.

The Kubanyi's complaint states two counts: I Trespass and II § 1983.[3] GVEA previously moved for summary judgment on both counts.[4] The Kubanyi's opposed the motion, and cross moved for summary judgment.[5] In the context of this motion, the Kubanyi's set out four (4) theories of trespass liability running to

---

[2] See Docket 152, at p. 1
[3] The Court dismissed as to §1983.
[4] Docket 75 (5/10/06)
[5] Dockets 86 & 88 (7/03/06)

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Kubanyi v. GVEA* Case No. F04-0026
Opp: Motion Doc. 152

2 of 11

GVEA;[6] 1) that GVEA maintained sufficient control over Cruz's activities to retain liability;[7] 2) under conventional principals of trespass liability,[8] 3) GVEA assumed liability under the State TWUP,[9] and 4) by operation of FLPMA and applicable regulations.[10]  In denying summary judgment to both parties, this Court held, "The

---

[6] See Docket 86 pp. 31-36

[7] Specifically,
> One who employs an independent contractor to do work which the employer knows or has reason to know to be likely to involve a trespass upon the land of another or the creation of a public or a private nuisance, is subject to liability for harm resulting to others from such trespass or nuisance.

Restatement (Second) of Torts §§ 427(B);  See *Commonwealth Edison Co. v. United States*, 271 F.3d 1327 (Fed. Cir. 2001); *Budagher v. Amrep Corp.*, 97 N.M. 116, 637 P.2d 547 (1981); *Barber Pure Milk Company v. Young*, 263 Ala. 100, 81 So.2d 328 (1955); *Stout Lumber Co. v. Reynolds*, 175 Ark. 988, 1 S.W.2d 77 (1928); *Bleeda v. Hickman-Williams & Co.*, 44 Mich. App. 29; 205 N.W.2d 85 (1972); *Hazard Municipal Housing Com. v. Hinch*, 411 S.W.2d 686(Ky. 1967)  As noted in the prior briefing, Alaska largely accepts that a trespass committed by an independent contractor may create liability in the principal owner. *Hammond v. Bechtel, Inc.*, 606 P.2d 1269 (1980)  Indeed, there are twenty-four (24) legal theories creating such liability.  Restatement (Second) of Torts §§ 410-429.

[8] Id.

[9] The permit specifically stated
> This authorization does not authorize the permittee to enter upon any lands until proper rights-of-way, easements, or permission documents from the appropriate landowner have been obtained. (Condition No. 7)
>
> ….
>
> Permittee shall be responsible for all actions of contractors, agents or other persons who perform work to accomplish the approved project, and shall ensure that workers are familiar with the requirements of this authorization. (Condition No. 10)

[10] Title V of the Federal Land Management and Policy Act, [FLPMA] [43 USC 1761].[10]  FLPMA provides that "Each right-of-way shall contain such terms and conditions as the Secretary concerned deems necessary to …protect lives and property…."[10]  The permit incorporates by reference 43 CFR 2880 et. seq., which contains the following regulation:
> 43 CFR § 2807.12   If I hold a grant, for what am I liable?
>
> If you hold a grant, you are liable to the United States and to third parties for any damage or injury they incur in connection with your use and occupancy of the right-of-way.
> …
> (d) If BLM issues a grant to more than one person, each is jointly and severally liable

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

Court finds Plaintiff's third theory most persuasive and <u>therefore does not address Plaintiff's other theories</u>."[11]  This court did not dismiss all trespass claims other than those arising under the TWUP.

The motion also mischaracterizes the Court's prior order in that GVEA argues that there are no material facts in dispute as to GVEA's liability for trespass.[12]  That is simply an untrue statement.  This Court held

> The necessary inquiry, therefore, is whether Cruz Construction was a 'contractor, agent , or other person who perform(ed) work to accomplish the approved project' authorized by the TWUP… <u>The Court finds Condition 10 raises genuine issue of material fact as to whether GVEA assumed liability under the TWUP and whether  Cruz Construction comes within the category of 'agent' or 'other person who perform work to accomplish the approved project…</u>."[13] <u>(emphasis added)</u>

The Court clearly held that there were questions of material fact to allow the Kubanyi's to go to trial upon the assumption of liability under the TWUP, but did not rule upon the other theories of liability.   GVEA's most recent motion argues that there is a material question of fact as to whether GVEA assumed

---

[11] Docket 143, at pp. 6-7
[12] Id. at 5
[13] Id, at 9

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Kubanyi v. GVEA* Case No. F04-0026
Opp: Motion Doc. 152

4 of 11

GVEA's arguments are clearly misleading in these two respects. More importantly, the Court clearly held that the Kubanyi's stated a cognizable claim for which relief may be granted, and that there were material facts in dispute.

