Michael J. Walleri
Law Offices of Michael J. Walleri
330 Wendell Street, Suite E
Fairbanks, Alaska  99701
(907) 452-4716
(907) 452-4725 (Facsimile)
Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DON M. KUBANYI, JIMMY KUBANYI, AILEEN WELTON, ELIZABETH TUZROYLUK, DORIS KUBANYI, VICTOR KUBANYI, BOBBY KUBANYI, ARLETTE KUBANYI, and BRIAN BAGGETT,<br><br>Plaintiff(s),<br><br>vs.<br><br>GOLDEN VALLEY ELECTRIC ASSOCIATION, DAVE CRUZ, individually and d/b/a/ CRUZ CONSTRUCTION, BLACK & VECH CORPORATION,  JAKE COVEY AND PATRICK NELSON,<br>    Defendants. | **OPPOSITION TO GVEA'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' CLAIMS FOR PUNITIVE DAMAGES AND 2002 TRESPASS DAMAGES** |

Case No. 4:04-cv-0026 RRB

GVEA seeks to re-litigate this Court's orders at Docket 142 and 143 relating to damages; in particular that GVEA should not be liable for punitive damages or for damages arising from the 2002 incursion upon the Kubanyi allotment.   GVEA once

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

again trots out it's exceedingly tired refrain that nobody from GVEA was physically present on the Kubanyi's property. GVEA just doesn't get it. As this Court has previously held, GVEA does not have to be physically present upon the Kubanyi allotment to incur liability for trespass.[1] As noted there are multiple theories of liability for trespass that impute to GVEA liability for physical incursions by Cruz in the furtherance of GVEA's project. The Kubanyi's have consistently set out four (4) theories of trespass liability running to GVEA;[2] i.e. 1) that GVEA maintained sufficient control over Cruz's activities to retain liability;[3] 2) under conventional principals of trespass liability,[4] 3) GVEA assumed liability under the State TWUP,[5] and 4) by operation of FLPMA and applicable regulations.[6]

---

[1] See Order, Docket 143
[2] See Docket 86 pp. 31-36
[3] Specifically,
> One who employs an independent contractor to do work which the employer knows or has reason to know to be likely to involve a trespass upon the land of another or the creation of a public or a private nuisance, is subject to liability for harm resulting to others from such trespass or nuisance.

Restatement (Second) of Torts §§ 427(B); See *Commonwealth Edison Co. v. United States*, 271 F.3d 1327 (Fed. Cir. 2001); *Budagher v. Amrep Corp.*, 97 N.M. 116, 637 P.2d 547 (1981); *Barber Pure Milk Company v. Young*, 263 Ala. 100, 81 So.2d 328 (1955); *Stout Lumber Co. v. Reynolds*, 175 Ark. 988, 1 S.W.2d 77 (1928); *Bleeda v. Hickman-Williams & Co.*, 44 Mich. App. 29; 205 N.W.2d 85 (1972); *Hazard Municipal Housing Com. v. Hinch*, 411 S.W.2d 686(Ky. 1967) As noted in the prior briefing, Alaska largely accepts that a trespass committed by an independent contractor may create liability in the principal owner. *Hammond v. Bechtel, Inc.*, 606 P.2d 1269 (1980)  Indeed, there are twenty-four (24) legal theories creating such liability. Restatement (Second) of Torts §§ 410-429.

[4] Id.
[5] The permit specifically stated
> This authorization does not authorize the permittee to enter upon any lands until proper rights-of-way, easements, or permission documents from the appropriate landowner have been obtained. (Condition No. 7)

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Kubanyi v. GVEA* Case No. F04-0026
Opp: Motion Doc. 171

2 of 10

## I.  FACTS

GVEA argues that the Plaintiffs admit that Cruz did not physically invade the Kubanyi allotment in 2002, because the Plaintiffs do not have personal knowledge of the 2002 trespass. GVEA's observation is both disingenuous and irrelevant, because Cruz has testified that he accessed the lake in furtherance of his contract with GVEA.[7] Cruz has testified that he accessed Seven Mile Lake in 2002 in the same manner as he did in 2003.[8] There is no serious dispute that Cruz trespassed upon the Kubanyi Allotment in 2002 in the same manner as they did in 2003.[9]

---

….
   Permittee shall be responsible for all actions of contractors, agents or other persons who perform work to accomplish the approved project, and shall ensure that workers are familiar with the requirements of this authorization. (Condition No. 10)

[6] Title V of the Federal Land Management and Policy Act, [FLPMA] [43 USC 1761].[6] FLPMA provides that "Each right-of-way shall contain such terms and conditions as the Secretary concerned deems necessary to …protect lives and property…."[6] The permit incorporates by reference 43 CFR 2880 et. seq., which contains the following regulation:
   43 CFR § 2807.12  If I hold a grant, for what am I liable?

