Michael J. Walleri
Law Offices of Michael J. Walleri
330 Wendell Street, Suite E
Fairbanks, Alaska 99701
(907) 452-4716
(907) 452-4725 (Facsimile)
Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DON M. KUBANYI, JIMMY KUBANYI, AILEEN WELTON, ELIZABETH TUZROYLUK, DORIS KUBANYI, VICTOR KUBANYI, BOBBY KUBANYI, ARLETTE KUBANYI, and BRIAN BAGGETT,<br><br>            Plaintiff(s),<br><br>vs.<br><br>GOLDEN VALLEY ELECTRIC ASSOCIATION, DAVE CRUZ, individually and d/b/a/ CRUZ CONSTRUCTION, BLACK & VECH CORPORATION, JAKE COVEY AND PATRICK NELSON,<br>            Defendants. | **OPPOSITION TO GVEA'S MOTION FOR DISMISSAL OF PLAINTIFF'S AFFIRMATIVE DEFENSES TO GVEA'S COUNTERCLAIMS** |

Case No. 4:04-cv-0026 RRB

GVEA was granted leave to file an amended complaint to assert counterclaims for wrongful and malicious interference with an express right of way easement and for interference with a business advantage. In reply, the Plaintiff's

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Kubanyi v. GVEA* Case No. F04-0026                                                                 1 of 11
Opp: Motion Doc. 222 (Dismiss Plt. Affirmative Defenses)

asserted seven affirmative defenses:[1] 1) GVEA has failed to state a cognizable cause of action; 2) lack of jurisdiction; 3) failure to join necessary; 4) privilege; 5) laches; 6) GVEA lacks standing to bring counterclaims; and 7) statute of limitations. GVEA has moved to dismiss all affirmative defenses. The court should deny the motion because striking the affirmative defenses would be an abuse of discretion.

GVEA has mis-styled its motion and articulated the wrong standard of judicial review. In support of its motion, GVEA cites several inapplicable parts of FRCP 12,[2] and cites inappropriate legal authority.[3] Claims, counterclaims, and cross claims are subject to motions to dismiss.[4] Affirmative defenses are not subject to dismissal; rather the proper motion to resolve affirmative defenses is a motion to

---

[1] Docket 205

[2] GVEA references FRCP 12(h), which deals with waiver of defenses. See Docket 222, at 2  GVEA has not claimed that the Kubanyi's waived any asserted affirmative defenses. Additionally, GVEA references FRCP 12(g), which deals with consolidations of defenses, and defense preclusion based upon the failure to assert a defense in a prior motion. This is not applicable. Finally, GVEA references FRCP 12(c), which deals with motions for judgment on the pleadings. GVEA's motion does not seek judgment. Hence all cited rules are inapplicable to the motion filed by GVEA.

[3] Docket 222, at p. 2 citing Herbert Abstract Co. v Touchstone Properties, 914 F. 2nd 74, 76 (5th Cir. 1990) ["a judgment on the pleadings is appropriate if material facts are not in dispute and question and questions of law remain."] See also Docket 222, at p. 2 citing McGann v Ernst v Young, 102 F. 3d 390, 392 (9th Cir. 1996) ["A judgment on the pleadings is properly granted when taking all allegations in the pleading as true, the moving party is entitled to judgment as a matter of law".]

[4] See FRCP 12(b); FRCP 41(c)  Of course, GVEA references FRCP 12(c) which addresses judgment on the pleadings. GVEA has not requested "judgment" and FRCP 12(c) is not applicable.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

strike pursuant to FRCP 12(f).[5]  GVEA's motion is simply non-cognizable as presented, and the Court should deny the motion to dismiss on this basis alone.

