Michael J. Walleri
Law Offices of Michael J. Walleri
330 Wendell Street, Suite E
Fairbanks, Alaska 99701
(907) 452-4716
(907) 452-4725 (Facsimile)
Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DON M. KUBANYI, et. al.<br><br>        Plaintiff(s),<br><br>vs.<br><br>GOLDEN VALLEY ELECTRIC<br>ASSOCIATION, et. al<br>        Defendants. | **MEMORANDUM IN SUPPORT<br>OF MOTION FOR SUMMARY<br>JUDGMENT AS TO GVEA'S<br>COUNTERCLAIMS, OR, IN THE<br>ALTERNATIVE, LEAVE TO<br>JOIN THE UNITED STATES** |

Case No. 4:04-cv-0026 RRB

        The Kubanyis, plaintiffs seek summary judgment as to Golden Valley's (GVEA)

counterclaims because the actions of the Kubanyi's were not the cause of Cruz's work

stoppage, or in the alternative, leave to join the United States as a party defendant

under the Federal Tort Claims Act.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Kubanyi v. GVEA* Case No. F04-0026
Memo: SJ GVEA's Counterclaims

1 of 9

## I.     FACTS.

The counterclaims in this matter arise out of a dispute between GVEA and the Kubanyis, the owners of a Native allotment surrounding the southern end o Seven Mile Lake.[1]  In the spring of 2003, GVEA was engaged in the construction of an electrical intertie between Fairbanks and Anchorage, and had retained Cruz Construction to construct and maintain ice roads in furtherance of the intertie project.[2] The Rex -Bonnefield trail traverses the Kubanyi allotment south of Seven Mile Lake.[3] In March 2003, Cruz was water from Seven Mile Lake in furtherance of its contract with GVEA, using the Rex Bonnefield Trail.[4]  The existence, width, location of the public right of way across the Kubanyi allotment is at issue.[5]  The Kubanyis claim that GVEA crossed their lands, outside any public easement for the Rex-Bonnefield trail. GVEA claims that the public right of way for the Trial intersects with the lake.[6]

The Kubanyis had posted the land between the trail and the lake with "No Trespassing" signs.[7]  Nonetheless, Cruz accessed the lake off the Rex Trail crossing the

---

[1] Docket 143, at pp. 2-3
[2] Docket 143, at p. 4
[3] Ex. 1 (attached)
[4] Ex. 2 (attached) [Cruz Depo] pp. 19-20
[5] See GVEA's motion in Limine at  Docket 113, 144, 161 (Pending, Ripe for Decision)
[6] Id.
[7] Ex. 3, (attached) [V. Kubanyi Depo] p. 37

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

disputed area.[8]  Mr. Don Kubanyi believed that the Cruz workers were trespassing on his property and objected. [9]   According to Don Kubanyi, he threatened to shoot the tires on the Cruz equipment.[10] Cruz called the Troopers because he believed that members of his crew had been threatened.[11]  When the Troopers arrived an altercation with the Troopers occurred, and Don Kubanyi was arrested.[12]  There is no evidence of any physical altercation occurred between any member of the Kubanyi family and the Cruz workers.

After the altercation, pumping operations stopped.[13]  According to Mr. Cruz, the pumping initially stopped because the weather warmed rendering further operations not feasible.[14] Thereafter, Cruz received a "Stop Work" order.[15]  On March 4, 2003,  Mr. Paul Mayo sent a letter to Greg Wyman, of GVEA confirming a telephone conversation between the two that day.[16]  Mr. Mayo is the Realty Officer at Tanana Chiefs Conference, Inc., managing trust and restricted Native lands under an Indian

---

[8] Ex. 2 (attached) [Cruz Depo) p. 16
[9] Docket 143, at p. 4
[10] Ex. 6 (attached)[D. Kubanyi Depo.) p. 88
[11] Id., at 5
[12] Id, at 5
[13] Ex. 2 (attached) [Cruz Depo) pp. 58
[14] Id, at 57
[15] Id.
[16] Ex. 4 (attached)

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Kubanyi v. GVEA* Case No. F04-0026
Memo: SJ GVEA's Counterclaims

3 of 9

Self-Determination Act[17] contract with the Bureau of Indian Affairs.[18]  The letter was formal notice to GVEA and State of Alaska DNR "to stop water pumping activity on the Native Allotment owened by the Heirs of Nora Kubanyi."[19]  According to the letter, Mayo and Wyman had a conversation on that date, and "mutually agreed that a temporary work stop would ensure the safety of the landowners and the contractors."[20]  According to Mr. Mayo, he believed that a trespass had occurred.[21]

GVEA's counterclaim alleges that the Kubanyis actions constitute torts: i.e. wrongful and malicious interference with an express right of way easement and interference with a business advantage.[22]  There is no basis for such claims, and the Court should grant summary judgment to the Kubnayi's as to the Counterclaims.

