Michael J. Walleri
Law Offices of Michael J. Walleri
330 Wendell Street, Suite E
Fairbanks, Alaska 99701
(907) 452-4716
(907) 452-4725 (Facsimile)
Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

DON M. KUBANYI, et. al.

Plaintiff(s),

vs.

GOLDEN VALLEY ELECTRIC ASSOCIATION, et. al
Defendants.

Case No. 4:04-cv-0026 RRB

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS GVEA'S COUNTERCLAIMS FOR FAILURE TO STATE A COGNIZABLE CAUSE OF ACTION [FRCP 12(B)(6)]**

The Plaintiff Kubanyis seek dismissal of Golden Valley's (GVEA) counterclaims pursuant to FRCP 12(b)(6). GVEA's has filed counterclaims for money damages against all Plaintiff Kubanyis for wrongful and malicious interference with an express right of way easement and interference with a prospective business advantage.[1] There is no basis for such claims, and the Court should dismiss the counterclaims.

Michael J. Walleri
Attorney at Law
330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

[1] Docket 182

## I. STANDARD OF REVIEW

As recently explained by Judge Sedwick,

> A motion to dismiss for failure to state a claim made pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in the complaint. In reviewing a Rule 12(b)(6) motion to dismiss, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party." The court is not required to accept every conclusion asserted in the complaint as true; rather, the court "will examine whether conclusory allegations follow from the description of facts as alleged by the plaintiff." A claim should only be dismissed if "it appears beyond doubt that a plaintiff can prove no set of facts in support of his claim which would entitle him to relief." A dismissal for failure to state a claim can be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.[2]

In this case, GVEA's counterclaims fail to present in both respects in that they fail to articulate cognizable legal theories and fail to state facts, which if proven to be true would give rise to the Kubanyi's liability.

## II. ALASKA DOES NOT RECOGNIZE INTERFERENCE WITH EXPRESS EASEMENT

GVEA asserts claims for money damages for wrongful and malicious interference with an express right of way easement, which is presumed to be a tort. Such a tort has not been recognized in Alaska. A search of Alaska case law reveals

**Michael J. Walleri**
*Attorney at Law*
330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

[2] Wayson v. Rundell, 2006 U.S. Dist. LEXIS 88079 (D. Ak, December 4, 2006)

that there is no legal authority to support GVEA's claim that Alaska law recognizes a "duty owed" as alleged by GVEA in this regard. Of course, a tort is based upon a breach of some duty, however, the Kubanyi's have no duty toward Cruz or GVEA that would give rise to the liability claimed by GVEA

Under Alaska law, novel theories of tort liability asserted and considered for the first time are governed by the principles enunciated in *D.S.W. v Fairbanks North Star Borough School District, 628 P.2d 554 (Alaska, 1981)* and its progeny. Specifically, the Court must consider the following public policy considerations as relevant in determining if an actionable duty of care exists:

> The foreseeability of harm to the plaintiff, the degree of certainty that the plaintiff suffered injury, the closeness of the connection between the defendant's conduct and the injury suffered, the moral blame attached to the defendant's conduct, the policy of preventing future harm, the extent of the burden to the defendant and consequences to the community of imposing a duty to exercise care with resulting liability for breach, and the availability, cost and prevalence of insurance for the risk involved.[3]

Consideration of these factors strongly suggest that no such tort liability would be cognizable under Alaska state law.

**Michael J. Walleri**
*Attorney at Law*
330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

[3] *628 P.2d at, 555;* See also *Mesiar v Heckman, 964 P.2d 445 (Alaska 1998)*

GVEA's pleading acknowledges that the Kubanyi's own the land at issue, and GVEA does not claim legal ownership of the easement at issue. Equally, there are no allegations that the Kubanyis were unreasonable in believing that the easement at issue was limited to a greater degree than claimed by GVEA. No special relationship is claimed to exist between the Kubanyis and GVEA/Cruz. All the Kubanyi's did was to post no trespassing signs along the Rex Trail bordering their property, and told the construction workers to leave. The recognition of a tort under such circumstances would de-nude property owners of the ability to give notice to commercial actors as to property lines. GVEA legal theories suggest that property owners[4] have no rights to prevent commercial enterprises from entering their lands. Indeed, GVEA claims would suggest that a private land owner is legally liable for merely giving notice of land boundaries which he reasonably believes to exist. Such a policy can only be justified by expediency favoring development at the expense of private property owners, if it could be justified at all. However, there is no such policy in Alaska law.

