Borgeson & Burns, PC
100 Cushman Street, Suite 311
Fairbanks, AK 99701
(907) 452-1666
(907) 456-5055 – facsimile

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| Don M. Kubanyi, Jimmy Kubanyi, Aileen Welton, Elizabeth Tuzroyluk Doris Kubanyi, Victor Kubanyi, Bobby Kubanyi, and Arlette Kubanyi,<br><br>        Plaintiffs,<br><br>vs.<br><br>Golden Valley Electric Association and Dave Cruz, individually and d/b/a Cruz Construction,<br><br>        Defendants. | Case No. F04-00026 CIV |

### DEFENDANT GVEA'S REPLY TO PLAINTIFFS' OPPOSITION TO GVEA'S MOTION FOR SUMMARY JUDGMENT DISMISSING PLAINTIFFS' CLAIMS AGAINST GVEA PREMISED ON THE WATER PERMIT BETWEEN GVEA AND THE STATE OF ALASKA

Defendant, Golden Valley Electric Association, Inc. ("GVEA") submits the following Reply to Plaintiffs' Opposition to GVEA's Motion for Summary Judgment Dismissing Plaintiffs' Claims against GVEA Premised on the Water Permit between GVEA and the State of Alaska (at Docket 226).

## LEGAL ARGUMENT

### GVEA has Accurately Characterized the Order and Plaintiffs' Claims

Plaintiffs claim GVEA has mischaracterized this Court's Order of November 15, 2006, at Docket 143.[1] Plaintiffs are incorrect. This Court stated in its November 15, 2006 Order that among Plaintiffs' theory's for holding GVEA liable for the alleged trespass, it found "Plaintiffs' third theory most persuasive."[2] While it is true that the Court did not address any of Plaintiffs' other theories for GVEA's liability, the Court also did not *find* liability on any other theory.[3] Nor did the Court find Plaintiffs' other theories persuasive enough to address.

GVEA is not seeking reconsideration on this Court's prior ruling of November 15, 2006, at Docket 143, as Plaintiffs contend. Rather, GVEA asks this Court to review the Temporary Water Use Permit ("TWUP") and find GVEA's liability under the TWUP extended only to the State and not to Plaintiffs.

### No "Law of The Case" Establishes GVEA's liability to Plaintiffs

GVEA denies that this Court's prior ruling of November 15, 2006, at Docket 143, created any liability from GVEA to Plaintiffs based on the TWUP between GVEA and the State of Alaska. This Court has not established GVEA's liability as the "law of the case" as Plaintiffs contend. Rather, this Court found only that a factual issue remained regarding the TWUP. GVEA seeks partial summary judgment with regard to that factual issue. This Court did not clearly intend to decide the legal and factual issues with

---

[1] See Plaintiffs' Opposition to GVEA's Motion for Summary Judgment Dismissing Plaintiffs' Claims against GVEA Premised on Water Permit Between GVEA and State of Alaska at 2.
[2] Order of November 15, 2006, at Docket 143, p. 7.
[3] Id.

GVEA's Reply to Plaintiffs' Opposition to GVEA's Summary Judgment Motion on TWUP Claims
F04-00026 CI
Page 2 of 7

regard to GVEA's liability to Plaintiffs. Moreover, denial of a motion for summary judgment does not necessarily establish the law of the case and a second motion for summary judgment is not precluded following additional discovery.[4]

In their Opposition, Plaintiffs claim that the order denying GVEA's Motion for summary judgment "represents the law of the case."[5] By this, Plaintiffs must presume that the Court's ruling establishes that GVEA is liable to the Plaintiffs under the TWUP as a matter of law. Plaintiffs' erroneous presumption would transform this action into a damages determination or possibly a governmental taking action rather that an action to determine GVEA's liability in tort. Plaintiffs' interpretation cannot be sustained by the facts or law.

