Borgeson & Burns, PC
100 Cushman Street, Suite 311
Fairbanks, AK 99701
(907) 452-1666
(907) 456-5055 – facsimile

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| Don M. Kubanyi, Jimmy Kubanyi, Aileen Welton, Elizabeth Tuzroyluk Doris Kubanyi, Victor Kubanyi, Bobby Kubanyi, Arlette Kubanyi and, Brian Baggett,<br><br>                              Plaintiffs,<br><br>          vs.<br><br>Golden Valley Electric Association, Dave Cruz, individually and d/b/a Cruz Construction, Black & Veatch Corporation, Jake Covey and Patrick Nelson,<br><br>                              Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. F04-00026 CIV RRB |

## GVEA'S REPLY TO PLAINTIFFS' OPPOSITION TO GVEA'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' CLAIMS FOR PUNITIVE DAMAGES AND 2002 TRESPASS DAMAGES

Defendant Golden Valley Electric Association ("GVEA"), through counsel, replies to Plaintiffs' Opposition to GVEA's Motion for Summary Judgment on Plaintiffs' Punitive Damage and 2002 Trespass Claims.

## ARGUMENT

GVEA is not liable to Plaintiffs for any intentional trespass in 2002 and cannot be liable to Plaintiffs for punitive damages. The undisputed fact remains that no GVEA employee or equipment was directly involved in Cruz's alleged trespass in

2002 or 2003.  It is undisputed that no GVEA employee or equipment was present at any time Plaintiffs allege a trespass occurred.

### The Established Law of the Case is that No Trespass Occurred in 2002

By Plaintiffs' admission, neither GVEA nor Cruz Construction trespassed on Plaintiffs' property in 2002.[1]  Therefore, Plaintiffs have no claim for trespass against GVEA from 2002.  Even if Plaintiffs learned after the fact that Cruz drew water from Seven Mile Lake in 2002, and even if they later decided that that was a trespass on their property, this Court has already observed that no trespass occurred in 2002.

In its Order of November 15, 2006, at Docket 142, this Court stated:

> Although the evidence is not entirely clear, it appears that Cruz Construction continued its Spring 2002 operations without trespassing upon the Kubanyi Allotment.  There was no objection from Plaintiff Don Kubanyi, or any other of the allotment owners.  Additionally, Plaintiffs do not specifically allege that Cruz Construction trespassed in 2002.[2]

The Court further explained, in note 13 of that Order, that "neither Plaintiffs' Complaint, nor their Amended Complaint, actually allege trespass in 2002.  Plaintiffs only allege that Cruz Construction requested permission in 2002 to cross the allotment and that Plaintiffs did not grant permission."[3]

The law of the case doctrine ordinarily precludes a court from reexamining an issue previously decided by the same court or a higher court in the same case.[4]

---

[1] See Don Kubanyi Deposition Excerpt attached as Exhibit A to GVEA's Motion for Summary Judgment Punitive Damage and 2002 Claims at Docket 170.

[2] November 15, 2006, Order at Docket 142, p. 4.

[3] See *Id.* citing Docket 34 at 6.

[4] *Southern Oregon Barter Fair v. Jackson County, Oregon*, 372 F.3d 1128, 1136 (9th

**GVEA's Reply to Plaintiffs' Opposition to GVEA's Motion for Summary Judgment on Punitive Damages Claims and 2002 Claims**
Kubanyi v. GVEA, et al.
Case No. F04-0026 CIV Civil
Page 2 of 9

Because the Court has already considered the facts surrounding Cruz's use of Seven Mile Lake water in 2002, and because the Court made its determination regarding those facts in its prior Order deciding Cruz's partial summary judgment motions, the fact that no trespass occurred in 2002 has been conclusively established as the law of the case.

Plaintiffs may not now claim GVEA is liable for damages in light of the fact that this Court has already concluded that no trespass occurred in 2002 and Plaintiffs have not alleged any such trespass in their Complaint or Amended Complaint.

A denial of a motion for summary judgment does not necessarily establish the law of the case and a second motion for summary judgment is not precluded.[5]   In this case, however, Plaintiffs have not produced any new evidence or factual arguments which would support a finding that Cruz trespassed in 2002.

Even if newly discovered evidence could convince this Court that a trespass may have occurred in 2002, this Court should not allow Plaintiffs to allege a new cause of action which was never set forth in their Complaint or Amended Complaint.

---

Cir. 2004) (citing *Old Person v. Brown,* 312 F.3d 1036, 1039 (9th Cir. 2002)).

[5] *See Curran v. Kwon,* 153 F.3d 481, 487 (7th Cir.1998) (stating that denial of a motion for summary judgment does not preclude later consideration of a renewed motion for summary judgment); *Beedy v. Washington Water Power Co.,* 238 F.2d 123, 127 (9th Cir.1956) (stating that a denial of a motion for summary judgment does not establish the law of the case and a second motion for summary judgment is not precluded); *Breeland v. Southern Pac. Co.,* 231 F.2d 576, 579 (9th Cir. 1955).

