Borgeson & Burns, PC
100 Cushman Street, Suite 311
Fairbanks, AK 99701
(907) 452-1666
(907) 456-5055 – facsimile

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| Don M. Kubanyi, Jimmy Kubanyi, Aileen Welton, Elizabeth Tuzroyluk, Doris Kubanyi, Victor Kubanyi, Bobby Kubanyi, and Arlette Kubanyi,<br><br>    Plaintiffs,<br><br>  vs.<br><br>Golden Valley Electric Association and Dave Cruz, individually and d/b/a Cruz Construction,<br><br>    Defendants. | Case No. F04-00026 CIV |

## DEFENDANT GVEA'S REPLY
## TO PLAINTIFFS' OPPOSITION TO GVEA'S MOTION TO DISMISS
## PLAINTIFFS' AFFIRMATIVE DEFENSES TO GVEA'S COUNTERCLAIMS

Defendant, Golden Valley Electric Association, Inc. ("GVEA") replies to Plaintiffs' Opposition to GVEA's Motion for Dismissal of Plaintiffs' Affirmative Defenses to GVEA's Counterclaims (at Docket 229) as follows.

### LEGAL ARGUMENT

### GVEA has Stated the Proper Standard of Review

Plaintiffs claim GVEA has misstated the proper standard for review for GVEA's motion to dismiss Plaintiffs' insufficient defenses. Plaintiffs are incorrect.

GVEA's Reply to Plaintiffs' Opposition to GVEA's Motion to Dismiss Plaintiffs'
Affirmative Defenses to GVEA's Counterclaims
F04-00026 CI
Page 1 of 9

GVEA's motion to dismiss Plaintiffs' Affirmative Defenses clearly states that the motion is brought under Fed. R. Civ. P. 12(c) and 12(h)(2).

Fed. R. Civ. P. 12(h)(2) states: "A defense of failure to state a claim upon which relief can be granted, a defense of failure to join a party indispensable under Rule 19, and **an objection of failure to state a legal defense to a claim** may be made in any pleading permitted or ordered under Rule 7(a) [governing answers and counterclaims], or **by motion for judgment on the pleadings** [Rule 12(c)], or at the trial on the merits."[1] GVEA's motion to dismiss at Docket 222 sets out the proper standard of review for Rule 12(h) and Rule 12(c) motions. The court may substitute the word "strike" for "dismiss" if it desires.

The Ninth Circuit has recognized that Rule 12, "and specifically subdivisions (g) and (h), promote the early and simultaneous presentation and determination of preliminary defenses."[2] Pursuant to Fed. R. Civ. P. 12(c), regarding motions to strike, a judgment on the pleadings is appropriate if material facts are not in dispute and questions of law are all that remain.[3] A judgment on the pleadings is properly granted

---

[1] Rule 12(h)(2). *Emphasis Added.*

[2] *Siemers v. Wells Fargo & Co.*, 2006 WL 3041090, *4 (N.D.Cal.,2006) (citing *Chilicky v. Schweiker,* 796 F.2d 1131, 1136 (9th Cir.1986), *rev'd on other grounds,* 487 U.S. 412 (1988)).

[3] *See Hebert Abstract Co. v. Touchstone Properties, Ltd.,* 914 F.2d 74, 76 (5th Cir.1990); *Voest-Alpine Trading USA Corp. v. Bank of China* 142 F.3d 887, 891 (C.A.5 1998).

when, taking all allegations in the pleading as true, the moving party is entitled to judgment as a matter of law.[4]

GVEA has stated the correct standard of review in its motion to dismiss (aka strike) Plaintiffs' affirmative defenses. Applying that standard, this Court must find that Plaintiffs' affirmative defenses fail as a matter of law and must be dismissed (or stricken).

### GVEA Prevails Using Plaintiffs' Suggested Standard

Even using the standard Plaintiffs have suggested, GVEA must prevail on its motion to dismiss Plaintiffs' affirmative defenses as a matter of law. Plaintiffs seek to apply Fed. R. Civ. P. 12(f) stating the court may strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" from any pleading."[5]

Courts have often recognized judicial economy as a proper basis for striking insufficient defenses.[6] The function of a 12(f) motion to strike, similar to the function of a 12(h) motion, is to avoid the expenditure of time and money that must arise from

---

[4] *McGann v. Ernst & Young*, 102 F.3d 390, 392 (C.A.9 1996) (citing *Merchants Home Delivery Service, Inc. v. Hall & Co.,* 50 F.3d 1486, 1488 (9th Cir.) (citation omitted), *cert. denied sub nom. Prometheus Funding Corp. v. Merchants Home Delivery Services, Inc.,* 516 U.S. 964, 116 S.Ct. 418, 133 L.Ed.2d 335 (1995)).

[5] See Plaintiffs' Opposition to GVEA's Motion to Dismiss Plaintiffs' Affirmative Defenses to GVEA's Counterclaims, Page 3 (citing Fed.R.Civ.P. 12(f)).

