TALIS J. COLBERG
ATTORNEY GENERAL

David D. Floerchinger
Assistant Attorney General
Office of the Attorney General
1031 W. 4th Ave., Suite 200
Anchorage, Alaska  99501
Telephone: (907) 269-5190
Fax: (907) 258-0760
Email: TWC_EFC@law.state.ak.us

Attorney for Trooper Jake Covey, Trooper Patrick Nelson

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

DON M. KUBANYI, JIMMY KUBANYI, )
AILEEN WELTON, ELIZABETH )
TUZROYLUK, DORIS KUBANYI, )
VICTOR KUBANYI, BOBBY KUBANYI, )
ARLETTE KUBANYI, and BRIAN )
BAGGETT, )
)
             Plaintiff(s), )
)
      vs. )
)
GOLDEN VALLEY ELECTRIC )   Case No. 4:04-cv-0026-RRB
ASSOCIATION, DAVE CRUZ, )
individually and d/b/a/CRUZ )
CONSTRUCTION, BLACK & VECH )
CORPORATION, JAKE COVEY and )   **OPPOSITION TO MOTION TO**
PATRICK NELSON, )   **ACCEPT LATE FILING OF**
)   **NOTICE OF APPEAL**
             Defendants. )
_____ )

       The plaintiffs have filed a motion for this court to accept their late-filing of

their Notice of Appeal of this court's judgment in favor of Alaska State Troopers Covey and

Nelson.  The plaintiffs' motion must be denied because it is not allowable under the Federal

Rules of Appellate Procedure and the plaintiffs' late-filing of the Notice of Appeal has deprived the Appellate Court of jurisdiction pursuant to 28 U.S.C. § 2107(a). This court has no authority to grant the plaintiff's request for an extension.

The plaintiffs are correct that the court entered its Amended Order Denying Reconsideration on January 8, 2007 (at Docket 199) and that the 30 day time period set out in Appellate Rule 4(a)(1)(A) began to run the following day. The 30 day time period, however, required the plaintiffs to file a notice of appeal no later than February 7, 2007.[1]

Because the plaintiffs did not file a notice of appeal by the February 7, 2007 the plaintiffs turn to Federal Rule of Appellate Procedure 4(a)(5)(A) which provides:

> **(5) Motion for Extension of Time.**
> **(A)** The district court may extend the time to file a notice of appeal if:
> **(i)** a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
> **(ii)** regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

By its clear terms a motion for extension of time was due no later than 30 days after the time prescribed by Rule 4(a) which was February 7, 2007. Therefore, plaintiffs' Motion for Extension of Time to File Notice of Appeal began to run on February 8, 2007 and expired on March 9, 2007. The plaintiffs' failure to file their Notice of Appeal prescribed by Appellate Rule 4(a) or file their Motion for Extension of Time within the 30 days allowed by

---

[1]     The plaintiffs incorrectly state this date to be February 8, 2007.

Opposition to Motion to Accept Late Filing
*Kubanyi et al. v. GVEA, et al.*
Case No. 4:04-cv-0026-RRB
Page 2 of 5

Appellate Rule 4(a)(5)(A) is fatal to the plaintiffs' appeal.[2]  The reason is that the court lacks

jurisdiction to hear the appeal.

The Ninth Circuit has noted that while an Appellate Court may generally

suspend any provision of its rules, it can not do so with respect to the time limits for filing a

notice of appeal.

> This exception is reasonable because the timeliness of filing a
> notice of appeal is jurisdictional and goes to the very power of
> an Appellate Court to review alleged errors below.[3]

The same jurisdictional concept applies to the rule allowing 30 days within

which to seek an extension to file a notice of appeal.  The Ninth Circuit has held that when a

party fails to file a motion for extension within the 30 days provided by Rule 4(a)(5) a district

court has no authority to extend the time for filing the notice of appeal and no discretion to

allow such a filing for any reason.[4]

The plaintiffs did not timely file their Motion for Extension of Time.

Therefore, it is not material whether they have shown excusable neglect or good cause for

---

[2]  Plaintiffs did not file their Motion for Extension of Time until March 12, 2007.

[3]  *U.S. v. Arevalo*, 408 F.3d 1233, 1239 (9th Cir. 2005); *see also Alva v. Teen Help*, 469 F.3d 946 (10th Cir. 2006) (appeal filed 6 minutes late dismissed for lack of jurisdiction).

[4]  *Vahan v. Shalala*, 30 F.3d 102, 103 (9th Cir. 1994).

Opposition to Motion to Accept Late Filing
*Kubanyi et al. v. GVEA, et al.*
Case No. 4:04-cv-0026-RRB
Page 3 of 5

failing to file within the original 30 days.[5] They have failed to meet the first requirement of

the Rule and this court has no authority to grant an extension within which the plaintiffs may

now file a notice of appeal.

For the above-stated reasons, the plaintiffs' Motion for Extension of Time to

File Notice of Appeal must be denied.

DATED this 16th day of March, 2007 at Anchorage, Alaska.

TALIS J. COLBERG
ATTORNEY GENERAL


By:    s/ David D. Floerchinger
       Assistant Attorney General
       Office of the Attorney General
       1031 W. 4th Ave., Ste. 200
       Anchorage, AK 99501
       Phone: (907) 269-5190
       Fax:    (907) 258-0760
       Dave.Floerchinger@law.state.ak.us
       TWC_ECF@law.state.ak.us
       Alaska Bar No. 8511156

---

[5]       Defendants Covey and Nelson note that Mr. Walleri's health condition is regrettable but point out that during the initial 30 days, plaintiff's attorney filed numerous pleadings including a witness list (at Docket 200), an answer to counter claims (at Docket 205), and a motion to dismiss counterclaims (at Docket 206). In addition, plaintiffs filed no less than four motions for extensions of time during the initial 30 days. (Dockets 201, 203, 213, 215.) Moreover, plaintiffs' counsel does not explain why the motion for extension was not filed between February 8 and March 9, a period of time when plaintiffs' counsel filed: (1) Reply to Opposition to Motion to Dismiss Counter-Claims, (Docket 220); (2) Opposition to Motion to Strike Expert Witness, (Docket 225); (3) Opposition to Motion for Summary Judgment Dismissing Claims Against GVEA, (Docket 226); (4) Opposition to Motion for Partial Summary Judgment on Punitive Damages, (Docket 227); (5) Opposition to Motion to Dismiss Plaintiffs' Affirmative Defenses, (Docket 229); and (6) Motion for Summary Judgment as to GVEA's Counter-Claims, (Docket 231.)

Opposition to Motion to Accept Late Filing
*Kubanyi et al. v. GVEA, et al.*
Case No. 4:04-cv-0026-RRB
Page 4 of 5

This is to certify that on this date, a copy of the foregoing
Opposition to Motion to Accept Late Filing of Notice of Appeal
is being served electronically on:

**Michael J. Walleri**
walleri@gci.net; christen_woodward@yahoo.com

**Daniel T. Quinn**
dquinn@richmondquinn.com; cesary@richmondquinn.com

**Cory Borgeson, Esq.**
cborgeson@bnblaw.com; kday@bnblaw.com

**Eric P. Gillett**
egillett@pregodonnell.com; mmorgan@pregodonell.com

s/ David D. Floerchinger 3/16/07

Opposition to Motion to Accept Late Filing
*Kubanyi et al. v. GVEA, et al.*
Case No. 4:04-cv-0026-RRB
Page 5 of 5