IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| DON M. KUBANYI; JIMMY KUBANYI; AILEEN WELTON; ELIZABETH TUZROYLUK; DORIS KUBANYI; VICTOR KUBANYI; BOBBY KUBANYI; ARLETTE KUBANYI; and BRIAN BAGGETT,<br><br>Plaintiffs,<br><br>vs.<br><br>GOLDEN VALLEY ELECTRIC ASSOCIATION; DAVE CRUZ, individually and d/b/a CRUZ CONSTRUCTION; BLACK & VECH CORPORATION; JAKE COVEY; and PATRICK NELSON,<br><br>Defendants. | Case No. 4:04-0026 CV (RRB)<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO DISMISS GVEA'S COUNTERCLAIMS AT DOCKET 206** |
|---|---|

## I. INTRODUCTION

Before the Court are Plaintiffs with a Motion to Dismiss GVEA's Counterclaims at Docket 206. GVEA's counterclaims assert wrongful interference with an express right of way easement and

interference with prospective business advantage.[1] Plaintiffs argue that these counterclaims are non-cognizable, that GVEA fails to join the United States and the State of Alaska as indispensable parties, and that GVEA lacks standing. GVEA opposes at Docket 212.

Plaintiffs' motion is **DENIED.**

## II. STANDARD OF REVIEW

A motion to dismiss for failure to state a claim made pursuant to Fed. R. Civ. P. 12(b)(6) tests a claim for relief in any pleading, whether it be in the plaintiff's original complaint or a defendant's counterclaim.[2] On a motion to dismiss, the factual allegations of a pleading setting forth a counterclaim are taken as true.[3] The Court must decide "whether, on the face of the counterclaim, a claim is stated upon which relief can be granted . . . , construe the pleading in the manner most favorable to appellants and must bear in mind the policy that, unless there is no doubt as to the result, cases should be disposed of upon their merits."[4]

---

[1] Docket 120-2 at 7-11.

[2] Wright & Miller, Federal Practice and Procedure: Civil 3d § 1356.

[3] Walker Process Equip., Inc. v. Food Mach. & Chem. Corp., 382 U.S. 172, 174-74 (1965).

[4] Walker Distrib. Co. v. Lucky Lager Brewing Co., 323 F.2d 1, 3 (9th Cir. 1963)(citing White Motor Co. v. United States, 372 U.S. 253 (1963); Sidebotham v. Robison, 216 F.2d 816, 826-827, 831 (9th Cir. 1954)).

## III. DISCUSSION

### A. GVEA's Counterclaims are Cognizable

Plaintiffs' argument that GVEA's state law counterclaims are non-cognizable is unpersuasive. Plaintiffs cite Heffle v. State[5] for the proposition that the State of Alaska lacks the lawmaking authority to prescribe the actions alleged.[6]

Heffle does not stand for this broad assertion. Heffle states that a claim which requires adjudication of rights in an easement crossing a Native allotment should be filed in federal court because the state courts lack jurisdiction.[7]

Moreover, GVEA's counterclaims sound in tort and do not rely on the State's lawmaking authority. Plaintiffs cite no authority, and the Court is aware of none, which would suspend what would otherwise be a common law tort liability because Plaintiffs are owners of a Native allotment.

GVEA's counterclaims are cognizable.

### B. The United States is Not an Indispensable Party

Plaintiffs' theory that GVEA's counterclaims seek to establish an interest in Indian Trust land which requires joinder

---

[5] 633 P.2d 264 (Alaska 1981).

[6] Docket 207 at 2.

[7] 633 P.2d at 269.

of the United States remains unconvincing.[8] GVEA is a member of the public. Plaintiffs' Native allotment was explicitly made subject to a "continued right of public access along the non-exclusive use Rex to Bonnifield Trail . . . ."[9]

Plaintiffs' cited authorities are unpersuasive. In Imperial Granite Co. v. Pala Band of Mission Indians, Imperial's complaint failed to allege any facts giving it a property right in the road.[10] The pleadings at bar, however, allege facts to support GVEA's claim to use the public access easement crossing Plaintiffs' Native allotment.

