Borgeson & Burns, PC
100 Cushman Street, Suite 311
Fairbanks, AK 99701
(907) 452-1666
(907) 456-5055 – facsimile

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| Don M. Kubanyi, Jimmy Kubanyi, Aileen Welton, Elizabeth Tuzroyluk, Doris Kubanyi, Victor Kubanyi, Bobby Kubanyi, Arlette Kubanyi, and Brian Baggett<br><br>Plaintiffs,<br><br>vs.<br><br>Golden Valley Electric Association and Dave Cruz, individually and d/b/a Cruz Construction,<br><br>Defendants. | Case No. F04-00026 CIV |

### DEFENDANT GVEA'S OPPOSITION
### TO PLAINTIFFS' MOTION TO DISMISS GVEA'S COUNTERCLAIMS
### FOR FAILURE TO STATE A COGNIZABLE CAUSE OF ACTION

Defendant, Golden Valley Electric Association, Inc. ("GVEA") opposes Plaintiffs' Motion to Dismiss GVEA's Counterclaims for Failure to State a Cognizable Cause of Action. GVEA has alleged cognizable claims against Plaintiffs in GVEA's counterclaims. The Court must deny Plaintiffs' 12 (b)(6) Motion to Dismiss as a matter of law. This motion is based on the Federal Rules of Civil Procedure, Alaska Case law, and the following Memorandum of Law.

## STANDARD OF REVIEW

The test for dismissal under Fed. R. Civ. P. 12(b)(6) and the principles of notice pleading under Fed. R. Civ. P. 8 preclude dismissal of GVEA's counterclaims. Dismissals for failure to state a claim made pursuant to Fed. R. Civ. P. 12(b)(6) are viewed with disfavor and should rarely be granted.[1] A motion to dismiss brought under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of a complaint.[2] Accordingly, any defect must appear on the complaint's or counterclaim's face.[3]

In addition, all allegations of material fact in the complaint or counterclaim must be accepted as true and construed in the light most favorable to the claimant.[4] *Conley v. Gibson*,[5] sets forth the strict standard for granting a Rule 12(b)(6) motion to dismiss. A Rule 12(b)(6) motion to dismiss must not be granted "unless it appears beyond doubt that the [claimant] can prove no set of facts in support of his claim which would entitle him to relief."[6]

The Ninth Circuit has also repeatedly observed that "[t]he [Rule 12(b)(6)] motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted."[7] GVEA has alleged in its counterclaims facts which, if proved, support GVEA's claims against Plaintiffs and which would entitle GVEA to relief from

---

[1] *Paulsen v. CNF, Inc.*, 391 F. Supp. 2d 804, 807 (N. D. Cal. 2005).
[2] *Id.* at 807 (citing *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir.1978)).
[3] *Id.* at 807 (citing *Arpin v. Santa Clara Valley Transp. Agency,* 261 F.3d 912, 925 (9th Cir.2001) (stating "the court cannot consider material outside the complaint, e.g., facts presented in briefs, affidavits or discovery materials."))
[4] *Id.* at 807 (citing *Enesco Corp. v. Price/Costco Inc.,* 146 F.3d 1083, 1085 (9th Cir.1998));*Argabright v. United States,* 35 F.3d 472, 474 (9th Cir.1994)).
[5] 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).
[6] *Id.* at 45-46, 78 S.Ct. 99.
[7] See e.g. *Gilligan v. Jamco Develop. Corp.,* 108 F.3d 246, 249 (9th Cir.1997).

Plaintiffs. Therefore, applying the strict standard for dismissals, this Court cannot grant Plaintiffs' motion to dismiss and must deny Plaintiffs' motion to dismiss GVEA's counterclaims as a matter of law.

Most importantly, in this Court's March 19, 2007, Order Denying Plaintiffs' Motion to Dismiss GVEA's Counterclaims at Docket 206, this Court states "GVEA's counterclaims are cognizable."[8]

### GVEA's Claims Meet the Notice Pleading Requirements of Fed. R. Civ. P. 8(f)

Plaintiffs' claim that GVEA's Counterclaims fail to articulate cognizable legal theories ignores the principles of notice pleading and misapplies Alaska law to GVEA's claims.[9] Plaintiffs are incorrect. GVEA's Counterclaims allege facts sufficient to support claims both for interference with an express easement and for interference with prospective business relations.

### Alaska Recognizes the Claim for Interference With an Express Easement

Plaintiffs' incorrectly assert that Alaska does not recognize interference with and express easement. In *Gerstein v. Axtell*,[10] the Alaska Supreme Court recognized that "[a] right of way is primarily a privilege to pass over another's land.... A right of way may be either public or private, that is, it may be a right of passage of

---

[8] Docket 247 at 3.
[9] Plaintiffs' Memorandum in Support of Motion to Dismiss GVEA's Counterclaims for Failure to State a Cognizable Cause of Action [FRCP 12(B)(6)], at 2, Docket 235.
[10] 960 P.2d 599, 602, note 2 (Alaska 1998) (citing 3 Herbert Thorndike Tiffany, *The Law of Real Property* § 772, at 232 (Basil Jones, ed., 3d ed. 1939 & Supp.1997).

which every individual may avail himself, or it may exist for the benefit of one individual or class of individuals."

