Borgeson & Burns, PC
100 Cushman Street, Suite 311
Fairbanks, AK 99701
(907) 452-1666
(907) 456-5055 – facsimile

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| Don M. Kubanyi, Jimmy Kubanyi, Aileen Welton, Elizabeth Tuzroyluk, Doris Kubanyi, Victor Kubanyi, Bobby Kubanyi, Arlette Kubanyi, and Brian Baggett<br><br>Plaintiffs,<br><br>vs.<br><br>Golden Valley Electric Association and Dave Cruz, individually and d/b/a Cruz Construction,<br><br>Defendants. | Case No. F04-0026 CIV |

## DEFENDANT GVEA'S OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AS TO GVEA'S COUNTERCLAIMS, OR, IN THE ALTERNATIVE, LEAVE TO JOIN THE UNITED STATES, AT DOCKET 231

Defendant, Golden Valley Electric Association, Inc. ("GVEA") opposes Plaintiffs' Motion for Summary Judgment as to GVEA's Counterclaims, or, in the Alternative, Leave to Join the United State, at Docket 231, based on the following.

### STANDARD OF REVIEW

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure on "all or any part" of a claim where there is an absence of a genuine

GVEA's Opposition to Plaintiffs' Motion for Summary Judgment on Counterclaims, or, in the Alternative, Leave to Join the United States, at Docket 231

F04-00026 CI
Page 1 of 9

issue of material fact and the moving party is entitled to judgment as a matter of law.[1] One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses.[2] A fact is material when, under the governing substantive law, the fact might affect the outcome of the case.[3] A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[4] When making its determination, the Court must view all inferences drawn from the underlying facts in the light most favorable to GVEA, the party opposing this motion.[5]

As the party seeking summary judgment, Plaintiffs bear the initial burden of establishing the absence of a genuine issue of material fact.[6] Plaintiffs can satisfy this burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element of his or her claim on

---

[1] *Wilkins v. Ramirez*, 455 F.Supp.2d 1080, 1087 -1088 (S. D. Cal. 2006) (citing Fed. R. Civ. P. 56 (2006); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).
[2] *Id.* at 1087-88 (citing *Celotex,* 477 U. S. at 323-24).
[3] *Id.* at 1087-88 (citing *Anderson v. Liberty Lobby. Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *see also Freeman v. Arpaio,* 125 F.3d 732, 735 (9th Cir.1997).
[4] *Id.* at 1087-88 (citing *Anderson,* 477 U.S. at 248).
[5] *Id.* at 1087-88 (citing *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)).
[6] *Id.* at 1087-88 (citing *Celotex,* 477 U.S. at 323)).

GVEA's Opposition to Plaintiffs' Motion for Summary Judgment on Counterclaims, or, in the Alternative, Leave to Join the United States, at Docket 231

F04-00026 CI
Page 2 of 9

which that party will bear the burden of proof at trial.[7] If the Plaintiffs fail to discharge this initial burden, summary judgment must be denied.[8]

Plaintiffs have failed to meet their burden of establishing the absence of a genuine issue of material fact as to GVEA's counterclaims. Therefore, this Court must deny Plaintiffs' Summary Judgment Motion as to GVEA's Counterclaims as a matter of law.

## ARGUMENT

GVEA is again incurring unnecessary attorney's fees defending its counterclaims. **As previously stated in GVEA's prior pleadings defending its counterclaims, GVEA's counterclaims are based on Plaintiffs' tortuous actions to exclude Cruz construction workers from lawful access to Seven Mile Lake from the Rex Trail right-of-way on or about March 1, 2003.** GVEA is not making any claims regarding the actions of the Tanana Chiefs Conference ("TCC") or any agent of the state or federal governments.

Any action taken by TCC was at the request of Plaintiffs on behalf of Plaintiffs. Therefore, to the extent that TCC representatives did act, they acted solely as agents of the Plaintiffs. Even so, GVEA is not claiming against TCC or any representative of TCC.

---

[7] *Id.* at 1087-88 (citing *Celotex,* 477 U.S. at 322-23).
[8] *Id.* at 1087-88 (citing *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 159-60, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970)).

