Borgeson & Burns, PC
100 Cushman Street, Suite 311
Fairbanks, AK 99701
(907) 452-1666
(907) 456-5055 – facsimile

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| Don M. Kubanyi, Jimmy Kubanyi, Aileen Welton, Elizabeth Tuzroyluk, Doris Kubanyi, Victor Kubanyi, Bobby Kubanyi, Arlette Kubanyi, and Brian Baggett<br><br>Plaintiffs,<br><br>vs.<br><br>Golden Valley Electric Association and Dave Cruz, individually and d/b/a Cruz Construction,<br><br>Defendants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. F04-0026 CIV |

### DEFENDANT GVEA'S OPPOSITION
### TO PLAINTIFFS' MOTION TO EXTEND DISCOVERY
### AS TO COUNTERCLAIMS AND IN LIMINE MOTIONS, AT DOCKET 248

Defendant, Golden Valley Electric Association, Inc. ("GVEA") opposes Plaintiffs' Motion to Extend Discovery as to Counterclaims and In Limine Motions, at Docket 248, based on the following.

**FACTS**

Originally, discovery in this case was to end on April 10, 2006 and the last day to file motions in limine was to be May 10, 2006.[1] Discovery in this matter commenced on May 30, 2005 and has gone on for nearly two years. This Court has allowed two stipulated amendments to the Scheduling Order.[2] According to the last amendment to the Scheduling Order, discovery ended February 20, 2007 and the last day to file motions in limine was to be March 20, 2007.[3] Plaintiffs propounded their only set of discovery requests to GVEA on October 19, 2005.

Plaintiffs have been on notice of GVEA's Counterclaims since at least October 27, 2006, when GVEA filed its Motion to Amend Answer and File Counterclaims.[4] The Court granted GVEA's Motion on December 18, 2006,[5] and GVEA filed its Amended Answer and Counterclaims on December 20, 2006.[6]

Since GVEA filed its Counterclaims, Plaintiffs have filed their defenses,[7] two motions to dismiss,[8] a motion for summary judgment[9] and their opposition to GVEA's motion to dismiss Plaintiffs' Affirmative Defenses regarding GVEA's

---

[1] See Scheduling and Planning Order Dated May 13, 2005.
[2] See Minute Order Granting Stipulation for Extension of Time for Close of Discovery dated October 4, 2006, at Docket 106; See Stipulated Amended Scheduling Order filed December 11, 2006, at Docket 174.
[3] Stipulated Amended Scheduling Order Dated December 12, 2006, at Docket 174.
[4]  At Docket 118.
[5]  At Docket 177.
[6]  At Docket 182.
[7]  At Docket 205.
[8]  At Docket 206 and Docket 234.
[9]  At Docket 231.

counterclaims,[10] all without making any additional discovery requests or stating that additional discovery might be necessary on the counterclaims.

In the three months since the counterclaims were filed, Plaintiffs have not made a single additional discovery request to GVEA. Not one additional Interrogatory, Request to Produce Documents, or Request to Admit has been propounded by Plaintiffs to any Defendant as related to GVEA's counterclaims, or any other issue, for that matter.

In its December 18, 2006, Order Granting GVEA Leave to Amend its Answer and File Counterclaims,[11] this Court stated that "[b]ecause GVEA's counterclaims involve the same set of facts and circumstances as Plaintiffs' claims, Plaintiffs will not suffer undue prejudice."[12] This Court also stated that "GVEA's counterclaims are reciprocal in nature to Plaintiffs' claims."[13] Plaintiffs now seek to extend discovery and to postpone the trial for another 90 days. GVEA opposes Plaintiffs' Motion to Extend and urges this Court to allow the matter to proceed to trial.

## STANDARD OF REVIEW

Plaintiffs seek to amend the Scheduling Order to allow for additional discovery. A scheduling order may be modified only upon a showing of good cause.[14] The focus of the "good cause" analysis under Rule 16(b) is the diligence of

---

[10] At Docket 229.
[11] At Docket 177.
[12] *Id.* at 4.
[13] *Id.* at 3.
[14] *In re Imperial Credit Industries, Inc. Securities Litigation*, 252 F.Supp.2d 1005, 1017 (C. D. Cal. 2003) (citing Federal Rule of Civil Procedure 16(b)); *Lindey's, Inc. v.*

the party seeking the modification.[15]  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."[16]  The District Court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension."[17]

## ARGUMENT

Fed. R. Civ. P. Rule 16(b) provides that "A schedule shall not be modified except upon a showing of good cause any by leave of the district judge . . ." Plaintiffs have failed to meet their burden of showing that good cause exists for this Court to amend the Scheduling Order to extend the discovery deadline.  This Court should deny Plaintiffs' Motion to Extend Discovery, and allow this case to proceed efficiently to trial.

