Borgeson & Burns, PC
100 Cushman Street, Suite 311
Fairbanks, AK 99701
(907) 452-1666
(907) 456-5055 – facsimile

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| Don M. Kubanyi, Jimmy Kubanyi,<br>Aileen Welton, Elizabeth Tuzroyluk<br>Doris Kubanyi, Victor Kubanyi,<br>Bobby Kubanyi, and Arlette Kubanyi,<br><br>              Plaintiffs,<br><br>vs.<br><br>Golden Valley Electric Association and<br>Dave Cruz, individually and d/b/a<br>Cruz Construction,<br><br>              Defendants. | Case No. F04-00026 CIV |

**<u>DEFENDANT GVEA'S MOTION TO EXCLUDE TESTIMONY
AND REPORT OF PLAINTIFFS' EXPERT MARK SHERMAN</u>**

Defendant, Golden Valley Electric Association, Inc. ("GVEA") moves this Court to exclude the testimony and report of Plaintiffs' civil engineer expert, Mark Sherman, PE ("Sherman"). This motion is brought pursuant to Rules 702, 703, and 403 of the Federal Rules of Evidence, and is based on the following.

**FACTS**

In this lawsuit, Plaintiffs seek to recover money from GVEA for damages allegedly sustained as a result of an alleged trespass to their property. Plaintiffs claim GVEA intentionally trespassed or caused another party to trespass upon their

property. Plaintiffs admit that the alleged trespass did not cause any actual damages to them or to their property.[1]

The primary issues in this case are whether or not a trespass occurred, and if so, whether GVEA is liable for that trespass, and if so, what amount of money GVEA is liable for as damages for the trespass.

Plaintiffs offer the testimony of a civil engineer, Mark Sherman, in support of their trespass claims against GVEA. Sherman's anticipated testimony[2] is that his estimated value of Cruz's use of Seven Mile Lake as a water source is the measure of Plaintiffs' economic impact of the alleged trespass.[3] Specifically, Sherman is expected to opine that Cruz gained an advantage of $291,509.00 by using Seven Mile Lake as a water source rather than Fish Creek, and that $291,509.00 is the proper measure of Plaintiffs' damages.[4] Sherman is not qualified, his opinion is based on "junk science" and this court should exercise its "gatekeeping" responsibility by precluding Sherman's testimony.

## ARGUMENT

A District Court must perform a "gatekeeping" function by preliminarily assessing whether the reasoning or methodology underlying proposed expert testimony is scientifically valid and whether that reasoning or methodology properly

---

[1] See Plaintiffs' Deposition Excerpts, attached as Exhibits A.
[2] See, Plaintiffs' 2nd Amended Expert Witness List at Docket 200, in response to GVEA's Rule 26 Expert Interrogatory.
[3] See Mark Sherman Report, Page 1, attached as Exhibit B.
[4] See Mark Sherman Report, Pages1 - 4, attached as Exhibit B.

GVEA's Motion to Exclude Testimony and Report of Plaintiffs' Expert Mark Sherman
F04-00026 CI
Page 2 of 7

can be applied to the facts in issue.[5] Several factors may assist the District Court in making this determination, such as whether the theory or technique can be and has been tested, whether it has been subjected to peer review and publication, the known or potential rate of error, and the level of the acceptance of the theory or technique within the relevant scientific community.[6]

Under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*,[7] the factors a District Court should take into account in evaluating whether a particular scientific methodology is reliable, so that expert testimony based on methodology is admissible, include: (1) whether method consists of a testable hypothesis; (2) whether method has been subject to peer review; (3) known or potential rate of error; (4) existence and maintenance of standards controlling technique's operation; (5) whether method is generally accepted; (6) relationship of technique to methods which have been established to be reliable; (7) qualifications of expert witness testifying based on methodology; and (8) non-judicial uses to which a particular method has been put.[8] However, list is non-exclusive, and each factor need not be applied in every case.[9]

Plaintiffs' civil engineer expert, Sherman, lacks sufficient knowledge, skill, experience, training, or education to testify with regard to trespass damages.

---

[5] *Seahorse Marine Supplies, Inc. v. Puerto Rico Sun Oil Co.*, 295 F.3d 68, 59 Fed. R. Evid. Serv. 306 (1st Cir. 2002) (citing Fed. R. Evid. Rule 702).
[6] *Id.*
[7] 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).
[8] *Elcock v. Kmart Corp.*, 233 F.3d 734, 744 (3d Cir. 2000) (citing Fed. R. Evid. Rule 702 and *Daubert*, 509 U.S. 579 at 597).
[9] *Id.*

Plaintiffs' civil engineer expert has no experience in accounting, real estate appraisal, rental values of like property, or the measure of damages from trespass.

Plaintiffs' civil engineer expert has never before testified to the measure of damages from trespass, never testified concerning the value of the use of a parcel of land to access a body of water, and has never been accepted by any court as an expert on any topic. Sherman has testified that he is not a qualified to offer an opinion with regard to Plaintiffs' trespass damages and that Plaintiffs may not be entitled to any amount of money from GVEA or Cruz.

