Michael J. Walleri
Law Offices of Michael J. Walleri
330 Wendell Street, Suite E
Fairbanks, Alaska  99701
(907) 452-4716
(907) 452-4725 (Facsimile)
Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

DON M. KUBANYI, et. al.

    Plaintiff(s),

vs.

GOLDEN VALLEY ELECTRIC ASSOCIATION, et. al
    Defendants.

Case No. 4:04-cv-0026 RRB

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO ACCEPT LATE FILING OF NOTICE OF APPEAL**

Defendant's oppose the Plaintiff's request for leave to late file appeal caused by the undersigned attorney's medical conditions.  The order denying the Plaintiff's motion for reconsideration was handed down during a period of time that the undersigned counsel was on restricted work status and undergoing treatment and out of town diagnostic testing for a heart condition.[1]  The notice of appeal is late.  It

---

[1] See affidavit submitted with original motion.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite C
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

Memo: Late Notice of Appeal
*Kubanyi v. GVEA* Case No. F04-0026.

is also correct that the motion is late under FRCP 4(a)(5).[2] There is also little question that the late filing of the appeal is due to the neglect of the undersigned counsel. The question, however, is whether that neglect was excusable.

The Ninth Circuit has allowed late filing under "unique circumstances" of excusable neglect.[3] The U.S. Supreme Court has held that is that the movant must show "excusable neglect based on a failure of a party to learn of the entry of the judgment."[4] Such is the case here. The undersigned's medical condition and restricted work status prevented the undersigned from knowing that the final judgment was entered and that the time for appeal had run. When the undersigned learned of the entry of the order denying the motion to reconsider, the undersigned file the motion for leave to file late appeal.

There is little question that such a motion should be sparingly granted. However, it is also most appropriate for courts to not subject represented parties to suffer an injustice because their lawyer was temporarily medically limited.[5] The

---

[2] The undersigned counsel incorrectly indicated that the motion was due on February 8th. This was an incorrect calculation. The Defendants are correct that the motion was due on February 7th.
[3] *Alaska Limestone Corp. v. Hodel*, 799 F.2d 1409 (9th Cir. 1986)
[4] FRCP, 73 (a). *Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc., ,* 371 U.S. 215, 217 (1962).
[5] As previously noted, the undersigned was medically limited in the first four weeks of January. Opposing counsel offer sympathy to the undersigned's medical condition but point to the various

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite C
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

Memo: Late Notice of Appeal
*Kubanyi v. GVEA* Case No. F04-0026.

Page 2 of 4

situation presented by this motion is truly unique, and falls within the discretion of this court to allow.

DATED this 27th day of March, 2007.

MICHAEL J. WALLERI

/s/ Michael J. Walleri
Law Offices of Michael J. Walleri
330 Wendell Street, Suite E
Fairbanks, Alaska 99701
(907) 452-4716
(907) 4524725 (Facsimile)
walleri@gci.net
AK Bar No. 7906060

Certificate of Service
I hereby certify that under penalty of perjury that a true and correct copy of the foregoing was sent to the following counsel of record on March 27, 2007 via ECF to:

Mr. David Floerchinger
Assistant Attorney General
Department of Law
1031 W. Fourth Ave., Suite 200
Anchorage, Ak  99501

Mr. Cory Borgeson
Boreson & Burns, P.C.
100 Cushman Street, Suite 31
Fairbanks, Alaska 99701

Mr. Eric P. Gillett
Preg O'Donnell & Gillett, P.C.
1800 Ninth Ave., Suite 1500
Seattle, WA  98101-1340

Mr. Daniel T. Quinn
Richmond & Quinn
360 K Street, Suite 200
Anchorage, AK 99501-2038

/s/ Michael J. Walleri

---

pleadings filed in this period. [Covey Op., at 4 n 5] The inferential argument is that if the undersigned could do all that while dealing with a diagnosed heart attack, why didn't he do more. While the argument clearly evinces a remarkable degree of callousness, the observation is correct in that the undersigned was struggling to fulfill an attorney's duty to the client during a particularly busy briefing schedule and the undersigned was able to make many timely filings, despite the medical restrictions. The observation merely supports the Plaintiff's contention that the oversight of entry of the order denying a motion for reconsideration was excusable under the circumstances.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite C
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

Memo: Late Notice of Appeal
*Kubanyi v. GVEA* Case No. F04-0026.

Page 3 of 4

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite C
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

Memo: Late Notice of Appeal
*Kubanyi v. GVEA* Case No. F04-0026.

Page 4 of 4