Michael J. Walleri
Law Offices of Michael J. Walleri
330 Wendell Street, Suite E
Fairbanks, Alaska 99701
(907) 452-4716
(907) 452-4725 (Facsimile)
Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DON M. KUBANYI, et. al.<br><br>        Plaintiff(s),<br><br>vs.<br><br>GOLDEN VALLEY ELECTRIC ASSOCIATION, et. al<br>        Defendants. | **REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AS TO GVEA'S COUNTERCLAIMS, OR, IN THE ALTERNATIVE, LEAVE TO JOIN THE UNITED STATES** |

Case No. 4:04-cv-0026 RRB

      The Kubanyis, have moved for summary judgment as to (GVEA) counterclaims, or in the alternative, leave to join the United States as a party defendant under the Federal Tort Claims Act.[1] GVEA opposes. The Court should grant the motion.

---

[1] Docket 231

Michael J. Walleri
*Attorney at Law*
330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Kubanyi v. GVEA* Case No. F04-0026
Reply: SJ GVEA's Counterclaims

1 of 6

**I.    GVEA HAS FAILED TO PRESENT COGNIZABLE EVIDENCE RESPECTING THE REASON FOR TERMINATING PUMPING OPERATIONS.**

GVEA misstates a significant aspect of the Kubanyi's affirmative defense to GVEA's counterclaims.  Specifically, the Kubanyi's allege that GVEA stopped work on the project because of TCC's notice of trespass and order to "to stop water pumping activity on the Native Allotment owned by the Heirs of Nora Kubanyi." In support of that allegation, the Kubanyi's have presented hard evidence that Cruz terminated its operations as a result of TCC's actions; not the Kubanyi's.[2]

GVEA's attorney makes the bare allegation that GVEA stopped work because the crew felt threatened by Mr. Kubanyi.  The problem with this bare allegation is that GVEA offers no cognizable evidence to support it's attorney's bare allegations, and the evidence in the record clearly contradicts any such inference.  Specifically, Mr. Cruz specifically testified that he stopped work because of the warm weather, not because

---

[2] The evidence is summarized at Docket 233 and supporting exhibits. Specifically, TCC is the manager of the Kubanyi allotment. Id., at 3-5.  On March 4, 2003, Mr. Paul Mayo of TCC and Greg Wyman, of GVEA discussed the situation.  Id., See Plt. Ex. 4. Mr. Mayo followed up with a letter to confirming a telephone conversation.  Id.  The letter was a was formal notice to GVEA and State of Alaska DNR "to stop water pumping activity on the Native Allotment owened by the Heirs of Nora Kubanyi." Id.   The letter confirms that Mayo and Wyman had a "mutually agreed that a temporary work stop would ensure the safety of the landowners and the contractors."[2]  As a result of this discussion, GVEA directed Cruz to stop work on the project. Id., See Plt.  Ex. 2 [Cruz Depo) pp. 58.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Kubanyi v. GVEA* Case No. F04-0026    2 of 6
Reply: SJ GVEA's Counterclaims

of perceived threats from Mr. Kubanyi.[3] GVEA submitted no affidavit from any GVEA official stating why GVEA gave Mr. Cruz the Stop work order.  In contrast, the evidence is clear that Mr. Kubanyi was removed from the site by the Troopers, when he was arrested, and therefore presented no further rational basis upon which a reasonable person might perceive a threat.  And finally, the Troopers specifically told Mr. Baggett that neither he nor any other member of the Kubanyi family should interfere with any further operations of GVEA and Cruz, and Mr. Baggett agreed. [4]

In short, all the evidence clearly demonstrates that no reasonable person could perceive the Kuybani's to be a threat after Don Kuybani had been removed and the remaining Kuybani's affirmatively indicated that they would not interfere with Cruz/GVEA operations.[5]

Given this record, the Court does not have the discretion to deny summary judgment.  "(T)he mere existence of some alleged factual dispute between the parties

