Michael J. Walleri
Law Offices of Michael J. Walleri
330 Wendell Street, Suite E
Fairbanks, Alaska  99701
(907) 452-4716
(907) 452-4725 (Facsimile)
Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DON M. KUBANYI, et. al.<br><br>        Plaintiff(s),<br><br>vs.<br><br>GOLDEN VALLEY ELECTRIC ASSOCIATION, et. al<br>        Defendants. | **REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS GVEA'S COUNTERCLAIMS FOR FAILURE TO STATE A COGNIZABLE CAUSE OF ACTION [FRCP 12(B)(6)]** |

Case No. 4:04-cv-0026 RRB

The Court should grant the Kubanyi's motion to dismiss GVEA's counterclaims pursuant to FRCP 12(b)(6).

### I.    ALASKA DOES NOT RECOGNIZE INTERFERENCE WITH EXPRESS EASEMENT

GVEA cited *Gerstein v Axtell, 960 P.2d 599, 602 n 2 (Alaska 1998)* to suggest that Alaska recognizes the claim for interference with an express easement as a

*Kubanyi v. GVEA* Case No. F04-0026                                                                1 of 7
Reply: Dismiss GVEA's Counterclaims

**Michael J. Walleri**
*Attorney at Law*
330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

cognizable action.  The case does not deal with that issue. Rather the case reviewed a decision granting partial summary judgment in an action under the Cable Communications Policy Act of 1984.  In its holding the Court expressly **assumed** that the Act provided access, and that appellant would have had to pay just compensation for use of a private easement whether it was accessed by eminent domain or under the Act.  The case had nothing to do with a private cause of action sounding in tort for interference with an express easement.   Hence, GVEA's claims present novel theories of tort liability asserted and considered for the first time and are governed by the principles enunciated in  *D.S.W. v Fairbanks North Star Borough School District, 628 P.2d 554 (Alaska, 1981)*

In asserting this claim, GVEA does not articulate what the elements of such a cause of action might be.  The mere fact that an easement may or may not have existed does not mean that GVEA can act in reckless disregard of posted no trespassing signs, nor does it prvent the Kubanyi's acting reasonably to prevent a trespass that they reasonably believe to be in progress.  The easement along the south end of the trail does not mean that  GVEA acted reasonably in invading the Kubanyi lands in the middle of the night to set up a noisy water pumping station. Equally, there is no legal theory that suggests that the Kubanyi's may not exclude

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

people from their surveyed and posted lands.  The standards suggested by GVEA would mean that an ordinary traffic accident would give rise to a tortuous cause of action sounding in interference with a public easement.  GVEA has not articulated a cognizable cause of actions, the elements of such cause of action, nor GVEA's pleadings of alleged facts that would actually sound within the parameters of such action.  The Court should dismiss the counterclaims.

## II.     THE KUBANYI'S WERE PRIVILEGED.

It is important to note that there is no allegation, nor any evidence, that Mr. Kubanyi used deadly force.  Mr. Kubanyi made threats.   He was unarmed at all times. Indeed, GVEA's counter claim does not state that he used deadly force. The most GVEA claims is that Don Kubanyi made threats to use a gun.  There is no allegation that he actually to used deadly force.

GVEA fully acknowledges that under Alaska law, Mr. Kubanyi was privileged to use **non-deadly force** to prevent trespass.  AS 11.81.350(a) and (c).[1] Non-deadly force is obvious force that is not deadly force.  Deadly force is defined in Alaska statute in a manner that does not include mere threats unless the person is

---

[1] Docket 250 at 7

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

actually point a firearm in the direction of the victim.[2] An unarmed person merely threatening to use a gun does not constitute deadly force. As a result, GVEA has failed to state a claim because it has failed to state factual allegations that would amount to the use of deadly force, and, under the circumstances alleged, Mr. Don Kubanyi would be privileged to take the actions he took on the evening in question.

Moreover, GVEA does not allege that any other member of the family used any force at all. Hence, no allegations sufficient to give rise to a cognizable action have been alleged.

