Borgeson & Burns, PC
100 Cushman Street, Suite 311
Fairbanks, AK 99701
(907) 452-1666
(907) 456-5055 – facsimile

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| Don M. Kubanyi, Jimmy Kubanyi, Aileen Welton, Elizabeth Tuzroyluk Doris Kubanyi, Victor Kubanyi, Bobby Kubanyi, Arlette Kubanyi, and Brian Baggett<br><br>Plaintiffs,<br><br>vs.<br><br>Golden Valley Electric Association and Dave Cruz, individually and d/b/a Cruz Construction,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>Case No. F04-00026 CIV<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT GVEA'S OPPOSITION
## TO PLAINTIFFS' MOTION FOR RELIEF FROM JUDGMENT, AT DOCKET 258

Defendant, Golden Valley Electric Association, Inc. ("GVEA") opposes

Plaintiffs' Motion for Relief from Judgment, at Docket 258, based on the following:

### FACTS

On March 19, 2007, this Court entered an Order denying Plaintiffs' Motion to

Dismiss GVEA's Counterclaims at Docket 206.[1]  In making that decision, the Court

applied the appropriate standard for dismissing a claim under Rule 12(b)(6) stating

"[t]he Court must decide "whether, on the face of the counterclaim, a claim is stated

---

[1] Docket 247.

upon which relief can be granted . . . , construe the pleading in the manner most favorable to appellants and must bear in mind the policy that, unless there is no doubt as to the result, cases should be disposed of upon their merits."[2]

The Court found that GVEA's counterclaims are cognizable common law tort claims.[3]  Plaintiffs have now filed a motion for relief from this Court's order at Docket 247, asserting that the Court erred in failing to articulate "whether the source of that [common] law was state or federal law,"[4] and asserting that the Court overlooked the "uncertainty of the easement."[5]  Plaintiffs cite Fed. R. Civ. P. 60(b) as the authority for bringing their motion.[6]

GVEA now opposes Plaintiffs' assertions and respectfully requests that this Court deny Plaintiffs' Motion for Relief from Judgment.

## ARGUMENT

Plaintiffs cannot avail themselves of a motion under Fed. R. Civ. P. 60(b) because the order which they are seeking to have this court reconsider is interlocutory in that no final judgment has yet been entered in this case.[7]  Rule 60(b)

---

[2] Docket 247 at 2.

[3] *Id.* at 3.

[4] Plaintiffs' Memorandum in Support of Motion for Relief from Judgment, Docket 259 at 2.

[5] *Id.* at 3.

[6] *Id.* at 1-2.

[7] *See United States v. Little,* No. CV-F-02-5141 REC/DLB, 2006 WL 2432270, at *1 (E. D. Cal. Aug. 21, 2006) (stating Rule 60(b) does not "apply to defendants' [reconsideration] motion because no judgment has been entered in favor of the [plaintiff].").

relief does not apply to non-final orders.[8]  Stated somewhat differently, this Court's March 19, 2007, order did *not* end the litigation on the merits and leave nothing for the court to do but execute the judgment."[9]  Quite the contrary, as is evidenced by the pending Plaintiffs' summary judgment motion and other pending defense motions, there are a number of issues which the court must resolve before entering a final judgment in this action.  Therefore, Plaintiffs cannot avail themselves of reconsideration under Rule 60(b).

Rule 60(b) permits a court to "relieve a party ... from a **final** judgment, order, or proceeding...."  Rule 60(b) simply does not apply to **non-final** orders.[10]  The court made no final adjudication of any issue in the March 19, 2007 order.   Rather, the court merely recognized that GVEA had met its burden of pleading cognizable causes of action and therefore, the Court could not grant Plaintiffs' Motion to Dismiss GVEA's counterclaims at this stage of the case.   Plaintiffs still have the opportunity to defend at trial against GVEA's counterclaims.  Therefore, Plaintiffs' Rule 60(b) Motion for Relief from Judgment should be denied.

## CONCLUSION

For reasons set forth above, GVEA respectfully requests this Court DENY Plaintiffs' Motion for Relief from Judgment at Docket 258.

---

[8] *Connors v. Iquique U.S.L.L.C.,* No. C05-334JLR, 2005 WL 3007127, at *7 (W.D.Wash. Nov. 9, 2005) (citing *Santa Monica Baykeeper,* 254 F.3d 882, 886-87 (9th Cir.2001)).
[9] *Catlin v. United States,* 324 U.S. 229, 233 (1945).
[10] *See Santa Monica BayKeeper,* 254 F.3d 882, 886-87 (9th Cir.2001).

DATED at Fairbanks, Alaska, this 12th day of April, 2007.

BORGESON & BURNS, PC
Attorney(s) for Plaintiff GVEA


By:_____s/Cory Borgeson_____
Cory Borgeson
ABA # 8405009


This is to certify that on this date, a copy of the foregoing
document is being served electronically on:

Michael Walleri  walleri@gci.net; christin_woodward@yahoo.com
330 Wendell Street, Suite E
Fairbanks, AK  99701

Daniel T. Quinn dquinn@richmondquinn.com; cesary@richmondquinn.com
Richmond & Quinn
360 K Street, Suite 200
Anchorage, AK  99501-2028