Borgeson & Burns, PC
100 Cushman Street, Suite 311
Fairbanks, AK 99701
(907) 452-1666
(907) 456-5055 – facsimile

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| Don M. Kubanyi, Jimmy Kubanyi,<br>Aileen Welton, Elizabeth Tuzroyluk<br>Doris Kubanyi, Victor Kubanyi,<br>Bobby Kubanyi, and Arlette Kubanyi,<br><br>Plaintiffs,<br><br>vs.<br><br>Golden Valley Electric Association and<br>Dave Cruz, individually and d/b/a<br>Cruz Construction,<br><br>Defendants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. F04-00026 CIV<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT GVEA'S REPLY
## TO PLAINTIFFS' OPPOSITION TO GVEA'S MOTION
## TO FILE LATE MOTION IN LIMINE

Defendant, Golden Valley Electric Association, Inc. ("GVEA") replies to
Plaintiffs' Opposition to GVEA's Motion to File Late Motion In Limine (at Docket 253)
as follows.

### ARGUMENT

**The Parties do Not Agree that In Limine Motion Deadlines Should Be Extended**

Plaintiffs incorrectly state that "the parties agree that in limine motion
deadlines should be extended."[1]  Plaintiffs filed a motion to extend the deadline for

_____
[1] See Partial Opposition to defendant's Motion to File Late Motion In Limine, Page 1, at Docket 273.

discovery and motions practice for an additional 90 days.[2]  GVEA filed a motion to

file a single motion in limine two days after the deadline for in limine motions.  For

Plaintiffs to claim that the two motions to extend represent some agreement to a 90

day long extension is completely false.  GVEA requested a single two day extension

for one single motion.  Plaintiffs, on the other hand, want three more months of

burdensome and costly discovery and ask for the right to file additional motions

which might include any number of issues.

The parties have not agreed to extend motions practice.

### GVEA's Counterclaims Do Not Seek Adjudication of Plaintiffs' Interest in Plaintiffs' Allotment

As set out in (1) GVEA's Reply to Plaintiffs' Opposition to GVEA's Motion to

Amend GVEA's Answer and add Counterclaims at Docket 157; (2) this Court's order of

December 18, 2006 at Docket 177; and (3) GVEA's Opposition to Plaintiffs' first Motion

to Dismiss GVEA's Counterclaims at Docket 212,  GVEA is asserting tort claims based

on Plaintiffs' wrongful interference with an express right of way and Plaintiffs' wrongful

interference with a business advantage

GVEA has again and again tried to explain that GVEA is not bringing any

counterclaims to quiet title to Plaintiffs' Allotment.  GVEA does not contest that the

Plaintiffs have title to their Allotment and GVEA does not contest the boundaries of

Plaintiffs' Allotment.  GVEA's counterclaims in no way require an adjudication of any

interest in Plaintiffs' Allotment.

GVEA has asked to Court to decide the width of the easement, but based on

GVEA's Expert Patrick Kalen's report, the centerline of the Rex Trail is below the

---

[2] Docket 248.

ordinary high water mark of Seven Mile lake.  Therefore, it makes no difference whether the trail is 100 feet wide, 50 feet wide or even 25 feet wide.   Plaintiffs did not have the right to exclude Cruz workers from accessing the publicly held waters of Seven Mile Lake from the publicly held easement of the Rex Trail.

To the extent the court or jury may decide whether the RS 2477 ROW is 50 or 100 feet wide, this issue will necessarily be decided as part of Plaintiffs' case in chief. Plaintiffs' again claim, as they have in their many motions and oppositions related to GVEA's Counterclaims,[3] that GVEA's Counterclaims challenge the Kubanyis' title to the land in dispute.  Plaintiffs still incorrectly insist, (and GVEA again has to defend), that there is some title issue involved in  GVEA's counterclaims.[4]   Plaintiffs' still misunderstand GVEA's counterclaims.

As set forth in GVEA's Reply to Plaintiffs' Opposition to GVEA's Motion to Amend Answer to add Counterclaims,[5] GVEA's counterclaims are not based on whether the Kubanyis hold title to the Allotment.  Rather, GVEA's counterclaims are based on the Kubanyis' interference with an express easement on the Rex to Bonnifield Trail, which runs through their Allotment.

No challenge to the Plaintiffs' title to the Allotment has been brought.  The only challenge is to the Plaintiffs' right to exclude the public from lawful uses of the right-of-way already granted by the United States.

---

[3] Docket 148.

[4] Plaintiffs' Memorandum in Support of Motion to Dismiss GVEA's Counterclaims, page 3, Docket 207.

[5] GVEA's Reply to Plaintiffs Opposition to GVEA's Motion to Amend Answer to add Counterclaims at 1, 2-4, Docket 157.

**CONCLUSION**

For the reasons set forth above, GVEA respectfully requests this Court grant GVEA's Motion to File Late Motion In Limine regarding excluding the testimony of Plaintiffs' expert Mark Sherman.  This motion seeks to streamline the case for trial, and, in the interest of judicial economy, should be granted.

DATED at Fairbanks, Alaska, this 12th day of March, 2007.

BORGESON & BURNS, PC
Attorney(s) for Plaintiff GVEA


By:_____s/Cory Borgeson_____
Cory Borgeson
ABA # 8405009

This is to certify that on this date, a copy of the foregoing
document is being served electronically on:

Michael Walleri  walleri@gci.net; christin_woodward@yahoo.com
330 Wendell Street, Suite E
Fairbanks, AK  99701

Daniel T. Quinn dquinn@richmondquinn.com; cesary@richmondquinn.com
Richmond & Quinn
360 K Street, Suite 200
Anchorage, AK  99501-2028