Borgeson & Burns, PC
100 Cushman Street, Suite 311
Fairbanks, AK 99701
(907) 452-1666
(907) 456-5055 – facsimile

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| Don M. Kubanyi, Jimmy Kubanyi,<br>Aileen Welton, Elizabeth Tuzroyluk<br>Doris Kubanyi, Victor Kubanyi,<br>Bobby Kubanyi, Arlette Kubanyi,<br>and Brian Baggett<br><br>Plaintiffs,<br><br>vs.<br><br>Golden Valley Electric Association and<br>Dave Cruz, individually and d/b/a<br>Cruz Construction,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. F04-0026 CIV |

## DEFENDANT GVEA'S NON-OPPOSITION
## TO PLAINTIFFS' ALTERNATIVE MOTION TO STAY
## AND CERTIFY FOR INTERLOCUTORY REVIEW, AT DOCKET 270

Defendant, Golden Valley Electric Association, Inc. ("GVEA") opposes

Plaintiffs' Alternative Motion to Stay and Certify for Interlocutory Review, at Docket

270, based on the following.

## FACTS

On October 27, 2006, GVEA filed its Motion to Amend Answer and File Counterclaims with the Amended Answer and Counterclaims attached.[1] The Court granted GVEA's Motion on December 18, 2006,[2] and GVEA filed its Amended Answer and Counterclaims on December 20, 2006.[3]

Since GVEA filed its Counterclaims, Plaintiffs have filed their defenses,[4] two motions to dismiss,[5] a motion for summary judgment[6] and their opposition to GVEA's motion to dismiss Plaintiffs' Affirmative Defenses, all regarding GVEA's counterclaims.[7] Plaintiffs have also filed a motion to reconsider regarding this Court's disposition of Plaintiffs first motion to dismiss GVEA's counterclaims,[8] and a suggestion that this Court seek the opinion of the Untied Stated Government as to issues raised in Plaintiffs' various motions regarding GVEA's counterclaims.[9]

Fearing an unfavorable ruling on the pending motions, but prior to any such ruling, Plaintiffs move this Court to stay proceedings and to certify questions for interlocutory review.[10]

---

[1]  At Docket 118.
[2]  At Docket 177.
[3]  At Docket 182.
[4]  At Docket 205.
[5]  At Docket 206 and Docket 234.
[6]  At Docket 231.
[7]  At Docket 229.
[8]  At Docket 258.
[9]  At Docket 264.
[10] At Docket 269.

GVEA's Opposition to Plaintiffs' Motion to Stay and Certify for Interlocutory Review, at Docket 270
F04-00026 CI
Page 2 of 5

**GVEA'S PARTIAL AGREEMENT TO STAY UNTIL MAY 15, 2007**

GVEA does not oppose Plaintiffs' motion to the extent that Plaintiffs' motion asks this Court to stay proceedings until May 15, 2007 when Plaintiffs' counsel returns from overseas.

**GVEA'S OPPOSITION TO PLAINTIFFS' MOTION TO CERTIFY FOR INTERLOCUTORY REVIEW PRIOR TO THIS COURT'S RULING**

GVEA is perplexed by Plaintiffs' motion to certify for interlocutory review this Court's rulings on motions on which this Court has yet to rule. If Plaintiffs' purpose in making this motion is to intimidate this Court with a thinly veiled threat that Plaintiffs will appeal this Court's rulings to the Ninth Circuit Court of Appeals, then GVEA is appalled. Such intimidation is not appropriate.

If Plaintiffs' seek to have this Court certify for interlocutory review this Court's rulings in advance of this Court making those rulings, GVEA is confused as to how it should respond, and therefore opposes any such certification.

Finally, GVEA does not agree that "an immediate interlocutory appeal to the Ninth Circuit from such order may materially advance the ultimate termination of this litigation," as Plaintiffs assert in their memorandum supporting their motion at Docket 269.[11] Rather, an interlocutory appeal of a non final order would slow down proceedings significantly, especially because Plaintiffs will still have the opportunity to present their case against GVEA's counterclaims at trial on the merits.

---

[11] See Plaintiffs' Memorandum in Support of Alternative Motion to Stay and Certify for Interlocutory Review, page 2, at Docket 270.

GVEA's Opposition to Plaintiffs' Motion to Stay and Certify for Interlocutory Review, at Docket 270
F04-00026 CI
Page 3 of 5

Plaintiffs seem willing to incur the expense of an appeal, yet unwilling to go to trial on the merits of this case. Plaintiffs would have this Court cause both Plaintiffs and GVEA to go through the expense of an interlocutory appeal to decide facts of the case, when the factual issues of this case have yet to be decided with the force of a final order.

This Court has stated that GVEA's counterclaims are sufficiently plead to survive Plaintiffs' motion to dismiss. This Court has not entered any final order granting or dismissing GVEA's counterclaims. Why would Plaintiffs need to appeal now, rather than continue with a trial on the merits at which they could defend GVEA's counterclaims with a showing of evidence? Plaintiffs' motion is not well taken. This Court should deny Plaintiffs' motion to certify for interlocutory review any orders this Court has yet to issue.

## CONCLUSION

For reasons set forth above, GVEA does not oppose Plaintiffs' request that this Court STAY proceedings until May 15, 2007, when Plaintiffs' counsel has returned from his overseas travel. GVEA respectfully requests that this Court DENY Plaintiffs' Motion to Certify for Interlocutory Review, at Docket 270.

DATED at Fairbanks, Alaska, this 7th day of May, 2007.

BORGESON & BURNS, PC
Attorney(s) for Plaintiff GVEA

By:_____s/Cory Borgeson_____
　　　Cory Borgeson
　　　ABA # 8405009

GVEA's Opposition to Plaintiffs' Motion to Stay and Certify for Interlocutory Review, at Docket 270
F04-00026 CI
Page 4 of 5

This is to certify that on this date, a copy of the foregoing
document is being served electronically on:

Michael Walleri  walleri@gci.net; christin_woodward@yahoo.com
330 Wendell Street, Suite E
Fairbanks, AK  99701

Daniel T. Quinn dquinn@richmondquinn.com; cesary@richmondquinn.com
Richmond & Quinn
360 K Street, Suite 200
Anchorage, AK  99501-2028