IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

DON M. KUBANYI; JIMMY KUBANYI;
AILEEN WELTON; ELIZABETH
TUZROYLUK; DORIS KUBANYI;
VICTOR KUBANYI; BOBBY KUBANYI;
ARLETTE KUBANYI; and BRIAN
BAGGETT,

        Plaintiffs,

vs.

GOLDEN VALLEY ELECTRIC
ASSOCIATION; and DAVE CRUZ,
individually and d/b/a CRUZ
CONSTRUCTION,

        Defendants.

Case No. 4:04-cv-0026-RRB

**ORDER DENYING GVEA'S MOTION
TO STRIKE HANS AXELSSON FROM
SECOND AMENDED EXPERT
WITNESS LIST**

## I.  INTRODUCTION

Before the Court is Defendant Golden Valley Electric Association ("GVEA") with a Motion to Strike Hans Axelsson from Plaintiffs' Second Amended Expert Witness List pursuant to Fed. R. Civ. P. 12(f) at Docket 210.  GVEA believes that Plaintiffs

improperly seek to prevent GVEA from contacting Axelsson and bringing his opinion to the jury's attention.[1]

Plaintiffs argue that GVEA's motion should be denied because Axelsson also appears on GVEA's witness list as an expert and fact witness and because GVEA has not been irreparably precluded from discovery.[2] Plaintiffs believe that GVEA should be precluded from having ex parte communications with Axelsson.[3]

For the reasons discussed below, the Court will permit each party to contact and communicate with Axelsson to whatever extent Axelsson finds agreeable. GVEA's Motion is **DENIED**.

## II.  BACKGROUND

Plaintiffs' Initial Expert Witness Disclosure dated January 17, 2006, identified two expert witnesses: Paul Mayo and Eric Stahlke.[4] On May 2, 2006, Plaintiffs filed an Amended Final Witness List and Expert Witness Disclosure, which included, in addition to Mayo and Stahlke, Hans Axelsson as an expert on damages from trespass.[5] Then, on October 3, 2006, Plaintiffs removed

---

[1]    Docket 211 at 4; Docket 228 at 2.

[2]    Docket 225 at 2-3.

[3]    Docket 225 at 4-5.

[4]    Docket 211, Ex. A at 3.

[5]    Docket 211, Ex. B at 8.

Axelsson from their Amended Expert Witness List and in his place listed Mark Sherman as an expert on damages from trespass.[6]

On October 5-6, 2006, after Plaintiffs removed Axelsson from their witness list, GVEA deposed Plaintiffs' Expert Witnesses Mayo and Stahlke. During Mayo's deposition, GVEA became aware of a letter from Axelsson to Plaintiffs' counsel describing the damages from "such small area and short trespass period" as "nominal" but that he was "not competent and qualified" to evaluate a "case where damages in the amounts of profits received by the trespasser would include cost estimates for ice road construction."[7] Axelsson therefore "decline[d] the assignment."[8] Upon discovering that Axelsson believed that any damages were "nominal", GVEA added Axelsson as a "realty expert" witness to GVEA's Amended Final Witness List dated November 30, 2006.[9]

On January 18, 2007, Plaintiffs re-listed Axelsson on their Second Amended Expert Witness List.[10] Plaintiffs' Amended Expert Witness List contained the following statement: "Plaintiffs reserve the right not to call every witness listed. As to any

---

[6]    Docket 211, Ex. C at 3.

[7]    Docket 211, Ex. E.

[8]    Id.

[9]    Docket 211, Ex. G at 11-12.

[10]   Docket 200 at 2-3.

expert witness whom Plaintiffs elect not to call at trial, such
expert is expressly declared to be a consulting witness, whether
hereafter deposed or not. No other party may call such consulting
expert without the Plaintiff's [sic] express permission."[11]

On February 1, 2007, GVEA filed the present Motion to
Strike Hans Axelsson from Plaintiffs' Amended Expert Witness List.[12]

## III. STANDARD OF REVIEW

The "district court is vested with broad discretion to
make discovery and evidentiary rulings conducive to the conduct of
a fair and orderly trial."[13]

## IV. DISCUSSION

All parties agree that Mr. Axelsson should testify at
trial.[14] The present dispute apparently only concerns ex parte
access to Axelsson.

Civil Rule 26(b)(4) allows a party to depose "any person
who has been identified as an expert whose opinions may be
presented at trial",[15] but places limits on discovery by one party

---

[11]    Id. at 1-2.

[12]    Docket 210.

[13]    Campbell Indus. v. M/V Gemini, 619 F.2d 24, 27 (9th Cir. 1980).

