IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DON M. KUBANYI; JIMMY KUBANYI; AILEEN WELTON; ELIZABETH TUZROYLUK; DORIS KUBANYI; VICTOR KUBANYI; BOBBY KUBANYI; ARLETTE KUBANYI; and BRIAN BAGGETT,<br><br>        Plaintiffs,<br><br>vs.<br><br>GOLDEN VALLEY ELECTRIC ASSOCIATION; and DAVE CRUZ, individually and d/b/a CRUZ CONSTRUCTION,<br><br>        Defendants. | Case No. 4:04-0026 CV (RRB)<br><br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AS TO GVEA'S COUNTERCLAIMS, OR, IN THE ALTERNATIVE, LEAVE TO JOIN THE UNITED STATES (DOCKET 231**) |

## I.   INTRODUCTION

Before the Court are Plaintiffs with a Motion for Summary Judgment as to GVEA's Counterclaims, or, in the Alternative, Leave to Join the United States at Docket 231. Plaintiffs seeks summary judgment on GVEA's counterclaims for wrongful interference with an express right of way easement and intentional interference with a

prospective business relationship, or alternatively, to join the United States as a party under the Federal Tort Claims Act.

GVEA opposes at Docket 251 on the grounds that Plaintiffs admit that Cruz Construction stopped its work on or about March 1, 2003, because of Plaintiffs' actions and that no other parties are necessary to adjudicate GVEA's counterclaims.

Because the briefing of the parties on this matter is adequate, oral argument is not necessary. Plaintiffs' motion and alternative request for leave to join the United States is **DENIED**.

## II.  BACKGROUND

On or about March 1, 2003, Cruz Construction workers were conducting water pumping operation near the south end of Seven Mile Lake near Anderson, Alaska, for the purpose of constructing ice roads for the Northern Intertie project. Plaintiff Don Kubanyi believed that the Cruz employees were trespassing on his native allotment. Dave Cruz and his workers believed that they were working within the permissible bounds of a public access easement.

After Mr. Kubanyi threatened to use a firearm against the Cruz workers, Dave Cruz called the Alaska State Troopers. An altercation between the Troopers and Mr. Kubanyi ensued which resulted in KUBANYI's arrest for assault, disorderly conduct, and resisting arrest.

Plaintiffs filed a Complaint seeking damages for trespass and violation of civil rights under 28 U.S.C. § 1983 against

Defendants GVEA, Dave Cruz individually and d/b/a Cruz Construction, and other parties which have been entirely dismissed from this litigation. Because Plaintiffs' § 1983 claims have been dismissed in their entirety against all parties, only a claim for trespass remains.

This Court granted GVEA's motion for leave to assert affirmative defenses against Plaintiffs for (1) wrongful interference with an express right of way easement and (2) intentional interference with a prospective business relationship.[1] The Court denied Plaintiffs' motion at Docket 247 to dismiss GVEA's counterclaims.[2] Plaintiffs now seek summary judgment on GVEA's counterclaims, or alternatively, leave to join the United States as a party.

### III. STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be granted if there is no genuine dispute as to material facts and if the moving party is entitled to judgment as a matter of law. The moving party has the burden of showing that there is no genuine dispute as to material fact.[3] The moving party need not present evidence; it need only point out the

---

[1]    Docket 177.

[2]    Docket 247.

[3]    <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).

lack of any genuine dispute as to material fact.[4]  Once the moving party has met this burden, the nonmoving party must set forth evidence of specific facts showing the existence of a genuine issue for trial.[5]  All evidence presented by the non-movant must be believed for purposes of summary judgment, and all justifiable inferences must be drawn in favor of the non-movant.[6]  However, the nonmoving party may not rest upon mere allegations or denials, but must show that there is sufficient evidence supporting the claimed factual dispute to require a fact-finder to resolve the parties' differing versions of the truth at trial.[7]

## IV.  DISCUSSION

### A.    Cause of Work Stoppage

Plaintiffs assert that Cruz Construction ceased its operations because of the weather and because the Tanana Chiefs Conference ("TCC") intervened in the matter and not because of the Plaintiffs' actions.[8]  Plaintiffs point to TCC Realty Director Paul Mayo's letter of March 4, 2003, to GVEA Engineer Greg Wyman in

---

[4]    Id. at 323-25.

[5]    Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

[6]    Id. at 255.

[7]    Id. at 248-49.

[8]    Docket 233 at 6.

which Mayo instructed GVEA, the Alaska Department of Natural Resources, and Cruz Construction to stop water pumping activities.[9] Plaintiffs assert that any tort actually committed was committed by the TCC in its assertion of rights on behalf of Plaintiffs and not by Plaintiffs themselves.[10]

In opposition, GVEA argues that any "action taken by TCC was at the request of Plaintiffs on behalf of Plaintiffs . . . solely as agents of the Plaintiffs."[11] GVEA denies that it asserts any claim against the TCC and that its "counterclaims are based solely on Plaintiffs' tortuous actions to exclude Cruz Construction workers from lawful access to Seven Mile Lake from the Rex Trail right-of-way on or about March 1, 2003."[12]

As noted by GVEA,[13] Plaintiffs admitted the following facts in their Answer to GVEA's Counterclaims: (1) Plaintiff Don Kubanyi was intoxicated and threatened to use a gun if Cruz did not cease work,[14] (2) Plaintiffs further obstructed Cruz workers' use of the Rex Trail to access Seven Mile Lake by putting obstacles

---

[9]     Docket 231, Ex. 4 at 1.

[10]    Docket 233 at 6.

[11]    Docket 251 at 3.

[12]    Id.

[13]    See Docket 251 at 4-5.

[14]    See Docket 120 at 8, ¶ 23; Docket 205 at 3, ¶ 23.

along the North edge of the Rex Trail adjacent to the South edge of
Seven Mile Lake,[15] (3) Plaintiffs intend to deny public access to
Seven Mile Lake that cross the Plaintiffs' lands,[16] (4) at all
relevant times, GVEA was involved in an ongoing and existing
business relationship with Cruz Construction and contracted with
Global Power and Communications ("Global") for the construction of
the Northern Intertie project and Global contracted with Cruz for
construction of the necessary ice roads used during the
construction project,[17] and (5) when Plaintiffs prevented Cruz from
accessing Seven Mile Lake from the Rex Trail, Cruz had to get water
at higher cost from another source farther away.[18]

Based on the evidence before the Court, there is no
genuine issue of material fact that Mr. Mayo issued a letter on
behalf of TCC instructing that water pumping operations cease.
There is also no genuine issue of material fact regarding the basic
facts underlying GVEA's counterclaims which Plaintiffs have
admitted. However, Plaintiffs do not demonstrate entitlement to
judgment as a matter of law. Moreover, there is sufficient
evidence as to the central factual dispute, i.e., whether trespass

---

[15]    See Docket 120 at 8, ¶ 24; Docket 205 at 3, ¶ 24.

[16]    See Docket 120 at 8, ¶ 28; Docket 205 at 3, ¶ 28.

[17]    See Docket 120 at 9-10, ¶ 38; Docket 205 at 4, ¶ 38.

[18]    See Docket 120 at 10, ¶ 46; Docket 205 at 4, ¶ 46.

occurred and/or impermissible interference with an express public use easement occurred, to submit GVEA's counterclaims to the finder of fact at trial.  Plaintiffs' motion for summary judgment on GVEA's counterclaims is therefore **DENIED**.

### B.    Joinder of the United States

Plaintiffs argue that if GVEA's counterclaims are cognizable, a claim for apportionment of fault may exist between one or more of the Plaintiffs and the TCC.  Plaintiffs argue that any apportionment claim involving the TCC would necessarily require joinder of the United States.[19]  Plaintiffs reason that the TCC is a tribal organization who employees were performing official functions under an Indian Self-Determination Act ("ISDA") contract and should be treated as federal employees against whom tort claims "shall deemed to be an action against the United States" under the Federal Tort Claims Act ("FTCA").[20]

GVEA argues that neither joinder of TCC, nor of the United States is necessary for a just adjudication of GVEA's counterclaims.[21]

---

[19]     Docket 233 at 7.

[20]     Id. (citing 25 U.S.C. 450 et seq.; Allender v. Scott, 379 F. Supp.2d 1206, 1216-17 (D.N.M. 2005)).

[21]     Docket 251 at 6.

Under Federal Rule of Civil Procedure 19(a), the Court shall join someone as a party to the action if (1) "in the person's absence complete relief cannot be accorded among those already parties."[22]  Alternatively, if (2) "the person claims an interest relating to the subject of the action" and the absence of the person may "(i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest."[23]

Plaintiffs do not meet the requirements of Rule 19. Plaintiffs assert no claim for apportionment of fault against TCC or the United States.  Neither TCC nor the United States claim any interest relating to Plaintiffs' actions or to defending Plaintiffs against GVEA's counterclaims.  Therefore, neither TCC nor the United States are necessary parties for a just adjudication of GVEA's counterclaims.  Plaintiffs' motion for leave to join the United States as a party is **DENIED.**

## C.    GVEA's Request for Attorney's Fees

GVEA requests that the Court require Plaintiffs to pay to GVEA's costs of opposing Plaintiffs' Motion, including attorneys'

---

[22]    Fed. R. Civ. P. 19(a)(1).

[23]    Fed. R. Civ. P. 19(a)(2).

fees in the amount of $1,258.00, on the grounds that both arguments in Plaintiffs' Motion are frivolous.[24]    GVEA's request for attorney's fees is **DENIED**, without prejudice.

**V.    CONCLUSION**

For the aforesaid reasons, Plaintiffs' Motion for Summary Judgment as to GVEA's Counterclaims, or, in the Alternative, Leave to Join the United States is **DENIED.**  GVEA's request for attorney's fees is also **DENIED.**  The matter shall proceed in due course.

**IT IS SO ORDERED.**

ENTERED this 14th day of May, 2007.

S/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[24]    Docket 251 at 6, 8.  <u>See</u> Fed. R. Civ. P. 11(b)(2).