IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DON M. KUBANYI; JIMMY KUBANYI; AILEEN WELTON; ELIZABETH TUZROYLUK; DORIS KUBANYI; VICTOR KUBANYI; BOBBY KUBANYI; ARLETTE KUBANYI; and BRIAN BAGGETT,<br><br>    Plaintiffs,<br><br>vs.<br><br>GOLDEN VALLEY ELECTRIC ASSOCIATION; and DAVE CRUZ, individually and d/b/a CRUZ CONSTRUCTION,<br><br>    Defendants. | Case No. 4:04-cv-0026-RRB<br><br>**ORDER DENYING PLAINTIFFS'**<br>**MOTION FOR RELIEF**<br>**FROM JUDGMENT (DOCKET 258)** |

Before the Court are Plaintiffs with a Motion for Relief from Judgment at Docket 258 pursuant to Federal Rule of Civil Procedure 60(b).[1] Plaintiffs seek relief from this Court's order

---

[1] Fed. R. Civ. P. 60(b) allows a party to seek relief from judgment upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) other "extraordinary circumstances" which
(continued...)

at Docket 247 denying Plaintiffs' Motion to Dismiss GVEA's Counterclaims on the grounds that it contains an error of law. GVEA opposes at Docket 265.

Plaintiffs argue that the Court overlooked an issue critical to their analysis, namely the source of law for GVEA's counterclaims. However, there has never been a serious dispute that GVEA's counterclaims sound in Alaska's common law of tort.

Plaintiffs also argue that the Court's orders at Dockets 246 and 247 are inconsistent with respect to the Court's statement at Docket 246 that location of the easement is an issue of fact and the Court's treatment of <u>Heffle v. State</u>, 633 P.2d 264 (Alaska 1981) at Docket 247 distinguishing the need in <u>Heffle</u> to adjudicate "valid existing rights" from the case at bar.

These orders are consistent. The exact location of the easement is a technical factual issue which the Court lacks expertise to determine. The parties' expert witnesses will testify at trial. Whether a trespass occurred will depend on the jury's evaluation of expert testimony and their assessment of the credibility of the lay witnesses.

---

(...continued)
prevented a party from making a timely appeal. <u>United States v. Alpine Land & Reservoir Co.</u>, 984 F.2d 1047, 1049 (9th Cir. 1993).

In contrast, GVEA's counterclaims are directed against the Plaintiffs personally and do not seek to establish an interest in Plaintiffs' Native allotment. The interest, i.e., the public use easement, already exists and predates the grant of the allotment which was explicitly made subject to the easement.[2] <u>Heffle</u> is distinguishable for the reasons set forth previously.[3]

Plaintiffs do not assert any recognized ground for relief under Rule 60. Plaintiffs' Motion for Relief from Judgment is therefore **DENIED.**

**IT IS SO ORDERED.**

ENTERED this 14th day of May, 2007.

                                        S/RALPH R. BEISTLINE
                                        UNITED STATES DISTRICT JUDGE

---

[2] Docket 144, Ex. 1 at 2 & Ex. 2 at 2.

[3] Docket 247 at 5.