IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

DON M. KUBANYI; JIMMY KUBANYI;
AILEEN WELTON; ELIZABETH
TUZROYLUK; DORIS KUBANYI;
VICTOR KUBANYI; BOBBY KUBANYI;
ARLETTE KUBANYI; and BRIAN
BAGGETT,

        Plaintiffs,

vs.

GOLDEN VALLEY ELECTRIC
ASSOCIATION; DAVE CRUZ,
individually and d/b/a CRUZ
CONSTRUCTION,

        Defendants.

Case No. 4:04-0026 CV (RRB)

**ORDER FOR SUPPLEMENTAL
BRIEFING RE DOCKET 152**

Before the Court is Defendant Golden Valley Electric
Association ("GVEA") with a Motion for Summary Judgment Dismissing
Plaintiffs' Claims Against GVEA Premised on the Water Permit
Between GVEA and the State of Alaska at Docket 152.

The Court previously denied GVEA's Motion for Summary
Judgment at Docket 75 based on Plaintiffs' argument at Docket 86
that GVEA assumed liability for the alleged trespass under the

temporary water use permit ("TWUP") issued by the Alaska Department
of Natural Resources ("DNR").[1]

Although Plaintiffs presented other theories of
liability,[2] the Court found Plaintiffs' theory based on the TWUP
sufficient to defeat GVEA's summary judgment motion.  The Court did
not decide that GVEA was liable.  The Court also did not decide the
merits of Plaintiffs' other theories of liability.  Plaintiffs'
other theories remain untouched by subsequent motions.

GVEA's present motion is based only on Plaintiffs' claim
that GVEA assumed liability under the TWUP.  GVEA argues that the
TWUP "created a duty and corresponding liability for GVEA only as
to the State of Alaska and not as to the Plaintiffs" and that
"Plaintiffs have no direct contractual claims against GVEA based on
the TWUP."[3]  GVEA argues that Condition 10 of the TWUP, upon which
this Court previously relied in denying GVEA's earlier summary
judgment motion, merely requires GVEA to indemnify the State
against any claims arising from work performed under the permit.

---

[1]     Docket 143 at 6-9.

[2]     Plaintiffs identified four theories that GVEA was liable
for Cruz Construction's alleged trespass: (1) retention of control,
(2) conventional principles of trespass liability, (3) assumption
of liability under the State-issued TWUP, and (4) by operation of
the Federal Land Planning and Management Act ("FLPMA") and
applicable regulations.  Id. at 6.

[3]     Docket 152 at 4 (emphasis omitted).

Plaintiffs, opposing at Docket 226, argue that Condition 10 is not an indemnity provision because a separate condition, Condition 3, addresses indemnification with much clearer language thereby rendering Condition 10 "redundant surplusage" under GVEA's proposed construction of the conditions.[4] Surprisingly, GVEA's reply brief does not address this argument.

Plaintiffs' argument is persuasive but not determinative. The Court finds it perplexing that neither party has cited or discussed the statutes authorizing DNR to issue temporary water use permits, notwithstanding clear reference to them in the TWUP.[5]

**The parties are hereby required to provide supplemental briefing on or before the close of business on June 1, 2007**, regarding the interrelationship and legal effect of Conditions 3, 7, and 10 on the parties in light of the Alaska Water Use Act and the rules and regulations promulgated thereunder.[6]

ENTERED this 14th day of May, 2007.

S/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[4] Docket 226 at 8-9. Condition 3 requires GVEA to "[i]ndemnify the State against and hold it harmless from any and all claims, demands, suits, loss and expense for injury . . . ." Docket 77, Ex. 5 at 3.

[5] Id. at 3-4 (citing AS 46.15, "the rules and regulations promulgated thereunder", 11 AAC 93.210(b), and  11 AAC 93.220).

[6] See Alaska Stat. 46.15.010, et seq. Sections 46.15.100, .120, and .155(f) of the Alaska Statutes appear to be relevant.