IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DON M. KUBANYI; JIMMY KUBANYI; AILEEN WELTON; ELIZABETH TUZROYLUK; DORIS KUBANYI; VICTOR KUBANYI; BOBBY KUBANYI; ARLETTE KUBANYI; and BRIAN BAGGETT,<br><br>      Plaintiffs,<br><br>vs.<br><br>GOLDEN VALLEY ELECTRIC ASSOCIATION; and DAVE CRUZ, individually and d/b/a CRUZ CONSTRUCTION,<br><br>      Defendants. | Case No. 4:04-cv-0026-RRB<br><br>**ORDER RE MOTIONS TO DISMISS AT DOCKETS 221 AND 234** |

I.   INTRODUCTION

Before the Court are Plaintiffs with a Motion to Dismiss GVEA's Counterclaims for Failure to State a Cognizable Cause of Action at Docket 234. GVEA's counterclaims assert (1) wrongful interference with an express right of way easement and (2) intentional interference with a prospective business relationship.[1]

---

[1]   Docket 120.

Plaintiffs argue in their Motion that: (1) Alaska does not recognize the tort of intentional interference with an express right-of-way easement, (2) the counterclaims fail to state claims against members of the Kubanyi family other than Don Kubanyi, (3) GVEA has no interest in the easement and the easement is not an express right of way, and (4) there was no prospective business interest or breach of contract by Cruz Construction. GVEA opposes at Docket 250.

Also before the Court is GVEA with a Motion to Dismiss Plaintiffs' Affirmative Defenses at Docket 221. Plaintiffs' affirmative defenses, asserted in response to GVEA's counterclaims, include: (1) failure to state a cognizable cause of action, (2) lack of jurisdiction, (3) failure to join necessary parties, (4) privilege, (5) laches, (6) standing, and (7) statute of limitations.[2] Plaintiffs' oppose at Docket 229.

For the reasons set forth herein, Plaintiffs' Motion to Dismiss GVEA's Counterclaims for Failure to State a Cognizable Cause of Action is denied. GVEA's Motion to Dismiss Plaintiffs' Affirmative Defenses is partially granted with respect to Plaintiffs' 1st-3rd and 5th-7th affirmative defenses, and partially denied as to Plaintiffs' 4th affirmative defense which involves unresolved issues of fact and/or mixed questions of law and fact which Plaintiffs are entitled to prove at a trial on the merits.

---

[2]   Docket 205 at 5.

Because the parties' briefing on these matters is adequate, oral argument is not necessary.

## II. BACKGROUND

On or about March 1, 2003, Cruz Construction workers were conducting water pumping operation near the south end of Seven Mile Lake near Anderson, Alaska, for the purpose of constructing ice roads for the Northern Intertie project. Plaintiff Don Kubanyi believed that Cruz employees were trespassing on his Native allotment. Dave Cruz and his workers believed that they were working within the permissible bounds of a public access easement. After Mr. Kubanyi threatened to use a firearm against the Cruz workers, Mr. Cruz called the Alaska State Troopers. An altercation between the Troopers and Kubanyi ensued which resulted in Kubanyi's arrest for assault, disorderly conduct, and resisting arrest.

Plaintiffs filed their initial Complaint on October 10, 2004, seeking damages for trespass against Defendants GVEA, Dave Cruz individually and d/b/a Cruz Construction, and other parties which have been entirely dismissed from this litigation.[3]

---

[3] See Docket 48 at 3. Plaintiffs also sought recovery for violation of civil rights under 28 U.S.C. § 1983. However, Plaintiffs' § 1983 claims have been entirely dismissed against all parties. See Dockets 140-143.

GVEA filed its Answer to Plaintiffs' Complaint on February 16, 2005.[4] On October 30, 2006, after receiving surveying expert Patrick Kalen's expert report, GVEA filed a Motion for Leave to Amend Answer and File Counterclaims against Plaintiffs for (1) wrongful interference with an express right of way easement and (2) intentional interference with a prospective business relationship.[5] The Court granted GVEA's Motion on December 18, 2006.[6]

On January 23, 2007, Plaintiffs' filed an Answer to GVEA's Counterclaims asserting the following affirmative defenses: (1) failure to state a cognizable cause of action, (2) lack of jurisdiction, (3) failure to join necessary parties, (4) privilege, (5) laches, (6) standing, and (7) statute of limitations.[7]

Also on January 23, 2007, Plaintiffs filed a Motion to Dismiss GVEA's Counterclaims on the grounds that they are not cognizable causes of action, fail to join the United States and the State of Alaska, and that GVEA lacks standing to assert them.[8] The Court denied Plaintiffs' Motion on March 19, 2007.[9]

---

[4]   See Docket 48 at 4.

[5]   Docket 118.

[6]   Docket 177.

[7]   Docket 205 at 5.

[8]   Docket 206.

[9]   Docket 247.

On March 6, 2007, Plaintiffs filed a Motion for Summary Judgment on GVEA's Counterclaims, or, in the Alternative, Leave to Join the United States.[10] Anticipating the Court's denial of this motion, Plaintiffs preemptively filed a Motion to Set Aside Judgment on March 29, 2007,[11] and a Motion to Stay and Certify for Interlocutory Review on April 20, 2007.[12] The Court denied all three of Plaintiffs' motions on May 14, 2007.[13]

On February 15, 2007, GVEA filed a Motion to Dismiss Plaintiffs' Affirmative Defenses which is now before the Court.[14] On March 6, 2007, Plaintiffs filed their second Motion to Dismiss GVEA's Counterclaims for Failure to State a Cognizable Cause of Action which is also now before the Court.[15]

### III. STANDARD OF REVIEW

**A.   Motion to Dismiss Counterclaims**

A motion to dismiss for failure to state a claim made pursuant to Federal Rule of Civil Procedure 12(b)(6) tests a claim

---

[10]   Docket 231.

[11]   Docket 258.

[12]   Docket 269.

[13]   See Dockets 280, 282, 283.

[14]   Docket 221.

[15]   Docket 234.

for relief in any pleading, whether it be in the plaintiff's original complaint or a defendant's counterclaim.[16]

On a motion to dismiss, the factual allegations of a pleading setting forth a counterclaim are taken as true.[17] The Court must decide "whether, on the face of the counterclaim, a claim is stated upon which relief can be granted . . . , construe the pleading in the manner most favorable to appellants and must bear in mind the policy that, unless there is no doubt as to the result, cases should be disposed of upon their merits."[18]

**B.    Motion to Dismiss Affirmative Defenses**

Courts "should be cautious prior to granting a motion to dismiss affirmative defenses."[19] The party asserting affirmative defenses "should be given the opportunity to prove his allegations if there is any possibility that the defense might succeed on the merits."[20] However, if an affirmative defense is "invalid as a

---

[16]    Wright & Miller, Federal Practice and Procedure, § 1356 (3d ed.).

[17]    Walker Process Equip., Inc. v. Food Mach. & Chem. Corp., 382 U.S. 172, 174-75 (1965).

[18]    Walker Distrib. Co. v. Lucky Lager Brewing Co., 323 F.2d 1, 3 (9th Cir. 1963)(citing White Motor Co. v. United States, 372 U.S. 253 (1963); Sidebotham v. Robison, 216 F.2d 816, 826-827, 831 (9th Cir. 1954)).

[19]    Simpson v. Alaska State Com. for Human Rights, 423 F. Supp. 552, 554 (D. Alaska 1976), aff'd 608 F.2d 1171 (9th Cir. Alaska 1979).

[20]    Id. (citing Purex Corp. Ltd. v. General Foods Corp., 318
(continued...)

matter of law such a determination should be made at an early stage to enable the parties to proceed with the litigation in the proper posture."[21]  Where "the availability of the affirmative defenses is purely a question of law" it is not improper to proceed with a motion to dismiss the affirmative defenses.[22]

"[T]here seems to be no harm in treating an application under Rule 12(b)(6) to dismiss a defense as a motion to strike."[23] A motion to strike under Rule 12(f) should not be granted "if there is a substantial question of fact or a mixed question of law and fact that cannot be resolved, even if it is possible to determine the issue by drawing inferences from acts and statements that are not disputed."[24]  In other words, "a motion to strike will not be granted if the insufficiency of the defense is not clearly apparent, or if it raises factual issues that should be determined on a hearing on the merits."[25]  However, defenses that have been

---

(...continued)
F. Supp. 322, 323 (C.D. Cal. 1970); 5 Wright & Miller, Federal Practice and Procedure, § 1381, at 800-801).

[21] Id.

[22] Id.

[23] 5C Wright & Miller, Federal Practice and Procedure, § 1381, at 409-10 (3d ed.).

[24] Id. § 1381, at 426-27.

[25] Id. § 1381, at 427-28.

eliminated on previous motions are particularly vulnerable to motions to strike under Rule 12(f).[26]

## IV. DISCUSSION

### A. Cognizability of GVEA's Counterclaims

#### 1. Wrongful Interference with Express Easement

GVEA asserts a counterclaim for wrongful interference with an express easement. Plaintiffs argue that Alaska does not recognize this tort and that Plaintiffs owed no duty toward GVEA or Cruz Construction with respect to the public use easement.[27]

Interference with an easement is a form of trespass.[28] Since GVEA's initial request for leave to assert its counterclaims, the Court has viewed the counterclaims as reciprocal to Plaintiffs' trespass claims: "[i]f Plaintiffs succeed in proving a trespass occurred, GVEA's counterclaims will be dismissed. If, on the other hand, GVEA succeeds in proving no trespass occurred, Plaintiffs' claims for trespass will be dismissed."[29]

GVEA, in support of its argument that Alaska recognizes this common law tort, points to footnote 2 of <u>Gerstein v. Axtell</u>, in which the Alaska Supreme Court quoted a property law treatise

---

[26] <u>Id.</u> § 1381, at 414.

[27] Docket 235 at 2.

[28] <u>See</u> Jon W. Bruce & James W. Ely, Jr., <u>The Law of Easements and Licenses in Land</u>, § 8:29 (2001).

[29] Docket 177 at 3-4 (quoting Docket 118 at 5).

which states that "[a] right of way may be either public or private" and that the holder of the easement has "rights against the members of the community generally that they shall not interfere with the exercise or enjoyment of the easement."[30]

Although the footnote in Gerstein relates to an issue which the Alaska Supreme Court ultimately declined to decide,[31] it tends to suggest a willingness on the part of the court to recognize interference with an easement as a common law cause of action. Plaintiffs cite no authority to suggest otherwise.

Intentional interference with an express right of way easement does not strike this Court as a new or novel cause of action. Rather, a search of the case law of other jurisdictions reveals that it is widely recognized at common law.

Even if inartfully worded, the Court holds that GVEA's counterclaim for interference with an express easement and assertion of related facts meets the pleading requirements under the Federal Rules.[32] This counterclaim is cognizable.

    **2.    Counterclaims Against Members of the Kubanyi Family**

Plaintiffs argue that GVEA "makes no allegations of affirmative conduct by any member of the Plaintiff group other than

---

[30]    960 P.2d 599, 600 n.2 (Alaska 1998) (citing Herbert Thorndike Tiffany, The Law of Real Property § 772, at 232, & § 756, at 200-01 (Basil Jones, ed., 3d ed. 1939 & Supp. 1997)).

[31]    Id. at 602.

[32]    Fed. R. Civ. P. 8.

Don Kubanyi" and therefore fails to state a claim against the remaining Plaintiffs.[33]

GVEA, however, asserts that Plaintiffs other than Don Kubanyi interfered with GVEA's rights.[34] GVEA points to Plaintiffs' admissions in their Answer to GVEA's counterclaims, in which they admitted to obstructing the Rex Trail with obstacles to block Cruz Construction's and the public's access to Seven Mile Lake.[35]

Taking GVEA's factual allegations as true and construing GVEA's pleading in the manner most favorable to GVEA,[36] the Court concludes that GVEA adequately asserts claims against Plaintiffs other than Don Kubanyi and that these claims should be disposed of by a trial on the merits.

### 3. GVEA's Claimed Interest in Express Easement

Plaintiffs argue that "GVEA claims no interest in the easement" and fails to allege that it is an "express easement."[37]

The Court has already addressed this argument.[38] The Rex Trail has been commonly used by the public, including Plaintiffs,

---

[33] Docket 235 at 6.

[34] Docket 250 at 7-9.

[35] Id.

[36] Walker Process Equip., Inc. v. Food Mach. & Chem. Corp., 382 U.S. 172, 174-75 (1965).

[37] Docket 235 at 7.

[38] Docket 247.

GVEA and others, since Plaintiffs first obtained the allotment in 1963.[39] The existence of the Rex Trail as a public use easement predates the grant of Plaintiffs Native allotment which was expressly made subject to the "continued right of public access along the non-exclusive use Rex to Bonnifield Trail."[40] GVEA claims this right. The Court has declared that "GVEA, as a member of the public has rights in the public use easement."[41]

### 4. Intentional Interference with Prospective Economic Advantage

GVEA asserts a counterclaim against Plaintiffs for intentional interference with a prospective business relationship. This appears to be an alternative wording for the tort of intentional interference with prospective economic advantage.[42]

Plaintiffs argue that "GVEA has failed to allege the proper tort" and that "the proper pleading would have been intentional interference with contractual relations."[43] Plaintiffs proceed to argue that GVEA fails to meet the elements of this tort which include: "(1) a contract existed, (2) the defendant . . . knew of the contract and intended to induce a breach, (3) the

---

[39] Docket 250 at 8.

[40] Docket 282 at 3.

[41] Docket 247 at 6.

[42] See Oaksmith v. Brusich, 774 P.2d 191, 198 (Alaska 1989) (cited by GVEA at Docket 222 at 7).

[43] Docket 257 at 5-6; Docket 235 at 8.

ORDER RE MOTIONS TO DISMISS
  AT DOCKETS 221 AND 234 - 11
4:04-CV-0026-RRB

contract was breached, (4) defendants' wrongful conduct engendered the breach, (5) the breach caused the plaintiff's damages, and (6) the defendant's conduct was not privileged or justified."[44] However, the counterclaim does not assert interference with contractual relations. GVEA asserts intentional interference with prospective economic advantage, which is a broader tort. "[I]ntentional interference with contractual relations is merely a species of the tort of intentional interference with prospective economic advantage."[45] This broader tort "protects both continuing business or customary relationships not amounting to formal contracts, and prospective business or contractual relations which, absent interference, would culminate in pecuniary benefit to the [counterclaimant]."[46]

GVEA properly sets forth the elements of intentional interference with prospective economic advantage: (1) the existence of a prospective business relationship; (2) knowledge on interfering party's part of the existence of that prospective relation, and intent by that party to prevent the prospective relation from coming to fruition; (3) the failure of the prospective relation; (4) conduct by the interfering party that

---

[44] Docket 235 at 8 (citing Knight v. Am. Guard & Alert, Inc., 714 P.2d 788, 793 (Alaska 1986)).

[45] Oaksmith v. Brusich, 774 P.2d 191, 198 (Alaska 1989).

[46] Id. (quoting Ellis v. City of Valdez, 686 P.2d 700, 707 (Alaska 1984)).

   AT DOCKETS 221 AND 234 - 12
4:04-CV-0026-RRB

caused this failure; (5) damages resulting from the interference; and (6) lack of privilege on interfering party's part.[47]

GVEA pleads sufficient facts to support a counterclaim for intentional interference with prospective economic advantage.[48] Taking GVEA's pleaded facts as true,[49] the Court finds that GVEA has met its pleading burden and stated a cognizable counterclaim.[50]

Plaintiffs Motion to Dismiss GVEA's Counterclaims for Failure to State a Cognizable Cause of Action is therefore denied.

**B.  Plaintiffs' Affirmative Defenses**

**1.  Cognizability**

Plaintiffs first affirmative defense asserts that GVEA's counterclaims fail to state cognizable causes of action. Plaintiffs have thoroughly exhausted this defense to no avail.

For the reasons stated in Section IV.A., supra, GVEA's Motion to Dismiss Plaintiffs' first affirmative defense asserting failure to assert a cognizable cause of action is granted.

---

[47]   Docket 222 at 7 (citing Burseth v. Weyerhaeuser Mortg. Co., Inc., 1993 WL 13563649, *8 (Alaska 1993) (quoting Oaksmith, 774 P.2d at 198)).

[48]   See Docket 250 at 8-11.

[49]   Walker Process Equip., Inc. v. Food Mach. & Chem. Corp., 382 U.S. 172, 174-75 (1965).

[50]   Fed. R. Civ. P. 8.

### 2. Jurisdiction

Plaintiffs' second affirmative defense asserts that this Court lacks jurisdiction to hear the counterclaims.[51] Plaintiffs have raised multiple iterations of this argument, each time without success.[52]

GVEA's Counterclaims are cognizable and properly before this Court pursuant to the Court's supplemental jurisdiction.[53] This is a pure question of law leaving nothing to else to be decided. GVEA's Motion to Dismiss Plaintiffs' second affirmative defense asserting lack of jurisdiction is therefore granted.

### 3. Joinder

Plaintiffs' third affirmative defense asserts that GVEA fails to join necessary parties to adjudicate its counterclaims. The Court has adequately addressed this issue in its previous orders.[54] The United States, the State of Alaska, and the Tanana Chiefs Conference are not necessary parties that must be joined in order for GVEA to assert its counterclaims.[55]

This is a pure question of law which leaves nothing to else to be decided. Therefore, GVEA's Motion to Dismiss

---

[51]   Docket 229 at 5-6.

[52]   See Dockets 177, 247, 282.

[53]   See 28 U.S.C. § 1367; Fed. R. Civ. P. 13(a).

[54]   See Dockets 247, 280.

[55]   Fed. R. Civ. P. 19(a).

Plaintiffs' third affirmative defense asserting failure to join necessary parties is granted.

### 4. Privilege

Plaintiffs' fourth affirmative defense asserts that Plaintiff Don Kubanyi was privileged to take any and all alleged actions forming the basis of GVEA's counterclaims.

A property owner is entitled to take reasonable actions in order to protect his property from trespass. A property owner, however, is not entitled to use deadly force in defense of his property except in situations not relevant to this matter.[56]

Deadly force was _not_ used in the present case. It is not disputed that Don Kubanyi <u>threatened</u> to use a gun if Cruz Construction did not cease work.[57] Whether he threatened to shoot the Cruz Construction workers or just their vehicles is disputed.[58]

Whether Plaintiffs' other admitted actions of placing obstacles to block Cruz Construction's and the public's access to Seven Mile Lake[59] were reasonable depends on factual issues that must be resolved by the finder of fact, including whether the alleged trespasses occurred.

---

[56] _I.e._, arson and burglary. Alaska Stat. 11.81.350 (2006).

[57] Docket 250 at 8.

[58] <u>See</u> Docket 142 at 15, n.64.

[59] <u>See</u> Docket 250 at 9.

Because Plaintiffs' affirmative defense of privilege raises a substantial question of fact and/or mixed questions of law and fact, Plaintiffs must be given an opportunity to prove their defense at a trial on the merits.[60]

GVEA's Motion to Dismiss Plaintiffs' fourth affirmative defense asserting privilege is therefore denied.

### 5. Laches

Plaintiffs' fifth affirmative defense asserts the doctrine of laches. Plaintiffs argue that because GVEA waited three years to bring its counterclaims, laches would bar the counterclaim absent a compelling reason.[61]

"There are two elements to the doctrine of laches: (1) unreasonable delay by the person asserting the claim and (2) resulting prejudice to the opposing party."[62]

This Court previously ruled that GVEA's delay was not unreasonable because "[t]he results of expert surveyor Patrick Kalen's report, submitted prior to the close of the amended discovery deadline, provided GVEA a good faith basis in fact for

---

[60] See Simpson v. Alaska State Com. for Human Rights, 423 F. Supp. 552, 554 (D. Alaska 1976), aff'd 608 F.2d 1171 (9th Cir. Alaska 1979); 5C Wright & Miller, Federal Practice and Procedure, § 1381, pp. 426-28 (3d ed.).

[61] Docket 229 at 9-10.

[62] Stingley v. Raskey, 1995 U.S. Dist. LEXIS 17649 (citing In re Petition of ABC Charters, Inc., 558 F. Supp. 367, 369 (W.D. Wash. 1983) (summarizing Sandavik v. Alaska Packers Assoc., 609 F.2d 969, 971 (9th Cir. 1979))).

asserting counterclaims that were not fully developed earlier in this litigation."[63]

GVEA filed its Motion for Leave to Amend Answer and Assert Counterclaims on October 27, 2006.[64] The Court granted GVEA's Motion on December 18, 2006.[65] The Court recently extended the discovery deadline from February 20, 2007, to July 13, 2007.[66] "Plaintiffs will not suffer undue prejudice" because "GVEA's counterclaims involve the same set of facts and circumstances, as Plaintiffs' claims."[67]

This is a pure question of law which leaves nothing to else to be decided. Therefore, GVEA's Motion to Dismiss Plaintiffs' fifth affirmative defense asserting the doctrine of laches is granted.

### 6. Standing

Plaintiffs assert that GVEA lacks standing to bring its counterclaims. Plaintiffs have litigated this claim without success.[68] The Certificate of Native Allotment declared the grant "subject to: The continued right of public access along the non-

---

[63] Docket 177 at 2.

[64] Docket 118.

[65] Docket 177.

[66] Docket 281.

[67] Docket 177 at 3-4.

[68] Docket 247.

exclusive use Rex to Bonnifield Trail."[69] It follows that "GVEA, as a member of the public has rights in the public use easement."[70]

Therefore, GVEA has standing to assert its counterclaims. Because this is a pure question of law which leaves nothing to else to be decided, GVEA's Motion to Dismiss Plaintiffs' sixth affirmative defense asserting lack of standing is granted.

### 7.  Statute of Limitations

Plaintiffs' seventh affirmative defense asserts the statute of limitations. The statute of limitations for tort claims in Alaska is two years.[71]

GVEA originally filed its Answer to Plaintiffs' Complaint on February 16, 2005.[72] On October 27, 2006, GVEA filed a Motion for Leave to Amend Answer and Assert Counterclaims.[73] The Court granted GVEA's motion on December 18, 2006.[74] Under the Federal Rules of Civil Procedure, GVEA's counterclaims relate back to February 16, 2005.[75]

---

[69]   Id. at 6-7 (citing Docket 144, Ex. 1 at 2 & Ex. 2 at 2).

[70]   Id. at 6.

[71]   Alaska Stat. § 09.10.070 (2006).

[72]   See Docket 48 at 4.

[73]   Docket 118.

[74]   Docket 177.

[75]   Fed. R. Civ. P. 15(c)(2).

The events at issue in GVEA's counterclaims occurred on or about March 1, 2003, less than two years prior to the effective date to which the counterclaims relate back.  GVEA's counterclaims are therefore within Alaska's two-year statute of limitations.

This is a pure question of law which leaves nothing to else to be decided.  Therefore, GVEA's Motion to Dismiss Plaintiffs' seventh affirmative defense asserting statute of limitations is granted.

## V. CONCLUSION

For the aforesaid reasons, Plaintiffs' Motion to Dismiss GVEA's Counterclaims for Failure to State a Cognizable Cause of Action (Docket 234) is **DENIED.**

GVEA's Motion to Dismiss Plaintiffs' Affirmative Defenses to GVEA's Counterclaims (Docket 221) relating to the 1st-3rd and 5th-7th affirmative defenses is hereby **GRANTED.**  However, GVEA's Motion as to Plaintiffs' 4th affirmative defense regarding privilege is **DENIED.**  The matter shall proceed in due course.

**IT IS SO ORDERED.**

ENTERED this 25th day of May, 2007.

```
                              S/RALPH R. BEISTLINE
                              UNITED STATES DISTRICT JUDGE
```