Michael J. Walleri
Law Offices of Michael J. Walleri
330 Wendell Street, Suite E
Fairbanks, Alaska  99701
(907) 452-4716
(907) 452-4725 (Facsimile)
Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DON M. KUBANYI, JIMMY KUBANYI, AILEEN WELTON, ELIZABETH TUZROYLUK, DORIS KUBANYI, VICTOR KUBANYI, BOBBY KUBANYI, ARLETTE KUBANYI, and BRIAN BAGGETT,<br><br>Plaintiff(s),<br><br>vs.<br><br>GOLDEN VALLEY ELECTRIC ASSOCIATION, DAVE CRUZ, individually and d/b/a/ CRUZ CONSTRUCTION, BLACK & VECH CORPORATION,  JAKE COVEY AND PATRICK NELSON,<br>                Defendants. | **SUPPLEMENTAL BREIFING ON EFFECT OF CONDITIONS 3, 7 AND 10 OF TEMPORARY WATER PERMIT** |

Case No. 4:04-cv-0026 RRB

This Court has requested the parties to file supplemental briefing on the interrelationship and legal effect of Conditions 3, 7, and 10 of the Temporary Water Use Permit (TWUP) granted to GVEA and the subject of this litigation.  The Kubanyi's allege that Cruz Construction trespassed upon the Kubanyi allotment in

Michael J. Walleri
*Attorney at Law*
330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Kubanyi v. GVEA* Case No. F04-0026
Supp.: Motion Doc. 152

1 of 7

the course working under the permit to draw water off of Seven Mile Lake for ice road construction in support of the GVEA Electrical Intertie project. The question before the Court is whether GVEA assumed the liability for Cruz's action by obtaining the TWUP. The answer is in the affirmative.

>The relevant provisions of the state TWUP provide:
>
>[Permittee shall) indemnify the State against and hold it harmless from any and all claims demands, suits loss liability and expense for injury or death of persons and damages to or loss of property arising out of or connected with the exercise of the privileges covered by this permit. (Condition 3)[1]
>
>This authorization does not authorize the permittee to enter upon any lands until proper rights-of-way, easements, or permission documents from the appropriate landowner have been obtained. (Condition No. 7)[2]
>
>Permittee shall be responsible for all actions of contractors, agents or other persons who perform work to accomplish the approved project, and shall ensure that workers are familiar with the requirements of this authorization. (Condition No. 10)[3]

The TWUP is authorized under the Alaska Water Use Act [AS 46.15.010 et. seq.] and regulations adopted pursuant to that law [11 AAC 93.210 et. seq.] The Alaska Water Use Act, governs the appropriation and distribution of water rights in

---

[1] See Exhibit E, at Docket 77
[2] Id.
[3] Id.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

Alaska.[4] The Act authorizes the Commissioner of Natural Resources to issue permits for water use.  Generally, a "permit enables the permittee to construct any necessary works and to begin using the water so that he or she can qualify for a certificate of appropriation."[5]  A temporary permit, however, differs from other permits in that it is not intended to establish a right to appropriate water.[6]

Neither the Act or regulations adopted by the Department specifically address permittee liability for work under the permit.   Rather the conditions in the TWUP are conditions and terms routinely attached to such permits, but not specifically required by the Act or Department regulations.

Permits under the Alaska Water Use Act are "subject to terms, conditions, restrictions, and <u>limitations necessary to protect the rights of others</u>, and the public interest."[7] (emphasis added)   In the case of a TWUP, "The commissioner may impose reasonable conditions or limitations on an authorization for temporary use of water to protect the water rights of other persons or to protect fish and wildlife

---

[4] *Tulkisarmute Native Community Council v. Heinze*, 898 P.2d 935, 941 (Alaska 1995)  citing *Doyle v. Peabody*, 781 P.2d 957, 960 (Alaska 1989);
[5] *Tulkisarmute Native Community Council v. Heinze*, 898 P.2d at, 941
[6] AS 46.15155(c)
[7] AS 46.15.100.  It may be argued that this section only applies to permits intended to give rise to

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Kubanyi v. GVEA* Case No. F04-0026                                                                  3 of 7
Supp.: Motion Doc. 152

habitat, human health, or other public interests."[8]  These provisions grant broad authority to the Commissioner to impose conditions and limitation to protect various public interests.

Generally, the Commissioner can impose a condition in a permit not specifically authorized by statute or regulation.[9]  In the absence of a showing that the Commissioner failed to impose conditions required by statute, the Commissioner's is presumed to have the authority to impose additional conditions unless the governing statute restricts the Commissioner from imposing such conditions.[10]  There is no question raised that the Commissioner failed impose a condition or term required by statute or regulation.  Thus, the term or condition is presumed to be valid unless the statute or regulation expressly prohibits it.

In this case, the authorizing statute does not require the Commissioner to impose conditions respecting indemnification or the assumption of liability.  However, the statutes do not restrict the Commissioner from doing so. Rather, the

---

[8] AS 46.15.155.  The regulations do not clarify nor narrow these standards.  11 AAC 93.220(f) provides
   The department may issue an authorization for temporary use of water subject to conditions including suspension or termination, considered necessary to protect the water rights of other persons or the public interest.
[9] *Swindel v. Kelly*, 499 P.2d 291, 295 n 12(Alaska 1972).
[10] Id.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Kubanyi v. GVEA* Case No. F04-0026
Supp.: Motion Doc. 152

statutes grant the Commissioner broad authority to impose conditions and terms which he believes are necessary to protect the rights of others, and the public interest. There is little question that the Commissioner has the right to condition the use of state waters upon the permittees (and its agents) compliance with all state and federal laws, including the civil laws relating to trespass. The fact that the Commissioner found that such provisions were in the public interest is both logical and reasonable,[11] and there is no state legal authority to suggest that the Commissioner lacked the authority to impose such restrictions in the TWUP.

The terms of the provisions in question clearly indicate that GVEA assumed the liability for damages arising out of all work conducted under the permit, including the activities of Cruz Construction.

Condition 3 states that GVEA, as the permittee, will indemnify the State for any damages to or loss of property arising out of or connected with the exercise of rights under the permit. Alaska law recognizes the rights of a third-party beneficiary to enforce the terms of a contract entered into for his benefit,

---

[11] There is little question that the prevention of harm to the rights of others is "in the public interest"; indeed, the entire system of property law is premised upon the notion that the orderly governance of property ownership and rights is necessary for the orderly governance of a society.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Kubanyi v. GVEA* Case No. F04-0026
Supp.: Motion Doc. 152

5 of 7

notwithstanding the fact that the third party is not named specifically in the contract. *Syndoulos Lutheran Church v. A.R.C. Indus.*, 662 P.2d 109, 114 (Alaska 1983)[12] The question is whether the third party claimant is within the class of persons referenced in the terms of the agreement.  In this case, the permit defines the class of beneficiaries broadly, to include all persons with claims for "damages to or loss of property arising out of or connected with the exercise of the privileges covered by this permit."   Clearly, the Kubanyi's fall within this category.  Equally, condition 7 specifically requires that the permittee and its agents obtain rights of way across lands necessary to exercise the rights under the permit.  The permit cannot be any plainer with regards to its reference that the permit required GVEA to obtain rights of way across private lands in the exercise of its rights under the permit.   Clearly, the permit contemplated that rights of way across private lands may be needed, and required GVEA to obtain these rights of way.  Condition 10, however, resolves the matter with absolute definition when it provides that the "Permittee shall be responsible for all actions of contractors, agents or other persons who perform work to accomplish the approved project."  Responsibility clearly means liable for all actions respecting work on the project.   GVEA clearly assumed the 'responsibility'

---

[12] Citing *State v. Osborne*, 607 P.2d 369, 371 (Alaska 1980);  *White v. Alaska Insurance Guaranty Ass'n*, 592 P.2d 367, 369 (Alaska 1979

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Kubanyi v. GVEA* Case No. F04-0026
Supp.: Motion Doc. 152

6 of 7

for all actions respecting work under the permit, which included liability for Cruz's trespass on the Kubanyi lands.

DATED this 7th day of June, 2007.

MICHAEL J. WALLERI

/s/ Michael J. Walleri
Law Offices of Michael J. Walleri
330 Wendell Street, Suite E
Fairbanks, Alaska 99701
(907) 452-4716
(907) 4524725 (Facsimile)
walleri@gci.net
AK Bar No. 7906060

Certificate of Service
I hereby certify that under penalty of perjury that a true and correct copy of the foregoing was sent to the following counsel of record on June 7, 2007 via ECF to:

Mr. David Floerchinger
Assistant Attorney General
Department of Law
1031 W. Fourth Ave., Suite 200
Anchorage, Ak 99501

Mr. Cory Borgeson
Boreson & Burns, P.C.
100 Cushman Street, Suite 31
Fairbanks, Alaska 99701

Mr. Eric P. Gillett
Preg O'Donnell & Gillett, P.C.
1800 Ninth Ave., Suite 1500
Seattle, WA 98101-1340

Mr. Daniel T. Quinn
Richmond & Quinn
360 K Street, Suite 200
Anchorage, AK 99501-2038

/s/ Michael J. Walleri

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725