Michael J. Walleri
Law Offices of Michael J. Walleri
330 Wendell Street, Suite E
Fairbanks, Alaska  99701
(907) 452-4716
(907) 452-4725 (Facsimile)
Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DON M. KUBANYI, JIMMY KUBANYI, AILEEN WELTON, ELIZABETH TUZROYLUK, DORIS KUBANYI, VICTOR KUBANYI, BOBBY KUBANYI, ARLETTE KUBANYI, and BRIAN BAGGETT,<br><br>              Plaintiff(s),<br><br>vs.<br><br>GOLDEN VALLEY ELECTRIC ASSOCIATION, DAVE CRUZ, individually and d/b/a/ CRUZ CONSTRUCTION, BLACK & VECH CORPORATION,  JAKE COVEY AND PATRICK NELSON,<br>              Defendants. | **OPPOSITION TO DEFENDANT GVEA'S MOTION TO EXCLUDE TESTIMONY AND REPORT OF PLAINTIFFS' EXPERT MARK SHERMAN** |

Case No. 4:04-cv-0026 RRB

GVEA has sought to exclude <u>all</u> testimony and the report of Plaintiff's civil

engineer, Mark Sherman.  There are essentially two parts to Mark Sherman's

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Kubanyi v. GVEA* Case No. F04-0026
Opp.: Doc. 253

1 of 9

testimony.[1]  The first part relates to why GVEA trespassed upon the Kubanyi allotment.  The second relates to the economic advantage realized by Cruz/GVEA in trespassing upon the Kubanyi lands.

Cruz has testified in his deposition, and is expected to testify at trial, that there were two water sources available to him for construction of the ice road in question: i.e. Fish Creek and Seven Mile Lake.[2]  Cruz further testified that he preferred to draw water from Seven Mile Lake because it was six miles closer to the Rex Trail intersection with the GVEA Intertie route.[3]  The Kubanyi Allotment surrounds the south shore of Seven Mile Lake, and that there is public (i.e. State land) abutting the lake on the north end of the lake.[4]  Cruz has testified that it would cost him about $5,000 to circumvent the Kubanyi allotment by constructing a trail across state land along the east side of the Kubanyi allotment to access the public

---

[1] See report, attached as Def. Exhibit B, to Docket 253.
[2] Plt. Ex 1 (attached) [Cruz Depo] pp 47-48
[3] Id.  Specifically, Cruz testified
   Q   Okay.  But if you had to go to another water source -- why is it that you wanted to use that water source?
   A   Well, the on -- the -- one of the main reasons is we did some improvements to the Rex Trail for access and -- but it was a long haul.  See, it s about six miles, if I remember right, from right here up to get to the intertie so, you know, it s -- that s a fairly long haul.
Cruz Depo. at 47: 6-13
[4] Plt. Ex. 2 (attached)

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

access points at the north end of Seven Mile Lake.[5]  Neither GVEA nor Cruz have provided cost estimates for the use of Fish Creek, other than to note that the change order resulting from the changing the haul source after the incidents at the lake amounted to about $110,000.[6]

Sherman is a civil engineer with experience in construction in the Nenana area.  Sherman will testify that due to time constraints, "there was no feasible alternative route to access 7 Mile lake from the north as claimed by Cruz.[7] Additionally, Sherman estimates that use of the alternative access --- Fish Creek – would have cost the GVEA/Cruz project $291,509.[8]  In reaching this conclusion, Mr. Sherman used standard cost estimate methodologies common in the construction industry.

Essentially, Sherman's testimony goes to two issues: motive for the trespass and the financial benefit received by GVEA/Cruz by the trespass.   Both are relevant to the case.

---

[5] Plt. Ex 1 (attached) [Cruz Depo] pp. 44-45
[6] Id., at 70-71.  It should be noted that GVEA's counterclaim is for $ 131, 500.
[7] See report, attached as Def. Exhibit B, to Docket 253.
[8] Id.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Daubert* expressly limited its discussion to the admissibility of scientific expert testimony.[9]  While the Supreme Court originally applied these standards to scientific testimony, it has since held that they may also be applied to other types of expert testimony.[10]  As the Ninth Circuit has noted, the *Daubert* factors were not intended to be exhaustive nor to apply in every case. [11]  "(F)ar from requiring trial judges to mechanically apply the *Daubert* factors - or something like them - to both scientific and non-scientific testimony, *Kumho Tire* heavily emphasizes that judges are entitled to broad discretion when discharging their gatekeeping function."[12]  In considering the admissibility of testimony based on some "other specialized knowledge," Rule 702 generally is construed liberally.[13] Thus, under Federal Evidence Rule 104(a), the Court may consider the following factors: "1) Whether the opinion is based on scientific, technical, or other specialized knowledge; 2) Whether the expert's opinion would assist the trier of fact in understanding the evidence or determining a fact in issue; 3) Whether the expert has appropriate qualifications - i.e., some special knowledge, skill, experience, training or education on that subject

---

[9] *United States v. 14.38 Acres of Land, 80 F.3d 1074, 1078 (5th Cir. 1996)* citing *United States v. Sinclair, 74 F.3d 753, 757 (7th Cir.1996)* (Daubert provides a method for evaluating the reliability of witnesses who claim scientific expertise."); *Iacobelli Const., Inc. v. County of Monroe, 32 F.3d 19, 25 (2nd Cir.1994)* (Daubert sought to clarify the standard for evaluating "scientific knowledge' for purposes of admission under FED.R.EVID. 702.").
[10] See *Kumho Tire v. Carmichael, 526 U.S. 137, 147, 143 L. Ed. 2d 238, 119 S. Ct. 1167 (1999).*
[11] *United States v. Hankey, 203 F.3d 1160, 1168(9th Cir. Cal. 2000) Citing Kumho Tire, 119 S. Ct. at 1178.*
[12] Id.
[13] Id., citing, *United States v. Ramsey, 165 F.3d 980, 984 (D.C. Cir 1999)*

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

matter; 4) Whether the testimony is relevant and reliable; 5) Whether the methodology or technique the expert uses "fits" the conclusions (the expert's credibility is for the jury); 6) Whether its probative value is substantially outweighed by the risk of unfair prejudice, confusion of issues, or undue consumption of time. [14] In summary, a trial court may consider the specific factors identified in *Daubert* where they are reasonable measures of the reliability of proffered expert testimony. [15]

The evidence at issue in this case is not 'scientific"; rather it is the simple cost estimation process used in construction project cost analysis in standard use within the construction industry.  Mr. Sherman has been a civil engineer working in Interior Alaska for 25 years.[16]  In this case, he did not independently develop cost estimates; rather he reviewed the billings submitted by Cruz to GVEA and used their contract billings to determine cost values, and applied those values to Cruz's alternative plan.  Mr. Sherman did not independently develop cost estimates.  He reviewed the contract file and summarized the cost impacts resulting from the loss of 7 mile lake as documented by the contractor.   The evidence would be helpful to

---

[14] Id. (citations omitted)
[15] *Skidmore v. Precision Printing and Packaging, Inc.*, 188 F.3d 606, 618 (5th Cir. 1999)
[16] Sherman Aff't (attached) Plt. Ex. 3

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

the jury in determining GVEA's motives to engage in the trespass. While it does not address the ultimate question of economic damages sustained by the Kubanyi's it clearly aids the jury in determining the benefit received by GVEA from the trespass.

GVEA argues that Mr. Sherman's theory is that the value of the trespass should be based on the amount of the water pumped plus relocation costs are "novel".[17] However, Cruz testified that this was the manner in which you could estimate the cost impacts of having to use Fish Creek as opposed to Seven Mile Lake.[18] Notably, GVEA's counterclaim of $ 131, 500 based on alleged loss of 7 Mile Lake for about half of the project is very close to Sherman's estimate of costs if the whole project had relied upon Fish Creek. As a result, there is no improper prejudical effect of Mr. Sherman's testimony because GVEA is arguing in its counterclaim the same point: i.e. that it was forced to use Fish Creek which resulted in substantial cost increases in the project. The parties are in agreement on this point.

Finally, GVEA indirectly argues that the evidence should be excluded because the value of the benefit to GVEA is an inappropriate measure of damages. t

---

[17] GVEA Memo (Docket 253) at 5
[18] Cruz Depo, at 70-72

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

This is really an argument to be addressed in jury instructions as to the measure of damages; not in limine motions to exclude evidence.

The Alaska Supreme Court has acknowledged that the measure of damages may, under certain circumstances, be the benefit that the tortfeasor enjoyed as a result of its wrongful conduct.[19]  This measure of damages is particularly compelling where the benefit to the tortfeasor is grossly disproportionate to the damage to the property, which is the case here.  If the trespasser need only pay for damage to the property – which is nominal --- to realize a benefit of hundreds of thousands of dollars, the law provides an incentive to violate the property rights of landowners.

Alternatively, Plaintiff's need not argue that Mr. Sherman's estimates are an estimate of damages.  Rather, the estimates are technically a measure of the benefit received by GVEA, which  is an indicator of the market value of the right of way across Kubanyi land to GVEA.  The transaction is a unique transaction because of the unique locations of land to the lake. There is little question that GVEA had a unique need for the access that is not be shared by the general market.  Thus, if the

---

[19] *Reeves v. Alyeska Pipeline Serv. Co.*, 56 P.3d 660 (Alaska 2002)

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

estimates are not direct evidence of damages, they are indirect evidence as to the value of the right of way to GVEA under the unique circumstances of this case.

In any case, the exclusion of evidence is not the proper remedy; rather, the Court is fully capable of issuing jury instructions as to the measure of damages. Mr. Sherman is clearly qualified to offer the opinion testimony sought, and there is nothing unusual or unique respecting construction cost estimates employed by Mr. Sherman. The testimony is relevant as to the benefit received by GVEA/Cruz because of the trespass, and to the motivation for the trespass. The court should allow Mr. Sherman's testimony.

DATED this 7th day of June, 2007.

MICHAEL J. WALLERI

/s/ Michael J. Walleri
Law Offices of Michael J. Walleri
330 Wendell Street, Suite E
Fairbanks, Alaska 99701
(907) 452-4716
(907) 4524725 (Facsimile)
walleri@gci.net
AK Bar No. 7906060

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Kubanyi v. GVEA* Case No. F04-0026
Opp.: Doc. 253

8 of 9

<u>Certificate of Service</u>
I hereby certify that under penalty of perjury that a true and
correct copy of the foregoing was sent to the following counsel
of record on June 7, 2007 via ECF to:

| | |
|---|---|
| Mr. David Floerchinger<br>Assistant Attorney General<br>Department of Law<br>1031 W. Fourth Ave., Suite 200<br>Anchorage, Ak  99501 | Mr. Cory Borgeson<br>Boreson & Burns, P.C.<br>100 Cushman Street, Suite 31<br>Fairbanks, Alaska 99701 |
| Mr. Eric P. Gillett<br>Preg O'Donnell & Gillett, P.C.<br>1800 Ninth Ave., Suite 1500<br>Seattle, WA  98101-1340 | Mr. Daniel T. Quinn<br>Richmond & Quinn<br>360 K Street, Suite 200<br>Anchorage, AK 99501-2038 |

/s/ Michael J. Walleri

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Kubanyi v. GVEA* Case No. F04-0026                                              9 of 9
Opp.: Doc. 253