Borgeson & Burns, PC
100 Cushman Street, Suite 311
Fairbanks, AK 99701
(907) 452-1666
(907) 456-5055 – facsimile

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| Don M. Kubanyi, Jimmy Kubanyi, Aileen Welton, Elizabeth Tuzroyluk Doris Kubanyi, Victor Kubanyi, Bobby Kubanyi, Arlette Kubanyi, and Brian Baggett <br><br> Plaintiffs, <br><br> vs. <br><br> Golden Valley Electric Association and Dave Cruz, individually and d/b/a Cruz Construction, <br><br> Defendants. | Case No. F04-0026 CIV |

**GVEA'S REPLY TO PLAINTIFFS' OPPOSITION TO GVEA'S MOTION TO EXCLUDE
TESTIMONY AND REPORT OF PLAINTIFFS' EXPERT MARK SHERMAN**

Defendant, Golden Valley Electric Association, Inc. ("GVEA") replies to

Plaintiffs' Opposition to Defendant GVEA's motion to exclude the testimony and

report of Plaintiffs' civil engineer expert, Mark Sherman, PE ("Sherman").

## FACTS

Plaintiffs claim GVEA trespassed or caused Cruz to trespass upon their property, yet they admit that the alleged trespass did not cause any actual damages to them or their property.[1]

The primary issues in this case are whether a trespass occurred, and if so, whether GVEA is liable.  If liable, what amount of money GVEA should pay as damages.  Mr. Sherman is expected to testify "why GVEA trespassed on the Kubanyi allotment," and "the economic advantage realized by Cruz/GVEA in trespassing . . . "[2]

GVEA moved to exclude Mr. Sherman's testimony because his opinions are not based on sufficient facts or data, are not the product of reliable principles and methods, and do not apply principles and methods reliably to the facts of this case.[3]  Plaintiffs opposed GVEA's motion.[4]  GVEA hereby replies.

## ARGUMENT

Expert testimony must be based upon sufficient facts or data in order to be admissible.  Fed. R. Ev. 702(1).  Expert testimony must also be the product of reliable principles and methods.  Fed. R. Ev. 702(2).  Finally, the expert witness must have applied the principles and methods reliably to the facts of the case.  Fed. R. Ev. 702(3).  Mr. Sherman's opinion fails in all three of those requisite elements for expert testimony.

---

[1] See Plaintiffs' Deposition Excerpts, attached to GVEA's motion at Docket 253, as Exhibit A.

[2] See Plaintiffs' Opposition to Defendant GVEA's Motion to Exclude Testimony and Report of Plaintiffs' Expert Mark Sherman, at Docket 300, page 2.

[3] At Docket 253.

[4] At Docket 300.

GVEA's Reply to Plaintiffs' Opposition to GVEA's Motion to Exclude Expert Testimony
Case No. F04-0026 CIV
Page 2 of 8

**Mr. Sherman Does not Know Whether a Trespass Occurred, Let Alone Why**

Mr. Sherman will purportedly testify regarding "why GVEA trespassed upon the Kubanyi allotment,"[5] yet, it is undisputed that no employee or representative of GVEA ever entered Plaintiffs' land without permission.

Moreover, Cruz Construction was a subcontractor of Global Power & Communications. There was no contractual agreement between GVEA and Cruz Construction, and GVEA did not control the actions of Cruz Construction at the time or place where the alleged trespass occurred. GVEA did not direct Cruz Construction to draw water from Seven Mile Lake, but merely provided Cruz Construction with a Temporary Water Use Permit which listed several sources of water from which Cruz Construction could draw. Cruz Construction then chose which water sources they would use based on the location of the ice roads they were building.

Mr. Sherman himself has testified under oath that he is not an expert regarding whether a trespass occurred. At his deposition, Mr. Sherman was asked "[y]ou will be testifying to issues regarding damages from trespass. Is it your testimony that this $291,509 figure that you've opined is not damages from trespass due to the Kubanyis?" Mr. Sherman answered "I'd have to have an opinion on trespass at that point and I don't." [6]

Mr. Sherman was then asked "[i]s it your opinion that the Kubanyis suffered damages in the amount of $291,509.00?" Mr. Sherman answered "I have no opinion on

---

[5] *Id.* at page 2.
[6] See GVEA's Supplemental Exhibits to GVEA's Motion in Limine to Exclude Testimony, attached as Exhibit A, Sherman Deposition Excerpt, Page 80, Docket 285.

damages that the Kubanyis may or may not have suffered."[7]   These statements indicate that Mr. Sherman's numbers are not an "expert" opinion on trespass damages, but rather, they are something else entirely.   GVEA is not sure what Mr. Sherman's numbers do show, but the numbers do not project an accurate value of the Kubanyis' damages due to the alleged trespass.

### Mr. Sherman's Opinion is Not Based on Fact or Alaska Law

Alaska courts have recognized that the measure of damages for a trespass to real property is measurable as the fair market rental value of the property which was damaged.[8]  Mr. Sherman's calculation of damages is not based on reliable principles of determining fair market rental value of land.   In fact, Mr. Sherman's opinion is purely speculative and is based on a completely untested principle and method of assessing value to a trespass in which no actual damage occurred.   Pure speculation cannot be applied to determine Plaintiffs' damages because it is not reliable, not based on any accepted principle for calculating fair rental value of land, and not based on any reliable method for calculating damages.

In *Chenega Corp. v. Exxon Corp.,*[9] the Alaska Supreme Court held that a landowner may not recover lost-use damages for uses that are speculative.[10]   The *Chenega* court cited several other jurisdictions' decisions in support of that holding.[11]   In

---

[7] See GVEA's Supplemental Exhibits to GVEA's Motion in Limine to Exclude Testimony, attached as Exhibit A, Sherman Deposition Excerpt, Page 81, Docket 285.

[8] *Chenega Corp. v. Exxon Corp.* 991 P.2d 769, 793 (Alaska 1999) (holding that the value of the lost use of land may be proved by expert testimony expressing damages as a percentage of the land's market value);

[9] *Chenega* 991 P.2d at 793 (Alaska 1999).

[10] *Chenega*, 991 P.2d at 793.

[11] *Id.*, (citing *See Wernberg v. Matanuska Elec. Ass'n,* 494 P.2d 790, 791 (Alaska 1972) (noting that the trial court rejected as "speculative" landowner's claimed lost-use

*Wernberg v. Matanuska Elec. Assoc.*,[12] a landowner brought an action against an electric association for trespass on land outside of a right-of-way and for damage to trees.  The Alaska Supreme Court held that the jury (which found that the alleged trespass had caused no actual damage and was not deliberate) was not required to award **any** damages.[13]  The *Wernberg* Court stated that "a plaintiff who establishes the fact of technical trespass but not the amount of damage may only recover nominal damages."[14]

---

damages based on his allegedly intended use of land as an airstrip, where the landowner had taken no steps to develop that use); *Ruiz v. Varan,* 110 N.M. 478, 797 P.2d 267, 271 (1990) (affirming trial court's refusal to award damages for loss of use of development property where partnership held property for no specific use and presented no evidence of actual lost uses); *Eisen v. Westchester,* 69 A.D.2d 895, 415 N.Y.S.2d 888, 888-89 (N.Y.App.Div.1979) (holding that the "measure of damages in a trespass action is the diminution in the rental or usable value of the premises caused by the trespass, taking the property as is and as zoned"); *Rumsey v. New York & New England R.R. Co.,* 133 N.Y. 79, 30 N.E. 654, 654-55 (1892) (instructing that the proper measure of damages is the diminished rental or useable value of the property as it was at the time of injury and, thus, not as a brickyard, given that the property had not been used as a brickyard for six years); *Tallman v. Metropolitan Elevated Ry. Co.,* 121 N.Y. 119, 23 N.E. 1134, 1134 (1890) (holding that the "plaintiff's recovery must be confined to the diminished rental or usable value of the lots as they were"); *Clark v. Pennsylvania R.R. Co.,* 145 Pa. 438, 22 A. 989, 991 (1891) (holding that the estimate of damages sustained in the use of land must be based on "the purposes to which for the time the land was used, or for which it would have been used" and, therefore, that the landowner could not recover for use of land as a mill site where there was as yet no mill). *Cf. United States v. Michoud Indus. Facilities,* 322 F.2d 698, 703 (5th Cir.1963) (instructing in a condemnation proceeding that "just compensation is the fair market value of the property at the time of the taking" in light of "the highest and most profitable use for which the property is adaptable and needed, or is likely to be needed in the near future")).

[12] 494.P.2d 790, 793 (Alaska 1972).

[13] *Id.*

[14] *Id.* (citing 1 Harper & James, Law of Torts, s 1.8 (1956); W. Prosser, Law of Torts, s 13, at 66-67 (4th ed. 1971); C. McCormick, Law of Damages, s 23, at 91 (1935); *Keesling v. City of Seattle,* 52 Wash.2d 247, 324 P.2d 806, 809 (1958); *Mackey v. Board of County Commissioners,* 185 Kan. 139, 341 P.2d 1050, 1056 (1959); *Haase v. Helgeson,* 57 Wash.2d 863, 360 P.2d 339, 341 (1961)).

In this case, Plaintiffs and Defendants all agree that there was not any actual damage to the land resulting from the alleged trespass. Alaska case law and the persuasive authorities of several other jurisdictions state that the measure of damages in a trespass action is the diminution in the rental or useable value of the property at the time of the injury. [15] Plaintiffs' other expert, Paul Mayo has previously agreed that rental value is a proper measure of trespass damages and Hans Axelsson, Plaintiffs' other expert has opined no actual damages occurred because the land was not damaged in any way.[16] Because Plaintiffs do not have any actual damages and there was no harm to their land as a result of the alleged trespass, they are trying to come up with some new calculation in order to get money from GVEA.

Nothing was extracted from Plaintiffs' land, so a "resource conversion" theory fails. Nothing was damaged on Plaintiffs land, so a "restoration for repair costs" theory fails. No use was deprived to Plaintiffs, so a "fair rental value" theory fails. There is not loss of value to Plaintiffs' land, so a "diminished value" theory fails. Plaintiffs have no recourse but to invent a new theory.

Plaintiffs simply cannot show any damages for which they can be compensated by GVEA under Alaska law. They cannot be allowed to invent new measures for damages where none exist simply because they are desperate to extract money from GVEA.

**GVEA Realized Economic Loss Due to the Alleged Trespass by Cruz Workers**

Plaintiffs' argument that savings to GVEA indicates the market value of their land is unfounded. Plaintiffs argue that their damages may be measured by the savings to

---

[15] *Chenega*, 991 P.2d at 793 and cited authorities.
[16] Letter from Axelsson to Walleri, Exhibit 1.

Cruz Construction if Cruz had not had to relocate its operation to Fish Creek.  It is not clear how Mr. Sherman concluded that Cruz saved money due to the events surrounding the trespass.  It is even less clear how Mr. Sherman concludes that GVEA saved money due to the relocation.

GVEA's counterclaims are based on the fact that because of Plaintiffs' actions in excluding Cruz workers from lawful access to Seven Mile Lake from the Rex Trail, GVEA incurred $131,500.00 in extra expenses due to Cruz's relocation costs.  The cost to GVEA cannot translate to damages to Plaintiffs, especially under Mr. Sherman's theory that GVEA somehow **saved** some amount of money.  Because of the potentially dangerous conflict with Don Kubanyi, Cruz Construction had to relocate to a more distant water source, at **greater** expense to GVEA.  Thus, GVEA realized no savings from Cruz's use of Seven Mile Lake.

Furthermore, GVEA was not made aware of which water sources Cruz would access from day to day.  Rather, GVEA supplied Cruz with a Temporary Water Use Permit which listed several sources, any one of which could have been selected by Cruz.  GVEA contracted with Global for a flat rate for the project.  Global then contracted with Cruz Construction.  GVEA did not get any bargain by Cruz's use of Seven Mile Lake and would not have saved any money had Cruz elected never to use Seven Mile Lake.  GVEA only incurred additional expenses after Cruz had to stop work and relocate at greater expense because of Plaintiffs' actions against Cruz's use of Seven Mile Lake.

Plaintiffs' efforts to recover damages measured by savings to GVEA makes no sense because it is undisputed GVEA was forced, by Plaintiffs' own conduct, to incur

greater expense.  Plaintiffs' argument that their damages should be measured by the benefit to GVEA is not grounded in fact.  Traditional measures of the fair rental value of land are not founded on speculation, but rather, on a comparison of like properties and rental values.  Mr. Sherman's speculations do not apply the principles and methods of determining a property's fair market rental value reliably to the facts of this case.  Mr. Sherman's testimony will only serve to confuse the issues and his confusing testimony should be excluded.

## CONCLUSION

For the reasons set forth above, GVEA respectfully requests this Court exclude the testimony and report of Plaintiffs' Expert Mark Sherman.

DATED at Fairbanks, Alaska, this 19th day of June, 2007.

BORGESON & BURNS, PC
Attorney(s) for Plaintiff GVEA

By:_____s/Cory Borgeson_____
Cory Borgeson
ABA # 8405009

This is to certify that on this date, a copy of the foregoing
document is being served electronically on:

Michael Walleri  walleri@gci.net; christin_woodward@yahoo.com
330 Wendell Street, Suite E
Fairbanks, AK  99701

Daniel T. Quinn dquinn@richmondquinn.com; cesary@richmondquinn.com
Richmond & Quinn
360 K Street, Suite 200
Anchorage, AK  99501-2028