Michael J. Walleri
Law Offices of Michael J. Walleri
330 Wendell Street, Suite E
Fairbanks, Alaska  99701
(907) 452-4716
(907) 452-4725 (Facsimile)
Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DON M. KUBANYI, JIMMY KUBANYI, AILEEN WELTON, ELIZABETH TUZROYLUK, DORIS KUBANYI, VICTOR KUBANYI, BOBBY KUBANYI, ARLETTE KUBANYI, and BRIAN BAGGETT,<br><br>Plaintiff(s),<br><br>vs.<br><br>GOLDEN VALLEY ELECTRIC ASSOCIATION, DAVE CRUZ, individually and d/b/a/ CRUZ CONSTRUCTION, BLACK & VECH CORPORATION,  JAKE COVEY AND PATRICK NELSON,<br>Defendants. | **MEMORANDUM IN SUPPORT OF MOTION TO EXTEND DEADLINES FOR FILING  DISCOVERY MOTIONS AND MOTIONS IN LIMINE RELATING TO GVEA'S COUNTERCLAIMS** |

Case No. 4:04-cv-0026 RRB

Plaintiffs seek a thirty day extension of deadline to file Discovery Motions and Motions *in Limine* relating to GVEA's counterclaims.  The Discovery Motions and Motions *in Limine* are due July 13, 2007 (today).  The Plaintiffs request an

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Kubanyi v. GVEA* Case No. F04-0026
Memo to Extend Deadline

1 of 7

extension until Monday, August 13, 2007. A thirty day extension is requested as GVEA has failed to provide complete discovery relating to its counterclaims, and communications with multiple attorney's in the office have resulted in confusion as to whether GVEA is either 1) refusing to produce documents, 2) does not have the documents in question, or 3) is attempting to actually produced requested documents, which can be facilitated through attorney communications.

In October, 2005, the plaintiffs filed initial requests for production. GVEA did not substantively respond to these requests. Ultimately, GVEA did provide discovery responses a little over a year later. However, that discovery was principally documents within Cruz Construction document control system, which may have been actually in an unrelated case. This material was very helpful. However, on March 6, 2007, the plaintiff's filed second requests for production of documents focusing on counterclaim material. The second set of documents contained RFP No. 4, as follows:

> Request for Production Number 4:
> Please provide copies of all invoices, receipts, reports, communications, contract modifications, and daily logs respecting activities of GVEA, its contractors, which document costs incurred by GVEA in support of its claimed counterclaims against the above named Plaintiffs.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Kubanyi v. GVEA* Case No. F04-0026
Memo to Extend Deadline

2 of 7

See attached Ex. 1.  On June 7, 2007, GVEA responded, but did not include any reports or communications in the discovery.  Plaintiffs proceeded to conduct a deposition of Greg Wyman, of GVEA on July 3, 2007.  During the deposition, Mr. Wyman testified that GVEA conducted weekly progress meetings, which generated weekly reports after January 24, 2003.  GVEA  -- by providing documents in Cruz document control system ---had provided weekly reports up to January 24, 2003, but nothing after that time.   Of course, all the incidents in this matter occurred after that date so that the material provided was largely irrelevant to the Counterclaims.

Additionally, Mr. Wyman indicated that after the March incidents, there was substantial discussion and communication between Cruz, GVEA and others about the alleged trespass and how GVEA et. al intended to address the situation, including changes of watering points which is the basis of their claims against the Kubanyis.  At Mr. Wyman's deposition, we requested copies of all weekly progress meetings and all internal and external communication by GVEA related to this matter from GVEA's attending counsel, Mr. Borgeson, who agreed to provide them.  A follow up letter was sent that day confirming the conversation.  See Ex. 2.  Nothing was received and a reminder was sent on July 11, 2007. See Ex. 3.  Finally, on July 12, 2007, ----- the day before discovery motions were due ---Mr. Kramer

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Kubanyi v. GVEA* Case No. F04-0026
Memo to Extend Deadline

3 of 7

called this office making inquiry about what we were requesting. He agreed to send over the weekly progress reports, but indicated that while there was a project file, he did not intend to provide any further information. The material was not logged in the GVEA document control system, and is therefore useless for evidentiary purposes.

In requesting why no other documents were produced, Mr. Kramer indicated that he asked Mr. Wyman if they had any communication on this matter, and Wyman indicated that they did not. There was no indication that Mr. Kramer actually asked Mr. Wyman to look for such material. Noticeably absent from the discovery is any e-mail correspondence, which would normally be present in a construction project this size. Additionally, Cruz produced a copy of a document that Cruz received from Global, which appears to have been received by GVEA from DNR and forwarded to GVEA from Cruz. No such documents appear in the GVEA disclosures respecting communication from DNR to GVEA, or from GVEA to any of the other contractors. Additionally, Mr. Kramer disclosed in yesterday's discussions that GVEA has a project file that has not been disclosed, and that he refuses to disclose or allow inspection to determine whether there are documents relevant to the discovery requests. Mr. Kramer also indicated that he did not make inquiry with

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Kubanyi v. GVEA* Case No. F04-0026                                                                                    4 of 7
Memo to Extend Deadline

Mr. Wyman as to any specific documents requested --- e.g. letters, memos, notes e-mails etc. ---- despite Mr. Wyman's testimony that there was substantial communication within GVEA and between GVEA and others about the Kubanyi situation. It is rather obvious that GVEA has not produced the documents that would normally be expected to be in their possession, and have not really undergone any serious inquiry into their files and are withholding documents in their control.

It is also clear that multiple counsel for GVEA (Mr. Borgesson and Mr. Kramer) are not effectively communicating as to what Mr. Borgesson agrees to produce and what Mr. Kramer is actually willing to produce.  Alternatively, Borgesson/Kramer may be playing "good cop/bad cop", where Borgesson promises material, and Kramer claims to not know anything about it, and refuses to follow through on Borgesson's promises.  Either way, Borgesson/Kramer are not cooperating with discovery.

At 4:45pm on July 12, 2007 --- <u>three months late</u>, and the day before Discovery and In Limine Motions were due --- Mr. Kramer finally produced the weekly progress meeting reports.  The undersigned counsel has not had adequate time to

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Kubanyi v. GVEA* Case No. F04-0026
Memo to Extend Deadline

5 of 7

review and digest the material, other than that there are obvious reasons that the material might have been withheld.  Specifically, the reports disclose for the first time, that GVEA and Cruz were fully aware of the Kubanyi's objections and property claims days before the entry into the lake was made.  See Ex. 4 (attached) Additionally, the discovery does not contain any reference to document control numbers, which suggests that the documents were not in counsel's possession and logged into the document control system as required under Federal practice.

Plaintiffs require additional time to review material provided yesterday, reconcile it against material produced by GVEA previously, and material produced by Cruz and others.  If at that time it appears that material is still missing, Plaintiffs will attempt to resolve discovery issues without motion practice.  Of course, this process should be complete prior to *in limine* practice.  Therefore, Plaintiffs request extension of both deadlines --- discovery and in limine motions --- for thirty days.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Kubanyi v. GVEA* Case No. F04-0026                                                                                         6 of 7
Memo to Extend Deadline

Dated this 13th day of July, 2007 at Fairbanks, Alaska.

MICHAEL J. WALLERI

/s/ Michael J. Walleri
Law Offices of Michael J. Walleri
330 Wendell Street, Suite E
Fairbanks, Alaska 99701
(907) 452-4716
(907) 4524725 (Facsimile)
walleri@gci.net
AK Bar No. 7906060

VERIFICATION

Under penalty of perjury, the undersigned counsel of record hereby verifies the above reported discussion between counsel is a true and accurate.

/s/ Michael J. Walleri

Certificate of Service
I hereby certify that under penalty of perjury that a true and
correct copy of the foregoing was sent to the following counsel
of record on July 13, 2007 via ECF  to:

Mr. David Floerchinger
Assistant Attorney General
Department of Law
1031 W. Fourth Ave., Suite 200
Anchorage, Ak  99501

Mr. Cory Borgeson
Boreson & Burns, P.C.
100 Cushman Street, Suite 31
Fairbanks, Alaska 99701

Mr. Eric P. Gillett
Preg O'Donnell & Gillett, P.C.
1800 Ninth Ave., Suite 1500
Seattle, WA  98101-1340

Mr. Daniel T. Quinn
Richmond & Quinn
360 K Street, Suite 200
Anchorage, AK 99501-2038

/s/ Michael J. Walleri

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725