Borgeson & Burns, PC
100 Cushman Street, Suite 311
Fairbanks, AK 99701
(907) 452-1666
(907) 456-5055 – facsimile

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| Don M. Kubanyi, Jimmy Kubanyi, Aileen Welton, Elizabeth Tuzroyluk Doris Kubanyi, Victor Kubanyi, Bobby Kubanyi, Arlette Kubanyi, and Brian Baggett,<br><br>Plaintiffs,<br><br>vs.<br><br>Golden Valley Electric Association and Dave Cruz, individually and d/b/a Cruz Construction,<br><br>Defendants. | Case No. F04-0026 CIV |

### GVEA'S QUALIFIED NON-OPPOSITION TO MOTION TO EXTEND DEADLINES FOR FILING DISCOVERY MOTIONS AND MOTIONS IN LIMINE RELATED TO GVEA'S COUNTERCLAIMS

As this Court has repeatedly recognized, GVEA's counterclaims are based on the same facts and circumstances relevant to Plaintiff's claims. Because of this, the Court has previously rejected Plaintiff's attempts to needlessly expand the scope of this litigation.[1] GVEA does not oppose a further extension if it can recover its attorney fees necessarily incurred by the extension.

---

[1] See Docket nos. 247, 287, and 280.

Case 4:04-cv-00026-RRB   Document 304   Filed 07/26/2007   Page 2 of 5

Despite GVEA's often stated desire to minimize litigation expenses, and advance this litigation to an efficient trial,[2] the Plaintiff's have continued to file frivolous motions,[3] and have repeatedly tried to extend the deadlines. They have sought to make this case much more expensive and complicated than it needs to be.

Plaintiffs latest Motion to Extend Deadlines for Filing Discovery Motions and Motions in Limine would continue to needlessly protract this litigation, increase attorney's fees for all parties, and continue to prevent the merits of this case from being decided. If the Kubanyis want to delay this case further by conducting more discovery, GVEA only objects to the extent any such delays and additional discovery and motion practice only serve to ratchet up attorneys fees. Post-trial, when the Kubanyis inevitably complain about GVEA's costs and fees, GVEA wants to be on record as the party seeking to minimize costs and fees while steering this case towards an efficient trial.

GVEA is seeking an efficient end to this litigation with a trial, and the Kubanyis apparently do not want to go to trial. The Court should step in and advance the public policy of clearing its docket, while promoting the efficient resolution of cases. No further discovery or motions in limine need to be made in this case. If Plaintiffs insist they need more discovery and motion practice, GVEA will expect to recoup its attorney's fees incurred by any additional litigation.

---

[2] Exhibit A, Letter from Michael Kramer to Michael Walleri dated March 30, 2007; Exhibit B, Letter from Kramer to Walleri, dated July 12, 2007; see also Docket no. 252, GVEA's Opposition to Plaintiff's Motion to Extend Discovery as to Counterclaims and in Limine Motions, at Docket 248.
[3] See, e.g., Suggestion to Seek Opinion of U.S. Attorney. Docket nos. 264, 280, 287.

## BACKGROUND OF CURRENT DISPUTE

Plaintiffs first asked to depose Mr. Wyman sometime in late March.[4] GVEA responded by urging Plaintiffs to schedule the deposition by mid-May 2007.[5] Plaintiffs never responded to GVEA's invitation to set Mr. Wyman's deposition in mid-May.[6] On June 19th, Plaintiff simply noticed on Mr. Wyman's deposition for July 3 without notice to GVEA's counsel. A letter was sent seeking to reschedule the deposition, and suggesting professional courtesy requires working with opposing counsel before setting a deposition.[7]

Ultimately, Plaintiffs' attorney would not budge from their July 3 unilaterally set deposition. To prevent further litigation, wasted court reporter fees, etc., Mr. Borgeson agreed that he could defend Mr. Wyman's deposition on the date set by Plaintiffs.[8] The deposition was completed on July 3rd, and upon undersigned counsel's return to the office on July 9th, Mr. Borgeson advised that GVEA had agreed to produce any weekly reports that Mr. Walleri did not already have (he already had some from Cruz), as well as any internal or external correspondence that Mr. Wyman had concerning the Kubanyis.

Good faith inquiry was made of GVEA, and it was verified that no such correspondence existed. Mr. Walleri was advised of this by telephone, and after

---

[4] See Letter from Michael Walleri dated March 6, 2007, which GVEA received from Dan Quinn's offices in late March, and which GVEA received via fax from Michael Walleri's office on April 5, 2007.
[5] See Exhibit A.
[6] Exhibit C.
[7] Exhibit D, Letter from Michael Kramer to Michael Walleri dated June 21, 2007.
[8] See Exhibit C.

GVEA'S QUALIFIED NON-OPPOSITION TO MOTION TO EXTEND DEADLINES FOR FILING
DISCOVERY MOTIONS AND MOTIONS IN LIMINE RELATED TO GVEA'S COUNTERCLAIMS
Case No. F04-0026 CIV
Page 3 of 5

repeatedly voicing his doubts concerning the veracity of the representation, Mr. Walleri was asked by undersigned counsel what weekly reports he already had, so as not to duplicate previous documents.

Eventually, both attorneys agreed that certain dated reports would be exchanged. Those reports were ultimately exchanged on June 12th, three days after GVEA counsel learned of the request. The reports were hand delivered with a cover letter urging the Plaintiffs to avoid further unnecessary litigation, and to agree to set a trial date.[9] There was never any discussion on any telephone conversation, or in correspondence concerning production of a "project file".

## **CONCLUSION**

On May 14, 2007, the Court granted Plaintiff's motion to extend discovery deadlines until July 13, 2007.[10] The Plaintiffs have all the weekly progress reports, and GVEA does not have any internal or external correspondence concerning the Kubanyis, that the Kubanyis do not already have. Any further extension of time will only result in continued inefficient use of the Court's time.

The Motion to extend deadlines is based entirely on unsworn assertions by the Kubanyi's counsel insinuating that evidence is being hidden, and/or spoliated by GVEA. There is no support for these unsworn statements. If the extension is granted and nothing fruitful is gained by the Kubanyis during the extension, GVEA will seek an enhanced attorney fees award against them.

---

[9] See Exhibit C.
[10] See Docket No. 281.

DATED at Fairbanks, Alaska, this 26 day of July, 2007.

BORGESON & BURNS, PC
Attorney(s) for Plaintiff GVEA

By: /s/Michael C. Kramer
Michael C. Kramer
ABA # 9605031

**CERTIFICATE OF SERVICE**
This is to certify that on this date, a copy of the foregoing
document is being served electronically on:

Michael Walleri  walleri@gci.net; christin_woodward@yahoo.com
330 Wendell Street, Suite E
Fairbanks, AK  99701

Daniel T. Quinn  dquinn@richmondquinn.com; cesary@richmondquinn.com
Richmond & Quinn
360 K Street, Suite 200
Anchorage, AK  99501-2028