Borgeson & Burns, PC
100 Cushman Street, Suite 311
Fairbanks, AK 99701
(907) 452-1666
(907) 456-5055 – facsimile

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| Don M. Kubanyi, Jimmy Kubanyi,<br>Aileen Welton, Elizabeth Tuzroyluk<br>Doris Kubanyi, Victor Kubanyi,<br>Bobby Kubanyi, Arlette Kubanyi,<br>and Brian Baggett<br><br>　　　　　　　　　Plaintiffs,<br><br>vs.<br><br>Golden Valley Electric Association and<br>Dave Cruz, individually and d/b/a<br>Cruz Construction,<br><br>　　　　　　　　　Defendants. | Case No. F04-00026 CIV |

## AFFIDAVIT OF MICHAEL KRAMER

STATE OF ALASKA　　　　　)
　　　　　　　　　　　　　) ss.
FOURTH JUDICIAL DISTRICT )

I, Michael Kramer, being first duly sworn on oath depose and state:

1.　　This case centers on whether the Cruz trespassed across the Kubanyi allotment near 7 Mile Lake. The parties will never resolve that issue on their own, and a jury trial is needed.

2.　　Upon first learning that Mr. Walleri wanted to take Mr. Wyman's deposition, I requested that the deposition be scheduled by mid-May 2007. This

AFFIDAVIT OF MICHAEL KRAMER
F04-00026 CI
Page 1 of 4

date was selected in large part to continue moving the litigation towards trial, because other deadlines were looming around that time.

3. I sent the attached letter to Mr. Wallieri (Exhibit A), and never heard back from him until his correspondence of June 19, 2007 (Exhibit B) stating that he had unilaterally set on Mr. Wyman's deposition for July 3rd.

4. On July 3rd, I had a planned vacation to Seward to run the Mt. Marathon race on July 4th. I contacted Mr. Walleri's office in an attempt to cordially reschedule the deposition. I left a message for Mr. Walleri, and he never returned my call.

5. Sometime later, I discussed the dilemma with Mr. Borgeson, who volunteered that he was available on July 3rd and could handle the deposition. I then confirmed that Mr. Wyman was available, and we decided to go forward in my absence in large part to avoid further fights, expenses, and delays that would inevitably occur if Mr. Walleri showed up at the court reporter's office on July 3rd, and neither Mr. Wyman nor his counsel appeared.

6. Upon my return to the office on July 9th, I talked with Mr. Borgeson on the 9th or 10th and he advised me that he had agreed to produce weekly reports that Mr. Walleri may not have already received. I was also advised that GVEA had agreed to request all external or internal correspondence that Mr. Wyman had concerning the Kubanyis.

7. I began accumulating the weekly reports, and communicated to Mr. Wyman the request for correspondence.

AFFIDAVIT OF MICHAEL KRAMER
F04-00026 CI
Page 2 of 4

8. Sometime later, I was advised by Mr. Wyman that no such correspondence existed. I reported this to Mr. Walleri, when I called him to ask what weekly reports he already had. Mr. Walleri interrupted me several times, raised his voice, and made various disparaging comments.

9. I told him I would produce the requested weekly reports, which I did on July 12th under the attached cover letter (Exhibit C).

10. Mr. Walleri's unsworn assertion that Kramer "... agreed to send over the weekly progress reports, but indicated that while there was a project file, he did not intend to provide any further information" is mistaken. I do not recall ever discussing the "project file" with Mr. Walleri, nor did I tell him I did not intend to provide any further information. I simply told Mr. Walleri that I had the weekly reports, and that there was no correspondence other than that which he already had.

11. Mr. Walleri further asserts (unsworn) in his memo that I "... also indicated that [I] did not make inquiry with Mr. Wyman as to any specific documents requested." Again, I do not recall stating any such thing to Mr. Walleri.

12. Without waiving any attorney client privilege, the letter requesting production dated July 11th from Mr. Walleri was forwarded in its entirety to Mr. Wyman.

DATED this 25 day of July, 2007, in Fairbanks, Alaska.

_____
Michael Kramer

Subscribed and sworn to or affirmed before me at Fairbanks, Alaska, on the 26th day of July, 2007.

_____
NOTARY PUBLIC in and for the State of Alaska
My Commission Expires: 3-31-10

STATE OF ALASKA
NOTARY PUBLIC
Patrick B. Carroll
My Commission Expires March 31 2010