IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DON M. KUBANYI; JIMMY KUBANYI; AILEEN WELTON; ELIZABETH TUZROYLUK; DORIS KUBANYI; VICTOR KUBANYI; BOBBY KUBANYI; ARLETTE KUBANYI; and BRIAN BAGGETT,<br><br>      Plaintiffs,<br><br>vs.<br><br>GOLDEN VALLEY ELECTRIC ASSOCIATION; and DAVE CRUZ, individually and d/b/a CRUZ CONSTRUCTION,<br><br>      Defendants. | Case No. 4:04-cv-0026-RRB<br><br><br>**ORDER REGARDING MOTION FOR SUMMARY JUDGMENT AT DOCKET 170** |

I. INTRODUCTION

Before the Court is Defendant Golden Valley Electric Association ("GVEA") with a Motion for Summary Judgment on Plaintiffs' Claims for Punitive Damages and 2002 Trespass Damages at Docket 170. GVEA's motion is based on Fed. R. Civ. P. 12 and 56 and Alaska Stat. § 09.17.020. Plaintiffs oppose at Docket 227.

Oral argument is not necessary because these matters have been thoroughly briefed by the parties.

The Court grants GVEA's Motion with respect to Plaintiffs' punitive damages claim, but denies the Motion with respect to Plaintiffs' claim of trespass in 2002.

## II. BACKGROUND

Because the Court and the parties are familiar with the background of this case, the Court refers to earlier recitations of the facts.

## III. STANDARD OF REVIEW

Summary judgment is warranted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact."[1] A genuine issue of material fact exists when the non-moving party produces evidence on which a reasonable trier of fact could find in its favor viewing the record as a whole in light of the evidentiary burden the law places on that party.[2] The moving party has the burden of showing that there is no genuine dispute as to material fact.[3] The moving party need

---

[1]   Fed. R. Civ. P. 56(c); California v. Campbell, 138 F.3d 772, 780 (9th Cir. 1998).

[2]   See Triton Energy Corp. v. Square D Co., 68 F.3d 1216, 1221 (9th Cir. 1995); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252-56 (1986).

[3]   Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

not present evidence; it need only point out the lack of any genuine dispute as to material fact.[4]

Once the moving party has met this burden, the non-moving party must set forth evidence of specific facts showing the existence of a genuine issue of fact for trial.[5] All evidence presented by the non-movant must be believed for purposes of summary judgment, and all justifiable inferences must be drawn in favor of the non-movant.[6] However, the non-moving party may not rest upon mere allegations or denials, but must show that there is sufficient evidence supporting the claimed factual dispute to require a fact-finder to resolve the parties' differing versions of the truth at trial.[7]

## IV. DISCUSSION

Plaintiffs' Amended Complaint alleges that GVEA's actions, as set forth in the pleading, constitute an "unlawful intrusion onto land possessed by the Plaintiffs without consent or other privilege thereby constituting a trespass in violation of federal law."[8] Plaintiffs allege that GVEA "had prior notice that

---

[4]  Id. at 323-325.

[5]  Anderson, 477 U.S. at 248-49.

[6]  Id. at 255.

[7]  Id. at 248-49.

[8]  Docket 34 at 9, ¶ 40.

'The Property' was owned by Plaintiffs",[9] "that entry upon the land was not consented to or otherwise privileged",[10] that "[t]he intrusion and entry onto such land was intentional with the full knowledge that the subject land was owned by the Plaintiffs",[11] that the "entry was done for economic advantage of GVEA"[12] and that GVEA "[a]s a direct and proximate cause . . . unlawfully appropriated the value of such land and caused certain damage to the Property, to be proven at trial."[13] Plaintiffs request, among other relief, "actual and punitive damages to be determined at trial."[14]

### A. Trespass in 2002

GVEA argues that Plaintiffs' 2002 trespass claim fails as a matter of law because it is undisputed that no GVEA employee entered Plaintiffs' property in 2002 and because Plaintiffs admit that Cruz did not enter Plaintiffs's property in 2002.[15]

Plaintiffs, on the other hand, argue that sufficient evidence exists to conclude that a trespass occurred in 2002. Plaintiffs point to the deposition testimony of Dave Cruz that Cruz

---

[9]  Id., ¶ 41.

[10] Id.

[11] Id., ¶ 42.

[12] Id., ¶ 43.

[13] Id., ¶ 44.

[14] Id. at 10.

[15] Docket 173 at 4.

workers accessed Seven Mile Lake in 2002 in the same manner as he did in 2003, in furtherance of his contract with GVEA.[16]

This case arose from the March 1, 2003, confrontation between Don Kubanyi and Cruz Construction and the Alaska State Troopers, in which Plaintiffs allege that Cruz trespassed on their Native allotment.  It appears that the parties also genuinely dispute whether a trespass occurred as early as 2002.  Mr. Cruz's testimony that his workers accessed the lake in 2002 in the same manner as in they did in 2003 tends support Plaintiffs' allegation of trespass in 2002.[17]  Therefore, Plaintiffs' claim for trespass in 2002 is not a new cause of action, but rather part of Plaintiffs' original trespass claim.

Of course, whether trespass occurred at all is an issue of fact to be determined at trial.  Therefore summary judgment on this issue is not appropriate.  GVEA's Motion for Summary Judgment with respect to Plaintiffs' claims for trespass in 2002 is therefore denied.

### B. Punitive Damages

GVEA's present motion seeks summary judgment on Plaintiffs' claim for punitive damages on the grounds that

---

[16]   Docket 227 at 3, Ex. 1 at 2-4.

[17]   Id.

"Plaintiffs have not alleged any conduct on GVEA's part that would give rise to a claim for punitive damages."[18]

An award of punitive damages must be supported by clear and convincing evidence.[19] Punitive damages "may only be awarded 'where the wrongdoer's conduct can be characterized as outrageous, such as acts done with malice or bad motives or a reckless indifference to the interests of others.'"[20] "[R]eckless indifference to the rights of others, and conscious action in disregard of them . . . may provide the necessary state of mind to justify punitive damages.[21] Punitive damages "are not awarded for mere inadvertence, mistake, errors of judgment and the like, which constitute ordinary negligence [but are restricted to] conduct involving some element of outrage similar to that usually found in crime."[22]

Plaintiffs assert that evidence of intentionality or recklessness is unnecessary in order to defeat GVEA's summary

---

[18]   Docket 173 at 3.

[19]   Alaska Stat. 09.17.020 (2006).

[20]   Johnson & Higgins v. Blomfield, 907 P.2d 1371, 1376 (Alaska 1995) (citing Bridges v. Alaska Hous. Auth., 375 P.2d 696, 702 (Alaska 1962).

[21]   Id. (citing, inter al., Restatement (Second) or Torts § 908) (internal quotation marks omitted).

[22]   Pederson v. Barnes, 139 P.3d 552, 563 (Alaska 2006) (citing State v. Hazelwood, 946 P.2d 875, 889 (Alaska 1997) (Compton, C.J., dissenting) (quoting Restatement (Second) of Torts § 908 cmt. b)).

judgment motion on punitive damages.[23] Plaintiffs reason that the Court's orders at Docket 142 (partially denying Cruz Construction's Motion for Summary Judgment) and Docket 143 (partially denying GVEA's Motion for Summary Judgment) establish the law of the case that Plaintiffs "may be entitled to more than nominal damages, including punitive damages, and that GVEA can assume the liability under the TWUP."[24]  However, neither of these orders release Plaintiffs from their burden of producing evidence of the fundamental elements of a punitive damages claim against GVEA directly.

Plaintiffs' factual support for their assertion that GVEA acted "in a knowing or reckless manner" includes: (1) discussions between Don Kubanyi and GVEA superintendent Greg Wyman, (2) discussions between Don Kubanyi and Wayne Walters, project agent for the GVEA intertie project, which Walters reported to his supervisors, and (3) GVEA's participation in weekly briefings in which the planned operations at Seven Mile Lake were discussed.[25] However, Mr. Cruz, in his deposition, denied that anyone at GVEA ever told him to disregard the terms of the water permit or that

---

[23]   Docket 227 at 8.

[24]   Id. at 5.

[25]   Id. at 8-9.

anyone from GVEA ever told him to trespass on private property[26] or where to build the ice roads.[27]  Mr. Cruz also testified that he reported directly to, and took orders from, Mike Gearhart, then-President of Global Power.[28]

Viewing the facts in the light most favorable to Plaintiffs, the Court holds that GVEA's actions do not merit punitive damages.  GVEA's Motion for Summary Judgment on Plaintiffs' claim for punitive damages is therefore granted.

## V.  CONCLUSION

For the aforesaid reasons, GVEA's Motion for Summary Judgment (Docket 170) is hereby **GRANTED** as to Plaintiffs' claims for punitive damages and **DENIED** as to Plaintiffs' assertion of trespass in 2002.

**IT IS SO ORDERED.**

ENTERED this 13th day of August, 2007.

S/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[26]   Docket 86, Ex. 3 at 16.

[27]   Docket 231, Ex. 2 at 5-6.

[28]   Docket 57, Ex. 7 at 5-6.