IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DON M. KUBANYI; JIMMY KUBANYI; AILEEN WELTON; ELIZABETH TUZROYLUK; DORIS KUBANYI; VICTOR KUBANYI; BOBBY KUBANYI; ARLETTE KUBANYI; and BRIAN BAGGETT,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>GOLDEN VALLEY ELECTRIC ASSOCIATION; and DAVE CRUZ, individually and d/b/a CRUZ CONSTRUCTION,<br><br>　　　　Defendants. | Case No. 4:04-cv-0026-RRB<br><br>**ORDER RE MOTION IN**<br>**LIMINE AT DOCKET 253** |

　　　　Before the Court is Defendant Golden Valley Electric ("GVEA") with a Motion to Exclude Testimony and Report of Plaintiffs' Expert Mark Sherman at Docket 253, Ex. A, pursuant to Federal Rules of Evidence 403, 702, and 703.

　　　　Plaintiffs oppose at Docket 300 on the grounds that Sherman's testimony is relevant to demonstrate GVEA's and Cruz

Construction's motive for the alleged trespass and the financial benefit received by GVEA and Cruz from the alleged trespass.

While it appears on the surface that Plaintiffs' expert witness possesses the expertise to estimate the cost associated with using alternative water sources, the Court is not convinced that Plaintiffs' stated reasons for offering Sherman's testimony are probative or relevant to any of Plaintiffs' claims.  It is unclear how evidence of "motive" is probative of Plaintiffs' trespass claims against GVEA and Cruz Construction.  Moreover, Plaintiffs' proposed measure of damages based on "financial benefit received" does not find support in Alaska's law of trespass.[1]

The Court, however, will refrain from ruling on GVEA's Motion to Exclude Testimony and Report of Plaintiffs' Expert Mark Sherman until closer to trial.

ENTERED this 15th day of August, 2007.

S/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiffs assert that the "measure of damages may, under certain circumstances, be the benefit that the tortfeasor enjoyed as a result of its wrongful conduct."  Docket 300 at 7 (citing Reeves v. Alyeska Pipeline Serv. Co., 56 P.3d 660 (Alaska 2002)). In Reeves, the Alaska Supreme Court held that the "the proper measure of Reeve's compensatory damages is the profit that Alyeska actually realized by exploiting Reeve's idea."  56 P.3d at 666-67. The relevant language in Reeves, however, dealt with an implied breach of contract claim for Alyeska's alleged breach of a disclosure agreement relating to a business proposal, rather than a tort claim.  Plaintiffs have not identified, and the Court has not found, any subsequent decision by the Alaska Supreme Court applying this measure of damages to a tort claim for trespass.