Michael J. Walleri
Law Offices of Michael J. Walleri
330 Wendell Street, Suite E
Fairbanks, Alaska  99701
(907) 452-4716
(907) 452-4725 (Facsimile)
Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DON M. KUBANYI, JIMMY KUBANYI, AILEEN WELTON, ELIZABETH TUZROYLUK, DORIS KUBANYI, VICTOR KUBANYI, BOBBY KUBANYI, ARLETTE KUBANYI, and BRIAN BAGGETT,<br><br>Plaintiff(s),<br><br>vs.<br><br>GOLDEN VALLEY ELECTRIC ASSOCIATION, DAVE CRUZ, individually and d/b/a/ CRUZ CONSTRUCTION, BLACK & VECH CORPORATION, JAKE COVEY AND PATRICK NELSON,<br>        Defendants. | **MEMORANDUM IN SUPPORT OF MOTION IN LIMINE: KALEN REPORT [DAUBERT]**<br><br><br>Case No. 4:04-cv-0026 RRB |

The Plaintiff's seek a motion in limine to exclude any and all expert witness evidence to be offered by Patrick Kalen respecting land surveying under *Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993).*

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Kubanyi v. GVEA* Case No. F04-0026
Memo:In Limine; Kalen (Daubert)

1 of 6

The Plaintiffs arranged survey to be conducted by Mr. Eric Stalke, a certified surveyor, who is authorized by the United States Department of the Interior to conduct surveys of federal lands.  That survey concludes that there is a gap between the exterior boundary of the Rex Trail and the shore of Seven Mile Lake upon land within the Kubanyi allotment that was crossed by the GVEA contracted crews.   In conducting this survey, Mr. Stalke used generally accepted methodology contained in the BLM Manual of Surveying Instructions for the Surveying of Public Lands 1973.

Mr. Kalen is a certified surveyor, and has been retained by GVEA with regard to determining the location and width of the Rex Trail easement using land surveying techniques.  Of course, Mr. Kalen concludes that the Rex Trail runs through Seven Mile Lake.  Mr. Kalen's report admits that Mr. Stalke's determinations are fully consistent with the BLM Manual of Surveying Instructions for the Surveying of Public Lands 1973, and takes no exception to his methods and means as being inconsistent with that methodology. Rather, in reaching his conclusion, Mr. Kalen employees a methodology that he admits is inconsistent with

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Kubanyi v. GVEA* Case No. F04-0026
Memo:In Limine; Kalen (Daubert)

2 of 6

BLM Manual of Surveying Instructions for the Surveying of Public Lands 1973. Specifically, Mr. Kalen argues that "It is the wrong book". [1]

While land surveying employs generally accepted scientific principles, those principles include the BLM Manual of Surveying Instructions for the Surveying of Public Lands 1973.  Survey methodologies inconsistent with the BLM Manual, such as those employed by Mr. Kalen, are clearly outside generally accepted scientific principles.

Scientific evidence is admitted pursuant to Federal Rule of Evidence 702.  As a general matter, this court serves as the gatekeeper in excluding bad science that does not carry sufficient indicia of reliability for admission into evidence.[2] Essentially, the Court is to determine whether the proffered evidence is both relevant and reliable.[3]

---

[1] See P. 6, Kalen Report.
[2] Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 587-89 (1993)
[3] *Daubert, 509 U.S. at 589-92.*

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

Scientific evidence is reliable if it is based on an assertion that is grounded in methods of science --the focus is on principles and methodology, not conclusions.[4] There are four non-exclusive factors for consideration in the reliability analysis: (1) whether the scientific theory or technique can be (and has been) tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) whether a particular technique has a known potential rate of error; and (4) whether the theory or technique is generally accepted in the relevant scientific community.[5]

The Ninth Circuit has noted that "whether the experts are proposing to testify about matters growing naturally and directly out of research they have conducted independent of the litigation, or whether they have developed their opinions expressly for purposes of testifying." is a "very significant fact to be considered." [6] This Court is to also consider whether there exists any "other objective, verifiable evidence that the testimony is based on scientifically valid principles."[7]

Courts generally recognize that the BLM Manual is "the Bible" with regard to the survey of Native lands. *Keller v. United States, 6 Cl. Ct. 724, 725 (1984)* The BLM

---

[4] . Id. at 595-96.
[5] Id. at 593-94.
[6] Daubert v. Merrell Dow Pharms., Inc., 43 F.3d 1311, 1317 (9th Cir. 1995)
[7] Id. at 1317-18

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

methodology is simply not in question. The graveman of Mr. Kalen's testimony is to question that metaphorical Bible. However, there is no scientific support for such a position, other than Mr. Kalen's subjective, unscientific, and result oriented conclusions. As noted above, the Federal courts have generally accepted that the BLM manual techniques are "generally accepted in the relevant scientific community". Mr. Kalen's 'technique" is by definition outside that safe harbor. Moreover, there is no evidence that his technique can be (and has been) tested, subjected to peer review and publication, or has a known potential rate of error. As a result, there is no basis for its admissibility.

As a result, the Court should exclude Mr. Kalen's expert testimony as to the location and width of the Rex Trail right of way.

DATED this 27th day of August, 2007.

>	MICHAEL J. WALLERI
>
>	/s/ Michael J. Walleri
>	AK Bar No. 7906060
>	Attorney for Plaintiffs

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

<u>Certificate of Service</u>
I hereby certify that under penalty of perjury that a true and correct copy of the foregoing was sent to the following counsel of record on August 27, 2007 via ECM to:

| | |
|---|---|
| Mr. Venable Vermont, Jr.<br>Assistant Attorney General<br>Department of Law<br>1031 W. Fourth Ave., Suite 200<br>Anchorage, Ak  99501 | Mr. Cory Borgeson<br>Borgeson & Burns, P.C.<br>100 Cushman Street, Suite 31<br>Fairbanks, Alaska 99701 |
| Mr. Eric P. Gillett<br>Preg O'Donnell & Gillett, P.C.<br>1800 Ninth Ave., Suite 1500<br>Seattle, WA  98101-1340 | Mr. Daniel T. Quinn<br>Richmond & Quinn<br>360 K Street, Suite 200<br>Anchorage, AK 99501-2038 |

/s/ Michael J. Walleri

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725