Michael J. Walleri
Law Offices of Michael J. Walleri
330 Wendell Street, Suite E
Fairbanks, Alaska  99701
(907) 452-4716
(907) 452-4725 (Facsimile)
Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DON M. KUBANYI, JIMMY KUBANYI, AILEEN WELTON, ELIZABETH TUZROYLUK, DORIS KUBANYI, VICTOR KUBANYI, BOBBY KUBANYI, ARLETTE KUBANYI, and BRIAN BAGGETT,<br><br>         Plaintiff(s),<br>vs.<br><br>GOLDEN VALLEY ELECTRIC ASSOCIATION, DAVE CRUZ, individually and d/b/a/ CRUZ CONSTRUCTION, BLACK & VECH CORPORATION, JAKE COVEY AND PATRICK NELSON,<br>         Defendants. | **PROPOSED AMENDED COMPLAINT (SECOND)**<br><br><br>Case No. 4:04-cv-0026 RRB |

## I. Introduction

1. This is an action for money damages for trespass against a Native Allotment and violation of federal civil rights laws[ 42 USC 1983].

## II. Parties

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

2. Plaintiff, Don Kubanyi, is a resident of the State of Alaska, residing at Nenana. Plaintiff Jimmy Kubanyi is a resident of the State of Alaska, residing at Fairbanks. Plaintiff Aileen Welton is a resident of the State of Alaska, residing at North Pole. Plaintiff Elizabeth Tuzroyluk is a resident of the State of Alaska, residing at Pt. Hope. Plaintiff Doris Kubanyi is a resident of the State of Alaska, residing at Fairbanks. Plaintiff Victor Kubanyi is a resident of the State of Alaska, residing at Fairbanks. Plaintiff Bobby Kubanyi is a resident of the State of Alaska, residing at Fairbanks. Plaintiff Arlette Kubanyi is a resident of the State of Alaska, residing at Fairbanks. Plaintiff Brian Bagget is a resident of the State of Alaska, residing at Fairbanks.

3. Defendant, Golden Valley Electric Association, (hereinafter referred to as "GVEA) is an electric cooperative organized and/or governed under the laws of the State of Alaska, whose principal place of business is located in Fairbanks, Alaska, and is the owner/operator of the Northern Intertie Project and holder of permits referenced herein allowing for the construction of said project.

4. Defendant Dave Cruz, (hereinafter referred to as "Cruz") is a resident of the State of Alaska and owner of Cruz Construction, Inc.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Kubanyi v. GVEA, Dave Cruz, Cruz Construction, et al.*    2 of 11
Proposed Amended Complaint (Second)

5. Cruz Construction, Inc. is a for-profit corporation organized and governed by under the laws of the State of Alaska, whose principal place of business is located in Palmer, Alaska.

6. Defendant Black & Vetch Corporation, (hereinafter referred to as "Black"), is a for profit corporation organized and governed under the laws of the State of Delaware, whose principal place of business is located in Lake Oswego, Oregon, and is actively engaged in business within the State of Alaska at all relevant times.

7. Defendant Jake Covey is a resident of the State of Alaska, and is being sued in his personal capacity.

8. Defendant Patrick Nelson is a resident of the State of Alaska, and is being sued in his personal capacity.

### III. Jurisdiction and Venue

9. The Court has jurisdiction over the subject matter of this complaint under the terms of 28 USC §1331 (Federal Questions).

10. Venue of this matter is properly before the U.S. District Court for the District of Alaska.

### IV. Facts

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

11. On or about, March 5, 1999, GVEA received a right of way grant, designated Serial Number ADL-415854, from the State of Alaska, Department of Natural Resources, Division of Land, for the construction of the Northern Intertie Project, an electrical intertie between South-Central and Interior Alaska electrical distribution grids, pursuant to AS 38.05.850, and regulations adopted there under.

12. On or about, July 29, 1999, GVEA received a right of way grant, designated Serial Number FF-091732, from the Bureau of Land Management, United States Department of Interior, for the construction of the same said Northern Intertie Project pursuant to the Federal Land Policy and Management Act (FLPMA) [43 USC 1761] and regulations adopted pursuant thereto.

13. On or about July 17, 1999, entered into a contract with Black & Veatch for the performance of engineering and project management services in connection to the construction of the above referenced project.

14. The construction of the above project was aided by the construction of an ice road following the Rex Trail.

15. On or about April 15, 2003, GVEA obtained a Temporary Water Use Authorization from the State of Alaska (No. TWUP A2001-118) for the extraction of water from Seven-Mile Lake and use of such water in the

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

Proposed Amended Complaint (Second)

construction/maintenance of ice roads/bridges used in association with the construction of the above referenced project.

16. Plaintiffs do not have information as to whether a similar TWUP permit was acquired in the prior construction year.

17. Subsequent thereto, GVEA, with the assistance of Black and Veatch, entered into a contract or purchase of services from Cruz Construction for the construction and maintenance of ice bridges and roads along the Rex Trail

18. At all relevant times, Plaintiff(s) Don Kubanyi, Jimmy Kubanyi, Aileen Welton, Elizabeth Tuzroyluk, Doris Kubanyi, Victor Kubanyi, Bobby Kubanyi, and Arlette Kubanyi, held an undivided interest in the Native Allotment identified as U.S. Survey 9954, and surrounding the southern shore and adjacent lands of Seven-Mile Lake, as an heir to Nora Kubanyi's estate (herein after "The Property").

19. Prior to March 1, 2003 the Plaintiff's father had posted "No Trespassing" signs around "The Property".

20. There is legal access from the Rex Trail to Seven-Mile Lake that does not require crossing "The Property."

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Kubanyi v. GVEA, Dave Cruz, Cruz Construction, et al.*   5 of 11
Proposed Amended Complaint (Second)

21. On information and belief, access across "The Property" reduced construction costs associated with the performance of the maintenance and construction of ice roads desired by GVEA.

22. In the Spring of 2002, Plaintiff Don Kubanyi was contacted by Wayne Waters, who, upon information and belief, worked for Cruz Construction, for the purposes of obtaining permission from the Plaintiffs to cross "The Property" to gain access to the Seven Mile Lake to pump water from the lake to prepare an ice road.

23. Consent from the Plaintiff's was not obtained for the 2002 construction season.

24. On or about March 1, 2003 some of the Plaintiffs and associated family members were at their residences located on "The Property".

25. On or about March 1, 2003 some of the Plaintiffs and associated family members, including Brian Baggett, the husband of Doris Kubanyi, observed several Cruz Construction workers trespass onto "The Property" and begin pumping water out of Seven-Mile Lake, which access to the "Seven Mile Lake" is located through and on "The Property".

26. The pumping activity, was commenced in the early evening, and was to continue through the night, involved the use of heavy equipment, including

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Kubanyi v. GVEA, Dave Cruz, Cruz Construction, et al.*    6 of 11
Proposed Amended Complaint (Second)

generators, pumps, and commercial lighting towers, which during operations created loud noise and light which could be heard and seen on the Kubanyi allotment.

27. On or about March 1, 2003, Plaintiff Don Kubanyi approached Dave Cruz of Cruz Construction to discuss what Cruz Construction was doing on his allotment, and demanded that they stop trespassing on private property and stop crossing "The Property."

28. Mr. Cruz offered Mr. Kubanyi the use of certain equipment in exchange for allowing Cruz Construction to use the Kubanyi native allotment to access Seven Mile Lake.

29. Mr. Kubanyi explained that he would need to speak with the family and obtain their approval before any agreement was made.

30. Later that evening, Plaintiff Don Kubanyi again approached Cruz Construction workers and explained that they had not received the Kubanyi's permission to be on the property and that the Cruz Construction workers and their equipment needed to be removed from the native allotment.

31. The Cruz Construction workers insisted that they had a legal right to be both on "The Property" and to pump water out of the lake.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Kubanyi v. GVEA, Dave Cruz, Cruz Construction, et al.*     7 of 11
Proposed Amended Complaint (Second)

32. Rather than leaving "The Property" the Cruz Construction workers and made false and misleading statements to the Alaska State Troopers claiming that they had a legal right to be on the Property.

33. Jake Covey and Patrick Nelson are employed as Alaska State Troopers. They were dispatched to the scene.

34. Upon arrival, and without prior investigation, Covey and Nelson approached Plaintiff Don Kubanyi and demanded that Plaintiff show them his hands for the purpose of arresting and removing Mr. Kubanyi from his property without due process and in violation of federal law.

35. Plaintiff refused and began to run towards his house.

36. Covey and Nelson chased Don Kubanyi, caught him, Nelson tazed him with an M-26 tazer several times while Covey emptied two cans of pepper spray into Plaintiff's Don Kubanyi face, and arrested said Plaintiff.

37. Plaintiff Brian Baggett was observing the above referenced activities and protested the above actions.

38. Covey and Nelson threatened Brian Baggett with physical harm, causing emotional distress.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Kubanyi v. GVEA, Dave Cruz, Cruz Construction, et al.*　　　　　　　　　　　　　　　　8 of 11
Proposed Amended Complaint (Second)

39. After the above incident, the Cruz Construction continued the above described activities, including the crossing of the "The Property" for the purposes and uses described above.

## COUNT I

## TRESPASS

40. Paragraph 9 through 39 *supra* are incorporated by reference herein

41. The above referenced actions constitute and unlawful intrusion onto land possessed by the Plaintiffs without consent or other privilege thereby constituting a trespass in violation of federal law.

42. Defendants Cruz, GVEA and Black and Veatch had prior notice that "The Property" was owned by the Plaintiffs, and that entry upon the land was not consented to or otherwise privileged.

43. The intrusion and entry onto such land was intentional with the full knowledge that the subject land was owed by the Plaintiffs.

44. The above entry was done for economic advantage of GVEA, Black and Veatch and Cruz Construction.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Kubanyi v. GVEA, Dave Cruz, Cruz Construction, et al.*  9 of 11
Proposed Amended Complaint (Second)

45. As a direct and proximate cause of the above actions, the Defendants GVEA, Black and Veatch and Cruz Construction unlawfully appropriated the value of such land and caused certain damage to the Property, to be proven at trial.

## COUNT II

## NUISANCE

46. Paragraph 9 through 39 *supra* are incorporated by reference herein.

47. The above referenced allotment is in a secluded rural location.

48. The night operations of GVEA and its contractors constituted a nuisance disturbing the quiet enjoyment of the Kubanyi family members in the use of the allotment.

## COUNT III

## CIVIL RIGHTS VIOLATION

49. Paragraph 9 through 31 *supra* are incorporated by reference herein.

50. Such actions violate 42 USC 1983.

**Wherefore, Plaintiff requests judgment against Defendant(s) as follows:**

1. For actual and punitive damages to be determined at trial,

2. For attorney's fees and costs,

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

3. For such other relief as the Court deems proper.

DATED this 27th day of August, 2007.

                           MICHAEL J. WALLERI

                           <u>/s/ Michael J. Walleri</u>
                           AK Bar No. 7906060
                           Attorney for Plaintiffs

<u>Certificate of Service</u>
I hereby certify that under penalty of perjury that a true and correct copy of the foregoing was sent to the following counsel of record on August 27, 2007 via ECM to:

| | |
|---|---|
| Mr. Venable Vermont, Jr.<br>Assistant Attorney General<br>Department of Law<br>1031 W. Fourth Ave., Suite 200<br>Anchorage, Alaska 99501 | Mr. Cory Borgeson<br>Borgeson & Burns, P.C.<br>100 Cushman Street, Suite 31<br>Fairbanks, Alaska 99701 |
| Mr. Eric P. Gillett<br>Preg O'Donnell & Gillett, P.C.<br>1800 Ninth Ave., Suite 1500<br>Seattle, WA 98101-1340 | Mr. Daniel T. Quinn<br>Richmond & Quinn<br>360 K Street, Suite 200<br>Anchorage, AK 99501-2038 |

/s/ Michael J. Walleri

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725