Borgeson & Burns, PC
100 Cushman Street, Suite 311
Fairbanks, AK 99701
(907) 452-1666
(907) 456-5055 – facsimile

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| Don M. Kubanyi, Jimmy Kubanyi, Aileen Welton, Elizabeth Tuzroyluk Doris Kubanyi, Victor Kubanyi, Bobby Kubanyi, Arlette Kubanyi and, Brian Baggett, <br><br> Plaintiffs, <br><br> vs. <br><br> Golden Valley Electric Association, Dave Cruz, individually and d/b/a Cruz Construction <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Case No. F04-0026 CIV

### DEFENDANT GVEA'S OPPOSITION TO MOTION
### TO AMEND COMPLAINT (SECOND)

After extensive pretrial preparation, and after the discovery deadline has passed, Plaintiffs seek to amend their Complaint to allege a nuisance claim. The claim is embodied in Paragraph 26: "The pumping activity, was commenced in the early evening, and was to continue through the night, involved the use of heavy equipment, including generators, pumps, and commercial lighting towers, which during operations created loud noise and light which could be heard and seen on the

Kubanyi allotment."[1]

Amended paragraph 48 alleges "[t]he night operations of GVEA and its contractors constituted a nuisance disturbing the quiet enjoyment of the Kubanyi family members in the use of the allotment."[2]

Though FRCP 15 provides that leave to amend pleadings will be liberally granted, in this case, GVEA has been prejudiced by the Plaintiffs' attempt to assert a related, but factually and legally distinguishable cause of action in what has always been litigated as a physical trespass case.

**I.   LAW.**

AS 09.45.255 defines a private nuisance as "a substantial and unreasonable interference with the use and enjoyment of real property, including water." The Alaska Supreme Court has adopted the Second Restatement of Torts, Section 822(a)(1965), stating "private nuisance liability results from an intentional and unreasonable interference with another's use and enjoyment of his or her own property."[3]

In Alaska, a nuisance is either temporary or permanent. In this case, the nuisance alleged occurred for one night, on March 1, 2003. The activity complained of occurred on State land (upon the frozen surface of Seven Mile Lake), and according to the Complaint "created loud noises and light which could be heard and

---

[1] Proposed Amended Complaint (Second), para. 26, p. 6-7
[2] Proposed Amended Complaint (Second), para. 48, p.10.
[3] Parks Hiway Enterprises, LLC v. CEM Leasing, Inc., 995 P.2.nd 657 (Alaska 2000), citing Restatement (Second) of Torts, Section 822(a)(1965).

**Opposition to Plaintiffs' Motion to Amend Complaint (Second)**
Kubanyi v. GVEA, et al.
Case No. F04-0026 CIV
Page 2 of 5

seen on the Kubanyi allotment."

The "interests of justice" under FRCP 15 would not be served by allowing the Plaintiff to assert a novel and new cause of action based on construction related noise and light which allegedly could be "heard and seen" from the Kubanyi allotment.

GVEA would be prejudiced if the court allowed this new cause of action to be asserted at this late date.  Since this case was filed in 2004, GVEA has defended against the various allegations in the original, and First Amended Complaint.  Most causes of action, and most of the parties, have either been dismissed or have settled.  The only case that is left to be tried is whether GVEA is liable for a physical trespass that may have occurred on the Kubanyi's private property.  Numerous depositions have been taken, and thousands of dollars have been spent for surveying expenses, and expert reports related to the property boundary issues central to the trespass action.  GVEA has never before had notice, or opportunity to defend against the claim now being advanced, that Cruz's water pumping operation from Seven Mile Lake caused an unreasonable interference with the Kubanyi's quiet enjoyment of their property.  The Kubanyi Plaintiffs have never been extensively questioned regarding their individual reactions and perception of the light and sound emanating from the Cruz pump shack operating in the middle of Seven Mile Lake on March 1, 2003.  Indeed, most of the individual Plaintiffs were not even present when the alleged nuisance occurred.  Those who were not present could not have a

**Opposition to Plaintiffs' Motion to Amend Complaint (Second)**
Kubanyi v. GVEA, et al.
Case No. F04-0026 CIV
Page 3 of 5

nuisance claim.  If the Court were to allow an amendment at this late date, and allow the Kubanyis to add a claim which they should have been well aware of on March 1, 2003, and when they filed with their original Complaint in 2004, GVEA would be required to reopen discovery and determine the factual basis of each of the Plaintiffs' claims for damages related to interference with their quiet enjoyment of their native allotment.

Further, GVEA would, at this very late date in the litigation, be required to generate its own evidence to defend against the claims.  Much of that evidence, due to the passage of time, is now unavailable to GVEA and therefore GVEA would lack the ability to properly defend itself.

It is unlikely that any of the original lights or other equipment used by Cruz on the night in question could be identified, located, and scientifically tested or measured for their light and/or noise output.  It would be impossible for GVEA to recreate the situation in place on March 1, 2003 at Seven Mile Lake to show the exact location of the pumping activity, and to objectively measure the impact that such activity may have had on various locations throughout the allotment, and specifically the locations where any of the individual Plaintiffs claim to have suffered nuisance damages.  The delay in claiming nuisance has severely prejudiced GVEA's ability to defend against the claim.

## CONCLUSION

The Kubanyis have known about the potential nuisance claims since March 1,

**Opposition to Plaintiffs' Motion to Amend Complaint (Second)**
Kubanyi v. GVEA, et al.
Case No. F04-0026 CIV
Page 4 of 5

2003. Justice does not require allowing them to amend their Complaint on the eve of trial to assert this new cause of action when GVEA has been deprived of the opportunity to properly defend itself. The focus of this entire litigation has been on the physical trespass cause of action. Plaintiffs' Motion to Amend Complaint (Second) should be denied. An order is lodged.

DATED this 14th day of September, 2007, at Fairbanks, Alaska.

BORGESON & BURNS, PC

By: _____
    Cory R. Borgeson
    ABA # 9405009

CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of September, 2007, a true and correct copy of the foregoing document was provided to the following attorneys/parties of record:

☐ Mail  ☐ Hand Delivery  ☐ Courier  ☐ Telefax
    Michael Walleri
    330 Wendell Street, Suite E
    Fairbanks, AK  99701

☐ Mail  ☐ Hand Delivery  ☐ Courier  ☐ Telefax
    Daniel T. Quinn
    Richmond & Quinn
    360 K Street, Suite 200
    Anchorage, AK  99501-2028

By: _____
    Legal Secretary
F:\303869\286\00011172.DOC

**Opposition to Plaintiffs' Motion to Amend Complaint (Second)**
Kubanyi v. GVEA, et al.
Case No. F04-0026 CIV
Page 5 of 5