Borgeson & Burns, PC
100 Cushman Street, Suite 311
Fairbanks, AK 99701
(907) 452-1666
(907) 456-5055 – facsimile

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

Don M. Kubanyi, Jimmy Kubanyi,              )
Aileen Welton, Elizabeth Tuzroyluk          )
Doris Kubanyi, Victor Kubanyi,              )
Bobby Kubanyi, Arlette Kubanyi and,         )
Brian Baggett,                              )
                                            )
                    Plaintiffs,             )
                                            )
    vs.                                     )
                                            )
Golden Valley Electric Association,         )
Dave Cruz, individually and d/b/a           )
Cruz Construction                           )
                                            )
                    Defendants.             )
_____)
Case No. F04-0026 CIV

**DEFENDANT GVEA'S OPPOSITION TO PLAINTIFFS'
MOTION TO DETERMINE BURDEN OF PROOF**

Defendant, Golden Valley Electric Association, Inc. ("GVEA"), through counsel, opposes Plaintiffs' Motion to Determine the Burden of Proof because (1) 25 U.S.C. § 194, is unconstitutional under the equal protection clause of the United States Constitution; (2) the statute does not apply to GVEA; and (3) even if the statute is constitutional and does apply to GVEA, the statute is not triggered in this case because Plaintiffs have failed to first establish prior possession or title to the particular area under dispute, specifically the area of property between the ordinary

high water mark (OHM) of Seven Mile Lake and the Rex Trail boundary as measured by the Plaintiffs' surveyor and the OHM as measured by GVEA's surveyor.

## TITLE 25 U.S.C. § 194 IS UNCONSTITUTIONAL UNDER THE EQUAL PROTECTION CLAUSE OF THE UNITED STATES CONSTITUTION

Plaintiffs ask the Court to determine that GVEA has the burden of proof as to the existence, width, and location of any claimed easement over the Kubanyi allotment based on the federal law, 25 U.S.C. § 194, which provides:

> In all trials about the right of property in which an Indian may be a party on one side, and a white person on the other, the burden of proof shall rest upon the white person, whenever the Indian shall make out a presumption of title in himself from the fact of previous possession or ownership.

The statute purports to create a legal presumption in favor of an Indian title holder, however, the statute is blatantly unconstitutional on its face. To read section 194 as applicable only to disputes between "Indians" and "white persons" creates an irrational racial classification that violates the Fifth Amendment's equal protection guarantee.[1] "'[A] free people whose institutions are founded upon the doctrine of equality,' should tolerate no retreat from the principle that government may treat people differently because of their race only for the most compelling reasons."[2] All racial classifications, "imposed by whatever federal, state, or local governmental actor, must be analyzed by a reviewing court under strict scrutiny. In other words,

---

[1] *See Wilson v. Omaha Indian Tribe*, 442 U.S. 653, 680 (1979) (Blackmun, J., concurring).
[2] *Adarand Constructors, Inc. v. Pena*, 515 U.S. 200, 227 (1995).

**Opposition to Plaintiffs' Motion To Determine Burden Of Proof**
Kubanyi v. GVEA, et al.
Case No. F04-0026 CIV
Page 2 of 8

such classifications are constitutional only if they are narrowly tailored measures that further compelling governmental interests."[3]

In *Wilson*, the United States Supreme Court did not explicitly hold that a "white person" in section 194 includes any "non-Indian" individual. Instead, the Court merely assumed this conclusion. "On this assumption, the race of the individual petitioners (so long as they are not Indians) would be irrelevant in determining § 194's applicability." *Id.* at 680 (Blackmun, J., concurring). In addition, the Court did not explain its decision to ignore the adjective "white" in holding each of the corporate petitioners to be a "white person."[4]

The Court expressly noted that the word "person," unless the context indicates to the contrary, "is normally construed to include 'corporations, companies, associations, firms, partnerships, societies, and joint stock companies, as well as individuals.'"[5] Additionally, the Court recognized that "in terms of the protective purposes of the Acts of which § 194 and its predecessors were a part, it would make little sense to construe the provision so that individuals, otherwise subject to its burdens, could escape its reach merely by incorporating and carrying on business

---

[3] *Id.*
[4] *See Wilson*, 442 U.S. at 667 n. 16 (The assumption made by the Court in *Wilson* that the race of the individual petitioners (so long as they are not Indians) would be irrelevant in determining § 194's applicability is also suggested by its refusal to follow *United States v. Perryman*, 100 U.S. 235 (1880), which held that "white person," as used in another section of the 1834 Non-Intercourse Act, did not include a "Negro." In *Wilson*, the Petitioners cited to *United States v. Perryman*, 100 U.S. 235 (1880), in support of their argument that § 194 must be construed literally to apply only to a "white person," or individual Caucasian. However, the Court chose not to follow *Perryman* because the case dealt with another provision of the 1834 Nonintercourse Act, § 16, and "there were distinct grounds in the legislative history indicating that the term 'white person' as used in § 16 did not include a Negro." Thus, whether *Perryman* should be followed by the Court was not a question the Court felt it needed to decide.).
[5] *Id.* at 666 (quoting 1 U.S.C. § 1).

as usual."[6]  Thus, the Court held that section 194 should be interpreted to cover artificial entities as well as individuals.[7]

The Court's decision that all artificial entities are "persons" for purposes of section 194 while ignoring the adjective "white," assumes that all artificial entities are "white persons."  While the statute may apply to artificial entities, as well as individuals, not all artificial entities are "white."  The Court fails to recognize that non-profit cooperative corporations like GVEA have members of all races, including Alaska Natives and other "Indians."  To find that section 194 is applicable to GVEA ignores the fact that the statute explicitly applies to "white persons," or as logically follows from the Supreme Court decision, to "white corporations" or "white associations."  This is an unconstitutional racial classification.

There is no indication that 25 U.S.C § 194 has ever been challenged based on its unconstitutional racial classification.  The Court in *Wilson* was not confronted with the constitutional issue and thus chose to avoid it.  This Court must now find 25 U.S.C. § 194 unconstitutional and inapplicable to this case.

Since its decision in *Wilson*, the Court has held that "[n]o inquiry into legislative purpose is necessary when the racial classification appears on the face of the statute."  A racial classification, "regardless of purported motivation," which in this case is to protect the rights of Indians and their properties, is "presumptively invalid and can be upheld only upon an extraordinary justification."[8]  "Individuals

---

[6] *Id.*
[7] *Id.* at 667.
[8] *Shaw v. Reno*, 509 U.S. 630, 643-44 (1993).

**Opposition to Plaintiffs' Motion To Determine Burden Of Proof**
Kubanyi v. GVEA, et al.
Case No. F04-0026 CIV
Page 4 of 8

who have been wronged by unlawful racial discrimination should be made whole; but under our Constitution there can be no such thing as either a creditor or a debtor race. That concept is alien to the Constitution's focus upon the individual."[9]

Title 25 U.S.C. § 194 is not narrowly tailored to further compelling governmental interests. There is no compelling governmental interest in allowing the burden to shift in boundary disputes between Indians and "white persons," or "white" artificial entities, but not in disputes between Indians and blacks or Asians. There is no logic in classifying an artificial entity like GVEA as a "white person" when members of the entity are black, Asian, and even Native Alaskan. To find that artificial entities as a whole are "white persons" for purposes of the statute would include entities like Native corporations. This concept would be completely illogical for purposes of applying 25 U.S.C. § 194. However, even if the application of this antiquated statute to artificial entities may be race neutral, on its face, the statute is "unexplainable on grounds other than race."[10] To find that GVEA is a "white person" under section 194 because the word "person," for purposes of statutory construction includes artificial entities, deliberately ignores the blatant racial classification in the statute. As such, 25 U.S.C. § 194 should be held unconstitutional. The statute is an antiquated, discriminatory, race-based law that on its face is repugnant to our constitutional guarantees of equal protection under the law.

---

[9] *Adarand Constructors, Inc.*, 515 U.S. at 239 (Scalia, J., concurring).
[10] *Shaw v. Reno*, 509 U.S. at 643.

**Opposition to Plaintiffs' Motion To Determine Burden Of Proof**
Kubanyi v. GVEA, et al.
Case No. F04-0026 CIV
Page 5 of 8

### TITLE 25 U.S.C. § 194 DOES NOT APPLY TO GVEA

If the court finds 25 U.S.C. § 194 constitutional, the statute does not apply to GVEA.  The Supreme Court's decision in *Wilson* may have held that artificial entities are "persons" for purposes of 25 U.S.C. § 194.  However, it is not apparent that the Court in *Wilson* considered that an artificial entity may be a non-profit cooperative that is owned by many members of a community.  In GVEA's case, many of its owners are Native Alaskans, and many of the "Indian" Plaintiffs in this case are themselves member-owners of GVEA.  Not all members of GVEA are "white" by any definition.   Thus, "Indian" persons are essentially on both sides of this dispute.

Because the statute explicitly states that "an Indian may be a party on one side, and a white person on the other," and Indian persons are on both sides of this dispute, rather than on one side, 25 U.S.C. § 194 is inapplicable to the facts of this case.

### EVEN IF 25 U.S.C. § 194 IS CONSTITUTIONAL AND IT DOES APPLY TO GVEA, IT DOES NOT APPLY TO THE FACTS OF THIS CASE

This is a trespass case.  Trespass is defined as an unauthorized intrusion or invasion of another's land.[11]  The Plaintiffs concede that the Rex Trail is a public right-of-way that passes through the Kubanyi Native allotment.  As previously recognized by this court, GVEA does not contest the Kubanyi's ownership or possession of their allotment.  The Plaintiffs' trespass claim arises out of their belief that there is allotment land between the Rex Trail and the lake.  Both parties agree

---

[11] *Mapco Express, Inc. v. Faulk,* 24 P.3d 531, 539 (Alaska 2001) (citing *Parks Hiway Enters., L.L.C. v. CEM Leasing, Inc.,* 995 P.2d 657, 664 (Alaska 2000); Restatement (Second) of Torts §§ 158, 163 (1965)).

**Opposition to Plaintiffs' Motion To Determine Burden Of Proof**
Kubanyi v. GVEA, et al.
Case No. F04-0026 CIV
Page 6 of 8

that the allotment ends where the OHM is.  The only question in this case is whether the OHM is within the Rex Trail right-of-way.

There is no dispute over any Indian's right to property.  The Plaintiffs cannot meet the threshold requirement to trigger the statute.  The statute at issue contemplates GVEA's shouldering the burden of persuasion and the burden of production only when the "Indian" has made out their prima facie case of prior title or possession to the particular area under dispute.[12]  However, the Plaintiffs in this case cannot trigger section 194 because they cannot first establish their prior possession or title to the area in question.  Instead, the question still remains as to whether the area within the two surveys is above or below the ordinary high water mark.  Without a prima facie case established, the burden cannot shift to GVEA and the statute does not apply.

It is up to "the States to establish for themselves such rules of property as they deem expedient with respect to the navigable waters within their borders and the riparian lands adjacent to them."[13]  Thus, the question of land ownership within or adjacent to the lake is "best settled by reference to local law even where Indian [allotment] land, a creature of federal law, is involved."[14]  Because the Plaintiffs did not apply Alaska state law when conducting the survey of the land within or adjacent to the lake, they are unable to establish a prima facie case that they are owners of the land in question.  As such, 25 U.S.C. § 194 has not been triggered.

---

[12] *See Wilson*, 442 U.S. at 669.
[13] *See id.* at 675-676 (quoting *Arkansas v. Tennessee*, 246 U.S. 158, 175-176 (1918)).
[14] *Id.*

## CONCLUSION

For the foregoing reasons, GVEA respectfully requests this Court to DENY Plaintiffs' Motion To Determine Burden Of Proof, and leave the burden of proof where it stands in all trespass cases, on the Plaintiffs, regardless of race.

DATED this 14th day of September, 2007, at Fairbanks, Alaska.

BORGESON & BURNS, PC

By: _____
    Cory R. Borgeson
    ABA # 9405009

CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of September, 2007,
a true and correct copy of the foregoing document was
provided to the following attorneys/parties of record:

☐ Mail  ☐ Hand Delivery  ☐ Courier  ☐ Telefax

Michael Walleri
330 Wendell Street, Suite E
Fairbanks, AK  99701

☐ Mail  ☐ Hand Delivery  ☐ Courier  ☐ Telefax

Daniel T. Quinn
Richmond & Quinn
360 K Street, Suite 200
Anchorage, AK  99501-2028

By: _____

**Opposition to Plaintiffs' Motion To Determine Burden Of Proof**
Kubanyi v. GVEA, et al.
Case No. F04-0026 CIV
Page 8 of 8