Borgeson & Burns, PC
100 Cushman Street, Suite 311
Fairbanks, AK 99701
(907) 452-1666
(907) 456-5055 – facsimile

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| Don M. Kubanyi, Jimmy Kubanyi,<br>Aileen Welton, Elizabeth Tuzroyluk<br>Doris Kubanyi, Victor Kubanyi,<br>Bobby Kubanyi, Arlette Kubanyi and,<br>Brian Baggett,<br><br>　　　　　　　Plaintiffs,<br><br>　vs.<br><br>Golden Valley Electric Association,<br>Dave Cruz, individually and d/b/a<br>Cruz Construction<br><br>　　　　　　　Defendants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. F04-0026 CIV

### DEFENDANT GVEA'S OPPOSITION TO MOTION IN LIMINE:
### EVIDENCE WIDTH OF EASEMENT  [25 U.S.C. SECTION 313]

Defendant, Golden Valley Electric Association ("GVEA"), opposes Plaintiffs' Motion in Limine to the extent that it seeks to exclude any evidence or argument that the width of the Rex Trail exceeds fifty feet.  Plaintiffs have misread 25 U.S.C. § 313. The statute limits highway rights of ways across Native allotments to one hundred feet in width, the same width that GVEA previously argued applies, and the same width as recognized by Alaska law, as applied by DNR in adjudicating RS 2477

Opposition to Plaintiffs' Motion in Limine:  Evidence Width of Easement
Kubanyi v. GVEA, et al.
Case No. F04-0026 CIV
Page 1 of 3

rights of way. The federal statute may actually provide for a width larger than one hundred feet based on the unique facts and history of the Rex Trail. The statute provides

> Such right of way shall not exceed fifty feet in width **on each side of the centerline of the road,** except where there are heavy cuts and fills, when it shall not exceed one hundred feet in width on each side of the road, and may include grounds adjacent thereto for station buildings, depots, machine shops, side tracks, turn-outs, and water stations, not to exceed two hundred feet in width.

Plaintiffs simply have misread the statute which clearly provides for a minimum width of fifty feet on each side of the centerline, thereby equaling a total one hundred foot width. This is the width long advocated by GVEA, however, GVEA, under the statute, may certainly argue for a total width of two hundred feet if it can convince the jury that the Rex Trail in that area has "heavy cuts and fills." There has already been substantial evidence supporting this, and GVEA fully intends to present this evidence as required by the federal statute, because if the total width of the Rex Trail is actually two hundred feet in the area where the alleged trespass occurred, the jury can accept the accuracy of Plaintiffs' own surveyor, Eric Stalke, and still determine that no trespass took place because all of Cruz's activities would have occurred within the permissible scope of the Rex Trail right of way.

GVEA further reserves its right to present evidence under 25 U.S.C. § 313 that one of the original purposes of the Rex Trail was to serve the railroad. Because railroads require stations buildings, depots, machine shops, side tracks, turn-outs,

**Opposition to Plaintiffs' Motion in Limine: Evidence Width of Easement**
Kubanyi v. GVEA, et al.
Case No. F04-0026 CIV
Page 2 of 3

and **water stations**, the statute permits grounds adjacent (to the aforementioned 200 foot right of way) to be used for such purposes.

## CONCLUSION

GVEA agrees that the 25 U.S.C. § 313 can be applied to assist the jury in defining the width of the Rex Trail right of way at the location of the alleged trespass. GVEA disagrees that the statute prohibits any evidence or argument that the total right of way exceeds fifty feet. A clear reading of the statute nullifies the Plaintiffs' argument, and accordingly, their motion must be denied.

DATED this 14th day of September, 2007, at Fairbanks, Alaska.

BORGESON & BURNS, PC


By: _____
      Cory R. Borgeson
      ABA # 9405009

CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of September, 2007,
a true and correct copy of the foregoing document was
provided to the following attorneys/parties of record:

☐ Mail  ☐ Hand Delivery  ☐ Courier  ☐ Telefax
    Michael Walleri
    330 Wendell Street, Suite E
    Fairbanks, AK  99701

☐ Mail  ☐ Hand Delivery  ☐ Courier  ☐ Telefax
    Daniel T. Quinn
    Richmond & Quinn
    360 K Street, Suite 200
    Anchorage, AK  99501-2028

By: _____
      Legal Secretary
F:\303869\286\00011174.DOC

**Opposition to Plaintiffs' Motion in Limine:  Evidence Width of Easement**
Kubanyi v. GVEA, et al.
Case No. F04-0026 CIV
Page 3 of 3