Michael J. Walleri
Law Offices of Michael J. Walleri
330 Wendell Street, Suite E
Fairbanks, Alaska  99701
(907) 452-4716
(907) 452-4725 (Facsimile)
Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DON M. KUBANYI, JIMMY KUBANYI, AILEEN WELTON, ELIZABETH TUZROYLUK, DORIS KUBANYI, VICTOR KUBANYI, BOBBY KUBANYI, ARLETTE KUBANYI, and BRIAN BAGGETT, <br><br> Plaintiff(s), <br><br> vs. <br><br> GOLDEN VALLEY ELECTRIC ASSOCIATION, DAVE CRUZ, individually and d/b/a/ CRUZ CONSTRUCTION, BLACK & VECH CORPORATION, JAKE COVEY AND PATRICK NELSON, <br>                    Defendants. | **PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION IN LIMINE: EVIDENCE INCONSISTENT WITH BLM MANUAL [25 USC §176]** <br><br><br> Case No. 4:04-cv-0026 RRB |

GVEA opposes Plaintiff's motion in limine to exclude any and all evidence, or

argument that may be offered by the Defendants respecting the location and width

of the Rex Trail based upon survey techniques and conclusions that are inconsistent

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

with the BLM Manual of Surveying Instructions for the Surveying of Public Lands

1973 (hereinafter referred to as the BLM Manual).   GVEA's opposition is largely a

red herring arguing whether state law governs the question of accretion and

reliction.  Such an argument fails to address the critical questions: i.e. does 25 USC

§176 require the use of BLM survey instructions in the survey of Indian lands, and 2)

if so, is there an applicable exception to this rule.


        The Kubanyis contend that any and all survey's of Indian land are governed

by 25 USC §176. [1]  There are two requirements presented by the statute.  First, the

statute requires Indian lands to be surveyed by authorized BLM surveyors.   Second,

the statute provides that the survey must be done in conformity with BLM rules and

regulations.  This is important because Mr. Kalen is not approved by BLM to survey

Indian lands, and admits that in doing his survey, he used techniques different from

those approved in the BLM manual.


        GVEA does not dispute that a plain reading of the statute requires the use of

the BLM manual in the survey of Indian lands.   Moreover, GVEA does not offer any

---

[1] 25 USC § 176 provides,
> Whenever it becomes necessary to survey any Indian or other reservations, or any lands, the same shall be surveyed under the direction and control of the General Land-Office [Bureau of Land Management], and as nearly as may be in conformity to the rules and regulations under which other public lands are surveyed.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

statutory exception to the applicability of the statute.  Rather, GVEA cites *Wilson v*

*Omaha Indian Tribe, 442 U.S. 653 (1978)* and argues that state law governs the issues

of reliction and accretion of land.  The argument is largely irrelevant.

 

To a large degree, the *Wilson* argument is a red herring because GVEA fails to

point out how the BLM Manual differs from Alaska state substantive law.[2]

Moreover, GVEA's characterization of *Wilson* is somewhat misleading.  *Wilson* held

that (1) <u>federal</u> rather than state law governed the substantive aspects Indian land

boundary disputes, and (2) in determining whether there had been an accretion or

an avulsion, applicable state law should have been adopted, and a uniform national

rule need not have been fashioned.    The Plaintiff's do not dispute this

characterization of the holding. Moreover, the Plaintiffs contend that the BLM

manual properly reflects state law on this issue, which GVEA fails to address.     The

question presented by this motion is more narrow; i.e.  whether survey

---

[2] There is no dispute that if standard BLM methods of surveying are used to determine the mean
high water mark, the Rex Trail ROW does not intersect with Seven Mile Lake.  Conversely, Mr. Kalen
– GVEA's surveyor --- claims that it is possible to use other techniques that would allow the
conclusion that the Trail and Seven Mile Lake intersect.  It is important to note that the record does
not support conclusions that State law survey methods differ from BLM methods, nor that State law
methods necessarily result in a different conclusion as to the location of the mean high water mark
than BLM methods would conclude. Finally, the record does not support the notion that Mr. Kalen's
methodology is properly cognizable, nor that it actually reflects state law principles.  This latter point
is actually the subject of a separate and pending 'Daubert' motion.  Thus, the present motion is
somewhat limited.   Should the Court limit surveyor evidence to BLM approved surveyors and BLM
approved methodologies.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

methodologies that are inconsistent with the BLM Manual are admissible. A plain

reading of 25 USC §176 would require a negative answer to this question.


Assuming that there is some difference between Alaska state substantive law

and the BLM manual, *Wilson* does not change that result. As explained by the Ninth

Circuit, *Wilson* does not operate to adopt state law where Congress has enacted a

governing statute. In *California ex rel. State Lands Com. v. United States, 805 F.2d 857,*

861 *(9th Cir. Cal. 1986)* the Ninth Circuit considered a boundary dispute involving

submerged lands, and noted that Congress had enacted specific statutes governing

the resolution of submerged land claims. The Court held that where Congress

enacts a statute governing a particular issue in a boundary dispute the federal

statute controls, without regard to any state law that might be in conflict.


As a result, GVEA's state vs. federal law is a red herring. GVEA fails to offer

any argument that the BLM manual differs from state substantive law. Rather the

issue is whether GVEA may introduce survey evidence based upon a methodology

that is inconsistent with the BLM manual. The applicable federal statute forbids it,

and the Court should grant Plaintiffs motion.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

DATED this 24th day of September, 2007.


MICHAEL J. WALLERI

/s/ Michael J. Walleri
AK Bar No. 7906060
Attorney for Plaintiffs

Certificate of Service
I hereby certify that under penalty of perjury that a true and
correct copy of the foregoing was sent to the following counsel
of record on September 24, 2007 via ECM to:

| | |
|---|---|
| Mr. Venable Vermont, Jr.<br>Assistant Attorney General<br>Department of Law<br>1031 W. Fourth Ave., Suite 200<br>Anchorage, Ak 99501 | Mr. Cory Borgeson<br>Borgeson & Burns, P.C.<br>100 Cushman Street, Suite 31<br>Fairbanks, Alaska 99701 |
| Mr. Eric P. Gillett<br>Preg O'Donnell & Gillett, P.C.<br>1800 Ninth Ave., Suite 1500<br>Seattle, WA 98101-1340 | Mr. Daniel T. Quinn<br>Richmond & Quinn<br>360 K Street, Suite 200<br>Anchorage, AK 99501-2038 |

/s/ Michael J. Walleri

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725