Michael J. Walleri
Law Offices of Michael J. Walleri
330 Wendell Street, Suite E
Fairbanks, Alaska  99701
(907) 452-4716
(907) 452-4725 (Facsimile)
Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DON M. KUBANYI, JIMMY KUBANYI, AILEEN WELTON, ELIZABETH TUZROYLUK, DORIS KUBANYI, VICTOR KUBANYI, BOBBY KUBANYI, ARLETTE KUBANYI, and BRIAN BAGGETT,<br><br>            Plaintiff(s),<br><br>vs.<br><br>GOLDEN VALLEY ELECTRIC ASSOCIATION, DAVE CRUZ, individually and d/b/a/ CRUZ CONSTRUCTION, BLACK & VECH CORPORATION,  JAKE COVEY AND PATRICK NELSON,<br>            Defendants. | **PLAINTIFF'S REPLY ON MOTION TO DETERMINE BURDEN OF PROOF**<br><br><br><br>Case No. 4:04-cv-0026 RRB |

GVEA opposes the Plaintiff's motion to determine that GVEA has the burden

of proof as to the existence, width and location of any claimed easement over the

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Kubanyi v. GVEA* Case No. F04-0026
Reply:  Motion Burden of Proof.

1 of 9

Kubanyi allotment pursuant to 25 USC § 194.[1]  As noted previously, the statute creates a clear legal presumption in favor of the Indian title holder, which is consistent with the general principles of Indian law that the terms of land grant to Native American's should be liberally construed in favor of the Native American beneficiaries.

In its opposition, GVEA argues that the statute is unconstitutional, not applicable to GVEA, and that Plaintiff's have not made a necessary prima facie showing.  None of these arguments have merit.

### GVEA FAILED TO SERVE NOTICE UPON THE US ATTORNEY.

As a preliminary matter, GVEA'S challenge to the constitutionality of 25 USC §194 violates federal rules because GVEA failed to serve the US Attorney's Office under FRCP 5.1. The court is then required to certify the question.  Id.  None of this has been done.  The Court should order GVEA to comply with FRCP 5.1, and further certify the question to the U.S. Attorney.

---

[1] The Statute provides
    In all trials about the right of property in which an Indian may be a party on one side, and a white person on the other, the burden of proof shall rest upon the white person, whenever the Indian shall make out a presumption of title in himself from the fact of previous possession or ownership.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

### THE STATUTE IS CONSTITUTIONAL.

GVEA's first argument – that 25 USC § 194 is unconstitutional – is without basis. Oddly, GVEA points to *Wilson v Omaha Indian Tribe, 442 U.S. 653 (1978),* which held, that held that (1) 25 USC §194, shifted the burden of proof in the such to individual defendants, and (2) federal rather than state law governed the substantive aspects of these types of action.   GVEA argues that §194 "has never been challenged based upon its unconstitutional racial classification". [2]  This is not true.  Indeed, on remand, in that very case, the individual defendants challenged the constitutionally of the statute on these grounds.  The Eight Circuit specifically held that 25 USCS §194 does not discriminate on basis of race contrary to due process clause of Fifth Amendment. *Omaha Indian Tribe v Jackson 854 F2d 1089, 1096 (1988, 8th Cir.), cert den 490 US 1090, 104 L Ed 2d 986, 109 S Ct 2429. (1989)*

GVEA's argument that the statute creates a racial classification is entirely misplaced and misunderstands the basic premises underlying Federal Indian law. Congress's authority to enact legislation protecting Indians is rooted in the express provisions of the Constitution; specifically, Congress is authorized "to regulate

---

[2] Docket 325, at 4

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Kubanyi v. GVEA* Case No. F04-0026
Reply:  Motion Burden of Proof.

3 of 9

Commerce with foreign Nations, and among the several States, and with the Indian Tribes".[3]

Claims, such as GVEA's, are not uncommon.  Indeed, the U.S. Supreme Court has often considered, and rejected challenges to various federal laws dealing with Indians upon equal protection and Fifth Amendment grounds.[4]  The U.S. Supreme Court has repeatedly noted that Indian status is a political, rather than a racial classification, and that the "constitutionally recognized status of Indians justifies special treatment on their behalf when rationally related to the Government's "unique obligation toward the Indians."[5] This interpretation is clearly the law of the Ninth Circuit.[6]  Of course, the application of §194 in this case clearly falls within the Government's "unique obligation toward the Indians" because the United States is the trustee of allotted restricted lands.[7]  Thus there is little question that Congress

---

[3] U.S. CONST. Art. I, §2, cl. 3.  Generally referred to as Indian Commerce Clause.

[4] *See United States v Antelope, 430 U.S. 641, 645-647 (1977); Fisher v District Court, 424 U.S. 382, 390-391 (1976); Morton v Mancarie, 417 U.S. 535, 553 n.24 (1974)*For a complete discussion of the law in this area, see COHEN, HANDBOOK OF FEDERAL INDIAN LAW, 654 et. seq. (1982 Ed.)

[5] *Washington v. Washington State Commercial Passenger Fishing Vessel Ass'n, 443 U.S. 658, 692 (1979)*

[6] *Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate, 470 F.3d 827, (9th Cir.. 2006); Means v. Navajo Nation, 432 F.3d 924 (9th Cir.. 2005);        Means v. Navajo Nation, 420 F.3d 1037 (9th Cir.. 2005); Artichoke Joe's Cal. Grand Casino v. Norton, 353 F.3d 712 (9th Cir., 2003);  United States v. Finch, 548 F.2d 822 (9th Cir. Mont. 1976)*

[7] *Alaska v. Babbitt, 38 F.3d 1068 (9th Cir.,  1994)* [State was prohibited from seeking judicial review of administrative decision invalidating its right-of-way on tribal land pursuant to Administrative Procedures Act when Quiet Title Act was exclusive means for challenging government's title].Plaintiffs are not unmindful of the refusal of this Court to follow the decision of the Ninth

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Kubanyi v. GVEA* Case No. F04-0026
Reply:  Motion Burden of Proof.

4 of 9

may enact legislation governing Indian lands, and §194 is merely one example within a panoply of other such constitutional statutes.[8]  The Court must reject GVEA's constitutional challenge to §194.

### THE STATUTE APPLIES TO GVEA

GVEA argues that the statute does not apply to it.  With near classic mischaracterization, GVEA admits that *Wilson* "**may** have held that artificial entities are persons for purposes of 25 USC §194".[9] (emphasis added)  Indeed, there is no "may" about the matter.  The Court in *Wilson* expressly held that the term "persons" in §194 applied to corporations.[10]

Without a shred of evidence in the record, GVEA further argues that many of its owners are Native Alaskans.  This is because as a cooperative, if an individual purchase electrical power in the Interior Alaska, they are forced to join GVEA, and obviously there are Alaska Natives purchasing electrical power in Interior Alaska.

---

Cirucuit in this case – i.e. the Court's denial of motions to dismiss counterclaims on failure to join the U.S.  The Plaintiff's continue to take exception to the Court's flagrant failure to follow the binding precedence of this case.

[8] The GVEA's argument would bring into question that ability of Congress to settle aboriginal land claims, such as the Alaska Native Claims Settlement Act.

[9] Docket 325, at 6

[10] 442 U.S., at 666-667

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Kubanyi v. GVEA* Case No. F04-0026
Reply:  Motion Burden of Proof.

5 of 9

Of course, not a single member of GVEA's Board of Directors is an Alaska Native.[11]

Indeed, the Board of Directors is composed exclusively of white men.[12]  But these

arguments miss the critical points of the Court's discussion in *Wilson*.

    In *Wilson*, the Court clearly held that the statute applied to two corporations,

without any inquiry to the corporations' shareholder composition.  Of course, the

corporations in *Wislon* never made a claim that the corporations had a distinctly

Native American characteristic.  The statute has been held applicable to municipal

governments,[13]  which like GVEA, have citizens of different---possibly Native

American – ancestry.   As with the *Wilson* corporations, and municipal governments

in the New York land claims, the critical inquiry seems to be whether the entities

challenging Indian title have a distinctly Native American characteristic.  If not, the

statute applies.

    Therefore, critical to the inquiry is whether GVEA is an Indian entity.   There

is nothing in the record to suggest that GVEA has any particularly "Native

---

[11] http://www.gvea.com/about/board/.

[12] Id.

[13] *Oneida Indian Nation v. City of Sherrill, 337 F.3d 139, 146  (2nd Cir., 2003);*  Explained by *Cayuga Indian Nation v. Vill. of Union Springs, 317 F. Supp. 2d 128, 134-135 (N.D.N.Y, 2004)*

**Michael J. Walleri**

*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

American" attribute which would qualify it as an "Indian" person.  Therefore, it is a

non-Indian person to which the statute applies.[14]


### THE STATUTE APPLIES TO THE FACTS OF THIS CASE.


Finally, GVEA argues that the statute does not apply to the facts of this case

because, the Plaintiff's cannot meet the threshold requirement for operation of §194.

The statute reads:

> In all trials about the right of property in which an Indian may be a party on
> one side, and a white person on the other, the burden of proof shall rest upon
> the white person, whenever the Indian shall make out a presumption of title
> in himself from the fact of previous possession or ownership.


As the Court in *Wilson* court noted,

> Section 194 is triggered once the Tribe makes out a prima facie case of prior
> possession or title to the particular ***area*** under dispute. The usual way of
> describing  real property is by identifying an area on the surface of the earth
> through the use of natural or artificial monuments. There seems to be no
> question here that the area within the Barrett survey was once riparian land
> lying on the west bank of the Missouri River and was long occupied by the
> Tribe as part of the reservation set apart for it in consequence of the treaty of
> 1854. This was enough, it seems to us, to bring § 194 into play.[15] (emphasis in
> original)

---

[14] *Cayuga Indian Nation v. Vill. of Union Springs, supra.*

[15] 442 U.S., at 668-669

**Michael J. Walleri**

*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

There is no question that the Kubnayi's had prior title and possession of the "*area*" in question.  Indeed, land between the road and the lake shore was posted "No Trespassing".[16]

GVEA argues that the ROW is not part of the allotment.  This argument, however, is an profound misstatement of black letter law.  An easement is an interest in land in the possession of another.[17]  An easement is not a possessory interest in land.[18] The underlying fee of an easement or right of way remains vested in the land owner; not the easement holder.[19] Thus, neither the State of Alaska nor GVEA has a prior possessory interest in the land in question.  On the other hand, the Kubanyis have made a prima facie – and uncontested –showing of title in the land, including the land over which the easement runs.  The land within the confines of the allotment is owned by the Kubanyi's.   GVEA's argument that the land within the easement is not part of the allotment is simply legally incorrect.  Therefore, the Kubanyi's have made a sufficient showing under §194 to trigger its application to GVEA's adverse claims to the ownership of the Kubanyi's.

[16] Docket 86, Ex.4 (Affidavit of D. Kubanyi, with attached pictures of signs)
[17] Restatement of Property 2nd, § 450
[18] Id., at §450 Comment b, See also Restatement of Property 3nd - Servitudes, § 1.1 Comment d.
[19] Dillingham Commercial Co. v City of Dillingham, 705 P.2d 410 (Alaska 1985)

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Kubanyi v. GVEA* Case No. F04-0026                                          8 of 9
Reply:  Motion Burden of Proof.

For the above reasons, the Court should grant Plaintiff's motion and impose the burden of proof as to the existence, width and scope of easement upon GVEA.

DATED this 24th day of September, 2007.

MICHAEL J. WALLERI

/s/ Michael J. Walleri
AK Bar No. 7906060
Attorney for Plaintiffs

Certificate of Service
I hereby certify that under penalty of perjury that a true and
correct copy of the foregoing was sent to the following counsel
of record on September 24, 2007 via ECM to:

Mr. Venable Vermont, Jr.                    Mr. Cory Borgeson
Assistant Attorney General                  Borgeson & Burns, P.C.
Department of Law                           100 Cushman Street, Suite 31
1031 W. Fourth Ave., Suite 200              Fairbanks, Alaska 99701
Anchorage, Ak 99501

Mr. Eric P. Gillett                         Mr. Daniel T. Quinn
Preg O'Donnell & Gillett, P.C.              Richmond & Quinn
1800 Ninth Ave., Suite 1500                 360 K Street, Suite 200
Seattle, WA 98101-1340                      Anchorage, AK 99501-2038

/s/ Michael J. Walleri

Michael J. Walleri
Attorney at Law

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725