Borgeson & Burns, PC
100 Cushman Street, Suite 311
Fairbanks, AK 99701
(907) 452-1666
(907) 456-5055 – facsimile

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| Don M. Kubanyi, Jimmy Kubanyi, <br> Aileen Welton, Elizabeth Tuzroyluk <br> Doris Kubanyi, Victor Kubanyi, <br> Bobby Kubanyi, Arlette Kubanyi and, <br> Brian Baggett, <br><br> Plaintiffs, <br><br> vs. <br><br> Golden Valley Electric Association, <br> Dave Cruz, individually and d/b/a <br> Cruz Construction <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Case No. F04-0026 CIV

### DEFENDANT GVEA'S REPLY TO PARTIAL OPPOSITION TO DEFENDANTS' MOTION FOR EXTENSION OF TIME TO FILE OPPOSITION TO MOTION IN LIMINE:  KALEN REPORT [DAUBERT]

A pending motion in limine requests a ruling as to whether the BLM Manual for surveying techniques on federal lands should be exclusively applied to the property boundary dispute at issue here, (i.e., whether the ordinary high water (OHW) mark of Seven Mile Lake falls within the Rex Trail right-of-way).  Plaintiffs have asserted GVEA's expert, Patrick Kalen, employed some survey methodologies that purportedly did not conform with BLM requirements.

The first issue the court must decide is whether Kalen was surveying federal

lands or state lands when determining the OHW of the state owned lake. GVEA believes Kalen was surveying state lands because the state of Alaska owns the entirety of Seven Mile Lake up to its OHW mark. If the court finds that the survey of OHW mark (as it delineates the extent of state owned land) does not have to strictly conform with the BLM Manual, then Plaintiffs' Motion in Limine regarding 25 U.S.C. §176 should be denied and Kalen's survey techniques are presumptively valid.

If Kalen's survey techniques are presumptively valid, there is no need to conduct a *Daubert* hearing as Plaintffs have not attacked Kalen's methodology, except to suggest that state law standards, rather than federal standards were applied by Kalen.

Because Plaintiffs have not alleged that Kalen's alleged application of state law surveying methods would constitute "junk science" if such methods were determined to be an appropriate methodology to determine the ordinary high water mark of state land, the *Daubert* motion becomes moot, and should be denied without further expenditure of resources by either the parties or the court.

In the alternative of granting an open ended extension of time, the court could simply deny the *Daubert* motion (without opposition) for the simple reason that the Plaintiffs have not adequately identified any deviation from accepted scientific methodology. Plaintiffs have not cited any specific portion of Kalen's expert report or directed the court to any specific portion of Mr. Kalen's deposition that would support their argument to strike the testimony of a registered land surveyor, a surveyor GVEA is relying on to establish the boundaries of Seven Mile Lake.

**Reply to Partial Opposition to Defendants' Motion for Extension of Time**
Kubanyi v. GVEA, et al.
Case No. F04-0026 CIV
Page 2 of 4

Under *Daubert*, the court is the gatekeeper of scientific evidence. Being a gatekeeper does not require the court to waste its time holding *Daubert* hearings when the moving party has failed to meet its burden of raising a genuine issue concerning the validity of the scientific methodology employed. Plaintiffs have failed to demonstrate Kalen's methodology was not "derived by the scientific method [or] … based on scientifically valid principals."

## CONCLUSION

The court should not require a formal opposition to the *Daubert* motion until it has ruled on the 25 U.S.C. §176 motion. If that motion is denied, the court should simply deny the *Daubert* motion because the Plaintiffs have not raised a genuine issue concerning the scientific methodology employed by Kalen. If the 25 U.S.C. §176 motion is granted and the court believes Kalen's methodology has been appropriately challenged under *Daubert*, the court can then set a deadline for GVEA to oppose the *Daubert* motion.

DATED this 2nd day of October, 2007, at Fairbanks, Alaska.

BORGESON & BURNS, PC

By: _____
    Cory R. Borgeson
    ABA # 9405009

**Reply to Partial Opposition to Defendants' Motion for Extension of Time**
Kubanyi v. GVEA, et al.
Case No. F04-0026 CIV
Page 3 of 4

CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of October, 2007,
a true and correct copy of the foregoing document was
provided to the following attorneys/parties of record:

☐ Mail  ☐ Hand Delivery  ☐ Courier  ☐ Telefax

Michael Walleri
330 Wendell Street, Suite E
Fairbanks, AK  99701


By: _____

**Reply to Partial Opposition to Defendants' Motion for Extension of Time**
Kubanyi v. GVEA, et al.
Case No. F04-0026 CIV
Page 4 of 4