IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DON M. KUBANYI; JIMMY KUBANYI; AILEEN WELTON; ELIZABETH TUZROYLUK; DORIS KUBANYI; VICTOR KUBANYI; BOBBY KUBANYI; ARLETTE KUBANYI; and BRIAN BAGGETT,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>GOLDEN VALLEY ELECTRIC ASSOCIATION; DAVE CRUZ, individually and d/b/a CRUZ CONSTRUCTION,<br><br>　　　　　Defendants. | Case No. 4:04-0026 CV (RRB)<br><br>**ORDER DENYING PLAINTIFF'S MOTION AT DOCKET 315** |

　　　　Before the Court are Plaintiffs Don M. Kubanyi, and members of the Kubanyi family ("Plaintiffs") with a Motion to Determine Burden of Proof at Docket 315. Plaintiffs seek an order declaring that Defendant Golden Valley Electric Association ("GVEA") has the burden of proving the existence, width, and location of any claimed easement over the Kubanyi allotment. Plaintiff's motion is based on 25 U.S.C. § 194.

ORDER DENYING MOTION AT 315 - 1
4:04-CV-0026-RRB

GVEA opposes at Docket 325 on the grounds that (1) 25 U.S.C. § 194 is unconstitutional under the equal protection clause of the United States Constitution; (2) the statute does not apply to GVEA; and (3) even if the statute is constitutional and does apply to GVEA, the statute is not triggered in this case because Plaintiffs have failed to first establish prior possession or title to the particular area in dispute, specifically the area of property between the ordinary high water mark ("OHM") of Seven Mile Lake and the Rex Trail boundary as measured by the Plaintiffs' surveyor and the OHM as measured by GVEA's surveyor.

According to Plaintiffs, this case involves a dispute between an "Indian" and a "white person" under 25 U.S.C. § 194 as interpreted by the United States Supreme Court. Section 194 provides:

> In all trials about the right of property in which an Indian may be a party on one side, and a white person on the other, the burden of proof shall rest upon the white person, whenever the Indian shall make out a presumption of title in himself from the fact of previous possession or ownership.[1]

The Supreme Court most recently interpreted § 194 in Wilson v. Omaha Indian Tribe, which involved a dispute between the State of Iowa and the Omaha Indian Tribe over a tract of land on

---

[1] 25 U.S.C. § 194.

the east bank of the Missouri River.[2]  The Supreme Court held that although the use of the term "Indian" in § 194 includes Indian tribes,[3] the phrase "white person" does not include sovereign States of the Union.[4]  In dicta, the Court stated that the term "person" in § 194 includes "corporations, companies, associations, firms, partnerships, societies, and joint stock companies, as well as individuals."[5]  The Court reasoned that "it would make little sense to construe the provision so that individuals, otherwise subject to its burdens, could escape its reach merely by incorporating and carrying on business as usual."[6]

---

[2]    442 U.S. 653 (1979).

[3]    Id. at 664-66.

[4]    Id. at 667.

[5]    Id. at 666.

[6]    Id.  Noticeably absent, however, from the majority's dicta in Wilson is an explanation of the omission of "white" from its discussion of the meaning of "person" under § 194.  See id. at 666-67.  In his concurring opinion, Justice Blackmun criticized this omission and urged the Court to explicitly hold that "white person" in § 194 included any "non-Indian" individual or entity. Id. at 680 (Blackmun, J., concurring).  In Justice Blackmun's view, "any other construction of § 194 would raise serious constitutional questions" by "creat[ing] an irrational racial classification highly questionable under the Fifth Amendment's equal protection guarantee."  Id.  Apparently seizing on Justice Blackmun's language, GVEA urges the Court to find § 194 unconstitutional. Docket 325 at 2-5.  Because the Court finds that § 194 does not apply to the present matter, the Court need not address this argument.  See Town of Castle Rock, Co. v. Gonzales, 545 U.S. 748, 778 (2005) (noting the "wise policy of avoiding the unnecessary adjudication of difficult questions of constitutional law.").

GVEA observes that "it is not apparent that the Court in Wilson considered that an artificial entity may be a non-profit cooperative that is owned by many members of the community."[7] GVEA further argues that "many of its owners are Native Alaskans, and many of the 'Indian' Plaintiffs in this case are themselves member-owners of GVEA. Not all members of GVEA are 'white' by any definition. Thus, 'Indian' persons are essentially on both sides of this dispute."[8] Plaintiffs do not deny this assertion. Rather, they argue that Alaska Natives "are forced to join GVEA" as purchasers of electrical power in Interior Alaska.[9] Plaintiffs further note that "not a single member of GVEA's Board of Directors is an Alaska Native" and that "the Board of Directors is composed exclusively of white men."[10]

Neither the Supreme Court in Wilson, nor the parties at bar, have identified any authority for limiting consideration of an entity's composition under § 194 to its board of directors. Because the present dispute apparently involves Natives on both sides, the Court cannot conclude that GVEA is a "white person" or "non-Indian" under the statute. Therefore, the Court finds that

---

[7] Docket 325 at 6.

[8] Id.

[9] Docket 334 at 5-6.

[10] Id.

§ 194 is not applicable. To hold otherwise would require courts to engage in the hopelessly complex task of assessing which party is more "Indian" or "Native."

Because the Court finds that the 25 U.S.C. § 194 does not apply to the dispute at bar,[11] Plaintiffs' Motion to Determine Burden of Proof (Docket 315) is **DENIED.** The matter shall proceed in due course, each side bearing the burden of proof as to their respective claims and counterclaims.

ENTERED this 12th day of October, 2007.

S/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[11] Because § 194 does not apply to this matter, it unnecessary to decide whether § 194 is "triggered." See Wilson, 442 U.S. at 668-68 ("Section 194 is triggered once the Tribe makes out a prima facie case of prior possession or title to the particular area under dispute.")(emphasis omitted). It would appear, however, that Plaintiffs could meet their prima facie burden if § 194 were applicable. Although substantial questions remain as to whether the area within the two surveys is above or below the ordinary high water mark, the Native Allotment to Plaintiffs reserved only a public use easement, and not a fee interest. See Docket 334 at 8 (citing Dillingham Commercial Co. v. City of Dillingham, 705 P.2d 410 (Alaska 1985), inter al.); see generally Docket 144, Exs. 1 & 2 (Certificate of Native Allotment). Moreover, Plaintiffs assert that the road and the lake shore were posted with "No Trespassing" signs. Docket 334 at 8 (citing Docket 86, Ex. 4).