IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DON M. KUBANYI; JIMMY KUBANYI; AILEEN WELTON; ELIZABETH TUZROYLUK; DORIS KUBANYI; VICTOR KUBANYI; BOBBY KUBANYI; ARLETTE KUBANYI; and BRIAN BAGGETT,<br><br>         Plaintiffs,<br><br>vs.<br><br>GOLDEN VALLEY ELECTRIC ASSOCIATION; DAVE CRUZ, individually and d/b/a CRUZ CONSTRUCTION,<br><br>         Defendants. | Case No. 4:04-0026 CV (RRB)<br><br><br>**ORDER DENYING PLAINTIFF'S<br>MOTIONS AT DOCKETS 309 AND 313** |

   Before the Court are Plaintiffs Don M. Kubanyi, and other members of the Kubanyi family ("Plaintiffs"), with a Motion in Limine at Docket 313 "to exclude any and all evidence, or argument" by Defendant Golden Valley Electric Association, Inc. ("GVEA") "respecting the location and width of the Rex Trail based upon survey techniques and conclusions that are inconsistent with the Bureau of Land Management ("BLM") Manual of Surveying Instructions

ORDER DENYING MOTIONS AT DOCKETS 309 AND 313 - 1
4:04-CV-0026-RRB

for the Surveying of Public Lands 1973" ("BLM Manual").[1] Plaintiffs rely on 25 U.S.C. § 176, which provides:

> Whenever it becomes necessary to survey any Indian or other reservations, or any lands, the same shall be surveyed under the direction and control of the General Land-Office [Bureau of Land Management], and as nearly as may be in conformity to the rules and regulations under which other public lands are surveyed.

GVEA opposes at Docket 326 and argues that "Plaintiffs' argument is misplaced because it fails to recognize that a Native allottee's rights as a riparian owner must be determined by the law of the State, and not by the federal BLM Manual."[2]

The Court has thoroughly reviewed the relevant pleadings, including each of Plaintiffs' cited authorities. For the reasons stated by GVEA, the Court finds Plaintiffs' citations inapplicable or distinguishable.[3] Plaintiffs fail to establish that evidence inconsistent with the BLM Manual is inadmissible for purposes of this trial. Moreover, the Court is not convinced that GVEA's expert surveyor, Patrick Kalen, was engaged in a survey of Indian lands. Rather, as GVEA asserts, and as supported by a thorough review by this Court of Mr. Kalen's report, the survey focuses on determining the location of the ordinary high water mark of Seven

---

[1] Docket 313 at 1-2.

[2] Docket 326 at 1-2.

[3] See id. at 2-4.

Mile Lake.[4]  Because Mr. Kalen's report appears to be relevant and admissible, Plaintiffs' Motion at Docket 313 is **DENIED.**

Additionally, the parties agree that this decision is a perquisite to the resolution of Plaintiff's pending motion at Docket 309 to exclude Mr. Kalen's report and testimony based on Daubert v. Merrill Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993).[5] GVEA urges the Court to simply deny the Daubert motion without opposition.  Based on a thorough review of Mr. Kalen's report and Plaintiffs' objections thereto, the Court finds that Plaintiffs have not adequately identified any deviation from accepted scientific methodology.  Accordingly, Plaintiffs' motion to exclude at Docket 309 is **DENIED.**

ENTERED this 12th day of October, 2007.

S/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[4]  See Docket 337 at 1-2; Docket 123, Ex. 1.

[5]  See Dockets 328, 331, & 337.