Borgeson & Burns, PC
100 Cushman Street, Suite 311
Fairbanks, AK 99701
(907) 452-1666
(907) 456-5055 – facsimile

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| Don M. Kubanyi, Jimmy Kubanyi,<br>Aileen Welton, Elizabeth Tuzroyluk<br>Doris Kubanyi, Victor Kubanyi,<br>Bobby Kubanyi, Arlette Kubanyi and,<br>Brian Baggett,<br><br>                    Plaintiffs,<br><br>    vs.<br><br>Golden Valley Electric Association,<br><br>                    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. F04-00026 CIV

### DEFENDANT GOLDEN VALLEY ELECTRIC ASSOCIATION, INC.'S NON-OPPOSITION TO PLAINTIFFS' EXPEDITED MOTION TO DETERMINE FILING DEADLINES AT DOCKET 363

GVEA does not object to the court setting a due date. Its only objection is that that the court has already set a due date and Plaintiffs, consistent with their approach to this entire lawsuit, have decided to spend more effort litigating than actually preparing the necessary documents. This litigation approach has already caused the court and GVEA to expend significant resources. As GVEA has consistently stated, its primary interest is in efficiently defeating this frivolous suit on behalf of its ratepayer owners.

**Background**

This case was set for trial on May 19, 2008. Pretrial memos were due on April 21, 2008 jury instructions were due on April 28, 2008. GVEA had these documents drafted when the *Fairbanks Daily News-Miner* listed a bankruptcy case recently filed by Bobby Kubanyi. Mr. Kubanyi's bankruptcy petition failed to acknowledge this case or the fact that GVEA was a judgment creditor of his by virtue of a judgment it had acquired from former defendant, Black and Veatch.

Mr. Kubanyi's bankruptcy attorney was surprised to learn of his lawsuit against GVEA and Mr. Kubanyi's trespass case attorney was surprised to learn his client had filed bankruptcy.

In the middle of all this confusion it became evident that the May 19th trial was in jeopardy due to the automatic stay. GVEA entered an appearance in the bankruptcy case, attended a creditor's meeting, filed a motion to lift the stay, and took other actions to try to avoid a continued trial and the attendant costs, in time, and money, of renewing subpoenas, notifying witnesses, coordinating travel, etc.

Plaintiffs did nothing other than request that trial be rescheduled to October. More than 5 years and 6 months since Cruz allegedly trespassed over a few feet of frozen swamp.

The court reset trial for August to accommodate plaintiffs' counsel's busy summer trial schedule. The court then gave a clear deadline of ". . . 10 business days from the date that the Stay is lifted to file all remaining matters that need to be filed." for both parties to file the pretrial documents.

Now, plaintiffs are sending letters and filing motions seeking to impose further delay. They question undersigned's "professional courtesy" because the order lifting stay was received by GVEA on May 19th and not forwarded to plaintiffs until May 20th. They do not explain why it should be GVEA's duty to immediately serve notice of all bankruptcy court actions taken in a case actually filed by one the plaintiffs themselves. A case filed in federal court where Plaintiffs' counsel already has instant access to Pacer.

Apparently plainfiffs' counsel believes it is GVEA's ethical and legal obligation to advise Bobby Kubanyi and his counsel immediately (rather than the next day) about what is happening in Mr. Kubanyi's own bankruptcy case. This absurd expectation by plaintiffs is quite rudely imposed on GVEA despite the fact that Plaintiff Bobby Kubanyi filed for bankruptcy without telling his lawyer and apparently did not even know his trespass case was days away from trial or that GVEA had a recorded judgment against him.

It is against this factual background, the court must asses the Plaintiffs' current expedited motion.

If this court wants to either:  1)  restate its original deadline or 2) accommodate plaintiffs counsel by granting him additional time, GVEA has no objection. This case is going to trial on August 18, and the plaintiffs should be prepared. If that requires some deference to plaintiffs' counsel (who somehow manages to get his other cases to trial), so be it. GVEA just hopes that its attorneys can someday quit litigating such trivial matters. Until that day comes, GVEA will

continue to do whatever the court orders.

DATED this 22nd day of May, 2007, at Fairbanks, Alaska.

BORGESON & BURNS, PC

By: /s/ Michael C. Kramer
ABA # 9605031

CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of May, 2008,
a true and correct copy of the foregoing document was
electronically provided to the following attorneys/parties of record:

Michael Walleri
330 Wendell Street, Suite E
Fairbanks, AK  99701