Michael J. Walleri
Law Offices of Michael J. Walleri
330 Wendell Street, Suite E
Fairbanks, Alaska  99701
(907) 452-4716
(907) 452-4725 (Facsimile)
Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

DON M. KUBANYI, et. al.

        Plaintiff(s),

vs.

GOLDEN VALLEY ELECTRIC
ASSOCIATION,        Defendants.

Case No. 4:04-cv-0026 RRB

**TRIAL BRIEF**

## INTRODUCTION

### I.     Summary of Case

#### a)    *Parties.*

The parties at trial are the Kubanyi Allotment Owners (Don M. Kubanyi, Jimmy Kubanyi, Aileen Welton, Elizabeth Tuzroyluk, Doris Kubanyi, Victor Kubanyi, Bobby Kubanyi, and Arlette Kubanyi) and Golden Valley Electric Association.  Prior parties who have been dismissed include;

Michael J. Walleri
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Kubanyi v. GVEA* Case No. F04-0026
Trial Brief

1 of 12

Black & Vech Corporation (Def.) -- Dismissed by Contested Motion[1]

Brian Baggett (Plt.) – Judgment Entered in His favor pursuant to Civ. R. 68[2]

Cruz Construction & Dave Cruz (Def.) - Dismissed by Settlement[3]

Jake Covey And Patrick Nelson (Def.)  – Dismissed by Contested Motion[4]

b)     *Theories of recovery and defenses that have been pled.*

   i.     Plaintiff's Claims – Count I Trespass; Count II Violation of Civil Rights.[5]

The principle theory of recovery is that Cruz Construction, in its capacity as an agent and/or independent contractor under the control of GVEA entered upon lands owned by the Plaintiffs for the purposes of accessing Seven Mile Lake in the spring of 2002 and 2003, and in 2003 established a pump station on the lake adjacent to the property that operated in the middle of the night at high noise volume. Liability is claimed to be imputed to GVEA under two (2) theories:[6] 1) conventional principals of trespass liability,[7] 2) retained control over a contractor,[8]

---

[1] Docket 140 & 197
[2]  Docket 133 (Cruz) & 134 (Baggett)
[3] Docket 319
[4]  Dockets 140 & 160
[5] Dismissed as to all parties Docket
[6] Court allowed theories to proceed to trial at Docket 305 .  Originally, Plaintiff alleged that GVEA also had liability under 1) assumption of liability under the State

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

Plaintiff is seeking damages

- loss of use and enjoyment of the property, including the disturbance of use caused by the substantial noise nuisance of GVEA contractors; [9] and

- cost avoidance/savings realized by the project.

       ii.       <u>Defendants' Counterclaims</u>

---

TWUP, or 2) by operation of FLPMA and applicable regulations.  The Court originally allowed Plaintiff to proceed on the TWUP theory (Docket 143) however, the Court reversed itself at Docket 305, and ruled, as a matter of law, that liability may not arise under either the TWUP or FLPMA theories.
Court order at Docket
[7] Argued at Docket 86: The general rule is stated thusly:

One who employs an independent contractor to do work which the employer knows or has reason to know to be likely to involve a trespass upon the land of another or the creation of a public or a private nuisance, is subject to liability for harm resulting to others from such trespass or nuisance.

*Restatement (Second) of Torts §§ 427(B);  See Commonwealth Edison Co. v. United States, 271 F.3d 1327 (Fed. Cir. 2001);* Budagher v. Amrep Corp., 97 N.M. 116, 637 P.2d 547 (1981)*Barber Pure Milk Company v. Young, 263 Ala. 100, 81 So.2d 328 (1955); Stout Lumber Co. v. Reynolds, 175 Ark. 988, 1 S.W.2d 77 (1928); Bleeda v. Hickman-Williams & Co., 44 Mich. App. 29; 205 N.W.2d 85 (1972); Hazard Municipal Housing Com. v. Hinch, 411 S.W.2d 686(Ky. 1967)*
[8] See *Crnkovich v Scaletta, 277 N.W. 2d 416 (Neb. 1979)* principle liable for  trespass committed by an independent contractor, if the principle controls the work or authorizes the specific act.
[9] Theory allowed per Docket 350

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

GVEA alleged counterclaims against all remaining Plaintiffs asserting 1)

wrongful interference with an express right of way easement, and 2) intentional

interference with a prospective business relationship.[10]

## II.    Designation of the Appropriate Pleadings and Pre-trial Rulings or Stipulations.

- Order Denying Def. Motion to preclude claim for damages for 2002 Trespass and precluding claim for punitive damages.[11]

- Order Denying Plt. Motion to preclude survey evidence inconsistent with BLM Manual.[12]

- Order determining that GVEA is an "Indian entity" for purposes of 25 USC §194, and thus there is no shifting of burden of proof to Defendant respecting claims as to title.[13]

- Order allowing testimony of Mark Sherman (Expert).[14]

- Order allowing Hans Axelman Expert Testimony.[15]

---

[10] Docket 120
[11] Docket 306
[12] Docket 339
[13] Docket 338
[14] Docket 307
[15] Docket 279

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

- Order determining GVEA use of trail consistent with easement; reserving width and location of easement for trial.[16]

- Order precluding on Liability to GVEA under TWUP and FLPMA, but allowing Plaintiff to pursue liability on theories of conventional trespass liability and retained control theories.[17]

- Order Denying Motion to Dismiss GVEA Counterclaims.[18]

- Protective Order precluding evidence of prior settlement negotiations, offer of compromise, or settlement discussions.[19]

III.     **Designation of claims which remain for disposition**

- Plaintiffs trespass claims

- Defendants counterclaims for 1) wrongful interference with an express right of way easement, and 2) intentional interference with a prospective business relationship.

---

[16] Docket 113
[17] Docket 305
[18] Docket 287
[19] Docket 178

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

IV.     **Summary of Claims**

    a) *Evidence of liability and damages.*

      In 2002 and 2003, GVEA was constructing the Fairbanks-Anchorage Electical Intertie, the right of way for which crosses the Rex Trail.[20]   To access this area for construction, GVEA needed to construct and maintain an ice road along the Rex Trail from the Parks Highway (near Rochester's Lodge) to the Intertie ROW.[21]  In 2002, GVEA directly contracted with Cruz construction to do this work.[22]   In 2003, GVEA contracted through Global Power, who in turn sub-contracted with Cruz Construction for this work.[23]

      In furtherance of this work, GVEA obtained a State Temporary Water Permit to extract water from Seven Mile Lake.[24]  The southern portion of Seven Mile Lake is located near the Rex Trail, but is surrounded by the Kubanyi Allotment.[25]   The Kubani allotment was originally claimed by Nora Kubanyi, who made an entry

---

[20] Test. Of Dave Cruz, Greg Wyman, Wayne Walters, all Plaintiffs
[21] Id.
[22] Test. Of Dave Cruz & Greg Wyman,
[23] Id
[24] Test. Dave Cruz & Greg Wyman, TWUP Exhibit
[25] Test. Paul Mayo

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Kubanyi v. GVEA* Case No. F04-0026
Trial Brief

upon the land in 1963.[26]  The Rex Trail is a RS 2477 ROW which crosses the

Allotment.[27]    The Rex Trail was established prior to 1963, but its location at that

time is in dispute. The amended Allotment Certificate reserves the ROW "to not

exceed 50 feet".[28]   The evidence will show that there is a minimum of 43.7 feet

between the edge of the maximum width of the Rex Trail RS 2477 Easement (50 foot)

and the ordinary high water mark for Seven Mile Lake.[29]  However, the evidence

will show that actual used portion of the trail is substantially less than the 50 foot

right of way and is evidenced by the existence of a tree line between the trail and the

lake,[30] which constitutes the actual width of the right of way.   The allotment is

posted with numerous "No Trespassing" signs, in an around the Rex Trail.[31]  GVEA

had prior knowledge of the Kubanyi allotment boundary claim.[32] GVEA had

surveyors on site to determine location issues, but never used them to determine

property boundaries of the Kubanyi allotment.[33]

---

[26] Test. Mayo
[27] Id.
[28] Id.
[29] Reports of Eric Stalke
[30] Id., Also Testimony of all Plaintiffs, arial photos
[31] Id. See also, Photo evidence
[32] Test. Don Kubanyi, Walters, Wyman,  & documentary evidence (weekly project mtg records)
[33] Test. Cruz

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Kubanyi v. GVEA* Case No. F04-0026
Trial Brief

At the February 28, 2003 project meeting, Cruz met with representatives of GVEA and other project contractors.[34]  At that time, GVEA approved the mobilization of Cruz water pumping activity to Seven Mile Lake, with the full knowledge of the existence of a property dispute with the allotment owners.[35]  On or about March 1, 2003, Cruz construction crews moved operations to Seven Mile Lake, which included bringing in heavy equipment which parked off the ROW on the Kubanyi Allotment, and crossed the allotment to access the Lake, established a pumping station on the lake.[36]  The pumping station had a generator, Klieg-style area lighting, and pumps, which operated at night within yards of Kubanyi residences and cabins.[37]  Various members of the Kubanyi family asked them to stop crossing their land.[38]  Cruz crews refused, and called the police to have Don Kubanyi arrested and jailed.[39]  Cruz stopped work at the site mainly because of weather conditions.[40]  Shortly thereafter, the Kubanyi's complained to Tanana Chiefs Conference, the land manager for Native allotments operating under a contract with the Bureau of Indian Affairs.[41]  TCC issued a cease and desist order claiming

---

[34] Test. Cruz; meeting notes
[35] Id., Plaintiffs Test.
[36] Id.
[37] Id.
[38] Plaintiff's Test.
[39] Id., Cruz
[40] Cruz Test. & documentary evidence.
[41] Plaintiff & Mayo Test. & documentary evidence

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Kubanyi v. GVEA* Case No. F04-0026                                        8 of 12
Trial Brief

trespass.  GVEA, through Global, advised Cruz to stop pumping.[42]  Cruz requested

permission to re-mobilize to Fish Creek for water extraction.[43]  GVEA approved the

re-mobilization. The change in locations resulted in a $131,000 (+) cost to the

project.[44]   The Cruz stoppage was caused by a combination of factors including the

trespass notice issued by TCC and the weather conditions.


    Crossing the Kubanyi Allotment was the only feasible method to extract

water from Seven Mile Lake.[45]  The only available alternative to Seven Mile Lake for

a watering point was Fish Creek, which would have cost the project $291,509, which

was the saving achieved by GVEA in using Seven Mile Lake.[46]


    **b)  _Itemization of relief requests_**

The Kubanyi's seek

- $291,509 in damages for the value (saving) achieved by trespassing on the

  Allotment

- $100,000 in damages for disturbing the Plaintiff quiet enjoyment of their

  land.

---

[42]  Cruz Test. & documentary evidence
[43]  Id.
[44]  Id.
[45]  Sherman Test & Report
[46]  Id.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Kubanyi v. GVEA* Case No. F04-0026                                9 of 12
Trial Brief

### c) Summary of issues for trial, with controlling authority.

It is largely undisputed that Cruz Construction accessed Seven Mile Lake in 2002 and 2003  Equally, the location of the access point is largely admitted.  The principle issues for trial is whether the access point lies within the Rex Trail easement, and specifically relate to the following questions:  include

- Location of easement

- Width of easement

- Location of ordinary high ordinary high water mark for Seven Mile Lake.[47]

 Specifically, the location and width of an RS 2477 easement is determined by the right actual ROW in actual use by the public prior to entry of the land.  The location is determined by the pattern of prior use, which in this case, means use prior to entry of land by the Nora Kubanyi (i.e. 1963).[48]   Equally the width is similarly determined.[49]  In the alternative, the Certificate of Title setting the easement as not to

---

[47] As previously noted, In determining land boundaries, the Ninth Circuit relies upon the *BLM Manual of Surveying Instructions for the Surveying of Public Lands 1973*. Alaska v United States, 754 F. 2d 851, 852 (9th Cir. 1985)  Plaintiff's believe this is controlling precedence, however the Court has rejected this authority.  Docket

[48] *Dillingham Commercial Company, Inc. v. City Of Dillingham, 705 P.2d 410, 414 (Alaska 1985)*

[49] Id.  As the Court stated

> Where evidence establishes dedication of a roadway, the width of the roadway is not to be measured by the court by the boundaries of the beaten track but it is necessary and proper for the court in

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

exceed 50 feet and accepted by the state is preclusive evidence against a wider

easement.[50]  In determining these issues, the burden (of proof) rests on the party

relying on a dedication to establish it by proof that is clear and unequivocal."[51]


      Additionally, if a trespass is found, GVEA's liability for actions by Cruz

Construction is at issue, which includes whether

- GVEA knew or has reason to know that Cruz Construction's actions were likely to involve a trespass upon Kubanyi alltoment or create a public or a private nuisance;[52] or

-  GVEA control Cruz's work or authorized the specific act complained about.[53]


---

defining the road to determine its width and fix it according to what is reasonable and necessary under all the facts and circumstances for the uses which were made of the road

[50] *Southern Utah Wilderness Alliance, v BLM, 425 F.3d 735, 747 (10th Cir. 2005)*

[51] *Hamerly v. Denton*, 359 P.2d 121, 125 (Alaska 1961); quoted with emphasis at *Dillingham Commercial Company, Inc. v. City Of Dillingham, 705 P.2d at, 416*

[52] See Footnote 7 supra.

[53] See Footnote 8 supra.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

DATED this 4th day of June , 2007.

MICHAEL J. WALLERI

/s/ Michael J. Walleri
Law Offices of Michael J. Walleri
330 Wendell Street, Suite E
Fairbanks, Alaska 99701
(907) 452-4716
(907) 4524725 (Facsimile)
walleri@gci.net
AK Bar No. 7906060

Certificate of Service
I hereby certify that under penalty of perjury that a true and
correct copy of the foregoing was sent to the following counsel
of record on June 4, 2008 via ECF to:

Mr. David Floerchinger                Mr. Cory Borgeson
Assistant Attorney General            Boreson & Burns, P.C.
Department of Law                     100 Cushman Street, Suite 31
1031 W. Fourth Ave., Suite 200        Fairbanks, Alaska 99701
Anchorage, Ak  99501

Mr. Eric P. Gillett                   Mr. Daniel T. Quinn
Preg O'Donnell & Gillett, P.C.        Richmond & Quinn
1800 Ninth Ave., Suite 1500           360 K Street, Suite 200
Seattle, WA  98101-1340               Anchorage, AK 99501-2038

/s/ Michael J. Walleri

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Kubanyi v. GVEA* Case No. F04-0026
Trial Brief