Michael J. Walleri
Law Offices of Michael J. Walleri
330 Wendell Street, Suite E
Fairbanks, Alaska  99701
(907) 452-4716
(907) 452-4725 (Facsimile)
Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DON M. KUBANYI, JIMMY KUBANYI, AILEEN WELTON, ELIZABETH TUZROYLUK, DORIS KUBANYI, VICTOR KUBANYI, and BOBBY KUBANYI, ARLETTE KUBANYI,<br>              Plaintiff(s),<br><br>vs.<br><br>GOLDEN VALLEY ELECTRIC ASSOCIATION,<br>              Defendant. | **PLAINTIFFS PROPOSED JURY INSTRUCTION** |

Case No. 4:04-cv-0026 RRB

Pursuant to the Court's pre-trial order in the above captioned case, Plaintiffs, propose the following general Ninth Circuit Model Civil Jury Instruction:

*GENERAL INSTRUCTIONS*

1.0, 1.1C 1.2  through 1.4, 1.6-1.15, 1.18., 1.19, 2.1- 2.14 (excluding 2.5 and 2.7) 3.1-3.5, 4.11, 5.1, and 5.6

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Kubanyi v. GVEA* Case No. F04-0026
Plaintiff's Proposed Jury Instructions

1 of 16

SPECIFIC INSTRUCTIONS

See Attached

DATED this 4th day of June, 2008.

MICHAEL J. WALLERI

/s/ Michael J. Walleri
Law Offices of Michael J. Walleri
330 Wendell Street, Suite E
Fairbanks, Alaska 99701
(907) 452-4716
(907) 4524725 (Facsimile)
walleri@gci.net
AK Bar No. 7906060

Certificate of Service
I hereby certify that under penalty of perjury that a true and
correct copy of the foregoing was sent to the following counsel
of record on June 4, 2008 via ECF to:

| | |
|---|---|
| Mr. David Floerchinger<br>Assistant Attorney General<br>Department of Law<br>1031 W. Fourth Ave., Suite 200<br>Anchorage, Ak  99501 | Mr. Cory Borgeson<br>Boreson & Burns, P.C.<br>100 Cushman Street, Suite 31<br>Fairbanks, Alaska 99701 |
| Mr. Eric P. Gillett<br>Preg O'Donnell & Gillett, P.C.<br>1800 Ninth Ave., Suite 1500<br>Seattle, WA  98101-1340 | Mr. Daniel T. Quinn<br>Richmond & Quinn<br>360 K Street, Suite 200<br>Anchorage, AK 99501-2038 |

/s/ Michael J. Walleri

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Kubanyi v. GVEA* Case No. F04-0026
Plaintiff's Proposed Jury Instructions

2 of 16

PLAINTIFFS PROPOSED JURY INSTRUCTION NO. 1

This case arises out of efforts by Golden Valley Electric Association the construction of the Fairbanks-Anchorage Electrical Intertie in 2002 and 2003. The Plaintiffs, Don M. Kubanyi, Jimmy Kubanyi, Aileen Welton, Elizabeth Tuzroyluk, Doris Kubanyi, Victor Kubanyi, Bobby Kubanyi, and Arlette Kubanyi (hereinafter collectively referred to as the Kubanyi's, own an Alaska Native Allotment located at Seven Mile Lake, off the Rex Trail south of Nenana, Alaska.  The Kubanyi's claim that in 2002 and 2003, Cruz Construction, working for GVEA, trespassed upon their land.  GVEA has filed a counter claim against the Kubanyi's for interference with a public right of way and interference with a prospective business relationship.  In order to decide these claims, you will be asked to make certain decisions regarding the conduct of all the parties.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

PLAINTIFFS PROPOSED JURY INSTRUCTION NO. 2

The Kubanyi's claim that the Cruz Construction, while working for GVEA trespassed on the plaintiff's property.  Before considering whether GVEA is liable for the actions of Cruz Constuction, you must first decide whether Cruz Construction actually engaged in a trespass.

To determine whether the Cruz Construction trespassed, you must decide whether it is more likely true than not true that:

(1)     the Cruz Construction entered the property;

(2)     the Kubanyi's were in possession of the property when the entry occurred; and

(3)     the Cruz Constuction's entry was intentional.

The entry was intentional if the defendant intended to be in that location.  An entry can be intentional even if the defendant mistakenly thought it had a right to be on the property.

If you decide that all three of these things are more likely true than not true, then you must decide in favor of the Kubanyi's as to whether the trespass occurred.  Otherwise, you must decide in favor of the GVEA.

Alaska Pattern Jury Instructions 13.01 (modified)

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

PLAINTIFFS PROPOSED JURY INSTRUCTION NO. 3

In this case, GVEA claims that it was on a public easement established pursuant to a federal law commonly referred to as RS 25477. In determining whether the Cruz Construction entered the "property", you must determine the location and width of the RS 2477 easement.

The location and width of the easement is determined by the pattern of prior use, as of 1963.

*Dillingham Commercial Company, Inc. v. City Of Dillingham, 705 P.2d 410, 414 (Alaska 1985)*

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

PLAINTIFFS PROPOSED JURY INSTRUCTION NO. 4

In this case, the parties also dispute the boundary of Seven Mile Lake In determining whether the Cruz Construction entered the "property", you must determine the boundary of Seven Mile Lake.

The boundary of Seven Mile Lake is the ordinary high water mark. The high water marks of any lake fluctuate with the waters of its supplying rivers and streams and with its evaporation. The term "ordinary high water mark" means the average of these fluctuating extreme rises,

*Mitchell v. Smale, 140 U.S. 406, 414, 11 S.Ct. 819, 840, 35 L.Ed. 442 (1891)*

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

PLAINTIFFS PROPOSED JURY INSTRUCTION NO. 5

If you have found that Cruz Construction trespassed upon the Kubanyi allotment, you must decide whether GVEA is liable for the trespass.

I will now explain how you are to determine this issue.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Kubanyi v. GVEA* Case No. F04-0026
Plaintiff's Proposed Jury Instructions

7 of 16

PLAINTIFFS PROPOSED JURY INSTRUCTION NO. 6

A person who employs an independent contractor to do work which the employer knows or has reason to know to be likely to involve a trespass upon the land of another or the creation of a public or a private nuisance, is subject to liability for harm resulting to others from such trespass or nuisance.

If you decide that it is likely true than not true, that GVEA either knew or had reason to know that the actions of Cruz Construction would likely involve a trespass upon the Kubanyi Allotment, or create a public nuisance then you must decide in favor of the Kubanyi's. Otherwise, you must decide whether GVEA retained control over the actions of Cruz Construction.

*Restatement (Second) of Torts §§ 427(B); See Commonwealth Edison Co. v. United States, 271 F.3d 1327 (Fed. Cir. 2001);* Budagher v. Amrep Corp., 97 N.M. 116, 637 P.2d 547 (1981)*Barber Pure Milk Company v. Young, 263 Ala. 100, 81 So.2d 328 (1955); Stout Lumber Co. v. Reynolds, 175 Ark. 988, 1 S.W.2d 77 (1928); Bleeda v. Hickman-Williams & Co., 44 Mich. App. 29; 205 N.W.2d 85 (1972); Hazard Municipal Housing Com. v. Hinch, 411 S.W.2d 686(Ky. 1967)*

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

PLAINTIFFS PROPOSED JURY INSTRUCTION NO. 7

A principle is liable for trespass committed by an independent contractor, if the principle controls the work or authorizes the specific act.

If you decide that it is likely true than not true, that GVEA had control over where or authorized Cruz Construction to pump water from Seven Mile Lake, then you must decide in favor of the Kubanyi's. Otherwise, you must decide in favor of GVEA.

*Crnkovich v Scaletta*, 277 N.W. 2d 416 (Neb. 1979)

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

PLAINTIFFS PROPOSED JURY INSTRUCTION NO. 8

If you decide in favor of the Kubanyi's, then you must decide how much money, if any, would fairly compensate the Kubanyi's for the defendant's trespass. The first item of claimed loss is damage to plaintiff's real property. The amount that will reasonably compensate the plaintiff for this loss is the following:

[A]   The difference in the fair market value of the property immediately before and immediately after the trespass. In a moment I will explain how to measure the fair market value.

[B]   The cost of restoring the property to its condition immediately before the trespass. However, for the plaintiff to recover this cost, you must find that

(1)   the damage to the property is temporary or reparable; and

(2)   the cost of restoring the property is not disproportionate to the loss in property value caused by the trespass or, if it is disproportionate, that there is a reason personal to the plaintiff for restoring the property to its original condition.

To determine the loss in property value caused by the trespass, you must calculate the difference in the fair market value of the property immediately before and immediately after the trespass. In a moment I will explain how to measure the fair market value.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

To determine whether there is a reason personal to the plaintiff for restoring the property, you may consider the nature of the property, how it was used, the likelihood that the plaintiff would actually restore it, or any other factors you think are important.

If you find that the damage can be repaired and that the cost of restoring the property is not disproportionate to the loss in value caused by the trespass, or that there is a reason personal to the plaintiff for restoring the property, then you must award the plaintiff the cost of restoring the property. Otherwise, you must award the plaintiff the difference in the fair market value of the property immediately before and immediately after the trespass.

[C]   If there is no difference in the fair market value, but you previously found that defendant's entry on the property was intentional, then you must award the plaintiff the amount of $1. Otherwise, the plaintiff is not entitled to any compensation for this item of claimed loss.

Alaska Pattern Jury Instructions   13.01

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

PLAINTIFFS PROPOSED JURY INSTRUCTION NO. 9

I will now explain the term "fair market value."

Imagine that the owner of property puts it up for sale and is allowed a reasonable time to sell it. The fair market value is the amount a fully informed seller would receive from a fully informed buyer in a normal, open market sale. In arriving at this figure, you must assume that the owner would be free to sell or not to sell and that the buyer would be free to buy or not to buy.

Alaska Pattern Jury Instructions   20.17(A)

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Kubanyi v. GVEA* Case No. F04-0026
Plaintiff's Proposed Jury Instructions

12 of 16

PLAINTIFFS PROPOSED JURY INSTRUCTION NO. 10

The second item of claimed loss is the loss of use of the Kubanyi Allotment.

The plaintiff is entitled to be compensated for the fair value of the use of the Kubanyi property during the period it was held by GVEA. In a moment I will explain how to measure the value of the loss of use.

Alaska Pattern Jury Instructions   20.16

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

PLAINTIFFS PROPOSED JURY INSTRUCTION NO. 11

The Kubanyi's claim that the GVEA/Cruz Construciton created a nuisance with respect to the Kubanyis' use or enjoyment of their property.

To determine whether GVEA created a nuisance, you must decide whether it is more likely true than not true that:

(1)     the defendant interfered with Kubanyis' use or enjoyment of property;

(2)     the interference was intentional and unreasonable, or negligent or reckless; and

(3)     the interference was a legal cause of significant harm to the plaintiff.

If you decide that all three of these things are more likely true than not true, then you must decide in favor of the plaintiff on this claim.

Otherwise, you must decide in favor of the defendant.

The inference was intentional if the defendant acted for the purpose of causing it, or knew it was resulting or substantially certain to result from his conduct.

The interference was unreasonable if the seriousness of the harm to the plaintiff outweighs the usefulness of the defendant's conduct.

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

The defendant's conduct was negligent if the interference occurred because the defendant failed to exercise reasonable care. Reasonable care is the care that a reasonably prudent person would have exercised under similar circumstances.

The defendant's conduct was reckless if the defendant intentionally acted or failed to act under circumstances where the defendant knew or a reasonable person would know that the act or failure to act created an extreme risk that the interference would occur.

A significant harm is a harm that a reasonable person would regard as important and involving more than slight inconvenience or petty annoyance. It must also be of a kind that would be suffered by a normal person in the community or by property in normal condition and used for a normal purpose.

Alaska Pattern Jury Instructions   13.08

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Kubanyi v. GVEA* Case No. F04-0026                                                      15 of 16
Plaintiff's Proposed Jury Instructions

PLAINTIFFS PROPOSED JURY INSTRUCTION NO. 12

The value of the use of the (insert item of property) is to be measured by:

A.   The fair rental value of the (insert item of property) for the period of loss of use.

B.   The earnings that were reasonably anticipated for the period of loss of use, but were lost because the (insert item of property) was not available. You must fix the net earnings after expenses.

C.   The cost of obtaining a substitute for watering source during the period of loss of use.

Alaska Pattern Jury Instructions   20.17B

**Michael J. Walleri**
*Attorney at Law*

330 Wendell St., Suite E
Fairbanks, Alaska 99701
(907) 452-4716
FACSIMILE
(907) 452-4725

*Kubanyi v. GVEA* Case No. F04-0026
Plaintiff's Proposed Jury Instructions

16 of 16