Borgeson & Burns, PC
100 Cushman Street, Suite 311
Fairbanks, AK 99701
(907) 452-1666
(907) 456-5055 – facsimile

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| Don M. Kubanyi, Jimmy Kubanyi, Aileen Welton, Elizabeth Tuzroyluk, Doris Kubanyi, Victor Kubanyi, Bobby Kubanyi, Arlette Kubanyi and, Brian Baggett,<br><br>　　　　　　　　Plaintiffs,<br><br>　vs.<br><br>Golden Valley Electric Association,<br><br>　　　　　　　　Defendant.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. F04-0026 CIV

**OBJECTIONS TO PLAINTIFFS' PROPOSED JURY INSTRUCTIONS**

Defendant Golden Valley Electric Association (GVEA), through counsel, submits the following objections to Plaintiffs' Proposed Jury Instructions.

**Jury Instruction No. 1:** The first objection to this instruction is Plaintiffs' assertion that Cruz Construction was working for GVEA. This instruction, if used, should clarify that Global Power and Communications, Inc. was GVEA's contractor and that Cruz Construction was Global Power and Communications, Inc.'s contractor, rather that GVEA's. In addition, Defendant GVEA's counterclaims

against the Plaintiffs are for interference with a public right of way easement and interference with a contract for the construction of an ice road, rather than interference with a prospective business relationship. All instructions should consistently identify the counterclaims.

**Jury Instruction No. 2:** Again, this instruction misstates the actual relationship between GVEA and Cruz. The words "while working for GVEA" need to be eliminated. Cruz never worked for GVEA; rather Cruz worked for Global Power and Communications, Inc.

**Jury Instruction No. 3:** Plaintiffs' assert in this instruction that the "location and width of the easement is determined by the pattern of prior use, as of 1963," citing to *Dillingham Commercial Co., Inc. v. City of Dillingham*, 705 P.2d 410, 414 (Alaska 1985). However, Plaintiffs' reliance on this case is misplaced. It is undisputed that the easement running through Plaintiffs' property is an established RS 2477. The court in *Dillingham*, on the other hand, addressed whether a public prescriptive easement even existed. The court held that the location of the easement was found by evidence of prior use; however, the court did not determine the width of the easement, leaving the width decision for the jury. Accordingly, *Dillingham* does not stand for the proposition that both the location <u>and</u> the width are established by prior use. The jury must determine the width according to state and federal law consistent with evidence of the historical and current purpose, intent, and use of the easement.

**Jury Instruction No. 4:** It is undisputed that to determine whether Cruz workers entered Plaintiffs' property, the jury must determine the boundary of Seven Mile Lake, and that the boundary is the ordinary high water mark (OHM). Plaintiffs assert that the term "ordinary high water mark" means the average of the fluctuation in rivers and streams. However, the Court has held that Alaska state law determines the OHM of Seven Mile Lake, rather than the average fluctuation of the lake. Specifically, state law defines the OHM as

> [T]he mark along the bank or shore up to which the presence and action of the nontidal water are so common and usual, and so long continued in all ordinary years, as to leave a natural line impressed on the bank or shore and indicated by erosion, shelving, changes in soil characteristics, destruction of terrestrial vegetation, or other distinctive physical characteristics.[1]

**Jury Instruction No. 5:** Instead of determining whether GVEA alone is liable for the trespass, the jury must decide whether Global Power & Communications, Inc., Black & Veatch Corporation, Dryden and LaRue, Inc., are liable for the trespass allegedly committed by Cruz workers.

**Jury Instruction No. 6:** It is undisputed that Restatement (Second) of Torts § 427B governs the law of the case in regard to conventional theories of trespass liability. However, it is necessary to add a paragraph to the instruction that discusses the applicability of the Restatement provision.[2] Moreover, the instruction should eliminate any mention of GVEA or the other non-parties at issue since the

---

[1] 11 AAC § 53.900 (23).
[2] See Def.'s Revised Proposed Jury Instruction No.

**DEF. GVEA'S OBJECTIONS TO PLS' PROPOSED JURY INSTRUCTIONS**
*Kubanyi, et al. v. GVEA*
F04-0026 CIV
Page 3 of 5

Restatement explicitly provides that the "employer" knows or has reason to know. Finally, this instruction should follow the general discussion of the "retained control" theory regarding independent contractors.

**Jury Instruction No. 7:** This instruction misstates the law of the case. Rather than a form of agency law, which involves a "principle" and an "agent," this case deals with the independent contractor theory of retained control. Moreover, the amount of control an employer must retain for liability to attach must be defined in the instruction.

**Jury Instruction No. 8:** Plaintiffs have not provided evidence of the cost of restoring the property, nor have they offered a "reason personal" that would allow this instruction on damages. It is undisputed that no physical damage occurred.

**Jury Instruction No. 10:** The property was never "held by GVEA." Rather, the property was allegedly used by Cruz Construction.

**Jury Instruction No. 11:** The instruction should read: "To determine whether Cruz Construction created a nuisance . . .,"not whether GVEA created the nuisance.

**Jury Instruction No. 12:** This instruction is not fully premised upon Alaska Civil Pattern Jury Instruction No. 20.17B. Pattern Paragraph C states that "the value of the use of the (insert item of property) is to be measured by . . . the cost of obtaining a substitute for (insert item of property) during the period of loss of use." The "item of property" that Plaintiffs claim they lost the use of is their own property. The instruction should therefore read, "The cost of obtaining a substitute for

<u>Plaintiffs' property</u> during the period of loss of use," rather than the cost of obtaining "a substitute for watering source."

DATED this 8th day of July, 2008, at Fairbanks, Alaska.

                                     <u>s/Cory R. Borgeson</u>
                                     100 Cushman Street, Suite 311
                                     Fairbanks, AK  99701
                                     (907) 452-1666
                                     Fax:  (907) 456-5055
                                     Email:  cborgeson@bnblaw.com
                                     ABA # 8405009

Certificate of Service

I hereby certify that on the 8th day of
July, a copy of the foregoing document
was served electronically on:

Michael Walleri