IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DON M. KUBANYI; JIMMY KUBANYI; AILEEN WELTON; ELIZABETH TUZROYLUK; DORIS KUBANYI; VICTOR KUBANYI; BOBBY KUBANYI; ARLETTE KUBANYI; and BRIAN BAGGETT,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>GOLDEN VALLEY ELECTRIC ASSOCIATION,<br><br>　　　　Defendant. | Case No. 4:04-cv-0026-RRB<br><br>**ORDER RE TRIAL MATTERS** |

　　　　The Court is continuing to prepare for the trial in this matter and, appreciating the need for early understanding regarding the applicable law, indicates below its tentative thinking on some of the issues raised at the pretrial conference.

　　　　First, with regard to the measure of damages, the parties have stipulated that there is no physical damage to any of the Native allotment property. The jury will be instructed accordingly. It remains unclear what Plaintiffs intend with regard to the nuisance issue. That will be addressed at the status hearing on August 22. Plaintiffs ask the Court to instruct the

jury with regard to a "financial benefit received" theory and refers the Court to Alaska Pattern Instruction 20.17B. While the Court will not instruct specifically with regard to this theory, there appears to be some room for Plaintiffs to argue something similar under a modified Alaska Pattern Instruction 20.17B. If Plaintiffs establish that there was an intentional trespass onto the Native allotment, then Plaintiffs may argue for the rental monies they could have reasonably expected to have received had Defendant negotiated with them for the use of the property in question rather than trespassed. While the financial benefit received would not be determinative of this amount, it may be a factor to consider in determining the rental value of the property under the circumstances.

Second, with regard to the width of the easement, the Court notes that this matter was raised initially by Plaintiffs in a Motion In Limine at Docket 312, opposed by Defendant at Docket 327, and then withdrawn by Plaintiffs at Docket 332, for the reasons argued by Defendant. The Court therefore has not been called upon to address the substance of this issue. It is raised now in Plaintiffs' trial brief.

The allotment document clearly sets forth a fifty foot easement (right of public access). Although 25 U.S.C. § 313 limits highway right-of-ways across Native allotments to 100 feet, absent

"heavy cuts and fills" or buildings, depos, etc., no apparent effort has been made either by the State of Alaska, the Federal Government, the railroad, or anyone else, to establish an easement in excess of 50 feet. Therefore, absent authority otherwise, the specific language of the allotment document applies and the easement at issue is 50 feet wide.

       ENTERED this 21st day of August, 2008.

                              S/RALPH R. BEISTLINE
                              UNITED STATES DISTRICT JUDGE