Borgeson & Burns, PC
100 Cushman Street, Suite 311
Fairbanks, AK 99701
(907) 452-1666
(907) 456-5055 – facsimile

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

Don M. Kubanyi, Jimmy Kubanyi,            )
Aileen Welton, Elizabeth Tuzroyluk        )
Doris Kubanyi, Victor Kubanyi,            )
Bobby Kubanyi, Arlette Kubanyi and,       )
Brian Baggett,                            )
                                          )
                    Plaintiffs,           )
                                          )
         vs.                              )
                                          )
Golden Valley Electric Association,       )
                                          )
                    Defendant.            )
_____)
Case No. F04-0026 CIV

### DEFENDANT'S BRIEF REGARDING ALLOCATION OF FAULT

Defendant, by and through its counsel of record, the law firm of Borgeson & Burns, PC, hereby file Defendant's Brief Regarding Allocation of Fault. Defendant requests (1) that its liability in this case be apportioned according to the jury's findings on the issue of comparative fault pursuant to A.S. 09.17.080, and (2) that former third-party defendant Global Power & Communications, LLC ("Global") be included as a person potentially responsible for damages and allocated a percentage of fault.

### A.S. 09.17.080 APPLIES TO THIS CASE

Kubanyi's cause of action for trespass to a native allotment arises under and

is governed by federal common law.  See United States v. Pend Oreille Public Utility Dist. No. 1, 28 F.3d 1544, 1549–50 & n.8 (9th Cir. 1994); United States v. S. Cal. Edison Co., 413 F. Supp. 2d 1101, 1127 n.18 (E.D. Cal. 2006).  Therefore, the apportionment of damages among any defendants who are found liable for the trespass is controlled by federal common law.  However, there is a presumption that federal common law incorporates the law of the state in which the claim arose.  See, e.g., Schadel v. Iowa Interstate R., Ltd., 381 F.3d 671, 677 (7th Cir. 2004) ("It is well-established that federal common law may either create a single rule of law that is applicable to all cases in a particular area, or it may adopt as federal law the rule of the state in which the case arises. . . . [There is] 'a preference for incorporation of state law absent a demonstrated need for a federal rule of decision.'" (quoting Richard H. Fallon et al., The Federal Courts and the Federal System 701 (5th ed. 2003))).

The Ninth Circuit has explained that a federal court should determine whether to adopt state law or create a uniform federal rule based on a three-part test.  The court must consider (1) whether there is a need for national uniformity on the issue; (2) whether application of the state rule would frustrate specific federal objectives; and (3) whether application of a federal rule would disrupt commercial relationships predicated on state law.  United States v. Northrop Corp., 59 F.3d 953, 960–61 (9th Cir. 1995) (citing United States v. Kimbell Foods, 440 U.S. 715, 728–29 (1979); Mardan Corp. v. C.G.C. Music, Ltd., 804 F.2d 1454, 1458 (9th Cir. 1986)).  This test should ordinarily result in the application of state law when there is no demonstrated

need for uniformity and no significant federal interest would be endangered.  See, e.g., Haynes v. Manning, 717 F. Supp. 730, 734–35 (D. Kan. 1989) (adopting state law to determine burden of proof under federal odometer statute because "sale of automobiles is a local transaction and one generally regulated and governed by the state" and "there is little need for uniform federal common law in this area").

In this case, there is no need for a uniform federal rule to govern apportionment of liability.  Trespass, like automobile sales, is necessarily local, and no harm will come from allowing each state to set its own rules for apportioning liability among joint trespassers.  Furthermore, application of the state rule would not interfere with any federal interest or objective.  Apportioning liability based on comparative fault is not at odds with the federal interest in protecting native American land.  A comparative fault regime does not preclude full recovery by the plaintiff, but "merely shifts from a defendant to the injured plaintiff the burden of collecting an absent joint tortfeasor's proportionate share of damages."  Resolute Trust Corp. v. Heiserman, 856 F. Supp. 578, 581 (D. Colo. 1994).  For this reason, the court in Resolute Trust held that the plaintiff's federal negligence claim against the officers and directors of a failed savings and loan was subject to Colorado's proportionate liability statute rather than a "federal common law rule of joint and several liability." See id. at 582–83.  The result should be no different here.

## GLOBAL SHOULD BE ALLOCATED A PERCENTAGE OF FAULT UNDER A.S. 09.17.080(a)(2)

A.S. 09.17.080(a)(2) requires that the jury be instructed to determine "the

percentage of the total fault that is allocated to each claimant, defendant, third-party defendant, person who has been released from liability, or other person responsible for the damages unless the person was identified as a potentially responsible person, the person is not a person protected from a civil action under A.S. 09.10.055 [the statute of repose], and the parties had a sufficient opportunity to join that person in the action but chose not to." Global was a third-party defendant in this action and is a "person responsible for the damages"; it should therefore be assigned a percentage of fault.

Global was joined in this action as a third-party defendant by defendants Dave Cruz and Cruz Construction, Inc. ("Cruz"), on January 13, 2005. Proof of service on Global was filed on February 25, 2005; however, on March 10, 2005, Cruz dismissed Global before it had answered. The reason for the dismissal was that Cruz's contract with Global required Cruz to indemnify Global for any damages that might have arisen out of this litigation.

In light of these facts, Global should be included in the allocation of fault because it was at one point a "third-party defendant" in this case within the meaning of A.S. 09.17.080(a)(2). Alternatively, Global should be included because it is an "other person responsible for the damages." The fact that Global was dismissed from this litigation and was not joined as a third-party defendant for purposes of equitable apportionment under Civil Rule 14(c) should not prevent Global from being included in the allocation, as joinder of Global would have served no purpose and would have been contrary to the Alaska Supreme Court's statements concerning

when potentially responsible parties should be brought into an action.

In <u>Alaska General Alarm, Inc. v. Grinnell</u>, 1 P.3d 98 (Ak. 2000), the Court explained that "[t]he purpose of limiting fault allocation to joined parties — more specifically, to parties potentially liable to the plaintiff, rather than "empty chair" defendants — was to ensure that fault was accurately litigated." <u>Id.</u> at 102. The Court reasoned that an empty chair defendant — that is, a defendant with no potential liability to the plaintiff — "would have little incentive to defend itself," while other defendants would have strong incentives to cast blame on that defendant. <u>Id.</u> at 103. In this case, because Cruz was obligated to indemnify Global for whatever fault it had in the suit, Cruz effectively stood in Global's shoes for purposes of the litigation. Had Global been joined, it would have been a paradigmatic empty chair defendant with no incentive to participate meaningfully in adversarial fact-finding. Thus, its joinder would have served no purpose under the statute.

## CONCLUSION

For the foregoing reasons, the Alaska comparative fault statute, A.S. 09.17.080, should apply to determine the percentage of plaintiffs' damages, if any, for which defendant is liable.

DATED this 29th day of August, 2008, at Fairbanks, Alaska.

> s/Cory R. Borgeson
> 100 Cushman Street, Suite 311
> Fairbanks, AK  99701
> (907) 452-1666
> Fax:  (907) 456-5055
> Email:  cborgeson@bnblaw.com
> ABA # 8405009

Certificate of Service

I hereby certify that on the 29th day of
August, a copy of the foregoing document
was served electronically on:

Michael Walleri

F:\030199\14\MSS0097.DOC