IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DON M. KUBANYI; JIMMY KUBANYI; AILEEN WELTON; ELIZABETH TUZROYLUK; DORIS KUBANYI; VICTOR KUBANYI; BOBBY KUBANYI; and ARLETTE KUBANYI,<br><br>        Plaintiffs,<br><br>vs.<br><br>GOLDEN VALLEY ELECTRIC ASSOCIATION,<br><br>        Defendant. | Case No. F04-0026 CV (RRB)<br><br>**SPECIAL VERDICT** |

We, the jury in the above-captioned case, do find the following special verdict submitted to us in the above-captioned case:

### I. TRESPASS

1. **Did Cruz Construction ("Cruz") trespass on the Plaintiffs' property in 2002?**

    Answer YES or NO.    _____

    If you answered YES to Question 1, please set forth the amount of money Plaintiffs should be paid as a result of the 2002

trespass. (One dollar plus the reasonable rental value of the property trespassed upon under the circumstances.)

    ANSWER:   $_____

    **2.   Did Cruz trespass on Plaintiffs' property in 2003?**

    Answer YES or NO.   _____

If you answered YES to Question 2, please set forth the amount of money, if any, Plaintiffs should be paid as a result of the 2003 trespass. (One dollar plus the reasonable rental value of the property trespassed upon under the circumstances.)

    ANSWER:   $_____

## II.   NUISANCE

    **3.   Did Plaintiffs sustain a substantial and unreasonable interference with the use and enjoyment of their Allotment property in 2003 as a result of Cruz's conduct during the time in question?**

    Answer YES or NO.   _____

If you answered YES to Question 3, please set forth the amount of money, if any, Plaintiffs should be paid to compensate them for the loss of use and enjoyment of their Allotment property in 2003.

    ANSWER:   $_____

If you answered YES to Questions 1, 2, or 3, please proceed to Question 4. If you answered NO to Questions 1, 2, and 3, please proceed to Question 8.

### III. GVEA

**4. Did GVEA retain sufficient control over Cruz's actions?**

Answer YES or NO.  _____

If you answered NO to Question 4, do not answer Question 5. Answer Question 8.

If you answered YES to Question 4, answer Question 5.

**5. Did GVEA fail to exercise its control over Cruz's actions with reasonable care?**

Answer YES or NO.  _____

If you answered NO to Question 5, do not answer Question 6. Answer Question 8.

However, if you answered YES to Question 5, you must now answer Question 6.

**6. Was GVEA's failure to exercise control with reasonable care a legal cause of injury to the Plaintiffs?**

Answer YES or NO.  _____

If you answered NO to Question 6, answer Question 8.

If you answered YES to Questions 4, 5, and 6, please proceed to Question 7.

### IV. ALLOCATION

**7. If you found GVEA to have been liable to Plaintiffs in this matter, you must determine whether any other parties should**

**be responsible for Plaintiffs' damages as well and apportion the percent of fault among all parties.**

For any other party to share liability in this matter, that party (1) would have had to have retained control over Cruz, (2) would have had to have failed to exercise such control with reasonable care, (3) would have to have known or had reason to konw that Cruz's work was likely to involve a trespass upon Plaintiffs' land, and (4) was a legal cause of injury to Plaintiffs.

The Court has listed below all of the involved parties. Please indicate by the name of each party whom you find to be at fault the percent of fault of each party, totaling 100%.

| | |
|---|---|
| GVEA | _____ % |
| Cruz Construction | _____ % |
| Global Power & Communications | _____ % |
| | TOTAL 100% |

### V.   COUNTERCLAIM

8.   **Did Plaintiffs wrongfully interfere with GVEA and/or its contractors' use and enjoyment of an express right-of-way?**

Answer YES or NO.   _____

If you answered YES, please answer Question 9.  If you answered NO, proceed no further.

9.   **Was Plaintiffs' interference a cause of injury to GVEA?**

Answer YES or NO.   _____

If you answered YES, please answer Question 10. If you answered NO, proceed no further.

10. **Please set forth the total amount of money awarded to GVEA as a result of Plaintiffs' wrongful interference in this matter.**

ANSWER:   $_____

Please answer Question 11.

11. **Was Tanana Chiefs Conference (TCC) acting on behalf of all of the Kubanyis and with their consent and authority when it requested that water pumping on Seven Mile Lake cease in 2003?**

Answer YES or NO.   _____

If you answered NO to Question 11, please answer Question 12. If you answered YES, proceed no further.

12. **Please allocate the fault of the respective parties, if any, with the total being 100%.**

| | |
|---|---|
| Don M. Kubanyi | _____ % |
| Jimmy Kubanyi | _____ % |
| Aileen Welton | _____ % |
| Elizabeth Tuzroyluk | _____ % |
| Doris Kubanyi | _____ % |
| Victor Kubanyi | _____ % |
| Bobby Kubanyi | _____ % |
| Arlette Kubanyi | _____ % |
| Brian Baggett | _____ % |
| | TOTAL 100% |

The foreperson should now date and sign the verdict.

DATED this ___ day of _____, 2008.

_____
FOREPERSON