

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DON M. KUBANYI; JIMMY KUBANYI; AILEEN WELTON; ELIZABETH TUZROYLUK; DORIS KUBANYI; VICTOR KUBANYI; BOBBY KUBANYI; and ARLETTE KUBANYI, <br><br>          Plaintiffs, <br><br> vs. <br><br> GOLDEN VALLEY ELECTRIC ASSOCIATION, <br><br>          Defendant. | Case No. F04-0026 CV (RRB) <br><br><br> **JURY INSTRUCTIONS** |

## INSTRUCTION NO. 1

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. At the end of the trial, I will give you a final set of instructions. It is the final set of instructions which will govern your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

# INSTRUCTION NO. $\mathcal{2}$

In 2001, Defendant Golden Valley Electric Association (GVEA) solicited bids from construction contractors to construct a power line between Healy and Fairbanks, known as the Northern Intertie Transmission Line Project. Global Power and Communication Inc. (Global) entered into a contract with GVEA to be the primary contractor for the project. On December 3, 2001, Global hired Cruz Construction as an independent contractor to construct and maintain any ice roads needed for the project. Water for the ice roads could be obtained from Seven Mile Lake, which was accessed by the Rex Trail. Seven Mile Lake is not owned by the Kubanyis.

The Plaintiffs, Don M. Kubanyi, Jimmy Kubanyi, Aileen Welton, Elizabeth Tuzroyluk, Doris Kubanyi, Victor Kubanyi, Bobby Kubanyi, and Arlette Kubanyi (collectively referred to as the Kubanyis), own an Alaska Native Allotment, which is about 160 acres located at Seven Mile Lake, which is crossed by a portion of the Rex Trail south of Nenana, Alaska.

The Kubanyis claim that in 2002 and 2003, the subcontractor, Cruz Construction, trespassed upon their land during the construction of the ice road and that GVEA is liable for Cruz's conduct because GVEA directed or authorized the trespass.

GVEA denies that a trespass occurred and asserts that Cruz Construction operated on a dedicated public easement, the Rex Trail, to access Seven Mile Lake. GVEA also asserts that if a trespass did occur, it was done by Cruz Construction, a

subcontractor of the independent contractor Global and not by direction of GVEA or with its authorization.    Moreover, GVEA asserts that even if a trespass did occur, the Kubanyis were not damaged by it.

GVEA has filed counterclaims against the Kubanyis for interference with a public right-of-way, or easement, and for interference with a contract between GVEA and Global or Global and Cruz which caused GVEA to incur additional costs.

In order to resolve this dispute, the jury will be asked to make certain decisions regarding the conduct and legal relationship of the parties and other entities, as well as to determine the ordinary high water mark of Seven Mile Lake at the point the Rex Trail passes through the Kubanyi Allotment.

The Rex Trail is located on an RS 2477 right-of-way, which is typically 100 feet in width.    However, the right-of-way through the Kubanyi Allotment is 50 feet in width.    The jury will need to determine, among other things, whether or not Cruz Construction departed from the right-of-way and, if it did, the extent of damages, if any, that may have resulted therefrom.

**INSTRUCTION NO. 3**

The evidence you are to consider in deciding what the facts are consists of:

1.    the sworn testimony of any witness;

2.    the exhibits which are received into evidence; and

3.    any facts to which the lawyers have agreed.

# INSTRUCTION NO. 4

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they will say in their opening statements and closing arguments, and at other times, is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, sometimes testimony and exhibits are received only for a limited purpose. When I give a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**INSTRUCTION NO.** $5$

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

## INSTRUCTION NO. 6

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

Let me give you an example.

If before you go to bed on a winter night, you look out your window and see it snowing and you reach out the window and feel it on your hand, you have personal knowledge that it is snowing.  This is direct evidence.

But, if when you go to sleep the sky and the ground are clear and when you later awaken and the ground is white and covered with snow, you conclude that it snowed even though you did not see the snow fall.  This is circumstantial evidence.

Neither type of evidence, that is neither direct nor circumstantial, is entitled to any greater weight than the other.

## INSTRUCTION NO. _7_

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

# INSTRUCTION NO. 8

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**INSTRUCTION NO.** _9_

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

## INSTRUCTION NO. 10

During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

**INSTRUCTION NO. 11**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the jury room.  No one will read your notes. They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

## INSTRUCTION NO. 12

When a party has the burden of proof on any claim [or affirmative defense] by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim [or affirmative defense] is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

## INSTRUCTION NO. _13_

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone, including members of your family, people involved in the trial, or anyone else; this includes discussing the case in internet chat rooms or through internet "blogs," internet bulletin boards or e-mails. Nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately;

Second, do not read or listen to any news stories, articles, radio, television, or online reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the bailiff or clerk [law clerk] to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

## INSTRUCTION NO. _14_

We are about to take our first break during the trial, and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately. Do not read or listen to any news reports of the trial. Finally, you are reminded to keep an open mind until all the evidence has been received and you have heard the arguments of counsel, the instructions of the court, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the bailiff to give to me.

I will not repeat these admonitions each time we recess or adjourn, but you will be reminded of them on such occasions.

# INSTRUCTION NO. *15*

The presentation of evidence is now complete. At this point in the trial, counsel have the right to argue the case to you. The arguments of counsel, based upon study and thought, may be, and usually are, distinctly helpful. However, it should be remembered that arguments of counsel are not evidence and cannot rightly be considered as such. It is your duty to give careful attention to the arguments of counsel, so far as the same are based upon the evidence which you have heard and the proper deductions therefrom, and the law as given to you by the Court in these instructions. But arguments of counsel, if they depart from the facts or from the law, should be disregarded. Counsel, although acting in the best of good faith, may be mistaken in their recollection of testimony given during the trial. You are the ones to finally determine what testimony was given in this case, as well as what conclusions of fact should be drawn from the testimony and other evidence.

## INSTRUCTION NO. 16

A trespass is an intrusion onto land possessed by another without consent or other privilege. Trespass includes not only entry onto land, but also remaining on land or causing a third person or thing to enter or remain.

If an entry was intentional, the trespasser is liable for damages, regardless of whether the entry caused harm, even if the trespasser mistakenly believed he or she had a right to be on the property.

Accidental entry does not give rise to liability for trespass, even if the entry results in harm.

**INSTRUCTION NO.** _17_

To determine whether Cruz Construction trespassed, you must decide whether it is more likely true than not true that Cruz Construction departed from the 50-foot Rex Trail easement at the point the trail passed through the Kubanyi Allotment. If Cruz Construction intentionally departed from the easement onto the Kubanyi property, it was a trespass. If Cruz Construction did not depart from the Rex Trail easement, it was not a trespass.

The entry was intentional if the Defendant intended to be in that location. An entry can be intentional, even if the Defendant mistakenly thought it had a right to be on the property.

**INSTRUCTION NO.** *18*

If you find that Cruz Construction intentionally trespassed onto the Kubanyi Allotment, you must award the Kubanyis a minimum of one dollar in nominal damages, plus additional sums that you find would fairly compensate the Kubanyis for the trespass.

The measure of damages for trespass where no physical damages occurred to the property is the reasonable rental value of the property trespassed upon under the circumstances as they existed at the time of the trespass.

**INSTRUCTION NO.** _19_

Plaintiffs also claim damages for nuisance as a result of Cruz Construction's conduct in the vicinity of their property in 2003.

A nuisance is a substantial and unreasonable interference with the use and enjoyment of real property. To constitute a nuisance the interference must amount to a significant harm of a kind that would be suffered by a normal person in the community. To be significant, the harm must amount to a real and appreciable invasion of Plaintiffs' interest rather than a slight or petty annoyance. Interference is unreasonable if the gravity of the harm outweighs the utility of the conduct.

# INSTRUCTION NO. 20

To determine whether Cruz Construction created a nuisance, you must determine whether it is more likely true than not true that:

1. Cruz interfered with Kubanyis' use or enjoyment of property;

2. the interference was intentional and unreasonable, or negligent or reckless; and

3. the interference was a legal cause of significant harm to the Plaintiffs.

If you decide that at all three of these things are more likely true than not true, then you must decide in favor of the Plaintiffs on this claim.

Otherwise, you must decide in favor of the Defendant.

The interference was intentional if Cruz acted for the purpose of causing it, or knew it was resulting or substantially certain to result from its conduct.

The interference was unreasonable if the seriousness of the harm to the Plaintiffs outweighs the usefulness of Cruz's conduct.

Cruz's conduct was negligent if the interference occurred because Cruz failed to exercise reasonable care. Reasonable care is the care that a reasonably prudent person would have exercised under similar circumstances.

Cruz's conduct was reckless if Cruz intentionally acted or failed to act under circumstances where Cruz knew or a reasonable person would know that the act or failure to act created an extreme risk that the interference would occur.

**INSTRUCTION NO.** 21

If you find that Cruz Construction created a nuisance, you must determine the amount of money, if any, to compensate Plaintiffs for interference with the use and enjoyment of their property.

The law provides no specific measure of damages for nuisance. You therefore must determine an amount you believe to be fair and reasonable under the circumstances.

## INSTRUCTION NO. 22

If you have found that Cruz Construction trespassed upon the Kubanyi Allotment, you must decide whether other parties, Global Power & Communications, Inc. and GVEA, should also be liable for trespass.

I will now explain how you are to determine this issue.

# INSTRUCTION NO. 23

The following instruction may be used to determine whether Global and/or GVEA may be held liable for the actions of Cruz.

One who employs an independent contractor to do work which the employer knows or has reason to know to be likely to involve a trespass upon the land of another or the creation of a public or private nuisance, is subject to liability for harm resulting to others from such trespass or"nuisance.

This rule applies in particular if Cruz was directed or authorized by Global and/or GVEA to commit the trepass, or to create a nuisance, and the trespass or nuisance was a necessary result of Cruz's work. Absent evidence that Global and/or GVEA directed the independent contractor to trespass or to create a nuisance, or that the claimed trespass or nuisance was necessary to complete the assigned task, Global and/or GVEA cannot be held liable for any damage to property caused by the independent contractor's negligence.

If you decide that it is more likely true than not true that Global and/or GVEA knew or had reason to know that Cruz's work would involve a trespass or nuisance, then you must find Global and/or GVEA liable. Otherwise, you must then decide whether Global and/or GVEA retained sufficient control over the actions of Cruz Construction to be liable for Cruz's trespass.

# INSTRUCTION NO. 24

As a general rule, an employer (either the owner or general contractor) is not responsible for the negligence or trespass of an independent contractor, particularly where the independent contractor enjoys full control over the manner in which they perform their work. However, if the employer retained some degree of control over the manner in which the independent contractor's work was done, they can be subject to liability for the independent contractor's negligence or trespass by failing to exercise that control with reasonable care. Reasonable care is that amount of care that a reasonably prudent person would use under similar circumstances.

To determine whether the nature and extent of the control is sufficient to impose liability, you must look at both the contractual provisions and the actual exercise of control. To impose liability, the control must be to such an extent that the independent contractor cannot perform their work in the manner they choose. Liability does not attach if the supervision exercised is of limited scope, as where it is confined to requiring that the work be done according to the contract.

A general power to supervise and coordinate the work is not sufficient control to render an employee liable. Liability does not result from the mere retention of general supervisory powers over an independent contractor's acts, a general right to order the work stopped or resumed, to inspect it, or to recommend

alternations and deviations, or the power to reject subcontractors. Liability similarly does not arise from merely making suggestions, directing where and when the work is to be performed, giving directions that merely change the order of working, directing the sequence of work, or making an arrangement with the contractor to pay the contractor's employee.

If you decide that it is more likely true than not true that Global Power & Communications and/or GVEA had sufficient control over Cruz's actions, then any or all of these entities may be responsible for Cruz's acts if that control was not exercised with reasonable care.

## INSTRUCTION NO. $25$

Cruz Construction and Global Power & Communications are not currently parties to this lawsuit.    Nonetheless, you are required to determine the percentage of fault, if any, of the absent parties named above whose fault contributed in whole or in part to the injuries claimed by the Plaintiffs.    You will be required on the special verdict form you will be given in this case to answer certain questions about the absent parties.    You are to answer these questions on the basis of the evidence presented to you in this trial and in accordance with the instructions I have given you explaining trespass and liability theories.

The absence of any party is not evidence of fault and shall not be in any way the basis of your verdict in this case.

# INSTRUCTION NO. 26

In this case, GVEA claims that the Plaintiffs intentionally interfered with a contract between GVEA and Global. GVEA had a fixed price contract with Global for the construction of the intertie; thus, in order for GVEA to prevail on this claim, you must decide that it is more likely true than not true that the following five things happened:

1.    Plaintiffs knew or should have known about the contract;

2.    Plaintiffs intended to interfere with the contract;

3.    The contract price was modified;

4.    The modification was caused by Plaintiffs' wrongful or unjustified conduct; and

5.    GVEA suffered damages as a result of the modification.

If you decide it is more likely true than not true that these five things happened, you have decided that the Plaintiffs interfered with GVEA's contract with Global, and you must decide whether the Plaintiffs' conduct was legally justified. I will tell you how to determine whether the Plaintiffs' conduct was legally justified in a moment.

# INSTRUCTION NO. 27

In this case, it is undisputed that the Rex Trail easement running through Plaintiffs' property is an express easement dedicated to public use. GVEA claims that Plaintiffs intentionally interfered with Cruz's use of the easement, which cost GVEA, as owner of the Project, $131,500.

As a member of the public, Cruz was entitled to full enjoyment of the easement, and those easement rights are paramount to those of the Plaintiffs. Neither GVEA, nor Cruz was required to obtain permission from the Plaintiffs to do what they were already legally entitled to do.

Although the easement crosses Plaintiffs' property, Plaintiffs are required to refrain from unlawfully and unreasonably interfering with or obstructing the easement.

What constitutes unreasonable interference on the part of the Plaintiffs depends on consideration of the advantage to Plaintiffs of the desired use and the disadvantage to Global as general contractor, Cruz as Global's subcontractor, and/or GVEA as owner of the project. Whether the interference is substantial depends upon whether the Plaintiffs' conduct deprived the public of a degree of use to which they were entitled by the easement.

# INSTRUCTION NO. 38

A person acts with intent if the person desires the results of the person's actions or believes the results are substantially certain to follow from those actions. A person's act may be intentional even though it is neither malicious nor produced by hostile feelings toward another person.

# INSTRUCTION NO. 29

In response to GVEA's claim that the Plaintiffs intentionally interfered with GVEA's contract with Global, the Plaintiffs claim that the interference was legally justified. In order for the Plaintiffs to prevail on this defense, you must decide if it is more likely true than not true that:

1.    The Plaintiffs' predominant purpose for interfering was to protect the Plaintiffs' property from being impaired or destroyed, rather than to act maliciously or with the specific intent to injure GVEA; and,

2.    The means employed by the Plaintiffs were not improper.

In you find that it is more likely true than not true that these elements have been established, you must deny GVEA's claim.

## INSTRUCTION NO. 30

If you decide in favor of GVEA, you must then decide how much money, if any, will fairly compensate GVEA. I will list for you the items of loss claimed by GVEA. You may not assume because I list an item of loss or explain how to measure a particular loss that you are required to make an award for that loss. For each item of loss you must decide that it is more likely true than not true that:

(1)   GVEA had such a loss, and

(2)   the loss was legally caused by the conduct of the Plaintiffs.

If both of these things are more likely true than not true, you must then decide how much money will fairly compensate GVEA for that item of loss. If you do not conclude that both of these things are more likely true than not true for a particular item of loss, you may not make an award for that loss. [You should add up any awards for all items and record the sum on your verdict form.]

The items of loss claimed by GVEA are:

1.   Costs incurred by GVEA for Cruz having to relocate water pumping operations to Fish Creek.

2.   Any additional costs incurred by GVEA due to Plaintiffs' actions.

A legal cause of harm is an act or failure to act which is a substantial factor in bringing about the harm. An act or failure to act is a substantial factor in bringing about harm if it is more likely true than not true that:

(1)  the act or failure to act was so important in bringing about the harm that a reasonable person would regard it as a cause and attach responsibility to it; and

(2)  the harm would not have occurred but for the act or failure to act.

## INSTRUCTION NO. 3/

I will now give you a form called a Special Verdict. It has a list of questions you must answer. I have already instructed you on the law you are to use in answering these questions. You must follow my instructions and the form carefully. The Special Verdict tells you what to do after each question.

## INSTRUCTION NO. *32*

When you begin your deliberations, you should elect one member of the jury as your presiding juror.   That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.   Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.   Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## INSTRUCTION NO. *33*

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

# INSTRUCTION NO. 34

On the day you reach your verdict, if you should agree upon your verdict before 5:00 p.m., you should have your foreperson date and sign the verdict form unanimously agreed upon by your members and return it immediately into open court in the presence of the entire jury, together with any exhibits and these instructions.

In the event that you do not arrive at a verdict before 5:00 p.m., you may go to your homes or place of abode for the night, but you must return to the jury room to continue your deliberations at 9:00 a.m. the following morning.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

```
DON M. KUBANYI; JIMMY KUBANYI;
AILEEN WELTON; ELIZABETH
TUZROYLUK; DORIS KUBANYI;
VICTOR KUBANYI; BOBBY KUBANYI;
and ARLETTE KUBANYI,

         Plaintiffs,

vs.

GOLDEN VALLEY ELECTRIC
ASSOCIATION,

         Defendant.
```

Case No. F04-0026 CV (RRB)


**SPECIAL VERDICT**


We, the jury in the above-captioned case, do find the following special verdict submitted to us in the above-captioned case:

### I. TRESPASS

1.   Did Cruz Construction ("Cruz") trespass on the Plaintiffs' property in 2002?

Answer YES or NO. _____ 4/4

If you answered YES to Question 1, please set forth the amount of money Plaintiffs should be paid as a result of the 2002

trespass.    (One dollar plus the reasonable rental value of the property trespassed upon under the circumstances.)

ANSWER:    $_____

**2.    Did Cruz trespass on Plaintiffs' property in 2003?**

Answer YES or NO.    _____    4/4

If you answered YES to Question 2, please set forth the amount of money, if any, Plaintiffs should be paid as a result of the 2003 trespass.    (One dollar plus the reasonable rental value of the property trespassed upon under the circumstances.)

ANSWER:    $_____

**II.    NUISANCE**

**3.    Did Plaintiffs sustain a substantial and unreasonable interference with the use and enjoyment of their Allotment property in 2003 as a result of Cruz's conduct during the time in question?**

Answer YES or NO.    _____

If you answered YES to Question 3, please set forth the amount of money, if any, Plaintiffs should be paid to compensate them for the loss of use and enjoyment of their Allotment property in 2003.

ANSWER:    $_____

If you answered YES to Questions 1, 2, or 3, please proceed to Question 4.  If you answered NO to Questions 1, 2, and 3, please proceed to Question 8.

### III.  GVEA

**4.    Did GVEA retain sufficient control over Cruz's actions?**

Answer YES or NO.    _____

If you answered NO to Question 4, do not answer Question 5.  Answer Question 8.

If you answered YES to Question 4, answer Question 5.

**5.    Did GVEA fail to exercise its control over Cruz's actions with reasonable care?**

Answer YES or NO.    _____

If you answered NO to Question 5, do not answer Question 6.  Answer Question 8.

However, if you answered YES to Question 5, you must now answer Question 6.

**6.    Was GVEA's failure to exercise control with reasonable care a legal cause of injury to the Plaintiffs?**

Answer YES or NO.    _____

If you answered NO to Question 6, answer Question 8.

If you answered YES to Questions 4, 5, and 6, please proceed to Question 7.

### IV.  ALLOCATION

**7.    If you found GVEA to have been liable to Plaintiffs in this matter, you must determine whether any other parties should**

be responsible for Plaintiffs' damages as well and apportion the percent of fault among all parties.

For any other party to share liability in this matter, that party (1) would have had to have retained control over Cruz, (2) would have had to have failed to exercise such control with reasonable care, (3) would have to have known or had reason to konw that Cruz's work was likely to involve a trespass upon Plaintiffs' land, and (4) was a legal cause of injury to Plaintiffs.

The Court has listed below all of the involved parties. Please indicate by the name of each party whom you find to be at fault the percent of fault of each party, totaling 100%.

| | |
|---|---|
| GVEA | _____ % |
| Cruz Construction | _____ % |
| Global Power & Communications | _____ % |
| | TOTAL 100% |

### V.   COUNTERCLAIM

**8.   Did Plaintiffs wrongfully interfere with GVEA and/or its contractors' use and enjoyment of an express right-of-way?**

Answer YES or NO.   _____

If you answered YES, please answer Question 9.  If you answered NO, proceed no further.

**9.   Was Plaintiffs' interference a cause of injury to GVEA?**

Answer YES or NO.   _____

If you answered YES, please answer Question 10.  If you answered NO, proceed no further.

**10.  Please set forth the total amount of money awarded to GVEA as a result of Plaintiffs' wrongful interference in this matter.**

ANSWER:   $_____

Please answer Question 11.

**11.  Was Tanana Chiefs Conference (TCC) acting on behalf of all of the Kubanyis and with their consent and authority when it requested that water pumping on Seven Mile Lake cease in 2003?**

Answer YES or NO.   _____

If you answered NO to Question 11, please answer Question 12.  If you answered YES, proceed no further.

**12.  Please allocate the fault of the respective parties, if any, with the total being 100%.**

| | |
|---|---|
| Don M. Kubanyi | _____ % |
| Jimmy Kubanyi | _____ % |
| Aileen Welton | _____ % |
| Elizabeth Tuzroyluk | _____ % |
| Doris Kubanyi | _____ % |
| Victor Kubanyi | _____ % |
| Bobby Kubanyi | _____ % |
| Arlette Kubanyi | _____ % |
| Brian Baggett | _____ % |

TOTAL 100%

The foreperson should now date and sign the verdict.

DATED this __ day of _____, 2008.

_____
FOREPERSON