## II. THE COURT SHOULD UPHOLD THE LAW OF THE CASE AND DENY FOR FAILURE TO COMPLY WITH FEDERAL CIVIL RULES

The denial of a motion for summary judgment creates law of the case when it "clearly intend[s] to decide the issues at hand."[14] The implications of the TWUP --- as well as the federal permit and other theories of liability – were fully briefed previously, and it is manifestly clear that this Court intended to decide the matter by holding that GVEA assumed liability under the TWUP for certain classes of persons. The factual issue left for trial relate only to whether Cruz et. al. fell within that category of persons.

"Law of the case" principles provide that a court is generally precluded from reconsidering an issue that has already been decided by the same court.[15] As a

---

[14] *Federal Ins. Co. v. Scarsella Bros., Inc.*, 931 F.2d 599, 601 n.4 (9th Cir. 1991) (holding district court created law of the case in denying summary judgment by ruling that plaintiff was required by law to provide insurance coverage to defendant) *citing Dessar v. Bank of Am. Nat'l Trust & Sav. Ass'n*, 353 F.2d 468, 470 (9th Cir. 1965) (indicating law of the case may be established when order denying summary judgment motion manifests intent to decide issue).
[15] *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993)

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Kubanyi v. GVEA* Case No. F04-0026
Opp: Motion Doc. 152

5 of 11

result, the fact that this Court has previously decided this issue, the Court is precluded from reconsidering the issue at this time.

Of course, the Federal Civil Rules do provide for reconsideration under certain circumstances.  Relief from judgment under FRCP 60(b) requires that the moving party show (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) other "extraordinary circumstances" which prevented a party from making a timely appeal.[16]  None of these grounds are alleged to apply in this case, and the present motion falls outside FRCP 60(b) in that it does not suggest that the Court improperly perceived the issue raised in dispute, nor that the Court failed to consider the law or facts relevant to its claim.   The issue was thoroughly briefed by GVEA and the Kubanyi's.  There is nothing in FRCP 60(b) which authorizes that such relief, and absent the existence of such grounds, the law of the case operates to preclude reconsideration.

---

[16] See United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993).

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

### III. THE COURT SHOULD DENY THE MOTION ON ITS MERITS.

### 1) GVEA Assumed Liabilty For Trespass by Contracters under the TWUP.

The TWUP provisions state

Permittee shall be responsible for all actions of contractors, agents or other persons who perform work to accomplish the approved project, and shall ensure that workers are familiar with the requirements of this authorization. (Condition No. 10)[17]

GVEA argues that this was a promise of indemnity to the State of Alaska, and since the state of Alaska did not acquire any liability, no liability accrues to the State. Alternatively, GVEA argues that the Kubanyi's lack standing to assert the TWUP terms and conditions.

GVEA's argument improperly assumes that the State has no liability. This is clearly incorrect. Cruz and GVEA assert that they had a right to extract water from Seven Mile Lake under the TWUP. GVEA argues that the State's rights to regulate property under the TWUP included the right to invade the Kubanyi's land. However, Government regulation of private property violates the Takings Clause if it fails to [substantially advance legitimate state interests. *Lucas v. South Carolina Coastal Council*, 505 U.S. 1003, 1016, 120 L. Ed. 2d 798, 112 S. Ct. 2886 (1992).

---

[17] Supra.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

Governmental regulation categorically violates the Takings Clause if it results in the physical invasion of property, or if it denies the owner all economically viable use of his property. Lucas, 505 U.S. at 1015. Generally in these cases, no matter how minute the physical invasion and no matter how important the public purpose behind the governmental action, just compensation will be required.[18]  Thus, if GVEA's rights are derived from the TWUP, and the exercise of those rights provide for the physical invasion of the Kubanyi land for a public purpose, a cause of action would lie against the state, and GVEA would stand in the shoes of the state under an indemnity theory.

But the Court need not reach the conclusion that the State of Alaska has liability to which GVEA would succeed.  Condition 10 is not really an indemnity provision.  Rather, indemnity for the State of Alaska is addressed in Condition 3, in much clearer language. Condition 3 provides

> Indemnify the State against and hold it harmless from any and all claims demands, suits loss liability and expense for injury or death of persons and damages to or loss of property arising out of or connected with the exercise of the privileges covered by this permit. [19]

---

[18] 505 U.S. at 1015-16
[19] See Exhibit E, at Docket 77

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

If Condition 10 were merely an indemnity provision, it would be redundant surplusage having no real effect beyond the terms addressed in Condition 3. Courts interpreting the language of contracts "should give effect to every provision," and "an interpretation which renders part of the instrument to be surplusage should be avoided."[20] The language in Condition 10 does not mention liability of the state, or otherwise suggest that the state need incur liability as a precondition to its operation. Rather Condition 10 is clear and unambiguous in requiring that the permittee assume " responsible(ity)  for all actions of contractors, agents or other persons who perform work to accomplish the approved project". The State's role in regard to Condition 10 is the governmental role protecting the private property rights of persons engaged in projects on public lands using public waters, and the provisions of the permit should be interpreted accordingly.

GVEA relies upon *Orff v. United States, 358 F.3d 1137, 1145 (9th Cir. 2004)*[21] which held that sovereign immunity barred farmers from suing the United States for allegedly violating a contract entered into with a water district for the delivery of water. The Court held that the farmers were not intended third-party

---

[20] *United States v. 1.377 Acres of Land, 352 F.3d 1259, 1265-1266 (9th Cir., 2003)*

[21] GVEA improperly cites to the unpublished opinion in  Durand v. United States Customs, 163 Fed. Appx. 542 (9th Cir. 2006). As the Court opinion notes, such citation is inappropriate. The  Court should disregard the case.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

beneficiaries of the 1963 contract, which would have waived sovereign immunity. The Court noted "before a third party can recover under a contract, it must show that the contract was made for its direct benefit -- that it is an intended beneficiary of the contract."… While "the intended beneficiary need not be specifically or individually identified in the contract," it must still "fall within a class clearly intended by the parties to benefit from the contract."[22] There is no question that the Kuybanyi's are within the class of persons specifically defined in Condition 7 and 10 of the TWUP; i.e. Condition 7 expressly requires the permittee to acquire rights of way across private lands. The Kubanyi's are private land owners whose land lie between public rights of way and the water souce. They were clearly contemplated as being within the class of persons whose private property rights the state wished to protect.

**2) If the Court were to disregard the TWUP, the Court must Consider the other Theories of Liability Raised by the Kubanyi's.**

As noted above, GVEA's motion does not address the remaining theories of liability asserted by the Kubanyi's. Assuming *arguendo* that GVEA is correct with regard to the effect of Conditions 7 and 10 of the TWUP, the Court should still not

---

[22] *358 F.3d, at 1144; explaining Klamath Water Users Protective Ass'n v. Patterson, 204 F.3d 1206 (9th Cir. 1999);* As a preliminary point, it is clear that a property owner has the right to enforce a federal contract right to which it is not a party, *State v. Teller Native Corp.,904 P.2d 847(Alaska, 1995) (Landowner could assert right under federal state lease without resort to third party beneficiary theory*

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Kubanyi v. GVEA* Case No. F04-0026
Opp: Motion Doc. 152

10 of 11

dismiss the trespass claims against GVEA for the reasons set forth as alternative theories not previously addressed by the Court.

DATED this 21st day of February, 2007.

MICHAEL J. WALLERI

/s/ Michael J. Walleri
Law Offices of Michael J. Walleri
330 Wendell Street, Suite E
Fairbanks, Alaska 99701
(907) 452-4716
(907) 4524725 (Facsimile)
walleri@gci.net
AK Bar No. 7906060

Certificate of Service
I hereby certify that under penalty of perjury that a true and correct copy of the foregoing was sent to the following counsel of record on February 21, 2007 via ECF to:

Mr. David Floerchinger
Assistant Attorney General
Department of Law
1031 W. Fourth Ave., Suite 200
Anchorage, Ak 99501

Mr. Cory Borgeson
Boreson & Burns, P.C.
100 Cushman Street, Suite 31
Fairbanks, Alaska 99701

Mr. Eric P. Gillett
Preg O'Donnell & Gillett, P.C.
1800 Ninth Ave., Suite 1500
Seattle, WA 98101-1340

Mr. Daniel T. Quinn
Richmond & Quinn
360 K Street, Suite 200
Anchorage, AK 99501-2038

/s/ Michael J. Walleri

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Kubanyi v. GVEA* Case No. F04-0026
Opp: Motion Doc. 152

11 of 11