   If you hold a grant, you are liable to the United States and to third parties for any damage or injury they incur in connection with your use and occupancy of the right-of-way.
   …
   (d) If BLM issues a grant to more than one person, each is jointly and severally liable

[7] See Exhibit 1 Cruz Depo. Pp 6, 16-17
[8] Id.
[9] Id. Interestingly, supplemental discovery provided by GVEA actually quantified, to some degree, the quantity of water removed in 2002. See Exhibit 2 (Sherman Report) (attached)

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

It should also be noted that Kubanyi's expert --- Mark Sherman ---has fixed the economic value of the trespasses at $291,509.[10] This was the value of the benefit accruing to Cruz and GVEA – using Cruz cost figures – of accessing Seven Mile Lake by crossing the Kubanyi allotment, as opposed to using water from Fish Creek, the only other feasible water sources.

## II. ORDER AT DOCKETS 142 & 143; THE COURT SHOULD UPHOLD THE LAW OF THE CASE AND DENY FOR FAILURE TO COMPLY WITH FEDERAL CIVIL RULES

The Court's Order at Docket 142 considered the Cruz's motion that the Kubanyis were only entitled to nominal damages.[11] The Court denied that portion of the motion holding that the issue of damages in this case is governed by State law principles, which allow damages in excess of nominal damages, including punitive damages, for an intentional trespass.[12] The Court held that there was a genuine factual dispute respecting the intentionality of the trespass. The Court noted,

> Viewing the evidence in a light most favorable to the Plaintiffs, the Court concludes that a trier of fact could potentially find that the Cruz Defendants

---

[10] Id.
[11] The Court also granted the motion respecting the §1983 Claims as to Cruz.
[12] See Docket 142, at 8-12; citing Wernberg v Matanuska Elec. Ass'n, 494 P.2d 790 (Alaska, 1972). The Kubanyi's believe that federal law actually applies, but the difference may not be particularly relevant. See Sec III, infra.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

intentionally entered Plaintiff's land knowing that the entry was without Plaintiff's consent.[13]

Additionally, the Court's Order at Docket 143 held that trespass liability arising from Cruz's actions may be imputed to GVEA under an assumption of liability arising out of the TWUP. The Court declined to rule on other theories of imputing liability to GVEA.[14]

These two orders create the law of the case: i.e. that Kubanyi's may be entitled to more than nominal damages, including punitive damages, and that GVEA can assume the liability under the TWUP.[15] The implications of the TWUP --- as well as the federal permit and other theories of liability – were fully briefed previously, and it is manifestly clear that this Court intended to decide the matter by holding that GVEA assumed liability under the TWUP for certain classes of persons. The factual issue left for trial relate only to whether Cruz et. al. fell within that category of persons that may impute liability to GVEA.

---

[13] Docket 143, at 12
[14] Supra Notes 2-6
[15] Law of the case may be established when order denying summary judgment motion manifests intent to decide issue. *Dessar v. Bank of Am. Nat'l Trust & Sav. Ass'n*, 353 F.2d 468, 470 (9th Cir. 1965): See also *Federal Ins. Co. v. Scarsella Bros., Inc.*, 931 F.2d 599, 601 n.4 (9th Cir. 1991).

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

"Law of the case" principles provide that a court is generally precluded from reconsidering an issue that has already been decided by the same court.[16] As a result, the fact that this Court has previously decided this issue, the Court is precluded from reconsidering the issue at this time.

Of course, the Federal Civil Rules do provide for reconsideration under certain circumstances. Relief from judgment under FRCP 60(b) requires that the moving party show (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) other "extraordinary circumstances" which prevented a party from making a timely appeal.[17] None of these grounds are alleged to apply in this case, and the present motion falls outside FRCP 60(b) in that it does not suggest that the Court improperly perceived the issue raised in dispute, nor that the Court failed to consider the law or facts relevant to its claim. There is nothing in FRCP 60(b) which authorizes that such relief, and absent the existence of such grounds, the law of the case operates to preclude reconsideration.

---

[16] Thomas v. Bible, 983 F.2d 152, 154 (9th Cir. 1993)
[17] See United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993).

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

### III.   THE COURT SHOULD DENY THE MOTION ON ITS MERITS.

The Kubanyi's damages include the economic value of the use of the land received by the trespasser.  *United States v. Pend Oreille County Pub. Util. Dist., 135 F.3d 602 (9th Cir. 1998)* [The district court properly used the sharing of net benefits approach to calculate power site value of Indian lands in determining damages awardable to an Indian tribe for flooding of its land by public utility operating a dam].  As noted in the Sherman report, the economic value of the trespasses to Cruz and GVEA was $291,509.

This Court – relying upon Alaska state law – has held that the willfulness (or reckless disregard) of the trespass is a factor affecting the calculations of damages,[18] and that there is a genuine issue as to the "intentionality" of the trespass.[19]  This is in accord with the Ninth Circuits principles governing trespass on Indian lands. *Rayonier, Inc. v. Polson, 400 F.2d 909 (9th Cir., 1968)* (Modified judgment awarding treble damages for trespass from the wrongful cutting and removal of timber by corporation from land owned by joint venture was affirmed because the corporation knew the Indian chief lacked the authority to sell the land.)

---

[18] Docket 142,
[19] Id., at 12

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

The Court has previously held that GVEA may have assumed liability for Cruz if Cruz as a was a "'contractor, agent, or other person who perform(ed) work to accomplish the approved project' authorized by the TWUP". Cruz has clearly indicated that was the case;[20] GVEA has offered no evidence to the contrary. Indeed, GVEA has often admitted that Cruz was employed on the Intertie Project, and its work on the project included the drawing of water from Seven Mile Lake.[21] Notwithstanding these admissions, and the failure of GVEA to offer any contrary evidence, this Court has found that a genuine issue of fact exists as to the relationship of Cruz and GVEA.

GVEA argues that there must be evidence of GVEA's intentionality or recklessness. As noted above, that view is inconsistent with the Court's prior holdings as to the basis for imputing liability to GVEA. Nonetheless, the facts are clear that GVEA acted in a knowing or reckless manner, in that

1)  Don Kubanyi had a discussion with Greg Wyman, GVEA project superintendent and discussed the problem[22]

---

[20] See Ex. 1 (attached)
[21] Docket 77, at pp. 1-4
[22] Docket 86, pp. 2-11

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Kubanyi v. GVEA* Case No. F04-0026
Opp: Motion Doc. 171

8 of 10

2) Wayne Walters, an agent for the project, met and discussed the problem with Don Kubanyi, and he reported this conversation to his supervisors;[23]

3) GVEA participated in weekly briefings in which the Seven Mile lake pumping was discussed.[24]

There is affirmative evidence in the record sufficient to lead a jury to conclude that GVEA knew or should have known that the use of Seven Mile lake would have involved a trespass on Kubanyi land.

---

[23] Id.
[24] Id.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Kubanyi v. GVEA* Case No. F04-0026
Opp: Motion Doc. 171

9 of 10

## CONCLUSION

For the above reasons, the Court should deny GVEA's motion.

DATED this 21st day of February, 2007.

                                        MICHAEL J. WALLERI

                                        /s/ Michael J. Walleri
                                        Law Offices of Michael J. Walleri
                                        330 Wendell Street, Suite E
                                        Fairbanks, Alaska 99701
                                        (907) 452-4716
                                        (907) 4524725 (Facsimile)
                                        walleri@gci.net
                                        AK Bar No. 7906060

<u>Certificate of Service</u>
I hereby certify that under penalty of perjury that a true and correct copy of the foregoing was sent to the following counsel of record on February 21, 2007 via ECF to:

| | |
|---|---|
| Mr. David Floerchinger<br>Assistant Attorney General<br>Department of Law<br>1031 W. Fourth Ave., Suite 200<br>Anchorage, Ak 99501 | Mr. Cory Borgeson<br>Boreson & Burns, P.C.<br>100 Cushman Street, Suite 31<br>Fairbanks, Alaska 99701 |
| Mr. Eric P. Gillett<br>Preg O'Donnell & Gillett, P.C.<br>1800 Ninth Ave., Suite 1500<br>Seattle, WA 98101-1340 | Mr. Daniel T. Quinn<br>Richmond & Quinn<br>360 K Street, Suite 200<br>Anchorage, AK 99501-2038 |

/s/ Michael J. Walleri

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Kubanyi v. GVEA* Case No. F04-0026
Opp: Motion Doc. 171

10 of 10