Of course, the Court may treat the motion as a FRCP 12(f) motion to strike affirmative defenses; however, in doing so, the Court should apply the proper standards rather than those asserted by GVEA.  In ruling upon a motion to strike, the Court must view the pleading under attack (i.e. Kuybanyi's) most favorably to pleader, i.e. the Kubanyis.[6] This is an important point because GVEA would reverse this principle and have the Court treat GVEA's allegations as true. Under the correct standard, in considering whether to strike the Kubanyi's affirmative defenses, the Kubanyi's allegations are to be treated as true.  Specifically, this means that the in considering this motion, the Court must treat as true Kubanyi's principle allegations that Cruz crossed the Kubanyi allotment for the purpose of extracting water from

---

[5] *Federal Sav. & Loan Ins. Corp. v. Gemini Management, 921 F.2d 241, 244  (9th Cir., 1990)* citing *Supermarket of Homes v. San Fernando Valley Bd. of Realtors, 786 F.2d 1400, 1409 (9th Cir. 1986)*.
[6] McCormick v Wood 156 F Supp 483 (1957, DC NY); Wohl v Blair & Co. 50 FRD 89 (1970, SD NY). This is a consistent with the general principle that in any dispostive motion on the pleadings, the allegations contained in the complaint of the non-moving party are to be treated as true. *Conley v. Gibson, 355 U.S. 41, 45-6, 2 L. Ed. 2d 80, 84, 78 S. Ct. 99 (1957).* [A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.] *citing*  2A J. Moore & J. Lucas, Moore's Federal Practice para. 12.08 (2d ed. 1983; See also *Albright v Oliver,  510 US 266, 127 L Ed 2d 114, 114 S Ct 807 (1994);  Kelson v Springfield, 767 F2d 651 (9th Cir., 1985)*

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

Seven Mile Lake without permission or right in furtherance of GVEA's project.[7] Hence the Court must assume, for the purposes of this motion, that there was no legal access between Seven Mile Lake and the Rex Trail, and that Cruz and GVEA were trespassing upon the Kubanyi allotment.

The question as to whether the Court should strike an affirmative defense is a question of judicial discretion,[8] and such motions are highly disfavored.[9] Generally, "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Stated otherwise, affirmative defenses may be struck if the defense asserted is invalid as matter of law.[10] A motion to strike a defense is properly denied where the defense is sufficient as matter of law or fairly presents question of law or fact which court ought to hear.[11]

---

[7] The district court has wide discretion to consider affidavits, documents, and even hold a limited evidentiary hearing.  See *Wheeler v. Hurdman, 825 F.2d 257, 259 n.5 (10th Cir. 1987)*  In this case, the Court has before it substantial evidence respecting the dispute, and has previously held that there is a genuine factual dispute respecting whether Cruz and GVEA trespassed upon the Kubanyi allotment. Docket 143, at 13In the context of this motion, however, the Court should consider the Kubanyi's allegations as true.

[8] *Id.*

[9] Moore, Federal Practice § 11.05

[10] *Purex Corp. v General Foods Corp. 318 F Supp 322 (1970, CD Cal)*

[11] *Lirtzman v Spiegel, Inc. 493 F Supp 1029 (1980, ND Ill)*

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Kubanyi v. GVEA* Case No. F04-0026
Opp: Motion Doc. 222 (Dismiss Plt. Affirmative Defenses)

4 of 11

The asserted seven (7)affirmative defenses are clearly sufficient as matter of law and fairly presents question of law or fact which court ought to hear. Consequently, the Court may not strike the defenses.

Specifically, the first and second affirmative defenses (i.e. failure to state a cognizable cause of action and lack of jurisdiction) are the subject of the Kubanyi's pending motion to dismiss GVEA's counterclaims.[12]  Stated simply, if GVEA has any counterclaims, such claims sound in state law; not federal law. [13]  GVEA causally observes that state law pendent claims may normally be brought as counterclaims.[14] However, the observation begs the fundamental question: how is it that state law applies?  As noted, the Alaska Statehood Act[15] and the Alaska Constitution[16] disclaim jurisdiction over Native allotments, and the Alaska Supreme Court has held that the State lacks jurisdiction to prohibit the type of behavior at

---

[12] Docket 206
[13] As previously noted, GVEA's opposition clarifies that it is asserting counterclaims sounding in State law.  See GVEA Op., at 1-7.  Citing *Venetian Casino Resort, L.L.C. v. Local Joint Exec. Bd., 257 F.3d 937 (9th Cir., 2001)* [wrongful interference with an express right of way easement is state law claim]; *Los Angeles Airways, Inc. v. Davis, 687 F.2d 321 [9th Cir. 1982]*[ interference with a prospective business advantage is a state law claim]
[14] Docket 222, at 8-9
[15] See §4 of the Alaska Statehood Act [P.L. 85-508].  Discussed at Docket 220, 2-4
[16] AK CONST. Art. XII, § 12.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

issue.[17] Hence, GVEA's has failed to state a cause of action because the actions complained of do not violate state law, because the state lacks the jurisdiction to prescribe such behavior. GVEA has failed to offer any legal authority that its counterclaims give rise to a federal cause of action. Hence, given that there is no cognizable state or federal law claims, and GVEA has failed to state a cause of action. Moreover, the federal court lacks jurisdiction to enforce state law claims beyond the jurisdiction of the state.

Equally, GVEA has failed to join indispensable parties: e.g. the Federal government and the State. Again this defense is before the Court in are the subject of the Kubanyi's pending motion to dismiss GVEA's counterclaims.[18] GVEA's counter claims seeks to adjudicate an interest (i.e. the easement) in Kubanyi allotment. As noted in briefing on that motion, the United States Supreme Court has held that the United States government is a necessary and indispensable party to such claims which may not be joined because of the government's sovereign immunity. [19]

---

[17] *Heffle v. State, 633 P.2d 264 (Alaska, 1981)* Discussed at Docket 220, 2-4
[18] Docket 206
[19] *United States v Mottaz*, 476 US 834, 90 L Ed 2d 841, 106 S Ct 2224 (1986); *Imperial Granite Co. v Pala Band of Mission Indians,* 940 F2d 1269 (9th Cir., 1991)

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Kubanyi v. GVEA* Case No. F04-0026
Opp: Motion Doc. 222 (Dismiss Plt. Affirmative Defenses)

6 of 11

GVEA has failed to address these holdings in its motion.[20] GVEA has also failed to address why the State is not an indispensable party. In addition to the prior briefing on the issue, [21] GVEA's argument is contrary to this Court's holdings in *Aquilar v. Kleppe, 424 F. Supp. 433, 437 (D. Alaska 1976)*, and the Ninth Circuit's holding in *Harrison v. Hickel, 6 F.3d 1347, 1348 (9th Cir. 1993)*. As we have noted, GVEA seeks to litigate the State of Alaska's claimed RS 2477 right of way across the Kubanyi Native allotment. An action that would conclusively adjudicate the state's title to property cannot be brought without the state's consent and involvement.[22] GVEA has not brought the State into the action, and has not received consent from the State to bring an action to determine the existence, width and location of the right of way. Hence, the counterclaims must be dismissed.

As a corollary to the failure to join the state, GVEA lacks the standing to bring these claims without the State's consent for the same reasons. GVEA argues that no State interest is asserted,[23] which is contradicted by its own arguments that State

---

[20] As noted at Docket 220, pp 4-6, GVEA offered the rather disingenuous argument in its opposition, suggesting that it sought to litigate the easement not the allotment. Of course, it is the same land, and the same legal interest. See discussion of argument at Id.
[21] Docket 207, p. 4; Docket 220, pp 6-8.
[22] See *Harrison*, 6 F.3d at 1348 (affirming dismissal of claims against individual defendants "because the quiet title relief sought . . . directly affects the interests of the State"); *Aquilar*, 424 F. Supp. at 437 (plaintiffs sought to have the court "declare certain portions of the patents void ab initio").
[23] Docket 222, at 11

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

actually claims a 100 foot right of way.[24] An RS 2477 is a grant to "public authorities of the state",[25] not to the public in general. There is little question that the easement holder under RS 2477 is the appropriate public authority of the state, which in this case is the State itself.[26] There are strong public policy supporting the standing requirement which are clearly illustrated by the arguments advanced in this case. As noted in related briefing, the State sought only the reservation of a fifty (50) foot right of way, the location of which to be determined later. GVEA, however, claims that the State actually claims a 100 foot right of way. In substance, GVEA takes upon itself the right to determine that the state's prior claim to a fifty foot right of way was wrong. GVEA's claims presume unwarranted usurpation of the State's prerogative. Application of the standing requirement would prevent such usurpation.

Assuming that state law does apply, Don Kubanyi was clearly privileged in his actions. Such privilege is provided in AS 11.81.350. The statute allows the use of deadly force to prevent a criminal trespass, and non-deadly force to prevent invasion of lands other than a criminal trespass is a "defense" and is therefore

---

[24] Docket 113, at 2 (pending)
[25] *Hamerly v. Denton,* 359 P.2d 121, 123 (Alaska 1961).
[26] *Southern Utah Wilderness Alliance v BLM,* 425 F. 3d 735 (10th Cir., 2005)

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Kubanyi v. GVEA* Case No. F04-0026
Opp: Motion Doc. 222 (Dismiss Plt. Affirmative Defenses)

8 of 11

privileged.  In this case, there is no allegation that Mr. Kubanyi – or any other Kubanyi -- used deadly force.   Rather, GVEA complains that Mr. Kubanyi threatened to use non-deadly force.  There is little question that the Kuybanyi's held the reasonable belief that GVEA was trespassing upon their property.  The property in question was clearly posted, which makes GVEA's invasion of the property criminal.[27]

Finally, laches and statute of limitations are obviously sufficient defenses. GVEA clearly knew about these claims from the beginning of this lawsuit. However, GVEA only brought these claims in an amended complaint first filed in October 27, 2006.[28]   The counter claim  alleges that Don Kubanyi blocked access to the Lake over three and half years earlier on March  1, 2003.    If state law applies, the counter claims sound in tort, which has a two year statute of limitation.[29]  Clearly the claim was brought outside the period of limitations.  The obvious argument for GVEA is "relation back", referenced in FRCP 15(c).  However, where defendant's failure to add claim, despite full knowledge of claim was not excusable neglect or

---

[27] See AS 11.46.320- 330; See also AS 11.46.350. Of course, as the prior briefing illustrates, there are various factual issues in dispute, including whether the property was 'posted'.  Additional discovery is required on this issue.
[28] Docket 118
[29] A.S. 09.10.070

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

inadvertence, FRCP 15(c) does not defeat statute of limitations defense.[30]  Similarly, FRCP does not barr the defense of laches where a Defendant waited three (3) years to bring a counterclaim.[31]  In this case, GVEA waited three years to bring its counterclaim. Laches would bar the complaint absent a compelling reason to the contrary.[32]

### CONCLUSION

The Court should deny the motion.   The seven affirmative defenses are legally sufficient.  To the extent addressed in the current pending motions to dismiss, the defenses should allow dismissal.  In the case of the remaining defenses, there is clearly a prima facie basis for the defenses, however, there may be disputed factual issues that will be clarified through discovery.  The Court should deny the motion to "dismiss" the Kubanyi's affirmative defenses.

---

[30] *Stoner v Terranella, (372 F2d 89, 10 FR Serv 2d 175. (6th Cir., 1967)*
[31] *Church of Scientology v Siegelman, 94 FRD 735 (1982, SD NY)*
[32] It is currently unclear whether there is a genuine factual dispute. Discovery will clarify this.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

DATED this 5th day of March, 2007.

                                                        MICHAEL J. WALLERI

                                                        /s/ Michael J. Walleri
                                                        Law Offices of Michael J. Walleri
                                                        330 Wendell Street, Suite E
                                                        Fairbanks, Alaska 99701
                                                        (907) 452-4716
                                                        (907) 4524725 (Facsimile)
                                                        walleri@gci.net
                                                        AK Bar No. 7906060

<u>Certificate of Service</u>
I hereby certify that under penalty of perjury that a true and correct copy of the foregoing was sent to the following counsel of record on March 5, 2007 via ECF to:

| | |
|---|---|
| Mr. David Floerchinger<br>Assistant Attorney General<br>Department of Law<br>1031 W. Fourth Ave., Suite 200<br>Anchorage, Ak 99501 | Mr. Cory Borgeson<br>Boreson & Burns, P.C.<br>100 Cushman Street, Suite 31<br>Fairbanks, Alaska 99701 |
| Mr. Eric P. Gillett<br>Preg O'Donnell & Gillett, P.C.<br>1800 Ninth Ave., Suite 1500<br>Seattle, WA 98101-1340 | Mr. Daniel T. Quinn<br>Richmond & Quinn<br>360 K Street, Suite 200<br>Anchorage, AK 99501-2038 |

/s/ Michael J. Walleri

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Kubanyi v. GVEA* Case No. F04-0026
Opp: Motion Doc. 222 (Dismiss Plt. Affirmative Defenses)

11 of 11