## II.     STANDARD FOR SUMMARY JUDGMENT

" A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may … move with or without supporting affidavits for

---

[17] 25 USC 450 et. seq.
[18] Ex. 5 (attached) [Mayo Depo) pp. 8-9
[19] Ex. Ex. 4 (attached)
[20] Id.
[21] Ex. 5 (attached) [Mayo Depo) 32:13
[22] Docket 118

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

summary judgment in the party's favor upon all or any part thereof."[23]    Summary judgment is also available to a party defending a claim.[24]  Summary judgment is appropriate if the Court finds that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits… show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[25]

### III.    CRUZ DID NOT STOP WORK BECAUSE OF THE KUBANYI'S.

All of the evidence clearly indicates that Cruz did not stop work at the Kubanyi allotment because of actions by any of the Kubanyis; rather Cruz stopped work because of the intervention of Tanana Chiefs Conference, Inc. (TCC) into the matter resulted in the stop work order.   The fact that the Kubanyi's believed that the Cruz was trespassing did not faze Cruz or GVEA at all. When confronted by any of the Kubanyi's,  Cruz simply called the Troopers who arrested Don Kubanyi and threatened the rest of the Kubanyi family with arrest if they interfered with Cruz's operations.[26]  Rather, as Mr. Cruz testified, worked initially stopped because of

---

[23] *See* FRCP 56(a)
[24] *See* FRCP 56(b)
[25] *See* FRCP 56(c)
[26] See discussion at Docket 86, pp. 16-18.  As noted therein, after Don Kubanyi's arrest, Mr. Baggett, Mr. Kubanyi's brother in law, approached the troopers.   Officer Covey had Mr. Baggett kneel in the

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

weather and later because he received a stop work order. The evidence is that the stop work order was the result of TCC's involvement. The evidence is clear that GVEA and Cruz cared little what the Kubanyi's thought. Rather, they were concerned about what TCC thought, and possible legal action being threatened by TCC. TCC clearly took the position, and continues to take the position that GVEA trespassed upon the Kubanyi allotment. TCC was correct in believing that a trespass occurred. However, if a torts alleged constitute cognizable torts[27] and the allegations are true such that a tort was actually commited, the tort was more likely committed by TCC in its assertion of rights on behalf of the Kubanyis, rather than the Kubanyi's themselves.

---

snow and frisked him. After he got up, Bagget informed Covey that there was a dispute about Cruz trespassing

TROOPER COVEY: (inaudible) Well, here's the deal. These guys are going to be working out here. They got the contract to do it; they got the license to do it; and they got the right-of-way to be on the public easement; they got all the paperwork. If you really want to see it, we can show that to you.

MR. BAGGET: Yeah, I wouldn't mind looking at it.

TROOPER COVEY: We can do that.

MR. BAGGET: I don't want to be a big problem

(inaudible)

TROOPER COVEY: (inaudible) that's fine. Let's go and they'll be more than happy to show it to you.

UNIDENTIFIED VOICE: (presumably Covey) Are we going to have any more problems with people over there?

UNIDENTIFIED VOICE: (presumably Bagget) No, you will not. (inaudible)

UNIDENTIFIED VOICE: (presumably Covey) Because I don't want to have to come back out here.

UNIDENTIFIED VOICE: (presumably Bagget) I understand.

In essence, Covey statement to Bagget that the Kubanyi's had better not cause any more trouble for the Intertie workers, clearly evinces the purpose of the Trooper's mission — to facilitate the construction project. All citations to record are noted at Docket 86, pp. 16-18.

[27] The Kubanyi's do not concede that the cause of action pled in GVEA's counterclaims constitute torts.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

Of course, TCC's actions appear to be motivated in part by safety issues respecting conflicts between the Kubanyis and the Cruz workers.  Thus, assuming the cognizability of the alleged tort exists and that a tort was committed, the issue may be apportionment of fault as opposed to TCC and one or more of the Kubanyis.  However, as noted above, TCC is a tribal organization operating under the Indian Self-Determination Act, ("ISDA") [28] which means that the actions would be covered under the Federal Tort Claims Act.  The pertinent language in ISDA provides:

> With respect to claims resulting from the performance of functions... under a contract...authorized by the Indian Self-Determination Education and Assistance Act,...an Indian tribe...is deemed...to be part of the Bureau of Indian Affairs...while carrying out any such contract...and its employees are deemed employees of the Bureau...while acting within the scope of their employment in carrying out the contract...[29]

As a consequence, employees of a tribal organization performing official functions under an ISDA contract are generally treated as federal employees, which means tort claims resulting from the carrying out of an ISDEA contract "shall be deemed to be an action against the United States" under the FTCA.[30]

---

[28] 25 USC 450 et. seq.

[29] Pub. L. 101-512 § 314. Department of the Interior and Related Agencies Appropriations Act of 1991, Pub. L. No. 101-512, Title III, § 314, 104 Stat. 1915, 1959 (Nov. 5, 1990) (codified as amended at 25 U.S.C. § 450f note) [hereinafter Section 314].

[30]. See Allender v. Scott, 379 F. Supp. 2d 1206, 1216-17 (D.N.M. 2005) citing following authorities, Pourier v. U.S., 138 F.3d 1267, 1268 (8th Cir. 1998); Walker v. Chugachmiut, 46 Fed. Appx. 421, 423 (9th Cir. 2002) ("any" tort claim resulting from the carrying out of an ISDEAA contract would be covered by

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

The procedure in this context is somewhat unclear.   Normally, when a claim is brought against an employee covered by FTCA, the matter is submitted to the U.S Attorney General. The Attorney General certifies whether a Unite employee was acting within the scope of his or her employment at the time of an event giving rise to a civil claim. 28 U.S.C. § 2679(d)(1), (2). Once certification is given in a civil action, FELRTCA requires the substitution of the United States as the defendant, and, if the action was originally filed in state court, the removal of the action to federal court. *Id.* Under the terms of FELRTCA, the substitution of the United States leaves the plaintiff with a single avenue of recovery, the Federal Torts Claim Act ("FTCA"), 28 U.S.C. §§ 1346, 2671 *et seq.* 28 U.S.C. § 2679(d)(4).[31]

In this case, if the Court does not simply dismiss the Kubanyis, the Court should allow the Kubanyis' to file a third party joinder of the United States and request certification from the U.S. Attorney under the FTCA.

---

the FTCA provided that the employee was acting within the scope of employment); Big Crow v. Rattling Leaf, 2004 DSD 1, 296 F.Supp.2d 1067, 1070 (D.S.D. 2004) (an employee acting within the scope of his employment is covered by the FTCA, even if the employee was paid by a different self-determination contract than the one under which the claim arose); Trujillo v. U.S., 313 F.Supp.2d 1146, 1150 (D.N.M. 2003); Morsette v. U.S., 26 Ind. L. Rep. 3502, 3503 (W.D.Wa. 1999): Big Owl v. United States, 961 F. Supp. 1304, 1308 (D.S.D. 1997); Val-U Const. Co. of South Dakota v. U.S., 905 F.Supp. 728, 733 (D.S.D. 1995).

[31] Green v. Hall, 8 F.3d 695, 698 (9th Cir. 1993)

Michael J. Walleri
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Kubanyi v. GVEA* Case No. F04-0026
Memo: SJ GVEA's Counterclaims

## IV.     CONCLUSION

For the reasons stated above the Court should grant summary judgement to the Kubanyis as to Golden Valley's (GVEA) counterclaims, or in the alternative, leave to join the United States as a party defendant under the Federal Tort Claims Act.

DATED this 6th day of March,  2007.

MICHAEL J. WALLERI

/s/ Michael J. Walleri
Law Offices of Michael J. Walleri
330 Wendell Street, Suite E
Fairbanks, Alaska 99701
(907) 452-4716
(907) 4524725 (Facsimile)
walleri@gci.net
AK Bar No. 7906060

Certificate of Service
I hereby certify that under penalty of perjury that a true and
correct copy of the foregoing was sent to the following counsel
of record on March 6, 2007 via ECF to:

Mr. David Floerchinger                    Mr. Cory Borgeson
Assistant Attorney General                Boreson & Burns, P.C.
Department of Law                         100 Cushman Street, Suite 31
1031 W. Fourth Ave., Suite 200            Fairbanks, Alaska 99701
Anchorage, Ak  99501

Mr. Eric P. Gillett                       Mr. Daniel T. Quinn
Preg O'Donnell & Gillett, P.C.            Richmond & Quinn
1800 Ninth Ave., Suite 1500               360 K Street, Suite 200
Seattle, WA  98101-1340                   Anchorage, AK 99501-2038

/s/ Michael J. Walleri

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Kubanyi v. GVEA* Case No. F04-0026                              9 of 9
Memo: SJ GVEA's Counterclaims