Property rights, and the protection of property rights, are favored under Alaska law. For example, under Alaska law, a person who reasonably believes that

**Michael J. Walleri**
*Attorney at Law*
330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

[4] It is assumed that GVEA's theories are not limited in application to Natives alone. Such a suggestion would raise concerns not

they are preventing trespass may use self-help.[5] In the context of non-criminal trespass, a landowner may use non-deadly force. In the case of criminal trespass, a landowner may use deadly force. The difference, of course, is that criminal trespass occurs when a person invades property posted "No Trespassing". Similarly, Alaska State land management practices place the burden on permittees operating under state permits to obtain legal access in their undertakings under State permits.[6]

Alaska law clearly supports self-help and recognizes the right of landowners to undertake actions to prevent trespass upon their lands when they reasonably believe that third parties are engaged in trespass. The property owner owes no duty to the general public, other than to warn the general public as to the reasonably believed boundaries. Under Alaska law, once such notice is given, the land owner is privileged to use deadly force to prevent trespass. In this regard, public policy ion Alaska --- more so than in many other states ---clearly favors the protection of property rights over the rights of strangers to invade private lands. The recognition of GVEA's novel theories of liability would clearly undercut the rights of property owners favored by Alaska law. The Kubanyi's owed no legal duty to GVEA.

**Michael J. Walleri**
*Attorney at Law*
330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

---

5 See AS 11.46.320- 330; See also AS 11.46.350.
6 See discussion of TWUP permit in this Court's Order at Docket 143

Rather, GVEA owed a duty to the Kubanyi's to respect the Kubanyi's property rights. The asserted tort is not recognized in Alaska.

## III. THE OTHER KUBANYI'S DID NOTHING.

GVEA's principle allegations focus upon alleged threats by Don Kubanyi. Assuming that such threats occurred as pled,[7] he was clearly privileged under Alaska law.[8] However, GVEA's complaint makes no allegations of any active efforts or affirmative actions by any other of the Kubanyi's to do anything adverse to the Cruz activities. Even assuming that Alaska law recognized the tort alleged, GVEA makes no allegations of affirmative conduct by any member of the Plaintiff group other than Don Kubanyi. In the absence of some allegations of affirmative conduct, the counterclaims fail to state any claim against the remaining Kubanyis.

## IV. GVEA HAS NO INTEREST IN THE EASEMENT AND THE EASEMENT IS NOT AN EXPRESS RIGHT OF WAY.

GVEA cited 25 AM. Jur. 2nd Easements and Licences §86 in support of its theory respecting liability for interference with an express right of way.[9] However,

[7] Don Kubanyi has disputed the nature of the threats alleged by GVEA.
[8] See AS 11.46.320- 330; See also AS 11.46.350. Indeed, Mr. Kubanyi was privileged to use deadly force given that the property was posted.
[9] Docket 222, at p., 5 n 6

**Michael J. Walleri**
*Attorney at Law*
330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

all the cases cited in support of the cause of action relate to claimants who owned the easement in question, or were adjacent landowners for whom the easement at issue was an appurtenant right derived from the claimant's ownership of adjacent land.[10] GVEA claims no interest in the easement, nor ownership of adjacent lands. Therefore, GVEA has failed to state a cognizable claim under the theory asserted.

Secondly, there is no allegation that the easement at issue is an "express" easement". Rather, GVEA's counterclaim merely claims that the "easement" at issue merely reserves "a continued right of public access along the non-exclusive use Rex to Bonnifield trail not to exceed 50 feet in width".[11] GVEA has failed to allege the existence of an express easement; i.e. an easement whose existence, location, width and permitted use is expressly established. Indeed, the purpose of the counterclaim is to actually establish the existence of the easement. Therefore GVEA has failed to state a cognizable claim under the theory asserted.

---

[10] West Town Plaza v Wal-Mart Stores, Inc., 619 So. 2d 1290 (Ala. 1993); Bijou Irr. Dist. v Empire Club, 804 P. 2d 175 (Colo. 1991); Miller v Kirkpatrick, 833 A. 2d 536 (Md. 2003); Figliuzzi v Caracajou Shooting Club, 516 N. W. 2d 410 (Wis. 1994)

[11] Docket 182, p. 4, para. 1

**Michael J. Walleri**
*Attorney at Law*
330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

## V. THERE WAS NO PROSPECTIVE BUSINESS INTEREST/ NO BREACH OF CONTRACT BY CRUZ.

Oddly, GVEA asserts that the Kubanyi's interfered with a prospective business interest.[12] Alaska recognizes the tort, however, fundamental to the tort is the allegation that the relationship at issue was prospective in nature.[13] The relationship between GVEA and Cruz, was not prospective; rather it was an established business relationship. GVEA has failed to plead essential facts under the theory asserted and therefore has failed to state a cognizable claim.

Of course, the proper pleading would have been intentional interference with contractual relations, the elements of which include:(1) a contract existed, (2) the defendant ... knew of the contract and intended to induce a breach, (3) the contract was breached, (4) defendant's wrongful conduct engendered the breach, (5) the breach caused the plaintiff's damages, and (6) the defendant's conduct was not privileged or justified.[14] Of critical importance, GVEA's counterclaim fails to allege that Cruz actually breached its contract with GVEA. Moreover there is no allegation that any of the Kubanyis intended to induce a breach of contract by Cruz. GVEA simply misunderstands the elements of the tort. Additionally, there is no allegation

---

[12] GVEA cites Oaksmith v Brusich, 774 P. 2d 191, 198 (Alaska, 1989) The other legal citations are unpublished and may not be referenced as legal authority.
[13] *Ellis v. City of Valdez, 686 P.2d 700, 706-08 (Alaska 1984)*
[14] *Knight v. American Guard & Alert, Inc., 714 P.2d 788, 793 (Alaska 1986),*

**Michael J. Walleri**
*Attorney at Law*
330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

that the Kubanyi's actions were wrongful, nor that they were not privileged. As noted above, under Alaska law, the Kubanyis actions, including Don Kubanyi, were clearly privileged. GVEA ended up spending more money by not invading and trespassing upon the Kubanyis' land. That does not give rise to liability to the Kubanyis. Therefore GVEA has failed to make factual allegations that would give rise to a cognizable claim under the theory asserted, or the closest theory GVEA should have pled.

## VI. CONCLUSION

For the reasons stated above, GVEA has failed to state a cognizable claim under the theory asserted and GVEA's counterclaims should be dismissed.

DATED this 6th day of March, 2007.

MICHAEL J. WALLERI

/s/ Michael J. Walleri
Law Offices of Michael J. Walleri
330 Wendell Street, Suite E
Fairbanks, Alaska 99701
(907) 452-4716
(907) 4524725 (Facsimile)
walleri@gci.net
AK Bar No. 7906060

**Michael J. Walleri**
*Attorney at Law*
330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

Certificate of Service
I hereby certify that under penalty of perjury that a true and correct copy of the foregoing was sent to the following counsel of record on March 6, 2007 via ECF to:

Mr. David Floerchinger
Assistant Attorney General
Department of Law
1031 W. Fourth Ave., Suite 200
Anchorage, Ak 99501

Mr. Cory Borgeson
Boreson & Burns, P.C.
100 Cushman Street, Suite 31
Fairbanks, Alaska 99701

Mr. Eric P. Gillett
Preg O'Donnell & Gillett, P.C.
1800 Ninth Ave., Suite 1500
Seattle, WA 98101-1340

Mr. Daniel T. Quinn
Richmond & Quinn
360 K Street, Suite 200
Anchorage, AK 99501-2038

/s/ Michael J. Walleri

**Michael J. Walleri**
*Attorney at Law*
330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725