### GVEA is not Liable to Plaintiffs under the TWUP

Plaintiffs argue that GVEA is liable to them because the State is liable to them.[6] However, Plaintiffs have not sued the State under the TWUP. Plaintiffs allege for the first time in their Opposition that the State is somehow liable to Plaintiffs.[7] Plaintiffs go on to argue because the State is liable, GVEA must indemnify the State pursuant to the TWUP.[8]

---

[4] *See Curran v. Kwon*, 153 F.3d 481, 487 (7th Cir.1998) (stating that denial of a motion for summary judgment does not preclude later consideration of a renewed motion for summary judgment); *Beedy v. Washington Water Power Co.*, 238 F.2d 123, 127 (9th Cir.1956) (stating that a denial of a motion for summary judgment does not establish the law of the case and a second motion for summary judgment is not precluded); *Breeland v. Southern Pac. Co.*, 231 F.2d 576, 579 (9th Cir. 1955).
[5] See Plaintiffs' Opposition to GVEA's Motion for Summary Judgment Dismissing Plaintiffs' Claims against GVEA Premised on Water Permit Between GVEA and State of Alaska at 5.
[6] *Id.* at 7.
[7] See *id.*
[8] See *id.* at 8.

## No Indemnification Action Exists

In general, indemnity is the right of a party who has discharged the obligation of another party to reimbursement by that party.[9] In the context of Plaintiffs' claim for trespass, indemnity should be the right of the State, if they had discharged the claim, to reimbursement by another party who is primarily liable for the injury. No action for indemnification exists in this case and even if it did, Plaintiffs would not have standing to assert it.

Plaintiffs have never before characterized their claims as an action for GVEA to indemnify the State for the State's "taking." Even if Plaintiffs could add this novel cause of action at this late date, without leave of Court, and without amending their Complaint, Plaintiffs' argument that GVEA must indemnify the State makes no sense because the State has not incurred any loss in this matter. There is nothing for which GVEA could indemnify the State. Most importantly, the Plaintiffs do not have standing to assert that GVEA has to pay to indemnify the State in an action for which the State has not been sued and has suffered no loss.

## No Compensable Taking has Occurred

Plaintiffs do not state any case law or rule of civil procedure which would support their theory that GVEA is liable for a governmental taking because GVEA stands in the "shoes of the state under an indemnity theory."[10] Furthermore, Plaintiffs have never before characterized this action as a taking for which GVEA must indemnify the State.

---

[9] See generally 41 Am. Jur. 2d, Indemnity § 1; C.J.S., Indemnity § 2.
[10] See *Id.*

GVEA's Reply to Plaintiffs' Opposition to GVEA's Summary Judgment Motion on TWUP Claims
F04-00026 CI
Page 4 of 7

Plaintiffs have not sued the State or made any argument that the State is liable for Plaintiffs' harm. There is nothing for which GVEA could possibly indemnify the State.

Plaintiffs' claim that a governmental taking has occurred for which they should be compensated by GVEA makes no sense. Plaintiffs have not suffered a permanent physical invasion to their property or a deprivation of all economic benefit of their property. Therefore, no compensable taking has occurred.

Even if Plaintiff had named the State as a party and asserted a "takings" claim, the facts of this case would not fall under the rule regarding regulatory takings as stated by the United States Supreme Court in *Lucas v. South Carolina Coastal Council*,[11] because the Plaintiffs have not been deprived of all economically beneficial use of their property.

In *Lucas*, The Supreme Court stated that:

> Where here the State seeks to sustain regulation that deprives land of all economically beneficial use, we think [the State] may resist compensation only if the logically antecedent inquiry into the nature of the owner's estate shows that the proscribed use interests were not part of his title to begin with. This accords, we think, with our "takings" jurisprudence, which has traditionally been guided by the understandings of our citizens regarding the content of, and the State's power over, the "bundle of rights" that they acquire when they obtain title to property. It seems to us that the property owner necessarily expects the uses of his property to be restricted, from time to time, by various measures newly enacted by the State in legitimate exercise of its police powers; "[a]s long recognized, some values are enjoyed under an implied limitation and must yield to the police power."[12]

If Plaintiffs' argument is that the State TWUP created a physical invasion of their property, that invasion would only be a compensable taking if it was permanent in

---

[11] 505 U.S. 1003, 1016, 120 L. Ed. 2d 798, 112 S. Ct. 2886 (1992).
[12] *Lucas v. South Carolina Coastal Council*, 505 U.S. 1003, 1027-1028, 112 S.Ct. 2886, 2899 - 2900 (1992) (citing *Pennsylvania Coal Co. v. Mahon*, 260 U.S. 393, 413, 43 S.Ct. 158, 159 (1922)).

GVEA's Reply to Plaintiffs' Opposition to GVEA's Summary Judgment Motion on TWUP Claims
F04-00026 CI
Page 5 of 7

nature.[13] Cruz's use of the water from Seven Mile Lake and their access to that water was temporary in nature and, therefore, not a compensable taking. The well settled law of the land distinguishes between cases involving a permanent physical occupation and cases involving a more temporary invasion. A taking can only be found in the former situation.[14] Plaintiffs' argument that GVEA is somehow liable for a governmental taking is unsupportable.

Plaintiffs' argument that GVEA, pursuant to its TWUP agreement with the State, must indemnify the State for the State's liability for a compensable taking is completely without merit. No legal or equitable grounds exist by which this Court could require GVEA to pay money to Plaintiffs to indemnify the State for an unrealized loss arising from an alleged temporary trespass. The Plaintiffs never sued the State, and the State has not suffered any loss. No action for indemnification can lie on those facts.

## CONCLUSION

For the reasons set forth above, GVEA respectfully requests this Court grant GVEA's Motion for Summary Judgment Dismissing Plaintiffs' Claims against GVEA premised on the TWUP between GVEA and the State of Alaska. GVEA further requests that this Court Dismiss with Prejudice Plaintiffs' claims against GVEA which are premised on the TWUP.

---

[13] See *Loretto v. Teleprompter Manhattan CATV Corp.*, 458 U.S. 419, 428, 102 S.Ct. 3164, 3172 (U.S.N.Y.,1982).
[14] See *Loretto*, 458 U.S. at 428, 102 S.Ct. at 3172; *United States v. Lynah*, 188 U.S. 445, 468-470, 23 S.Ct. 349, 356-357, 47 L.Ed. 539 (1903); *Bedford v. United States*, 192 U.S. 217, 225, 24 S.Ct. 238, 240, 48 L.Ed. 414 (1904); *United States v. Cress*, 243 U.S. 316, 327-328, 37 S.Ct. 380, 384-385, 61 L.Ed. 746 (1917); *Sanguinetti v. United States*, 264 U.S. 146, 149, 44 S.Ct. 264, 265, 68 L.Ed. 608 (1924) (to be a taking, flooding must "constitute an actual, permanent invasion of the land, amounting to an appropriation of, and not merely an injury to, the property"); *United States v. Kansas City Life Ins. Co.*, 339 U.S. 799, 809-810, 70 S.Ct. 885, 890-891, 94 L.Ed. 1277 (1950).

DATED at Fairbanks, Alaska, this 6th day of March, 2007.

BORGESON & BURNS, PC
Attorney(s) for Plaintiff GVEA

By: s/Cory Borgeson
Cory Borgeson
ABA # 8405009

This is to certify that on this date, a copy of the foregoing
document is being served electronically on:

Michael Walleri  walleri@gci.net; christin_woodward@yahoo.com
330 Wendell Street, Suite E
Fairbanks, AK  99701

Daniel T. Quinn  dquinn@richmondquinn.com; cesary@richmondquinn.com
Richmond & Quinn
360 K Street, Suite 200
Anchorage, AK  99501-2028