**GVEA's Reply to Plaintiffs' Opposition to GVEA's Motion for Summary Judgment on Punitive Damages Claims and 2002 Claims**
Kubanyi v. GVEA, et al.
Case No. F04-0026 CIV Civil
Page 3 of 9

Under the amended scheduling order, discovery ended on February 20, 2007.[6] Plaintiffs may not allege new causes of action at this late date, especially without leave of court and without amending their complaint. Plaintiffs must abide by the federal rules. Plaintiffs' lately asserted claim against GVEA for any 2002 trespass fails as a matter of law and should be dismissed.

### Mark Sherman's Expert Report

Plaintiffs named Mark Sherman as their expert regarding damages from trespass.[7] Plaintiffs claim in their opposition that $291,509.00 "was the value of the benefit accruing to Cruz and GVEA . . ."[8] Mr. Sherman's report clearly and unequivocally states "[i]t is my opinion that CCI [Cruz] clearly benefited from the use of 7-Mile Lake as opposed to having to use Fish Creek for the water source for snow making and ice road construction," and "[i]n my opinion CCI [Cruz] gained a financial advantage of at least $291,509.00 by having 7-Mile Lake available as a water source, instead of having to use Fish Creek for ice and snow making at the south end of the GVEA Intertie project."[9]

Mr. Sherman never states that $291,509.00 was a value accruing to GVEA, as Plaintiffs allege. In fact, Mr. Sherman points out that Cruz asked Global

---

[6] Stipulated Motion to Amend Scheduling Order at Docket 169.
[7] See Plaintiffs' Opposition to GVEA's Motion for Summary Judgment on Plaintiffs' Claims for Punitive Damages and 2002 Trespass Damages, at Docket 227, page 4.
[8] *Id.*
[9] See Mark Sherman's report attached as Exhibit 2 to Plaintiffs' Opposition to GVEA's Motion for Summary Judgment on Plaintiffs' Claims for Punitive Damages and 2002 Trespass Damages, at Docket 227.

**GVEA's Reply to Plaintiffs' Opposition to GVEA's Motion for Summary Judgment on Punitive Damages Claims and 2002 Claims**
Kubanyi v. GVEA, et al.
Case No. F04-0026 CIV Civil
Page 4 of 9

Construction for an additional $131,500.00, over and above the contract price because of the cost to remobilize from Seven Mile Lake to Fish Creek. GVEA certainly did not accrue, (and Mr. Sherman does not assign to GVEA) a benefit of $291,509.00.

Mr. Sherman's report is fundamentally flawed in several respects. The report includes the use of Seven Mile Lake water in 2002 in the calculation. However, Plaintiffs have not properly alleged a 2002 trespass. To the extent that Mr. Sherman's damage calculation includes 2002 water use, those damages must not be presented to the jury.

Even excluding the 2002 calculation, Mr. Sherman's remaining calculations rely on arbitrary guess work rather than factual conclusions regarding the amount of money Cruz may have saved by using Seven Mile Lake as a water source. For example, Mr. Sherman's 2003 calculation is for 7 days of drawing water from Fish Creek at 16,635.00/day. But in 2003, Cruz only drew water from Seven Mile Lake for, at most, 2 days.[10] Why would Cruz have incurred 7 days of benefit if they only used Seven Mile Lake for 2 days?

Most significantly, Mr. Sherman does not state in his report that he believes that the Kubanyis are owed any money. He does not even state that his calculation is any measure for trespass damage to the property. Mr. Sherman's report does not

---

[10] See Don Kubanyi Deposition Excerpt attached as Exhibit A to GVEA's Motion for Summary Judgment Punitive Damage and 2002 Claims at Docket 170; See also Dave Cruz Deposition Excerpt attached as Exhibit A.

**GVEA's Reply to Plaintiffs' Opposition to GVEA's Motion for Summary Judgment on Punitive Damages Claims and 2002 Claims**
Kubanyi v. GVEA, et al.
Case No. F04-0026 CIV Civil
Page 5 of 9

show any amount for which GVEA should be found liable.    Mr. Sherman is the Plaintiffs' damages "expert" and he has failed to offer support for any 2002 trespass damages or a claim for any punitive damages against GVEA.  Plaintiffs cannot rely on Mr. Sherman's report to calculate any amount of money GVEA should owe them.

## Punitive Damages

Plaintiffs have failed to allege any conduct on GVEA's part that would support a claim for punitive damages.  Under Alaska law, to recover punitive damages, Plaintiffs "must prove by clear and convincing evidence that the defendant's conduct was outrageous, such as acts done with malice, bad motives, or reckless indifference to the interests of another."[11]  Further, "[i]f there is no evidence giving rise to an inference of actual malice, or reckless indifference equivalent to actual malice, the trial court need not submit the issue of punitive damages to the jury."[12]  Plaintiffs can offer no evidence of malice or outrageous behavior by GVEA.

What Plaintiffs do allege is that liability should be imputed to GVEA merely because Greg Wyman, GVEA project superintendent had a discussion with Don Kubanyi, Wayne Walters, a Cruz construction employee had a discussion with Don Kubanyi, and that GVEA participated in weekly briefings regarding the Northern Intertie

---

[11] AS 09.17.020(b).  See also *Hagen Ins., Inc. v. Roller*, 139 P.3d 1216, 1225 (Alaska 2006); *Robles v. Shoreside Petroleum, Inc.,* 29 P.3d 838, 846 (Alaska 2001) (quoting *Chizmar v. Mackie,* 896 P.2d 196, 210 (Alaska 1995)).

[12] *Robles,* 29 P.3d at 846 (citing *Alyeska Pipeline Serv. Co. v. O'Kelley,* 645 P.2d 767, 774 (Alaska 1982)).

**GVEA's Reply to Plaintiffs' Opposition to GVEA's Motion for Summary Judgment on Punitive Damages Claims and 2002 Claims**
Kubanyi v. GVEA, et al.
Case No. F04-0026 CIV Civil
Page 6 of 9

Project.[13]   None of those instances are enough to give rise to a punitive damage claim against GVEA.

In *Schafer v. Schnabel,*[14] an action in trespass and conversion for the defendants' relocation of a road traversing adjoining lands, the court found no bad faith on facts very similar to those in this case.   The defendant in *Schafer,* acting under his belief that an agreement regarding the placement of a road would be finalized with the plaintiff, relocated the road.[15]   The *Schafer* court concluded that punitive damages were not warranted because the defendant had not acted in bad faith.[16]

Just like the defendant in *Shafer*, Cruz employees, if they trespassed at all, did so under the mistaken belief that Don Kubanyi was finalizing with his family members the plan to permit Cruz to access Seven Mile Lake from the Rex Trail.[17]   Furthermore, the facts in evidence show that Cruz was only obtaining permission in an effort to be courteous.   Dave Cruz stated in his deposition that he believed he had a right to access Seven Mile Lake directly from the Rex Trail without ever entering the Kubanyis' property.[18]

Cruz workers, like the defendant in *Shafer*, acted in good faith because they either believed they were not required to have Plaintiffs' permission to draw water from Seven Mile Lake, or believed Plaintiffs were finalizing their agreement regarding access.

---

[13] See Plaintiffs' Opposition to GVEA's Motion for Summary Judgment on Plaintiffs' Claims for Punitive Damages and 2002 Trespass Damages, at Docket 227, page 8 - 9.
[14] 494 P.2d 802, 805 (Alaska 1972).
[15] *Id.* at 802.
[16] *Id.* at 805.
[17] See Dave Cruz deposition excerpt attached as Exhibit A.
[18] *Id.*

**GVEA's Reply to Plaintiffs' Opposition to GVEA's Motion for Summary Judgment on Punitive Damages Claims and 2002 Claims**
Kubanyi v. GVEA, et al.
Case No. F04-0026 CIV Civil
Page 7 of 9

Therefore, no bad faith may be imputed to GVEA through Cruz. GVEA, in fact, demonstrated good faith at all times, as previously stated in GVEA's motion at docket 171, pages 6 through 8.

No genuine issues of material fact exist as to Plaintiffs' claims for punitive damages against GVEA. Therefore, Plaintiffs' claims for punitive damages against GVEA must be dismissed. Plaintiffs, as a matter of law, have failed to show GVEA's liability for punitive damages for the alleged trespass committed by Cruz workers.

## CONCLUSION

Plaintiffs have failed to allege facts sufficient to demonstrate GVEA is liable for a trespass in 2002 and Plaintiffs have failed to allege facts sufficient to support any claim for punitive damages against GVEA. GVEA respectfully requests that this Court grant GVEA's motion for summary judgment dismissing with prejudice Plaintiffs' 2002 claims and Plaintiffs' punitive damage claims against GVEA.

DATED at Fairbanks, Alaska, this 7th day of March, 2006.

By: s/ Cory R. Borgeson

BORGESON & BURNS, P.C.
100 Cushman Street, Suite 311
Fairbanks, Alaska  99701
Telephone:  (907) 452-1666
Facsimile:  (907) 456-5055
E-mail:  cborgeson@bnblaw.com
ABA #8405009

**GVEA's Reply to Plaintiffs' Opposition to GVEA's Motion for Summary Judgment on Punitive Damages Claims and 2002 Claims**
Kubanyi v. GVEA, et al.
Case No. F04-0026 CIV Civil
Page 8 of 9

This is to certify that on this date, a copy of the foregoing
document is being served electronically on:

Michael Walleri  walleri@gci.net; christin_woodward@yahoo.com
330 Wendell Street, Suite E
Fairbanks, AK  99701

Daniel T. Quinn dquinn@richmondquinn.com; cesary@richmondquinn.com
Richmond & Quinn
360 K Street, Suite 200
Anchorage, AK  99501-2028

**GVEA's Reply to Plaintiffs' Opposition to GVEA's Motion for Summary Judgment on Punitive
Damages Claims and 2002 Claims**
Kubanyi v. GVEA, et al.
Case No. F04-0026 CIV Civil
Page 9 of 9