[6] *See e.g., Clark v. Milam,* 152 F.R.D. 66, 70 (1993) (court "should grant a motion to strike to avoid unnecessary time and money in litigating invalid, spurious issues.") *Accord Resolution Trust Corp. v. Hecht,* 818 F.Supp. 894, 900 (D.Md.1992) (defenses which "might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action can and should be deleted"), *citing United States v. Fairchild Industries, Inc.,* 766 F.Supp. 405, 408 (D.Md.1991); *Spell v. McDaniel,* 591 F.Supp. 1090, 1112 (E.D.N.C.1984); *and S.E.C. v. Gulf & Western Indus., Inc.,* 502 F.Supp. 343, 345 (D.D.C.1980).

litigating spurious issues by dispensing with those issues prior to trial.[7] Plaintiffs' affirmative defenses raise exactly the type of spurious issues Rule 12(f) was created to dispense with.

"[A] motion to strike a defense is appropriately granted when the defense is clearly legally insufficient."[8] The sufficiency of a defense depends on the facts supporting it that are alleged in the pleading. In this case, and as established in GVEA's motion to dismiss Plaintiffs' affirmative defenses, the Kubanyis have alleged in their answer to counterclaims no facts which could support their affirmative defenses.

"When a court considers a motion to strike pursuant to Fed. R. Civ. P. 12(f), matters outside the pleading are not to be considered."[9] Thus, the Court should strike Plaintiffs' affirmative defenses as insufficient because Plaintiffs' affirmative defenses are not properly supported by the facts alleged in any pleading, but rather rely on tortured interpretations of irrelevant facts and law gleaned from sources for outside the counterclaim and answer.

---

[7] See *Hayes v. Woodford,* 444 F.Supp.2d 1127, 1132 (S.D. Cal. 2006) (citing *Fantasy, Inc. v. Fogerty,* 984 F.2d 1524, 1527 (9th Cir.1993)).

[8] See *Microsoft Corp. v. Computer Support Services of Carolina, Inc.,* 123 F.Supp.2d 945, 949 -950 (W.D.N.C. 2000) (citing *Morrisroe v. Goldsboro Mill. Co.,* 884 F.Supp. 192, 194 (E.D.N.C.1994); *Federal Deposit Insurance Corp. v. British-American Corp.,* 744 F.Supp. 116, 117-18 (E.D.N.C.1990).

[9] See *Microsoft,* 123 F.Supp.2d at 949 -950 (W.D.N.C. 2000) (citing *First Financial Sav. Bank, Inc. v. American Bankers Ins. Co. of Florida, Inc.,* 783 F.Supp. 963, 966 (E.D.N.C.1991).

Applying these principles, and based on the arguments already set out in GVEA's Memorandum Supporting GVEA's Motion to Dismiss Plaintiffs' Affirmative Defenses[10], Plaintiffs clearly failed to assert sufficient affirmative Defenses. Accordingly, GVEA's motion to dismiss and/or to strike Plaintiffs' affirmative defenses must be granted in the interest of judicial economy.

## State Law Applies to GVEA's Counterclaims

Plaintiffs ask "how is it that state law applies?"[11] State law applies to GVEA's counterclaims because of the well settled doctrine set out in the *Restatement (Second) of Conflict of Laws* § 145 that:

> (1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.
>
> (2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:
>
>   (a) the place where the injury occurred,
>
>   (b) the place where the conduct causing the injury occurred,
>
>   (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and
>
>   (d) the place where the relationship, if any, between the parties is centered.
>
> These contacts are to be evaluated according to their relative importance with respect to the particular issue.[12]

---

[10] Docket 221 and 222.

[11] See Plaintiffs' Opposition to GVEA's Motion to Dismiss Plaintiffs' Affirmative Defenses to GVEA's Counterclaims, Page 5 (citing Fed.R.Civ.P. 12(f)).

[12] Restatement (Second) of Conflict of Laws § 145.

GVEA's Reply to Plaintiffs' Opposition to GVEA's Motion to Dismiss Plaintiffs'
Affirmative Defenses to GVEA's Counterclaims
F04-00026 CI

The conduct alleged in Plaintiffs' claims and GVEA's counterclaims took place in Alaska. The Plaintiffs and GVEA are both domiciled in Alaska, and all reside in Alaska. GVEA is incorporated and does business in Alaska. Finally, the parties' relationship is centered in Alaska. Therefore, taking all of these facts into account when deciding what law to apply, the Court must apply Alaska law to GVEA's tort counterclaims.

This Court has pendent jurisdiction over GVEA's counterclaims. Pendent jurisdiction exists where there is a sufficiently substantial federal claim to confer federal jurisdiction in the first place, and a "common nucleus of operative fact" between the state and federal claims.[13] The "common nucleus of operative fact" between the federal and state claims urged by the Plaintiffs in their Amended Complaint and by GVEA in its Amended Answer and Counterclaims could scarcely be more obvious.

Both sets of claims arise out **of exactly the same facts** with regard to both the issue of whether a trespass occurred to the Kubanyi allotment and the issue of whether Cruz had a right to access the water from Seven Mile Lake from the Rex Trail right-of-way. Plaintiffs' argument that Alaska law does not apply to GVEA's tort claims against Plaintiffs is without merit and their affirmative defense that GVEA's tort claims are not cognizable state actions must be stricken.

### GVEA's Counterclaims Do Not Seek Adjudication of Plaintiffs' Interest in Plaintiffs' Allotment

As set out in (1) GVEA's Reply to Plaintiffs' Opposition to GVEA's Motion to Amend GVEA's Answer and add Counterclaims at Docket 157; (2) this Court's order of

---

[13] *United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966); *see Hagans v. Lavine,* 415 U.S. 528, 536, 94 S.Ct. 1372, 1378, 39 L.Ed.2d 577 (1974).

December 18, 2006 at Docket 177; and (3) GVEA's Opposition to Plaintiffs' first Motion to Dismiss GVEA's Counterclaims at Docket 212. GVEA is asserting tort claims based on Plaintiffs' wrongful interference with an express right of way and Plaintiffs' wrongful interference with a business advantage. No other parties are necessary to determine the rights and liabilities at issue in GVEA's counterclaims.

**To be crystal clear, GVEA is not bringing any counterclaims to quiet title to Plaintiffs' Allotment.** GVEA does not contest that the Plaintiffs have title to their Allotment and GVEA does not contest the boundaries of Plaintiffs' Allotment. GVEA's counterclaims in no way require an adjudication of any interest in Plaintiffs' Allotment. To the extent the court or jury may decide whether the RS 2477 ROW is 50 or 100 feet wide, this issue will necessarily be decided as part of Plaintiffs' case in chief, Plaintiffs' affirmative defense that necessary parties have not been joined must fail as a matter of law.

### Only GVEA Has Standing to Bring Tort Claims

As stated above, Plaintiffs' assertion that their interests in their Allotment are at issue simply is not true. For the same reasons set out above, Plaintiffs' affirmative defense that GVEA lacks standing to bring GVEA's tort claims fails on these facts and, as a matter of law, must be dismissed. No one but GVEA has standing to bring tort claims for wrongful conduct causing harm to GVEA.

### No Privilege for Use of Deadly Force

No privilege exists for the use of deadly force to prevent the alleged trespass at issue here. Furthermore, if Plaintiffs are attempting to make an additional claim for

criminal trespass, they have failed to plead that cause of action in their Complaint or Amended Complaint and may not assert it at this late date. This is the first time GVEA has been accused of a "criminal invasion" to Plaintiffs' property. GVEA should not have to defend another cause of action so late in the case and after discovery has already been concluded. Plaintiffs' newly asserted claim that GVEA committed a criminal trespass which gave Don Kubanyi the right to use deadly force is completely without merit and must fail as a matter of law.

### Laches and Statute of Limitations

GVEA has already shown that Plaintiffs' defense of laches does not apply on these facts because GVEA asserted its counterclaims as soon as GVEA's expert report showed no trespass.

GVEA has also shown why the statute of limitations has not run on GVEA's counterclaims because GVEA's counterclaims relate back to the date of GVEA's original Answer, which was within the tort statute of limitations.

GVEA refers this Court to GVEA's Memorandum Supporting GVEA's Motion to Dismiss Plaintiffs' Affirmative Defenses[14] on these issues. Plaintiffs defenses of laches and the statute of limitations must fail as a matter of law and be dismissed.

### CONCLUSION

For the reasons set forth above, GVEA respectfully requests this Court grant GVEA's Motion to Dismiss Plaintiffs' Affirmative Defenses to GVEA's Counterclaims and order that Plaintiffs Affirmative Defenses are dismissed with prejudice.

---

[14] Docket 221 and 222.

GVEA's Reply to Plaintiffs' Opposition to GVEA's Motion to Dismiss Plaintiffs'
Affirmative Defenses to GVEA's Counterclaims
F04-00026 CI
Page 8 of 9

DATED at Fairbanks, Alaska, this 12th day of March, 2007.

> BORGESON & BURNS, PC
> Attorney(s) for Plaintiff GVEA
>
> By:     s/Cory Borgeson
> Cory Borgeson
> ABA # 8405009

This is to certify that on this date, a copy of the foregoing document is being served electronically on:

Michael Walleri  walleri@gci.net; christin_woodward@yahoo.com
330 Wendell Street, Suite E
Fairbanks, AK  99701

Daniel T. Quinn dquinn@richmondquinn.com; cesary@richmondquinn.com
Richmond & Quinn
360 K Street, Suite 200
Anchorage, AK  99501-2028

GVEA's Reply to Plaintiffs' Opposition to GVEA's Motion to Dismiss Plaintiffs'
Affirmative Defenses to GVEA's Counterclaims
F04-00026 CI
Page 9 of 9