The Ninth Circuit in Imperial Granite also noted that because Indian trust lands were excluded from the Quiet Title Act's waiver of sovereign immunity for the United States Imperial faced an "insuperable hurdle" because the "United States is an indispensable party to any suit brought to establish an interest in Indian trust land."[11] GVEA does not face this hurdle, however, because it does not attempt to "establish an interest" in the allotment under the Quiet Title Act.[12]

---

8 See Docket 177 at 3.

9 Docket 144, Ex. 1 at 2 & Ex. 2 at 2.

10 940 F.2d 1269, 1271-72 (9th Cir. 1991).

11 Id. at 1272 n.4.

12 For similar reasons, the Supreme Court's holding in United States v. Mottaz, 476 U.S. 834, 836 (1986), is inapplicable.

Plaintiffs' citation of Heffle is also unpersuasive. The issue on appeal in Heffle was "whether the state ha[d] a valid easement across Etalook's Native allotment."[13] While Etalook's application for a Native allotment was still pending, the United States granted a right-of-way across the proposed allotment to the State of Alaska "subject to valid existing rights."[14] Because it was not clear what "valid existing rights" arose during the pendency of Etalook's allotment application, the Alaska Supreme Court held that "an adjudication of ownership" was necessary.[15]

GVEA asserts its right to a public access easement to which Plaintiffs' Certificate of Native Allotment was explicitly made subject.[16] Unlike the State in Heffle, GVEA has no need to establish an interest in Plaintiffs' allotment.

Therefore, the United States is not an indispensable party that must be joined.

**C. The State of Alaska is Not an Indispensable Party**

Plaintiffs cite Southern Utah Wilderness Alliance v. Bureau of Land Mgmt.[17] ("SUWA") for the principle that "RS 2477

---

13 633 P.2d at 267.

14 Id. at 266.

15 Id. at 269.

16 Docket 144, Ex. 1 at 2 & Ex. 2 at 2.

17 425 F.3d 735 (10th Cir. 2005).

gives not[h]ing to GVEA; rather by its terms the statute grants public bodies the right of way."[18] According to Plaintiffs, GVEA must join the State in order to assert its counterclaims. However, Plaintiffs do not cite a page number for their broad assertion.[19]

After a thorough study of SUWA, the Court agrees with GVEA that "nowhere in the published ruling does the [Tenth Circuit] state that only a state, or county, and not a private would-be road user, has standing to bring a claim regarding the scope of an R.S. 2477."[20] To the contrary, the Tenth Circuit held that acceptance of an R.S. 2477 right of way requires no government action, but can be accepted by continuous public use over a period of time.[21]

One need not get bogged down in the complex history of R.S. 2477 rights-of-way, however, to reach the conclusion that GVEA, as a member of the public has rights in the public use easement. The Certificate of Native Allotment declares: "The grant

---

[18] Docket 207 at 4; Docket 220 at 6.

[19] The Court admonishes the parties to provide pinpoint citations, especially where a lengthy authority is central to the argument. "Pincites are critical: They provide the only means by which you can direct the reader to the exact page that contains the information or quotation on which you are relying for support." The Bluebook: A Uniform System of Citation B5.1.2, at 7 (18th ed. 2005).

[20] Docket 212 at 16.

[21] SUWA, 425 F.3d at 771. Cf. Hamerly v. Denton, 359 P.2d 121, 123 (Alaska 1961); Dillingham Commercial Co., Inc. v. City of Dillingham, 705 P.2d 410, 414 (Alaska 1985).

of . . . land is subject to: The continued right of public access along the non-exclusive use Rex to Bonnifield Trail . . . ."[22]

GVEA has standing to assert its counterclaims and does not need to join the State of Alaska as a party.

## IV. CONCLUSION

For the aforesaid reasons, Plaintiffs' Motion to Dismiss GVEA's Counterclaims is **DENIED**. The matter shall proceed in due course.

ENTERED this 19th day of March, 2007.

S/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

[22] Docket 144, Ex. 1 at 2 & Ex. 2 at 2.