The *Gerstein* court further opined that "[a]n easement involves primarily the privilege of doing a certain class of act on, or to the detriment of, another's land, or a right against another that he refrain from doing a certain class of act on or in connection with his own land, the holder of the easement having, as an integral part thereof, rights against the members of the community generally that they shall not interfere with the exercise or enjoyment of the easement."[11]

Clearly, the Alaska Supreme Court has recognized that members of the public using a right-of-way easement have rights against those who would interfere with the exercise or enjoyment of that right-of-way easement. Therefore, a cause of action for interference with the exercise or enjoyment of a right-of-way does exist. Similarly, because a right exists, a duty not to interfere with that right also exists.[12]

Alaska also recognizes the public trust doctrine with respect to the use of waters of the state. AS 38.05.126, regarding navigable and public water, states:

> (a) The people of the state have a constitutional right to free access to and use of the navigable or public water of the state.
>
> (b) The state has full power and control of all of the navigable or public water of the state, both meandered and unmeandered, and the state holds and controls all navigable or public water in trust for the use of the people of the state.

---

[11] *Id.* (citing 3 Herbert Thorndike Tiffany, *The Law of Real Property* § 756, at 200-01 (Basil Jones, ed., 3d ed. 1939 & Supp.1997).
[12] See *Id.*

GVEA's Opposition to Plaintiffs' Motion to Dismiss Counterclaims for Failure to state a Cognizable Cause of Action
F04-00026 CI
Page 4 of 13

(c) Ownership of land bordering navigable or public water does not grant an exclusive right to the use of the water and a right of title to the land below the ordinary high water mark is subject to the rights of the people of the state to use and have access to the water for recreational purposes or other public purposes for which the water is used or capable of being used consistent with the public trust.

(d) This section may not be construed to affect or abridge valid existing rights or create a right or privilege of the public to cross or enter private land.

In *CWC Fisheries, Inc. v. Bunker*,[13] the Alaska Supreme Court stated that "[w]hile patent holders [of land] are free to make such use of their property as will not unreasonably interfere with these continuing public easements, they are prohibited from any general attempt to exclude the public from the property by virtue of their title."

GVEA's assertion that Cruz had a right to use the Rex Trail to access the water of Seven Mile Lake for construction of the Northern Intertie is not a novel theory of tort liability as Plaintiffs assert.[14] Rather, GVEA's cause of action is an established and well founded tort based on Alaska statute and Alaska and federal case law. Alaska law supports a public right-of-way user's right to be free from interference. Alaska's public trust doctrine, stating a private land owner does not have the right to exclude public use of water as accessed from below the ordinary

---

[13] 755 P.2d 1115, 1121 (Alaska 1988); see also *City of Saint Paul v. State, Dept. of Natural Resources*, 137 P.3d 261, 263 (Alaska 2006).
[14] Plaintiffs' Memorandum in Support of Motion to Dismiss GVEA's Counterclaims for Failure to State a Cognizable Cause of Action [FRCP 12(B)(6)], at 2, Docket 235.

high water mark of that water, supports a cause of action for interference with that public trust.

Even if this cause of action was new to Alaska, which it is not, this Court should still determine that an actionable duty exists not to interfere with a public right-of-way or the public trust. As this Court has recognized, "Plaintiffs' Native allotment was explicitly made subject to a 'continued right of public access along the non-exclusive use Rex to Bonnifield Trail . . . .' "[15] This Court has also recognized that "GVEA, as a member of the public has rights in the public use easement."[16] Therefore, GVEA has a right which it may protect by asserting against Plaintiffs a cause of action for interference with that right.

Plaintiffs' claim that once a property owner warns the public about "reasonably believed boundaries" a land owner is "privileged to use deadly force to prevent trespass" is utterly absurd.[17] The fact that Plaintiffs' assertion is completely unsupported by any authority whatsoever adds to its absurdity. No law could possibly support Don Kubanyi's use of deadly force to prevent a trespass, even a criminal trespass.

In Alaska, no privilege exists for a land owner's use of deadly force to prevent a criminal trespass. In fact, just the opposite is true. AS 11.81.350 regarding the

---

[15] Docket 247, at 4 (citing Docket 144, Ex. 1 at 2 & Ex. 2 at 2).
[16] Docket 247, at 6.
[17] Plaintiffs' Memorandum in Support of Motion to Dismiss GVEA's Counterclaims for Failure to State a Cognizable Cause of Action [FRCP 12(B)(6)], at 5, Docket 235.

justification for the use of force in defense of property and premises unequivocally states:

> (c) A person in possession or control of any premises, or a guest or an express or implied agent of that person, may use
>
> > (1) **_nondeadly_ force upon another when and to the extent the person reasonably believes it is necessary to terminate what the person reasonably believes to be the commission or attempted commission by the other of criminal trespass in any degree upon the premises;**[18]

The facts and law show that Don Kubanyi and any other of the Plaintiffs' who threatened Cruz workers with deadly force did so without any recognized privilege.

No alleged facts support any allegation that Cruz committed a criminal trespass. Furthermore, any claim Plaintiffs assert for criminal trespass at this late stage of the case should be dismissed by this Court because it is far too late in the case for Plaintiffs to add a new claim.

Plaintiffs' claim that GVEA's counterclaim for interference with an express easement is not cognizable and should be dismissed is completely without merit and must be denied as a matter of law.

### Plaintiffs other than Don Kubanyi Also Interfered

GVEA's counterclaims allege that Don Kubanyi as well as other Plaintiffs acted to exclude Cruz workers from accessing Seven Mile Lake from the Rex Trail. Plaintiffs make several critical admissions which belie their argument that no

---

[18] AS 11.81.350(c)(1) (emphasis added).
GVEA's Opposition to Plaintiffs' Motion to Dismiss Counterclaims for Failure to state a Cognizable Cause of Action
F04-00026 CI

Plaintiffs other than Don Kubanyi interfered with Cruz workers' lawful access to Seven Mile Lake from the Rex Trail.

As set forth in Plaintiffs' Answer to GVEA's Counterclaims, Plaintiffs admit to at least the following facts:

1. Plaintiffs are owners of a Native Allotment identified in United States Department of the Interior, Bureau of Land Management Certificate No. 50-93-0056 which includes a reservation of "the continued right of public access along the non-exclusive use Rex to Bonnifield Trail not to exceed 50 feet in width." (See Plaintiffs' Answer to GVEA's Counterclaims, Page 2, paragraph 1, at Docket 205).

2. Defendant GVEA is an electric cooperative organized and governed under the laws of the State of Alaska, whose principal place of business is located in Fairbanks, Alaska. GVEA is member of the public and a user of the Rex to Bonnifield Trail ("Rex Trail"). (See Plaintiffs' Answer to GVEA's Counterclaims, Page 2, paragraph 2, at Docket 205).

3. The Rex Trail roadway has been used in common with others, including Plaintiffs, GVEA and others, since the Kubanyis entered their allotment sometime in 1963. (See Plaintiffs' Answer to GVEA's Counterclaims, Page 2, paragraph 6, at Docket 205).

4. Plaintiff Don Kubanyi was intoxicated and threatened to use a gun if Cruz did not cease work. (See Plaintiffs' Answer to GVEA's Counterclaims, Page 3, paragraph 23, at Docket 205).

5. Plaintiffs further obstructed Cruz workers' use of the Rex Trail to access Seven Mile Lake by putting obstacles along the North edge of Rex Trail adjacent to the South edge of Seven Mile Lake. (See Plaintiffs' Answer to GVEA's Counterclaims, Page 3, paragraph 24, at Docket 205).

6. Plaintiffs intend to deny public access to Seven Mile Lake that cross the Plaintiffs lands [sic] (See Plaintiffs' Answer to GVEA's Counterclaims, Page 3, paragraph 28, at Docket 205).

7. At all relevant times, GVEA was involved in an ongoing, and existing business relationship with Cruz Construction. GVEA contracted with Global for the construction of the Northern Intertie project and Global contracted with Cruz for construction of the necessary ice roads used during the construction project. (See Plaintiffs' Answer to GVEA's Counterclaims, Page 4, paragraph 38, at Docket 205).

8. When Plaintiffs prevented Cruz from accessing Seven Mile Lake from the Rex Trail, Cruz had to get water at higher cost from another source farther away. (See Plaintiffs' Answer to GVEA's Counterclaims, Page 4, paragraph 46, at Docket 205).

Plaintiffs want to deny that they took any action to prevent Cruz workers access of Seven Mile Lake from the Rex Trail, but they have already admitted as much. Plaintiffs may not now change their story regarding their actions in an attempt to avoid liability for GVEA's counterclaims.

**GVEA Has an Interest in the Expressly Granted Rex Trail Right-of-Way**

Plaintiffs again claim GVEA does not have an interest in the Rex Trail right-of-way and that the right-of-way is not an express easement.[19] Plaintiffs are incorrect. GVEA has repeatedly alleged, and this Court agrees, that GVEA has an interest in the use of the Rex Trail right-of-way.[20] GVEA has repeatedly alleged, and this Court agrees, that the Rex Trail right-of-way is expressly reserved in the Plaintiffs' allotment grant as a public right-of-way.[21]

GVEA refers this court to the relevant arguments set forth in GVEA's Answer and Counterclaims at Docket 182, GVEA's Opposition to Plaintiffs' first Motion to Dismiss GVEA's Counterclaims at Docket 212, GVEA's Memorandum supporting GVEA's Motion to Dismiss Plaintiffs' Affirmative Defenses at Docket 222, and GVEA's Reply to Plaintiffs' Opposition to GVEA's Motion to Dismiss Plaintiffs' Affirmative Defenses at Docket 241.

GVEA asks that the Court adopt as the law of the case, as confirmed by this Court's Order of March 19, 2007, Denying Plaintiffs' Motion to Dismiss GVEA's Counterclaims at Docket 206, the decided facts that GVEA has an interest in the Rex Trail Right-of-Way and that the Rex Trail right-of-way is an expressly granted public use easement in which GVEA, as a member of the public, has rights.[22]

---

[19] Plaintiffs' Memorandum in Support of Motion to Dismiss GVEA's Counterclaims for Failure to State a Cognizable Cause of Action [FRCP 12(B)(6)], at 6-7, Docket 235.
[20] Docket 247, at 4, 6.
[21] Docket 247, at 4, 6.
[22] Docket 247, at 4-6.

## GVEA's Counterclaims Allege Facts, and Plaintiffs Admit Facts, Sufficient to Support GVEA's Claim for Interference with a Prospective Business Advantage

In GVEA's Answer and Counterclaims at Docket 182, page 9-11, GVEA alleges facts sufficient to make a claim for interference with a prospective business advantage. More importantly, Plaintiffs admit in their Answer to GVEA's Counterclaims to facts sufficient to support GVEA's claim. Specifically, Plaintiffs admit:

1. At all relevant times, GVEA was involved in an ongoing, and existing business relationship with Cruz Construction. GVEA contracted with Global for the construction of the Northern Intertie project and Global contracted with Cruz for construction of the necessary ice roads used during the construction project. (See Plaintiffs' Answer to GVEA's Counterclaims, Page 4, paragraph 38, at Docket 205).

2. When Plaintiffs prevented Cruz from accessing Seven Mile Lake from the Rex Trail, Cruz had to get water at higher cost from another source farther away. (See Plaintiffs' Answer to GVEA's Counterclaims, Page 4, paragraph 46, at Docket 205).

GVEA still maintains the Northern Intertie and could prospectively engage Cruz Construction's services to build an ice road on the Rex Trail to aid in GVEA's winter servicing of the Northern Intertie. Moreover, at the time of Plaintiffs' interference, the business advantage to GVEA was a fixed price contract for ice road construction. Because of Plaintiffs' interference, GVEA was required to pay Global

Power, who then paid Cruz an additional $131,500.00.[23] Therefore, GVEA did and still may have a prospective business relationship with Cruz which was hampered by Plaintiffs' interference. Assuming all facts in favor of GVEA, the non-moving party in this motion to dismiss, this Court must find that GVEA has met its burden of notice pleading according to Fed. R. Civ. P. 8. Thus, both of GVEA's Counterclaims as alleged defeat Plaintiffs' motion to dismiss.

Finally, this Court has already concluded in its Order of March 19, 2007, Denying Plaintiffs' Motion to Dismiss GVEA's Counterclaims at Docket 206, page 3, that "GVEA's counterclaims are cognizable." Plaintiffs' Motion to Dismiss GVEA's Counterclaims for Failure to State a Cognizable Action fails as a matter of law and must be denied.

## CONCLUSION

For the above reasons, GVEA respectfully requests this Court DENY Plaintiffs' Motion to Dismiss GVEA's Counterclaims for Failure to State a Cognizable Cause of Action and award GVEA its reasonable attorneys' fees of $2,016.50 associated with defending Plaintiffs' frivolous **second** Motion to dismiss GVEA's Counterclaims.[24]

---

[23] Attached as Exhibit A, correspondence requesting authorizing additional payment of $131,500.00 to Cruz.
[24] See Affidavit of Counsel regarding attorney's fees associated with this opposition attached as Exhibit B

DATED at Fairbanks, Alaska, this 21st day of March, 2007.

BORGESON & BURNS, PC
Attorney(s) for Defendant GVEA


By: ____s/Cory Borgeson_____
Cory Borgeson
ABA # 8405009

This is to certify that on this date, a copy of the foregoing
document is being served electronically on:

Michael Walleri walleri@gci.net; christin_woodward@yahoo.com
330 Wendell Street, Suite E
Fairbanks, AK  99701

Daniel T. Quinn dquinn@richmondquinn.com; cesary@richmondquinn.com
Richmond & Quinn
360 K Street, Suite 200
Anchorage, AK  99501-2028