GVEA's Opposition to Plaintiffs' Motion for Summary Judgment on Counterclaims, or, in the Alternative, Leave to Join the United States, at Docket 231

F04-00026 CI
Page 3 of 9

**Plaintiffs Admit Cruz Stopped Work Because of the Kubanyis**

As set forth in Plaintiffs' Answer to GVEA's Counterclaims, Plaintiffs admit to at least the following facts supporting GVEA's claim that Cruz stopped work because of the Plaintiffs' actions:

1. ***Plaintiff Don Kubanyi was intoxicated and threatened to use a gun if Cruz did not cease work.***  (See Plaintiffs' Answer to GVEA's Counterclaims, Page 3, paragraph 23, at Docket 205, *emphasis added*).

2. ***Plaintiffs further obstructed Cruz workers' use of the Rex Trail to access Seven Mile Lake by putting obstacles along the North edge of Rex Trail adjacent to the South edge of Seven Mile Lake.***  (See Plaintiffs' Answer to GVEA's Counterclaims, Page 3, paragraph 24, at Docket 205, *emphasis added*).

3. ***Plaintiffs intend to deny public access to Seven Mile Lake that cross the Plaintiffs lands*** [sic] (See Plaintiffs' Answer to GVEA's Counterclaims, Page 3, paragraph 28, at Docket 205, *emphasis added*).

4. At all relevant times, GVEA was involved in an ongoing, and existing business relationship with Cruz Construction.  GVEA contracted with Global for the construction of the Northern Intertie project and Global contracted with Cruz for construction of the necessary ice roads used during the construction project.  (See Plaintiffs' Answer to GVEA's Counterclaims, Page 4, paragraph 38, at Docket 205).

GVEA's Opposition to Plaintiffs' Motion for Summary Judgment on Counterclaims, or, in the Alternative, Leave to Join the United States, at Docket 231

F04-00026 CI
Page 4 of 9

5. ***When Plaintiffs prevented Cruz from accessing Seven Mile Lake from the Rex Trail, Cruz had to get water at higher cost from another source farther away.*** (See Plaintiffs' Answer to GVEA's Counterclaims, Page 4, paragraph 46, at Docket 205, *emphasis added*).

Plaintiffs have admitted that they directly acted to prevent Cruz from accessing Seven Mile Lake from the Rex trail and that their own actions caused Cruz to leave Seven Mile Lake and get water elsewhere. For Plaintiffs to now claim that TCC is somehow at fault for Plaintiffs' actions or GVEA's damages because TCC, and not Plaintiffs, took the position that GVEA trespassed on Plaintiffs property is utterly ridiculous.

TCC did not threaten Cruz workers with a gun. TCC did not place obstacles along the North edge of Rex Trail adjacent to the South edge of Seven Mile Lake in an effort to exclude people from accessing Seven Mile Lake from the Rex Trail. TCC was not the cause of Cruz having to get water at higher cost from another source farther away. Plaintiffs admit to each activity GVEA alleges was a wrongful and tortious interference. Their defense of justification lives or dies on the jury's finding whether a trespass occurred.

GVEA has alleged facts supporting GVEA's claim that Plaintiffs acted tortiously and that Plaintiffs' tortious actions harmed GVEA. Moreover, Plaintiffs have admitted outright that they engaged in exactly the tortious actions GVEA complains of. The only question is whether those actions were justified. This Court

GVEA's Opposition to Plaintiffs' Motion for Summary Judgment on Counterclaims, or, in the Alternative, Leave to Join the United States, at Docket 231

F04-00026 CI
Page 5 of 9

must not allow Plaintiffs to blame TCC or the United States in an effort to escape liability for their own tortious actions. Plaintiffs' frivolous motion for summary judgment must be denied.

### No Other Parties are Necessary to Adjudicate GVEA's Counterclaims

Plaintiffs assert that TCC or the United States is a party necessary to adjudicate GVEA's Counterclaims.[9] Plaintiffs claim is unfounded in fact or law.

Fed. R. Civ. P. 19(a) requires the Court to determine who is required for a just adjudication of a controversy. TCC or the United States might be joined if complete relief could not be afforded existing parties in their absence.[10] But, that is not the case here.

GVEA or Plaintiffs may be afforded complete relief on GVEA's counterclaims by this Court's decisions on the matters at issue without TCC's or the United States' involvement.

The other scenario in which TCC or the United States might be a required party is if TCC or the United States had claimed an interest relating to this action. In that scenario, TCC or the United States would be a necessary party only if their absence from the suit might impair their ability to protect an interest, or subject the

---

[9] See Plaintiffs Answer and Affirmative Defenses, Page 5, at Docket 205.

[10] *Mayer v. Development Corp. of America*, 396 F. Supp. 917, 922 (D.C. Del. 1975) (citing C. Wright, <u>Federal Courts</u> § 70, at 300 (2d ed. 1970).

GVEA's Opposition to Plaintiffs' Motion for Summary Judgment on Counterclaims, or, in the Alternative, Leave to Join the United States, at Docket 231

existing parties to recurrent or otherwise inconsistent obligations.[11]  But, TCC or the Untied States have no interest in GVEA's counterclaims and have not sought to join this suit.  GVEA has not brought any action against TCC for which the United States might be liable as an insurer, nor has GVEA claimed TCC acted tortiously in any way.

Neither TCC nor the United States has any interest in defending Plaintiffs' tortious actions in interference with a right-of-way or a business advantage.  GVEA has not alleged that TCC or the United States should be liable for Plaintiffs' tortious actions.  Plaintiffs' interpretation that TCC or the United States should be liable somehow simply makes no sense.

Also, the adjudication of GVEA's counterclaims would not subject Plaintiffs to recurrent or otherwise inconsistent obligations.  Instead, it would make clear to the parties exactly what the extent of the Rex Trail right-of-way is, and exactly what access the public has to Seven Mile Lake from the Rex Trail.  GVEA's counterclaims would prevent any recurrent or otherwise inconsistent obligations rather than create them.

Neither the United States nor TCC meets the requirements set out in Rule 19 for determining whether a party is indispensable.  The United States and TCC

---

[11] *Mayer v. Development Corp. of America*, 396 F. Supp. 917, 922 (D.C. Del. 1975) (citing C. Wright, <u>Federal Courts</u> § 70, at 300 (2d ed. 1970).

GVEA's Opposition to Plaintiffs' Motion for Summary Judgment on Counterclaims, or, in the Alternative, Leave to Join the United States, at Docket 231

simply do not qualify as necessary parties, and need not be joined for a just adjudication of this matter.

Finally, even if Plaintiffs' claim had any merit, it is far too late in the case for Plaintiffs to add parties. Discovery is over and the case is to be set for trial any time after April 22, 2007, pursuant to the Stipulated Amended Scheduling Order at Docket 169.

Plaintiffs' frivolous alternative motion for leave to join other parties such as TCC or the United States that they believe may owe them indemnity is not supported by the facts of this case or any law regarding third party practice and must be denied.

## **CONCLUSION**

For reasons set forth above, GVEA respectfully requests this Court DENY Plaintiffs' Motion for Summary Judgment as to GVEA's Counterclaims, or, in the Alternative, Leave to Join the United States, at Docket 233. GVEA further requests that this Court require Plaintiffs to pay GVEA's costs, including attorneys' fees in the amount of $1,258.00 associated with GVEA's ongoing defense of Plaintiffs' frivolous motions.[12]

---

[12] See Affidavit of Counsel regarding attorney's fees associated with this opposition attached as Exhibit A.

GVEA's Opposition to Plaintiffs' Motion for Summary Judgment on Counterclaims, or, in the Alternative, Leave to Join the United States, at Docket 231

DATED at Fairbanks, Alaska, this 21st day of March, 2007.

                                    BORGESON & BURNS, PC
                                    Attorney(s) for Plaintiff GVEA

                                    By:_____s/Cory Borgeson_____
                                        Cory Borgeson
                                        ABA # 8405009

This is to certify that on this date, a copy of the foregoing
document is being served electronically on:

Michael Walleri  walleri@gci.net; christin_woodward@yahoo.com
330 Wendell Street, Suite E
Fairbanks, AK  99701

Daniel T. Quinn dquinn@richmondquinn.com; cesary@richmondquinn.com
Richmond & Quinn
360 K Street, Suite 200
Anchorage, AK  99501-2028

GVEA's Opposition to Plaintiffs' Motion for Summary Judgment on Counterclaims, or, in the Alternative, Leave to Join the United States, at Docket 231

F04-00026 CI
Page 9 of 9