Plaintiffs have also failed to show that they diligently engaged in discovery on GVEA's counterclaims prior to the discovery deadline.  Plaintiffs have had a full 90 days, to engage in discovery on GVEA's counterclaims, yet they have done nothing.

Plaintiffs cannot claim that they have been diligent in conducting discovery.  If further discovery was needed, Plaintiffs should have engaged in that discovery in the three months they have had since GVEA filed its counterclaims and before the

---

*Professional Consultants, Inc.*, 244 Mont. 238, 243, 797 P.2d 920, 923 - 924 (Mont. 1990).
[15] *Id.* at 1017 (C. D. Cal. 2003) (citing *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir.1992)).
[16] *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir.1992).
[17] *Imperial Credit*, 252 F.Supp.2d  at 1017 (citing Federal Rule of Civil Procedure 16 Advisory Committee's notes (1983 amendment)).

GVEA's Opposition to Plaintiffs' Motion to Extend Discovery as to Counterclaims and In Limine Motions, at Docket 248
F04-00026 CI
Page 4 of 9

discovery deadline passed. Plaintiffs now want another 90 days in which to conduct discovery on matters Plaintiffs have yet to identify.

Even if Plaintiffs could show that there was good cause for additional discovery, they cannot show that any additional discovery is necessary. This Court has already found "GVEA's counterclaims are reciprocal in nature to Plaintiffs' claims."[18] No additional discovery is needed "[b]ecause GVEA's counterclaims involve the same set of facts and circumstances as Plaintiffs' claims . . ."[19] If Plaintiffs succeed in proving a trespass occurred, GVEA's counterclaims will be dismissed. If, on the other hand, GVEA succeeds in proving no trespass occurred, Plaintiffs' claims for trespass will be dismissed.[20]

In *In re Imperial Credit Industries, Inc. Securities Litigation*,[21] A District Court held that, based on evidence of plaintiffs' failure to diligently pursue discovery in the action, the plaintiffs had not made and could not make the requisite showing of good cause to amend the scheduling order and extend the discovery deadline.[22] Plaintiffs in this suit are in the exact same position as the *Imperial* plaintiffs.

If Plaintiffs really believed, as they now allege, that undiscovered information exists that might help Plaintiffs defeat GVEA's Counterclaims, they certainly have

---

[18] Docket 177 at 3.
[19] *Id.* at 4.
[20] *Id.* at 5 (citing Docket 118 at 5).
[21] 252 F.Supp.2d 1005, 1017 (C. D. Cal. 2003).
[22] *In re Imperial Credit Industries, Inc. Securities Litigation*, 252 F.Supp.2d 1005, 1017 (C. D. Cal. 2003) (citing *Zivkovic v. Southern California Edison Co.,* 302 F.3d 1080, 1087-88 (9th Cir.2002); *Johnson,* 975 F.2d at 609 ("If that party was not diligent, the inquiry should end").

not acted on that belief. Plaintiffs have not shown the necessary diligence which would allow them additional time for discovery in this matter.

Federal Rule of Civil Procedure 56(f) provides that if a party opposing summary judgment demonstrates a need for further discovery in order to obtain facts essential to justify the party's opposition, the trial court may deny the motion for summary judgment or continue the hearing to allow for such discovery. Although GVEA has not made a summary judgment motion on its Counterclaims because GVEA believes there are material facts in dispute related to Plaintiffs' and GVEA's reciprocal claims, the logic behind the Rule 56(f) requirement regarding discovery still applies.

In making a Rule 56(f) motion, a party opposing summary judgment "must make clear what information is sought and how it would preclude summary judgment."[23] Plaintiffs have not clearly stated what additional information they would seek in extended discovery, and have not stated how such discovery would aid them in getting GVEA's Counterclaims dismissed.

In In Giba v. Kitzhaber,[24] a District Court denied the plaintiff's discovery motions and final motion for extension of time[25] because none of the information the plaintiff hoped to discover would have raised an issue of material fact sufficient to

---

[23] *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998) (citing *Garrett v. City and County of San Francisco,* 818 F.2d 1515, 1518 (9th Cir.1987)).
[24] 10 Fed.Appx. 605, 2001 WL 599627, *1 (9th Cir. 2001).
[25] *Id.*

prevent summary judgment.[26]  The *Giba* court had previously accommodated the plaintiff's requests for more time and allowed the plaintiff an additional 60 days to file responses to defendants' motions for summary judgment and partial judgment on the pleadings.[27]

Similarly, in *Moore v. Figueroa*,[28] a District Court denied a plaintiff's motion to extend time for discovery because he did not identify any ungathered evidence that would have defeated summary judgment.[29]

Just like the plaintiffs in *Giba* and *Moore*, Plaintiffs in this suit have been granted extensions of time to file responses to GVEA's Motions.  The parties in this matter have also agreed to extend the discovery deadline two times.  Plaintiffs had ample time to discover whatever it is they now claim they need to discover.  Moreover, Plaintiffs have not stated what information they hope to discover or why that information would raise an issue of material fact sufficient to prevent GVEA's counterclaims or any other of GVEA's motions for summary judgment.

Plaintiffs had one year and ten months for discovery.  Plaintiffs had three months following GVEA's filing of its counterclaims to conduct discovery related to those counterclaims.  Plaintiffs have not propounded a single interrogatory, request to admit, or request to produce since GVEA filed its Amended Answer and Counterclaims.  The record does not reflect, nor have Plaintiffs alleged that their

---

[26] *Id.*
[27] *Id.*
[28] 193 Fed.Appx. 733, 2006 WL 2100053, **1 (9th Cir. 2006)
[29] *Id.* at 734 (citing *Brae Transp., Inc. v. Coopers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir. 1986)).

need for more time was caused by any hardship.  Plaintiffs must not be allowed to delay trial in this matter any longer, especially without good cause and without letting this Court or GVEA know what it is they seek to discover.

In *Brae Transp., Inc. v. Coopers & Lybrand*,[30] the court found that a party could not complain that it needed more time if that party failed to pursue discovery diligently.[31]  Plaintiffs maintain that an extension of deadlines is necessary in order to do further discovery.  Plaintiffs learned on October 27, 2006, when GVEA filed its Motion to Amend Answer and File Counterclaims,[32] what GVEA's causes of action would be and what facts those causes were based on.  Once GVEA actually filed its Amended Answer and Counterclaims on December 20, 2006,[33]  Plaintiffs had every opportunity to gather any additional information they required to defend the counterclaims.

As set out in the scheduling order, discovery ended February 20, 2007 and the last day to file motions in limine was to be March 20, 2007.[34]  Plaintiffs did not move for an extension until March 20, 2007, even though they knew three to six months earlier that GVEA had alleged counterclaims and had alleged facts on which those claims were based.

---

[30] 790 F.2d 1439 (9th Cir. 1986).
[31] *Id.* at 1443 (citing *Frederick S. Wyle, P.C. v. Texaco, Inc.,* 764 F.2d 604, 612 (9th Cir.1985)); *British Airways Bd. v. Boeing Co.,* 585 F.2d 946, 954 (9th Cir.1978), *cert. denied,* 440 U.S. 981, 99 S.Ct. 1790, 60 L.Ed.2d 241, *reh'g. denied,* 441 U.S. 968, 99 S.Ct. 2420, 60 L.Ed.2d 1074 (1979)).
[32] At Docket 118.
[33] At Docket 182.
[34] Stipulated Amended Scheduling Order Dated December 12, 2006, at Docket 174.

Plaintiffs fail to meet the threshold showing of good cause. Their motion to extend is not timely and appears to be the result of their own procrastination and failure to act diligently rather than any hardship. Plaintiffs' Motion to Extend Discovery as to Counterclaims and In Limine Motions is not timely, is not based on good cause, and does not set out what information Plaintiffs seek and why they believe such information is needed to defend GVEA's counterclaims. Plaintiffs' motion is fatally flawed and must be denied.

## CONCLUSION

For reasons set forth above, GVEA respectfully requests this Court DENY Plaintiffs' Motion to Extend Discovery as to Counterclaims and In Limine Motions, at Docket 248.

DATED at Fairbanks, Alaska, this 22nd day of March, 2007.

> BORGESON & BURNS, PC
> Attorney(s) for Plaintiff GVEA
>
> By:      s/Cory Borgeson
>       Cory Borgeson
>       ABA # 8405009

This is to certify that on this date, a copy of the foregoing
document is being served electronically on:

Michael Walleri  walleri@gci.net; christin_woodward@yahoo.com
330 Wendell Street, Suite E
Fairbanks, AK  99701

Daniel T. Quinn dquinn@richmondquinn.com; cesary@richmondquinn.com
Richmond & Quinn
360 K Street, Suite 200
Anchorage, AK  99501-2028