Plaintiffs' civil engineer is not qualified to render any expert opinions in this matter. Even if Plaintiffs' civil engineer were qualified, his testimony inadmissible because it lacks the scientific reliability and validity required by Rule 702 of the Federal Rules of Evidence.

Sherman has opined that the value of the Seven Mile Lake water source to Cruz was $291,509.00.[10] However, Sherman merely estimated the value of alleged construction savings based on 2003 figures provided to him by Plaintiffs.[11] When those figures were unavailable for 2002, he simply guessed.

Guessing and estimation do not constitute "scientific knowledge." Sherman has performed no research or comparison tests regarding the value of a non-damaging trespass to a like property, the rental value of a like property, or any other accepted valuation of damages to a like property. Indeed, Plaintiffs' civil engineer admittedly does not even know whether a trespass took place at the time and place

---

[10] See Mark Sherman Report, Page 4, attached as Exhibit B.
[11] See Mark Sherman Report, Page 1, attached as Exhibit B.

in question, much less what effect such trespass may (or may not) have had on the value of the property or what Plaintiffs should recoup as damages.

Plaintiffs' civil engineer's theory is that the value of the trespass should be based on the amount of water pumped for one day, multiplied by the estimated number of days that water was pumped, plus relocation costs. This unique theory for trespass damages has never been subjected to peer review or publication and appears to have been created in a desperate attempt to fabricate a damages case, after Plaintiffs' first damages expert, Hans Axelsson, refused to find damages where there were none.

Because Sherman has neither tested his own theory for how damages should be measured, nor compared his calculation of the amount owed for the trespass to amounts reached under any other accepted theory, nor performed any comparison tests regarding any valuation of like property or assessment of like damages, the rate of error associated with his novel theory is unknown. The rate of error could be extremely high especially when guesswork is involved.

There is no evidence that Plaintiffs' civil engineer's theory has been generally accepted in the relevant construction contracting or civil engineering communities. The fact that there has been neither peer review nor publication of Plaintiffs' civil engineer's theory for the measure trespass damages supports and, in fact, underscores the conclusion that Sherman's theory has not been accepted, generally or otherwise.

Sherman's proffered theory neither constitutes nor reflects scientific knowledge and, thus, must be excluded. Even if the theory reflected some degree of scientific knowledge, it would nevertheless have to be excluded from evidence as it does not materially advance any aspect of this case.

Sherman contends that the economic impact of the alleged trespass measured as a "benefit" to Cruz is $291,509.00.[12] Sherman admits that amount is not the value of trespass damages or even what he believes is owed to Plaintiffs.[13]

Furthermore, Plaintiffs' expert admits it is just as likely that no trespass occurred to Plaintiffs' property at all.[14] Because Sherman cannot state whether whether any trespass damages occurred, his testimony does not materially advance the issue of trespass damages and must be excluded.

An additional reason for excluding Plaintiffs' civil engineer's testimony is that it was not derived data reasonably relied upon by experts in the field. Rather, it was based solely on some subjective, self-serving information which Plaintiffs provided him, mixed with some guesswork to arrive at a number that at least meets this court's jurisdictional minimum.

No tests were performed. No studies were reviewed. No exemplars were analyzed. No scientific methodology was explored or utilized. No accepted method of valuing trespass damages, such as fair market rental value, best use value, or deprivation of use value, was even considered.

---

[12] See Mark Sherman Report, Page 1, attached as Exhibit B.
[13] Transcript of Mark Sherman's deposition to be supplemented upon receipt.
[14] Transcript of Mark Sherman's deposition to be supplemented upon receipt.

Finally, Plaintiffs' civil engineer's testimony should be excluded pursuant to Rule 403 of the Federal Rules of Evidence. Sherman knows no more about the value of the alleged trespass to Plaintiffs' property than the jury does. Any jury could perform a test to determine the value of Plaintiffs' claim for trespass damages. The jury would evaluate the damage based on accepted methods for valuing land interests or valuing trespass damages.

If Plaintiffs' civil engineer is allowed to testify, the jury may accept Plaintiffs' civil engineer's testimony simply because of his stature as an "expert" and not because of the validity of his testimony. This Court should exclude Sherman's testimony entirely pursuant to Rules 702, 703, and 403 of the Federal Rules of Evidence.

## CONCLUSION

For the reasons set forth above, GVEA respectfully requests this Court exclude the testimony and report of Plaintiffs' Expert Mark Sherman.

DATED at Fairbanks, Alaska, this 22nd day of March, 2007.

> BORGESON & BURNS, PC
> Attorney(s) for Defendant GVEA
>
> By:     s/Cory Borgeson
>           Cory Borgeson ABA # 8405009

This is to certify that on this date, a copy of the foregoing document is being served electronically on:

Michael Walleri  walleri@gci.net; christin_woodward@yahoo.com
330 Wendell Street, Suite E
Fairbanks, AK  99701

Daniel T. Quinn  dquinn@richmondquinn.com; cesary@richmondquinn.com
Richmond & Quinn
360 K Street, Suite 200
Anchorage, AK  99501-2028

GVEA's Motion to Exclude Testimony and Report of Plaintiffs' Expert Mark Sherman
F04-00026 CI
Page 7 of 7