---

[3] Plt. E x. 2  [Cruz Depo) pp. at 57 [Docket 233]
[4] Docket 86, at pp. 16-17 and supporting exhibits; See also Docket 87
[5] Indeed, the only explanation of any perceived fear as to the workmen lies in their racial epitaphs made to the Troopers that the Kubanyi's were wild Indians.  Racial epitaphs are not a cognizable basis for reasonable fear.  As an aside, it is very clear that the workman lied to the Troopers when they claimed that the Kubanyi's were armed and dangerous.  As the troopers discovered, none of the Kubanyi's were armed.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact.[6] The non-moving party may defeat judgment by producing sufficient specific facts to establish that there is a genuine issue of material fact for trial.[7] However, mere allegations of factual dispute, without more, will not defeat an otherwise proper motion.[8] Where the moving party presents uncontested facts in support of its motion for summary judgment, the nonmoving party "must come forward with more persuasive evidence to support [his] claim than would otherwise be necessary."[9]  In this case, GVEA has failed to provide even a scintilla of evidence that a genuine issue of material fact exists, which requires this Court to grant the motion for summary judgment in favor of the Kubanyis.

---

[6] *Anderson v Liberty Lobby, Inc.*, 477 U.S., at 247-248

[7] *Celotex Corp. v Catrett,* 477 U.S. 317, 322 (1986).

[8] *Provenz v Miller,* 102 F.3d 1478, 1489-90 (9th Cir., 1996);  *Angel v Seattle-First Nat.'l Bank,* 653 F.2d 1293, 1299 (9th Cir. 1981).

[9] *Matsushita Elec. Industrial Co. v. Zenith Radio,* 475 U.S. 574, 587 (1986)

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

###    II.        IF A TORT WERE COMMITTED, IT WAS COMMITTED BY TCC, WHICH IS SUBJECT TO FEDERAL TORT CLAIMS ACT.

Incredibly, GVEA suggests that the Federal government must affirmatively assert an interest to trigger Federal Tort Claim coverage. The argument is absurd, and unsupported by the law.  First, GVEA suggests that the potentially liable parties – i.e. TCC and the Federal government – must come forward to claim responsibility.  If that were the case, no tort action would ever lay against the federal government.  GVEA would suggest that federal tort claim actions must be initiated by the federal government.   The suggestion is pure nonsensical.  Defendants don't initiate claims; claimants do.   More importantly, GVEA offers no legal authority to suggest that the federal government must initiate claims against itself.  As noted in the original motion, there is a procedure for the presentation of claims under the Federal Tort Claims when a tribal contractor like TCC is alleged to have committed a tort.  The fact that the Kubanyi's allege, that if any tort was committed as alleged, TCC committed the tort, triggers Federal Tort Claims coverage.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Kubanyi v. GVEA* Case No. F04-0026                                                                                       5 of 6
    Reply: SJ GVEA's Counterclaims

## CONCLUSION

For the reasons stated above the Court should grant summary judgement to the Kubanyis as to Golden Valley's (GVEA) counterclaims, or in the alternative, leave to join the United States as a party defendant under the Federal Tort Claims Act.

DATED this 29th day of March, 2007.

MICHAEL J. WALLERI

/s/ Michael J. Walleri
Law Offices of Michael J. Walleri
330 Wendell Street, Suite E
Fairbanks, Alaska 99701
(907) 452-4716
(907) 4524725 (Facsimile)
walleri@gci.net
AK Bar No. 7906060

Certificate of Service
I hereby certify that under penalty of perjury that a true and correct copy of the foregoing was sent to the following counsel of record on March 6, 2007 via ECF to:

| | |
|---|---|
| Mr. David Floerchinger<br>Assistant Attorney General<br>Department of Law<br>1031 W. Fourth Ave., Suite 200<br>Anchorage, Ak  99501 | Mr. Cory Borgeson<br>Boreson & Burns, P.C.<br>100 Cushman Street, Suite 31<br>Fairbanks, Alaska 99701 |
| Mr. Eric P. Gillett<br>Preg O'Donnell & Gillett, P.C.<br>1800 Ninth Ave., Suite 1500<br>Seattle, WA  98101-1340 | Mr. Daniel T. Quinn<br>Richmond & Quinn<br>360 K Street, Suite 200<br>Anchorage, AK 99501-2038 |

/s/ Michael J. Walleri

**Michael J. Walleri**
*Attorney at Law*
330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Kubanyi v. GVEA* Case No. F04-0026                                      6 of 6
  Reply: SJ GVEA's Counterclaims