GVEA's arguments go to the use of deadly force; not non-deadly force. While there may be some dispute as to deadly force, the Court need not address that issue. The simple fact is that GVEA has alleged that Mr. Kubanyi used non-deadly force to prevent invasion of lands that a reasonable person would believe to be a criminal trespass --- i.e. lands posted no trespassing. The Court should dismiss the counterclaims.

---

[2] AS 11.81.900(16)

**Michael J. Walleri**
*Attorney at Law*
330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Kubanyi v. GVEA* Case No. F04-0026
Reply: Dismiss GVEA's Counterclaims

4 of 7

### III.  NO EXPRESS RIGHT OF WAY EXISTS

GVEA fails to make any reference to an "express" right of way. As the Court has already noted, the location, width and scope of the right of way are all issues in which genuine issues of fact require trial to determine. In other words, the right of way, if it exists in the location claimed by GVEA, is not an 'express right of way". It is axiomatic that the tort of interference with an express right of way requires, as an element, the existence of an express right of way. None exists in this case. At best, there is a right of way, the location, scope and width of which needs to be determined. In the absence of an "express" right of way, no tort can exist.

### IV.  THERE WAS NO PROSPECTIVE BUSINESS INTEREST/ NO BREACH OF CONTRACT BY CRUZ.

GVEA lost money because it could not trespass on the Kubanyi allotment. That does not make the Kubanyi's liable for anything. As previously noted, fundamental to the tort of interference with a prospective business interest is the allegation that the relationship at issue is prospective in nature.[3] The relationship in this case was existing; not prospective. GVEA counterclaim alleges that its relationship with Cruz was existing during the entire project, which included prior

---

[3] *Ellis v. City of Valdez*, 686 P.2d 700, 706-08 (Alaska 1984)

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Kubanyi v. GVEA* Case No. F04-0026　　　　　　　　　　　　　　　　　　　　5 of 7
Reply: Dismiss GVEA's Counterclaims

to incidents occurring at the Kubanyi allotment.  GVEA has failed to allege the proper tort.  Rather, GVEA argues that it could engage Cruz prospectively for further work, but it has not alleged those facts to state a cognizable claim.  The Court should dismiss the claim.

As noted the proper pleading would have been intentional interference with contractual relations, however, GVEA's failure to respond to this argument is a tacit admission that if it had alleged the relevant tort, the elements of such tort do not exist, nor have they been alleged.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Kubanyi v. GVEA* Case No. F04-0026
Reply: Dismiss GVEA's Counterclaims

6 of 7

## V.   CONCLUSION

For the reasons stated above, GVEA has failed to state a cognizable claim under the theory asserted and GVEA's counterclaims should be dismissed.

DATED this 29th    day of March,  2007.

                                   MICHAEL J. WALLERI

                                   /s/ Michael J. Walleri
                                   Law Offices of Michael J. Walleri
                                   330 Wendell Street, Suite E
                                   Fairbanks, Alaska 99701
                                   (907) 452-4716
                                   (907) 4524725 (Facsimile)
                                   walleri@gci.net
                                   AK Bar No. 7906060

Certificate of Service
I hereby certify that under penalty of perjury that a true and
correct copy of the foregoing was sent to the following counsel
of record on March 29th , 2007 via ECF to:

| Mr. David Floerchinger | Mr. Cory Borgeson |
| Assistant Attorney General | Boreson & Burns, P.C. |
| Department of Law | 100 Cushman Street, Suite 31 |
| 1031 W. Fourth Ave., Suite 200 | Fairbanks, Alaska 99701 |
| Anchorage, Ak  99501 | |
| | |
| Mr. Eric P. Gillett | Mr. Daniel T. Quinn |
| Preg O'Donnell & Gillett, P.C. | Richmond & Quinn |
| 1800 Ninth Ave., Suite 1500 | 360 K Street, Suite 200 |
| Seattle, WA  98101-1340 | Anchorage, AK 99501-2038 |

/s/ Michael J. Walleri

**Michael J. Walleri**
*Attorney at Law*
330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Kubanyi v. GVEA* Case No. F04-0026    7 of 7
Reply: Dismiss GVEA's Counterclaims