[14]    See Docket 225 at 3.

[15]    Fed. R. Civ. P. 26(b)(4)(A).

of the facts or opinions known held by an expert "who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial."[16]   The parties at bar, however, disagree about which party "retained" Axelsson.

Plaintiffs claim that their initial listing of Axelsson as a "retained expert witness" on their May 2, 2006, Amended Final Witness List and Expert Disclosure amounted to retention.[17] Plaintiffs allege that "[i]n essence Axelsson has always been on Plaintiff's [sic] witness list" and that he did not lose his retained status even when Plaintiffs removed Axelsson from their witness list and replaced him with Mark Sherman as an expert witness on the same issue.[18] According to Plaintiffs, "GVEA would be precluded from ex parte contact with Axelsson in any event."[19]

GVEA, on the other hand, claims that because Axelsson provided his opinion to Plaintiffs free of charge, he "was never a retained expert for the Plaintiffs"[20] and that Plaintiffs' subsequent decision to drop Axelsson from their witness list

---

[16]   Fed. R. Civ. P. 26(b)(4)(B).

[17]   Docket 211, Ex. B at 7.

[18]   Docket 225 at 1-2.

[19]   Id. at 4.

[20]   Id. at 1.

"confirmed Mr. Axelsson's free agent status."[21]  GVEA asserts that
"the only purpose of [Plaintiffs' late amendment re-listing
Axelsson as an expert] is to prevent GVEA from calling Axelsson or
otherwise bringing his opinion to the jury's attention."[22]

        The Ninth Circuit has recognized the impropriety of ex
parte contact with an opposing party's retained expert witness.[23]
However, the parties at bar have not identified--and the Court is
not aware of--any case law which would govern the situation at bar
where Plaintiffs listed Axelsson as an expert on their witness
list, then removed him from their witness list, followed by GVEA's
listing and Plaintiffs' subsequent re-listing of Axelsson as an
expert on their respective expert witness lists.

        Contrary to Plaintiffs' assertion, Campbell Industries v.
M/V Gemini does not reach this issue.  Plaintiffs cite Campbell for
the principle that "once a witness is listed as a retained expert,
opposing parties are prohibited from ex parte contact even after
the expert is dropped from the witness list."[24]  However, nothing

---

[21]    Id. at 2.

[22]    Docket 228 at 2.

[23]    See Erickson v. Newmar Corp., 87 F.3d 298, 302 (9th Cir.
1996); Campbell Indus. v. M/V Gemini, 619 F.2d 24 (9th Cir. 1980);
Carlson v. Monaco Coach Corp., 2006 U.S. Dist. LEXIS 21464 (E.D.
Cal.); 30 Moore's Federal Practice - Civil, § 809.04, n.17.1.

[24]    Docket 225 at 4 (emphasis added).

in <u>Campbell</u> indicates that the expert was "dropped."  On the contrary, the parties in <u>Campbell</u> did not dispute that the expert was still retained when the ex parte communication occurred.[25] <u>Campbell</u>, therefore, highlights the significance of the expert's "still employed"/"still retained" status.

In contrast to <u>Campbell</u>, the parties at bar disagree over whether Axelsson was retained by Plaintiffs in the first instance and whether he continued as Plaintiffs' retained expert even after Plaintiffs removed him from their witness list.  Axelsson's August 2, 2006, letter to Plaintiffs suggests that he was not retained or that his retained status ceased when he declared: "After reviewing the legal memorandum filed for this case and the damages you are seeking I must kindly decline the assignment."[26]

The discovery process is a search for truth.  It does not appear that injustice would result from allowing either party to have ex parte communications with Axelsson.  Therefore, in the apparent absence of controlling case law, **the Court exercises its discretion to treat Axelsson as having been retained by both**

---

[25]    <u>See</u> <u>Campbell</u>, 619 F.2d at 26-27 ("Gemini's counsel had contacted Tortbert ex parte on several occasions, <u>even though Tortbert was still employed by Campbell</u>.") (emphasis added); <u>id.</u> at 27 ("Gemini concedes that its counsel's ex parte communications with Torbert <u>while Torbert was still retained by Campbell</u> violated the expert discovery rules . . . .") (emphasis added).

[26]    Docket 211, Ex. E.

parties with the understanding that both parties can freely contact

and communicate with Axelsson at Axelsson's pleasure.

**V.    CONCLUSION**

GVEA's Motion to Strike Hans Axelsson from Plaintiffs'

Second Amended Expert Witness List is therefore **DENIED**.

**IT IS SO ORDERED.**

ENTERED this 11th day of May, 2007.

S/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE